LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Counsel for Defendant Deel, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, and DOES 1-100,<br><br>Defendants. | CASE NO.: 3:25-cv-02576-CRB<br><br>**DECLARATION OF PETER BREDIN IN SUPPORT OF DEFENDANT DEEL, INC.'S MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Compl. Filed:    March 17, 2025<br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6<br>Hearing Date:    July 25, 2025<br>Hearing Time:    10:00 a.m. |

## <u>DECLARATION OF PETER BREDIN</u>

I, Peter Bredin, under penalty of perjury, declare and state as follows:

1.      I am over the age of twenty-one years, suffer from no legal disability, and am competent to make this declaration and testify to the statements and facts contained herein.

2.      I am a Partner in the Litigation and Dispute Resolution team  at Dillon Eustace LLP. I advise clients in relation to complex commercial disputes and investigations and I have over 20 years' experience representing clients in disputes arising from financial services, business relations, professional duties, fraud, and insurance coverage. In my practice I have acted for financial institutions, State bodies, companies and individuals in court proceedings, arbitration and mediation and I also advise on inquiries and investigations. I have advised clients in cases involving allegations regarding breaches of fiduciary duty, shareholder oppression, fraud, breach of contract, tortious disputes and a multitude of other disputes of a commercial nature. In addition, I have experience in multi-jurisdictional disputes, including litigation arising out of events occurring partly or wholly in foreign countries (including the United States) and have advised on various issues in those matters including whether a claim can or must be brought in Ireland. I am a member of the Commercial Litigation Association of Ireland and a member of the International Bar Association, Litigation Committee. I am current Chair of DRI's International Committee. I studied Law at University College Dublin, graduating in 1999 and I became a Solicitor in the Law Society of Ireland in 2004.

3.      I have been asked by Skadden, Arps, Slate, Meagher & Flom LLP to address the following questions in the context of the actions filed by People Center Inc. d/b/a Rippling ("Rippling") against Defendant Deel Inc. ("Deel") and unnamed Does in the United States District Court for the Northern District of California ("the US Proceedings"):

a.                Whether the Irish court would accept jurisdiction over the Plaintiff's claims if proceedings advancing similar claims were to be brought against Deel, Inc. and unnamed Does in Ireland ("Equivalent Irish Proceedings");

b.                Whether Irish law would provide a remedy in respect of the claims advanced by the Plaintiff; and

1

c.          Whether the Irish courts would provide a convenient forum for the efficient, just, and expeditious resolution of such claims.

4.    To address these questions, I have considered the following:

a.          The Complaint ("Complaint") filed by Rippling in the US Proceedings;

b.          The Affidavit of Vanessa Wu ("the Wu Affidavit") filed in the High Court of Ireland in *People Center Inc. d/b/a Rippling and Rippling Ireland Ltd vs Keith O'Brien et al*, Record No 2025 /1289P dated 2 April 2025 as attached to the declaration of Adam Lloyd;

c.          The Affidavit of Keith O'Brien ("the O'Brien Affidavit") filed in the High Court of Ireland in *People Center Inc. d/b/a Rippling and Rippling Ireland Ltd vs Keith O'Brien et al*, Record No 2025 /1289P dated 1 April 2025 as attached to the declaration of Adam Lloyd;

d.          The Irish High Court's order in *People Center Inc. d/b/a Rippling and Rippling Ireland Ltd vs Keith O'Brien et al*, Record No 2025 /1289P dated 2 April 2025 ("2 April 2025 Order") as attached to the declaration of Adam Lloyd; and

e.          The applicable case law and statutory materials referenced herein.

### Jurisdiction of the Irish Courts Over Equivalent Irish Proceedings

5.    It is my view that the Irish courts would accept jurisdiction over Equivalent Irish Proceedings brought against Deel based on the allegations in the US Proceedings and Rippling's own assertions.

6.    Irish courts have the power to compel the attendance of witnesses, including hostile witnesses, in Irish court proceedings.

7.    The claims in the US Proceedings arise from an "industrial espionage scheme," allegedly where "Deel had cultivated a spy within Rippling's employee base." (Compl. ¶ 2.) This "spy" resides in Ireland and at all material times worked at and allegedly spied for Deel from Rippling's offices in Dublin. (*Id*. ¶¶ 6, 46, 85.)

8.    Based on my review of the documentation referred to in paragraph 4 above Rippling has brought proceedings arising out of substantially identical claims in the Commercial (Intellectual Property & Technology) division of the High Court in Dublin, Ireland in *People Center Inc. d/b/a Rippling and Rippling Ireland Ltd vs Keith O'Brien* bearing Record No 2025 /1289P ("the Irish Proceedings"). In addition, the Irish High Court has recently granted Rippling's application to add

2

Deel as a co-defendant in the Irish Proceedings. (2 April 2025 Order at 3.)

