# EXHIBIT A

**COMMERCIAL - INTELLECTUAL PROPERTY & TECHNOLOGY**

**Record No 2025 / 1289 P**

## IN THE MATTER OF THE COURTS OF JUSTICE ACTS, 1924 TO 1961 AND THE COURTS (SUPPLEMENTAL PROVISIONS) ACTS, 1961 TO 1981

Between

### PEOPLE CENTER, INC. D/B/A RIPPLING

and

### RIPPLING IRELAND LTD

**Plaintiff**

-and-

### KEITH O'BRIEN

**Defendant**

---

### AFFIDAVIT OF VANESSA WU

---

I, **VANESSA WU**, General Counsel of People Center, INC. D/B/A Rippling, 430 California Street, 11th Floor, San Francisco, CA 94104, USA, being aged eighteen years and upwards, **MAKE OATH** and say as follows:

1.  I am General Counsel of the First Plaintiff and a Director of the Second Plaintiff, and I am duly authorised to make this affidavit on behalf of the Plaintiffs, and I do so from facts within my own knowledge, save where otherwise appears, and where so appears, I believe same to be true and accurate.

2.  I beg to refer to the pleadings and proceedings already had herein when produced. I beg to refer to a tabulated book of documents upon which I intend to rely (the "**Plaintiffs' Book of Exhibits**"), upon which marked with the letters and number "**VW1**" I have signed my name prior to the swearing hereof.

3.  I make this application to ground the Plaintiffs' application for, inter alia, an Order joining the following as defendants to these proceedings: -

Page 1 of 15

64268633.3

(a) Alexandre Bouaziz of 126 Avenue Simon Bolivar, 75019 Paris, France, as a Defendant ("**the Intended Second Named Defendant**" or "**Alex Bouaziz**").

(b) Andrea David Mieli of Viale Glorioso, 14 00153, Rome, Italy as a Defendant ("**the Intended Third Named Defendant**," "David," or "Mr Mieli")

(c) Deel, Inc of 425, 1st Street, San Francisco, CA 94105, United States as a Defendant ("**the Intended Fourth Named Defendant**") or "**Deel**").

(d) Asif Malik of 1 Hindley Gardens, Newcastle upon Tyne, England, NE4 9LH as a Defendant ("**the Intended Fifth Named Defendant** " and "**Mr Malik**").

4.      I also make this application for an Order granting liberty to serve a Notice of an Amended and Concurrent Plenary Summons on the Intended Fourth and Fifth Named Defendants outside the jurisdiction in accordance with Order 11, in particular Order 11, rules 1(c), (f) and (h) of the Rules of the Superior Courts, together with certain ancillary relief. In that regard, I beg to refer to a true copy of that Notice of an Amended and Concurrent Plenary Summons herein which can be found at **Tab 1** of the Plaintiffs' Book of Exhibits, in respect of which leave is sought to serve outside the jurisdiction. Leave is sought to serve Notice of the Summons in circumstances where the Intended Fourth Named Defendant is a US corporation, and the Intended Fifth Named Defendant is a UK citizen.

## THE PARTIES AND INTENDED DEFENDANTS

5.      The First Plaintiff is a company incorporated in Delaware with its headquarters in San Francisco, California USA. The First Plaintiff is a leading provider of workforce management software, offering a centralised software platform for businesses to manage human resources, IT, and finance functions, including payroll and contractor payments. The First Plaintiff was founded in 2016, and as of March 2025, serves over 20,000 customers worldwide. The broader

64268633.3

corporate group of First Plaintiff employs upwards of 3,000 employees worldwide, including through subsidiary entities.

6. The First Plaintiff has wholly owned subsidiaries around the world that support its business operations. One of the First Plaintiff's (indirectly) wholly owned subsidiaries is the Second Plaintiff, Rippling Ireland Ltd, a corporation incorporated in the Republic of Ireland. The Second Plaintiff is the employer of workers in the Rippling group who reside in Ireland and who provide services in support of the First Plaintiff's products and services. The Second Plaintiff also provides "employer of record" (**EOR**) services for customers of the First Plaintiff. The First Plaintiff and the Second Plaintiff are hereinafter referred to as "**Rippling**".

7. The First Named Defendant (or "**Mr O'Brien**") was an employee of the Second Plaintiff, Rippling Ireland Limited, and held the position of Global Payroll Compliance Manager. Mr O'Brien's line manager was an employee of the First Plaintiff who is based in the United States.  Mr O'Brien owed contractual obligations to both the First and Second Plaintiff. Rippling discovered that Mr O'Brien committed serious breaches of his contractual obligations to the Plaintiffs. In particular, he has been accessing the Plaintiffs' trade secrets, proprietary and confidential information for the benefit of Deel, a competitor of the Plaintiffs.

8. The Intended Fourth Named Defendant, Deel, Inc, is a Delaware corporation which with its principal offices at 425, 1st San Francisco, CA 94105, United States ("**Deel**").  Deel was founded in 2019 as a global contractor management platform and EOR   provider.  Deel's services later expanded to include payroll and human resources services as Deel added such services it became a competitor of Rippling in those service areas.  Deel was previously a customer of Rippling for payroll services, global human resources information system and device management, prior to launching competing services.

9. The Intended Second Named Defendant, Mr Alex Bouaziz, is the Co-Founder and CEO of Deel.  Mr Philippe Bouaziz, is the Chairman, CFO, General Counsel, and Founding Member of Deel.  Alex Bouaziz and Philippe Bouaziz are directors of the Irish Deel entity, Deel Ireland EOR Limited, since 1 December 2020, which has company registration number 683509 and having its registered office at BCA Tax and Business Consultants Limited, Clonminch

64268633.3

Hi-Technology Park, Clonminch, Tullamore, Offaly, R35 A2Y4, Ireland. I beg to refer to a printout of this company which shows the aforesaid addresses for the Second Named Defendant, which is exhibited at **Tab 2** of the Plaintiffs' Book of Exhibits.

10. The Intended Third Named Defendant, Mr Andrea David Mieli, is a lawyer who has been working at Deel for four years and 2 months, according to his LinkedIn Profile which is exhibited at **Tab 3** of the Plaintiffs' Book of Exhibits. He currently holds the role of "Global Senior Director of Legal". Andrea David Mieli has an Instagram account in his name with the handle "_adm_14_" and a screenshot of same can be found at **Tab 4** of the Plaintiffs' Book of Exhibits. The photograph on the account is of a football (soccer) player, as is referenced further below. Andrea David Mieli is listed on the Embassy of Israel as a lawyer in Italy and I beg to refer to same which can be found at **Tab 5** of the Plaintiffs' Book of Exhibits. I understand from talking to former Deel employees that Mr. Mieli reports or reported directly to Philippe Bouaziz, is the most trusted and tenured lawyer at Deel, and has previously stayed in the Bouaziz family home in Israel.

11. The Intended Fifth Named Defendant, Mr Asif Malik, is a solicitor regulated by the Law Society of England and Wales. Mr Malik is a lawyer at Deel, who has been working at Deel for ten months, according to his LinkedIn Profile which is exhibited at **Tab 6** of the Plaintiffs' Book of Exhibits. He currently holds the role of "Legal Director - Fintech, Regulatory and Licensing (Global)." Mr Malik is a former employee of Rippling. His LinkedIn Profile does not accurately represent his time at Rippling, where he worked as a lawyer from January 2023 until March 2024 (not June 2024).

## BACKGROUND

12. On 12 March 2025, the Plaintiffs obtained an Ex Parte Order from this Court ("**the Order**") for the purpose of preserving evidence. The Order required the First Named Defendant, Mr. O'Brien, to hand over any devices, including his personal phone (an iPhone), that contained material relevant to the allegation that Mr. O'Brien was passing the Plaintiffs' Confidential Information and trade secrets to Deel.

Page 4 of 15

64268633.3

13. The Order required that its execution be supervising by a Supervising Solicitor and that an Independent Forensic IT Consultant was responsible for imaging devices and data repositories and otherwise preserving evidence.

14. The Order prohibited Mr. O'Brien from tipping off any third parties about the proceedings and the fact and terms of the Order. It is also provided that:

   *"The Defendant or any other person with notice of the making of this Order be restrained from howsoever deleting destroying tampering with cancelling parting with possession power custody or control of or otherwise interfering with the Articles or Listed Items or to otherwise act in any way that might frustrate the purpose of this Order…."*

15. Mr O'Brien was personally served with the Order on or about 10:24am on the morning of 14 March 2024 at the Second Plaintiff's premises at Ballast House, Aston Quay, Temple Bar, Dublin 2, by the Supervising Solicitor appointed by the Order.

16. As is detailed in his affidavit, Mr. O'Brien refused to comply with the Order.

17. On Friday, 14 March 2025, the Plaintiffs sought and obtained leave of the Court to bring a motion for attachment and committal against Mr. O'Brien.

18. Considering Mr. O'Brien's refusal to comply with the Order, the Plaintiffs took the view that he had almost certainly tipped off Deel about the Proceedings and the terms of the Order. In those circumstances, the the first Plaintiff commenced civil proceedings against Deel Inc in the Northern District of California in the United States for racketeering, misappropriation of trade secrets, among others. The US Proceedings were filed on Monday 17 March 2025. The US Proceedings contained pleas concerning Mr. O'Brien's violation of the Irish Court Order.

19. I do not propose rehearsing the details of Mr. O'Brien's affidavit here. Briefly, Mr. O'Brien's affidavit makes it clear that Deel and the other intended Defendants were aware – from the outset – that Mr. O'Brien had been served with an Order of the Irish High Court that was directed towards the preservation of evidence. Further, Mr. O'Brien has sworn that he provided a copy of the Order to Deel's senior in-house lawyer Asif Malik by Telegram on March 15, 2015. On Monday 17 March 2025, the US Proceedings were served on Deel.

64268633.3

The details of Rippling's complaint were widely publicised.   As adverted to above, the US Proceedings contained pleas concerning Mr. O'Brien's violation of the Irish Court Order.

20.    The Plaintiffs' application for contempt came back before the High Court on Wednesday 19 March 2025.   It was then adjourned until Monday 24 March 2025.   On that date, Mr. O'Brien indicated that he was going to comply with the Order.   He then appeared to renege on that agreement and the Plaintiffs indicated that they intended to bring the matter before the Court on Wednesday 26 March 2025.

21.    However, on Tuesday 25 March 2025 Mr. O'Brien obtained legal representation.   On the following day he met with the Supervising Solicitor and started the process of complying with the Order and addressing the consequences of his breaches.   On 27 March 2025, the Plaintiffs entered into two agreements with Mr. O'Brien.  Without waiver of privilege or confidentiality, I propose setting out in brief terms the substance of those agreements.

22.    The first agreement was an agreement dealing with the termination of Mr. O'Brien's employment.  In circumstances where the Plaintiffs had on 21 March 2025 terminated Mr. O'Brien's employment for cause without the giving of notice or the application of the disciplinary process, the Plaintiffs agreed to pay Mr. O'Brien an ex-gratia termination payment in full and final settlement of any employment rights' claims that he might have against the Plaintiffs.

23.    The second agreement was a cooperation agreement whereby Mr. O'Brien agreed to cooperate with the Plaintiffs in any litigation worldwide in connection with the wrongdoing the subject matter of these proceedings.   Under that agreement, the Plaintiffs agreed to contribute towards Mr. O'Brien's costs of these proceedings and to pay his reasonable out of pocket and legal expenses in connection with the cooperation to be provided under that agreement.   The Plaintiffs also waived any claims against Mr. O'Brien arising out of the subject matter of these proceedings.

24.    In entering into the cooperation agreement, the Plaintiffs formed the view that obtaining Mr. O'Brien's willing cooperation represented the only realistic prospect of getting to the bottom of the wrongdoing the subject matter of these proceedings and the US proceedings.

64268633.3

25. While the work of the examining the forensic images of Mr. O'Brien's devices and data repositories is ongoing, a combination of ongoing precautions (the use of disappearing messages), the destruction of the phone and other post Order deletions, means that there is likely to be limited documentary and other evidence available. The conduct of the intended Defendants as detailed in the affidavit of Mr. O'Brien means that it is likely – if not inevitable – that Deel has also engaged in the destruction and spoilation of evidence.

