LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Counsel for Defendant Deel, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**DEEL'S RESPONSE TO RIPPLING'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO CIVIL L.R. 3-13**<br><br>Compl. Filed:    March 17, 2025<br>Judge:    Hon. Charles R. Breyer |

Pursuant to Civil Local Rule 3-13(c), Defendant Deel, Inc. ("Deel") hereby submits its response to the Notice of Pendency of Other Action or Proceeding (the "Notice" (Dkt. 51)) filed by Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") in this matter on April 28, 2025.

Local Rule 3-13 requires that a party file a notice when it learns that an action filed in this District "involves *all or a material part* of the *same subject matter* and all or substantially all of the same parties as another action which is pending in any other federal or state court." L.R. 3-13(a).[1] Rippling's Notice incorrectly asserts that this standard is met here based on a complaint that Deel filed in Delaware Superior Court on April 24, 2025, against Rippling and Does 1-100 (the "Delaware State Court Action"). Deel and Rippling are both incorporated in Delaware, and thus subject to general personal jurisdiction there; counsel for Rippling has not yet made an appearance in the Delaware State Court Action. Deel's complaint in the Delaware State Court Action asserts five causes of action against Rippling, all arising under Delaware law: (1) Violation of the Delaware Deceptive Trade Practices Act (Notice Ex. A ¶¶ 162-72); (2) Defamation (*id.* ¶¶ 173-81); (3) Trade Libel (*id.* ¶¶ 182-90); (4) Tortious Interference with Prospective Economic Advantage (*id.* ¶¶ 191-97); and (5) Civil Conspiracy (*id.* ¶¶ 198-202). These Delaware state law causes of action are based on Deel's allegations that since 2023, Rippling has (1) falsely advertised its own business and services as compliant with the law and as possessing qualities that they do not have (*id.* ¶¶ 33-97, 138-43), (2) disparaged Deel's business and services by making false and misleading statements of fact regarding the same in advertising and a years-long public smear campaign (*id.* ¶¶ 98-137), and (3) made misrepresentations to Deel's investors and stakeholders to solicit and obtain Deel's internal confidential information (*id.* ¶¶ 144-49).

In contrast to the years-long conduct at issue in Deel's Delaware State Court Action, Rippling's lawsuit against Deel that it filed in this Court on March 17, 2025 (the "California Federal Action") arises entirely from the alleged Ireland-based activities from November 2024 through February 2025 of an Irish citizen and resident named Keith O'Brien who was employed by Rippling's Irish subsidiary in Dublin, where he allegedly accessed Rippling's supposed "most sensitive" and "most prized" "trade secret" information that Rippling admits was stored on unsecured Slack messaging channels freely available to *all* of Rippling's thousands of employees and contractors, even though this information was allegedly

---

[1] Unless noted, all emphasis is added, and internal citations and punctuation omitted for ease of reading.

"completely unrelated" to their jobs. (*E.g.*, Dkt. 1 (Rippling's Complaint) ¶¶ 1-6, 41, 44-47, 56-76.) Based on conclusory "suspicions" and other implausible allegations (*e.g.*, *id.* ¶ 93), Rippling alleges that Deel was purportedly directing O'Brien's activities in Ireland. Indeed, despite first initiating proceedings against O'Brien in Ireland on March 12, 2025, based on his alleged "spying and theft of Confidential Information and Trade Secrets" (Dkt. 48 at 2)—to which Rippling has successfully added Deel as a party—Rippling initiated the California Federal Action against Deel, asserting three claims for relief arising under federal law and four claims for relief arising under California state law that are all based solely on O'Brien's alleged "spying" in Ireland: (1) Violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c); (2) Conspiracy to Violate RICO, 18 U.S.C. § 1962(d); (3) Misappropriation of trade secrets under Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.;* (4) Misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Civil Code § 3426, *et seq.;* (5) Tortious interference with contract; (6) Aiding and abetting breach of fiduciary duty; and (7) Unfair competition, Cal. Bus. & Prof. Code § 17200, *et seq.*[2]

