LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:     (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:     (213) 687-5600

*Counsel for Defendant Deel, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**(1) DEEL'S EX PARTE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DATES;**<br><br>*Under Separate Cover*:<br><br>**(2) DECLARATION OF JASON D. RUSSELL; and**<br><br>**(3) [PROPOSED] ORDER.**<br><br>Compl. Filed:         March 17, 2025<br>Am. Compl. Filed:  June 5, 2025<br>Judge:                    Hon. Charles R. Breyer<br>Courtroom:            6 |

**PRELIMINARY STATEMENT**

Pursuant to Local Rule 7-10 and this Court's Standing Order § I.B.7., Defendant Deel, Inc. ("Deel") respectfully requests that the Court continue the Initial Case Management Conference ("CMC") currently scheduled for June 20, 2025, until October 17, 2025, which is approximately 30 days after the Court hears argument on September 19 on Deel's forthcoming motions that it will file in response to Plaintiff People Center, Inc. d/b/a Rippling ("Rippling")'s June 5, 2025 First Amended Complaint (Dkt. 57, "FAC"). The Court should also continue the corresponding deadline for the parties to file a Joint Case Management Statement and complete their initial disclosures from June 13, 2025 to October 10, 2025.

Deel brings this motion *ex parte* (the "Motion") so that (i) all parties have a chance to weigh in on scheduling (three defendants have not been served), (ii) the Court is fully informed as to what legal claims are at issue (and what can survive the pleading stage), and (iii) any jurisdictional and forum issues are resolved, before the Court sets dates for a matter that it may ultimately determine does not belong here.

On May 27, 2025, Deel sought Rippling's stipulation to continue the CMC and related dates, citing Rippling's own stated intention to file an amended complaint in response to Deel's pending motions to dismiss Rippling's original Complaint pursuant to Rule 12(b)(6), the *forum non conveniens* doctrine, and California's anti-SLAPP statute. Russell Decl. ¶ 10 & Ex. 2. Rippling refused. *Id*. On May 28, Deel again reiterated that proceeding "before Rippling's own admitted operative complaint and Deel's challenges to that pleading are on file is not an efficient use of party and Court resources," since Deel had no idea what would be in Rippling's FAC at that time, and thus all the parties would be able to discuss during their May 30, 2025, Rule 26 conference was Rippling's soon-to-be-moot original Complaint. *Id*.

When the parties conferred on May 30, Deel once again stated that the parties should not be proceeding with the CMC and related dates at this time, particularly since Rippling was refusing to disclose what (or even who) would be in its soon-to-be-filed FAC. Russell Decl. ¶ 11. Indeed, during that meet-and-confer, Rippling never once mentioned that it was intending to add *three new parties* to its amended complaint, and thus Deel assumed that it would remain the only named defendant. It was not until Rippling filed the FAC on June 5 that Deel learned for the first time that Rippling was bringing in new, unserved parties (whose "whereabouts remain unknown," according to Rippling (FAC ¶ 155))— who will likely have their own counsel. Rippling's FAC also identifies at least *twelve* (not counting Does)

1

other supposed "conspirators," including attorneys, spouses, and even defendants in other ongoing litigation in Delaware. *Id.* ¶¶ 20-31. Given Rippling's obfuscation as to whom it was even suing in this action, it would have been impossible for Deel to file a timely administrative motion to change time for the CMC and related dates under Local Rules 6-3 and 7-11 before those dates came to pass.

## BACKGROUND & PROCEDURAL HISTORY

Deel and Rippling are competitors who offer competing human resources, payroll, and compliance workforce software platforms. Rippling and Deel were not direct competitors until late 2022, when Rippling decided to expand its existing U.S. operations into international markets where Deel had been focused and commanded significant market share. Rippling alleges that Deel is a "criminal syndicate" supposedly masquerading as a "multibillion-dollar technology company." FAC ¶ 1.

