1   **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
2   Alex Spiro (*pro hac vice*)
    alexspiro@quinnemanuel.com
3   Maaren A. Shah (*pro hac vice*)
    maarenshah@quinnemanuel.com
4   Samuel Nitze (*pro hac vice*)
    samuelnitze@quinnemanuel.com
5   Scott Hartman (*pro hac vice*)
    scotthartman@quinnemanuel.com
6   Dominic Pody (*pro hac vice*)
    dominicpody@quinnemanuel.com
7   295 5th Avenue, 9th Floor
8   New York, NY 10016
    Telephone: (212) 849-7000
9   Facsimile: (212) 849-7100

10
    Joseph Sarles (CA Bar No. 254750)
11  josephsarles@quinnemanuel.com
    Kathleen S. Messinger (CA Bar No. 329983)
12  kathleenmessinger@quinnemanuel.com
    865 S Figueroa St., 10th Floor
13  Los Angeles, CA 90017
    Telephone: (213) 443-3000
14  Facsimile: (213) 443-3100

15

16                **IN THE UNITED STATES DISTRICT COURT**
17              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN FRANCISCO DIVISION**
18

19  PEOPLE CENTER, INC. D/B/A RIPPLING, a     | Case No. 3:25-CV-2576 (CRB)
    Delaware corporation,

20                                            | **RIPPLING'S OPPOSITION TO DEEL'S**
21              Plaintiff,                    | ***EX PARTE* APPLICATION TO**
                                              | **CONTINUE INITIAL CASE**
                                              | **MANAGEMENT CONFERENCE AND**
22              vs.                           | **RELATED DATES**

23  DEEL, INC., a Delaware corporation,       | Compl. Filed: March 17, 2025
24  ALEXANDRE ("ALEX") BOUAZIZ, an            | Am. Compl. Filed: June 5, 2025
    individual, PHILIPPE BOUAZIZ, an          | Judge: Hon. Charles R. Breyer
25  individual, DANIEL JOHN ("DAN")           | Courtroom: 6
    WESTGARTH, an individual, and DOES 1–
26  100,

27

28              Defendants.

1   People Center, Inc. d/b/a Rippling ("Rippling") opposes Deel, Inc.'s ("Deel") untimely *ex*

2   *parte* application seeking a **four-month extension** of the Court's previously set deadlines for the

3   Case Management Conference ("CMC") and initial disclosures.   Dkt. 58 ("App.").   Deel's

4   application violates multiple Local Rules and is contrary to the parties' so-ordered stipulation stating

5   no other deadlines would be altered by the parties' briefing schedule, and neither party would seek

6   any stay of discovery.  Dkt. 54.  That is reason enough to deny the application.  But Deel also fails

7   to provide good cause for any postponement of the Court's deadlines, let alone by four months.

8   Deel's primary argument—that the Court should halt its standard process to accommodate

9   its forthcoming motions to dismiss—is not how scheduling works in this Court.   And Deel's

10  secondary argument—that the company's CEO Alex Bouaziz, CFO Philippe Bouaziz, and COO

11  Dan Westgarth (the "Individual Defendants") have not yet been served and "need time to get up to

12  speed"—smacks of gamesmanship.   App. at 4.   The Individual Defendants (Deel's own C-suite)

13  have been aware of and involved in this litigation from day one.  More troubling still, Deel's counsel

14  refused to accept service on behalf of the Individual Defendants less than an hour before filing an

15  *ex parte* application that advances arguments on their behalf.

16  While Deel may see strategic value in delay, that is not a legitimate basis for seeking *ex*

17  *parte* relief at the eleventh hour, and will prejudice Rippling's ability to pursue its claims.  The Court

18  should keep the schedule in place to keep the case moving forward and avoid prejudice to Rippling.

