1  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
   Alex Spiro (*pro hac vice*)
2  alexspiro@quinnemanuel.com
   Maaren A. Shah (*pro hac vice*)
3  maarenshah@quinnemanuel.com
   Samuel Nitze (*pro hac vice*)
4  samuelnitze@quinnemanuel.com
   Scott Hartman (*pro hac vice*)
5  scotthartman@quinnemanuel.com
   Dominic Pody (*pro hac vice*)
6  dominicpody@quinnemanuel.com
   295 5th Avenue, 9th Floor
7  New York, NY 10016
   Telephone: (212) 849-7000
8  Facsimile: (212) 849-7100
9
10 Joseph Sarles (CA Bar No. 254750)
   josephsarles@quinnemanuel.com
11 Kathleen S. Messinger (CA Bar No. 329983)
   kathleenmessinger@quinnemanuel.com
12 865 S Figueroa St., 10th Floor
   Los Angeles, CA 90017
13 Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,<br><br>Defendants. | Case No. 3:25-CV-2576 (CRB)<br><br>**DECLARATION OF JOSEPH SARLES IN SUPPORT OF RIPPLING'S OPPOSITION TO DEEL'S *EX PARTE* APPLICATION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DATES** |

**DECLARATION OF JOSEPH SARLES**

I, Joseph Sarles, under penalty of perjury, declare and state as follows:

1. I am an attorney admitted to practice in the State of California, and have been admitted to practice before this Court. I am an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff People Center, Inc. d/b/a/ Rippling ("Rippling") in this matter.

2. On April 2, 2025, this Court entered an Order Setting Initial Case Management Conference and ADR Deadlines. Dkt. 40.

3. Between May 14, 2025 and May 16, 2025, Rippling and Deel, Inc. ("Deel") negotiated a stipulation and proposed order regarding certain deadlines associated with Rippling's anticipated amended complaint. A true and correct copy of email correspondence reflecting these negotiations is attached as **Exhibit 1**.

4. On May 23, 2025, and again on May 27, 2025, Rippling requested that Deel provide its availability for the Rule 26(f) meet and confer, which was required to be completed by May 30, 2025. A true and correct copy of email correspondence reflecting these discussions is attached as **Exhibit 2**.

5. The parties conducted the Rule 26(f) meet and confer on May 30, 2025.

6. Rippling filed its First Amended Complaint on June 5, 2025. Dkt. 57.

7. On June 6, 2025, and again on June 10, 2025, Rippling asked counsel for Deel whether such counsel represents Alex Bouaziz, Philippe Bouaziz, and/or Dan Westgarth (the "Individual Defendants") and if counsel for Deel had been authorized to accept service on the Individual Defendants' behalf. At 2:43 pm PT on June 10, 2025, counsel for Deel represented that it "will not represent any of the [Individual Defendants] in this action and, therefore, we are not authorized to accept service on their behalf." A true and correct copy of email correspondence reflecting these discussions is attached as **Exhibit 3**.

8. Less than an hour later, Deel filed the instant *Ex Parte* Application. Dkt. 58 at 1.

9. Counsel for Deel did not seek to meet and confer with Rippling prior to filing the *Ex Parte* Application. At no point before filing the *Ex Parte* Application did Deel request any extension of any case deadline to October 2025, as Deel requests in the *Ex Parte* Application.

10. For the reasons more fully set forth in the accompanying Opposition, it is Rippling's position that there is no good cause for a delay in the case schedule, and certainly not the four-month delay that Deel seeks. To the contrary, initial disclosures and the CMC will clarify matters such as who represents the Individual Defendants, and whether the Individual Defendants intend to accept service of the First Amended Complaint, as well as allow the parties to begin evaluating their respective initial disclosures of the other information required under Rule 26(a). Addressing those issues now will help ensure that this case proceeds expeditiously.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2025.

By  */s/ Joseph Sarles*
Joseph Sarles (CA Bar No. 254750)
josephsarles@quinnemanuel.com
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorney for Plaintiff
People Center, Inc. d/b/a Rippling*