| | |
|---|---|
| 1 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | Alex Spiro (*pro hac vice*) |
| 2 | alexspiro@quinnemanuel.com |
| 3 | Maaren A. Shah (*pro hac vice*) |
| | maarenshah@quinnemanuel.com |
| 4 | Samuel Nitze (*pro hac vice*) |
| | samuelnitze@quinnemanuel.com |
| 5 | Scott Hartman (*pro hac vice*) |
| | scotthartman@quinnemanuel.com |
| 6 | Dominic Pody (*pro hac vice*) |
| 7 | dominicpody@quinnemanuel.com |
| | 295 5th Avenue, 9th Floor, New York, NY 10016 |
| 8 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 9 | |
| 10 | Joseph Sarles (CA Bar No. 254750) |
| | josephsarles@quinnemanuel.com |
| 11 | Jeffrey Nardinelli (CA Bar No. 295932) |
| | jeffnardinelli@quinnemanuel.com |
| 12 | Kathleen S. Messinger (CA Bar No. 329983) |
| | kathleenmessinger@quinnemanuel.com |
| 13 | 865 S Figueroa St., 10th Floor, Los Angeles, CA 90017 |
| 14 | Telephone: (213) 443-3000 |
| | Facsimile: (213) 443-3100 |

*Attorneys for Plaintiff People Center, Inc. d/b/a Rippling*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,<br><br>Defendants. | Case No. 3:25-CV-2576 (CRB)<br><br>**PLAINTIFF PEOPLE CENTER, INC. D/B/A RIPPLING'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SERVICE BY OTHER MEANS ON DEFENDANTS ALEXANDRE ("ALEX") BOUAZIZ, PHILIPPE BOUAZIZ, AND DANIEL JOHN ("DAN") WESTGARTH**<br><br>Date: July 25, 2025<br>Time: 10 a.m.<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on July 25, 2025 at 10 a.m., or as soon thereafter as this matter may be heard before the Honorable Charles R. Breyer, in Courtroom 6 of the United States District Court for the Northern District of California in the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102), Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") shall, and hereby does, move this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), for an order permitting service by other means on Defendants Alex Bouaziz, Philippe Bouaziz, and Daniel John Westgarth (the "Individual Defendants"). Specifically, Rippling requests that service be permitted to be made on the Individual Defendants via (1) Deel's registered agent, (2) Deel's counsel in this action, and/or (3) email addresses of the Individual Defendants, as identified through public documents. Rippling seeks the Court's approval to serve the Individual Defendants through these alternative methods because the methods are not prohibited by international agreement, are reasonably calculated to provide constitutionally valid notice to the Individual Defendants, and the Individual Defendants have demonstrated efforts to evade traditional service of process.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the other pleadings and filings on record in this action, as well as other written or oral argument presented to the Court.

**STATEMENT OF ISSUES TO BE DECIDED (CIVIL L.R. 7-4(a)(3))**

Whether Rippling may serve the Individual Defendants via (1) Deel's registered agent, (2) Deel's counsel in this action, and/or (3) email addresses of the Individual Defendants, as identified through public documents.

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS .............................................................................................. 2

III. LEGAL STANDARD ..................................................................................................... 4

IV.  ARGUMENT .................................................................................................................. 5

V.   CONCLUSION ............................................................................................................... 8

# TABLE OF AUTHORITIES

## Cases

*Brown v. China Integrated Energy, Inc.*,
    285 F.R.D. 560 (C.D. Cal. 2012) ................................................................................ 6

*Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*,
    2020 WL 8614189 (N.D. Cal. Sept. 25, 2020)............................................................ 7

*In re LDK Solar Sec. Litig.*,
    2008 WL 2415186 (N.D. Cal. June 12, 2008) ........................................................... 6

*Rio Props., Inc. v. Rio Int'l Interlink*,
    284 F.3d 1007 (9th Cir. 2002)............................................................................*passim*

*Rose v. Deer Consumer Products, Inc.*,
    2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) ..................................................... 5, 6, 7

*Shinde v. Nithyananda Found.*,
    2014 WL 12597121 (C.D. Cal. Aug. 25, 2014) .......................................................... 5

*Trader Joe's Co. v. Desertcart Trading FZE*,
    2023 WL 3959376 (N.D. Cal. June 12, 2023) ........................................................ 4, 6

*Williams-Sonoma Inc. v. Friendfinder Inc.*,
    2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007)................................................. 6, 7

## Other Authorities

Fed. R. Civ. P. 4(f) ...........................................................................................*passim*

Pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") respectfully moves for service by other means on the grounds described herein.

