# EXHIBIT 2

| | |
|---|---|
| 1 | LANCE A. ETCHEVERRY (SBN 199916) |
| | lance.etcheverry@skadden.com |
| 2 | JACK P. DICANIO (SBN 138782) |
| | jack.dicanio@skadden.com |
| 3 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 525 University Avenue |
| 4 | Palo Alto, California 94301 |
| | Telephone:     (650) 470-4500 |
| 5 | Facsimile:      (650) 470-4570 |
| 6 | JASON D. RUSSELL (SBN 169219) |
| | jason.russell@skadden.com |
| 7 | ADAM K. LLOYD (SBN 307949) |
| | adam.lloyd@skadden.com |
| 8 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | 2000 Avenue of the Stars, Suite 200N |
| 9 | Los Angeles, California 90067 |
| | Telephone:     (213) 687-5000 |
| 10 | Facsimile:     (213) 687-5600 |

*Counsel for Defendant Deel, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation, | Case No. 3:25-cv-02576-CRB |
| Plaintiff, | **DEEL'S INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1).** |
| v. | |
| DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100, | Compl. Filed:        March 17, 2025<br>Am. Compl. Filed:  June 5, 2025<br>Judge:                   Hon. Charles R. Breyer<br>Courtroom:           6 |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Deel, Inc. ("Deel") provides the following initial disclosures.

**RESERVATION OF RIGHTS**

Deel believes that this matter should be litigated in Ireland—which will be the subject of Deel's forthcoming motion to stay or dismiss this action for *forum non conveniens*—and thus that People Center, Inc. d/b/a Rippling ("Rippling") is improperly using this action to seek discovery in the United States for use in the ongoing Irish proceedings that Rippling previously initiated addressing the same subject matter and facts as the above-captioned action.

In making these disclosures, Deel does not waive its right to object, pursuant to applicable federal and local rules, to the deposition or trial testimony of any of the individuals Deel may identify. Deel also reserves all of its rights to object to the information disclosed herein or in any supplemental or amended disclosure on the grounds of competency, privilege, the work-product doctrine, undue burden, relevance, admissibility, materiality, hearsay, or any other ground, privilege, or immunity. Deel further reserves its right to object to any other discovery request or proceeding involving or relating to the subject matter or content of these initial disclosures.

Deel's investigation concerning this case is continuing, and Deel reserves the right in accordance with Federal Rule of Civil Procedure 26(e) to identify other individuals and documents, if necessary, as Deel's investigation continues.

**DISCLOSURES**

**I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Subject to the caveat that this action belongs in Ireland and that Deel currently believes that it has no witnesses, documents, or other evidence that is relevant to Rippling's claims located in California or the United States, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Deel states that, at this time, the following individuals are likely to have information that Deel may use to support its defenses (should this action remain in California and not be stayed or dismissed in favor of Ireland). As noted, Deel's investigation concerning this case is continuing, and Deel reserves the right in accordance with Federal Rule of Civil Procedure 26(e) to supplement or amend these disclosures as appropriate:

| Name | Contact Information (if known) | Subjects of Discoverable Information |
|---|---|---|
| Keith O'Brien (Paid Rippling Witness) | 31 Ringfort Avenue Balrothery County Dublin, K32 WY93 | • Rippling's intimidation and coercion of O'Brien before he made the allegations in his Irish affidavit, including but not limited to the reasons therefore, as well as the effects Rippling's misconduct had on O'Brien's physical and mental health and the same of his family; • The amount and terms of the financial payment that Rippling paid to O'Brien in exchange for the allegations O'Brien made in his Irish affidavit, along with the terms of his cooperation agreement with Rippling executed in exchange for his Irish affidavit; • Rippling's internal obsession with Deel and the instructions that O'Brien was given by his managers in Ireland to search the word "Deel" everyday; • Falsehoods, distortions, mischaracterizations, and omissions from O'Brien's allegations made in his Irish affidavit; • Defenses to Rippling's allegations in its June 5, 2025 amended complaint. |
| Alex Bouaziz (Deel Chief Executive Officer) | 190 Dizengoff St Tel Aviv, Israel | • Defenses to Rippling's allegations in its June 5, 2025 amended complaint. |
| Philippe Bouaziz (Deel Chief Financial Officer) | Bluewaters Residence Building 6F, Apt. 1103 Dubai, UAE | • Defenses to Rippling's allegations in its June 5, 2025 amended complaint. |

2

| Dan Westgarth (Deel Chief Operating Officer) | Blvd Crescent Tower 1, Unit 501 Dubai, UAE | • Defenses to Rippling's allegations in its June 5, 2025 amended complaint. |
|---|---|---|

## II. DOCUMENTS

Subject to the caveat that this action belongs in Ireland, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), and based on information reasonably available as of the date of these initial disclosures following Rippling's June 5, 2025 amended complaint, Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California or the United States that it may use to support its arguments. To the contrary, Deel believes that such information is located in Ireland and abroad.

Deel's investigation concerning this case is continuing. As such, Deel reserves the right to identify, produce, and rely on additional documents in support of its positions as such additional documents may be discovered. Deel also reserves the right to rely on documents in the possession, custody, or control of others or those that are publicly available. Deel does not waive any applicable privileges or protections from disclosure, including the attorney-client privilege or attorney work product doctrine, or the right to designate confidential materials with appropriate protection under the local rules or any protective order to be entered.

## III. COMPUTATION OF DAMAGES

Deel does not seek damages in this matter, and therefore has nothing to disclose pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii). Deel denies that it has caused any damage to Rippling.

## IV. INSURANCE AGREEMENTS

Subject to the caveat that this action belongs in Ireland and that Deel currently believes that it has no witnesses, documents, or other evidence that is relevant to Rippling's claims located in California or the United States, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), Deel is aware at this time of agreements with the following insurers who "may be liable to satisfy all or part of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment":

- Chubb (preliminary denial of coverage subject to challenge)
- Beazley (preliminary denial of coverage subject to challenge)

- AIG (preliminary denial of coverage subject to challenge)

Deel will produce the applicable agreements with these insurers, unless coverage under those agreements has been denied and the denial will not be challenged by Deel.

DATED: June 13, 2025                By:  _____*/s/ Jason D. Russell*_____
                                             JASON D. RUSSELL
                                         *Attorneys for Defendant Deel, Inc.*