UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC.<br>D/B/A RIPPLING,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC.,<br>a Delaware corporation,<br>ALEXANDRE ("ALEX") BOUAZIZ,<br>an individual,<br>PHILIPPE BOUAZIZ,<br>an individual,<br>DANIEL JOHN ("DAN") WESTGARTH,<br>an individual,<br>and DOES 1–100,<br><br>Defendants. | Case No. 3:25-CV-2576 (CRB)<br><br>**RIPPLING AND DEEL'S STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION**<br><br>Compl. Filed: March 17, 2025<br>Am. Compl. Filed: June 5, 2025<br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 |

1.  **PURPOSE**

    This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2.  **COOPERATION**

    People Center, Inc. d/b/a Rippling ("Rippling") and Deel, Inc. ("Deel," and collectively with Rippling, the "Parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3.  **LIAISON**

    The Parties will identify liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4.  **PRESERVATION**

    The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

    a)  Only ESI created or received between January 1, 2022 and the present will be preserved;

    b)  The Parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The Parties shall add or remove custodians as reasonably necessary;

    c)  The Parties will agree on the number of custodians per party for whom ESI will be preserved and searched;

    d)  These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced : (1) backup systems and/or

      tapes used for disaster recovery; and (2) systems no longer in use that cannot be accessed;

  e) In addition to the agreements above, the Parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved:

    1. voice messages;

    2. automatically saved versions of documents and emails;

    3. deleted, slack, fragmented, or other data accessible only by forensics;

    4. systems, server and network logs (however, the parties shall preserve logs of application usage, such as Slack and Google Drive);

    5. random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and

    6. on-line access data such as temporary internet files, history, cache, cookies, and the like.

**5. SEARCH**

The Parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**6. PRODUCTION FORMATS**

The Parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply) file formats. If particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents. The Parties agree not to degrade the searchability of documents as part of the document production process.

**7. PHASING**

When a Party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the Parties agree to phase the production of ESI and the initial production will be from the following sources: internal document storage systems including non-custodial storage systems. Following the initial production, the Parties will continue to prioritize the order of subsequent productions.

8. **DOCUMENTS PROTECTED FROM DISCOVERY**

    a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

    b) If a Party wishes to dispute a claim of privilege, the Parties shall follow the procedures for challenging designations and judicial intervention in paragraphs 6.2 and 6.3 of the Stipulated Protective Order.  The Party asserting a claim of privilege retains the burden of establishing the applicability of the claimed privilege.

    c) Communications involving trial counsel that post-date the filing of Rippling's original complaint in this action need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

9. **MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: June 29, 2025                                    */s/ Joseph C. Sarles*

QUINN EMANUEL URQUHART & SULLIVAN
Joseph C. Sarles
josephsarles@quinnemanuel.com
Tel: 213-443-3000
Fax: 213-443-3100
865 S Figueroa St 10th Floor
Los Angeles, California 90017

Attorneys for People Center, Inc. d/b/a Rippling

DATED: June 29, 2025                                    */s/ Adam K. Lloyd*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
Adam K. Lloyd
adam.lloyd@skadden.com
Tel: 213-687-5382

Fax: 213-621-5325
2000 Ave of the Stars Suite 200N
Los Angeles, California 90067

Attorneys for Deel, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: __July 1, 2025_____     _____
                                    Hon. Charles R. Breyer
                                    United States District Judge

**Attestation**

I, Jeffrey Nardinelli, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.

Dated:  June 29, 2025                               */s/ Jeffrey Nardinelli*
                                                                    Jeffrey Nardinelli