1  LANCE A. ETCHEVERRY (SBN 199916)
   lance.etcheverry@skadden.com
2  JACK P. DICANIO (SBN 138782)
   jack.dicanio@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue
4  Palo Alto, California 94301
   Telephone:    (650) 470-4500
5  Facsimile:    (650) 470-4570

6  JASON D. RUSSELL (SBN 169219)
   jason.russell@skadden.com
7  ADAM K. LLOYD (SBN 307949)
   adam.lloyd@skadden.com
8  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   2000 Avenue of the Stars, Suite 200N
9  Los Angeles, California 90067
   Telephone: (213) 687-5000
10 Facsimile:  (213) 687-5600

11 *Counsel for Defendant Deel, Inc.*

12                    **UNITED STATES DISTRICT COURT**

13                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14                          **SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No.: 3:25-cv-02576-CRB<br><br>**DEEL'S NOTICE OF DISCOVERY DISPUTE FOR REFERRAL TO MAGISTRATE JUDGE**<br><br>Compl. Filed:    March 17, 2025<br>Am. Compl. Filed: June 5, 2025<br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6 |

## NOTICE OF DISCOVERY DISPUTE AND REQUEST FOR REFERRAL

Defendant Deel, Inc. ("Deel") hereby files this notice of discovery dispute and requests referral to a Magistrate Judge pursuant to this Court's Standing Order Rule II.1.

On May 30, 2025, Plaintiff People Center, Inc. ("Rippling"), served overbroad and burdensome merits discovery on Deel, and has served (to date) thirty-two different third-party subpoenas in this case seeking vast amounts of information from various service providers, technology companies, and competitors of Deel and Rippling.[1] Deel responded with objections to Rippling's overbroad discovery requests on June 30, 2025, but stated that Deel was willing to provide any necessary discovery proportional to the needs of the case at this time, and as relevant to its forthcoming motion to dismiss for *forum non conveniens*. Deel also proposed that discovery temporarily be limited to forum-related issues, because requiring "extensive" discovery from parties and non-parties while a *forum non conveniens* is pending "would defeat the purpose of [that] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981); *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause' . . . and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *Om Recs., LLC v. OM Developpement*, SAS, No. 23-CV-04506-JSW, 2024 WL 1772850, at *2 (N.D. Cal. Apr. 23, 2024) (staying discovery pending motion to dismiss for *forum non conveniens*).

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 37-1(a), counsel for Deel and Rippling conferred on July 2 and 9, 2025, to discuss Deel's objections to the scope of party and non-party discovery in this matter in light of Deel's forthcoming motions to dismiss for *forum non conveniens* and other grounds. During these conferences, Deel proposed that the parties enter a protective order that would limit the scope of all discovery, including from third parties, pending

---

[1] Rippling has served Deel with the following notices of third-party subpoenas: June 6, 2025: **Workco d/b/a Toku**; June 9, 2025: **Globalization Partners**; June 13, 2025: **GoGlobal, JustWorks, Multiplier, TriNet,** and **Vensure**; June 16, 2025: **ADP, Factorial, Payzaar, Remote Technology, Remofirst, Safeguard, SAP, Velocity, OK Coin USA, Circle Internet Group, Foris DAX**, and **Payward d/b/a Kraken**; June 18, 2025: **Revolut** and **Vensure** (the Vensure subpoena appears to be the same as the one served on June 13); June 20, 2025: **Papaya**; June 24, 2025: **Oyster**; June 25, 2025: **AH Capital Management, Apple, Atlassian**, and **WhatsApp**; July 3, 2025: **Google, Salesforce, Slack, Binance,** and **Coinbase**; July 7, 2025: **International Security**. Once a Magistrate Judge is assigned, Deel will likely be moving to quash several of these third-party subpoenas on separate grounds as well.

resolution of Deel's motion. Rippling stated that it opposed such a protective order. The parties were unable to reach a resolution to obviate the need for Court intervention.

Deel now intends to file a motion for a temporary protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit all discovery to evidence that is directly relevant to whether this action should be dismissed under the doctrine of *forum non conveniens* in favor of proceeding in Ireland (if any such discovery is necessary) while Deel's *forum non conveniens* motion is pending. At this time, Deel also intends to file a motion to quash several of the third-party subpoenas on independent grounds.

Accordingly, Deel now respectfully requests referral to a Magistrate Judge at this time to adjudicate this discovery dispute and any future discovery disputes in this case.

DATED: July 9, 2025          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____/s/ Jason D. Russell_____
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*