LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Counsel for Defendant Deel, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No.: 3:25-cv-02576-CRB<br><br>**(1) DEFENDANT DEEL'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br>*Under Separate Cover*:<br>**(3) DECLARATION OF JASON D. RUSSELL; and**<br><br>**(4) [PROPOSED] ORDER.**<br><br>Complaint Filed:    March 17, 2025<br>Am. Compl. Filed:    June 5, 2025<br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6<br>Hearing Date:    September 19, 2025<br>Hearing Time:    10:00 a.m. |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that at 10:00 a.m. on September 19, 2025, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Charles R. Breyer, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco California 94102, Defendant Deel, Inc. ("Deel") will, and hereby does move this Court for an order awarding $52,051.50 in attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c).

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Jason D. Russell ("Russell Decl.") and exhibits attached thereto, the records and pleadings already on file with the Court in this action, and such arguments of counsel or additional evidence as the Court may choose to receive or hear at or prior to the hearing on this Motion.

Pursuant to this Court's Local Rule 54-5, counsel for Deel and Rippling met and conferred on July 2, 2025, for the purpose of attempting to resolve all issues related to this fee motion. Russell Decl. ¶19. The parties were unable to resolve the issues raised herein, and this motion follows pursuant to a prior Court order based on the parties' stipulation that any motions filed in response to Rippling's June 5, 2025 First Amended Complaint are due by July 11, 2025. *Id.*

## SUMMARY OF ARGUMENT

As required by this Court's Standing Order, Deel provides the following summary of argument. The Motion seeks an order awarding $52,051.50 in attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c) for the following reasons:

- On June 5, 2025, Plaintiff People Center, Inc., d/b/a Rippling ("Rippling") amended its complaint and voluntarily dismissed its California Uniform Trade Secrets Act ("CUTSA") claim against Deel while Deel's original Special Motion to Strike Plaintiff's California State Law Claims pursuant to the California Code of Civil Procedure section 425.16 (the "Original Anti-SLAPP Motion," ECF 50) was pending, which sought the dismissal of Rippling's CUTSA claim. *See* ECF 57-6 at 2, 121 (FAC redline showing voluntarily dismissed CUTSA claim).

- Thus, Deel has prevailed on its Original Anti-SLAPP Motion in seeking the dismissal of Rippling's CUTSA claim, and is therefore entitled to a reasonable attorneys' fees award under California's

anti-SLAPP statute. *See* Cal. Civ. Proc. Code §425.16(c)(1); *Run the World Inc. v. Jiang*, 2025 WL 948059, at *2-3 (N.D. Cal. Mar. 28, 2025); *Law Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 323 (9th Cir. 2015); *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022 WL 1289048, at *2 (N.D. Cal. Apr. 29, 2022); *VACC, Inc. v. Davis*, 2019 WL 1460201, at *11 (N.D. Cal. Apr. 2, 2019), *aff'd*, 823 F. App'x 474 (9th Cir. 2020); *Garrett v. Hine*, 2022 WL 2067903, at *7-8 (E.D. Cal. June 8, 2022); *Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012).[1]

- The requested lodestar fee award is reasonable, as it represents approximately one quarter of the fees actually incurred and paid by Deel for the Original Anti-SLAPP Motion, the 29 hours spent on seeking dismissal of Rippling's CUTSA claim were reasonable, and Deel's counsel's hourly rates are reasonable. *Braden v. BH Fin. Servs., Inc.*, 2014 WL 892897, at *4 (N.D. Cal. Mar. 4, 2014); *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008); *Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016); *Moonbug*, 2022 WL 1289048, at *6 (N.D. Cal. Apr. 29, 2022); *Le v. Sunlan Corp.*, 2014 WL 296032, at *4 (N.D. Cal. Jan. 27, 2014).

## <u>STATEMENT OF REQUESTED RELIEF</u>

Deel seeks an order awarding Deel $52,051.50 in attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c) for prevailing on Rippling's now-dismissed CUTSA claim while Deel's Original Anti-SLAPP Motion was pending.


DATED: July 11, 2025

                              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


                              By: _____/s/ Jason D. Russell_____
                                          JASON D. RUSSELL
                                      *Attorneys for Defendant Deel, Inc.*

---

[1] Unless noted, all emphasis is added, and all internal citations and punctuation omitted for ease of reading.

# TABLE OF CONTENTS

**PAGE**

SUMMARY OF ARGUMENT ................................................................................................... i

STATEMENT OF REQUESTED RELIEF ............................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iv

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

    I.      DEEL HAS PREVAILED IN SEEKING THE DISMISSAL OF RIPPLING'S CUTSA CLAIM, AND THUS DEEL IS ENTITLED TO ATTORNEYS' FEES UNDER CALIFORNIA'S ANTI-SLAPP STATUTE ........................................ 3

    II.     THE REQUESTED FEE AWARD IS REASONABLE ...................................... 6

          A.    The Hours Spent Were Reasonable ................................... 7

          B.    The Hourly Rates Were Reasonable ................................... 9

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

**PAGE(S)**

### CASES

*Alderson v. United States*,
    718 F.Supp.2d 1186 (C.D. Cal. 2010),
    *aff'd*, 686 F.3d 791 (9th Cir. 2012) ...................................................................................6

