**RE:** *People Center, Inc. d/b/a Rippling v. Deel, Inc., et al.*, Case No.: 3:25-cv-02576-CRB
**Joint Letter re: Deel's Intended Motion for a Protective Order to Limit Discovery**

Dear Judge Cisneros:

On July 11, 2025, the parties were referred to this Court for resolution of all discovery disputes in the above-referenced matter. This letter addresses the first of two discovery disputes between the parties. Pursuant to this Court's Standing Order § F, Deel and Rippling submit this joint letter concerning a dispute over whether discovery should be temporarily limited to evidence that is necessary to determine whether this action should be dismissed under the doctrine of *forum non conveniens* ("FNC") in favor of proceeding in Ireland, while Deel's July 11 FNC motion (ECF 88)—which is set for a September 19, 2025, hearing before the District Court—is pending.

The undersigned hereby attest that they conferred by videoconference on July 2 and 9, 2025, in a good faith effort to resolve this dispute without Court intervention, but were unable to do so. The parties stipulated on July 17 to file this letter by July 29, 2025, for the purpose of giving each side adequate time to prepare its own arguments and address its adversary's arguments in accordance with the Court's Standing Order. On June 20, 2025, the parties' Initial Case Management Conference was cancelled; thus, no deadlines have been set for (1) fact and expert discovery, (2) the last day to hear dispositive motions, or (3) pretrial conference or trial. ECF 69.

**Deel's Position**

Deel requests that discovery temporarily be limited to forum-related evidence, to the extent any such evidence is necessary to oppose Deel's pending FNC motion, because requiring "extensive" discovery from parties and non-parties while the FNC motion is pending "would defeat the purpose of [that] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). On March 12, 2025, Rippling and its indirect Irish subsidiary, Rippling Ireland Limited ("Rippling Ireland") initiated proceedings before the Commercial Division of The High Court in Dublin, Ireland (the "Irish Proceedings"), against Keith O'Brien ("O'Brien"), a Rippling Ireland employee based in Dublin who allegedly stole Rippling's allegedly confidential information "from Ireland." *See* ECF 57 (Rippling's First Amended Complaint, or "FAC") ¶¶2 nn.1-2, 67.

Based on the same underlying allegations, on March 17, 2025, Rippling sued Deel in the Northern District of California, asserting claims for racketeering and trade secret misappropriation, among other things. *See generally* ECF 1. On April 2, 2025, Rippling asked the Irish court to add Deel to the Irish Proceedings arising from O'Brien's "wrongdoing," which Rippling represented was "the subject matter of these proceedings and the US proceedings," and which the FAC now confirms. ECF 48-4 ¶24; FAC ¶¶130-156, 170, 180 (basing RICO claims on allegations being litigated against Deel in Ireland). Rippling also represented in the Irish Proceedings that "**Ireland is clearly the jurisdiction most closely connected with the wrongs [that are] the subject matter of these proceedings**," that "**Ireland is the correct forum to determine this action against [Deel],**" and "**the balance of convenience [lies] in favour of trying the case in the Irish courts**." ECF 48-4 ¶¶ 33-34, 45 (emphasis added). Deel has appeared in the Irish Proceedings and is actively litigating there against the same allegations Rippling makes here. ECF 88-1 ¶¶ 6, 8, 10.

On May 16, 2025, the parties agreed on a briefing schedule for Deel's motions in response to Rippling's then-forthcoming FAC (which was filed on June 5), and agreed that neither party would seek to "stay discovery" outright while responsive motions were pending. ECF 54. The parties did not agree that neither party would seek to *limit* discovery to be proportional to the needs of the case and any FNC motion, however, and Deel had understood that Rippling would propound discovery within reason. But Rippling's discovery requests have been unreasonable by any measure, and especially in light of the pending FNC motion.

On May 30, 2025, Rippling served on Deel nearly 100 facially overbroad and unduly burdensome discovery requests: 87 Requests for Production and 9 Interrogatories (many of which are compound and contain subparts, thus exceeding Rule 33(a)(1)'s 25-question limit), seeking huge quantities of information untethered to Rippling's claims, let alone forum issues. For example, Rippling requests "[a]ll Documents prepared by Deel relating to marketing against specific

Hon. Lisa J. Cisneros  Joint Letter re: Limiting Discovery Pending FNC
July 29, 2025
Page 2

competitors," and that Deel identify "each actual or potential client or customer whom Deel . . . has contacted since September 1, 2022," along with the dates, mediums, and contents of those communications. Deel served objections to Rippling's discovery requests on June 30, 2025.

