# EXHIBIT 2



Matheson LLP
**By Email Only:** RipplingTeam@matheson.com,
Julie.murphy-oconnor@matheson.com and
Karen.Reynolds@matheson.com

| | | |
|---|---|---|
| 10 April 2025 | Our Ref: KNO/RDU/REVO01/0004 | Your Ref: JMC/KRE 671897-7 |

**Our Client:** Revolut Bank UAB ("Revolut Bank")
**Your Clients:** People Center, Inc. t/a Rippling and Rippling Ireland Limited (together, "Rippling")
**Matter:** People Center Inc D/B/A Rippling and Rippling Ireland Limited -v- Revolut Bank UAB
**Record No.:** H.P.2025.1716

Dear Colleagues,

We refer to the above matter and to recent correspondence, in particular, to our letter of 4 April 2025.

Without prejudice to our client's right to deliver a replying affidavit, if necessary, we note the following in relation to your client's application for Norwich Pharmacal type reliefs (the "**Application**") which is returnable this morning Thursday, 10 April 2025. In summary, we respectfully suggest that the Application would be more appropriately directed to Revolut Technologies Inc. in the United States.

1. The crux of the Application is to seek orders verifying the identity of the Revolut holder tag ("albao3cg3" / "Alba Basha") (the "**Sender**") which sent a payment to Mr Keith O'Brien, as identified in the Revolut Transfer Confirmation exhibited to the affidavit of Vanessa Wu, sworn on 1 April 2025 (the "**Transaction**").

2. We note that Rippling seeks an order granting it permission to use any documents in the ongoing "US Proceedings" and "Irish Proceedings" (as both defined in the affidavit of Ms Wu) and any further proceedings that it may take against the Sender.

3. For various reasons, including reasons concerning confidentiality, privacy and data protection, Revolut Bank cannot voluntarily disclose information concerning an individual account holder. Revolut Bank makes no comment in respect of the allegations of wrongdoing at issue. We note that the onus is on Rippling to demonstrate that it meets the threshold for the granting of the orders it seeks. The following comments are, therefore, intended by way of general observation on the Application and do not in any way seek to comment on, or disclose information relating to, any individual account holders.

**A** Warrington House Mount Street Crescent Dublin 2 D02 R256    **DX** 179 007 Ballsbridge 2    **T** +353 1 212 0400    **F** +353 1 212 0401    **E** law@AMOSS.ie    **W** www.AMOSS.ie

**Partners**  Alan **A**dams, Dan **M**urphy, John **O'S**ullivan, Gavin **S**imons, Bríd McCoy, Mary Coffey, Joan Maclean, Killian Morris, Claire McCormack, Jerry Burke, Eoin Thomas McGuinness, Áine Gleeson, Kyle Nolan, Gráinne Adams, Andrea de Courcey, Eoin Mackessy, Hazel Ruane
**Consultants**  Aileen Cosgrove, Billy Parker, Fergus Hennessy
**Solicitors**  Grace Burrowes, Lisa Danso, Rebecca Duke, Jessica Dunphy, Emer Fitzhenry, Eleanor Flynn, Olga Gaffney, Denise Howlin, Joe Kane, Richie Leahy, Ciara McDonough, Ruairi O'Malley, Barry O'Reilly, Aislinn Power, Conor Rock, Geoffrey Rooney, Eimear Rothwell
**VAT No**  9822355C



4. The account for the Sender of the Transaction is associated with Revolut Technologies Inc. ("**Revolut Technologies**"), as opposed to Revolut Bank. Revolut Technologies is a corporation incorporated in Delaware, with a registered agent address c/o Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.Revolut Technologies is headquartered in New York City with an address at 107 Greenwich Street, 20th Floor, New York, NY 10006.

5. Revolut Technologies is a technology services provider and a program manager for a prepaid card program, where cards are issued by a bank partner. As program manager, it holds documents and information provided by account holders, including their names and addresses as well as any account opening documents and banking details provided to Revolut Technologies. Any account held with Revolut Technologies is governed by the terms, conditions and policies that apply as between the account holder and Revolut Technologies (and any relevant partner institutions) and the applicable laws of the United States, including as regards privacy and data protection.

6. Revolut Bank notes the averment at paragraph 27 of Ms Wu's affidavit that Revolut Bank will (at a minimum) be able to identify the Revolut entity that can provide the information and documentation sought. Revolut Bank, therefore, respectfully suggests that Revolut Technologies is the appropriate entity and that Rippling seeks such information and documentation from Revolut Technologies in the United States in accordance with US law and procedures. In that regard, Revolut Bank understands that Rippling has mechanisms available to it in the United States to seek such information, including in the US Proceedings, without the need to resort to burdensome cross-border discovery proceedings. It also anticipates that Revolut Technologies will not object to a similar request being made by Rippling in the United States, provided that it is duly made in compliance with the relevant laws and procedures.

7. Revolut Bank would not object to an order directing it to disclose the payment confirmation generated by the Revolut Bank account holder. However, that information is in the Plaintiffs' possession already. On that basis, we respectfully suggest that there is little point in pursuing an order in those terms.

Yours faithfully,

**AMOSS LLP**