UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEEL, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02576-CRB   (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 99, 100 |

The Court has reviewed the parties' Discovery Letters filed July 29, 2025. ECF Nos. 99, 100.

The Court agrees with Plaintiff that the parties' stipulation that "[n]either party will seek to stay discovery in connection with or while any motions to dismiss are pending," ECF Nos. 53, 54, bars Defendant Deel Inc.'s request to limit discovery to the subject matter of Deel's Motion to Dismiss for forum non conveniens (ECF No. 88) until after that motion is resolved. *See* ECF No. 99. That request is therefore DENIED. This resolves ECF No. 99.

The second Letter concerns wide-ranging disputes over a large number of subpoenas. ECF No. 100. The parties appear to disagree over basic questions of the scope of the subpoenas, such as whether certain questions are limited to metadata. The Court expects such disagreements to be resolved through the meet-and-confer process that the parties have already engaged in as required by this Court's Standing Order. The parties are ORDERED to meet and confer further, *in person* in San Francisco, no later than August 7, 2025 regarding the subpoena disputes, including specifically (but not limited to) their disagreements over the scope of the subpoenas. If Plaintiff believes the subpoenas are narrower than Deel contends, the Court expects that Plaintiff will agree to limit the subpoenas to that narrower scope.

The scope of the parties' disputes may require more extensive briefing than can be

presented in a five-page joint letter. If disputes regarding the subpoenas remain unresolved, Deel may file a motion no later than August 13, 2025 consistent with Civil Local Rule 7-2, except that: (1) the motion and opposition shall be limited to fifteen pages, and the reply shall be limited to ten pages; and (2) the opposition shall be filed no later than one week after the motion, and the reply shall be filed no later than three business days after the opposition. That motion may not include arguments regarding burden to the subpoena recipients, which the recipients are themselves capable of raising if they see fit. In light of the stipulation discussed above, the motion also may not include arguments that discovery should be deferred until after one or more of Deel's pending substantive motions are resolved.

For now, Deel's request to quash or limit the subpoenas is DENIED without prejudice to any argument that Deel might raise in a motion as discussed above. This resolves ECF No. 100.

The recipients of the subpoenas at issue are ORDERED not to provide documents or testimony in response to the subpoenas until these disputes are resolved. Plaintiff is ORDERED to provide a copy of this Order to the subpoena recipients no later than August 1, 2025. If Deel does not file a motion by August 14, 2025, or if the motion only addresses a subset of the subpoenas currently at issue, the recipients may respond to any subpoena that is not the subject of such a motion.

**IT IS SO ORDERED.**

Dated: July 31, 2025

LISA J. CISNEROS
United States Magistrate Judge