**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Alex Spiro (*pro hac vice*)
alexspiro@quinnemanuel.com
Maaren A. Shah (*pro hac vice*)
maarenshah@quinnemanuel.com
Samuel Nitze (*pro hac vice*)
samuelnitze@quinnemanuel.com
Scott Hartman (*pro hac vice*)
scotthartman@quinnemanuel.com
Dominic Pody (*pro hac vice*)
dominicpody@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, NY 10016
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Joseph Sarles (CA Bar No. 254750)
josephsarles@quinnemanuel.com
Kathleen S. Messinger (CA Bar No. 329983)
kathleenmessinger@quinnemanuel.com
865 S Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>          Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>          Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**RIPPLING'S OPPOSITION TO DEEL'S MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>Compl. Filed:     March 17, 2025<br>Am. Compl. Filed: June 5, 2025<br>Judge:          Hon. Charles R. Breyer<br>Courtroom:      6<br>Hearing Date:    September 19, 2025<br>Hearing Time:    10:00 a.m. |

## SUMMARY OF ARGUMENT

As required by this Court's Standing Order, Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") provides the following summary of argument.  Rippling opposes the motion of Defendant Deel Inc. ("Deel") seeking attorneys' fees pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  This Court should deny Deel's motion for the following reasons:

- Deel is not entitled to fees because it did not prevail on its prior motion to strike the Complaint (ECF 50), which the Court never ruled upon and which was mooted by the filing of the First Amended Complaint ("FAC").  *See infra*, Argument § I.A.  That Rippling did not re-assert its claim under the California Uniform Trade Secrets Act ("CUTSA") in the FAC does not mean Deel prevailed in its motion to strike the CUTSA claim.  *Evans Hotels, LLC v Unite Here! Local 30*, 2025 WL 17120, at *3-4 (9th Cir. Jan. 2, 2025) (movant not prevailing party if "there is a determination that that party achieved no practical benefit from bringing the motion"); *Burgoyne v. Kronenberger*, 2013 WL 12173923, at *1 (N.D. Cal. Jan. 18, 2013); *Brown v. Elec. Arts, Inc*., 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010).  Nothing of substance changed due to the omission of the CUTSA claim because Rippling's corresponding claim under the Defend Trade Secrets Act ("DTSA") remains in the case.  As a result, Deel faces the same factual allegations, the same claim, and the same potential judgment now as it did before Rippling elected not to bring its CUTSA claim, and thus Deel achieved no practical benefit from bringing the motion.  *See Moran v. Endres*, 135 Cal. App. 4th 952, 955 (2006) ("The possible recovery against defendants did not change.  The factual allegations which defendants had to defend did not change.  The work involved in trying the case did not change.").

- Deel is not entitled to fees because its prior motion to strike was meritless, as set forth in Rippling's opposition to Deel's second motion to strike, meaning that Deel cannot be considered the prevailing party.  *See infra*, Argument § I.B; ECF 105 ("MTS Opp.") at 8-11; *Evans*, 2025 WL 17120, at *3-4 ("Where a plaintiff abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled

to fees and costs if it would have prevailed on the merits of its motion"); *Moore v. Liu*, 69 Cal. App. 4th 745, 752 (Cal. Ct. App. 1999) (even when plaintiff voluntarily dismisses action, "the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs").  Deel could not have succeeded on its motion because it failed to "make an initial prima facie showing" that the anti-SLAPP statute applies.  Deel has not demonstrated that any of Rippling's state law claims arise from protected activity.  Instead, Deel identifies only two paragraphs that merely provide background for how Rippling discovered Deel's use of a spy.  *Sansoe v. Ford Motor Co.*, 668 F. App'x 718, 719 (9th Cir. 2016) ("[A] defendant in an ordinary private dispute cannot take advantage of the anti–SLAPP statute simply because the complaint contains some references to speech.") (internal quotation omitted); *Park v. Bd. of Trs. of California State Univ.*, 2 Cal. 5th 1057, 1060, 1065 (2017) (distinguishing between activity that is "mere *evidence* related to liability" and "activity that *itself* is the wrong complained of") (emphasis original); *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 187 (Cal. App. Ct. 2003) ("collateral allusions to protected activity" do not implicate the anti-SLAPP statute).  In addition, because Deel did not provide the messages it asserts constituted its "protected newsgathering," the Court has no basis to conclude that those messages closely relate to a specific matter of public concern.  *FilmOn.com Inc. v. DoubleVerify Inc.*, 7 Cal. 5th 133, 149 (2019) (denying motion absent evidence that defendant was alleged to have "participated in, or furthered, the discourse that makes an issue one of public interest"); *World Fin. Grp., Inc. v. HBW Ins. & Fin. Servs., Inc.*, 172 Cal. App. 4th 1561, 1569 (2009), *as modified* (May 7, 2009) (movant failed to demonstrate protected activity where it "made no mention of the actual content of the communications at issue" and instead "erroneously identif[ied] generalities that might be derived from their speech rather than the specific nature of what they actually said and did").  Even if the anti-SLAPP statute does apply, the fee motion

should be denied because Rippling has shown that its CUTSA claim has a probability of prevailing. *See infra*, Argument § II. Deel's motion to strike is limited to challenging the legal sufficiency of the FAC, such that Rippling need only show the FAC satisfies the standard under Federal Rule of Civil Procedure 12(b)(6). *Planned Parenthood Fed'n. of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-35 (9th Cir 2018), *amended*, 897 F.3d 1224 (9th Cir 2018) ("[W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated."). The Complaint's allegations state a claim under CUTSA, and Deel's argument that Rippling did not allege reasonable steps to protect its trade secrets or that Deel directed O'Brien's efforts ignore the Complaint's well-pleaded allegations. *Palantir Techs. Inc. v. Abramowitz*, 2022 WL 2952578, at *4 (N.D. Cal. July 26, 2022); *MAI Sys. Corp. v. Peak Comput., Inc*., 991 F.2d 511, 521 (9th Cir. 1993); *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 660 (9th Cir. 2020); *United States v. Chung*, 659 F.3d 815, 825-26 (9th Cir. 2011); *VBS Distribution, Inc. v. Nutrivita Labs., Inc.*, 811 F. App'x 1005, 1009 (9th Cir. 2020); *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 996 (N.D. Cal. 2024); *Martin ex rel. Heckman v. Midwest Exp. Holdings*, 555 F.3d 806, 815-16 (9th Cir. 2009).

