LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:   (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600

*Counsel for Defendant Deel, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**(1) DEEL'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE;**<br><br>**(2) DEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE;**<br><br>**(3) DECLARATION OF ADAM K. LLOYD; and**<br><br><u>Under Separate Cover</u>:<br><br>**(4) [PROPOSED] ORDER.**<br><br>Compl. Filed:       March 17, 2025<br>Am. Compl. Filed: June 5, 2025<br>Judge:                   Hon. Charles R. Breyer<br>Courtroom:          6<br>Hearing Date:     None set<br>Hearing Time:    None set |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, in the courtroom of the Honorable Charles R. Breyer, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco California 94102, Defendant Deel, Inc. ("Deel") will, and hereby does, move pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the July 31, 2025 nondispositive pretrial order (the "Order," ECF 101) of the Magistrate Judge in this action denying Deel's request in its July 29, 2025 Discovery Letter (the "Letter," ECF 99) to limit discovery to the subject matter of Deel's Motion to Dismiss for Forum Non Conveniens (the "FNC Motion," ECF 88) until the FNC Motion is resolved.

The Magistrate Judge denied Deel's request solely on the ground that "the parties' stipulation that '[n]either party will seek to *stay* discovery in connection with or while any motions to dismiss are pending,' ECF Nos. 53, 54, bars Defendant Deel Inc.'s request to *limit* discovery" to forum-related issues. ECF 101 at 1:14-18 (emphases added). Deel respectfully submits that the Magistrate Judge's interpretation of the parties' briefing stipulation is clearly erroneous and contrary to law, as (1) the parties did *not* agree that either party would give up its right under Federal Rule of Civil Procedure 26(b)(1) and 26(c)(1)(D) to "limit[] the scope of disclosure or discovery" to be "*proportional* to the needs of the case" at this stage, and the nearly *one hundred* facially overbroad discovery requests and *thirty-six* separate non-party subpoenas issued to date by Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") plainly are not proportional to the current needs of the case at this time; and (2) case law is clear that requiring "extensive" non-forum discovery from parties and non-parties while the FNC Motion is pending "would defeat the purpose of [that] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981).

Deel respectfully requests that the Court reverse the Order on this ground (ECF 101 at 1:14-18), and remand for the Magistrate Judge to address in the first instance the remainder of Deel's arguments as to why discovery should be limited to the subject matter of Deel's FNC Motion until that motion is resolved.

This Motion for Relief (the "Motion") is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2. It is based on the accompanying Memorandum of Points

and Authorities, the Declaration of Adam K. Lloyd ("Lloyd Decl.") and all exhibits attached thereto, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at, or in connection with, any hearing on this Motion.

DATED: August 14, 2025

                                      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                      By:      */s/ Jason D. Russell*
                                                 JASON D. RUSSELL
                                         *Attorneys for Defendant Deel, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rippling's First Amended Complaint ("FAC") asserts racketeering and trade secret claims against Deel, based primarily on the alleged acts of an Irish citizen employed by Rippling's Irish subsidiary in Dublin, who allegedly stole Rippling's alleged "confidential" information "from Ireland," and then allegedly communicated from Dublin to Deel's foreign-based executives allegedly to obstruct ongoing Irish proceedings initiated by Rippling and Rippling Ireland in Dublin. *See, e.g.*, ECF 57 ¶¶ 2 nn.1-2, 67, 130-156, 175-80, 195. Deel's FNC Motion to dismiss Rippling's FAC in favor of proceedings in Ireland is currently set for a hearing before the Court on September 19, 2025. *See generally* ECF 88.

The law is clear that requiring "extensive" discovery while an FNC motion is pending "would defeat the purpose of [that] motion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981). For this reason, courts regularly stay *all* discovery while an FNC motion is pending. *See, e.g.*, *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983) (affirming district court's denial of discovery pending FNC motion); *de Borja v. Razon*, 835 F.App'x 184, 186 (9th Cir. 2020) (same); *Om Recs., LLC v. OM Developpement, SAS*, No. 23-CV-04506-JSW, 2024 WL 1772850, at *2 (N.D. Cal. Apr. 23, 2024) (same, where "Plaintiff propounded extensive discovery requests, including eighty-four requests for production"). Other courts have granted protective orders that allow only *limited* discovery "that is narrowly tailored to the question of forum non conveniens." *Vivendi, S.A. v. T-Mobile USA, Inc.*, No. C06-1524JLR, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007); *Fitzgerald Texaco, Inc.*, 521 F.2d 448, 451 n.3 (2d Cir. 1975) (affirming limitation on merits discovery while district court was considering *forum non conveniens* motion and noting that "a motion to dismiss for forum non conveniens does not call for a detailed development of the entire case"); *accord* Charles A. Wright & Arthur R. Miller, 14D Federal Practice & Procedure Jurisdiction § 3828 & n.33 (4th ed. May 2025 update) (collecting 22 more cases staying discovery entirely or limiting discovery to forum-related issues, noting the "purpose of the *forum non conveniens* doctrine … is to protect defendants and the federal courts from expending resources on matters having little connection to this country from litigation in an inconvenient forum.").