9.      In the Wu Affidavit, which grounded the application to join Deel to the Irish Proceedings, Rippling has alleged that Deel has engaged in various torts, including a "conspiracy to damage the Plaintiffs' reputation," and that the "object of the [alleged] conspiracy", "damage caused by the conspiracy," and statements made "in furtherance of the conspiracy" were all made in Ireland and that "Ireland is clearly the jurisdiction most closely connected with the wrongs [that are] the subject matter of these proceedings." (Wu Affidavit ¶¶ 33-34.) The alleged spy—one of the defendants in the Irish Proceedings—claimed he worked for Rippling in the "Dublin office primarily, and occasionally worked from home" and communicated with Deel there. (*See, e.g.*, O'Brien Affidavit ¶¶ 1, 6-11.) The alleged spy also lives in Ireland.

10.     I am informed that Deel has confirmed that if proceedings were commenced against it in the Irish courts arising out of the facts alleged in the US Proceedings it would make no objection based on jurisdiction or forum.

### Irish Courts Would Provide a Remedy with Respect to Rippling's Claims

11.     For the reasons detailed below, it is my opinion that Irish courts and Irish law would provide Rippling with a potential remedy with respect to each aspect of the substance of its claims in the US Proceedings, subject always to proof of the relevant facts which are alleged in the US Proceedings.

12.     In this regard, I do not address the defenses to Rippling's claims which Deel may advance, nor do I express any view as to the merits of the claims alleged by Rippling. I consider only whether there are claims which would be open to Rippling under Irish law on the basis of the facts alleged by Rippling in the Irish Proceedings and the Complaint.

13.     Irish courts are entitled to apply foreign law to the substance of disputes, and expert evidence can be admitted to establish the foreign law in question. If the Irish court decides that the claims brought by Rippling are governed by US law or California law, the Irish court is competent to apply that law in Ireland and can afford Rippling similar remedies at the determination of the proceedings, if appropriate.

14.     If and to the extent that the Irish court decides that the claims brought by Rippling are governed by Irish law, Rippling will still have available claims and remedies in the Irish court.

3

DECLARATION OF PETER BREDIN                                    CASE NO.: 3:25-cv-02576-CRB

15.    I note that paragraph 1 of the Complaint in the US Proceedings in the section headed "*Introduction*" characterizes the allegations made by Rippling as concerning "*corporate theft*" of "*sensitive business information and trade secrets*." This theft was allegedly perpetrated by a corporate spy named Keith O'Brien, and the acts that form the basis for the complaint took place in Ireland. As I shall explain below, Irish law includes well-established causes of action which provide remedies for the losses allegedly suffered by Rippling.

16.    I note that the essential factual allegation made against Deel in Rippling's claims in the US Proceedings, as set out in the Complaint, is that Deel employed O'Brien to misappropriate Rippling's confidential commercial information and trade secrets. (Compl. ¶ 1.)

17.    Rippling's causes of action against Deel as set out in the Complaint are:

a.    First and Second Causes of Action—Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and Conspiracy to Violate RICO. (*ibid.* ¶¶ 110-125.)

b.    Third and Fourth Causes of Action—Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.  (*ibid.* ¶¶ 126-153.)

c.    Fifth Cause of Action—Tortious Interference with Contract. No provisions of US law or state law are identified, but I presume this is based on California law based on where the lawsuit has been filed. (*ibid.* ¶¶ 154-159.)

d.    Sixth Cause of Action—Aiding & Abetting Breach of Fiduciary Duty. No provisions of US law or state law are identified, but I presume this is based on California law based on where the lawsuit has been filed. (*ibid.* ¶¶ 160-168.)

e.    Seventh Cause of Action (erroneously captioned as "Eighth Cause of Action")—Unfair Competition, California Business & Professions Code § 17200, *et seq*.(*ibid.* ¶¶ 169-174.)

18.    The remedies sought by Rippling in the US Proceedings are damages, fees, costs and interest.

19.    Should the Irish court decide that the claims brought by Rippling in Equivalent Irish Proceedings are governed by Irish law, Rippling will have available claims and remedies which are broadly comparable to the causes of action advanced and the remedies sought in the US Proceedings.

4

20. In the Irish Proceedings to which Deel has now been joined a co-defendant Rippling and Rippling Ireland have sought, *inter alia*, damages for unlawful means conspiracy, damages for lawful means conspiracy, damages for unlawful interference with the economic interests of the Plaintiffs, damages for trespass to goods, damages for defamation. damages for malicious falsehood, and aggravated and / or exemplary damages.