26. Further, had Mr. O'Brien not agreed to cooperate and provide an affidavit, the conduct of the intended Defendants in connection with the breaches of the Court's Order would likely never have come to light.

**The basis for the joinder of the intended Defendants**

27. The Plaintiff seek leave of this Honourable Court to join the intended Defendants to these proceedings. The basis for the intended Defendants joinder relates to the conduct of the intended Defendants since the attempted execution of the Court Order on 14 March 2025. The Plaintiffs have entered into a compromise agreement with the first Defendant. The first Plaintiff has brought proceedings against Deel Inc in the United States relating, inter alia, to the misappropriation of the first Plaintiff's trade secrets. Therefore, the Plaintiffs do not propose proceeding against the intended Defendants in this jurisdiction in respect of the wrongdoing the subject matter of the Plaintiffs' original claim against Mr. O'Brien, i.e. the spying and theft of Confidential Information and Trade Secrets prior to the attempted execution of the Court Order on 14 March 2025.

28. As appears from the proposed amended plenary summons, the Plaintiffs' claim against the intended Defendants is for damages for the Defendants' (including Mr. O'Brien) conspiracy to breach the Order and the intended Defendants conspiracy to procure Mr. O'Brien's breach of the Order. The conduct of the intended Defendants (and Mr. O'Brien) has caused the destruction of evidence that should have been provided pursuant to the Order. Further, the material destroyed includes Confidential Information and Trade Secrets the property of the Plaintiffs. The intended Defendants (and Mr. O'Brien) have dealt with or caused Mr. O'Brien to deal with that material in a manner inconsistent with the Plaintiffs' property rights in that material and the Order of the Court.

64268633.3

29.    Further, as detailed in the affidavit of Mr. O'Brien, the intended Defendants conspired to injure the Plaintiffs by damaging their reputation.  The intended Defendants devised a scheme whereby Mr. O'Brien would claim that he was being harassed by the Plaintiffs and coerced to say that he was acting as a spy.  The intended Defendants instructed him to make those statements including in an email to Deel's own solicitors, A&L Goodbody where Mr. O'Brien said:

> "I am not sure I will get through this weekend. Its all too much. Rippling are coercing me to say I shared data, no such thing."

30.    In addition, Mr. O'Brien has confirmed that the intended Defendants instructed him to make the false claim that these proceedings were somehow connected with compliance issues in the Plaintiffs.   I am advised that the conduct of the intended Defendants amounted to a conspiracy to damage the Plaintiffs using a combination of a lawful and unlawful means.

31.    The Plaintiffs seek to hold the intended Defendants liable for all of the costs of these proceedings including the costs incurred by the Plaintiffs prior to their joinder.  These proceedings and in particular the application for *ex parte* relief would not have been necessary but for the intended Defendants' wrongdoing. Further, the intended Defendants conducted has greatly increased the cost associated with the execution of the Order.

32.    The Plaintiffs seek aggravated and exemplary damages and for any costs order to be on a legal practitioner and client basis.  In that regard, the Plaintiffs rely on the conduct of the intended Defendants as detailed in the affidavit of Mr. O'Brien.  The Plaintiffs also place reliance on the fact that two of the intended defendants are lawyers.

33.    The object of the conspiracy – non-compliance with the Court's Order – and the damage caused by the conspiracy occurred in Ireland.   Insofar as Mr. O'Brien was a party to the conspiracy, the agreement to breach the Order was made in Ireland.   The various statements made by Mr. O'Brien in furtherance of the conspiracy to damage the Plaintiffs' reputation were made in Ireland and Mr. O'Brien – acting on the instructions on the intended Defendants – defamed

64268633.3

the Plaintiffs in Ireland in publications made to A&L Goodbody and the Central Bank of Ireland.

34. Insofar as it arises, I say and am advised that Ireland is clearly the jurisdiction most closely connected with the wrongs the subject matter of these proceedings.

35. Further, Deel has already indicated a wish to be joined to these proceedings or to at least have sight of the papers so that it can consider whether to be joined to these proceedings. As adverted to above, a particularly sinister aspect of the intended Defendants' conduct is their attempt to concoct a basis for alleging that the Plaintiffs were attempting to manufacture evidence, harass Mr. O'Brien and – most invidiously – that these proceedings were somehow connected with compliance issues in the Plaintiffs. As detailed in the affidavit of Mr. O'Brien, the intended Defendants conspired to cause Mr. O'Brien to publish extremely damaging statements about the Plaintiffs (and their lawyers) to the Plaintiffs' own solicitors.

36. On Friday, 21 March at 15:11pm Matheson LLP received a letter from A&L Goodbody LLP, who advised that they were instructed by Deel, indicating that their client was considering whether to make an application to be joined to the proceedings in order to protect its position. The letter requested, by close of business on Monday, 24 March 2025, copies of all orders, pleadings, notices of motion, ex parte dockets, transcripts and affidavits, including exhibits thereto, which had been issued and / or delivered in these proceedings.

37. The letter also raised a purported concern that the Plaintiffs might use the Irish Proceedings to "manufacture evidence", an allegation in respect of which the Plaintiffs take grave exception. Indeed, Deel has been requested to withdraw this improper allegation, but it has not. The letter further noted that A&L Goodbody LLP intended to engage with Mr O'Brien's solicitors for this purpose, and asked Matheson LLP to let them know when solicitors were appointed. The letter copied Mr O'Brien at his 'keith@payrollgeeks' email address, and also asked for additional contact details for Mr O'Brien. I beg to refer to a copy of the letter, which is exhibited **Tab 7** of the Plaintiffs' Book of Exhibits.

64268633.3

38.    I say that at 17:48 pm on 24 March 2025, Matheson LLP responded to A&L Goodbody LLP's letter dated 21 March 2025. I beg to refer to a copy of that letter, which is exhibited at **Tab 8** of the Plaintiffs' Book of Exhibits.  As the party to whom Mr O'Brien supplied Rippling's Confidential Information and Trade Secrets, the letter urged Deel not to take any actions that directly or indirectly frustrate the Orders made by the Irish Court.   The letter pointed out that Deel had not denied the central allegation against it, i.e. that Mr O'Brien supplied Deel with Confidential Information and Trade Secrets.

39.    A&L Goodbody LLP replied to this letter and also wrote to Mr O'Brien's Solicitors, Fenecas Law LLP, on Friday, 28 March 2025, which letters can be found at **Tabs 9 and 10** of the Plaintiffs' Book of Exhibits. The letter to Matheson did not respond to the questions asked by Matheson LLP.  Fenecas Law LLP responded to A&L Goodbody LLP by letter dated 31 March 2025, and a further letter was received by Fenecas Law LLP from A&L Goodbody, all of which was copied to our solicitors, Matheson LLP, which letters can be found at **Tabs 11 and 12** of the Plaintiffs' Book of Exhibits.

40.    On Wednesday 26 March 2025, while Mr O'Brien was meeting with the Plaintiffs' Solicitors, the Supervising Solicitor and the Independent IT Expert to purge his contempt, Mr Malik phoned Mr O'Brien's wife on a private number. She said, "I can't speak now" and hung up.

41.    On Monday, 31 March 2025, Plaintiffs and Mr O'Brien had a hearing in the proceedings at 11am. Mr Malik contacted Mr O'Brien two times on Telegram at 9:22am and again at 10:26am. PWC took a picture of Mr Malik, attempting to call Mr O'Brien's burner phone at 10:26am. Even though messages were set to delete after 24 hours, Mr Sujay Satheesh at PWC noticed that the two missed calls had been deleted prior to 1pm. I also noticed that Mr Malik's Telegram account could no longer be found via phone number lookup nor Telegram ID lookup, suggesting that he either made his account private and deleted his Telegram ID or deleted his account entirely. I beg to refer to a copy of these pictures, which is exhibited at **Tab 13** of the Plaintiffs' Book of Exhibits.

42.    As a result of the foregoing, I say that the Intended new Defendants are necessary and/or proper parties to the proceedings for the reasons set out above. I beg to refer to the Amended and Concurrent Plenary Summons that

64268633.3

the Plaintiffs are intending to issue and serve against the Defendants which can be found at **Tab 14** the Plaintiffs' Book of Exhibits. As can be seen from same, the relief sought against the Intended Defendants pertains to, inter alia, their intentional interference with the administration of justice in this jurisdiction. In particular, the following, inter alia relief is sought against the Second, Third, Fourth and Fifth Named Defendants, namely:-

(a) A declaration that, commencing on 14 March 2025, these Defendants were guilty of an unlawful means conspiracy to damage the Plaintiff.

(b) A declaration that these Defendants are liable to pay the Plaintiffs' costs of these proceedings (including costs incurred before their joinder to the proceedings) on a legal practitioner and client basis.

(c) Damages for unlawful means conspiracy.

(d) Damages for lawful means conspiracy.

(e) Damages for unlawful interference with the economic interests of the Plaintiffs.

(f) Damages for breach of and/or interference with the Plaintiffs' constitutional right to a fair trial.

(g) Damages for trespass to goods.

(h) Damages for abuse of civil process.

(i) Damages for defamation.

(j) Damages for malicious falsehood.

(k) Aggravated and / or exemplary damages.

(l) Costs of the proceedings on a legal practitioner and client basis.

43. I believe and am advised that it is sufficient, for the purposes of service outside the jurisdiction pursuant to Order 11, rule 1(f), that any significant element of the torts alleged against the Intended Fourth and Fifth Named Defendants occurred within the jurisdiction. I say that the Intended Fourth and Fifth Named Defendants are necessary and/or proper parties to this action which was properly brought against other persons duly served within the jurisdiction. I say that the Plaintiffs have suffered, inter alia, loss in this jurisdiction.

44. These proceedings have already been issued in Ireland against Mr O'Brien who is an Irish resident citizen. The second Plaintiff is a company incorporated in Ireland.

64268633.3

45.    I say and believe that Ireland is the correct forum to determine this action against the Intended Fourth and Fifth Named Defendants, having regard to the subject-matter of the action; the matter being *prima facie* one of Irish national law; there being no question of the Irish courts, by granting this application, trespassing on the jurisdiction of the courts of any neighbouring state nor is there any question, if the Irish High Court grants this application, of it depriving another court of jurisdiction which it would otherwise have; and the balance of convenience lying in favour of trying the case in the Irish courts.

46.    In view of the matters detailed above, I believe and am advised that the Plaintiffs have a good cause of action in Ireland as against the Intended Fourth and Fifth Named Defendants, within the meaning of Order 11, rule 5 RSC.

47.    I further believe and am advised that, having regard to the nature of the Proceedings, the question of the comparative cost and convenience of proceedings before the courts of another jurisdiction under Order 11, rule 2 RSC does not arise.

48.    In all the circumstances, I pray this Honourable Court for the relief sought by the Plaintiffs in the terms of the Ex Parte Docket herein.

I, SAOHBH WALSH , hereby certify that I know the Deponent

*Saibhh Walsh.*

**SIGNATURE**



**VANESSA WU**

SWORN by the said **VANESSA WU**

[who is personally known to me]

[who is identified to me by *Saolhbh walsh* who is personally known to me and certifies their personal knowledge of the deponent]

[whose identity has been established to me before the taking of this affidavit by the production to me of a relevant document within the meaning of Section   *EK* 2 of the Statutory Declaration Act 1938 being a

_____and containing a photograph of the deponent]

on   April 2025 at

        *EK*

in the City ~~/ County~~ of Dublin before me a Practising Solicitor / ~~Commissioner for Oaths~~ *CK*

*Ena Kenelly*

**PRACTISING SOLICITOR / ~~COMMISSIONER FOR OATHS~~** *EK*

64268633.3

Filed on the          day of April 2025 by Matheson LLP, 70 Sir John Rogerson's Quay, Dublin 2.