On April 25, 2025, Deel filed a motion to dismiss the California Federal Action on *forum non conveniens* grounds in favor of Ireland (the "FNC Motion") in light of the previously initiated parallel proceedings Rippling filed there, and the fact that key witnesses and evidence are in Ireland and not in California. (Dkt. 48.) Deel also filed a motion to dismiss ("Motion to Dismiss") all seven of Rippling's California Federal Action claims for, *inter alia*, failing to plausibly allege facts establishing the elements of RICO or a RICO conspiracy, and failing to allege that Deel actually received anything that could be a trade secret or that Rippling even took the requisite reasonable steps to protect its supposed trade secrets, which it admits were freely accessible to anyone regardless of their job function. (Dkt. 49.) Finally, Deel

---

[2] Indeed, as detailed in Deel's FNC Motion (Dkt. 48), it is difficult to square Rippling's accusations that Deel is supposedly "forum shopping" (Notice at 4) by asserting unrelated Delaware state law claims against Rippling in Delaware—where both Deel and Rippling are incorporated—with Rippling's own choice to file a RICO action in California based on alleged events that Rippling admits took place in ***Ireland***. Ireland also happens to be the forum that Rippling has asserted is "clearly the jurisdiction most closely connected with the wrongs [that are] the subject matter of these proceedings" and "is the correct forum to determine this action against [Deel]." (*E.g.*, Dkt. 48 at 1 (noting Rippling's own representation to the Dublin Commercial High Court that "the balance of convenience l[ies] in favour of trying the case in the Irish courts.")); *see also Flynn v. Nat'l Asset Mgmt. Agency*, 42 F.Supp.3d 527, 536-37 (S.D.N.Y. 2014) (dismissing RICO claims in favor of Ireland where plaintiff's "heavy reliance on RICO as a reason to retain the action here suggests a desire to benefit from whatever *in terrorem* effect that statute has by virtue of the word 'racketeering' and the threat of treble damages," and thus concluding that "**the institution of this case in the United States was at least as much a result of forum shopping as it was of any substantial concern with convenience**").

1   also filed a special motion to strike Rippling's four California state law claims under California's anti-

2   SLAPP statute because Rippling alleges that Deel facilitated O'Brien's whistleblowing activities in

3   disclosing evidence of Rippling's illicit Russian sanctions-evasion activities—a matter of public interest—

4   to a journalist, and attempts to base liability on that conduct. (Dkt. 50.) The Court has adopted the parties'

5   stipulated briefing schedule on Deel's motions, with Rippling's opposition briefing due June 6, 2025, and

6   Deel's reply briefing due on July 7, 2025. (Dkt. 46.) Deel has set its motions for hearing on July 25, 2025.

7    As one can quickly see, Deel's Delaware State Court Action and Rippling's California Federal

8   Action are not related, let alone "involve[] all or a material part of the same subject matter." L.R. 3-13(a).

9   While Deel's Delaware State Court Action mentions O'Brien in two paragraphs out of its 72-page, 202-

10   paragraph complaint and briefly references the existence of Rippling's California Federal Action in a

11   handful of others (Notice Ex. A ¶¶ 7-8), Rippling's assertion that "much of the complaint" in the Delaware

12   State Court Action is premised on Rippling's California Federal Action is simply not credible. (Notice at

13   1-2.) Indeed, Deel went out of its way to specify that "Rippling's conduct vis-à-vis O'Brien is not the

14   subject of this action, which is based on Rippling's unfair competition with and defamation of Deel[.]"

15   (Notice Ex. A ¶ 8 n.1.)

16    Setting aside for a moment the obvious factual and legal disparities between the California Federal

17   Action and Delaware State Court Action, it is unclear what Rippling's Notice is even asking this Court to

18   do. Under Local Rule 3-13, the most Rippling could ask for is that the "proceedings should be *coordinated*

19   to avoid conflicts, conserve resources and promote an efficient determination of the action." L.R. 3-

20   13(b)(3)(D). As shown above, even "coordination" is not warranted here, given that Rippling's California

21   Federal Action does not even belong in this Court in the first place—since it should be adjudicated in

22   Ireland with Rippling's earlier-filed directly related action there (and where Deel is already a party)—as

23   well as the fact that the Delaware State Court Action does not have a material subject matter overlap with

24   the California Federal Action.