Rippling filed its original Complaint against Deel on Mach 17, 2025, asserting that only Deel violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act, as well as federal and California trade secret laws, among other things. Dkt. 1. Rippling's claims against Deel are premised on the Ireland-based activities of an Irish citizen and resident ("O'Brien") employed by Rippling's Irish subsidiary in Dublin. O'Brien allegedly accessed Rippling's supposed "most sensitive" and "prized" "trade secret" information that Rippling admits was stored on unsecured Slack messaging channels available to *all* of Rippling's thousands of global employees and contractors, even though this information was allegedly "completely unrelated" to their jobs. *E.g.*, *id.* ¶¶ 1-6, 41, 44-47, 56-76. Indeed, earlier, on March 12, Rippling had initiated proceedings in Ireland against O'Brien based on his alleged actions, to which Rippling added Deel in early April by representing that Ireland is "clearly the jurisdiction most closely connected with the wrongs [that are] the subject matter of these proceedings" and "is the correct forum to determine this action against [Deel]." *See, e.g.*, Dkt. 48 at 1 (noting Rippling's representation to the Dublin Commercial High Court that "the balance of convenience l[ies] in favour of trying the case in the Irish courts."). The Irish proceedings against Deel are ongoing. Russell Decl. ¶ 14.

On April 7, this Court adopted the parties' stipulated schedule: Deel's response to the Complaint was due May 7, any oppositions were due June 6, and Deel's replies were due on July 7, 2025. Dkt. 46.

On April 25, 2025, Deel filed its responsive motions nearly two weeks early. Deel first filed a motion to dismiss this action on *forum non conveniens* ("FNC") grounds in favor of Ireland in light of the

2

1  parallel proceedings previously initiated by Rippling, and the fact that key witnesses and evidence are in
2  Ireland and not in California. Dkt. 48. Deel also filed a motion to dismiss all seven of Rippling's claims
3  for, *inter alia*, failing to plausibly allege facts establishing the elements of RICO or a RICO conspiracy,
4  or that Rippling even took the requisite reasonable steps to protect its supposed trade secrets, which it
5  admits were accessible to anyone regardless of their job function. Dkt. 49. Finally, Deel also filed a special
6  motion to strike Rippling's four California state law claims under California's anti-SLAPP statute because
7  Rippling alleges that Deel facilitated O'Brien's whistleblowing activities in disclosing evidence of
8  Rippling's illicit Russian sanctions-evasion activities—a matter of public interest—to a journalist, and
9  attempts to base liability on that conduct. Dkt. 50. Deel set its motions for hearing on July 25, 2025.

10       On May 14, 2025 Rippling stated that it was choosing to amend its Complaint "in response to
11  Deel's motions to dismiss." Russell Decl. Ex. 1. On May 16, the Court adopted the parties' stipulated
12  briefing schedule, ordering that Rippling's FAC be filed by June 6, Deel's response to Rippling's FAC be
13  filed by July 11, Rippling's opposition briefing be filed by August 8, and Deel's reply briefing be filed by
14  September 5, with a Zoom hearing on Deel's motions scheduled for September 19, 2025. Dkt. 54.

15       As noted above, on May 27, 2025, in light of Rippling's forthcoming FAC, Deel sought Rippling's
16  stipulation to move the June 20 CMC and related dates originally set by the Court on April 2. Russell
17  Decl. Ex. 2. Rippling refused; Deel reiterated that proceeding was not productive in light of the FAC. *Id*.

18       Given Rippling's refusal to cooperate in stipulating to move the CMC and related dates (including
19  the Rule 26 conference) to a reasonable time after the FAC and responsive motions were at least on file,
20  the parties' Rule 26 conference conducted on May 30 was largely a futile exercise (as Deel predicted),
21  given Deel could address only the presumptively moot original Complaint and not Rippling's undisclosed
22  amended allegations. Rippling provided no indication at this May 30 conference as to the scope of its
23  planned changes to the Complaint, and said nothing about adding three new parties. *Id*.

24       On June 5, 2025, Rippling filed its FAC, adding three new defendants and adding allegations that
25  Deel's leadership (none of whom actually work or reside in California) were directing O'Brien's activities
26  in Ireland. Rippling's amended allegations are essentially repackaged assertions from O'Brien's affidavit
27  from the Irish proceedings. *See* FAC ¶ 2 n.1.[1] Indeed, the FAC adds even more allegations of conduct that

28
---
[1] To be clear, Deel denies Rippling's allegations and O'Brien's dubious story. As O'Brien's own emails
*(cont'd)*

not only allegedly occurred in Ireland, but is again already being litigated against Deel in the pending Irish proceedings initiated by Rippling. *See, e.g.*, *id.* ¶¶ 130-153. Apart from adding new defendants and allegations of further Irish conduct, Rippling has also now abandoned its original claim for trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"). *See* Dkt 57-6.[2]

The three new defendants have not been served and have not yet appeared. Deel's counsel is not representing the individuals and cannot accept service on their behalf. Russell Decl. ¶¶ 12-13.