19  **I.     BACKGROUND**

20  Rippling filed its original complaint in this action on March 17, 2025.  Dkt. 1.  Rippling

21  alleged an ongoing racketeering scheme designed to steal Rippling's trade secrets by cultivating a

22  paid spy within Rippling to siphon, among other things, Rippling's sales prospects, customers, and

23  corporate strategies. *See generally id.*  This Court entered an Order Setting Initial Case Management

24  Conference and ADR Deadlines on April 2, 2025.  Dkt. 40.  That Order set the deadline for initial

25  disclosures for June 13, 2025, and scheduled the CMC for June 20, 2025.  *Id.*

26  After filing its complaint, Rippling learned, directly from Deel's spy, that Deel CEO Alex

27  Bouaziz personally directed the spy's activities, that Deel CFO Philippe Bouaziz organized the spy's

28  compensation,  and  that  Deel  COO  Dan  Westgarth  communicated  directly  with  the  spy  and

1    participated in paying the spy for his misconduct.  Rippling also learned additional facts establishing

2    that Alex and Philippe were the ringleaders of the racketeering enterprise, and that its activities were

3    much broader than originally known, with additional co-conspirators beyond Deel and several

4    victims beyond Rippling.  Accordingly, Rippling told Deel it would be filing an amended complaint.

5    The parties stipulated to a June 6, 2025 deadline for Ripping to amend, and to a briefing schedule

6    for Deel's responsive motions.  Dkt. 53.  The parties agreed that the consented-to deadlines would

7    "not alter the date of any event or any deadline already fixed by Court Order."  *Id.* at 1.

8        On June 5, Rippling filed its First Amended Complaint.  Dkt. 57 ("FAC").  The FAC added

9    the Individual Defendants—all of whom are current officers and/or directors of Deel—as

10   defendants, but did not allege any new causes of action.  *Id.*  On June 6, Rippling asked Deel's

11   counsel to confirm whether it would accept service of the FAC on behalf of the Individual

12   Defendants.  Decl. of Joseph Sarles, Ex. 3 at 2.  Deel's counsel did not respond.  *Id.*  On June 10,

13   Rippling followed up.  *Id.*  At 2:43 pm PT on June 10, Deel's counsel responded that it "will not

14   represent any of the individuals referenced below in this action and, therefore, we are not authorized

15   to accept service on their behalf."  *Id.* at 1.  At 3:24 pm PT on June 10—without conferring with

16   Rippling, and less than an hour after its counsel declined to accept service on behalf of the Individual

17   Defendants—Deel filed the instant *ex parte* application, which primarily rests its extension requests

18   on the supposed interests of the Individual Defendants.  *See* Dkt. 58.

19   **II.    ARGUMENT**

20       **A.    The Application Is Untimely (LR 6-1) and Fails to Assert Prejudice (LR 6-3)**

21       Local Rule 6-1 requires that any "motion which affects a hearing or proceeding on the

22   Court's calendar **must** be filed no later than 14 days before the scheduled event."  L.R. 6-1(b)

23   (emphasis added).  The Rule does not identify any exceptions for untimely applications.  *See id.*

24   Accordingly, the deadline for Deel to request a CMC delay was June 6, four days before Deel's

25   application.  Deel contends a timely application was "impossible" (App. at 2), but the parties

26   stipulated to a June 6 deadline for Rippling's FAC in mid-May.  Dkt. 53.  Deel could have requested

27   an extension of the CMC and initial disclosure deadlines at that time.  And as Deel admits, it ***did***

28

later seek a "continu[ation of] the CMC and related dates," but Rippling declined.  App. at 1.  Deel then chose not to seek relief from this Court before the deadline.  That is fatal to its application now.

Separately, Local Rule 6-3 requires that any motion seeking to enlarge time "**must**" be accompanied by a declaration that "[i]dentifies the substantial harm or prejudice that would occur if the Court did not change the time."  L.R. 6-3(a)(3) (emphasis added).  Deel's application fails to do this as well—neither the application nor the supporting declaration identify "harm or prejudice" to Deel (much less substantial) from the current initial disclosure deadline or from proceeding with the CMC.  *See* Dkt. 58-1.  Deel's application should be rejected for that failure as well.