## I.     INTRODUCTION

In this case, Rippling has sued San Francisco-based Defendant Deel, Inc. ("Deel") and its Chief Executive Officer Alex Bouaziz, Chief Financial Officer Philippe Bouaziz, and Chief Operating Officer, Dan Westgarth (together, the "Individual Defendants") for racketeering and trade secret misappropriation, among other claims.  In a telling first move, the Individual Defendants—three of Deel's most senior executives—have fled to either Dubai or Israel, and are evading service. "Catch me if you can" is not the strategy of law-abiding executives at major companies, but as Rippling's First Amended Complaint details, this is no ordinary company, and its executives are anything but law-abiding.  Now, rather than face justice, they are seeking to evade it.  But the law is not evaded so easily.  Pursuant to Federal Rule of Civil Procedure 4(f)(3), Rippling requests permission to serve the Individual Defendants through (1) Deel's registered agent, (2) Deel's counsel in this action, and/or (3) email addresses of the Individual Defendants, as identified through public documents.

There is nothing radical about this request. As the Ninth Circuit has emphasized, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," and "stands independently, on equal footing" with any other means of service. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  It is a pragmatic rule, designed to liberate both the Court and plaintiffs from needless formalities when attempting to serve defendants located abroad.  All the rule demands is that (1) the "court orders" the alternative means of service and (2) those means are not "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

What the rule does not demand is that Rippling first squander months attempting to serve these defendants in locales half a world away.  That is because "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props.*, 284 F.3d at 1015.  Because no international agreement forecloses any of the three means of service that Rippling has proposed, that is reason enough for the Court to grant the motion.

But the reasons for granting this motion run deeper still. After all, the Individual Defendants have not been bashful about their intent to evade service in this case. To review the bidding: Rippling asked Deel to accept service on their behalf—Deel refused. Rippling asked Deel to identify the Individual Defendants' counsel or to provide their phone and email addresses—Deel did not respond. Instead, and contrary to Deel's recent SEC filings,[1] Deel now claims that Alex Bouaziz resides in Israel, and Philippe Bouaziz and Dan Westgarth reside in Dubai. The choice of Dubai is no accident; it is a notoriously service-unfriendly jurisdiction and—surprise—the very same refuge from justice that Deel encouraged its spy to flee to after he was caught. Affidavit of Keith O'Brien ¶ 32. Indeed, when Rippling attempted service of Alex Bouaziz at another of his disclosed addresses, a family member in an adjacent residence stated that he was in Dubai as well.

There is no need for the Court to entertain these games. Rule 4(f)(3) exists for precisely these sorts of cases. Here, Deel has already submitted to this Court's jurisdiction, it is represented by sophisticated counsel, and, needless to say, it knows how to reach its own CEO, CFO, and COO. This Court should therefore follow settled practice and authorize Rippling to serve the Individual Defendants either through Deel, its lawyers, or their corporate email addresses. Doing so would offend neither the Due Process Clause nor any international agreement. The Motion should be granted.

## II.  STATEMENT OF FACTS

Following its initial Complaint in March alleging a criminal conspiracy by Defendant Deel, Inc. and other unknown co-conspirators to systemically steal and misappropriate confidential business information and trade secrets, Rippling learned the identities of three of those co-conspirators—Deel CEO Alex Bouaziz, Deel COO Philippe Bouaziz, and Deel COO Dan Westgarth—directly from one of Deel's spies inside Rippling, Keith O'Brien. Affidavit of Keith O'Brien ¶¶ 6-27. O'Brien revealed that Alex Bouaziz had personally directed O'Brien's activities (including stealing Rippling's trade secret sales prospects, customers, and corporate strategies), that

---

[1] *See* Deel, Inc., Form D (Dec. 27, 2024), https://www.sec.gov/Archives/edgar/data/1813695/000181369524000002/xslFormDX01/primary_doc.xml.