*Art of Living Foundation v. Does 1-10*,
    No. 5:10-cv-05022-LHK,
    2012 WL 1565281 (N.D. Cal. May 1, 2012) ........................................................................5

*Braden v. BH Financial Services, Inc.*,
    No. C 13-02287 CRB,
    2014 WL 892897 (N.D. Cal. Mar. 4, 2014) ......................................................................6, 7

*Buzayan v. City of Davis*,
    No. 2:06-cv-01576-MCE-DAD,
    2008 WL 1994945 (E.D. Cal. May 2, 2008) .....................................................................4, 9

*CoreCivic, Inc. v. Candide Group, LLC*,
    46 F.4th 1136 (9th Cir. 2022) ...............................................................................................1

*Cruz v. Fusion Buffet, Inc.*,
    57 Cal.App.5th 221 (2020) ....................................................................................................7

*Doe v. Gangland Productions., Inc.*,
    730 F.3d 946 (9th Cir. 2013) .................................................................................................5

*Fallay v. San Francisco City & County*,
    No. C 08-2261 CRB,
    2016 WL 879632 (N.D. Cal. Mar. 8, 2016) .......................................................................7, 9

*Garrett v. Hine*,
    No. 1:21-cv-00845-DAD-BAK,
    2022 WL 2067903 (E.D. Cal. June 8, 2022) ........................................................................4

*Geiser v. Kuhns*,
    13 Cal.5th 1238 (2022) ..........................................................................................................5

*Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*,
    742 F.3d 414 (9th Cir. 2014) .................................................................................................5

*Herring Networks, Inc. v. Maddow*,
    Case No.: 3:19-cv-1713-BAS-AHG,
    2021 WL 409724 (S.D. Cal. Feb. 5, 2021) ..........................................................................8

*Hilton v. Hallmark Cards*,
    599 F.3d 894 (9th Cir. 2010) .................................................................................................1

*Ingram v. Oroudjian*,
    647 F.3d 925 (9th Cir. 2011) ...............................................................................................10

iv

*Ketchum v. Moses*,
    24 Cal.4th 1122 (2001) ........................................................................................................9

*Law Offices of Bruce Altschuld v. Wilson*,
    632 F. App'x 321 (9th Cir. 2015) ...................................................................................3, 4

*Le v. Sunlan Corp.*,
    No. C 13-00707 CRB,
    2014 WL 296032 (N.D. Cal. Jan. 27, 2014) ..................................................................8, 9

*Maloney v. T3Media, Inc.*,
    No. CV 14–05048–AB (VBKx),
    2015 WL 3879634 (C.D. Cal. May 27, 2015) ...................................................................9

*Meyers v. Quiz-DIA LLC*,
    C.A. No. 9878–VCL,
    2018 WL 1363307 (Del. Ch. Mar. 16, 2018) ..................................................................12

*Moonbug Entertainment Ltd. v. Babybus (Fujian) Network Technology Co.*,
    Case No. 21-cv-06536-EMC,
    2022 WL 1289048 (N.D. Cal. Apr. 29, 2022) ...........................................................4, 6, 9

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ....................................................................................7, 10

*Northon v. Rule*,
    637 F.3d 937 (9th Cir. 2011) ............................................................................................3

*Open Source Security, Inc. v. Perens*,
    Case No. 17-cv-04002-LB,
    2018 WL 2762637 (N.D. Cal. June 9, 2018),
    *aff'd*, 803 F. App'x 73 (9th Cir. 2020).....................................................................6, 8, 10

*Orthopaedic Hospital v. Encore Medical, L.P.*,
    No. 3:19-CV-00970-JLS-AHG,
    2021 WL 5449041 (S.D. Cal. Nov. 19, 2021) .................................................................10

*Pennsylvania v. Delaware Valley Citizens Council for Clean Air*,
    478 U.S. 546 (1986) ..........................................................................................................9

*PLCM Group, Inc. v. Drexler*,
    22 Cal.4th 1084 (2000) ......................................................................................................7

*Premier Medical Management Systems, Inc. v. Cal. Insurance Guarantee Ass'n*,
    163 Cal.App.4th 550 (2008) .............................................................................................8

*Resolute Forest Products, Inc. v. Greenpeace International*,
    302 F.Supp.3d 1005 (N.D. Cal. 2017) ...............................................................................7

*Robinson v. Lopez*,
    No. CV 03–3732 LGB (PLAx),
    2003 WL 23162906 (C.D. Cal. Nov. 24, 2003).............................................................12

*Run the World Inc. v. Jiang*,
    Case No. 23-cv-03130-AMO,
    2025 WL 948059 (N.D. Cal. Mar. 28, 2025),
    *appeal docketed*, No. 25-2785 (9th Cir. April 30, 2025)......................................1, 4, 5, 11

*United Steelworkers of America v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990) .........................................................................................7, 9

*VACC, Inc. v. Davis*,
    Case No. 18-cv-03454-JCS,
    2019 WL 1460201 (N.D. Cal. Apr. 2, 2019),
    *aff'd*, 823 F. App'x 474 (9th Cir. 2020)................................................................................4

*Verizon Delaware, Inc. v. Covad Communications Co.*,
    377 F.3d 1081 (9th Cir. 2004) ...............................................................................................3

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ...............................................................................................1

*Weiser Law Firm PC v. Hartleib*,
    Nos. 23-55693, 23-55729,
    2024 WL 4987351 (9th Cir. Dec. 5, 2024) ..........................................................................3