To date, Rippling has also served 36 non-party subpoenas in a harassing and blatant fishing expedition, seeking vast amounts of private, privileged, and proprietary information from various foreign and domestic service providers, technology companies, cryptocurrency companies, and competitors of Deel and Rippling that, again, are untethered to Rippling's claims against Deel or the forum issue.[1] For example, these 36 non-party subpoenas demand information from nearly all of Deel's competitors about "actual or suspected unlawful acts by Deel," which Rippling has no standing to pursue here in any event. Worse still, Rippling subpoenaed financial account information for several individuals and "all Documents and Communications" relating to *any personal* or business iCloud account that is used by Deel, each present and former Deel employee, and each Deel attorney, among many others, including iPhone photos, communications, stored passwords, notes, text messages, geo-locations and other data. Deel's motion to quash several of these non-party subpoenas on independent grounds is the subject of a separate joint discovery letter submitted by the parties, which the Court can defer if it limits discovery as Deel requests here (and halts such irrelevant non-party discovery) pending resolution of Deel's FNC motion.

Deel renewed its FNC motion in response to Rippling's FAC on July 11. ECF 88. Courts apply a two-pronged test to determine whether discovery should be limited pending resolution of a motion to dismiss: (1) "whether the motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed"; and (2) "whether the motion can be decided absent additional discovery." *Om Recs., LLC v. OM Developpement, SAS*, 2024 WL 1772850, at *2 (N.D. Cal. Apr. 23, 2024) (staying discovery pending FNC motion). Deel satisfies both factors.

**First**, Deel's FNC motion is dispositive of the entire case because, if granted, Rippling's action would be dismissed and Rippling would be required to proceed (if at all) in Ireland. *Id.* at *2 (finding that the "first prong" was "**easily satisfied**" where "Defendants move to dismiss the First Amended Complaint in its entirety for [FNC]"). Deel's FNC motion confirms as much. Rippling alleges that O'Brien, an Irish citizen employed at Rippling's Irish subsidiary in Dublin, stole Rippling's alleged trade secrets "from Ireland" using electronic devices in Ireland, and allegedly communicated from Dublin with Deel's foreign-based executives. *Supra* at 1. Ireland is an adequate alternative forum for Rippling's claims, as evidenced by the fact that Rippling is already litigating parallel claims against Deel there based on O'Brien's alleged espionage. ECF 88 §§II, III.B. The relevant witnesses and evidence are in Ireland or abroad, and only an Irish court can compel important non-parties' testimony. *Id.* §III.A. Rippling can enforce any judgment in Ireland, and the public interest factors are all either neutral or weigh in favor of Ireland. *Id.* §§III.C., IV.

**Second**, Deel's FNC Motion "can be decided absent discovery," as the facts regarding the location of the wrongdoing, evidence, and witnesses are known to and admitted by Rippling in the FAC. *In re Nexus 6P Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017); *see generally* ECF 57. FNC motions are typically decided based on affidavits submitted by the parties,

---

[1] Rippling has served the following non-party subpoenas: June 6, 2025: **Workco d/b/a Toku**; June 9: **Globalization Partners**; June 13: **GoGlobal, JustWorks, Multiplier, TriNet,** and **Vensure**; June 16: **ADP, Factorial, Payzaar, Remote Technology, Remofirst, Safeguard, SAP, Velocity, OK Coin USA, Circle Internet Group, Foris DAX**, and **Payward d/b/a Kraken**; June 18: **Revolut** and **Vensure** (the Vensure subpoena appears to be the same as the June 13 one); June 20: **Papaya**; June 24: **Oyster**; June 25: **AH Capital Management, Apple, Atlassian**, and **WhatsApp**; July 3: **Google, Salesforce, Slack, Binance,** and **Coinbase**; July 7: **International Security**; July 10: **Spark Capital, Sinai Capital, General Catalyst Group, BAM Elevate GP**. Due to their size, Deel does not attach Rippling's party and non-party discovery requests and Deel's accompanying objections here, but will provide them forthwith upon the Court's request or in formal briefing.