- In any event, Deel has failed to establish that its fees are reasonable. *See infra*, Argument § II. Deel has not provided the Court with sufficient information to determine whether its apportionment of fees to account for work only on the CUTSA portion of the anti-SLAPP motion is reasonable, particularly where the CUTSA portion of the anti-SLAPP motion overlapped entirely—largely verbatim—with Deel's argument in its original Rule 12(b)(6) motion to dismiss the DTSA claim, a federal claim for which Deel's work is not compensable under the anti-SLAPP statute. *Garrick v. Garrick*, 2024 WL 5213099, at *3 (N.D. Cal. Dec. 23, 2024) (denying fee motion where movant did "not attach any time sheets or billing records," undermining the court's ability to differentiate compensable work from

work on non-compensable federal claims). Nor is the evidence Deel has submitted sufficient to justify the fee award it seeks. *Muniz v. United Parcel Serv., Inc*., 738 F.3d 214, 222-23 (9th Cir. 2013) (rejecting fee request supported by hearsay). Deel likewise failed to provide evidence establishing that its hourly rates are reasonable in this district. *Schwarz v. Sec'y of Health & Hum. Servs*., 73 F.3d 895, 908 (9th Cir. 1995) ("[T]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.").

1

# **TABLE OF CONTENTS**

2
**Page**

3

4    PRELIMINARY STATEMENT ........................................................................................ 1

5    STATEMENT OF RELEVANT ALLEGATIONS ........................................................... 3

6    LEGAL STANDARD ....................................................................................................... 4

7    ARGUMENT ..................................................................................................................... 5

8    I.      DEEL IS NOT ENTITLED TO ATTORNEYS' FEES ........................................ 5

9            A.    Removing The CUTSA Claim Does Not Make Deel A Prevailing Party ................ 5

10           B.    Deel Would Not Have Prevailed On Its Motion To Strike ......................................... 7

11                 1.    The CUTSA Claim Did Not Arise From Any Protected Activity ................. 7

12                 2.    Deel Did Not Establish That Any Of Its Activity Is Protected ...................... 9

13                 3.    Rippling's CUSTA Claim Had A Reasonable Probability Of
                         Prevailing .......................................................................................................... 10

14
     II.     DEEL HAS FAILED TO ESTABLISH ITS FEE REQUEST IS REASONABLE ........... 13

15   CONCLUSION ................................................................................................................. 15

16
17

18

19

20

21

22

23

24

25

26

27

28

RIPPLING'S OPPOSITION TO DEEL'S MOTION FOR ATTORNEYS' FEES

1

## **TABLE OF AUTHORITIES**

2
**Page**

3
### **Cases**

4
*7EDU Impact Acad. Inc. v. You,*
5
  760 F. Supp. 3d 981 (N.D. Cal. 2024) .............................................................. 12

6
*In re Akins,*
  640 B.R. 687 (Bankr. E.D. Cal. 2022) .............................................................. 15

7
*Alta Devices, Inc. v. LG Elecs., Inc.,*
8
  343 F. Supp. 3d 868 (N.D. Cal. 2018) ........................................................... 6, 10

9
*Baffert v. Wunderler,*
  2024 WL 4808371 (S.D. Cal. Nov. 15, 2024) ................................................... 7
10

11
*Beluca Ventures LLC v. Einride Aktiebolag,*
  660 F. Supp. 3d 898 (N.D. Cal. 2023) ............................................................... 5

12
*Biden v. Ziegler,*
13
  737 F. Supp. 3d 958 (C.D. Cal. 2024) ............................................................... 8

14
*Bonni v. St. Joseph Health Sys.,*
  491 P.3d 1058 (Cal. 2021) ................................................................................ 8
15

16
*Brown v. Elec. Arts, Inc.,*
  722 F. Supp. 2d 1148 (C.D. Cal. 2010) ............................................................. 5

17
*Burgoyne v. Kronenberger,*
18
  2013 WL 12173923 (N.D. Cal. Jan. 18, 2013) ................................................. 5

19
*Cisco Sys., Inc. v. Chung,*
  462 F. Supp. 3d 1024 (N.D. Cal. 2020) ........................................................... 10
20

21
*Evans Hotels, LLC v Unite Here! Local 30,*
  2025 WL 17120 (9th Cir. Jan. 2, 2025) ......................................................... 5, 7

22
*FilmOn.com Inc. v. DoubleVerify Inc.,*
23
  439 P.3d 1156 (Cal. 2019) .............................................................................. 9, 10

24
*Garrick v. Garrick,*
  2024 WL 5213099 (N.D. Cal. Dec. 23, 2024) ................................................ 13
25

26
*Gates v. Deukmejian,*
  987 F.2d 1392 (9th Cir. 1992) ........................................................................ 13

27
*Martin ex rel. Heckman v. Midwest Exp. Holdings,*
  555 F.3d 806 (9th Cir. 2009) .......................................................................... 12
28

*Hensley v. Eckerhart,*
    461 U.S. 424 (1983) ................................................................................................. 13

*InteliClear, LLC v. ETC Glob. Holdings, Inc.,*
    978 F.3d 653 (9th Cir. 2020) ............................................................................ 6, 11

*Jordan-Benel v. Universal City Studios, Inc.,*
    859 F.3d 1184 (9th Cir. 2017) ................................................................................. 4

*Kimera Labs Inc. v. Jayashankar,*
    2023 WL 3012487 (S.D. Cal. Apr. 19, 2023) ..................................................... 10

*Knickerbocker v. Corinthian Colls.,*
    2014 WL 3927227 (W.D. Wash. Aug. 12, 2014) ................................................ 15

*Kranson v. Fed. Express Corp.,*
    2013 WL 6503308 (N.D. Cal. Dec. 11, 2013) .................................................... 15

*Lightning Box Games Pty, Ltd. v. Plaor, Inc.,*
    2017 WL 7310782 (N.D. Cal. Dec. 29, 2017) ...................................................... 6

*MAI Sys. Corp. v. Peak Comput., Inc.,*
    991 F.2d 511 (9th Cir. 1993) ................................................................................ 11

*Manzari v. Associated Newspapers Ltd.,*
    830 F.3d 881 (9th Cir. 2016) ................................................................................ 10

*Montera v. Premier Nutrition Corp.,*
    2022 WL 10719057 (N.D. Cal. Oct. 18, 2022) ................................................... 15

*Moore v. Liu,*
    69 Cal. App. 4th 745 (Cal. Ct. App. 1999) ...................................................... 5, 7

*Moran v. Endres,*
    135 Cal. App. 4th 952 (Cal. Ct. App. 2006) ................................................ 1, 6, 7

*Muniz v. United Parcel Serv., Inc.,*
    738 F.3d 214 (9th Cir. 2013) ................................................................................ 15

*Palantir Techs. Inc. v. Abramowitz,*
    2022 WL 2952578 (N.D. Cal. July 26, 2022) .................................................... 11

*Park v. Bd. of Trs. of Cal. State Univ.,*
    393 P.3d 905 (Cal. 2017) ................................................................................... 8, 9

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress,*
    890 F.3d 828 (9th Cir 2018), *amended,* 897 F.3d 1224 (9th Cir 2018) ................. 10

*Sansoe v. Ford Motor Co.,*
    668 F. App'x 718 (9th Cir. 2016) .......................................................................... 8