It was against this legal backdrop that, when Rippling decided to amend its original March 17, 2025, complaint in the face of Deel's original April 25 motions to dismiss (which included an FNC motion), Deel agreed on May 16 that it would not "seek to *stay* discovery in connection with or while any

motions to dismiss [Rippling's amended complaint] are pending." ECF 54 at 1:25-26. But in agreeing to not seek an outright stay of discovery, Deel did not give up its fundamental right under Federal Rule of Civil Procedure 26(b)(1) and 26(c)(1)(D) to "*limit*[] the scope of disclosure or discovery to certain matters" to be "*proportional* to the needs of the case" while any FNC motion was pending. To the contrary, pursuant to the above authority, Deel expected that Rippling would propound limited and reasonable forum-related discovery, which Deel would not have objected to pursuant to the parties' stipulation. But Rippling's discovery requests have been unreasonable by any measure, and especially so in light of Deel's FNC Motion. Yet the Magistrate Judge denied Deel's request to enter a protective order to temporarily limit discovery to forum-related issues to be proportional to the needs of the case solely on the basis of Deel's May 16 stipulation that it would not seek an outright "stay" of discovery. ECF 101 at 1:14-18.

## **BACKGROUND**

On May 30, Rippling served Deel with nearly 100 facially overbroad and unduly burdensome discovery requests: 87 Requests for Production ("RFP") and 9 Interrogatories (many of which are compound and contain subparts, making the true number of Interrogatories to be at least 30, which is in excess of Rule 33(a)(1)'s 25-question limit), seeking huge quantities of information untethered to Rippling's claims, let alone forum issues. For example, Rippling requests:

- "All Documents prepared by Deel relating to marketing against specific competitors, including but not limited to every version of every such Document relating to Rippling." Lloyd Decl. Ex 1. at 94:12-13 (RFP 44).

- "All business formation Documents, business plans, and solicitations of investment capital for Deel." *Id.* at 116:26-27 (RFP 55).

- "Documents sufficient to Identify every employee hired by Deel from a competitor." *Id.* at 126:24 (RFP 60).

- "[That Deel] [i]dentify each actual or potential client or customer whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such client or customer, state: (i) the date of each initial communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact information for the potential client or customer; and (iv) the substance of each

such initial communication." *Id.* Ex 2 at 23:15-19 (Interrogatory 7).

Then, beginning on June 6, Rippling began serving subpoenas on non-parties (36 to date).[1] These include at least fifteen subpoenas issued to many of Deel's competitors or partners that contain sixteen separate requests for information fishing around for a host of information irrelevant to Rippling's claims against Deel or Deel's objections to proceeding in this forum instead of Ireland. *See, e.g.*, Lloyd Decl. ¶ 9 & Ex. 3 at 8:27-28 (demanding information about all "actual or suspected unlawful acts by Deel").

Deel served objections to Rippling's discovery on June 30, 2025, stating Deel was willing to confer on "the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss," and although Deel "will not undertake an 'extensive investigation [that] would defeat the purpose of' its FNC Motion to Stay or Dismiss or make any non-forum-related document production before such Motion is decided, Deel has no objection to beginning negotiations for custodians and search terms for information that is actually relevant to the legal claims in the FAC while the FNC Motion to Stay or Dismiss is pending, so the parties can prepare for eventual document productions after Court decides in which forum Rippling's claims will be litigated." *E.g.*, Lloyd Decl. Ex. 1 at 34:7-14; *id.* Ex. 2 at 9:18-26 (Deel's similar response to Rippling's Interrogatories). The parties have in fact begun negotiations for custodians and search terms, but Rippling continues to demand Deel substantively answer its RFPs and Interrogatories. Lloyd Decl. ¶ 6.

On July 2 and 9, 2025, the parties conferred to discuss Deel's objections and the proper scope of discovery at this stage of the proceedings. *Id.* ¶ 5. Rippling declined to enter a protective order temporarily limiting the scope of discovery to forum-related issues, and Deel filed a Notice of Discovery Dispute with this Court on July 9. *Id.*; ECF 75. The Court referred the parties to a Magistrate Judge on July 10, and on July 29, Deel and Rippling submitted to the Magistrate Judge a Joint Discovery Letter re: Deel's Intended