21. As to the First and Second Causes of Action in the US Proceedings (RICO and RICO Conspiracy), paragraphs 110-125 of the Complaint characterize RICO as protecting individuals from unlawful enterprises committing fraudulent acts. I note from paragraph 114 that Rippling's core allegation appears to be that Deel carried out a "wire fraud and conspiracy" to defraud, as well as the "theft of trade secrets" as part of this enterprise. Paragraph 115 alleges that Deel engaged in wire fraud and conspiracy to commit wire fraud by working with O'Brien to misappropriate Rippling's confidential business information. Paragraph 117 alleges that agents and employees of Deel (including O'Brien) knowingly misappropriated confidential information with intent to convert trade secrets. This alleged pattern of behavior, according to Rippling, amounts to a racketeering enterprise.

22. While there is no direct equivalent of RICO under Irish law, Irish law does contain a number of causes of action which provide remedies for fraud, conspiracy, and misappropriation of trade secrets or business opportunities. As outlined above Rippling has asserted claims against Deel in the Irish High Court for damages for unlawful means of conspiracy, lawful means of conspiracy, trespass to goods, and malicious falsehood arising from the same alleged "enterprise" as in the US Proceedings. (2 April 2025 Order Schedule 1 ¶¶ 23, 24, 27, 30.) These claims appear to mirror the claims made and reliefs sought in the US Proceedings. In addition, as explained below, Rippling may pursue damages under the European Union Trade Secrets Directive.

23. As to the Third and Fourth Causes of Action, these causes of action concern the misappropriation and theft of trade secrets. As noted above, the essential allegations appear to be that Deel through its employees and agents knowingly misappropriated and converted Rippling's sales and marketing trade secrets and confidential business information. (Compl. ¶¶ 75, 76.) Irish law has a developed cause of action for breach of confidence in cases involving unauthorized use of private business information that was codified into Irish law with the enactment of Statutory

5

Instrument No. 188/2018 European Union (Protection of Trade Secrets) Regulations, 2018 which implemented EU Directive 2016/943. This allows Rippling to pursue substantially similar claims to its Third and Fourth Causes of Action in Equivalent Irish Proceedings. Furthermore, Rippling will be able to seek compensatory damages against Deel for the allegations supporting the Third and Fourth Cause of Action. Further, Regulation 16 of the Statutory Instrument provides for damages for misappropriation of trade secrets. It appears Rippling has already sought damages against O'Brien pursuant to that Regulation. (2 April 2025 Order, Schedule 1 at ¶ 10.)

24.    As to the Fifth Cause of Action in the US Proceedings (Tortious Interference with Contract), Rippling alleges that Deel recruited O'Brien and induced him to violate his employment contract. (Compl. ¶¶ 157, 159.) Irish law recognizes a tort of deliberate interference with contractual rights, which allows for the recovery of compensatory and, in the appropriate circumstances, other damages. It appears that Rippling is pursuing a substantially similar tort against Deel in the Irish High Court, namely, "unlawful interference with economic interests." (2 April 2025 Order, Schedule 1 at ¶ 25.)

25.    As to the Sixth Cause of Action in the US Proceedings (Aiding & Abetting Breach of Fiduciary Duty), Rippling alleges that O'Brien owed fiduciary duties to Rippling "not to use or communicate information confidentially given to him or acquired during the course of his employment in violation of his duties as an agent, in competition with or to the injury of Rippling, or for his own benefit or the benefit of another in a transaction not related to his employment," and that Deel knowingly gave O'Brien substantial encouragement and assistance in breaching those fiduciary duties. (Compl. ¶¶ 47-53, 161, 165.) Ireland imposes duties on employees, for example duties of good faith and fidelity preventing an employee from competing with his employer during the term of his employment, and requiring an employee to preserve his employer's confidential information and not take actions that will harm his employer for his own benefit or for the benefit of a competitor. There are circumstances in which an Irish Court will treat an employee as owing fiduciary duties to the company by which he is employed even where the employee is not a director of a company. Ireland also recognizes a tort for individuals who encourage employees to take such actions in breach of those duties, and allows for the recovery of compensatory damages for those harmed by the breaches.

6

26.     As to the Seventh Cause of Action (erroneously labeled the "Eighth Cause of Action"), Rippling alleges that Deel engaged in unfair competition and seeks restitution of the damages it has allegedly suffered. (Compl. ¶¶ 170, 172.) The "unlawful, unfair, and fraudulent business activities" that purportedly underlie the Seventh Cause of Action are those enumerated under the first six Causes of Action. (*Ibid*.) Irish law recognizes a similar tort when companies purportedly engage in behavior which is unlawful or fraudulent. This tort allows for companies to recover damages incurred as a result of their competitors' unlawful or fraudulent activity.