64268633.3

**THE HIGH COURT**

**COMMERCIAL - INTELLECTUAL PROPERTY & TECHNOLOGY**

**Record No 2025 / 1289 P**

**Between**

**PEOPLE CENTER, INC. D/B/A RIPPLING**

**and**

**RIPPLING IRELAND LTD**

**Plaintiff**

**-and-**

**KEITH O'BRIEN**

**Defendant**

---

**GROUNDING AFFIDAVIT OF VANESSA WU**

---

MATHESON LLP

Solicitors for the Plaintiff

70 Sir John Rogerson's Quay

Dublin 2

Page 15 of 15

64268633.3



**THE HIGH COURT**

**RECORD NO 2025/1289P**

**BETWEEN**:

**PEOPLE CENTER, INC. D/B/A RIPPLING**

**and**

**RIPPLING IRELAND LTD**

**Plaintiffs**

**AND**

**KEITH O'BRIEN**

**Defendant**

_____

**BOOKLET OF EXHIBITS TO THE AFFIDAVIT OF VANESSA WU**

**SWORN ON 1 APRIL 2025**
_____

| Tab | Document | Page No |
|---|---|---|
| 1 | Notice of Amended and Concurrent Plenary Summons | 3 |
| 2 | Company Printout for Deel Ireland EOR Limitied | 10 |
| 3 | LinkedIn profile of Andrea David Mieli | 12 |
| 4 | Screenshot of the Instagram account of Andrea David Mieli | 14 |
| 5 | Embassy of Israel listing of Andrea David Mieli | 15 |
| 6 | LinkedIn profile of Asif Malik | 16 |

**MATHESON LLP**
70 Sir John Rogerson's Quay
Dublin 2
Ireland

TEL  + 353 1 232 2000
FAX  + 353 1 232 3333

17

| 7 | Letter from A&L Goodbody LLP to Matheson LLP dated 21 March 2025 and enclosures | 18 |
|---|---|---|
| 8 | Letter from Matheson LLP to A&L Goodbody LLP dated 24 March 2025 | 24 |
| 9 | Letter from A&L Goodbody to Matheson LLP dated 28 March 2025 | 27 |
| 10 | Letter from A&L Goodbody LLP to Fenecas Law LLP dated 28 March 2025 | 29 |
| 11 | Letter from Fenecas Law LLP to A&L Goodbody LLP dated 31 March 2025 | 31 |
| 12 | Letter from A&L Goodbody LLP to Fenecas Law LLP dated 1 April 2025 | 32 |
| 13 | Telegram Screenshots of calls made to Keith O'Brien on 31 March 2025 | 35 |
| 14 | SETTLED_Amended and Concurrent Plenary Summons | 39 |

2

**THE HIGH COURT**

**COMMERCIAL - INTELLECTUAL PROPERTY & TECHNOLOGY**

**Record No. 2025 / 1289P**

**Between:**

**PEOPLE CENTRE, INC. (D/B/A RIPLING) and**

**RIPPLING IRELAND LTD**

**Plaintiffs**

**-and-**

**KEITH O'BRIEN**

**ALEXANDRE BOUAZIZ,**

**ANDREA DAVID MIELI,**

**DEEL INC**

**And**

**ASIF MALIK**

**Defendants**

---

**NOTICE OF AMENDED AND CONCURRENT PLENARY SUMMONS**

---

To:-

    (a) The Fourth Named Defendant: Deel Inc of 425, 1st Street, San Francisco, CA 94105, United States; and

    (b) The Fifth Named Defendant: Asif Malik of 1 Hindley Gardens, Newcastle upon Tyne, England, NE4 9LH.

**TAKE NOTICE** that the Plaintiffs listed in this Notice of Amended and Concurrent Plenary Summons have commenced an action against you in the High Court in Ireland by Plenary Summons of that Court dated the      day of April 2025, which Amended and Concurrent Plenary Summons is indorsed as appears below.

64298344.2

19

3

And **TAKE NOTICE THAT** you, in person or by your solicitor, are required to enter an Appearance in person or by solicitor in the Central Office, Four Courts, Dublin 7, Ireland, in the above action within 35 days after this Notice of Amended and Concurrent Plenary Summons has been served on you (exclusive of the day of such service).

And **TAKE NOTICE** that if you do not enter an Appearance within the time the Plaintiffs may proceed in this action, and judgment may be given in your absence.

**BY ORDER**, The Honourable Donal O'Donnell, Chief Justice of Ireland, the ~~12~~th        day        of ~~March~~            Two Thousand and Twenty Five.

NB This Summons is to be served within twelve Calendar Months from the date hereof, unless the time for service has been extended by the Court.

The Defendant<u>s</u> may appear hereto by entering an Appearance either personally or by solicitor at the Central Office, Four Courts, Dublin.

**GENERAL INDORSEMENT OF CLAIM**

**The Plaintiffs' claim <u>against the First Named Defendant</u> is for:**

1.   A mandatory injunction compelling the Defendant to provide full details to the Plaintiffs of any confidential information (within the meaning of "Confidential Information" as defined in Clause 12 of the contract of employment between the second Plaintiff and the Defendant (hereinafter "**Confidential Information**")), which has been communicated by him to any third parties to include with reference to each such communication:

   a.   The date on which each such communication was made;

   b.   Full details of the material communicated and the means by which it was communicated;

   c.   Full details of the party or parties to whom it was communicated;

   d.   Full details of all relevant circumstances attending on each such communication including full details of the basis upon which the communications were solicited;

   e.   Copies of all such communications and / or any documents evidencing such communications.

64298344.2

4

2.    A mandatory injunction compelling the Defendant to return to the Plaintiffs any Confidential Information held by him for any purposes other than for the performance of his normal duties as an employee of the second Plaintiff.

3.    An injunction restraining the Defendant from communicating to any third party any Confidential Information for any purposes other than for the performance of his normal duties as an employee of the second Plaintiff.

4.    A declaration that, insofar as the Defendant has acquired, since 31 October 2024, Confidential Information for the benefit of a third party and where that Confidential Information amounts to a trade secret within the meaning of Article 2(1) of Directive EU 2016/942 ("the Directive") (hereinafter a "**Trade Secret**") then the Defendant acquired any such Trade Secret unlawfully within the meaning of Regulations 4 and 5 of the European Union (Protection of Trade Secrets) Regulations, 2018, SI No. 188/2018 ("**the Trade Secret Regulations**").

5.    A declaration that, insofar as the Defendant has since 31 October 2024 communicated any Confidential Information to a third party (for purposes other than for the performance of his normal duties as an employee of the second Plaintiff) and where that Confidential Information amounts to a Trade Secret, then the Defendant has used and disclosed any such Trade Secret unlawfully within the meaning of Regulation 4 and 5 of the Trade Secret Regulations.

6.    Orders against the Defendant pursuant to Regulations 12 (on a provisional and precautionary basis) and 14 (on a permanent basis) of the Trade Secret Regulations for the cessation of the use and disclosure by the Defendant and the prohibition of the use and disclosure by the Defendant of the Plaintiffs' Trade Secrets.

7.    An Order pursuant to Regulation 14(1)(d) of the Trade Secret Regulations for the destruction of all or any part of any document, object, material, substance or electronic file containing or embodying the Plaintiffs' Trade Secrets.

8.    In the alternative, an Order pursuant to Regulation 14(1)(d) of the Trade Secret Regulations for the delivery up of all or any part of any document, object, material, substance or electronic file containing or embodying the Plaintiffs' Trade Secrets.

9.    An Order for such measures as are necessary to preserve the confidentiality of the Plaintiffs' trade secrets pursuant to Regulations 10, 11 and 17 of the Trade Secret Regulations and/or the inherent jurisdiction of this Honourable Court.

10.    Damages pursuant to Regulation 16 of the Trade Secrets Regulations.

64298344.2

11.    Damages for breach of contract, breach of duty (including breach of statutory duty and breach of fiduciary duty), and/or for intentional and/or wrongful and/or illegal interference with the Plaintiffs' business and/or economic interests.

12.    Damages for conspiracy to injure the Plaintiff.

13.    An Order for quantum meruit and/or for unjust enrichment and/or restitution and/or for the disgorgement of profits and/or an order for such sums as may be found due to the Plaintiffs by the Defendant as money had and received by the Defendant to the use of the Plaintiffs.

14.    A Declaration that the Defendant holds such sums as may be found due to the Plaintiffs as a trustee of the Plaintiffs.

15.    Such tracing and / or other remedies as may be appropriate in the circumstances.

16.    If necessary, an Order for the taking of accounts and inquiries.

17.    Aggravated and / or exemplary damages.

18.    Such further or other order as this Honourable Court shall deem meet.

19.    Interest pursuant to the provisions of the Courts Act 1981.

20.    An order providing for the costs of an incidental to these proceedings.

**The Plaintiffs' claim against the Second, Third, Fourth and Fifth Named Defendants is for:**

21.    A declaration that, commencing on 14 March 2025, the Second, Third, Fourth and Fifth Named Defendants (hereinafter the "Deel Defendants") were guilty of an unlawful means conspiracy to damage the Plaintiff.

22.    A declaration that the Deel Defendants are liable to pay the Plaintiffs' costs of these proceedings (including costs incurred before their joinder to the proceedings) on a legal practitioner and client basis.

23.    Damages for unlawful means conspiracy.

24.    Damages for lawful means conspiracy.

25.    Damages for unlawful interference with the economic interests of the Plaintiffs.

64298344.2

22

6

26.     Damages for breach of and/or interference with the Plaintiffs' constitutional right to a fair trial.

27.     Damages for trespass to goods.

28.     Damages for abuse of civil process.

29.     Damages for defamation.

30.     Damages for malicious falsehood.

31.     Aggravated and / or exemplary damages.

32.     Costs of the proceedings on a legal practitioner and client basis.

33.     In the alternative, costs on a party and party basis.

34.     Such further or other order as this Honourable Court shall deem meet.

35.     Interest pursuant to the provisions of the Courts Act 1981.

**Anthony Thuillier**

**Shelley Horan**

**Marcus Dowling SC**

Signed:          _____

**MATHESON LLP**

Solicitors for the Plaintiffs

70 Sir John Rogerson's Quay

Dublin 2

D02 R296

Ireland

**This Summons was amended pursuant to an Order of the Court made on the          day of          2025.**

This summons was issued by Matheson, whose registered place of business is 70 Sir John Rogerson's Quay, Dublin 2, D02 R296 and who consents to the service of documents in the proceedings by electronic mail to RipplingTeam@matheson.com, Solicitors for the Plaintiffs, (1) Rippling Ireland Ltd, a limited liability company incorporated in Ireland with its registered office at 5th Floor, Block E, Iveagh Court, Harcourt Road, Dublin 2, Ireland; and (2) People Centre, Inc.

64298344.2

7

(d/b/a Rippling) a company incorporated in Delaware in the USA, with its with registered office at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle 19801, Delaware, USA

This Notice of summons was served by me at

On the Fourth Named Defendant

On          the          day of          2025

Indorsed the          day of          2025

Signed:_____

Address:          _____

          _____

On the Fifth Named Defendant

On          the          day of          2025

Indorsed the          day of          2025

Signed:_____

Address:          _____

          _____

64298344.2

24

8

**THE HIGH COURT**

**Record No 2025 /**

**Between:**

**PEOPLE CENTRE, INC. (D/B/A RIPLING) and RIPPLING IRELAND LTD**

**Plaintiffs**

**-and-**

**KEITH O'BRIEN**

**ALEXANDRE BOUAZIZ,**

**ANDREA DAVID MIELI,**

**DEEL INC**

**And**

**ASIF MALIK**

**Defendants**

———————————————————

**NOTICE OF AMENDED AND CONCURRENT PLENARY SUMMONS**

———————————————————

MATHESON LLP
Solicitors for the Plaintiffs
70 Sir John Rogerson's Quay
Dublin 2

64298344.2

25

9

# Company Printout



| | |
|---|---|
| **Company Number** | 683509 |
| **Company Name** | DEEL IRELAND EOR LIMITED |
| **Company Type** | LTD - Private Company Limited by Shares |
| **Date Incorporated** | 01/12/2020 |
| **Registered Office** | c/o BCA Tax and Business Consultants Limited<br>Clonminch Hi-Technology Park<br>Clonminch<br>Tullamore, OFFALY, R35 A2Y4, Ireland |
| **Designation** | Normal |
| **Date of Designation** | 01/12/2020 |
| **Previous Name(s)** | VAPOREON INVESTMENTS LIMITED |
| **Last Annual Return** | 30/09/2023 |

**Next Annual Return**   30/09/2024

Register of Particulars of Charges Including Mortgages Pursuant to Sections 409, 411 and 413 of the Companies Act 2014 in Respect of the Above Named Company. Computerised information for charges may be truncated on this print-out, please refer to the company file or images for complete particulars on Charges. It should be noted that charge notifications that are not realised will be rejected and therefore can leave a gap in the sequential numbering of charges.