25    But Rippling's Notice does not appear to ask for mere "coordination." Instead, without citing any

26   authority, it steps outside of L.R. 3-13's ambit and suggests that "judicial economy favors *resolution* of

27   Deel's Delaware [State] Court action *in California*," and then inexplicably invites this Court "to *resolve*

28   these [Delaware] allegations in tandem with resolving Rippling's allegations." (Notice at 4.) But it is

DEEL'S RESPONSE TO RIPPLING'S NOTICE OF OTHER ACTION  CASE NO. 3:25-CV-02576-CRB

axiomatic that a federal district court cannot enjoin, stay, or otherwise interfere with pending state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. § 2283; *see Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (noting that Section 2283's limitations "rest[ ] on the fundamental constitutional independence of the States and their courts … and reflect Congress' considered judgment as to how to balance the tensions inherent in such a system," as they are "designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances").

These exceptions are "extremely narrow," *Master v. Rothbard*, No. 24-CV-07418-PCP, 2024 WL 4682317, at *2 (N.D. Cal. Nov. 4, 2024), and "any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1305-07 (9th Cir. 2022) (concluding a "federal court generally may not enjoin state court proceedings"). "Indeed, the general rule is still that where a suit is strictly in personam ... there is no objection to a subsequent action in another jurisdiction, either before or after judgment, although the same issues are to be tried and determined[,] ... because [the subsequent action] neither ousts the jurisdiction of the court in which the first suit was brought, nor does it delay or obstruct the exercise of that jurisdiction, nor lead to a conflict of authority where each court acts in accordance with the law." *Sandpiper*, 428 F.3d at 844 (alterations in original, emphasis omitted).

Following these well-established principles, Courts in this District routinely refuse to enjoin or stay pending state court proceedings. *See, e.g.*, *Rossi v. Purvis*, 713 F. Supp. 3d 603, 614-15 (N.D. Cal. 2024) (holding that "[t]his Court generally lacks the power to stay state court proceedings" and that no exceptions apply, noting "[i]n their state court complaint, plaintiffs are pursuing state law claims entirely different from those at issue here" and "[t]he mere possibility that [a similar] factual issue will be addressed in the state court proceedings does not pose any threat to this Court's jurisdiction or to its judgment"); *Master*, 2024 WL 4682317, at *2 (noting that "Congress, however, has prohibited this Court from issuing a stay of state court proceedings in all but the rarest of circumstances," and the "longstanding public policy against federal court interference with state court proceedings"); *Mendoza v. Hyundai Motor Co., Ltd*, No. 15-CV-01685-BLF, 2024 WL 37206, at *5 (N.D. Cal. Jan. 2, 2024) ("The mere existence

of a parallel action in state court ... does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the necessary in aid of exception") (ellipsis in original); *Barnett v. Garrigan*, No. 20-CV-02585-VC, 2022 WL 870212, at *1 (N.D. Cal. Mar. 24, 2022) (concluding that since a "defamation action pending in state court .… does not fall within any of these exceptions, this Court cannot issue the relief the plaintiffs seek").[3]

Here, Rippling does not—because it cannot—argue that any of those extremely narrow exceptions apply to the Delaware state law claims that are pending in the Delaware State Court Action, which are distinct from those in Rippling's California Federal Action and have nothing to do with this Court's jurisdiction in any event. Thus, under principles of federalism and comity, the Court must not interfere with the pending Delaware State Court Action.

In short, since Rippling's Notice appears to seek relief that is improper and Rippling has not otherwise asked for any relief that this Court may grant, there is no "appropriate" order to be issued pursuant to Local Rule 3-13(d). The Court should proceed with its consideration of Deel's FNC Motion, Motion to Dismiss, and Anti-SLAPP Motion that are currently set for hearing on July 25, 2025.

DATED: May 12, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Jason D. Russell*_____
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*

---

[3] *See also Glaude v. Deutsche Bank*, No. 23-CV-05429-RFL, 2023 WL 9317825, at *2 (N.D. Cal. Dec. 20, 2023) (noting there "is no applicable congressional act authorizing such a stay [of state court proceedings] and no pertinent judgment by the federal court to be protected or effectuated," "[n]or would such an injunction aid this court's jurisdiction since the eviction action would be in state court"); *Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 1420722, at *9 (N.D. Cal. Jan. 31, 2023) (Section 2283 "prohibits the federal courts from interfering with proceedings in state courts.").