## ARGUMENT

In light of Rippling's June 5 FAC, the Court should continue the currently scheduled June 20 CMC and the accompanying June 13 deadline to file the Joint CMC Statement and make initial disclosures for a relatively brief but reasonable time, such that the Court and parties know which parties and claims will survive responsive pleading motions, or indeed whether litigation should proceed in this forum at all.

Three out of the four named parties in the case were introduced for the first time on June 5. None of the new parties have even been served, let alone made an appearance. Further, these parties are likely to have their own counsel, who will need time to get up to speed and formulate their strategy. At a minimum, it is reasonable to assume each of these three defendants will likely have different legal challenges to the FAC, given their varying alleged levels of involvement. Moreover, as Deel is a remote company and each of the new defendants reside and work abroad, Deel will not be surprised to see them raise jurisdictional challenges that will need to be resolved at the outset as well. Thus, the CMC and related dates should be continued. *See CNC Software, LLC v. Glob. Eng'g Ltd. Liab. Co.*, 2022 WL 4137585, *2 (N.D. Cal. Aug. 2, 2022) (continuing CMC nearly three months to allow completion of service); *Jiangnan Li v. Royal Health Prods. Corp.*, 2012 WL 6031901, *2 (N.D. Cal. Jan. 27, 2012) (granting motion to continue CMC to allow service on foreign defendants pursuant to Hague Convention).

Further, Deel's responsive motions to the FAC are not filed. Rippling is represented by

---

(which Rippling omits) from before he filed the affidavit show, Rippling "pressured [him] to say things that are not true ... to damage Deel" and "coerc[ed] [him] to say that [he] shared data [with Deel]." Dkt. 48 at 2-3. O'Brien filed the affidavit only after Rippling paid him an undisclosed financial "termination payment," agreed to cover all of his legal fees, and executed an express cooperation agreement with him. Dkt. 48-4 ¶¶ 22-23.

[2] This was likely done to try to escape the dismissal of Rippling's remaining California state law tort causes of action, since "CUTSA preempts common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F.Supp.3d 994, 1006 (N.D. Cal. 2018), *aff'd*, 815 F.App'x 117 (9th Cir. 2020).

sophisticated counsel and felt the need to amend its Complaint in response to Deel's original motions, which is indicative of their strength. With Rippling's amendment, Deel feels even stronger in the merit of its original dismissal motions, and will adjust them to reflect Rippling's new allegations. For example, the FAC does not cure the numerous legal deficiencies with Rippling's causes of action (even dropping the CUTSA claim), continues to base liability on Deel's alleged acts of facilitating press reports of Rippling's illicit sanctions-evasion practices, and adds even more factual allegations showing that this case belongs in Ireland, so Deel will likely file renewed FNC, anti-SLAPP, and dismissal motions, among others.

In short, it is not efficient to now proceed with a CMC, CMC statement, or initial disclosures, when as a result of Rippling's late-breaking amendment, neither the parties nor the Court know with any certainty which defendants are even in the case, what claims will survive any upcoming motions, or where Rippling's claims a will even be litigated. As such, these dates should be continued to until at least a reasonable time after Rippling's opposition is filed on August 8 (as Deel originally proposed to Rippling before even seeing the FAC) to mirror the parties' original schedule and so that the Court has a more informed view as to what this case will actually look like before entering a scheduling order.

In contrast, there is no measurable prejudice to Rippling (and it has articulated none) in granting a short few month continuance of these dates. *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("[T]he situation in which Plaintiffs now find themselves is something of their own creation"). A reasonable (and agreed-upon) briefing schedule is already in place to resolve pleading challenges by September. Furthermore, Rippling has been alleging for *three months* that Deel is in possession of Rippling's supposed "trade secrets," yet has tellingly not moved for any kind of injunctive relief to recover its supposed "most prized" "secrets." Deel and Rippling both know why that is, but for present purposes it suffices to show that time is plainly not of the essence here.[3]

## CONCLUSION

For the foregoing reasons, Deel's Motion should be granted.

DATED: June 10, 2025

By: _____/s/ Jason D. Russell_____
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*

---

[3] *See UPL NA, Inc. v. Tide Int'l, Inc.*, 2021 WL 663128, at *4 (C.D. Cal. Feb. 19, 2021) ("Plaintiff's failure to seek a preliminary injunction belies its claims of [delay and] undue prejudice"); *Blacoh Fluid Controls, Inc. v. Syrinix, Inc.*, 2018 WL 1000688, at *3 (N.D. Cal. Feb. 21, 2018) (same).