## B.    A Prompt CMC and Initial Disclosures Are Critical Here

Although Deel identifies no prejudice from complying with the current deadlines for initial disclosures or the CMC, a delay will prejudice Rippling by forcing its case to "stagnat[e] in contradiction of the Rule 1 goals for a just and speedy resolution."  *Flynn v. Nevada*, 345 F.R.D. 338, 350 (D. Nev. 2024).  Deel notes that Rippling has not moved for a preliminary injunction, but seeking a preliminary injunction is not a prerequisite to adhering to normal case schedules or demonstrating harm from unnecessary delay.  *See Warne v. City & Cnty. of San Francisco*, 2017 WL 3575594, at *2 (N.D. Cal. July 11, 2017) (denying *ex parte* motion for a continuance); *see also McCollum v. TGI Friday's, Inc.*, 2022 WL 22586359, at *1 (C.D. Cal. June 8, 2022) (noting the burden is on the moving party to establish good cause for *ex parte* relief).[1]

Additionally, there is a critical issue calling for an immediate CMC:  whether Deel's CEO, CFO, and COO will consent to service here, in Deel's home District.  The whereabouts of Alex Bouaziz and Philippe Bouaziz are currently unknown.  FAC ¶ 155.  The same is true of Dan Westgarth.  Rippling needs to know whether Deel will make its C-suite available for service, or whether Rippling will be forced to make special efforts to serve them, given their tendency to flee

---

[1]  The cases Deel cites are of no moment.  In *UPL NA, Inc. v. Tide Int'l, Inc.*, the court held that "a patentee's failure to move for a preliminary injunction" undermined its claim that it would be prejudiced by a stay pending a validity ruling in an active, parallel PTAB proceeding.  2021 WL 663128, at *4 (C.D. Cal. Feb. 19, 2021); *see also Blacoh Fluid Controls, Inc. v. Syrinix, Inc.*, 2018 WL 1000688, at *3 (N.D. Cal. Feb. 21, 2018) (same).  This is not a patent case.  Rippling simply seeks adherence to the existing schedule.  Its decision to not seek preliminary relief is irrelevant to Deel's burden to establish good cause for deviation from Court-ordered deadlines.

1  to Dubai when faced with legal action. *Id.* These questions militate **in favor** of proceeding with the

2  CMC and initial disclosures, not postponing them.[2]

3      **C.      Rippling's FAC Does Not Justify Delay**

4      Deel argues an extension is warranted due to the FAC. App. at 4. But Deel does not argue

5  that **Deel** needs more time to digest the FAC. Instead, it argues the Individual Defendants do, even

6  though Deel's counsel does not represent them. *Id.* To the extent the Court even considers an

7  argument pressed by counsel on behalf of individuals they disclaim as clients, it fails.

8      Rippling's addition of the Individual Defendants did not surprise Deel or the Individual

9  Defendants. They have known all along that the Individual Defendants personally directed the

10 scheme detailed in Rippling's Complaint. Indeed, to this day, Deel has never denied that it and its

11 executives cultivated a spy to steal Rippling's information—not even after Deel's spy publicly

12 named Deel's CEO, CFO, and COO as architects of the scheme on April 2, 2025. And while the

13 FAC adds more details, it asserts no new causes of action, and the fundamental scheme alleging a

14 criminal enterprise stealing the trade secrets of Deel competitors remains.

15     It is also not credible for Deel to suggest a four-month delay is necessary to allow the

16 Individual Defendants "to weigh in on scheduling." App. at 1. Deel does not explain why the

17 Individual Defendants need months to weigh in on scheduling, particularly given that the Individual

18 Defendants were already involved in this case by way of their association with Deel.[3]

19     **D.      Deel's Upcoming Responsive Motions To The FAC Do Not Justify Delay**

20     Deel also says a four-month delay is warranted because it plans to move to dismiss. App. at

21 4. However, "[t]he pendency of a motion to dismiss almost never serves to excuse compliance with

22

23 [2]  Deel's attempt to delay its initial disclosures would allow Deel to continue refusing to identify
    the lawyers representing its CEO, CFO, and COO. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring

24 parties to disclose counsel to represented individuals). This directly frustrates Rippling's ability to
    pursue service of those individuals, and is further reason to require disclosures and hold the CMC

25 now.