Philippe Bouaziz had organized payment for O'Brien's efforts, and that Westgarth had participated both in communicating with O'Brien and in paying for his misconduct. *Id*. O'Brien also informed Rippling that one of the Individual Defendants' associates had offered O'Brien and his family an all-expense-paid "holiday" to Dubai after Rippling caught wind of the spying scheme and sued him in the Irish courts. *Id*. ¶ 32. The Dublin, Ireland-based O'Brien understood the offer to be one in which he would be paid to "flee Ireland permanently" for Dubai rather than stay in Ireland and face legal proceedings there. *Id*.

Armed with further details of the scheme revealed by O'Brien, as well as additional evidence of a more expansive pattern of theft of trade secrets targeting at least three other corporate victims, Rippling filed a First Amended Complaint ("FAC") naming the Individual Defendants as defendants on June 5, 2025. Dkt. 57. On June 6, Rippling asked Deel's counsel in this action if they represented any of the Individual Defendants and could accept service of the FAC on their behalf. Declaration of Joseph Sarles, Ex. 1 at 1-2. Deel's counsel responded that they do not represent any of the Individual Defendants and would not accept service. *Id*. at 1.

On June 13, 2025, after an untimely, unfounded, and subsequently unsuccessful attempt to delay initial disclosures by four months (*see* Dkt. 58), Deel served its initial disclosures. Sarles Decl. Ex. 2. These disclosures identified mailing addresses for the Individual Defendants, but did not provide any information concerning counsel for the Individual Defendants or any other information about them. *Id*. at 2-3. Deel disclosed an address for Alex Bouaziz in Israel, and an address for each of Philippe Bouaziz and Westgarth in Dubai. *Id*.

Rippling then asked Deel's counsel if Deel was "aware of any legal counsel who is representing these individuals in connection with this matter" and, if so, to "please identify and provide contact information for their legal counsel." Sarles Decl. Ex. 3. Rippling further asked that "[i]f the individual defendants are not represented by legal counsel, please provide each individual defendant's email address and phone number." *Id*. Rippling asked Deel to "provide the information requested above by no later than 5:00pm PT tomorrow, June 18." *Id*. As of this filing (after 8:00pm PT on June 19), Deel has not responded to any of Rippling's requests. Sarles Decl. ¶ 4.

The Individual Defendants have demonstrated several other signs of their intent to evade service. For example, after Rippling's Irish subsidiary added Alex Bouaziz as a defendant in an Irish proceeding related to his efforts to destroy evidence in Ireland, Rippling attempted to serve him at his Paris residential address, as listed in Deel's European corporate filings. *See* Sarles Decl. Ex. 4 (English translation of report of attempted service in France). The French bailiff who attempted service did not find Alex, but did find an individual who identified herself as Alex's aunt. *Id*. at 2. Alex's aunt reported that "her nephew is currently in DUBAI." *Id*. Similarly, attempts to serve another Deel executive—Asif Malik—with Irish papers via his address in England were unsuccessful (*see* Sarles Decl. Ex. 5), and he eventually turned up in Dubai as well. More recently, Alex Bouaziz resigned as a Director of Deel's Irish subsidiary, but still has not accepted service for either the proceedings in Ireland or these proceedings in the United States. Sarles Decl. 6 at 1.

Rippling filed a proposed summons directed to the Individual Defendants on June 17. Dkt. 65. The summons was issued on June 18. Dkt. 67. Rippling then brought the instant Motion, seeking to serve the summons and related papers on the Individual Defendants through Deel or by email.

### III. LEGAL STANDARD

Rule 4(f)(3) permits service of process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "[C]ourt-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)," on which Rule 4(f)(3) "stands independently, on equal footing." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "A party seeking authorization to serve under Rule 4(f)(3) need not show that all feasible service alternatives have been exhausted," but merely "that the facts and circumstances of the present case necessitate[] the district court's intervention." *Trader Joe's Co. v. Desertcart Trading FZE*, 2023 WL 3959376, at *2 (N.D. Cal. June 12, 2023) (quoting *Rio Props.*, 284 F.3d at 1016).

In short, "Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props.*, 284 F.3d at 1015. As long as service by "other means" is not prohibited by international agreement and

"comport[s] with constitutional notions of due process," service by any such other means is authorized and appropriate. *Id*. at 1014-1015.