## STATUTES

Cal. Civ. Code § 3426.1(d)(2) ...........................................................................................................6

Cal. Civ. Proc. Code § 425.16(c)(1) ..............................................................................................1, 3

## OTHER AUTHORITIES

Mike Scarcella, *Want to Hire Elon Musk's Lawyer? That Will Be $3,000 an Hour*, REUTERS
    (Feb. 25, 2025, 11:20 AM PST),
    https://www.reuters.com/legal/want-hire-elon-musks-lawyer-that-will-be-3000-an-hour-
    2025-02-25/......................................................................................................................10

**PRELIMINARY STATEMENT**

On April 25, 2025, Deel filed its Original Anti-SLAPP Motion to strike Rippling's California Uniform Trade Secrets Act ("CUTSA") claim, and three other state-law claims. ECF 50.[2] In response to Deel's Original Anti-SLAPP Motion, on June 5, 2025, Rippling amended its complaint to drop its CUTSA claim. ECF 57. As such, Deel has "prevailed" on the Original Anti-SLAPP Motion because it "realized [its] objective in the litigation as to the [CUTSA claim]: [its] dismissal or abandonment." *Run the World Inc. v. Jiang*, 2025 WL 948059, at *3-4, 7 (N.D. Cal. Mar. 28, 2025) (granting over $75,000 anti-SLAPP attorneys' fee award to prevailing defendants after plaintiff amended to remove claims while "the special motion to strike had been filed, had not been denied, and was looming over the plaintiffs when they decided to dismiss their complaint"). Deel is thus entitled to its reasonable attorneys' fees in preparing the Original Anti-SLAPP Motion as to Rippling's CUTSA claim because Deel is a "prevailing defendant" on that now-dismissed claim under Cal. Civ. Proc. Code §425.16(c)(1). As discussed herein, Deel's $52,051.50 fee request is reasonable because it already includes a significant reduction of the fees that Deel has actually incurred and paid for the Original Anti-SLAPP Motion to account for the fact that it was directed to all four of Rippling's state law claims, and to date only one has been dismissed.

**FACTUAL BACKGROUND**

On March 17, 2025, Rippling filed its original complaint against Deel alleging, among other things, California state law claims for violation of CUTSA, tortious interference with contract, aiding and abetting breach of fiduciary duty, and unfair competition. ECF 1 ¶¶140-174. Rippling alleged that Deel facilitated the whistleblowing actions of Keith O'Brien ("O'Brien")—an employee of Rippling's Irish subsidiary, Rippling Ireland Limited—in disclosing to an "investigative reporter at *The Information*" over two dozen allegedly confidential "internal Rippling Slack messages" evidencing Rippling's illegal facilitation of payments to entities in sanctioned countries like Russia so that Deel could allegedly "distort negative press cycles" and "reframe an upcoming story about Deel's sanctions issues into one about a

---

[2] "A [**S**]trategic **L**awsuit **A**gainst **P**ublic **P**articipation] is one in which the plaintiff's alleged injury results from petitioning or free speech activities by a defendant that are protected by the federal or state constitutions." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003).

The Ninth Circuit has consistently held that California's anti-SLAPP statute applies in federal court, but is limited to state law claims. *See, e.g.*, *CoreCivic, Inc. v. Candide Grp.*, LLC, 46 F.4th 1136, 1138 (9th Cir. 2022) (declining to overrule "our long line of precedents holding that California's anti-SLAPP statute applies in federal court"); *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims.").

Deel-versus-Rippling rivalry." *Id.* ¶¶1, 83-87. Rippling alleged that following O'Brien's disclosures, "*The Information* published the article for which its reporter sought comment from Rippling" on February 27, 2025 (*id.* ¶ 90), which reported that from March 2024 and continuing through at least December 2024, Rippling facilitated payments to sanctioned Russian banks, and in late 2024 "scrambled to delete material from its website that encouraged customers to use [Rippling] if they wanted to send money to Russian contractors, internal correspondence shows." *See* Russell Decl. Ex. 1, at 3, 7 (reporting "[i]n March 2024, JPMorgan froze two Rippling payments to a contractor based in Moscow who held an account at a sanctioned Russian bank, according to records of the payment," and Rippling facilitated further payments in September and December 2024).

Rippling expressly incorporated its allegations about Deel facilitating O'Brien's leaking of Rippling's alleged "confidential information" to *The Information* into each of its state law causes of action as a basis for liability, and alleged that it was (1) unlawful acquisition and disclosure of Rippling's trade secrets; (2) inducement of O'Brien to breach his employment agreement and duty of loyalty; and (3) unfair competition. ECF 1 ¶¶140, 151, 154, 157, 160, 163, 169, 171.

On April 25, 2025, Deel filed its Original Anti-SLAPP Motion, arguing that—based on Rippling's own allegations and framing of the complaint—each of Rippling's four California tort claims were based on "pre-publication or pre-production acts such as investigating" and "newsgathering" for press stories on matters of public interest, which is protected activity under the United States Constitution and the California Constitution pursuant to California's anti-SLAPP statute. *See* ECF 50 §I (citing, among others, *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953 (9th Cir. 2013)). Because they were based on protected activity, Deel argued that each of Rippling's four state law claims should be stricken at the second step of the anti-SLAPP analysis because Rippling could not carry its burden to show *any* probability, much less a reasonable probability, that it will prevail on any of those claims, as none of them were adequately pled. *Id.* §II.