Hon. Lisa J. Cisneros  Joint Letter re: Limiting Discovery Pending FNC
July 29, 2025
Page 3

without **any** discovery. *See Piper Aircraft*, 454 U.S. at 258. For that reason, courts regularly block **all** discovery while an FNC motion is pending. *See, e.g.*, *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) (affirming district court's denial of discovery pending FNC motion); *de Borja v. Razon*, 835 F.App'x 184, 186 (9th Cir. 2020) (same); *see also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming district court's prevention of further discovery prior to its decision on FNC motion to dismiss RICO claim so as not to "defeat the purpose of the motion"). Here, however, Deel is not asking for such expansive protection. Instead, Deel simply requests that ***merits*** and non-party discovery be paused while the FNC Motion is pending. By definition, the FNC Motion can be decided without discovery unrelated to forum issues. Accordingly, pausing merits and non-party discovery will not impede determination of the FNC Motion, and the second part of the test is satisfied.

**Finally**, this limited protective order will "further[] the goal of efficiency for the court and litigants." *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The "purpose of the *forum non conveniens* doctrine … is to protect defendants and the federal courts from expending resources on matters having little connection to this country from litigation in an inconvenient forum." *See* Wright & Miller, 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed. May 2025 update). This inefficiency is particularly stark here, as most of the relevant discovery would have to be imported from Ireland or continental Europe, which have strict privacy laws and controls on the disclosure of information. *See Om Recs.*, 2024 WL 1772850, at *2 (staying discovery while FNC motion was pending in part because of complications posed by European data privacy laws). "[O]btaining electronic evidence like e-mails" from Deel or Rippling's Irish entities for use in this Court "can present technical challenges because of requirements in the [Irish] Data Protection Act [2018] and the European Union's General Data Protection Regulation." *Dickens v. NXP Semiconductors*, 703 F. Supp. 3d 1013, 1021 (N.D. Cal. 2023); ECF 48-1 ¶¶37-39. There is no good reason to invite these complications before Deel's FNC motion is resolved.

For all of these reasons, Deel also requests that this Court stay all response dates to discovery while it considers the issues raised in this letter.

### Rippling's Position

When a San Francisco company sues another San Francisco company in San Francisco for stealing California-developed trade secrets to target California customers, forum *non conveniens* has no application. Deel knows this, but nonetheless seeks to leverage a meritless FNC motion to delay producing discovery that will further expose its misconduct. The Court should deny Deel's request and order immediate compliance with its discovery obligations.

***Deel Agreed Not to Seek the Stay It Now Seeks.*** Deel's request should be denied because it seeks the very relief Deel previously stipulated not to pursue. On May 16, 2025, in a negotiated stipulation entered by the Court, Deel pledged that "***[n]either party will seek to stay discovery*** in connection with or while any motions to dismiss are pending." ECF 54 at 1. Yet Deel now seeks precisely that—a stay "in connection with" its pending FNC dismissal motion. Deel labels its request here as a "limit" on discovery to only FNC discovery, but it also admits the FNC motion "can be decided without discovery," exposing its true request: a complete discovery stay. Although Deel vaguely complains about the number and breadth of discovery requests, it does not challenge any specific request; the only relief it seeks is a wholesale discovery stay while Deel's FNC motion is pending. The Court should not reward parties who violate their stipulations.

***Deel Cannot Meet Its Heavy Burden for a Discovery Stay.*** Even had it not already promised to let discovery proceed, Deel cannot meet its "heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Deel fails at every step.

<u>First, Deel's FNC Motion Lacks Merit</u>. Courts take a "peek" at the merits when evaluating stay

Hon. Lisa J. Cisneros  Joint Letter re: Limiting Discovery Pending FNC
July 29, 2025
Page 4

requests. *Mlejnecky v. Olympus Imaging Am., Inc.*, 2011 WL 489743, at *8 (E.D. Cal. Feb. 7, 2011) (collecting cases). Here, even the slightest peek reveals fatal deficiencies.