*Schwarz v. Sec'y of Health & Hum. Servs.*,
    73 F.3d 895 (9th Cir. 1995) ................................................................................. 15

*Trujillo-Lopez v. City of Vallejo*,
    2022 WL 16821652 (N.D. Cal. Nov. 8, 2022) ........................................................ 7

*United States v. Chung*,
    659 F.3d 815 (9th Cir. 2011) ............................................................................... 12

*VBS Distrib., Inc. v. Nutrivita Labs., Inc.*,
    811 F. App'x 1005 (9th Cir. 2020) ...................................................................... 12

*World Fin. Grp., Inc. v. HBW Ins. & Fin. Servs., Inc.*,
    172 Cal. App. 4th 1561 (Cal. Ct. App. 2009), *as modified* (May 7, 2009) ................ 9

## **Statutes**

18 U.S.C. § 1836 ................................................................................................................ 6

Cal. Civ. Code § 3426.1 ................................................................................................ 2, 10

Cal. Civ. Code § 3426.3 .................................................................................................... 6

Cal. Civ. Proc. Code § 425.16(b)(1) ................................................................................. 4

## **Rules**

Local Rule 54-5(b)(2) ............................................................................................... 13, 15

Rule 12(b)(6) .......................................................................................... 2, 3, 4, 10, 13, 14

RIPPLING'S OPPOSITION TO DEEL'S MOTION FOR ATTORNEYS' FEES

1

## PRELIMINARY STATEMENT

2          As Rippling explains in opposing Deel's **second** anti-SLAPP motion (ECF 105), this case

3    has nothing to do with journalism or free speech and certainly is not about punishing activity

4    protected by the anti-SLAPP statute.  Instead, it is about corporate espionage—directed by Deel at

5    the highest levels.  Rippling seeks to hold Deel accountable for that misconduct, not any protected

6    newsgathering or speech.

7          Nothing evinces the abusive nature of Deel's barrage of motions more than this one: a

8    request for attorneys' fees based on a meritless anti-SLAPP motion that never achieved anything.

9    Deel insists it is automatically the "prevailing party" simply because Rippling, while amending its

10   Complaint to expand allegations of Deel's subterfuge, elected not to re-plead its California Uniform

11   Trade Secrets Act ("CUTSA") claim.

12         But courts do not award fees based on superficial formalism; they do so on substantive rights.

13   Rippling's decision to streamline the Complaint by omitting the CUTSA claim—which merely

14   duplicates the federal Defend Trade Secrets Act ("DTSA") claim that remains in the First Amended

15   Complaint (ECF 57, "FAC")—conferred no meaningful or practical victory on Deel.  That is

16   dispositive.  A defendant does not "prevail" under the anti-SLAPP statute merely by dint of a

17   pleading change that yields no real-world change in legal exposure.  Rather, to prevail, the

18   defendant's "victory" must meaningfully reduce the claims, allegations, or remedies at issue.  *See*

19   *Moran v. Endres*, 135 Cal. App. 4th 952, 955 (Cal. Ct. App. 2006).  Deel achieved none of that.

20   Rippling still asserts its mirror-image DTSA claim, which duplicates all the same elements of

21   CUTSA, and offers Rippling all the same remedies.  That net-zero change in exposure makes this

22   case indistinguishable from *Moran v. Endres*, in which the Court denied fees because: "The possible

23   recovery against defendants did not change.  The factual allegations which defendants had to defend

24   did not change.  The work involved in trying the case did not change."  *Id*.  Rippling's choice not to

25   re-assert its CUTSA claim provided no practical benefit to Deel, and Deel deserves no fees for

26   burdening the Court and Rippling with its meritless motion.

27         But Deel faces yet another categorical flaw with its bid for fees.  As Rippling has already

28   shown in opposing Deel's latest anti-SLAPP charade, the statute does not even apply.  As with the

-1-

1    FAC, no claim in the original Complaint can be characterized as "arising from" any protected

2    activity.  That Deel got caught because Rippling's internal communications ended up in an email

3    from an outsider who happened to be a reporter does not transform acts of espionage into protected

4    speech.  That is particularly true as to the CUTSA claim in the original Complaint, which identified

5    the specific trade secrets underlying the claim and did ***not*** include the 13 messages Deel asserts it

6    had O'Brien steal under the guise of "newsgathering."  The bottom line: Rippling sued Deel under

7    CUTSA for Deel's sprawling espionage campaign against it, not for some tangential exchange with

8    a reporter.  Because the claim did not spring from any protected activity, Deel's original anti-SLAPP

9    motion would have been denied for that reason alone.

10         Even if Deel could meet its threshold burden under the SLAPP statute, Rippling had more

11   than a reasonable probability of success on its CUTSA claim.  The actions Deel directed meet the

12   literal definition of misappropriation under California law—"[a]cquisition of a trade secret of

13   another ... by improper means," such as the "breach or inducement of a breach of a duty to maintain

14   secrecy, or ***espionage through electronic or other means***."  Cal. Civ. Code § 3426.1(a), (b)(1)

15   (emphasis added).

16         Finally, even if this Court were to entertain Deel's request for fees, its justification for the

17   amount it seeks is grossly inadequate.  The CUTSA portion of the anti-SLAPP motion overlapped

18   entirely—largely verbatim—with Deel's argument in its original Rule 12(b)(6) motion for

19   dismissing the DTSA claim, a federal claim for which Deel's work is not compensable under the

20   anti-SLAPP statute.  The opaque manner in which Deel has apportioned fees to the CUTSA-specific

21   portion of its initial anti-SLAPP motion leaves the Court without a basis to determine whether the

22   hours Deel asserts its two highest-billing attorneys spent are reasonable or even attributable to such

23   work.  In fact, the information that Deel does disclose suggests that Deel misrepresents to the Court

24   either how it staffed briefing on the first motion to strike, the hours spent on it, or that the "75%

25   haircut" it purports to give its fees was really just a trim.

26         The Court should reject Deel's fabricated victory lap and corresponding request to rubber

27   stamp its fee application.

28

RIPPLING'S OPPOSITION TO DEEL'S MOTION FOR ATTORNEYS' FEES

1

### <u>STATEMENT OF RELEVANT ALLEGATIONS</u>

2       As set forth in Rippling's contemporaneously filed oppositions to Deel's motion to dismiss

3   under Rule 12(b)(6) and second motion to strike, this case concerns an illegal enterprise run by Deel

4   CEO Alex Bouaziz and Deel CFO Philippe Bouaziz.  As relevant to this motion, on March 17, 2025,

5   Rippling commenced this action, alleging various causes of action, including claims for

6   misappropriation of trade secrets under both DTSA and CUTSA.  *See* Compl. ¶¶ 126-53; *see also*

7   ECF 104 ("MTD Opp.") at 2-4.  On June 5, 2025, Rippling amended its Complaint to add new

8   allegations and, among other things, remove the CUTSA claim while maintaining the DTSA claim.