---

[1] Rippling has served the following subpoenas: June 6, 2025: **Workco d/b/a Toku**; June 9: **Globalization Partners**; June 13: **GoGlobal, JustWorks, Multiplier, TriNet,** and **Vensure**; June 16: **ADP, Factorial, Payzaar, Remote Technology, Remofirst, Safeguard, SAP, Velocity, OK Coin USA, Circle Internet Group, Foris DAX**, and **Payward d/b/a Kraken**; June 18: **Revolut**; June 20: **Papaya**; June 24: **Oyster**; June 25: **AH Capital Management, Apple, Atlassian**, and **WhatsApp**; July 3: **Google, Salesforce, Slack, Binance,** and **Coinbase**; July 7: **International Security**; July 10: **Spark Capital, Sinai Capital, General Catalyst Group, BAM Elevate GP**. Lloyd Decl. ¶ 7. Following Deel's separate July 29 letter brief moving to quash thirteen of these subpoenas on the grounds that they sought private personal account information for *all* of Deel's present and former employees, among others, Rippling agreed on August 13 to narrow their scope to relevant account-identifying metadata of certain named Deel employees allegedly relevant to this action, and Deel agreed not to move to quash on the grounds in its separate letter. *Id.* ¶ 8.

Motion for a Protective Order to Limit Discovery addressing this dispute. ECF 99.

On July 31, the Magistrate Judge ruled "that the parties' stipulation that '[n]either party will seek to stay discovery in connection with or while any motions to dismiss are pending,' ECF Nos. 53, 54, bars [Deel's] request to limit discovery to the subject matter of Deel's [FNC Motion] (ECF No. 88) until after that motion is resolved." ECF 101 at 1:14-18. Deel now timely files this Motion for Relief from this portion of the Magistrate Judge's order, and requests this Court remand this dispute back to the Magistrate Judge to address in the first instance the remainder of Deel's arguments as to why discovery should be limited to the subject matter of Deel's FNC Motion until that motion is resolved.

## STANDARD OF REVIEW

When a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The district court reviews the magistrate judge's factual findings for clear error and legal conclusions to determine whether they are contrary to law. *Blue Bottle Coffee, LLC v. Liao*, No. 21-CV-06083-CRB, 2023 WL 11711682, at *1 (N.D. Cal. Oct. 5, 2023) (granting motion for relief, concluding "a mistake has been committed") (Breyer, J.).

## ARGUMENT

A discovery stay is not the same as a discovery limitation, and the Magistrate Judge legally erred in concluding otherwise. Under Rule 26, discovery is *always limited* to that which is "relevant to any party's claim or defense and *proportional* to the needs of the case, considering … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). "The objective is to guard against … disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry," and "[t]he [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Lineberry v. Addshoppers, Inc.*, No. 23-CV-01996-VC (PHK), 2024 WL 4707986, at *2 (N.D. Cal. Nov. 6, 2024) (citing 2015 advisory committee notes to Rule 26(b)(1)). As such, courts may issue a protective order "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

Indeed, Rule 26 itself distinguishes between a protective order seeking to *stay* discovery and one

4

seeking to *limit* discovery. In contrast to Rule 26(c)(1)(D) allowing a Court to "*limit*" discovery, Rule 26(c)(1)(A) provides that a court may instead issue a protective order "*forbidding* the disclosure or discovery." *Id.* 26(c)(1)(A). Two different subsections of Rule 26(c)(1) deal with two different remedies, because they are two **separate** remedies. And as shown above, in the FNC context, courts also routinely distinguish between a full discovery stay and limiting discovery to forum-related issues. *Supra* at 1.

Here, Deel's May 16 stipulation may preclude it from seeking a protective order to stay all discovery under Rule 26(c)(1)(A), but it is legal error to interpret Deel's agreement to not seek a "stay" as precluding Deel from enforcing Rule 26(b)(1)'s proportionality requirement by *limiting* all discovery to forum-related issues pending resolution of its FNC Motion pursuant to 26(c)(1)(D). This error is particularly acute here, given the breadth of Rippling's party and non-party merits discovery served to date. *See PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D. Cal. 1990) (concluding that "[t]he need to reasonably limit the scope of discovery is acute for claims brought under the RICO statute" where RICO plaintiffs seek "broad discovery of documents and transactions having nothing whatsoever to do with the parties and the transaction underlying the RICO claim," and noting that "the risk that a party will attempt to use discovery to conduct a 'fishing expedition' is a significant concern" in such cases).

As shown above, Deel has at all times in good faith been willing to engage—and has in fact engaged—in discovery matters and discussions with Rippling that are proportional to the needs of the case while the Court decides whether it should even be litigated in the U.S. judicial system. *Supra* at 3. As such, the Magistrate Judge also clearly erred as a factual matter to the extent the Order denying Deel's request to limit merits discovery to be proportional to the needs of the case was based on any implied finding that Deel was in fact actually seeking a complete stay of all discovery proceedings in this case.

## CONCLUSION

For the foregoing reasons, the Court should grant Deel's Motion and remand this dispute back to the Magistrate Judge to address in the first instance the remainder of Deel's arguments as to why discovery should be limited to the subject matter of Deel's FNC Motion until that motion is resolved.

DATED: August 14, 2025

By: */s/ Jason D. Russell*
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*

5