27.     Rippling is also seeking the recovery of attorney fees in the US Proceedings. Irish law operates on a loser pays principle whereby the unsuccessful party will generally be ordered to pay the legal costs of the successful party and as a result this remedy is also available to Rippling in the Irish Courts.  Rippling has also specifically sought recovery of the costs of the Irish Proceedings "on a legal practitioner and client basis" in its pleadings.

28.     In relation to the damages potentially recoverable by Rippling, the Irish courts do allow for the awarding of aggravated and exemplary damages to plaintiffs in appropriate circumstances.

## The Courts of Ireland Would Provide a Convenient Forum for the Efficient, Just and Expeditious Resolution of Such Similar Claims

29.     The Irish High Court would provide a convenient forum for the efficient, just and expeditious resolution of the claims brought by Rippling on the basis of the allegations made in the US Proceedings for a number of reasons.

30.     The Irish High Court has a strong and well-earned reputation for fairness and impartiality in the resolution of disputes.

31.     The Irish High Court, and the Commercial division of the High Court in particular, has considerable experience with foreign litigants and in applying the laws of other jurisdictions.

32.     The Irish Commercial Court was established as a distinct division of the Irish High Court in 2004 with a view to hearing claims in contract or tort arising out of business transactions where the value of the claim is not less than €1 million. Since its inception the Commercial Court has developed into a Court of significant expertise in Ireland. As well as having a dedicated panel of judges dealing with Commercial matters, who were all legal practitioners (both senior counsel barristers and

7

DECLARATION OF PETER BREDIN                                      CASE NO.: 3:25-cv-02576-CRB

solicitors) in the field of commercial law and commercial disputes, the Commercial Court has a number of specialist lists dealing with competition cases, arbitration matters, strategic infrastructure developments, and insolvency.

33.    The Commercial Court has also created a sub-list called the Intellectual Property and Technology List which has been established to hear and determine intellectual property disputes and disputes concerning complex technology. The Irish Proceedings have been assigned to this sub-list and following a recent application by Rippling, Deel was successfully added as a defendant to the Irish Proceedings. (Pursuant to an Order of the Commercial Court dated 2 April 2025 Order.)

34.    Generally, in my experience, cases in Irish Commercial Court proceed expeditiously toward a conclusion in light of tight timelines directed by the court that are, except for extremely compelling reasons, strictly adhered to.   The exact length of time it takes a case which has been admitted to the Commercial Court to be resolved clearly varies depending on the particular facts and circumstances of that case.   However, the Court Service Annual Report for 2023, published by the Irish Court Service on 23 September 2024, outlined that in 2022 and 2023 a total of 232 cases were admitted to the Commercial Court and that during that same period approximately 195 of those cases were resolved.

35.    I have already referred above to the remedies that could be granted by the Irish High Court, and confirm that these remedies include an order for damages in favour of the Plaintiff, as well as aggravated and punitive (or exemplary) damages as are sought by Rippling in the Complaint.

36.    In the circumstances, it is my opinion that the Commercial Division of the Irish High Court would provide a speedy, fair, impartial, efficient, and, given the underlying facts alleged by Rippling in this matter, a convenient forum for the resolution of this dispute, particularly given the parties' choice of forum.

**Obtaining Evidence From Rippling and Deel's Irish Subsidiaries May Pose Legal Challenges**

37.    Under chapter 5 of the General Data Protection Regulation (GDPR), to be able to transfer Irish data to the USA there must be: an adequacy decision by the EU in respect of the US; or appropriate safeguards under article 46 of the GDPR; or an applicable article 49 derogation.

8

38.    Additionally, according to caselaw of the Court of Justice of the European Union in relation to GDPR,  when assessing whether the production of a document containing personal data must be ordered, the national court is required to balance the interests of the data subjects concerned according to the circumstances of each case, the type of proceeding at issue, and the requirements arising from the principle of proportionality.

39.    Insofar as the relevant electronic documents which may be required to be disclosed in this matter, at Rippling and Deel's Irish subsidiaries, and other locations, will comprise data which is subject to GDPR, the requirements of GDPR will require to be carefully considered and may impact upon the production of those documents in an American court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 23 April 2025, in Dublin, Ireland.

By:  ___ Signed by: _Peter Bredin_ ___
6C82899469BF41E...

Peter Bredin

9