**Number of Registered Charges:**          0

**Number of Charge Notifications:**          0

## Charge Details

No Charge Details available

**Directors Special Note**

Please note that the information displayed on this printout as to the particulars of the directors and secretary of this company may not be complete or up to date, as there may be unregistered documents which affect the position. Please refer to the list of Documents below, and if necessary, consult the company file or images for full, up-to-date particulars as to the company's officers. If this printout is blank as to officer details, please consult the images of the registered New Company documents

| Philippe Bouaziz | Director |
|---|---|
| 126 Avenue Simon Bolivar<br>75019 Paris<br>France | |

| Alexandre Bouaziz | Director |
|---|---|
| 126 Avenue Simon Bolivar<br>75019 Paris<br>France | |

**Company Secretary**

| Philippe Bouaziz | Secretary |
|---|---|
| 126 Avenue Simon Bolivar<br>75019 Paris<br>France | |

Note: The documents listed below may include documents that would not appear in a company printout downloaded from core.cro.ie in respect of the above company at the time this report was generated. Any such additional documents described as 'Submitted' or 'Re-Submitted' under the status column were submitted to, but are not registered by, the Companies Registration Office at the time this report was generated.

| Documents | | | | Date | Date | Date |
|---|---|---|---|---|---|---|
| Status | Scan | Number | Submission | Effective | Received | Registered |
| Registered | | SR2117087 | FINANCIAL STATEMENT | 30/09/2023 | 24/11/2023 | 05/12/2023 |
| Registered | | SR2117087 | Form B1C - Annual Return General | 30/09/2023 | 24/11/2023 | 05/12/2023 |
| Registered | | SR2117087 | Financial Statement Certificate | 30/09/2023 | 24/11/2023 | 05/12/2023 |
| Registered | | SR1950749 | FINANCIAL STATEMENT | 30/09/2022 | 12/09/2023 | 25/09/2023 |
| Registered | | SR1950749 | Form B1C - Annual Return General | 30/09/2022 | 12/09/2023 | 25/09/2023 |
| Registered | | SR1950749 | Financial Statement Certificate | 30/09/2022 | 12/09/2023 | 25/09/2023 |
| Registered | | SR1266778 | Form B1B73 - Annual Return and Change of ARD | 01/06/2022 | 25/07/2022 | 29/07/2022 |
| Registered | | SR430186 | Form B1 - First Annual Return | 01/06/2021 | 26/07/2021 | 12/10/2021 |
| Registered | | SR423143 | Form B77 - Authorisation/Revocation of an Electronic Filing Agent | 01/12/2020 | 22/07/2021 | 27/07/2021 |
| Registered | | SR197459 | Form B10 - Change Director or Secretary Details | 01/01/2021 | 23/06/2021 | 16/07/2021 |
| Registered | | SR28074 | G1Q Change Company Name Certificate | 01/01/2021 | 11/01/2021 | 14/01/2021 |
| Registered | | SR28074 | AMENDED CONSTITUTION | 01/01/2021 | 11/01/2021 | 14/01/2021 |
| Registered | | SR28074 | Form G1Q: Special Resolution to Change the Company Name | 01/01/2021 | 11/01/2021 | 14/01/2021 |
| Registered | | SR27966 | Form B2: Change of Company Registered Office Address | 01/01/2021 | 07/01/2021 | 07/01/2021 |
| Registered | | 14749000 | Constitution | 01/12/2020 | 23/11/2020 | 01/12/2020 |
| Registered | | 14749000 | Certificate of Incorporation | 01/12/2020 | 23/11/2020 | 01/12/2020 |
| Registered | | 14749000 | A1 APPLICATION TO REGISTER AS A NEW COMPANY, | 01/12/2020 | 23/11/2020 | 01/12/2020 |

* Indicates documents have been scanned for the submission

**Submission Status Explanations**

| | |
|---|---|
| CERTP | CERTIFICATE PRINTED |
| CERTS | CERTIFICATE SCANNED |
| DATA | DATA ENTERED |
| REC | RECEIVED |
| RECOR | RECORDED |
| REG | REGISTERED |
| RETAM | RETURNED AMENDED |
| SCAN | SCANNED |

**End of Particulars**

**6:16**   5G

  Search



deel.

# Andrea David Mieli

Global Senior Director of Legal presso Deel - Lawyer

Deel · Università degli Studi di Roma Tre
Rome, Latium, Italy

**500+ connections**

**👤+ Connect**   **Message**   **⋯**

## Activity
2,719 followers

**Posts**   Comments   Images   Documents

 **Andrea David Mieli** · 3rd+      **+ Follow**   ⋯
Global Senior Director of Legal presso...
2w · 🌐

New Acquisition for **Deel**

 **Deel**      **+ Follow**
526,765 followers
2w · 🌐

Excited to share that we've acquired **Safeguard Global**'s
payroll division!

...more

 21

                                
Home        My Network        Post        Notifications        Jobs

← **Experience**



**Deel**
4 yrs 2 mos

● **Senior Director, Legal**
Self-employed
Jan 2024 - Present · 1 yr 3 mos
Remote

● **Director of Legal**
Jul 2022 - Jan 2024 · 1 yr 7 mos

● **Associate Director of Legal**
Jan 2022 - Jul 2022 · 7 mos

● **Senior Legal Counsel**
Feb 2021 - Feb 2022 · 1 yr 1 mo

 **Payroll & Compliance for International Teams | Deel**
Deel is the first payroll platform for remote teams th...

 **Lawyer**
DLA Piper
Mar 2017 - Feb 2021 · 4 yrs
Roma, Italia

 **Associate**
LABLAW Studio Legale Failla Rotondi & Partners
Sep 2016 - Feb 2017 · 6 mos
Milano

**Junior Associate**
Quorum Legal

 Home    Video    My Network    Notifications    Jobs

13

11:55 💬 ☑    🔕 📶 86%🔋

← **_adm_14_**    ⋮



**David Mieli**

**107** posts    **601** followers    **585** following

🔗 **www.giuntina.it/catalogo/fuori-collana/mi-alm...**

@ **_adm_14_**

**Follow**    +👤

30

14

new.embassies.gov.il

## AMBASCIATA D'ISRAELE IN ITALIA
## LAWYERS

### ROME

| Name Address | Telephone | E-Mail | Languages | Sector |
|---|---|---|---|---|
| **Oreste Bisazza Terracini** Viale Giuseppe Mazzini, 119 00195 Roma | +39 06 3751 4026 +39 06 3751 4828 | oreste.bisazzaterracini@tin.it | Italian English French Hebrew | |
| **Federica Coen** Vicolo dell'Oro, 24 00186 Roma | +39 06 6832 236/4 +39 347 2314 110 | studiolegalecoen@gmail.com | Italian English Basic Hebrew | Civil Commercial Real estate |
| **Roberto Coen** Vicolo dell'Oro, 24 00186 Roma | +39 06 6832 236/4 +39 347 2314 110 | studiolegalecoen@gmail.com | Italian English Basic Hebrew | Civil Commercial Real estate |
| **Joseph Di Porto** Piazza Cola di Rienzo, 92 00192 Roma | +39 06 6228 9319 +39 393 9479 972 | jdiporto@gmail.com | Italian English French Hebrew Spanish | Real estate Civil Commercial International |
| **Claudio FANO** Piazza San Lorenzo in Lucina, 4 00185 Roma | +39 06 6878 600 | avvclaudiofano@gmail.com | Italian English French | Commercial Marketing |
| **Andera GANEM** Piazzale Enrico Dunant, 15 00152 Roma | +39 06 5386 93 +39 338 9108 909 | ganad01@yahoo.it | English Hebrew Italian | Civil |
| **Daniel Gattegna** Via P. Borsieri, 3 00195 Roma | +39 06 3728 041 | studiolegalegattegna@gmail.com | Italian English | Civil Commercial |
| **David Hannuna** Piazza Cola di Rienzo, 92 00192 Roma | +39 06 6228 9319 +39 393 9479 972 | david@studiohdp.it david.hannuna@gmail.com | Italian English French Hebrew Spagnolo | Real estate Civil Commercial International |
| **Lior LEV** Via Della Camilluccia, 589d 00135 Roma | +39 351 9088 696 +972 542 100 106 | Lior@lev-law.co.il | English Hebrew Basic Italian | |
| **Ugo Limentani** Via Angelo Secchi, 4 00197 Roma | +39 06 8073 377 | u.limentani@ottolenghilimentani.it | Italian English French | Civil |
| **Alessandro LUZON** Via Giovanni Vitelleschi, 26 00193 Roma | +39 335 5628 313 | | Italian English Hebrew | Civil Real estate Citizenship |
| **David MIELI** Viale Glorioso, 14 00153 Roma | +39 339 1494 506 | andreadavidmieli@gmail.com | Italian English | Employment Privacy International |
| **Enzo Ottolenghi** Via Angelo Secchi, 4 00197 Roma | +39 06 8073 377 +39 06 8079 210 | e.ottolenghi@ottolenghilimentani.it | Italian English French | Civil |
| **Diletta PERUGIA** Largo della Gancia, 1 00195 Roma | +39 06 3243 554 | diletta.perugia@hotmail.it | Italian English | Criminalist |
| **David Terracina** Via Enrico Petrella, 4 00198 Roma | +39 06 3225 051 +39 335 5317 489 | david.terracina@lttuassociati.it | Italian English Basic Hebrew | Criminalist |
| **Marco Veneziani** Piazza Cola di Rienzo, 92 00192 Roma | +39 06 6228 9319 +39 393 9479 972 | veneziani.m@gmail.com | Italian English French Hebrew Spagnolo | Real estate Civil Commercial International |

### MILAN

| Name Address | Telephone | E-Mail | Languages | Notes |
|---|---|---|---|---|

Copy    Select All

⬇ lista_avvocati_eng.pdf (146 KB)    Save...    ✕



deel. the everything people platform

### Asif M. ✔ · 3rd

Lawyer - Technology // Fintech // Regulatory & Licensing

Newcastle Upon Tyne, England, United Kingdom · Contact info

500+ connections

**Message**  ( + Follow )  ( More )

deel. Deel

---

## Activity

1,309 followers

**Posts**  ( Comments )

---

**Asif M. reposted this**  ...

**Alex Bouaziz** · 3rd+
Co-Founder & CEO @Deel (We're growing!)
2w · 🌐

We're hosting Deel's biggest ever virtual event and offering you a chance to see Deel's vision and roadmap for the future. 🚀

📅 The Big Deel – April 3, 2025 @ 11 AM EST / 5 PM CET

🔍 What's on the agenda:
• Deel's vision and roadmap for the future
• Seven groundbreaking product ...more

The Big Deel | Virtual...
deel.com

👍❤️😊 765 · 18 comments · 147 reposts

---

**Asif M. reposted this**  ...

**Alex Bouaziz** · 3rd+
Co-Founder & CEO @Deel (We're growing!)
3w · 🌐

🚨 This is a big one - we've acquired Safeguard Global's payroll division! The team joining Deel have deep global payroll and delivery knowledge. We'll be adding that skill to our in-house payroll experts and combining it with Deel's full-stack owned infrastructure, native payroll engines, and full product suite.