26 [3]  Both cases Deel cites to argue that the CMC should be postponed until all defendants are served
    involved situations where **no** defendant had been served. *See Jiangnan Li v. Royal Health Prods.*

27 *Corp.*, 2012 WL 603191, at *1–2 (N.D. Cal. Jan. 27, 2012); *CNC Software, LLC v. Glob. Eng'g*
    *Ltd. Liab. Co.*, 2022 WL 4137585, at *2 (N.D. Cal. Aug. 2, 2022). Here, by contrast, Deel has been

28 served, and the newly-added defendants are all C-suite Deel officers.

1    initial disclosure obligations." *Carter & Assocs., LLC v. Teachscape, Inc.*, 2008 WL 191978, at *1,

2    n.2 (N.D. Cal. Jan. 22, 2008).  Nor does such a motion justify postponing the CMC.

3         This Court's ruling in *Hoopes Vineyard LLC v. County of Napa*, 2025 WL 41929, at *1

4    (N.D. Cal. Jan. 6, 2025) is illustrative.  There, this Court denied a motion to stay discovery "pending

5    the resolution of [defendant's] soon-to-be-filed motion attacking Plaintiffs' first amended

6    complaint." *Id.*  The Court ruled that the "party seeking a stay of discovery carries the heavy burden

7    of making a strong showing why discovery should be denied," and must "show a particular and

8    specific need for the protective order, as opposed to making stereotyped or conclusory statements."

9    *Id.* (citation omitted).  The Court ruled that "the Court is unable to say that it is 'convinced that the

10   plaintiff will be unable to state a claim for relief.'"  *Id.* (quoting *Werger v. Monroe*, 282 F.3d 1068,

11   1077 (9th Cir. 2022)).  Here, Deel has done nothing to "convince" the Court that its motions to

12   dismiss will prevail.  It has offered only emotional persuasion, saying it "feels even stronger" about

13   its upcoming motions to dismiss than it did when it filed them the first time.  App. at 5.  A party

14   cannot avoid discovery by expressing positive feelings about its own un-filed motions.

15        A review of Deel's original motions should leave the Court far from "convinced" that any

16   renewed versions will succeed.  Deel's anti-SLAPP motion will fail because Rippling's state law

17   claims are "based on" alleged industrial espionage, which is not protected speech.  *Jordan-Benel v.*

18   *Universal City Studios, Inc.*, 859 F.3d 1184, 1190 (9th Cir. 2017).  Deel's 12(b)(6) motion will fail

19   because Rippling's detailed FAC sails over the pleading standard for its claims.  And with respect

20   to *forum non conveniens*, Deel makes much ado of a separate Irish proceeding brought specifically

21   to address Deel's "intentional interference with the administration of justice" before the Irish courts.

22   But this case is different.  It seeks relief from San Francisco-headquartered Deel, for wrongfully

23   harming San Francisco-based Rippling and its San Francisco-based employees, including by

24   stealing Rippling's San Francisco-based customers.  *See* FAC ¶¶ 13, 16, 107.  Moreover, at least

25   three other conspirators also reside in California (*id.* ¶¶ 25, 27, 28) and the racketeering conspiracy

26   targeted at least one other United States-based company (*id.* ¶¶ 33, 164–65).

27   **III.    CONCLUSION**

28        For the foregoing reasons, Deel's application should be denied.

1   Dated: June 12, 2025

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By */s/ Joseph Sarles*

Alex Spiro (*pro hac vice*)
Maaren A. Shah (*pro hac vice*)
Samuel Nitze (*pro hac vice*)
Scott Hartman (*pro hac vice*)
Dominic Pody (*pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
samuelnitze@quinnemanuel.com
scotthartman@quinnemanuel.com
dominicpody@quinnemanuel.com

Joseph Sarles (CA Bar No. 254750)
Kathleen S. Messinger (CA Bar No. 329983)
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
josephsarles@quinnemanuel.com
kathleenmessinger@quinnemanuel.com

*Attorneys for Plaintiff*
*People Center, Inc. d/b/a Rippling*