## IV.     ARGUMENT

The conduct by Deel and the Individual Defendants here strongly favors authorization of service on the Individual Defendants by "other means" pursuant to Rule 4(f)(3).  In particular, the Court should permit service on the Individual Defendants via the registered agent or counsel (in this action) of the defendant corporation for which they all serve as current C-suite officers (Alex and Phillipe Bouaziz are also directors), or via email to email addresses for the Individual Defendants that Rippling has identified through public documents.  No relevant international agreements prohibit any of these methods of service, and service through any one of them easily clears the constitutional due-process bar.

Service of the Individual Defendants via Deel's counsel[2] or registered agent is both simple and guaranteed to be effective.  As an initial matter, service on individuals through a corporation to which the individuals are officers "is not prohibited by the Hague Convention" or any other international agreement.  *Shinde v. Nithyananda Found.*, 2014 WL 12597121, at *7 (C.D. Cal. Aug. 25, 2014).

Service via Deel in this circumstance fully comports with constitutional notice concerns as well.  This case is much like *Rose v. Deer Consumer Products, Inc*., 2011 WL 6951969, at *2 (C.D. Cal. Dec. 29, 2011).  There, the Court found service of current (and even former) director/officers of a Nevada company via the company's counsel in that action or the company's Nevada registered agent was appropriate under Rule 4(f)(3) because "each of the Individual Defendants is a current or former officer or director of the Company… the Company is actively participating in this action, and… the Company's counsel of record has had, and continues to have, face-to-face communications with the Individual Defendants." *Rose v. Deer Consumer Prods., Inc.*, 2011 WL 6951969, at *2 (C.D. Cal. Dec. 29, 2011).  The Court in *Rose* thus found that if the corporate

---

[2] Alternatively, Rippling could serve the Individual Defendants through the Individual Defendants' own counsel, whom Deel's counsel could no doubt identify.

defendant were to be served, the directors and officers—current and former—of that corporation would receive constitutionally valid notice. *See id.*

The same is true here. All of the Individual Defendants are current Deel officers. Two (the Bouazizes) are current Deel directors. Deel is actively participating in this litigation, by (among other things) having appeared through sophisticated counsel at multiple international law firms (Dkt. 17-22, 42-44); having filed two motions to dismiss (Dkt. 48-49), a motion to strike (Dkt. 50), and an *ex parte* motion (Dkt. 58); having agreed to multiple stipulations (Dkt. 41, 53); and having served initial disclosures (Sarles Decl. Ex. 2). And while Rippling does not know if counsel for Deel has had face-to-face communication with the Individual Defendants, counsel surely must be in contact with them, having served initial disclosures on behalf of Deel that identifies their personal addresses. *See id.* at 2-3. In any event, **Deel itself** is undoubtedly able to ensure that its own CEO, CFO, and COO receive papers served on Deel. Service via either Deel's counsel or Deel's registered agent is therefore reasonably calculated to provide adequate notice to the Individual Defendants. *See, e.g., Rose*, 2011 WL 6951969, at *2; *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 566 (C.D. Cal. 2012) ("Even if the individual defendants are not actively involved in directing the litigation, their close connection to China Integrated makes it all but certain that when Gao, Li, and Guo are served through the company's counsel or its agent, they will receive notice of the suit"); *In re LDK Solar Sec. Litig.*, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (granting motion for service of individual foreign defendants via domestic corporation to which foreign defendants were officers or directors because such service was "reasonably calculated, under the[] circumstances, to apprise them of the pendency of the action and afford them with the opportunity to respond").

With respect to the method of service by email, no international agreement prohibits service by email on any of the Individual Defendants. As to Westgarth and Philippe Bouaziz in the United Arb Emirates, the "UAE is not a signatory to the Hague Convention or any other international agreement with the United States regarding service of process," nor is there "any other international agreement prohibiting service by email to a UAE[-based defendant]." *Trader Joe's Co. v. Desertcart Trading FZE*, 2023 WL 3959376, at *2 (N.D. Cal. June 12, 2023). As to Alex Bouaziz, while Israel is a signatory to the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters, "service via email is not prohibited by an[y] international agreement," including that Convention. *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 WL 1140639, at *1-2 (N.D. Cal. Apr. 17, 2007) (granting request for email service on, among others, an Israel-based defendant); *see also Rose,* 2011 WL 6951969, at *2 ("[W]hile Rule 4(f) permits service pursuant to the requirements of the Hague Convention, Rule 4(f) does not require such service"). And email service here is an appropriate means of ensuring proper notice, as the email addresses Rippling seeks to serve them through have been publicly associated with these individuals. *See* Sarles Decl. Ex. 7 at 1 (user identified as Alexbouaziz1 stating on online forum he is reachable via alex@deel.com); *id*. Ex. 8 at 1 (article concerning Dan Westgarth podcast appearances indicating "he can be reached via… his work email at dw@deel.com"); FAC ¶ 53 and n. 17 (referring to Deel Whistleblower Policy, published on Deel website, identifying Philippe Bouaziz email as phb@deel.com).