On June 5, 2025, while Deel's Original Anti-SLAPP Motion was pending, Rippling amended its complaint, and abandoned its CUTSA claim in its first amended complaint ("FAC"). ECF 57; *see also* ECF 57-6 at 2, 121 (FAC redline showing voluntarily dismissed CUTSA claim). However, Rippling's FAC does little to change its allegations regarding O'Brien's leaking of internal Rippling information to

the press. *See* ECF 57-6 at 79-82; FAC ¶¶113-118 (alleging Deel facilitated O'Brien's disclosure of Rippling's illicit sanctions evasion to the media—which Rippling expressly describes as "internal confidential Rippling information of value"—for "communications-related purposes" as part of Deel's "press strategy"). Because Rippling continues to base liability for its remaining three state law claims on Deel allegedly causing O'Brien to reveal this supposed "internal confidential Rippling information of value" to the press, and still has failed to adequately plead those causes of action, Deel has renewed its anti-SLAPP motion to strike those three remaining state law claims from the FAC. FAC ¶¶113, 200-203, 206, 209, 215, 217. Deel  would have also moved against Rippling's CUTSA claim had it not already dropped that claim in the face of Deel's Original Anti-SLAPP Motion. Russell Decl. ¶17. Deel now seeks prevailing party fees on the dismissed CUTSA claim.

## ARGUMENT

## I.   DEEL HAS PREVAILED IN SEEKING THE DISMISSAL OF RIPPLING'S CUTSA CLAIM, AND THUS DEEL IS ENTITLED TO ATTORNEYS' FEES UNDER CALIFORNIA'S ANTI-SLAPP STATUTE

Subject to limited exceptions that do not apply here, "a prevailing defendant on a special motion to strike ***shall*** be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). The Ninth Circuit has "repeatedly held that the anti-SLAPP provisions governing attorneys' fees apply to state-law claims in federal court." *Law Offs. of Bruce Altschuld v. Wilson*, 632 F. App'x 321, 322 (9th Cir. 2015); *see also Weiser L. Firm PC v. Hartleib*, 2024 WL 4987351, at *5 (9th Cir. Dec. 5, 2024) (holding a prevailing defendant is "entitled to recover [his] attorney's fees and costs" under the anti-SLAPP statute); *Northon v. Rule*, 637 F.3d 937, 938-39 (9th Cir. 2011) (noting that "a special motion to strike and the attorneys' fee provision in California's anti-SLAPP statute, which allows a prevailing defendant on a motion to strike to recover attorneys' fees and costs, protect substantive rights and apply in federal court," and affirming state law anti-SLAPP fee award of $21,253.53); *Verizon Delaware, Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004) ("We have previously confirmed that defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail.").

"[A] defendant that brings an anti-SLAPP motion to strike may 'prevail,' even if the court did not actually grant the motion. Where the plaintiff *dismisses* the alleged SLAPP before the court rules on a

1    pending motion to strike, the mooting of the merits of the motion does not bar a defendant from recovering

2    attorneys' fees." *Wilson*, 632 F. App'x at 323 (affirming fee award to defendant where plaintiff dismissed

3    claims while anti-SLAPP motion was pending). To determine whether a defendant "prevailed" in that

4    circumstance, "the critical issue is which party realized its objectives in the litigation," which will

5    "ordinarily" be the defendant "[s]ince the defendant's goal is to make the plaintiff go away with its tail

6    between its legs." *Run the World*, 2025 WL 948059, at \*3.

7          Furthermore, "[b]ecause the anti-SLAPP statute reflects the Legislature's strong preference for

8    awarding attorney fees to successful defendants, courts interpret the statute broadly to favor an award of

9    attorney fees to a partially successful defendant." *Run the World*, 2025 WL 948059, at \*2; *see also*

10   *Buzayan v. City of Davis*, 2008 WL 1994945, at \*1 (E.D. Cal. May 2, 2008) (granting defendant's request

11   for attorney's fees where anti-SLAPP motion was successful in striking one out of five targeted causes of

12   action).

13         Importantly, "[a] **plaintiff's amendment of a complaint to remove SLAPP claims is**

14   **tantamount to a voluntary dismissal of those claims**, particularly where those claims would likely have

15   become subject to another anti-SLAPP motion," and thus California district courts regularly award fees

16   to the defendant as the prevailing party in that situation. *See, e.g.*, *Run the World*, 2025 WL 948059, at

17   \*3-4, 7 (granting over $75,000 in attorneys' fees where defendants "obtained meaningful results from

18   their anti-SLAPP motions by causing Jiang to abandon the abuse of process claim in the SACC," and thus

19   "realized their objective in the litigation as to the abuse of process counterclaim and related allegations:

20   their dismissal or abandonment," as pending anti-SLAPP motion "was looming over the plaintiffs" when

21   they decided to drop claims that were the subject of the motion); *Moonbug Ent. Ltd. v. Babybus (Fujian)*

22   *Network Tech. Co.*, 2022 WL 1289048, at \*2 (N.D. Cal. Apr. 29, 2022) (awarding over $30,000 for work

23   on original anti-SLAPP motion that resulted in counter-claimant (also represented by Quinn Emanuel)