Rippling, based in San Francisco, filed suit in its home forum, a choice afforded "[g]reat deference." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 66281, at *8 (N.D. Cal. Jan. 4, 2017) (Breyer, J.) (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990)). This deference becomes virtually insurmountable where, as here, defendant Deel is *also* a forum resident and the forum has "a strong connection to the subject matter of the case." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1229 (9th Cir. 2011) (abuse of discretion to afford "reduced deference" to choice of forum).

Rippling's FAC details extensive connections to California. Deel used stolen information to target Bay Area customers. FAC ¶¶ 1-12, 39, 107. Deel also used the stolen information to emulate Rippling's business and product plans—plans that Rippling's Bay Area-based employees developed here in the Bay Area. *Id.* ¶¶ 13, 193. The stolen information lives on Rippling's United States servers. *Id.* ¶¶ 67, 176. Deel conspired with two California-based former Rippling employees who took Rippling confidential information to Deel. *Id.* ¶ 27-28, 49-50. Deel also conspired with Bay Area companies such as LiquiFi to misuse other confidential information. *Id.* ¶ 25. The *only* Irish connection is that one of Deel's spies happens to be there, but he has agreed to testify in the United States case. *Id.* ¶ 153 n.37. Regardless, the physical location of a spy who was bribed by San Francisco-based Deel to steal trade secrets from its San Francisco-based competitor is no basis to refuse the victim's chosen San Francisco forum.

Deel's FNC motion cites no case dismissing on FNC grounds where both plaintiff and defendant are forum residents and a substantial part of the case is focused in that forum. And Deel's portion of this joint letter cites no case staying discovery in such circumstances either. Instead, Deel relies on three irrelevant and easily distinguishable cases lacking any factual connection to the U.S. forum, holding that district courts did not abuse their discretion by staying discovery where the operative events were centered entirely abroad. *Cheng*, 708 F.2d at 1408 (plane crash in Taiwan); *de Borja*, 835 F.App'x at 186 (case centered in the Philippines with virtually no U.S. connection); *Transunion*, 811 F.2d at 129 (same).

Second, Deel Misrepresents the Record and Irish proceedings. As detailed in Rippling's Complaint, when Rippling discovered that California-based Deel hired a spy located in Ireland to steal Rippling's trade secrets, Rippling obtained a narrow evidence preservation order in Ireland—an order Deel then actively obstructed by instructing its spy to destroy evidence. FAC ¶¶ 130-56. In its letter to Your Honor, Deel selectively quotes and misrepresents a Rippling submission to the Irish High Court, claiming that Rippling stated Ireland is "most closely connected with ... *these proceedings*" and "the correct forum to determine *this action*." ECF 48-4 ¶¶ 34, 45. But Deel conceals the rest of the *same Irish declaration* from the Court, which makes clear that "these proceedings" and "this action" refer only to the narrow Irish case involving Deel's obstruction of the Irish court's order to preserve evidence, not this comprehensive U.S. trade secret and conspiracy action. *Id.* ¶ 33 (explaining narrow scope of the Irish proceedings). Indeed, Deel omits Rippling's clear statement that "Plaintiffs *do not propose proceeding* against the intended Defendants in this jurisdiction [*i.e.*, Ireland] in respect of … the spying and theft of Confidential Information and Trade Secrets…." *Id.* ¶ 27.

To be clear, the Irish case addresses only two collateral issues that arose *after* the trade secret theft: first, Deel's destruction of evidence (after Rippling obtained an Irish court order to preserve O'Brien's phone for this U.S. case, Deel directed O'Brien to destroy it, FAC ¶ 135); and second, Deel's orchestration of related defamatory statements in Ireland, FAC ¶ 139. The Irish court will not adjudicate Rippling's trade secret claims against Deel. ECF 48-4 ¶ 27. And Deel's spy has agreed to testify *in this case* about his spying activities on Deel's behalf. FAC ¶153 n.37.