9       Rippling alleges that Deel recruited a Rippling employee, Keith O'Brien, as a spy to steal

10   Rippling's sensitive trade secrets and confidential information.  On February 18, 2025, "an

11   investigative reporter at *The Information* contacted Rippling about a forthcoming article concerning

12   ***Deel's*** Russia related sanctions activity."  FAC ¶ 114 (emphasis added).  That request "led to the

13   exposure of [Deel's] use of the spy."  *Id.* ¶ 113.  In particular, "[t]he reporter's email then asked

14   Rippling to comment on a series of false assertions about Rippling's sanctions compliance program,

15   with each assertion referencing an internal Rippling Slack message—13 messages in total—that

16   supposedly supported or related to the assertion."  *Id.* ¶ 115.  "[T]he fact that internal Rippling Slack

17   messages (which are only available to Rippling employees) were in the possession of someone other

18   than a Rippling employee ***caused Rippling to immediately open a security investigation***."  *Id.*

19   (emphasis added).  Rippling conducted a forensic investigation and concluded that O'Brien was "the

20   source of the Shared Slack Messages referenced in the reporter's February 18, 2025 email."  *Id.*

21   ¶ 116.  O'Brien later "confirmed that Alex Bouaziz directed him to conduct these searches" and that

22   O'Brien had not had contact with the reporter, which the reporter also later confirmed.  *Id.* ¶ 117.

23   Rippling alleges that "it was Deel's activation of O'Brien for communications-related purposes that

24   allowed Rippling to make a clear and undeniable link between O'Brien and Deel while the scheme

25   was still ongoing."  *Id.* ¶ 118.

26       In the original Complaint, Rippling similarly alleged that it came to discover O'Brien's

27   wrongdoing as a result of the reporter's reference to the internal messages.  *See* Compl. ¶¶ 83-87.

28   But, unlike the FAC, the Complaint had not yet advanced the allegation that both O'Brien and the

1    reporter confirmed that O'Brien did not provide the messages to the reporter.  *See id.*; *see also* FAC

2    ¶ 117.  Deel thus brought its first motion to strike under the anti-SLAPP statute, claiming that its

3    "protected activity" was "***facilitat[ing] O'Brien's disclosure*** of Rippling's" messages to a reporter.

4    *See* ECF 50 at i, 1-2, 5-7 (emphasis added).

5        After the reporter's outreach, Rippling confirmed that Deel was behind O'Brien's spy

6    scheme through forensic analysis and a "honeypot" operation, baiting the enterprise into instructing

7    O'Brien to search for a specific "channel" in Rippling's systems created solely for the ruse.  FAC

8    ¶¶ 118-24.  Within hours of Rippling sending a letter to Philippe Bouaziz and two members of

9    Deel's legal team referencing that channel, O'Brien searched for and accessed it five times, proving

10   the enterprise directed O'Brien's spying.  *Id.* ¶¶ 122-23.

11       Deel filed several motions in response to Rippling's original Complaint, including a motion

12   to dismiss pursuant to Rule 12(b)(6) and an anti-SLAPP motion.  In Deel's anti-SLAPP motion, it

13   sought dismissal of the CUTSA claim solely based on legal sufficiency—that is, the same grounds

14   on which it sought dismissal in its Rule 12(b)(6) motion.

15                              **LEGAL STANDARD**

16       California's anti-SLAPP statute provides that a cause of action arising from an act "in

17   furtherance of the [defendant's] right of petition or free speech … in connection with a public issue

18   shall be subject to a special motion to strike, unless the court determines the plaintiff has established

19   that there is a probability that the plaintiff will prevail on the claim."  Cal. Civ. Proc. Code

20   § 425.16(b)(1).  Only "a prevailing defendant on a special motion to strike shall be entitled to

21   recover that defendant's attorney's fees and costs."  *Id.*  "To prevail on an anti-SLAPP motion to

22   strike, the defendant must first make a prima facie showing that the plaintiff's suit arises from an

23   act in furtherance of the defendant's rights of petition or free speech."  *Jordan-Benel v. Universal*

24   *City Studios, Inc.*, 859 F.3d 1184, 1188 (9th Cir. 2017).  "If the defendant makes the required

25   showing, the plaintiff must then demonstrate a probability of prevailing" on the claim.  *Id.*

26

27

28

1

## ARGUMENT

2
## I.    DEEL IS NOT ENTITLED TO ATTORNEYS' FEES

3
### A.    Removing The CUTSA Claim Does Not Make Deel A Prevailing Party

4
Deel rests its motion on the incorrect premise that Rippling's choice not to re-assert the

5
CUTSA claim makes Deel a "prevailing party" under the anti-SLAPP statute.  Because Deel

6
obtained no practical benefit as a result of either the motion or Rippling's election not to reassert its

7
CUTSA claim, however, Deel is not a "prevailing party" and thus Deel has no entitlement to any

8
fees.

9
Voluntarily dismissing a claim "neither automatically precludes a court from awarding a

10
defendant attorney's fees and costs under that section, nor automatically requires such an award."

11
*Moore v. Liu*, 69 Cal. App. 4th 745, 754 (Cal. Ct. App. 1999).  In fact, even where a motion to strike

12
is granted, the movant is not the prevailing party if "there is a determination that that party achieved

13
no practical benefit from bringing the motion."  *Evans Hotels, LLC v Unite Here! Local 30*, 2025

14
WL 17120, at *3-4 (9th Cir. Jan. 2, 2025); *see also, e.g.*, *Burgoyne v. Kronenberger*, 2013 WL

15
12173923, at *1 (N.D. Cal. Jan. 18, 2013) (movant is not a prevailing party when "'the results of

16
the motion were so insignificant that the party did not achieve any practical benefit from bringing'"

17
it) (citation omitted).  "The crucial question is one of practicality; did anything of substance

18
(technical victories notwithstanding) change in the posture of the case and the claims being lodged

19
against the defendant after it brought the special motion to strike than were in existence beforehand."

20
*Brown v. Elec. Arts, Inc*., 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010).