This acquisition will be a game changer for our enterprise customers, reinforcing our ability ...more

Deel acquires Safeguard...
deel.com

👍❤️😊 2,024 · 121 comments · 295 reposts

---

Show all 32 →

16

Asif M.
Lawyer - Technology // Fintech // Regulatory & Licensing

Show all posts →

## Experience



**Legal Director - Fintech, Regulatory and Licensing (Global)**
Deel · Full-time
Jul 2024 - Present · 10 mos
Remote



**Chief Executive Officer**
Rippling Payments UK Limited · Full-time
Feb 2023 - Jul 2024 · 1 yr 6 mos
United Kingdom

♡ Strategic Thinking, Compliance Regulations and +26 skills

**Assistant General Counsel**
Rippling · Full-time
Jan 2023 - Jun 2024 · 1 yr 6 mos
United Kingdom

♡ Strategic Thinking, Compliance Regulations and +26 skills



Railsbank
Full-time · 2 yrs

**Associate Global General Counsel**
Apr 2022 - Jan 2023 · 10 mos
London, England, United Kingdom

Global Business Management: Supported operations across APAC, EMEA, and US regions.
...                                                                    ...see more

♡ Strategic Thinking, Compliance Regulations and +44 skills

**Legal Counsel**
Feb 2021 - Jan 2023 · 2 yrs

♡ Strategic Thinking, Compliance Regulations and +44 skills

33

17

# A&L Goodbody

| | |
|---|---|
| **A&L Goodbody LLP** | Dublin |
| 3 Dublin Landings | Belfast |
| North Wall Quay, Dublin 1 | London |
| D01 C4E0 | New York |
| T: +353 1 649 2000 | San Francisco |
| DX: 29 Dublin | www.algoodbody.com | |

| | |
|---|---|
| Date | 21 March 2025 |
| Our ref | NCL / JKF/ CLM/CHH |
| Your ref | |

**Urgent - Private and Confidential**
**By Email:** Julie.Murphy-OConnor@matheson.com; karen.reynolds@matheson.com
Matheson LLP
70 Sir John Rogerson's Quay
Dublin 2

Cc Keith O'Brien
By Email: keith@payrollgeeks.world

**People Centre, Inc. t/a Rippling and Rippling Ireland Limited v O'Brien | H.P.2025.0001289**

Dear Colleagues,

We refer to the above matter in respect of which we understand Matheson is acting on behalf of the Plaintiffs.

We act for Deel, Inc. (**Deel**).

Our client understands from media coverage of the proceedings that your client has sought orders directed at the *"preservation of evidence"* relating to allegations that Mr O'Brien has improperly disclosed your client's *"trade secrets and proprietary and confidential information"* to our client. Those allegations are, as you know, already the subject of proceedings which People Centre, Inc. t/a Rippling (**Rippling**) has commenced against our client in the United States District Court for the Northern District of California (*People Center, Inc. d/b/a Rippling v. Deel, Inc., et al.,* Case No. 3:25-CV-2576) (the US Proceedings).

Our client's concerns are as follows:

1. The media coverage suggests that the same allegations which have been made against our client in the course of the proceedings before the High Court to date have also been alleged in the US Proceedings;

2. The claims alleged against our client in the US Proceedings have already relied in part on the conduct of the Irish proceedings;

3. Preservation and, in due course, discovery and inspection may be sought in the Irish proceedings of documents which Rippling intends to use in the US Proceedings, thereby abrogating our client's right to fair participation in discovery of matters relevant to the US Proceedings;

4. Our client looks forward to vigorously defending the claims in the US and forcefully denies all claims against it. Our client is concerned that Rippling will continue to use the Irish proceedings to manufacture evidence to support its claims in the US proceedings.

CE Gill • JG Grennan • PD White • VJ Power • SM Doggett • M Sherlock • C Rogers • G O'Toole • JN Kelly • N O'Sullivan • MJ Ward • D Widger • C Christle • S Ó Cróinín • DR Baxter
A McCarthy • JF Whelan • JB Somerville • MF Barr • AM Curran • A Roberts • RM Moore • D Main • J Cahir • M Traynor • PM Murray • P Walker • K Furlong • PT Fahy
D Inverarity • M Coghlan • DR Francis • A Casey • B Hosty • M O'Brien • L Mulleady • K Ryan • E Hurley • D Dagostino • R Grey • R Lyons • J Sheehy • C Carroll • SE Carson • P Diggin
J Williams • A O'Beirne • J Dallas • SM Lynch • M McElhinney • C Owens • AD Ion • K O'Connor • JH Milne • T Casey • M Doyle • CJ Comerford • R Marron • K O'Shaughnessy • S O'Connor
SE Murphy • D Nangle • C Ó Conluain • N McMahon • HP Brandt • A Sheridan • N Cole • M Devane • D Fitzgerald • G McDonald • N Meehan • R O'Driscoll • B O'Malley • C Bollard
M Daly • D Geraghty • LC Kennedy • E Mulhern • MJ Ellis • D Griffin • D McElroy • C Culleton • B Nic Suibhne • S Quinlivan • J Rattigan • K Mulhern • A Muldowney • L Dunne
A Burke • C Bergin • P Fogarty • CM Carroll • E Keane • D Daly Byrne • S Kearney • SE King • J Greene • C Cashin

Consultants: Professor JCW Wylie • MA Greene • AV Fanagan • PM Law • SW Haughey • PV Maher

18

# A&L Goodbody

In light of the foregoing concerns, it may be necessary for our client to seek to be joined to the proceedings in order to protect its position. In order for our client to be in a position to properly consider such prospective application, it requires an opportunity to consider the pleadings and proceedings to date.

Accordingly, please provide by no later than **close of business on Monday 24 March 2025**, copies of all orders, pleadings, notices of motion, ex parte dockets, transcripts, and affidavits, including exhibits thereto, which have been issued and/or delivered to date in the proceedings.

To the extent that any of the aforementioned documents have not yet been opened in Court, our client will agree only to use them for the purpose of its prospective application to seek to be joined to the proceedings and otherwise keep them confidential, until such time as the documents are opened in Court or are otherwise made public.

Should our client intend to pursue an application to be joined to the proceedings, it will be appropriate for our client to engage with Mr O'Brien's solicitors, as well as your clients. Accordingly, we would also ask that you would provide us with the contact information for Mr O'Brien's solicitors when appointed.   In the interim, we are copying this letter to what we understand is Mr O'Brien's work email address.  If you have an alternative email address for Mr O'Brien then we would be obliged if you would share it with us.

Insofar as your client is currently seeking the preservation of documents in these proceedings, please confirm if it is your clients' intention that those documents would be used solely for the purpose of these proceedings before the High Court (consistent with the operation of the implied undertaking regarding discovered documents in the ordinary way).

Finally, as described more fully in the attached letters sent to your clients through its counsel in the US Proceedings (Exhibit A, Exhibit B), please be advised that your clients should preserve all documents, data and other materials, in whatever form and however maintained, relevant to the US Proceedings, including any communications with public relations personnel, reporters, or private investigators.

All of our client's rights are reserved.

Yours faithfully,

*A&L Goodbody LLP*

A&L Goodbody LLP

M-77386692-1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

535 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

DIRECT DIAL:  + 1 628 432 5111
EMAIL:  WBROWN@PAULWEISS.COM

NEW YORK         TOKYO
BRUSSELS         TORONTO
HONG KONG        WASHINGTON, DC
LONDON           WILMINGTON
LOS ANGELES

March 19, 2025

By Email

Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016

Re:    *People Center, Inc. d/b/a Rippling* v. *Deel, Inc.*, Case No. 3:25-CV-2576.

Dear Mr. Spiro:

We represent Deel, Inc. and its officers, directors and employees in connection with the lawsuit you filed on March 17 in the Northern District of California on behalf of your client, People Center, Inc. d/b/a Rippling.

We understand that in the last 48 hours, your firm has sent written communications to various Deel employees on the subject of this litigation. All such communications from your firm must immediately cease, and any further communications should be directed to this law firm. We further understand that you have gratuitously contacted Deel's investors, without any legitimate basis. We will hold you legally accountable for any impairment or interference to or with our client's relationships with investors or other third parties.

We also remind you of you and your client's obligations to preserve all documents, data and other materials, in whatever form, and however maintained, relevant to this litigation.

Finally, we are deeply concerned that you are in possession of critical confidential information from Deel obtained as a result of your firm's previous efforts to represent Deel

36

20

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Alex Spiro, Esq.                                                                                          2

against your current client, Rippling. Please preserve all documents and data concerning those efforts, including any conflicts checks concerning this matter.

Best regards,

Walter F. Brown

cc:    Brad S. Karp
       Melinda L. Haag
       Randy Luskey
       Gregory F. Laufer
       Rollo C. Baker
       David Elsberg

**ELSBERG
BAKER +
MARURI**

Elsberg Baker & Maruri PLLC Maruri PLl
1 Penn Plaza, Suite 4015, Suite 4015
New York, New York, NY 10119
elsberglaw.com

March 20, 2025

By Email

Alex Spiro, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
295 5th Avenue, 9th Floor
New York, NY 10016

Re:  *People Center, Inc. d/b/a Rippling v. Deel, Inc,* Case No. 3:25-CV-2576

Alex,

     This letter is further to Walter Brown's letter dated March 19, 2025 regarding, among other things, Rippling's preservation obligations.

     We are reviewing the dubious allegations in the complaint which appears to be a component of a bad-faith press campaign by Rippling designed to damage Rippling's competitor, rather than compete fairly against Deel in the marketplace. We look forward to vigorously litigating those allegations, and surfacing the truth. In the meantime, we write to raise several important issues regarding preservation of evidence concerning Rippling's disturbing behavior.

     *First,* Deel has reason to believe that, for years, Rippling has engaged in an improper coordinated campaign with Thomas Grady, a lawyer based in Florida who is also a Rippling investor, and others, to harm Deel's business. The scheme includes repeatedly making misleading and disparaging statements about Deel to state regulators, soliciting Deel employees to serve as plaintiffs for lawsuits brought for the purpose of harassment, and coordinating with Mr. Grady on his efforts as plaintiff's counsel in *Damian v. Deel, Inc, et al,* No. 25-CV-20017 (S.D. Fla). It is critical that Rippling preserve all documents and communications between Rippling and Mr. Grady and all documents regarding the allegations in the complaint as well as all documents and communications concerning the foregoing topics in Rippling's possession, custody and control.

     *Second,* it is critical that you (a) ensure that Rippling and its counsel and other agents immediately preserve all documents and communications concerning any reporter or public relations firms/agencies that relate to the allegations in the complaint or Deel, and (b) immediately advise all public relations firms/agencies that you or your client have worked with in connection with the lawsuit of their affirmative preservation obligations pending receipt of a subpoena.

     *Third,* it is critical that Rippling and its counsel preserve all documents and communications related to Rippling's work with private investigators regarding Deel, including all documents or communications regarding Rippling's or its counsel's private investigators' efforts to disguise or misrepresent their identity to Deel or its employees, its investors, or clients, and advise any private investigators you have worked

with in connection with the matters that are the subject of the complaint of their affirmative preservation obligations pending receipt of a subpoena.

Sincerely,

*/s/ Rollo C. Baker*

Rollo C. Baker

cc:    Brad S. Karp
       Walter F. Brown
       Melinda L. Haag
       Randy Luskey
       Gregory F. Laufer
       David Elsberg
       Vivek Tata
       Brian Campbell

2

23

Matheson LLP
Solicitors
70 Sir John Rogerson's Quay
Dublin 2 Ireland
D02 R296

**Matheson**

T +353 1 232 2000    F +353 1 232 3333
W www.matheson.com    DX 2 Dublin

A&L Goodbody LLP
3 Dublin Landings
North Wall Quay
Dublin 1
D01 C4E0
**Private and Confidential**
**By Email (**kfurlong@algoodbody.com; ncole@algoodbody.com; clmoran@algoodbody.com; csheffernan@algoodbody.com; jakirby@algoodbody.com )

| Our ref | Your ref | 24 March 2025 |
|---|---|---|
| JMC/KRE 671897-7 | NCL/JKF/CLM/CHH | |

Dear Colleagues

**Our client: People Center, Inc. t/a Rippling and Rippling Ireland Limited (together "Rippling")**
**Your client: Deel, Inc. ("Deel")**
**People Center, Inc. t/a Rippling and Rippling Ireland Limited -v- O'Brien, High Court Record No. 2025/1289P (the "Irish Proceedings")**

We refer to the above and to your letter dated 21 March 2025 and respond as follows:

**Assertion that Deel might seek to be added as a defendant to the Irish Proceedings**

Our client is surprised that Deel is considering seeking to be joined to the Irish Proceedings on the purported basis that this is required "in order to protect its position".