Finally, although futility of service attempts via other means is not required before seeking alternative service under Rule 4(f)(3),[3] there is more than sufficient indicia here that the Individual Defendants intend to evade. Less than six months ago, Deel's SEC filings listed **San Francisco** addresses for both Alex and Phillippe Bouaziz. Sarles Decl. Ex. 9 at 1-2. Then in April, when service was attempted on Alex Bouaziz at an address in Paris listed in Deel's European filings, the bailiff was told he had gone to Dubai. *See* Sarles Decl. Ex. 4 at 2. One of his associates fled from England (seemingly to Dubai) at the same time. *See id*. Ex. 5. Meanwhile, Deel itself disclosed on Friday that Philippe Bouaziz and Westgarth purportedly now live in that service-unfriendly jurisdiction (*id*. Ex. 2 at 2-3), and counsel for Deel has refused to answer simple questions about the Individual Defendants—including whether they are represented by counsel—despite the fact that

---

[3] *See, e.g.*, *Gen. Star Indem. Co. v. First Am. Title Ins. Co. of Napa*, 2020 WL 8614189, at *5 (N.D. Cal. Sept. 25, 2020) ("Contrary to Venuta's argument, First American is not required to show that it attempted service through the Hague Convention and did not succeed, or that Venuta has evaded or is likely to evade personal service, to obtain an order under Rule 4(f)(3)"); *Rio Props.*, 284 F.3d at 1014-15 (holding that there is no "hierarchy of preferred methods of service of process" under Rule 4(f), and thus no requirement "that a party attempt service of process by those methods enumerated in Rule 4(f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under Rule 4(f)(3)").

these individuals are Deel's own CEO, CFO, and COO. *See* Sarles Decl. Ex. 3. Given these clear efforts to avoid process and the reality that service via Deel and email easily satisfies the notice threshold, alternative service is more than justified at this stage. *See Rio Props.*, 284 F.3d at 1016 (Rule 4(f)(3) service is particularly useful in case of "elusive international defendant" who is "striving to evade service of process"). Moreover, there is no reason to waste judicial resources adjudicating additional motions by Deel seeking to delay these proceedings due to the potentially lengthy amount of time it often takes to effect traditional service internationally, especially in the UAE, when Rule 4(f)(3) empowers the Court to authorize common-sense service alternatives. Even at this early stage, Deel has sought to delay this case based on the absence of the Individual Defendants. *See* Dkt. 58. The Court properly denied that motion, and it can avoid the nuisance of future motions like it—at least ones grounded in service issues—by granting Rippling's well-founded motion here and keeping this case moving forward.

## V.     CONCLUSION

For the foregoing reasons, Rippling respectfully requests that the Motion be granted.

Dated: June 19, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By  /s/ Jeffrey Nardinelli

Alex Spiro (*pro hac vice*)
Maaren A. Shah (*pro hac vice*)
Samuel Nitze (*pro hac vice*)
Scott Hartman (*pro hac vice*)
Dominic Pody (*pro hac vice*)
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com
maarenshah@quinnemanuel.com
samuelnitze@quinnemanuel.com
scotthartman@quinnemanuel.com
dominicpody@quinnemanuel.com

Joseph Sarles (CA Bar No. 254750)
Jeffrey Nardinelli (CA Bar No. 295932)
Kathleen S. Messinger (CA Bar No. 329983)
865 S Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
josephsarles@quinnemanuel.com
jeffnardinelli@quinnemanuel.com
kathleenmessinger@quinnemanuel.com

*Attorneys for Plaintiff*
*People Center, Inc. d/b/a Rippling*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2025, a copy of this document was served via the CM/ECF filing system to counsel for Deel, Inc.

DATED: June 19, 2025                          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Jeffrey Nardinelli*
        Attorney for Plaintiff