24   voluntarily amending claims subject to motion, because "voluntary dismissal of a claim subject to an anti-

25   SLAPP motion does not absolve the Plaintiff of liability for fees and costs incurred by Defendant striking

26   the claim").[3]

27   _____

     [3] *See also VACC, Inc. v. Davis*, 2019 WL 1460201, at \*11 (N.D. Cal. Apr. 2, 2019), *aff'd*, 823 F. App'x
28   474 (9th Cir. 2020) (awarding fees where plaintiff "removed" allegations that rendered "at least some of
     [plaintiff's] claims non-viable" in response to anti-SLAPP motion); *Garrett v. Hine*, 2022 WL 2067903,
     at \*7-8 (E.D. Cal. June 8, 2022) (holding that "plaintiffs' amendment of the complaint to remove their

                                                                                                    *(cont'd)*

                                                        4

1    Here, Rippling voluntarily dismissed its CUTSA claim on June 5 in response to Deel's Original

2    Anti-SLAPP Motion, which was "looming over [Rippling] when [it] decided to dismiss." *Run the World*,

3    2025 WL 948059, at *3. As such, Deel is the prevailing party on the CUTSA claim because Deel "realized

4    [its] objective in the litigation as to the [that claim]: [its] dismissal or abandonment." *Id.* at *4.

5    While the fact of Rippling's dismissal in the face of Deel's Original Anti-SLAPP Motion is all the

6    Court needs to consider to hold that Deel is prevailing party here, a review of the merits of Deel's Original

7    Anti-SLAPP Motion shows that it was likely to be successful as to securing the dismissal of Rippling's

8    CUTSA claim. As noted above, the CUTSA claim, along with the rest of Rippling's state law causes of

9    action, expressly incorporated and was based on Deel's alleged facilitation of O'Brien's disclosure to the

10    press of Rippling's non-public information to expose its attempts to evade sanctions on Russia and other

11    countries. ECF 1 ¶¶83-87, 140, 151, 154, 157, 160, 163, 169, 171. This satisfies the first step of the anti-

12    SLAPP analysis because gathering information and communicating it to members of the press to facilitate

13    publication of that information and public discourse is classic First Amendment activity and furthers free

14    speech rights by allowing the speaker to reach a broad, public audience. *See, e.g.*, *Greater L.A. Agency on

15    Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 423 (9th Cir. 2014) (holding that conduct

16    relating to "report[ing] the news" was in furtherance of protected activity); *Gangland*, 730 F.3d at 953

17    (holding that "pre-publication or pre-production acts such as investigating" and "newsgathering"

18    information for a documentary was in furtherance of protected activity); *Geiser v. Kuhns*, 13 Cal.5th 1238,

19    1246, 1249 (2022) (holding activity that generated media coverage and "contribute[d] to public discussion

20    of the issue" was in connection with an issue of public concern); *see also* ECF 50 §I (collecting cases).

21    Deel also showed that Rippling could not carry its burden to show a probability of prevailing on

22    its CUTSA claim. As relevant here, Deel explained it is axiomatic that "there simply cannot be any trade

23    secret about ongoing illegality." *Alderson v. United States*, 718 F.Supp.2d 1186, 1200 (C.D. Cal. 2010),

24    *aff'd*, 686 F.3d 791 (9th Cir. 2012); ECF 50 at 10. Deel also showed that Rippling's CUTSA claim failed

25    because (1) Rippling had not plausibly alleged that Deel directed O'Brien's actions or that Deel received

26    _____
state-law claims is tantamount to a voluntary dismissal of those claims," and awarding fees where

27    plaintiffs could not show the abandonment was for "reasons unrelated to the probability of success on the

merits of the abandoned claims"); *Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *25 (N.D.

28    Cal. May 1, 2012) (awarding fees and holding that "Plaintiff's amendment of the Complaint to remove

the defamation and trade libel claims is tantamount to a voluntary dismissal of those claims, which would

likely have become subject to another anti-SLAPP motion").

DEEL'S MOTION FOR ATTORNEYS' FEES                                    CASE NO.: 3:25-CV-02576-CRB

1 anything at all of any commercial value from O'Brien, let alone a specified "trade secret," (ECF 50

2 §II.A.1), and (2) even if it had, Rippling's own allegations showed that it had not taken reasonable steps

3 to keep its alleged confidential information secret, and thus it could not qualify as a "trade secret" under

4 CUTSA. *Id.* §II.A.2 (citing, among other things, Cal. Civ. Code §3426.1(d)(2)). Rippling admitted that it

5 failed to implement reasonable access controls to its alleged "most sensitive" and "most prized"

6 information, as O'Brien—like "*all* of [Rippling's] employees" and contractors—was freely able to access

7 the alleged trade secret information via Slack in "preview mode" remotely from anywhere in the world on

8 non-Rippling-issued devices, even though that information allegedly had "no connection" and was

9 "completely unrelated to" his job functions. ECF 1 ¶¶1, 5, 41, 43-44, 63-64.