Third, Discovery Targets U.S. Information, Not Irish. Deel falsely claims "most of the relevant

Hon. Lisa J. Cisneros  Joint Letter re: Limiting Discovery Pending FNC
July 29, 2025
Page 5

discovery would have to be imported from Ireland." The truth is the opposite. Deel cannot identify **even one** Deel employee in Ireland with any relevant evidence. On the contrary, Rippling claims that Deel's CEO weaponized trade secrets stolen from Rippling by its hired spy and deployed them within its Sales, Product, and Marketing teams to unfairly compete against Rippling. Determination of exactly how Deel distributed its stolen loot for use by its workforce implicates predominantly U.S. based evidence, as a LinkedIn search reveals **hundreds** of Deel executives, directors, and managers in the United States, and more than 100 in the Bay Area alone. Ex. 1. As to documents, Rippling seeks information about Deel's marketing, business plans, and customer communications. Deel makes no argument that any of this evidence is in Ireland. Nor could it—Deel's counsel admitted on the parties' July 9th meet and confer that Deel has a data server in the United States and can access Deel's corporate documents from here. Deel's "privacy law" argument is makeweight; it makes only generic references to regulations but articulates no specific impediment under privacy laws that will prevent Deel—a U.S. company with U.S. employees and servers—from producing information here.

Third-party discovery is equally U.S.-focused. Rippling seeks discovery from nine competitors that Deel's spy has confirmed, under oath, that Deel's CEO instructed him to target within Rippling's systems. FAC ¶ 167. Six are located in the United States, none in Ireland. Rippling also seeks information from U.S.-based cryptocurrency exchanges about Deel's bribery payments to O'Brien. Indeed, when Rippling initially sought discovery from one exchange (Revolut) in Ireland, Revolut told Rippling that its *U.S. entity* holds the requested information. Ex. 2 ¶ 1, 4. Another exchange, San Francisco-based Kraken, was prepared to produce information until counsel for the Individual Defendants interfered, citing Deel's *then-forthcoming* motion to stay. Ex. 3. Rippling further discusses the third-party subpoenas in the companion joint letter.

<u>Fourth, No Stay Is Warranted Under Any Standard</u>. Although the Ninth Circuit "has not announced a clear standard against which to evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion," *Mlejnecky*, 2011 WL 489743, at *6, Deel fails under any test. It is not entitled to a stay under the *Om Records* case it cites. Deel does not meet the first *Om Records* factor because even if Deel's motion to dismiss is granted, Rippling may be granted leave to amend. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (finding first prong not met due to potential leave to amend). As to the second factor, Deel contends no discovery is needed to resolve its FNC motion only because it knows that **any** discovery—whether forum- or merits-focused—will further demonstrate the Bay Area ties underlying Rippling's claims. While Deel's motion can certainly be denied without any additional evidence, the discovery Rippling is seeking will no doubt reveal numerous additional Bay Area connections.

Even if Deel could satisfy *Om Records'* threshold requirements, the Court should deny a stay based on the lack of prejudice to Deel and the clear prejudice to Rippling. *Om Recs.*, 2024 WL 1772850, at *2 (courts **"may"** issue a stay after considering other factors, such as prejudice to the parties). Unlike the foreign defendants in *Om Records* who challenged personal jurisdiction, Deel is a Delaware corporation with its principal place of business in San Francisco. It does not contest jurisdiction and cannot show prejudice.

Conversely, a stay would severely prejudice Rippling—"justice delayed is justice denied." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). If the stay is granted, Rippling would receive no discovery until after the September 19, 2025 hearing. ECF 54. That is nearly four months after Rippling first served discovery on May 30. Since then, Deel has produced nothing except blanket objections and woefully deficient initial disclosures designed to bolster its FNC position by refusing to disclose numerous U.S.-based witnesses. The Court should not reward this gamesmanship.

The Court should deny Deel's request and order Deel to respond to discovery within 14 days.

Hon. Lisa J. Cisneros  　　　　　　　　　　Joint Letter re: Limiting Discovery Pending FNC
July 29, 2025
Page 6

　　　　　　　　　　　　　　　　　Respectfully submitted,

*/s/ Jason D. Russell*　　　　　　　　　　*/s/ Joseph C. Sarles*
Jason D. Russell　　　　　　　　　　　　Joseph C. Sarles
Attorneys for Defendant Deel　　　　　　Attorneys for Plaintiff Rippling

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Jason D. Russell*
Jason D. Russell