21
Here, nothing "of substance" changed by omitting the CUTSA claim because Rippling's

22
corresponding DTSA claim remains in the case, and thus Deel "achieved no practical benefit from

23
bringing the motion."  *Evans*, 2025 WL 17120, at *3-4.  For all practical purposes, the DTSA and

24
CUTSA claims are identical, such that Deel remains charged with misappropriation of trade secrets.

25
Courts regularly analyze DTSA and CUTSA claims together because "the elements are substantially

26
similar."  *Beluca Ventures LLC v. Einride Aktiebolag*, 660 F. Supp. 3d 898, 907 n.6 (N.D. Cal. 2023)

27

28

1    (quoting *InteliClear, LLC v. ETC Glob. Holdings, Inc*., 978 F.3d 653, 657 (9th Cir. 2020)).[1]  As

2    particularly relevant at this early stage, "[c]ourts have held that the DTSA and the CUTSA share the

3    same pleading requirements for the identification of trade secrets." *Alta Devices, Inc. v. LG Elecs.,*

4    *Inc.*, 343 F. Supp. 3d 868, 880-81 (N.D. Cal. 2018).  Both DTSA and CUTSA provide for the exact

5    same damages: actual loss, unjust enrichment, a "reasonable royalty" if neither of those is available,

6    and exemplary damages for "willful and malicious misappropriation."  Cal. Civ. Code § 3426.3; 18

7    U.S.C. § 1836.  Any damages Rippling would have received under its CUTSA claim remain

8    recoverable under its DTSA claim.  *See Lightning Box Games Pty, Ltd. v. Plaor, Inc.*, 2017 WL

9    7310782, at *11 (N.D. Cal. Dec. 29, 2017), *report and recommendation adopted,* 2018 WL 3069296

10   (N.D. Cal. Feb. 27, 2018) (declining "to recommend an additional award of $66,008 in damages

11   under the DTSA, as this would essentially constitute double recovery for the same allegedly

12   unlawful misappropriation of trade secrets" under CUTSA).  In short, Deel faces the same factual

13   allegations, the same claim, and the same potential judgment now as it did before Rippling elected

14   not to bring its CUTSA claim.

15           For this reason, Deel's motion to strike achieved no practical benefit and Deel is not a

16   prevailing party.  Deel's motion deserves the same fate as the one in *Moran v. Endres*, 135 Cal.

17   App. 4th 952, 955 (2006), in which the court affirmed the denial of fees even though the trial court

18   had stricken the plaintiffs' conspiracy claim because the rest of the claims remained.  In upholding

19   the denial of fees, the court reasoned that the defendants "obtained only the most illusory victory"

20   because "[t]he factual allegations defendants faced were not changed" and "both before and after

21   the special motion to strike, these plaintiffs had to prove commission of the torts they alleged, and

22   defendants had to defend that case." *Id.* at 954-95.  As the appellate court succinctly put it:

> defendants' motion accomplished nothing … The possible recovery against
> defendants did not change.  The factual allegations which defendants had to defend
> did not change.  The work involved in trying the case did not change … The case
> was essentially the same after the ruling on the special motion to strike as it was
> before.  The results of the motion were minimal and insignificant, fully justifying the

---

[1] The sole distinction between CUTSA and DTSA—that "DTSA applies only to misappropriations that occur or continue to occur on or after its date of enactment on May 11, 2016," *Alta Devices*, 343 F. Supp. 3d at 877—does not apply here.

1    court's finding that defendants should not recover fees.

2    *Id.* at 995.  So too here.  The Court should deny Deel's fee motion because whether the CUTSA

3    claim remains or not, Rippling's allegations, evidence, and requested relief remain the same.

4    **B.    Deel Would Not Have Prevailed On Its Motion To Strike**

5    The Court should deny Deel's fee motion for the separate reason that the first motion to

6    strike was meritless.  As discussed in more detail in Rippling's opposition to Deel's substantially

7    similar second motion to strike, Deel failed to establish that it engaged in any protected activity,

8    meaning the anti-SLAPP statute does not apply.  *See* ECF 105 ("MTS Opp.") at 2-11.  Moreover,

9    Rippling's CUTSA claim had a probability of success, independently requiring denial of the motion.

10    In order to avoid scrutiny of its first motion to strike, Deel wrongly contends that Rippling's

11    election not to plead its CUTSA claim is "all the Court needs to consider hold[ing] that Deel is the

12    prevailing party."  Mot. 5.  Not so.  As the Ninth Circuit has acknowledged, "[w]here a plaintiff

13    abandons its claims after the defendant files an anti-SLAPP motion, the defendant is entitled to fees

14    and costs *if it would have prevailed on the merits of its motion*."  *Evans*, 2025 WL 17120, at *3-4

15    (emphasis added) (citing *Moore*, 69 Cal. App. 4th at 752 (holding, even where plaintiff voluntarily

16    dismisses an action, "the trial court's adjudication of the merits of a defendant's motion to strike is

17    an essential predicate to ruling on the defendant's request for an award of fees and costs")); *see also*,

18    *e.g.*, *Trujillo-Lopez v. City of Vallejo*, 2022 WL 16821652, at *10 (N.D. Cal. Nov. 8, 2022) (a "trial

19    court must, upon defendant's motion for a fee award, rule on the merits of [a] SLAPP motion even

20    if the matter has been dismissed") (internal quotation omitted); *Baffert v. Wunderler*, 2024 WL

21    4808371, at *2 (S.D. Cal. Nov. 15, 2024) (similar).

22    Deel did not carry its burden in the first instance to establish that the anti-SLAPP statute

23    applies to the trade secret theft underlying Rippling's CUTSA claim.  Such conduct does not "arise"

24    from protected activity.  Even if it did, Deel did not carry its burden to show the protected nature of

25    statements it claims anchor Rippling's claims against Deel.

26    **1.    The CUTSA Claim Did Not Arise From Any Protected Activity**

27    Rippling's CUTSA claim was predicated solely on allegations of trade-secret theft and did

28    not rely on any allegations related to protected "newsgathering" or speech.  Deel's prior motion to

1    strike mischaracterized Rippling's claim as arising from "[g]athering information and

2    communicating it to members of the press" (ECF 50 at 5) when, in reality, only two paragraphs of

3    the 174-paragraph Complaint even related to Deel's motion to strike based on "allegations that Deel

4    facilitated O'Brien's disclosure … in the press." *Id*; Compl. ¶¶ 84, 87. But even that passing

5    reference was offered merely as background to explain how Rippling discovered there was a mole,

6    which led to the broader forensic investigation that ultimately uncovered the real wrongdoing at

7    issue in this case: Deel's corporate espionage and systematic trade theft. Rippling's CUTSA claim,

8    in short, did not "arise" from protected activity.

9        Thus, for the same reasons discussed in Rippling's pending opposition to Deel's *second*

10   motion to strike, Deel has failed to make "an initial prima facie showing that [Rippling's] claims

11   ***arise from a protected activity***." *Biden v. Ziegler*, 737 F. Supp. 3d 958, 977 (C.D. Cal. 2024)

12   (emphasis added); *see* MTS Opp. at 4-8. To avoid burdening the Court with duplicative briefing on

13   the common issues, Rippling refers the Court to the discussion of the applicable law in that

14   opposition. But, to summarize: Deel has failed to show that the CUTSA claim arises out of protected

15   activity because any allegations regarding disclosure to a reporter were merely incidental to the

16   Complaint. "California law is clear that a defendant in an ordinary private dispute cannot take

17   advantage of the anti–SLAPP statute simply because the complaint contains some references to

18   speech or petitioning activity by the defendant." *Sansoe v. Ford Motor Co.*, 668 F. App'x 718, 719

19   (9th Cir. 2016) (citation omitted). Rather, "a claim may be struck only if the speech or petitioning

20   activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some

21   different act for which liability is asserted." *Park v. Bd. of Trs. of Cal. State Univ.*, 393 P.3d 905,

22   907 (Cal. 2017) (emphasis original).