Your letter does not identify any basis that would justify the joinder of Deel to the Irish Proceedings.

The Irish Proceedings have been instituted by Rippling against Keith O'Brien who was at all material times employed by Rippling as its Global Payroll Compliance Manager.  Rippling is not seeking any substantive relief against Deel in the Irish Proceedings.  Rippling seeks relief, *inter alia*, pursuant to the Trade Secret Regulations in respect of certain of the material that Rippling believes was provided by Mr O'Brien to Deel.  If Deel wishes to participate in the Irish Proceedings for the purpose of disputing whether certain material unlawfully supplied to it by Mr O'Brien amounts to Trade Secrets (or otherwise amounts to Rippling's intellectual property) it should say so in terms.  Any application to be joined on that basis would have to identify the information supplied by Mr O'Brien to Deel in respect of which Deel says that there is a dispute.

For the avoidance of doubt, Rippling does not accept that Deel has any entitlement to participate in the Irish Proceedings for that or any other purpose.

Managing Partner: Michael Jackson - Chairperson: Patrick Spicer - Partners: Ruth Hunter, Tara Doyle, Anne-Marie Bohan, Turlough Galvin, George Brady, Joseph Beashel, Dualta Counihan, Deirdre Dunne, Fergus Bolster, Christian Donagh, Bryan Dunne, Shane Hogan, Nicola Dunleavy, Julie Murphy-O'Connor, Mark O'Sullivan, Brian Doran, John Gill, Joe Duffy, Pat English, Shay Lydon, Aidan Fahy, Niamh Counihan, Gerry Thornton, Liam Collins, Darren Maher, Michael Byrne, Philip Lovegrove, Rebecca Ryan, Catherine O'Meara, Elizabeth Grace, Alan Keating, Alma Campion, Brendan Colgan, Garret Farrelly, Rhona Henry, April McClements, Gráinne Dever, Rory McPhillips, Michelle Ridge, Sally-Anne Stone, Matthew Broadstock, Emma Doherty, Leonie Dunne, Stuart Kennedy, Brian McCloskey, Madeline McDonnell, Barry O'Connor, Karen Reynolds, Kevin Smith, Barry McGettrick, Kate McKenna, Donal O'Byrne, David O'Mahony, Russell Rochford, Gráinne Callanan, Geraldine Carr, Brian Doohan, Yvonne McWeeney, Mairéad Ní Ghabháin, Vahan Tchrakian, Kieran Trant, Deirdre Crowley, Philip Tully, David Jones, Susanne McMenamin, David Fitzgibbon, Cillian O'Boyle, Angela Brennan, Louise Dobbyn, Catriona Cole, Paul Carroll, Caroline Austin, Sandra Lord, Caroline Kearns, Davinia Brennan, Tomás Bailey, Ailbhe Dennehy, William Foot, Kevin Gahan, Anthony Gaskin, Sarah Jayne Hanna, Elaine Long, Vincent McConnon, Justine Sayers, Calum Warren, Carlo Salizzo, Karen Sheil, Niall Collins, Niamh Mulholland, Maireadh Dale, Aisling Kavanagh, Alan Bunbury, Conor Blennerhassett, Dara Higgins, Enda Garvey, Eunan Hession, Grainne Boyle, Hilda Wrixon, Ian O'Mara, Michelle Daly, Orlaith Finan, Robert Barrett, Robert Maloney-Derham, Lorcan Keenan, Rory Mullarkey, Susan Carroll Chrysostomou, Connor Cassidy, Raphael Clancy, John Coary, Ruadhán Kenny, Alice Duffy, Muireann Hernon, Owen Collins, Aishlinn Gannon, Maeve Lochrie, Seona O'Donnellan, Sarah O'Meara, Simon Shinkwin, Lisa Tait.
Tax Principal: Catherine Galvin - Consultants: Robert O'Shea, Sharon Daly, Tony O'Grady, John Ryan, Patrick Molloy. General Counsel: Dermot Powell.

Dublin   Cork   London   New York   Palo Alto   San Francisco                    www.**matheson**.com

24

As you are aware, Rippling obtained a Court Order on 12 March relating to the preservation of evidence, as well as an order restraining Mr O'Brien from directly or indirectly informing anyone of the Irish Proceedings or of the contents of the Order made by the Court.

Please confirm whether on or after 14 March 2025, Mr O'Brien directly or indirectly informed Deel of (i) the fact of the Irish Proceedings or the Order made by the Court. (For the avoidance of doubt, the restrain imposed on Mr O'Brien extends to any communication to Deel through the person to whom Mr O'Brien was supplying information, whether that person was an employee or agent of Deel or otherwise.)

Further, Rippling has obtained a Court Order that;

> *"[Mr O'Brien] or any other person with notice of the making of this Order be restrained from howsoever deleting destroying tampering with cancelling parting with possession power custody or control of or otherwise interfering with the Articles or Listed Items or to otherwise act in any way that might frustrate the purpose of this Order until 4pm on the return date of the Notice of Motion such date being the 24th day of March 2025 or further Order of this Court."*

Please confirm whether Deel or any person on its behalf to whom Mr O'Brien supplied information has complied with the terms of the said Order.

As the party to whom Mr O'Brien is alleged to have supplied Rippling's Confidential Information and Trade Secrets, we would urge Deel not to take any actions that directly or indirectly frustrate the Orders made by the Irish Court.

With respect to the other points raised in your letter dated 21 March 2025, we respond as follows.

**Request for copies of pleadings in the Irish Proceedings**

Deel is not entitled to copies of the pleadings in the Irish Proceedings. The proceedings underway between our clients in the U.S. are the appropriate forum (and jurisdiction) for your client to seek to protect its position. Any documents that may come into the possession of our client in the Irish Proceedings will presumably be amenable to a discovery application by your client in the U.S. proceedings in the usual way, where appropriate.

We fail to see how you perceive our client might be able to use the Irish Proceedings to "manufacture evidence". This allegation is improper and must be withdrawn. Further, we note that Deel has not denied in your letter under reply or in any of its public statements the central allegation against it, i.e. that Mr O'Brien supplied Deel with confidential information and trade secrets.

In summary, therefore, you have not identified any basis whatsoever for sharing the pleadings or other court papers in those proceedings.

For the avoidance of doubt, if Deel wishes to access the pleadings and other court papers and transcripts, and / or  be "joined to the proceedings in order to protect its position", it would have to apply to the Court, as it presently has no right of audience. Such an application will have to be grounded on affidavit evidence sworn by a person with actual knowledge of the events the subject matter of the proceedings, for example Mr Bouaziz or one of the other persons to whom the letter dated 3 March 2025 from Rippling to your client (as referenced in the U.S. proceedings in connection with the #d-defectors Slack channel) was addressed. Rippling will strongly object to the making of any application for joinder grounded on an affidavit sworn by a solicitor.

64192523

www.**matheson**.com

**Defendant's contact details**

We note you copied Mr O'Brien at his email address <u>keith@payrollgeeks.world</u>.  We can confirm this is not his work email address, a fact of which Deel is well aware. Given that Deel was able to contact Mr O'Brien promptly on receipt of the letter of 3 March 2025 referred to above, we are surprised at the proposition that Deel is dependent on our client to supply it with Mr O'Brien's contact details.

**Collateral use undertaking and document preservation**

You have requested confirmation that it is our client's intention that documents adduced in the Irish Proceedings will be used solely for the purpose of these proceedings in line with the ordinary implied collateral use undertaking in such matters.  You have also referred us to your client's request for preservation of documents relevant to the U.S. proceedings.

We can confirm that our client is fully aware of its legal obligations in both regards.

Yours faithfully

*Sent by email, bears no signature*

**MATHESON LLP**
64192523

3

# A&L Goodbody

| A&L Goodbody LLP | Dublin |
|---|---|
| 3 Dublin Landings | Belfast |
| North Wall Quay, Dublin 1 | London |
| D01 C4E0 | New York |
| T: +353 1 649 2000 | San Francisco |
| DX: 29 Dublin \| www.algoodbody.com | |

| Date | 28 March 2025 |
|---|---|
| Our ref | NCL/JKF/CLM/CHH |
| Your ref | JMC/KRE 671897-7 |

**Urgent - Private and Confidential**
**By Email:** Julie.Murphy-OConnor@matheson.com; karen.reynolds@matheson.com
Matheson LLP
70 Sir John Rogerson's Quay
Dublin 2

CC: Fenecas Law
By email: larry.fenelon@fenecas.com

**People Centre, Inc. t/a Rippling and Rippling Ireland Limited v O'Brien | H.P.2025.0001289**
**Our client: Deel, Inc. (Deel)**

Dear Colleagues,

We refer to your letter of 24 March 2025 concerning our client's request for copies of the pleadings and other court papers exchanged in the proceedings to date.

Your letter denies an entitlement on our client's part to copies of those documents. However, your letter omits to identify any basis for refusing our client's request for copies of those documents and/or to identify any prejudice which your clients would suffer if our client was to be provided with copies thereof.

Furthermore, your letter makes a number of assertions which are impossible to reconcile with your clients' refusal to provide our client with copies of the requested documents. For instance, your letter suggests that, rather than your clients' simply providing the requested copy documents to our client, our client should instead apply to the High Court for access to the documents. If our client has no entitlement to them, as your clients have suggested, one would reasonably inquire as to the basis for such an application.

It is also impossible to reconcile your clients' refusal with the fact that your letter, while, on the one hand, rejecting any entitlement on our client's part to be joined to the proceedings, goes on to canvas, on the other hand, a scenario in which our client would be entitled to be joined to the proceedings, namely for the purpose of disputing whether certain material allegedly unlawfully appropriated by the Defendant constitutes "*trade secrets*". Clearly, if there is any scenario in which our client might be joined to the proceedings, then it is entitled to access to the requested documents.

It is also relevant that, in articulating the scenario in which our client might be entitled to be joined to the proceedings, your letter relies on the detail of specific matters apparently pleaded in the proceedings – the same pleadings to which your clients have denied our client access.

In circumstances where your letter does not contain any express grounds of objection to our client's request to be granted access to the pleadings and other court papers, nor identify any prejudice which would be suffered by your clients, if this was to occur, our client remains of the view that it is clearly entitled to access to those documents.

CE Gill • JG Grennan • PD White • VJ Power • SM Doggett • M Sherlock • C Rogers • G O'Toole • JN Kelly • N O'Sullivan • MJ Ward • D Widger • C Christle • S Ó Cróinin • DR Baxter • A McCarthy • JF Whelan • JB Somerville • MF Barr • AM Curran • A Roberts • RM Moore • D Main • J Cahir • M Traynor • PM Murray • P Walker • K Furlong • PT Fahy • D Inverarity • M Coghlan • DR Francis • A Casey • B Hosty • M O'Brien • L Mulleady • K Ryan • E Hurley • D Dagostino • R Grey • R Lyons • J Sheehy • C Carroll • SE Carson • P Diggin • J Williams • A O'Beirne • J Dallas • SM Lynch • M McElhinney • C Owens • AD Ion • K O'Connor • JH Milne • T Casey • M Doyle • CJ Comerford • R Marron • K O'Shaughnessy • S O'Connor • SE Murphy • D Nangle • C Ó Conluain • N McMahon • HP Brandt • A Sheridan • N Cole • M Devane • D Fitzgerald • G McDonald • N Meehan • R O'Driscoll • B O'Malley • C Bollard • M Daly • D Geraghty • LC Kennedy • E Mulhern • MJ Ellis • D Griffin • D McElroy • C Culleton • B Nic Suibhne • S Quinlivan • J Rattigan • K Mulhern • A Muldowney • L Dunne • A Burke • C Bergin • P Fogarty • CM Carroll • E Keane • D Daly Byrne • S Kearney • SE King • J Greene • C Cashin

Consultants: Professor JCW Wylie • MA Greene • AV Fanagan • PM Law • SW Haughey • PV Maher

27

# A&L Goodbody

We would remind your clients in this regard that serious allegations of wrongdoing have been made against our client in the proceedings, which allegations have been recorded in the papers opened in Court and in circumstances where it is clear from the press coverage that the press has had access to those papers.