10        For these reasons, Rippling was correct to jettison its CUTSA claim in response to Deel's Original

11 Anti-SLAPP Motion. But this "voluntary dismissal of a claim subject to an anti-SLAPP motion does not

12 absolve the Plaintiff of liability for fees and costs incurred by Defendant striking the claim." *Moonbug*,

13 2022 WL 1289048, at *2. Rippling's counsel of record, Quinn Emanuel, fully understands that its

14 dismissal thus entitles Deel to attorneys' fees here. *See id.* (noting that client represented by Quinn

15 Emanuel "does not dispute that Moonbug is entitled to reasonable attorneys' fees for its first and second

16 anti-SLAPP motions," and that Quinn challenged only the hours spent as unreasonable (which was

17 ultimately unsuccessful)). Thus, Deel does not expect that Rippling will challenge Deel's entitlement to

18 fees here, and expects that Rippling will quibble only with the proper amount of fees to be awarded.

19 **II.**     **THE REQUESTED FEE AWARD IS REASONABLE**

20        "California law governs attorney's fees based on California's anti-SLAPP statute." *Open Source*

21 *Sec., Inc. v. Perens*, 2018 WL 2762637, at *2 (N.D. Cal. June 9, 2018), *aff'd*, 803 F. App'x 73 (9th Cir.

22 2020). The Court begins with the "lodestar figure, based on the careful compilation of [1] the time spent

23 and [2] reasonable hourly compensation of each attorney involved in the presentation of the case." *Braden*

24 *v. BH Fin. Servs., Inc.*, 2014 WL 892897, at *4 (N.D. Cal. Mar. 4, 2014) (Breyer, J.). The court must

25 award a reasonable fee, but has "broad discretion in determining what is reasonable." *Id.* at *4.

26        Here, Deel is not seeking any upward adjustment to the lodestar figure. *See PLCM Grp., Inc. v.*

27 *Drexler*, 22 Cal.4th 1084, 1095 (2000) ("The lodestar figure may then be adjusted, based on consideration

28 of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided.").

1    Rather, Deel has taken the fees that it has *actually* incurred and paid, and reduced them by over 75%

2    because Deel has thus-far disposed of one of Rippling's four state-law claims that are subject to an anti-

3    SLAPP challenge, given that Deel's renewed anti-SLAPP motion to the three amended state law claims

4    is pending. *See Resolute Forest Prods., Inc. v. Greenpeace Int'l*, 302 F.Supp.3d 1005, 1027 (N.D. Cal.

5    2017) ("Defendants are entitled to recover attorney fees and costs incurred in moving to strike the claims

6    on which … [they] prevailed, but not fees and costs incurred in moving to strike the remaining claims.").

7    As explained below, Deel therefore seeks a reasonable fee award of $52,051.50 for Rippling's CUTSA

8    dismissal, which comprises 29 hours of attorney time spent on the CUTSA portion of the Original Anti-

9    SLAPP Motion (*infra* §II.A), multiplied by the attorneys' reasonable hourly rates (*infra* §II.B).

10           A.      <u>**The Hours Spent Were Reasonable**</u>

11           The first step in setting the lodestar figure is to determine the number of hours counsel reasonably

12    worked. *See PLCM*, 22 Cal.4th at 1095. "[H]ours actually expended in the litigation are not to be

13    disallowed without a supporting rationale." *United Steelworkers of America v. Phelps Dodge Corp.*, 896

14    F.2d 403, 407 (9th Cir. 1990). "[S]ufficient evidence to support an attorney fee award may include

15    declarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks

16    performed." *Cruz v. Fusion Buffet, Inc.*, 57 Cal.App.5th 221, 237 (2020). "By and large, the court should

17    defer to the … [prevailing] lawyer's professional judgment as to how much time he was required to spend

18    on the case[.]" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

19           Here, Deel's counsel spent a total of over 120 hours in connection with the Original Anti-SLAPP

20    Motion and "inextricably intertwined" compensable issues as to the state law claims. *Fallay v. San*

21    *Francisco City & Cnty.*, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) (Breyer, J.) ("Work that is

22    inextricably intertwined with an anti-SLAPP motion is compensable."); Russell Decl. ¶9. These hours

23    consisted of approximately 115 hours of attorney time and approximately 6 hours of legal assistant time.

24    Russell Decl. ¶9. The attorney time was spent: conducting legal research in support of the Original Anti-

25    SLAPP Motion on the first and second step of the analysis; and drafting, revising, and filing the Original

26    Anti-SLAPP Motion. *See id.* ¶10. The legal assistant time was spent: cite-checking, fact-checking,

27    proofreading the Original Anti-SLAPP Motion, and filing that motion. *Id.*

28

1  As this was the first anti-SLAPP motion in the case, it required a substantial amount of work to

2  research the first step analysis as applicable to Rippling's claims and analyze Rippling's theories of state

3  law liability. *See id.* ¶ 11; *Perens*, 2018 WL 2762637, at \*6 (finding that the first motion required the most

4  time because subsequent anti-SLAPP motions could rely on prior research). The over 120 hours that

5  Skadden expended on the Original Anti-SLAPP Motion are reasonable in light of the heavy legwork that

6  drafting an initial anti-SLAPP motion in complex litigation requires. *Perens*, 2018 WL 2762637, at \*7

7  (finding 99.5 hours reasonable for drafting initial anti-SLAPP motion).