23       Here, just as with the FAC, the original Complaint made clear the incidental nature of the

24   two allegations referencing the disclosure of Rippling's internal messages to a reporter, which the

25   Complaint provided only as background to explain what led to the discovery of Deel's spy. *See*

26   Compl. ¶¶ 82-87; *Bonni v. St. Joseph Health Sys.*, 491 P.3d 1058, 1067 (Cal. 2021) (contrasting

27   allegations of acts that "supply the elements of a claim" from "incidental background"). Deel's

28   communication to a reporter was nowhere mentioned in the CUTSA cause of action or identified as

giving rise to liability.  *See* Compl. ¶¶ 140-53.  The CUTSA claim expressly rested on specifically defined trade secrets: Rippling's Sales Leads, Rippling's Sales Pipeline, Rippling's Competitive Intelligence Cards, Rippling's Implementation and Customer Support Strategies, Rippling's Customer List, and Rippling's Churn Risk List.  *Id.* ¶ 142.  Rippling did not include the 13 internal messages or their subject matter in these defined trade secrets.  *See id.*  In light of this context— which Deel's motion to strike ignored—Deel failed to carry its burden to show that the disclosure to a reporter of Rippling's internal messages is the "conduct by which [Rippling] claims to have been injured" for purposes of its CUTSA claim.  *Park*, 393 P.3d at 908.[2]

### 2.    Deel Did Not Establish That Any Of Its Activity Is Protected

Separately, for the reasons stated in Rippling's opposition to Deel's second motion to strike—which Rippling also incorporates by reference here—Deel's prior motion to strike failed to show that the anti-SLAPP statute applies at all because Deel did not even try to carry its burden to demonstrate that it engaged in any protected activity.  *See* MTS Opp. at 8-11.

As with the second motion to strike, Deel did not provide with its first motion the messages it asserts constituted its "protected newsgathering," meaning that the Court has no basis to conclude that those messages closely relate to a specific matter of public concern.  *FilmOn.com Inc. v. DoubleVerify Inc.*, 439 P.3d 1156, 1166(Cal. 2019) (denying motion absent evidence that defendant was alleged to have "participated in, or furthered, the discourse that makes an issue one of public interest"); *World Fin. Grp., Inc. v. HBW Ins. & Fin. Servs., Inc.*, 172 Cal. App. 4th 1561, 1569 (Cal. Ct. App. 2009), *as modified* (May 7, 2009) (movant failed to demonstrate protected activity where it "made no mention of the actual content of the communications at issue" and instead "erroneously identif[ied] generalities that might be derived from their speech rather than the specific nature of what they actually said and did").  Having failed to establish the exact topic of public interest that the disclosure of Rippling's message allegedly furthered, Deel failed to show that its conduct was

---

[2] That the CUTSA claim incorporated by reference all preceding allegations, including those related to the discovery of Deel's spy through interactions with the reporter, does not convert the CUTSA claim to one falling within the ambit of the anti-SLAPP laws.  *See* MTS Opp. at 6-7 (citing cases). In contrast, in each of Deel's cited cases, the plaintiff would have had no reason to sue but for the protected activity.  *See id.* at 8 (distinguishing cases).

1    in furtherance of speech regarding an issue of public interest.  *FilmOn.com*, 439 P.3d at 1166.

2              **3.      Rippling's CUSTA Claim Had A Reasonable Probability Of Prevailing**

3              Even if the anti-SLAPP statute applied, Rippling's CUTSA claim easily satisfied the second

4    step of the inquiry because Rippling was likely to prevail on the claim.

5              Deel conceded in its prior motion to strike that it brought "only a legal challenge" to

6    Rippling's claims, and thus the "reasonable probability of prevailing" test under the anti-SLAPP

7    statute's second step is the same as the Rule 12(b)(6) standard.  *See* ECF 50 at 4, 8; *Planned*

8    *Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-35 (9th Cir 2018),

9    *amended*, 897 F.3d 1224 (9th Cir 2018) ("[W]hen an anti-SLAPP motion to strike challenges only

10   the legal sufficiency of a claim, a district court should apply the [Rule] 12(b)(6) standard and

11   consider whether a claim is properly stated.").

12             "[A]ccept[ing] as true all evidence favorable to the plaintiff," *Manzari v. Associated*

13   *Newspapers Ltd.*, 830 F.3d 881, 887 (9th Cir. 2016) (citation omitted), Rippling demonstrated it had

14   stated a CUTSA claim.  Rippling pleaded each element of its CUTSA claim: "(1) [Rippling] owned

15   a trade secret; (2) [Deel] misappropriated the trade secret; and (3) [Deel's] actions damaged

16   [Rippling]." *Alta Devices*, 343 F. Supp. 3d at 877.  Rippling's Sales and Marketing Trade Secrets,

17   including sales leads, prospective clients, information on competitors' products and strategies, and

18   customer support strategies, are classic trade secrets.  Compl. ¶¶ 19-38; *Cisco Sys., Inc. v. Chung*,

19   462 F. Supp. 3d 1024, 1049 (N.D. Cal. 2020) (trade secrets included documents containing "market

20   and strategy data," "product strategies and other financial data," and "business information").

21   Deel's use of O'Brien as a spy is textbook misappropriation because CUTSA defines

22   misappropriation as "[a]cquisition of a trade secret of another … by improper means," which

23   includes the "breach or inducement of a breach of a duty to maintain secrecy, or ***espionage through***

24   ***electronic or other means***."  Cal. Civ. Code § 3426.1(a), (b)(1) (emphasis added); *see also Kimera*

25   *Labs Inc. v. Jayashankar*, 2023 WL 3012487, at *4 (S.D. Cal. Apr. 19, 2023) ("[B]y providing the

26   Court with 'exactly how Defendants improperly obtained … the alleged trade secret[s],' Plaintiff

27   has plausibly pleaded trade secret misappropriation.") (citation omitted).    Lastly, Deel's

28   misappropriation has harmed Rippling, denying Rippling competitive advantages acquired through

1  substantial investment, poaching potential customers, and forcing Rippling to hire forensic

2  investigators and cybersecurity vendors.  Compl. ¶¶ 108-09.