We are writing therefore to notify you that we are instructed to now write to Fenecas Law, the solicitors acting on behalf of the Defendant, for copies of the requested documents. We will copy your office on that correspondence.

While we are not yet aware of what the Defendant's attitude that request will be, your clients should advise by return, copied to Fenecas Law, if they have any objection which would prevent Fenecas Law from acceding to that request.

In the event that your clients do so object and that objection ultimately necessitates an application to the High Court by our client for access to the requested documents, we will rely on this and our previous correspondence in seeking an order for the costs of that application against your clients.

We will respond to the balance of the issues raised in your letter of 24 March 2025 once our client has received, and had an opportunity to consider, the contents of the requested documents.

All of our client's rights are reserved.

Yours faithfully,

*A&L Goodbody LLP*

A&L Goodbody LLP

M-77386692-1

M-77386692-1                                                                                                          2

# A&L Goodbody

**A&L Goodbody LLP**                    Dublin
3 Dublin Landings                      Belfast
North Wall Quay, Dublin 1              London
D01 C4E0                             New York
T: +353 1 649 2000              San Francisco
DX: 29 Dublin | www.algoodbody.com

| Date | 28 March 2025 |
|------|---------------|
| Our ref | NCL/JKF/CLM/CHH |
| Your ref | |

**Urgent - Private and Confidential**
**By Email: larry.fenelon@fenecas.com**

Fenecas Law
81 Merrion Square
Dublin 4

CC: Matheson LLP
By email: Julie.Murphy-OConnor@matheson.com; karen.reynolds@matheson.com

**People Centre, Inc. t/a Rippling and Rippling Ireland Limited v O'Brien | H.P.2025.0001289**
**Our client: Deel, Inc. (Deel)**

Dear Colleagues,

We refer to the above matter in respect of which we understand you act on behalf of the Defendant.

We act on behalf of Deel.

We enclose copies of the following:

1. Our letter to Matheson LLP, dated 21 March 2025, which was copied to your client;

2. Matheson LLP's letter to our office, dated 24 March 2025, which does not appear to have been copied to your client;

3. Our letter to Matheson LLP of today, 28 March 2025.

As is apparent from that correspondence, our client has requested copies of the pleadings and other court documents exchanged in the proceedings to date. The Plaintiffs have declined that request and suggested that our client is not entitled to those documents.

For the reasons set out in the correspondence, our client continues to maintain that it is entitled to access to those documents. If necessary, it will make an application to the High Court for an order granting it such access. Our client hopes, however, that that step can be avoided.

Accordingly, we are instructed to request that your client would provide our client with copies of all pleadings, notices of motion, affidavits and exhibits issued and orders made to date in these proceedings.

As per our letter to Matheson LLP of 28 March 2025, we have notified the Plaintiffs of our client's intention to make this request of your client, and have also invited them to identify by return any objection they have to your client's

CE Gill • JG Grennan • PD White • VJ Power • SM Doggett • M Sherlock • C Rogers • G O'Toole • JN Kelly • N O'Sullivan • MJ Ward • D Widger • C Christle • S Ó Cróinín • DR Baxter • A McCarthy • JF Whelan • JB Somerville • MF Barr • AM Curran • A Roberts • RM Moore • D Main • J Cahir • M Traynor • PM Murray • P Walker • K Furlong • PT Fahy • D Inverarity • M Coghlan • DR Francis • A Casey • B Hosty • M O'Brien • L Mulleady • K Ryan • E Hurley • D Dagostino • R Grey • R Lyons • J Sheehy • C Carroll • SE Carson • P Diggin • J Williams • A O'Beirne • J Dallas • SM Lynch • M McElhinney • C Owens • AD Ion • K O'Connor • JH Milne • T Casey • M Doyle • CJ Comerford • R Marron • K O'Shaughnessy • S O'Connor • SE Murphy • D Nangle • C Ó Conluain • N McMahon • HP Brandt • A Sheridan • N Cole • M Devane • D Fitzgerald • G McDonald • N Meehan • R O'Driscoll • B O'Malley • C Bollard • M Daly • D Geraghty • LC Kennedy • E Mulhern • MJ Ellis • D Griffin • D McElroy • C Culleton • B Nic Suibhne • S Quinlivan • J Rattigan • K Mulhern • A Muldowney • L Dunne • A Burke • C Bergin • P Fogarty • CM Carroll • E Keane • D Daly Byrne • S Kearney • SE King • J Greene • C Cashin

Consultants: Professor JCW Wylie • MA Greene • AV Fanagan • PM Law • SW Haughey • PV Maher

29

# A&L Goodbody

providing the requested copy documents to our client and/or any prejudice which the Plaintiffs maintain would be caused to them as a result of the provision of those documents to our client.

We would be grateful if you could please respond to this letter by Wednesday, 2 April 2025.

Yours faithfully,

*A&L Goodbody LLP*

A&L Goodbody LLP

M-77386692-1

---



**A&L Goodbody LLP**
3 Dublin Landings
North Wall Quay
Dublin 1

**BY EMAIL:** ncole@algoodbody.com; kfurlong@algoodbody.com;
clmoran@algoodbody.com; csheffernan@algoodbody.com;
jakirby@algoodbody.com

Fenecas Law
81 Merrion Square
Dublin D02 NR12
Ireland

+353 (0)1 851 6000
info@fenecas.com

FENECAS.COM

**Our Ref:** 0000190001011         **Your Ref:**             **Date:** 31 March 2025

**Re:    People Center Inc [DBA Rippling] and Rippling Ireland Ltd -v- O'Brien
High Court Record No. H.P. 2025/1289**

Dear Colleagues,

We refer to your letter dated 28 March 2025.

We act on behalf of Mr. Keith O'Brien in the above-referenced proceedings.

We note your client's request for copies of the pleadings and other court documents.  At this time, we have no instructions to release any such documents and are therefore not in a position to provide them.

We also note your client's position that it is entitled to access any such pleadings and documents. To that end, please provide by response and with particularity why your client believes it holds such an entitlement.

Yours faithfully,

FENECAS LAW

_____
**FENECAS LAW**

LITIGATION – REGULATION – INVESTIGATIONS – PREVENTION

*Principal: Laurence Fenelon SC*

# A&L Goodbody

**A&L Goodbody LLP**                    Dublin
3 Dublin Landings                    Belfast
North Wall Quay, Dublin 1            London
D01 C4E0                             New York
T: +353 1 649 2000                  San Francisco
DX: 29 Dublin | www.algoodbody.com

| Date | 1 April 2025 |
| Our ref | NCL/JKF/CLM/CHH |
| Your ref | |

**Urgent - Private and Confidential**
**By Email: larry.fenelon@fenecas.com; chloe.kirby@fenecas.com; ross.galvin@fenecas.com**

Fenecas Law
81 Merrion Square
Dublin 4

CC: Matheson LLP
By email: Julie.Murphy-OConnor@matheson.com; karen.reynolds@matheson.com; hazel.madden@matheson.com; ripplingteam@matheson.com

**People Centre, Inc. t/a Rippling and Rippling Ireland Limited v O'Brien | H.P.2025.0001289**
**Our client: Deel, Inc. (Deel)**

Dear Colleagues,

We refer to your letter of yesterday, 31 March 2025.

The implicit suggestion in your letter that your client does not understand the reasons why our client maintains an entitlement to access to the requested pleadings and other court papers is surprising. The legal position in this regard is well-established.

Notwithstanding that, we set out the basis for out client's assertion of such entitlement to access below.

**1. Legal principles**

The Court has an inherent jurisdiction to allow access to the documents which have been put before the Court. In *In the Matter of Independent News and Media plc* **[2020] IEHC 84** (Unreported, High Court, Simons J., 18 September 2020), the Court observed as follows:

> "*Moreover, the court would also appear to have an inherent jurisdiction to allow a non-party to access documents or other information which has been placed before the court in the context of a public hearing. The existence of such an inherent jurisdiction, to be exercised on a discretionary basis, is consistent with the constitutional imperative that, save in such special and limited cases as may be prescribed by law, justice shall be administered in public (Article 34.1 of the Constitution of Ireland). Subject to any exception prescribed by law, a court has an inherent jurisdiction to allow access to affidavits and exhibits which have been relied upon in the context of a public hearing. This is so even in those cases where the material has been read in advance by the judge, and has not been read out in full in open court. It is to be reiterated, however, that the decision as to whom, and on what terms, access to documentation might be allowed is always a matter for the discretion of the court.*"

CE Gill • JG Grennan • PD White • VJ Power • SM Doggett • M Sherlock • C Rogers • G O'Toole • JN Kelly • N O'Sullivan • MJ Ward • D Widger • C Christle • S Ó Cróinin • DR Baxter A McCarthy • JF Whelan • JB Somerville • MF Barr • AM Curran • A Roberts • RM Moore • D Main • J Cahir • M Traynor • PM Murray • P Walker • K Furlong • PT Fahy D Inverarity • M Coghlan • DR Francis • A Casey • B Hosty • M O'Brien • L Mulleady • K Ryan • E Hurley • D Dagostino • R Grey • R Lyons • J Sheehy • C Carroll • SE Carson • P Diggin J Williams • A O'Beirne • J Dallas • SM Lynch • M McElhinney • C Owens • AD Ion • K O'Connor • JH Milne • T Casey • M Doyle • CJ Comerford • R Marron • K O'Shaughnessy • S O'Connor SE Murphy • D Nangle • C Ó Conluain • N McMahon • HP Brandt • A Sheridan • N Cole • M Devane • D Fitzgerald • G McDonald • N Meehan • R O'Driscoll • B O'Malley • C Bollard M Daly • D Geraghty • LC Kennedy • E Mulhern • MJ Ellis • D Griffin • D McElroy • C Culleton • B Nic Suibhne • S Quinlivan • J Rattigan • K Mulhern • A Muldowney • L Dunne A Burke • C Bergin • P Fogarty • CM Carroll • E Keane • D Daly Byrne • S Kearney • SE King • J Greene • C Cashin

Consultants: Professor JCW Wylie • MA Greene • AV Fanagan • PM Law • SW Haughey • PV Maher

32

# A&L Goodbody

In **Kelly v Byrne [2013] 2 IR 389**, the Court summarised the position as follows:

> *"[W]here the document has been opened without restriction in open court, it then effectively forms part of the public record relating to the administration of justice which Article 34.1 enjoins must (subject to exceptions) be in public. All that [AIB v Tracey] decided was that, in principle, at any rate, the public are entitled to know the contents of material which was opened without restriction in open court."*

Regarding the necessity for the Court to grant 'permission' for access, the Court held in **AIB v Tracey [2013] 3 IR 398** that:

> *"In any event, I do not consider that the Court's permission was required for this purpose. These allegations were ventilated in civil proceedings in open court and, as I have already found, the affidavits were effectively openly read into the record of the court. Given that these proceedings were in open court pursuant to the requirements of Article 34.1 of the Constitution, it follows that any cloak of confidentiality or protection from non-disclosure vanished at that point."*

On the application for access to documents before the Court in that case, the Court held that:

> *"Article 40.3.2° of the Constitution guarantees each citizen the right to his or her good name. That right would be indeed a hollow one if serious allegations could be made publicly in open court directly against another citizen – even if made for the purposes of defending other litigation brought by a third party – if the person against whom the allegation is made had no right to even learn of the precise nature of the allegations were so publicly made."*

The applicable principles can accordingly be summarised as follows:

a) Once documents have been opened in open court or reviewed by the Court in advance of a hearing in open court in which they are relied upon, and where no reporting restrictions have been imposed and no other restrictions on use apply, they are no longer confidential and are public documents.

b) The public are entitled to have access to such documents, and the Court's permission is not required for a person to have success to such documents.

c) Accordingly, a party to the proceedings is free to provide such documents to a non-party who has requested them.

d) Where an application to Court is necessary because, for example, the parties in possession of the documents are unwilling to provide them, the decision as to whether, and on what terms, access to documentation might be allowed is a matter for the discretion of the court.

e) While it has not been held that a person seeking access to such documents must establish that they have a good reason to seek such documentation, it is clear that, where allegations of wrongdoing have been made against a person in proceedings to which they are not a party, that person's interest in defending their reputation warrants their having access to the papers placed before the Court.