8  While Skadden was conservative and kept its overall team lean, Deel presently seeks a fee award

9  based only on the work of one partner and one senior attorney to reflect the success on the CUTSA claim

10  only at this point. In a significantly complex case like this one, it would be reasonable to staff at least two

11  senior attorneys and two associates on an anti-SLAPP motion. *See, e.g., Le v. Sunlan Corp.*, 2014 WL

12  296032, at \*4 (N.D. Cal. Jan. 27, 2014) (Breyer, J.) ("[I]t was not unreasonable to staff two partners on

13  what was in fact a bet-the-company case for Defendants."); *see also Moonbug*, 2022 WL 1289048, at \*6

14  ("[U]se of five attorneys of various levels of experience on its anti-SLAPP motions is nothing out of the

15  ordinary."). The 29 hours expended by Deel's counsel for which Deel seeks a fee award here, and even

16  the 120+ hours spent in total on the Original Anti-SLAPP Motion, are dwarfed by those routinely awarded

17  for anti-SLAPP motions in complex cases such as this. *See Premier Med. Mgmt. Sys., Inc. v. Cal. Ins.*

18  *Guar. Ass'n*, 163 Cal.App.4th 550, 561 (2008) (affirming fee award for 345 hours spent on anti-SLAPP

19  motion when complaint arose out of a "complex factual setting" and was "not a straightforward matter");

20  *see also Herring Networks, Inc. v. Maddow*, 2021 WL 409724, at \*10-11 (S.D. Cal. Feb. 5, 2021)

21  (awarding fees for 363.1 hours of work on anti-SLAPP motion); *Maloney v. T3Media, Inc.*, 2015 WL

22  3879634, at \*6 (C.D. Cal. May 27, 2015) (awarding fees for 546.5 hours of work on anti-SLAPP motion).

23  As noted above, however, Deel is *not* requesting to be compensated for the full 120+ hours its

24  counsel spent preparing the Original Anti-SLAPP Motion at this time—instead, Deel is only requesting

25  compensation for 29 hours to reflect its success on the CUTSA claim only so far.[4] Russell Decl. ¶9. And

26  ────────────
[4] At this time, Deel also does not seek a fee award for the time spent preparing this fee motion (also known

27  as "fees on fees"), even though it could and would be entitled to such an award under the law. *See, e.g.,*
*Moonbug*, 2022 WL 1289048, at \*6, 8 (finding "Moonbug's request for fees on fees" for 87 hours spent

28  on fee motion after prevailing against Quinn Emanuel on ant-SLAPP motion "not unreasonable" and
awarding full amount of $49,022.75 request); *Ketchum v. Moses*, 24 Cal.4th 1122, 1141 (2001) ("[A]n
award of fees may include not only the fees incurred with respect to the underlying claim, but also the

*(cont'd)*

1  Deel's counsel fairly apportioned these hours, as 23 of them were spent by senior litigation counsel with a

2  lower hourly rate, and 6 of them were spent by the senior partner on this matter. *Id.* ¶12. Deel has already

3  given itself an over **75%** haircut because three of four state law claims remain live in the FAC. *Id.* ¶¶9-12.

4  Mindful of this Court's prior and reasonable practice, Deel has therefore more than proportionally reduced

5  the amount awarded based on the claims successfully targeted in its initial anti-SLAPP motion. *Fallay*, 2016

6  WL 879632, at *5 (reducing counsel's time to 4/7 of the time sought because 3 claims were federal causes

7  of action); *see also Buzayan*, 2008 WL 1994945, at *2 (awarding 20% of gross fees for successfully striking

8  one out of five claims). Should Deel's renewed anti-SLAPP motion filed on July 11 seeking to strike

9  Rippling's remaining three state law claims be successful, Deel reserves the right to seek fees for hours spent

10  on the renewed anti-SLAPP motion and the Original Anti-SLAPP Motion dismissing those claims at a later

11  date. For now, Deel has been careful to limit its requested fee award to its hours actually spent seeking to

12  strike only Rippling's CUTSA claim.

13        **B.**    **The Hourly Rates Were Reasonable**

14        "To determine the reasonable hourly rate, courts are to look to the rates customarily charged for

15  work of the type performed in the relevant legal community, the reputation and experience of the attorneys

16  who performed the services, the quality of counsel's services on behalf of their client, the complexity of

17  the work performed, and the results achieved." *Le*, 2014 WL 296032, at *4 (citing *Pennsylvania v.*

18  *Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 556-57 (1986)). Attorney affidavits and

19  "rate determinations in other cases … are satisfactory evidence of the prevailing market rate." *United*

20  *Steelworkers*, 896 F.2d at 407. Courts may also "rely on [their] own familiarity with the legal market."

21  *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "The district court's function is to award fees

22  that reflect economic conditions in the district; it is not to hold the line at a particular rate, or to resist a

23  rate because it would be a big step." *Moreno*, 534 F.3d at 1115 (9th Cir. 2008).

24        Here, Deel seeks an overall attorneys' fee award of approximately $50,000 based on only one

25  litigation counsel's 23 hours of work on the Original Anti-SLAPP Motion as to the CUTSA claim and his

26  actual hourly rate of $1,705.50 (Adam Lloyd) and one partner's 6 hours of work on the same, at his actual

27  hourly rate of $2,137.50 (Jason Russell). Russell Decl. ¶¶12-14. Such a rate may be naturally higher than

28
_____
fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16."). Deel reserves all rights to seek such fees in the future should circumstances warrant.