3      Deel's argument in its prior motion to strike that "there simply cannot be any trade secret

4  about ongoing illegality," ECF 50 at 10, is a strawman.  The trade secrets that Deel stole have

5  nothing to do with any "ongoing illegality," nor does any basis exist to conclude from the

6  Complaint's allegations that Rippling engaged in any illegality.  Rather, Deel stole Rippling's "sales

7  leads, sales pipeline, and its entire playbook for pitching prospective clients."  Compl. ¶ 1.  And the

8  Complaint again belies Deel's further argument that Rippling did not "plausibly allege[] … that

9  Deel received anything at all of any commercial value from O'Brien."  Mot. 5-6.  The Complaint

10 alleges that these trade secrets boosted "Deel's Sales and Marketing functions to target [Rippling's]

11 [sales] leads and pipeline," including the loss of at least one prospective customer.  Compl. ¶¶ 1, 68

12 (connecting O'Brien's theft of trade secrets on "Prospect B" with Deel's poaching of that

13 prospective customer).

14      Deel's argument (ECF 50 at 10-13) that Rippling did not take "reasonable steps" to protect

15 its trade secrets again ignores conspicuous and particularized allegations in the Complaint.  Further,

16 the sufficiency of Rippling's allegations on reasonable measures to protect its trade secrets are not

17 appropriately challenged at the pleading stage.  *Palantir Techs. Inc. v. Abramowitz*, 2022 WL

18 2952578, at *4 (N.D. Cal. July 26, 2022) ("Whether a company has taken reasonable efforts to

19 protect its trade secrets is a 'quintessentially fact-specific' inquiry," which is not to be resolved at

20 the pleading stage.) (collecting cases).  Even if ripe for challenge at the pleading stage, Rippling's

21 detailed allegations of protective controls safeguarding its trade secrets plainly suffice.

22      The Complaint identifies several contractual confidentiality restrictions, including

23 Rippling's employee confidentiality agreements and its Global Employee Handbook.  Compl. ¶ 143.

24 When an employer "require[s] its employees to sign confidentiality agreements respecting its trade

25 secrets," it has taken "reasonable steps to insure the secrecy to this information as required by

26 [C]UTSA."  *MAI Sys. Corp. v. Peak Comput., Inc*., 991 F.2d 511, 521 (9th Cir. 1993); *InteliClear*,

27 978 F.3d at 660 ("Confidentiality provisions constitute reasonable steps.").  The out-of-circuit

28 precedent on access restrictions that Deel cited (ECF 50 at 11-12) is neither binding nor applicable.

In addition, the Complaint describes Rippling's restriction of Slack access to only "active employees and certain contractors that are providing services to Rippling for a particular purpose" and adherence to a need-to-know practice for employees to access only Slack channels "pertain[ing] specifically to their job function."  Compl. ¶ 43; *United States v. Chung*, 659 F.3d 815, 825-26 (9th Cir. 2011) ("oral and written understandings of confidentiality" qualify as "reasonable measures" to keep information confidential).  Further, the Complaint details Rippling's exacting employee IT security requirements, including password protections and multi-factor authentication to use a personal device.  Compl. ¶ 44; *VBS Distrib., Inc. v. Nutrivita Labs., Inc.*, 811 F. App'x 1005, 1009 (9th Cir. 2020) (confidentiality agreements and "password protected" computers constitute reasonable measures); *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 996 (N.D. Cal. 2024) (multi-factor authentication for remote access, confidentiality agreements, and data use policies constitute reasonable measures).  Rippling's referenced measures thus are reasonable for "a modern technology company of its size."  Compl. ¶ 41; *Martin ex rel. Heckman v. Midwest Exp. Holdings*, 555 F.3d 806, 815-16 (9th Cir. 2009) (holding "expert testimony ... should be admitted so a factfinder might determine what reasonable care means" in particular case).

Deel's argument that Rippling did not "plausibly allege[] Deel directed O'Brien's actions" is likewise belied by the Complaint.  ECF 50 at 9-10.  Slack logs demonstrate O'Brien repeatedly searched for information *only known* to top Deel executives.  In particular, Rippling's "honeypot" trap provided powerful and immediate confirmation that O'Brien was under the direct control of Deel's top leaders.  After Rippling planted the Slack channel name "d-defectors" as bait in a letter to Deel's executives and legal counsel, O'Brien accessed the channel just hours later.  Compl. ¶¶ 93-100.  Further, O'Brien's browser history reveals he searched for the email address alex@deel.com, belonging to Deel's CEO, in December 2024.  *Id.* ¶ 89.  Such allegations, combined with O'Brien's criminal flight from Irish court investigators, *id.* ¶¶ 100-07, suffices to plead that Deel directed O'Brien's activities.  And, of course, later forensic evidence confirmed Deel's involvement—meaning that Rippling's decision not to plead its CUTSA claim against Deel had nothing to do with any inability to show Deel's involvement.

For all of these reasons, Deel would not have prevailed on its anti-SLAPP motion.

1  **II.      DEEL HAS FAILED TO ESTABLISH ITS FEE REQUEST IS REASONABLE**

2          Finally, even if the anti-SLAPP law applied, and even if Deel would have prevailed on its

3  anti-SLAPP motion, the Court should deny Deel's fee request because Deel lacks any support for

4  its apportionment of fees to the CUTSA portion of the anti-SLAPP motion.

5          "The party seeking an award of fees should submit evidence supporting the hours worked

6  and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce

7  the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Local Rule 54-5(b)(2)

8  requires "declarations" that contain "a summary of the time spent by each person" for whom fees

9  are claimed "and a statement describing the manner in which time records were maintained."

10 N.D.Cal. L.R. 54-5(b)(2).  "The starting point for determining a reasonable fee is the 'lodestar'

11 figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."

12 *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "The fee applicant bears the burden of

13 documenting the appropriate hours expended in the litigation and must submit evidence in support

14 of those hours worked."  *Id.*  Hours that were "not reasonably expended" should be excluded,

15 including any that are "excessive, redundant, or otherwise unnecessary."  *See id.* (quoting *Hensley*,

16 461 U.S. at 433-34).

17         Here, Deel seeks reimbursement for nearly 30 hours of work it claims to have spent on

18 researching and drafting the CUTSA portion of its motion to strike, but Deel's supporting

19 declaration conspicuously does not aver that its attorneys performed the work for which it seeks to

20 recover fees.  *See* ECF 91-1, ¶¶ 9, 12.  Mr. Russell does not submit time records as exhibits, nor

21 does he lay a foundation establishing how he apportioned time on the CUTSA portion of the anti-

22 SLAPP motion, which overlapped, largely verbatim, with Deel's argument in its Rule 12(b)(6)

23 motion for dismissal of the DTSA claim—a federal claim for which Deel's work is not compensable

24 under the anti-SLAPP statute.  *See Garrick v. Garrick*, 2024 WL 5213099, at *3 (N.D. Cal. Dec.

25 23, 2024) (denying fee motion where movant did "not attach any time sheets or billing records,"

26 undermining the court's ability to differentiate compensable work from work on non-compensable

27 federal claims); *compare* ECF 50 at 10-13 *with* ECF 49 at 10-13.