## 2. Application of the principles to our client's position

Our client has, as any member of the public, a right of access to the papers placed before the Court in the proceedings in accordance with Article 34.1 of the Constitution.

While our client maintains that no further explanation is required to support its assertion of an entitlement to access, it is also clear that its right to a good name is engaged in circumstances where the press coverage of the proceedings

M-77386692-1                                                                                                    2

49

33

# A&L Goodbody

records that allegations of serious wrongdoing have been made against our client in the Irish proceedings, and that those allegations have been recorded in the papers placed before the Court, and to which the press have already had access. Accordingly, our client has a right to learn the precise nature of those allegations.

Furthermore, our client has a right to consider the papers placed before the Court in order to determine what, if any, practical steps it will take in light of those allegations. As indicated in our previous correspondence, this would include consideration as to whether or not our client would apply to be joined as a party to the proceedings. Having regard to the seriousness of the wrongdoing alleged against our client in the proceedings, and to the apparent, significant overlap between the allegations in these proceedings with the proceedings between the First Named Plaintiff and our client in California, the necessity for our client to have an opportunity to consider the papers for that purpose is self-evident.

We trust that the foregoing addresses whatever queries your client may have had regarding our client's request for copies of the documents sought in our letter of 28 March 2025.

Please provide a copy of those documents by close of business tomorrow, 2 April 2025, or, if you are unwilling to do so, please explain the reason for such refusal within the same time period.

All of our client's rights are reserved.

Yours faithfully,

*A&L Goodbody LLP*

A&L Goodbody LLP

M-77386692-1

M-77386692-1                                                                                                 3

50

**Telegram Monitoring (EIR Burner Phone – Phone Number 3)**

General details: Calls from Telegram Profile Name: SDP01 with Telegram User Name: @SPDLW



35

**First Call at 09:22am on 31ˢᵗ March 2025, see screenshot below**

 

52

36

**Second Call from same username at 10:26am on 31st March 2025, see screenshots below:**

 



53



38

# THE HIGH COURT

## COMMERCIAL - INTELLECTUAL PROPERTY & TECHNOLOGY

Record No. 2025 / 1289P

Between:

**PEOPLE CENTRE, INC. (D/B/A RIPLING) and**

**RIPPLING IRELAND LTD**

**Plaintiffs**

**-and-**

**KEITH O'BRIEN**

**ALEXANDRE BOUAZIZ,**

**ANDREA DAVID MIELI,**

**DEEL INC**

**And**

**ASIF MALIK**

**Defendants**

---

## AMENDED AND CONCURRENT PLENARY SUMMONS

---

To:-

(a)  tThe First Named Defendant: Keith O'Brien of 31 Ringfort Avenue, Balrothery, D K32 WY93.; and

(b)  The Second Named Defendant: Alexandre Bouaziz of 126 Avenue Simon Bolivar, 75019 Paris, France; and

(c)  The Third Named Defendant: Andrea David Mieli, 14 Viale Glorioso, 00153 Roma, Republic of Italy

64047078.10

55

(d) The Fourth Named Defendant: Deel Inc of 425, 1st Street, San Francisco, CA 94105, United States; and

(e) The Fifth Named Defendant: Asif Malik of 1 Hindley Gardens, Newcastle upon Tyne, England, NE4 9LH.

This Plenary Summons requires you to enter an Appearance in person or by solicitor in the Central Office, Four Courts, Dublin in the above action within 8 days after the Summons has been served on you (exclusive of the day of such service).

And **TAKE NOTICE** that if you do not enter an Appearance within the time the Plaintiffs may proceed in this action, and judgment may be given in your absence.

**BY ORDER**, The Honourable Donal O'Donnell, Chief Justice of Ireland, the ~~12th~~ day of ~~March~~ Two Thousand and Twenty Five.

NB This Summons is to be served within twelve Calendar Months from the date hereof, unless the time for service has been extended by the Court.

The Defendants may appear hereto by entering an Appearance either personally or by solicitor at the Central Office, Four Courts, Dublin.

## GENERAL INDORSEMENT OF CLAIM

**The Plaintiffs' claim against the First Named Defendant is for:**

1. A mandatory injunction compelling the Defendant to provide full details to the Plaintiffs of any confidential information (within the meaning of "Confidential Information" as defined in Clause 12 of the contract of employment between the second Plaintiff and the Defendant (hereinafter "**Confidential Information**")), which has been communicated by him to any third parties to include with reference to each such communication:

   a. The date on which each such communication was made;

   b. Full details of the material communicated and the means by which it was communicated;

64047078.10

40

c.  Full details of the party or parties to whom it was communicated;

d.  Full details of all relevant circumstances attending on each such communication including full details of the basis upon which the communications were solicited;

e.  Copies of all such communications and / or any documents evidencing such communications.

2.  A mandatory injunction compelling the Defendant to return to the Plaintiffs any Confidential Information held by him for any purposes other than for the performance of his normal duties as an employee of the second Plaintiff.

3.  An injunction restraining the Defendant from communicating to any third party any Confidential Information for any purposes other than for the performance of his normal duties as an employee of the second Plaintiff.

4.  A declaration that, insofar as the Defendant has acquired, since 31 October 2024, Confidential Information for the benefit of a third party and where that Confidential Information amounts to a trade secret within the meaning of Article 2(1) of Directive EU 2016/942 ("the Directive") (hereinafter a "**Trade Secret**") then the Defendant acquired any such Trade Secret unlawfully within the meaning of Regulations 4 and 5 of the European Union (Protection of Trade Secrets) Regulations, 2018, SI No. 188/2018 ("**the Trade Secret Regulations**").

5.  A declaration that, insofar as the Defendant has since 31 October 2024 communicated any Confidential Information to a third party (for purposes other than for the performance of his normal duties as an employee of the second Plaintiff) and where that Confidential Information amounts to a Trade Secret, then the Defendant has used and disclosed any such Trade Secret unlawfully within the meaning of Regulation 4 and 5 of the Trade Secret Regulations.

6.  Orders against the Defendant pursuant to Regulations 12 (on a provisional and precautionary basis) and 14 (on a permanent basis) of the Trade Secret Regulations for the cessation of the use and disclosure by the Defendant and the prohibition of the use and disclosure by the Defendant of the Plaintiffs' Trade Secrets.

64047078.10

7. An Order pursuant to Regulation 14(1)(d) of the Trade Secret Regulations for the destruction of all or any part of any document, object, material, substance or electronic file containing or embodying the Plaintiffs' Trade Secrets.

8. In the alternative, an Order pursuant to Regulation 14(1)(d) of the Trade Secret Regulations for the delivery up of all or any part of any document, object, material, substance or electronic file containing or embodying the Plaintiffs' Trade Secrets.

9. An Order for such measures as are necessary to preserve the confidentiality of the Plaintiffs' trade secrets pursuant to Regulations 10, 11 and 17 of the Trade Secret Regulations and/or the inherent jurisdiction of this Honourable Court.

10. Damages pursuant to Regulation 16 of the Trade Secrets Regulations.

11. Damages for breach of contract, breach of duty (including breach of statutory duty and breach of fiduciary duty), and/or for intentional and/or wrongful and/or illegal interference with the Plaintiffs' business and/or economic interests.

12. Damages for conspiracy to injure the Plaintiff.

13. An Order for quantum meruit and/or for unjust enrichment and/or restitution and/or for the disgorgement of profits and/or an order for such sums as may be found due to the Plaintiffs by the Defendant as money had and received by the Defendant to the use of the Plaintiffs.

14. A Declaration that the Defendant holds such sums as may be found due to the Plaintiffs as a trustee of the Plaintiffs.

15. Such tracing and / or other remedies as may be appropriate in the circumstances.

16. If necessary, an Order for the taking of accounts and inquiries.

17. Aggravated and / or exemplary damages.

18. Such further or other order as this Honourable Court shall deem meet.

64047078.10

42

19.     Interest pursuant to the provisions of the Courts Act 1981.

20.     An order providing for the costs of an incidental to these proceedings.

**<span style="color:red">The Plaintiffs' claim against the Second, Third, Fourth and Fifth Named Defendants is for:</span>**

21.     A declaration that, commencing on 14 March 2025, the Second, Third, Fourth and Fifth Named Defendants (hereinafter the "Deel Defendants") were guilty of an unlawful means conspiracy to damage the Plaintiff.

22.     A declaration that the Deel Defendants are liable to pay the Plaintiffs' costs of these proceedings (including costs incurred before their joinder to the proceedings) on a legal practitioner and client basis.

23.     Damages for unlawful means conspiracy.

24.     Damages for lawful means conspiracy.

25.     Damages for unlawful interference with the economic interests of the Plaintiffs.

26.     Damages for breach of and/or interference with the Plaintiffs' constitutional right to a fair trial.

27.     Damages for trespass to goods.

28.     Damages for abuse of civil process.

29.     Damages for defamation.

30.     Damages for malicious falsehood.

31.     Aggravated and / or exemplary damages.

32.     Costs of the proceedings on a legal practitioner and client basis.

33.     In the alternative, costs on a party and party basis.

64047078.10

43

34.	Such further or other order as this Honourable Court shall deem meet.

35.	Interest pursuant to the provisions of the Courts Act 1981.

**Anthony Thuillier**

**Shelley Horan**

**Marcus Dowling SC**

Signed:		_____

**MATHESON LLP**

Solicitors for the Plaintiffs

70 Sir John Rogerson's Quay

Dublin 2

D02 R296

Ireland

**This Summons was amended pursuant to an Order of the Court made on the        day of            2025.**

**This Summons is not for service on the Fourth and Fifth Named Defendants outside the jurisdiction without leave of the Court**

**The Court has the power under Regulation No. 1215/2012 to hear and determine the claim against the Second and Third Named Defendants pursuant to Regulations 7(2) and 8(1) of Regulation No. 1215/2012 under which the Court should assume jurisdiction.**

**No proceedings between the Plaintiffs and the Second and Third Named Defendants concerning the same cause of action are pending between the parties in another Member State of the European Union or in a Contracting State of the Lugano Convention.**

This summons was issued by Matheson, whose registered place of business is 70 Sir John Rogerson's Quay, Dublin 2, D02 R296 and who consents to the service of documents in the proceedings by electronic mail to RipplingTeam@matheson.com, Solicitors for the Plaintiffs, (1) Rippling Ireland Ltd, a limited liability company incorporated in Ireland with its registered office at  5th Floor, Block E, Iveagh Court, Harcourt Road, Dublin 2, Ireland; and (2) People

64047078.10

44

Centre, Inc. (d/b/a Rippling) a company incorporated in Delaware in the USA, with its with registered office at Corporation Trust Center, 1209 Orange Street, Wilmington, New Castle 19801, Delaware, USA

This summons was served by me at

On the First Named Defendant

On          the          day of          2025

Indorsed the          day of          2025

Signed:          _____

Address:          _____

          _____

This summons was served by me at

On the Second Named Defendant

On          the          day of          2025

Indorsed the          day of          2025

Signed:          _____

Address:          _____

          _____

64047078.10

This summons was served by me at

On the Third Named Defendant

On            the            day of                2025

Indorsed the            day of            2025

Signed:

Address:

This summons was served by me at

On the Fourth Named Defendant

On            the            day of                2025

Indorsed the            day of            2025

Signed:

Address:

64047078.10

62

46

This summons was served by me at

On the Fifth Named Defendant

On     the     day of     2025

Indorsed the     day of     2025

Signed: _____

Address: _____

         _____

64047078.10

47

**THE HIGH COURT**

**Record No 2025 /**

Between:

**PEOPLE CENTRE, INC. (D/B/A RIPLING) and RIPPLING IRELAND LTD**

**Plaintiffs**

-and-

**KEITH O'BRIEN**

**ALEXANDRE BOUAZIZ,**

**ANDREA DAVID MIELI,**

**DEEL INC**

**And**

**ASIF MALIK**

**Defendants**

---

**AMENDED AND CONCURRENT PLENARY SUMMONS**

---

MATHESON LLP
Solicitors for the Plaintiffs
70 Sir John Rogerson's Quay
Dublin 2

64047078.10

64

48