1  past rates awarded due to rising prices and inflation across the industry, but "[i]f the lodestar leads to an

2  hourly rate that is higher than past practice, the court must award that rate without regard to any contrary

3  practice." *Moreno*, 534 F.3d at 1115.

4  Moreover, this rate is reasonable in light of those charged by Rippling's counsel of record. Indeed,

5  Quinn Emanuel has been a trailblazer in raising rates across the industry. Four years ago, Quinn Emanuel

6  was reportedly billing $1,260 for a partner and $1,065 for a fifth-year associate. *Orthopaedic Hosp. v.*

7  *Encore Med., L.P.*, 2021 WL 5449041, at *13 (S.D. Cal. Nov. 19, 2021). In 2022, Quinn Emanuel

8  reportedly began charging more than $2,000 an hour for top partners. Russell Decl. Ex. 2, at 1. And as of

9  this year, Rippling's lead trial counsel, Alex Spiro, reportedly was charging his clients $3,000 an hour for

10  his services. *See* Mike Scarcella, *Want to Hire Elon Musk's Lawyer? That Will Be $3,000 an Hour*, Reuters

11  (Feb. 25, 2025, 11:20 AM PST), https://www.reuters.com/legal/want-hire-elon-musks-lawyer-that-will-

12  be-3000-an-hour-2025-02-25/ ("Quinn Emanuel said in its court filings that its partners now bill between

13  $1,860 and $3,000 an hour … it will charge between $1,775 and $2,725 an hour for 'of counsel' attorneys

14  at the firm, and between $1,035 and $1,665 for associates.").

15  Thus, the Court should not place a "a constraint on [Deel's] right to counsel of … [its] choice" by

16  reducing the rate actually charged to and paid by Deel in defending itself from Rippling's claims here. *See*

17  *Perens*, 2018 WL 2762637, at *3 (rejecting argument that counsel's fee should be adjusted because

18  Defendant chose "intellectual property lawyers from a huge law firm"). The reputation and experience of

19  the counsel who worked on Rippling's CUTSA claim justifies the rate sought for their work:

20  • Jason Russell is the leader of Skadden's Los Angeles office. He has over thirty years of

21  litigation experience and has defended against billions of dollars in intellectual property claims.

22  He has received accolades from the *Los Angeles Business Journal* as part of its LA500 every

23  year since 2020, and as a Top Litigator and Trial Lawyer in Los Angeles; *Benchmark*

24  *Litigation* as a Litigation Star; *Thomson Reuters* as a Stand-Out Lawyer in (2023-25);

25  Lawdragon as one of its 500 Leading Global Litigators, 500 Leading Litigators in America and

26  500 Leading Global Antitrust & Competition Lawyers; *Chambers USA* and *The Best Lawyers*

27  *in America* as a leading lawyer in litigation; and the *California Lawyer* as a recipient of the

28  prestigious California Lawyer Attorneys of the Year (CLAY) award bestowed for

"extraordinary achievements" in litigation. He is a Harlan Fiske Stone Scholar from Columbia University School of Law and has clerked for the honorable Frank X. Altimari in the U.S. Court of Appeals for the Second Circuit. Russell Decl. ¶5 & Ex. 3.

- Adam Lloyd is a senior litigation Counsel in Skadden's Los Angeles office who has similarly defended companies against billions of dollars in claimed damages in intellectual property matters, and has presented oral argument before both the Ninth and Federal Circuits in trade secret disputes. He has approximately a decade of litigation experience, graduated with highest distinction from UCLA School of Law, clerked for the honorable Carlos T. Bea in the U.S. Court of Appeals for the Ninth Circuit, and has repeatedly been named one of *Best Lawyers*' Ones To Watch in America. Russell Decl. ¶6 & Ex. 4.

Additionally, the quality of the service and results achieved by Deel's counsel further justifies their rates—Rippling (who itself is represented by sophisticated counsel) informed Deel of its intent to amend its complaint (which led to the voluntary dismissal of Rippling's CUTSA claim) within weeks after Deel's Original Anti-SLAPP Motion was filed. *Run the World*, 2025 WL 948059, at *3 (awarding fees where "the special motion to strike had been filed, had not been denied, and was looming over the plaintiffs when they decided to dismiss" claims). Rippling's hasty retreat speaks to the quality of the Original Anti-SLAPP Motion.

In addition, the fact that a client pays the requested rates is evidence that the rates are reasonable. *See Robinson v. Lopez*, 2003 WL 23162906, at *3 (C.D. Cal. Nov. 24, 2003) ("The actual billing arrangement provides a strong indication of what private parties believe a 'reasonable' fee would be."); *Meyers v. Quiz-DIA LLC*, 2018 WL 1363307, at *10 (Del. Ch. Mar. 16, 2018) ("Courts give deference to decisions made by individuals who potentially must bear their own expenses precisely because they have skin in the game and an incentive to act rationally and efficiently." (collecting cases)). Here, the requested rate is what Deel actually paid for Skadden's services, and is similar to the rates Skadden charges other clients. Russell Decl. ¶¶15-16. For these reasons, the requested rates are reasonable.

## CONCLUSION

Deel respectfully requests that the Court grant this Motion and order Rippling to pay Deel $52,051.50 in reasonable attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c).

DATED: July 11, 2025

By:＿＿＿＿＿＿＿＿＿＿＿＿_/s/ Jason D. Russell＿＿＿＿
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*