28         Because of this complete overlap, the Court has no basis to conclude whether the hours

1   counsel claims to have spent on drafting the CUTSA portion of the motion to strike are

2   unreasonable. Deel claims that Messrs. Russel and Lloyd spent a combined 20.1 hours drafting and

3   revising the "Anti-SLAPP Motion *as to the CUTSA claim*" *only*—and that is *in addition* to the time

4   spent on legal research for the CUTSA claim. *See* ECF 91-1, ¶ 12 (emphasis added). But the

5   CUTSA argument section of the previous motion to strike occupied a total of roughly *four pages*

6   and overlapped with the Rule 12(b)(6) motion. *See* ECF 50 at 9-13; ECF 49 at 10-13. It is not

7   plausible that these four pages of argument required 20.1 hours of drafting, particularly given that

8   there was little discussion of case law or complicated legal issues and the argument primarily

9   consisted of quoting or describing, and then critiquing the adequacy of, Rippling's allegations—just

10  as Deel did in the separate Rule 12(b)(6) motion to dismiss. *See* ECF 91-1, ¶¶ 5-6, 12.

11          By withholding its billing records from the Court and concealing the broader context of its

12  fee application, Deel has provided the Court no basis to credit Deel's assertion that it has

13  "proportionally reduced the amount" of its fee request to encompass only work on the CUTSA

14  claim. Mot. 9; ECF 91-1, ¶ 9. Deel suggests that $52,051.50 is reflective of a one-fourth

15  apportionment of its fees, but notably, Deel has withheld the total amount of fees billed on the

16  motion, depriving the Court of any ability to confirm whether that amount actually reflects the "75%

17  haircut" Deel claims to have given itself. *See id.* In fact, the little information Deel does provide

18  indicates that Deel's "75% haircut" may actually be a trim. For example, it is not plausible that 23

19  hours of Mr. Lloyd's time and 6 hours of Mr. Russell's time equate to a one-fourth apportionment

20  of their time based *only on their work on the CUTSA portion of the motion*, as Deel appears to

21  suggest. *See id.* Multiplying their combined 29 hours by four results in 116 attorney hours—one

22  hour more than the claimed total of 115 hours of work on the motion *by all four attorneys who*

23  *worked on it*. That directly contradicts Deel's representation that a litigation associate and another

24  counsel worked on the motion. If it were accurate that Messrs. Lloyd and Russell's hours constituted

25  only one-fourth of the time spent on the first anti-SLAPP motion, it would *leave no time* for those

26  attorneys who Deel contends also worked on the motion. Alternatively, if it is true that Messrs.

27  Lloyd and Russell did all the work, that negates the reasonableness of the fee request because Deel

28  failed to properly staff the matter with lower-billing attorneys. *Doran*, 407 F. Supp. 2d at 1124-25.

1     Under the circumstances, Deel's documentation is inadequate to support any fee award.

2 While submitting time records is not always required, the unusual manner in which Deel has

3 documented its self-apportioned fee request fails to provide sufficient evidence for it. *See, e.g.,*

4 *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222-23 (9th Cir. 2013) (rejecting fee request

5 supported by hearsay); *Kranson v. Fed. Express Corp.*, 2013 WL 6503308, at *5 (N.D. Cal. Dec.

6 11, 2013) (declining to award fees based on attorney's hearsay declaration); *Knickerbocker v.*

7 *Corinthian Colls.*, 2014 WL 3927227, at *3 n.2 (W.D. Wash. Aug. 12, 2014) (declining to award

8 fees when supported only by another attorney's declaration that he "reviewed [the attorney's] time

9 entries"). Given that Deel has offered the barest record—thereby hampering the Court's ability to

10 assess the reasonableness of its request (*see supra*, Argument § II)—the Court should deny its

11 motion. *E.g.*, *In re Akins*, 640 B.R. 687, 719-21 (Bankr. E.D. Cal. 2022) (denying fee motion when

12 "Defendant has chosen to withhold [its] time and billing records from the court" and "limit the

13 information provided," leaving "little for the court to do, other than rubber stamp" the request).[3]

14     If nothing else, the Court should reject Deel's fee request because it has failed to establish

15 that its hourly rates of $1,705.50 and $2,137.50 are reasonable. "[T]he fee applicant has the burden

16 of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested

17 rates are in line with those prevailing in the community for similar services of lawyers of reasonably

18 comparable skill and reputation." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 908 (9th

19 Cir. 1995). Deel argues that its rates are reasonable because Rippling's counsel charges similar

20 rates. Mot. 10. If that establishes reasonableness, then Deel is foreclosed from challenging the

21 reasonableness of Rippling's rates on any future fee award. If not, then Deel has failed to establish

22 the reasonableness of its rates.

## CONCLUSION

24     For the foregoing reasons, the motion should be denied.

---

[3] If the fee request is not denied outright, Deel should be required, at a minimum, to "refile its motion with contemporaneous time records," as provided by Local Rule 54-5(b)(2). *Montera v. Premier Nutrition Corp.*, 2022 WL 10719057, at *4 (N.D. Cal. Oct. 18, 2022) (requiring production of records where "the declarations submitted by Plaintiff's counsel are 'insufficient' to conduct a fulsome lodestar analysis" because there was "simply no way to verify [them]").

1

2
Dated: August 8, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

3
By    /s/ Joseph Sarles

4

5
Alex Spiro (*pro hac vice*)
Maaren A. Shah (*pro hac vice*)

6
Samuel Nitze (*pro hac vice*)
Scott Hartman (*pro hac vice*)

7
Dominic Pody (*pro hac vice*)
295 5th Avenue, 9th Floor

8
New York, NY 10016
Telephone: (212) 849-7000

9
Facsimile: (212) 849-7100
alexspiro@quinnemanuel.com

10
maarenshah@quinnemanuel.com
samuelnitze@quinnemanuel.com

11
scotthartman@quinnemanuel.com
dominicpody@quinnemanuel.com

12

13
Joseph Sarles (CA Bar No. 254750)
Jeffrey Nardinelli (CA Bar No. 295932)

14
Kathleen S. Messinger (CA Bar No. 329983)
865 S Figueroa St., 10th Floor

15
Los Angeles, CA 90017
Telephone: (213) 443-3000

16
Facsimile: (213) 443-3100
josephsarles@quinnemanuel.com

17
jeffnardinelli@quinnemanuel.com
kathleenmessinger@quinnemanuel.com

18

19
Jeff Nardinelli (CA Bar No. 295932)

20
50 California Street, 22nd Floor
San Francisco, CA 94111

21
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

22
jeffnardinelli@quinnemanuel.com
*Attorneys for Plaintiff*

23
*People Center, Inc. d/b/a Rippling*

24

25

26

27

28