1   DAVID R. EBERHART (S.B. No. 195474)
    deberhart@omm.com
2   CHRISTOPHER B. PHILLIPS (S.B. No. 330256)
    cphillips@omm.com
3   O'MELVENY & MYERS LLP
    Two Embarcadero Center
4   28th Floor
    San Francisco, California 94111-3823
5   Telephone:    +1 415 984 8700

6   STUART M. SARNOFF (admitted *pro hac vice*)
    ssarnoff@omm.com
7   O'MELVENY & MYERS LLP
    1301 Avenue of the Americas
8   17th Floor
    New York, New York 10019
9   Telephone:    +1 212 326 2000

10  *Attorneys for Specially Appearing Defendant*
    *Daniel J. Westgarth*
11

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16  PEOPLE CENTER, INC. D/B/A RIPPLING, a       Case No. 3:25-CV-02576-CRB
    Delaware corporation,
17                                              **SPECIALLY APPEARING**
                    Plaintiff,                  **DEFENDANT DANIEL J.**
18                                              **WESTGARTH'S NOTICE OF**
         v.                                     **MOTION AND MOTION TO**
19                                              **DISMISS FOR *FORUM NON***
    DEEL, INC., a Delaware corporation,         ***CONVENIENS* AND UNDER 12(B)(2),**
20  ALEXANDRE ("ALEX") BOUAZIZ, an              **12(B)(5), AND 12(B)(6);**
    individual, PHILIPPE BOUAZIZ, an individual, **MEMORANDUM OF POINTS AND**
21  DANIEL JOHN ("DAN") WESTGARTH, an           **AUTHORITIES**
    individual, and DOES 1 – 100,
22                                              **[Filed Concurrently: Declaration of**
                    Defendants.                 **Specially Appearing Defendant Daniel**
23                                              **J. Westgarth; Proposed Order]**

24                                              Hearing Date:   October 17, 2025
                                                Time:           10:00 a.m.
25                                              Place:          Courtroom 6 – 17th Floor
                                                Judge:          Hon. Charles R. Breyer
26

27

28

1    **<u>NOTICE OF MOTION AND MOTION TO DISMISS</u>**

2    **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

3    Please take notice that on October 17, 2025 at 10:00 a.m., before the Honorable Charles R.

4    Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled

5    Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Specially Appearing

6    Defendant Mr. Daniel J. Westgarth ("Mr. Westgarth") by and through his undersigned counsel, will

7    and hereby does move the Court for an order dismissing the First Amended Complaint ("FAC")

8    (Dkt. 57) filed by Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") pursuant to the doctrine

9    of (i) *forum non conveniens* in favor of proceeding in Ireland, (ii) Federal Rule of Civil Procedure

10    12(b)(2) for lack of personal jurisdiction, (iii) Federal Rule of Civil Procedure 12(b)(5) for

11    insufficient service of process, and (iv) Federal Rule of Civil Procedure 12(b)(6) for failure to state

12    a claim upon which relief may be granted (the "Motion").

13    Mr. Westgarth seeks dismissal, with prejudice, based upon this Notice of Motion, the

14    accompanying Memorandum of Points and Authorities, the Declaration of Specially Appearing

15    Defendant Daniel J. Westgarth ("Westgarth Decl."), any oral argument the Court may permit, and

16    all pleadings and papers on file in this action and on such other matters as may be presented to the

17    Court at or before the hearing.

18
19    Dated:  August 22, 2025                    O'MELVENY & MYERS LLP

20    DAVID R. EBERHART
21    STUART M. SARNOFF
      CHRISTOPHER B. PHILLIPS

22
23
24    By:        */s/ David R. Eberhart*
                        David R. Eberhart

25    *Attorneys for Specially Appearing Defendant*
26    *DANIEL JOHN WESTGARTH*

27
28

1

## SUMMARY OF ARGUMENT

2      Pursuant to Paragraph I(C) of this Court's Standing Order, Mr. Westgarth provides the

3  following summary of argument. This Motion seeks to dismiss Rippling's FAC for the following

4  reasons:

5   - Irish courts provide both a more appropriate and adequate alternative forum for this dispute,

6      as Mr. Westgarth and the other individual defendants would agree to submit to their

7      jurisdiction if their *forum non conveniens* motion is granted. *Piper Aircraft Co. v. Reyno*,

8      454 U.S. 235, 255 n.22 (1981); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077 (9th Cir. 2015);

9      *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 (9th Cir. 2009); *Umeda v. Tesla Inc.*,

10      2020 WL 5653496, at *5 (N.D. Cal. Sept. 23, 2020); *Herd v. Airbus SAS*, 2017 WL

11      6504162, at *2, *3 (C.D. Cal. Dec. 11, 2017); *Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d

12      766, 775, 783-84 (C.D. Cal. 2006); *Flynn v. Nat'l Asset Mgmt. Agency*, 42 F. Supp. 3d 527,

13      536-37 (S.D.N.Y. 2014); *In re Herald, Primeo, & Thema Sec. Litig.*, 2011 WL 5928952, at

14      *4, *13-14 (S.D.N.Y. Nov. 29, 2011). Both the private interest factors—including that all

15      the key witnesses and evidence are located in Ireland—and the public interest factors

16      support dismissal in favor of the Irish proceedings. *Summa Res. Holdings LLC v. Carbon

17      Energy Ltd.*, 2016 WL 2593868, at *4 (N.D. Cal. May 5, 2016); *Kleiner v. Spinal Kinetics,

18      Inc.*, 2016 WL 1565544, at *4 (N.D. Cal. Apr. 19, 2016); *Medicor AG v. Arterial Vascular

19      Eng'g*, 1997 WL 68564, at *1 (N.D. Cal. Jan. 30, 1997); *In re Air Crash*, 760 F. Supp. 2d

20      at 832, 845-47 (N.D. Cal. 2010); *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir.

21      2001). *See infra* Section II.A.

22   - Plaintiff has not established and cannot establish that the Court has personal jurisdiction

23      over Mr. Westgarth, who is a UK resident residing in Dubai since well before the filing of

24      the FAC and who has virtually no contacts with California. Because no amount of

25      repleading can alter this fact, the Court should dismiss the FAC without leave to amend.

26      *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Goodyear Dunlop

27      Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Schwarzenegger v. Fred Martin

28      Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004); *Martensen v. Koch*, 942 F. Supp. 2d 983,

992 (N.D. Cal. 2013); *Ogdon v. Grand Canyon Univ., Inc.,* 2022 WL 846973, at \*14 (E.D. Cal. Mar. 22, 2022); *Ind. Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D. Cal. 1995); *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 702 (C.D. Cal. 2022). *See infra* Section II.B.

- The Court can also dismiss this case against Mr. Westgarth because alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3) was unwarranted as it was predicated on Rippling's knowing misrepresentation that Mr. Westgarth evaded service. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Trader Joe's Co. v. Desertcart Trading FZE*, 2023 WL 3959376, at \*2 (N.D. Cal. June 12, 2023) (Breyer, J.) ("A party seeking authorization to serve under Rule 4(f)(3) . . . must 'demonstrate that the facts and circumstances of the present case necessitate the district court's intervention.'"). *See infra* Section II.C.

- Finally, the FAC fails to state a § 1962(d) RICO conspiracy claim (the only claim against Mr. Westgarth) because it does not sufficiently allege that Mr. Westgarth knowingly agreed to participate in or facilitate a § 1962(c) conspiracy or that he agreed to engage in two or more predicate acts. *See Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993); *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008); *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001). It also fails because the "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy." *Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000); 18 U.S.C. §1962(d). Plaintiff's substantive RICO claim under § 1962(c) fails for the reasons demonstrated in the motions filed by the other Defendants. *See infra* Section II.D.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ................................................................ i

SUMMARY OF ARGUMENT .................................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.      BACKGROUND ................................................................................ 1

II.     ARGUMENT .................................................................................... 2

      A.     Dismissal Is Warranted Under *Forum Non Conveniens*. ............................ 3

      B.     Dismissal Is Warranted Under 12(b)(2) for Lack of Personal Jurisdiction. ................................................................................................. 4

            1.     The Court Lacks General Jurisdiction Over Mr. Westgarth. .......... 5

            2.     The Court Lacks Specific Jurisdiction Over Mr. Westgarth........... 5

                  a.     Mr. Westgarth Did Not Direct His Activities at California.................................................................. 6

                  b.     The Claim Does Not Arise Out of Forum-Related Activities. ................................................................... 7

                  c.     Jurisdiction Over Mr. Westgarth Would Be Unreasonable.............................................................. 8

            3.     Nationwide Jurisdiction Is Unavailable. ....................................... 9

                  a.     RICO Jurisdiction is Unavailable. ..................................... 9

                  b.     Rule 4(k)(2) Does Not Provide Jurisdiction. .................... 10

      C.     Dismissal for Insufficient Service of Process Is Proper............................ 10

      D.     The FAC Fails to State a Claim for Conspiracy to Violate RICO. ........... 11

            1.     No alleged agreement to a substantive violation or to multiple predicate acts.................................................................... 11

             2.     The FAC fails plausibly to allege a substantive RICO violation. ....................................................................................... 14

III.    CONCLUSION ............................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................... 11

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,*
    223 F.3d 1082 (9th Cir. 2000) ...................................................................... 6

*Baumer v. Pachl,*
    8 F.3d 1341 (9th Cir. 1993) ........................................................... 12, 13, 14

*Bell Atlantic v. Twombly,*
    550 U.S. 544 (2007) ................................................................................... 11

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ..................................................................................... 8

*Busey Bank v. Turney,*
    2022 WL 4079462 (N.D. Ill. Sept. 6, 2022) ............................................. 13

*Cascade Yarns, Inc. v. Knitting Fever, Inc.,*
    2011 WL 1042578 (W.D. Wash. Mar. 18, 2011) ...................................... 10

*Cedric Kushner Promotions, Ltd. v. King,*
    533 U.S. 158 (2001) ................................................................................... 12

*Chicagoland Aviation, LLC v. Todd,*
    2012 WL 5948960 (N.D. Ill. June 8, 2012) ............................................. 14

*Citcon USA, LLC v. MaplePay Inc.,*
    2021 WL 1238231 (N.D. Cal. Apr. 2, 2021) ............................................. 7

*Cline v. Dan-Bunkering (Am.), Inc.,*
    2025 WL 1194076 (S.D. Cal. Apr. 23, 2025) ............................................ 4

*CytoSport, Inc. v. Cytogenix Sports Lab'ys,*
    SRL, 2010 WL 5418883 (E.D. Cal. Dec. 23, 2010) ................................... 4

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
    557 F.2d 1280 (9th Cir.1977) ...................................................................... 4

*Davis v. Metro Prods., Inc.,*
    885 F.2d 515 (9th Cir. 1989) ....................................................................... 7

*Doe v. Unocal Corp.,*
    248 F.3d 915 (9th Cir. 2001) ....................................................................... 7

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
    592 U.S. 351 (2021) ..................................................................................... 8

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,*
    284 F.3d 1114 (9th Cir. 2002) ..................................................................... 8

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.,*
    972 F.3d 1101 (9th Cir. 2020) ..................................................................... 7

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ..................................................................................... 4

*Howard v. Am. Online Inc*,
  208 F.3d 741 (9th Cir. 2000)................................................................................. 14

*In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*,
  601 F. Supp. 3d 625 (C.D. Cal. 2022)................................................................... 8, 9

*Ind. Plumbing Supply v. Standard of Lynn, Inc.*,
  880 F. Supp. 743 (C.D. Cal. 1995) ........................................................................ 10

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ................................................................................................ 6

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022)................................................................................... 5

*Marani v. Cramer*,
  2024 WL 1511329, (N.D. Cal. Feb. 2, 2024), *report and recommendation
  adopted*, 2024 WL 3740127 (N.D. Cal. Mar. 27, 2024) ........................................ 9

*Martensen v. Koch*,
  942 F. Supp. 2d 983 (N.D. Cal. 2013), *on reconsideration in part*, 2013 WL
  4734000 (N.D. Cal. Sept. 3, 2013)......................................................................... 5

*Ogdon v. Grand Canyon Univ., Inc.*,
  2022 WL 846973 (E.D. Cal. Mar. 22, 2022) .......................................................... 6

*Pareto v. F.D.I.C.*,
  139 F.3d 696 (9th Cir. 1998)............................................................................. 11, 13

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006)......................................................................... passim

*Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*,
  2012 WL 13024801 (W.D. Wash. Apr. 6, 2012) ................................................... 10

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015)................................................................................. 6

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015)................................................................................. 3

*Reiffin v. Microsoft Corp.*,
  2012 WL 1309179 (N.D. Cal. Apr. 16, 2012) ........................................................ 4

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002)................................................................................ 11

*Scanlon v. Curtis Int'l Ltd.*,
  465 F. Supp. 3d 1054 (E.D. Cal. 2020)................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004)............................................................................... 5, 8

*Shaffer v. Heitner*,
  433 U.S. 186 (1977)............................................................................................... 10

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
  549 U.S. 422 (2007)................................................................................................. 4

*Span Const. & Eng'g, Inc. v. Stephens*,
  2006 WL 1883391 (E.D. Cal. July 7, 2006) ............................................................. 5

*SPS Techs., LLC v. Briles Aerospace, Inc.*,
  2020 WL 12740596 (C.D. Cal. Jan. 17, 2020) ......................................................... 9

*Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir.1995) ...................................................................................... 5

*Trader Joe's Co. v. Desertcart Trading FZE*,
  2023 WL 3959376 (N.D. Cal. June 12, 2023) ........................................................ 11

*Tyan, Inc. v. Garcia*, 2015
  WL 13655438 (C.D. Cal. Sept. 18, 2015) .............................................................. 10

*Walter v. Drayson*,
  538 F.3d 1244 (9th Cir. 2008) ............................................................................... 12

*Williams v. Yamaha Motor Co.*,
  851 F.3d 1015 (9th Cir. 2017) ................................................................................. 5

*X Corp. v. Ctr. for Countering Digital Hate Ltd.*,
  724 F. Supp. 3d 921 (N.D. Cal. 2024) ................................................................ 6, 9

**Statutes**

18 U.S.C. § 1965(b) ...................................................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(5) .............................................................................................. 10

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 11

Fed. R. Civ. P. 4(f) ..................................................................................................... 10

Fed. R. Civ. P. 4(k)(2) ................................................................................................ 10

Fed. R. Civ. P. 8(a)(2) ................................................................................................ 11

WESTGARTH'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:25-CV-02576-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

This lawsuit does not belong in this District—especially as to Mr. Westgarth, about whom the Amended Complaint ("FAC") says next to nothing. Even if the FAC plausibly alleged adequate facts to demonstrate personal jurisdiction over him (and it does not), there can be no doubt that Ireland is the more appropriate forum for this litigation. Ireland is the primary location of the events described in the FAC and a more convenient location for all witnesses and parties. But if the Court disagrees, it nevertheless should at minimum conclude it lacks personal jurisdiction over Mr. Westgarth—a UK citizen who has lived in Dubai for years—because not a single event described in the FAC ties him to California or the United States. Alternatively, the Court could dismiss the case against Mr. Westgarth and the other individual defendants because Rippling intentionally misled the Court into approving alternative service by levelling false allegations of evading service. As Rippling had been advised at the time, Mr. Westgarth then resided in Dubai. Absent Rippling deceiving this Court about this issue, alternative service presumably would not have been ordered. Finally, the Court should dismiss this case for the independent reason that the FAC fails to state a claim against Mr. Westgarth. Indeed, Rippling appears to acknowledge as much—despite being named in one cause of action, Rippling did not deem Mr. Westgarth's alleged actions worthy of mention even a single time in its oppositions to Deel's motions to dismiss.

## I.    BACKGROUND

On March 17, 2025, Rippling filed this action against Defendant Deel, Inc. ("Deel") for, among others, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, and trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA") and California Uniform Trade Secrets Act ("CUTSA"). Dkt. 1. On June 5, Rippling filed the FAC, dropping the CUTSA claim and adding as defendants Mr. Alex Bouaziz, Mr. Philippe Bouaziz, and Mr. Westgarth (collectively, the "Individual Defendants"). Dkt. 57. Rippling alleges a single claim against Mr. Westgarth: RICO conspiracy.

The Court granted Rippling's motion for alternative service pursuant to Rule 4(f)(3), and on June 26, 2025, Rippling purported to serve Mr. Westgarth through Deel's registered agent. Dkts. 68, 70, 98. But Rippling's motion misrepresented material facts: Rippling told this Court that Mr.

Westgarth and the other Individual Defendants had "fled to either Dubai or Israel" in an effort to "evade" service. Dkt. 68 at 5. But when Rippling made that representation, it knew that Mr. Westgarth resided in Dubai: Rippling had received Deel's initial disclosures that so stated (Dkt. 68-3) and, further, Rippling had alleged that Mr. Westgarth resided there, among other places (FAC ¶19). Mr. Westgarth has resided in Dubai since June 2022 (Declaration of Dan Westgarth, ¶ 2 ("Westgarth Decl.")) and there is no evidence that Rippling ever attempted to personally serve him.

The FAC's almost non-existent factual allegations related to Mr. Westgarth—a UK citizen (Westgarth Decl. ¶ 2)—do not state a claim or establish this Court's jurisdiction.

- Rippling alleges that Mr. Westgarth recruited Rippling employees via phone calls, WhatsApp, and LinkedIn (FAC ¶¶ 97, 110, 111). The FAC does not allege any of the employees were based in the U.S. or California; to the extent the FAC alleges their locations, those locations are abroad. *Id.* ("French payroll specialists" in France); *Id.* ¶¶ 109-111 ("members of [O'Brien's] Global Payroll Operations team and Rippling's Product team"), *Id.* ¶ 111 ("talented payroll leader in Australia").

- Rippling alleges that around August or September 2024, Mr. Westgarth was connected with Keith O'Brien, to "explore a service provider arrangement" with Mr. O'Brien's "payroll consulting company called Global Payroll Geeks." FAC ¶¶ 57-58. According to the FAC, this connection culminated in a "three-way WhatsApp group chat" with Alex Bouaziz and Mr. O'Brien. *Id.* ¶¶ 8, 72. Mr. O'Brien is a resident of Dublin, Ireland and was Rippling's Global Payroll Compliance Manager. *Id.* ¶ 24. No aspect of this alleged group chat is alleged to have involved this district or the United States.

- Lastly, to the extent directed at Mr. Westgarth, Rippling alleges Mr. O'Brien received a payment from Mr. Westgarth's wife's Revolut account in November 2024. *Id.* ¶ 64.

None of these limited allegations confer jurisdiction over Mr. Westgarth in this Court, nor are they sufficient to state the single claim of RICO conspiracy against Mr. Westgarth.

## II.    ARGUMENT

The Court should dismiss the claim against Mr. Westgarth for four reasons. First, to the extent any claim against him exists (one does not), the Irish courts are the better forum. Second, the FAC fails to establish personal jurisdiction over Mr. Westgarth. Third, the FAC can be dismissed because alternative service was based on misrepresentations to the Court. And fourth, the FAC fails plausibly to state a RICO conspiracy claim because (i) it alleges no facts supporting an inference that Mr. Westgarth knowingly agreed to participate in or facilitate a RICO enterprise or commit a predicate act as required and (ii) fails for the independent reason that it states no substantive RICO claim. Because, at a minimum, repleading could not cure the FAC's jurisdictional

1    defect as against Mr. Westgarth, dismissal should be with prejudice.

2    **A.    Dismissal Is Warranted Under *Forum Non Conveniens*.**

3    Although Mr. Westgarth is not subject to personal jurisdiction in this Court, the Court need

4    not reach that issue because the case should be dismissed in its entirety pursuant to the doctrine of

5    *forum non conveniens*.[1] Mr. Westgarth joins and adopts the arguments made in the motions filed

6    by Deel and the other Individual Defendants and emphasizes the following points.

7    First, Irish courts provide an adequate alternative forum. Not only did Rippling and its Irish

8    subsidiary commence a lawsuit there based on the same facts as the FAC, but Irish courts provide

9    Rippling adequate relief on the types of claims asserted in the FAC, including RICO conspiracy.

10   Second, the evidence and the key witnesses, including Mr. O'Brien and the Individual Defendants,

11   are located in Ireland or other locations outside the United States. As it is for the other Individual

12   Defendants, Ireland is also more convenient for Mr. Westgarth given it is significantly closer to his

13   home in Dubai than the Unites States. Westgarth Decl. ¶ 6. Finally, the public interest factors weigh

14   in favor of dismissal: this District is among the busiest in the country, while courts in Ireland are

15   less crowded and more likely to result in a speedy trial. And while the two corporate parties are

16   headquartered in San Francisco, that is the sole domestic connection to the dispute. What is more,

17   Deel itself does not maintain an office or run company operations from there. Dkt. 48-2. And as

18   explained below, Mr. Westgarth has no ties to California. *See infra* Section II.B.2.a. Ireland, on the

19   other hand, has a strong interest in the dispute, including because the key player (Mr. O'Brien) is

20   an Irish citizen and allegedly carried out the relevant acts there. Irish courts agree, as that matter

21   already is being actively litigated there, so deciding the case here risks inconsistent judicial findings

22   and outcomes.

23   Mr. Westgarth joins the other Defendants' request that the Court decide the FNC issue

24   before any of the other motions to dismiss. The law so permits: "a district court has discretion to

25   respond at once to a defendant's [FNC] plea, and need not take up first any other threshold

26

---

27   [1] As Deel stated in its motion (Dkt. 88 at 12 n.5), Mr. Westgarth will consent to personal
     jurisdiction in Ireland should the Court grant the FNC motions (Westgarth Decl. ¶ 8), which
28   supports a finding that Ireland is an adequate alternative forum, because "the defendant is
     amenable to process there." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077 (9th Cir. 2015).

objection." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Where, as here, "*forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course" when it decides the FNC motion first and disposes of the case. *Id.* at 436.

### B.    Dismissal Is Warranted Under 12(b)(2) for Lack of Personal Jurisdiction.

In the event the Court does not first address and dismiss this case for *forum non conveniens*, it should be dismissed against Mr. Westgarth because this Court does not have personal jurisdiction over him. "Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction." *Reiffin v. Microsoft Corp.*, 2012 WL 1309179, at *1 (N.D. Cal. Apr. 16, 2012) (Breyer, J.). Plaintiff bears the burden of establishing that the Court has personal jurisdiction over each defendant independently. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). On a 12(b)(2) motion, the Court "may consider evidence presented in affidavits to assist it in its determination." *Reiffin*, 2012 WL 1309179, at *1. "When not directly controverted, a plaintiff's version of the facts must be taken as true, and conflicts between the facts contained in the parties' affidavits should be resolved in favor of the plaintiff." *CytoSport, Inc. v. Cytogenix Sports Lab'ys, SRL*, 2010 WL 5418883, at *4 (E.D. Cal. Dec. 23, 2010) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284–85 (9th Cir.1977)). "Once a defendant has contradicted the allegations contained in the complaint, however, a plaintiff may not rest on the pleadings, but must present evidence which, if true, would support the exercise of personal jurisdiction." *Id.*

Courts may exercise either "general" or "specific" personal jurisdiction over a foreign defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Here, the FAC's scant allegations involving Mr. Westgarth—including none that relate to California— combined with the incontrovertible facts in Mr. Westgarth's declaration, establish that this Court has neither general nor specific personal jurisdiction over Mr. Westgarth.[2]

---

[2] The Court should deny any request for jurisdictional discovery as to Mr. Westgarth as futile because additional facts tying Mr. Westgarth to California (or the United States) do not exist. *Scanlon v. Curtis Int'l Ltd.*, 465 F. Supp. 3d 1054 (E.D. Cal. 2020) (denying jurisdictional discovery when defendant provided uncontroverted evidence rebutting the plaintiff's claims); *Cline v. Dan-Bunkering (Am.), Inc.*, 2025 WL 1194076, at *5 (S.D. Cal. Apr. 23, 2025)

1.    **The Court Lacks General Jurisdiction Over Mr. Westgarth.**

General jurisdiction over a foreign defendant, such as Mr. Westgarth, requires that he have engaged in "continuous and systematic" contacts that "approximate physical presence" in the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). In short, he must be "essentially at home" in the forum state. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017). Here, Mr. Westgarth is not subject to general personal jurisdiction in this Court because he is a citizen of the United Kingdom, has lived in Dubai for the last three years, has never lived in, resided in, or owned property in California, and has not even visited California since Spring 2022. Westgarth Decl. ¶¶ 2, 4. In no way could he be deemed "essentially at home" in California (or the United States). While Mr. Westgarth conducted some limited work for Deel a few years ago while visiting California, *id.* ¶ 4, that does not alter this conclusion. *Span Const. & Eng'g, Inc. v. Stephens*, 2006 WL 1883391, at *6 (E.D. Cal. July 7, 2006) ("In case after case, when an individual conducts business that requires their occasional presence in a state, courts have not found sufficient contact for general jurisdiction."). The same is true for his occasional personal visits to the United States. *Martensen v. Koch*, 942 F. Supp. 2d 983, 992 (N.D. Cal. 2013), *on reconsideration in part*, 2013 WL 4734000 (N.D. Cal. Sept. 3, 2013) ("periodic visits" or "occasional contacts do not establish general jurisdiction").

2.    **The Court Lacks Specific Jurisdiction Over Mr. Westgarth.**

This Court similarly cannot assert specific personal jurisdiction over Mr. Westgarth because he lacks the requisite minimum contacts with California. Specific personal jurisdiction can exist if permitted by the forum state's long-arm statute and if the exercise of jurisdiction does not violate federal due process. *Pebble Beach*, 453 F.3d at 1154–55. For a defendant not present in the forum

---

(jurisdictional discovery unnecessary "because Plaintiff is unlikely to discover further facts related to Defendant's contacts with California that will change the calculus as to whether Plaintiff's claims 'arise out of' or 'relates to' such contacts."). "Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach*, 453 F.3d at 1153, 1160 (citing *Terracom v. Valley Nat'l Bank,* 49 F.3d 555, 562 (9th Cir.1995)). This is especially true here, because Mr. Westgarth has "specifically rebutted Plaintiffs' unsupported jurisdictional allegations and arguments." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022).

WESTGARTH'S NOTICE OF MOTION
AND MOTION TO DISMISS
CASE NO. 3:25-CV-02576-CRB

state (as here), this requires a plaintiff to establish that the defendant has "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). The Ninth Circuit applies a three-part test to determine "minimum contacts": (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Id.* at 1155 (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). Plaintiff bears the burden of satisfying the first two prongs, and here, fails on both; and even if Plaintiff satisfied the first two prongs, exercising jurisdiction would be unreasonable under the third prong.

a.    **Mr. Westgarth Did Not Direct His Activities at California.**

For a foreign defendant, the first prong considers whether he "'purposefully directed' his activities toward the forum." *Pebble Beach*, 453 F.3d at 1155; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Purposeful direction requires that a defendant "committed an intentional act, expressly aimed at the forum state, causing harm that the defendant knows is likely to be suffered in the forum state." *X Corp. v. Ctr. for Countering Digital Hate Ltd.*, 724 F. Supp. 3d 921, 935 (N.D. Cal. 2024). Express aiming is often the "determinative question." *Pebble Beach*, 453 F.3d at 1156. To establish purposeful direction, plaintiff must prove such direction independently for each defendant. *Ogdon v. Grand Canyon Univ., Inc.*, 2022 WL 846973, at *14 (E.D. Cal. Mar. 22, 2022) ("Plaintiff bears the burden to show that each of the individual defendants purposefully directed their activities to California and that plaintiff's RICO claim . . . arises from or relates to those California-related activities.").

Here, Rippling does not even suggest, much less allege, that Mr. Westgarth "expressly aimed" his activities towards California. The scant allegations referencing him either fail to specify a geographic nexus or indicate the action was directed outside the United States. Specifically, the FAC alleges Mr. Westgarth received information regarding Rippling's French "product and payroll operations talent details" in order to contact French specialists (FAC ¶¶ 97, 98), that Mr. Westgarth

contacted "at least 4 Global Product and Operations leads" and "all members of Rippling's payroll operations team" via phone calls, or messages on WhatsApp or LinkedIn (*Id.* ¶¶ 110, 111), and that Mr. Westgarth messaged a Rippling employee "looking for a talented payroll leader in Australia" (*Id.* ¶¶ 111). None of these purported communications were alleged to involve—or in fact involved—Rippling employees in California or the United States. Rippling also alleges a bank transfer was made from Mr. Westgarth's wife Alba Basha's Revolut account ("a British financial technology company") to the Revolut account of Mr. O'Brien, who resides in Ireland. *Id.* ¶ 64. To the extent this is meant to be pleaded as an allegation against Mr. Westgarth—the FAC actually alleges that other defendants were involved with this alleged payment but does not mention Mr. Westgarth (*Id.* ¶ 176)—the FAC does not allege that the purported payment was directed at the United States, nor does it allege that Mr. Westgarth, Ms. Basha, or Mr. O'Brien reside or work in the United States (*see Id.* ¶¶ 19-20, 24). In short, the FAC alleges *no* conduct by Mr. Westgarth "expressly aimed" at California (or the United States) or that "caused harm, the brunt of which [was] suffered" in California (or the United States). *Pebble Beach*, 453 F.3d at 1156. Nor could Rippling have so alleged, making amendment here futile.[3]

b.    **The Claim Does Not Arise Out of Forum-Related Activities.**

In addressing the second prong of its "minimum contacts" test, courts in the Ninth Circuit historically applied a "but for" test, asking whether plaintiff's claims would have arisen but for defendant's contacts with the forum, here California. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). However, the Supreme Court recently clarified that "a strict causal relationship between the defendant's in-state activity and the litigation" is not required to satisfy the second prong of the

---

[3] As Deel's COO, Mr. Westgarth does not oversee any California-based employees. Westgarth Decl. ¶ 7. Likewise, Mr. Westgarth's status as a corporate officer of Deel, a company purportedly headquartered in San Francisco, California, does not impact this analysis. "Under the fiduciary shield doctrine, 'a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person.'" *Citcon USA, LLC v. MaplePay Inc.*, 2021 WL 1238231, at *8 (N.D. Cal. Apr. 2, 2021) (quoting *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989)); *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1110 (9th Cir. 2020) ("We do not impute a corporation's forum contacts to each of the corporation's employees. Instead, we assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice.").

WESTGARTH'S NOTICE OF MOTION<br>AND MOTION TO DISMISS<br>CASE NO. 3:25-CV-02576-CRB

minimum-contacts test. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021).

> After *Ford Motor Co.*, courts must give real consideration to claims that "relate to" the defendant's forum contacts, even if those contacts are not the "but for" cause of the dispute … *Ford Motor Co.* did not vacate the but-for test as a basis for assessing relatedness; instead, it created an additional basis for doing so.

*See In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 702 (C.D. Cal. 2022). But under either test, there is no personal jurisdiction because Rippling alleges no forum-related activities by Mr. Westgarth, as explained above in Section II.B.2.a, much less forum-related activities that buttress its claim against him.

### c.    Jurisdiction Over Mr. Westgarth Would Be Unreasonable.

If Rippling had satisfied the first two prongs (it did not and cannot), the burden would shift to Mr. Westgarth to "present a compelling case" that the exercise of jurisdiction would not be "reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). In assessing reasonableness, courts evaluate the following factors:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*In re ZF-TRW Airbag Control*, 601 F. Supp. 3d at 703.

Here, each factor shows asserting personal jurisdiction over Mr. Westgarth would be *un*reasonable. ***First***, Mr. Westgarth has not interjected himself in California. *See supra* Section II.B.2.a. The FAC offers no allegations that he has taken a single relevant action with respect to California (or the United States). ***Second***, the burden on Mr. Westgarth of defending this case in California is high because (i) he lives over 16 hours away in Dubai; and (ii) there is an 11-hour time difference between Dubai and California. Westgarth Decl. ¶¶ 2, 6. ***Third***, "[w]here, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co*., 284 F.3d 1114, 1126 (9th Cir. 2002). ***Fourth***, California's interest in a dispute involving foreign parties and alleged acts that either took place abroad or lack a specific geographic location is at best slight, if not non-existent. *See* Dkt. 88 at 14–15. ***Fifth***, it would be

1  more efficient to resolve the case in the ongoing Irish proceedings that Plaintiff initiated, which,

2  despite Rippling's surprising protestations to the contrary (*see* Dkt. 104 at 7), obviously center on

3  the same subject matter and facts. ***Sixth***, although Plaintiff is incorporated and has its principal

4  place of business in California, it already is pursuing remedies in the Irish proceedings that can

5  provide complete relief. In any event, the "Ninth Circuit gives little weight to a plaintiff's interest

6  in the forum." *X Corp.*, 724 F. Supp. 3d at 945 (citation omitted). ***Seventh***, Ireland is an adequate

7  alternative forum. *See SPS Techs., LLC v. Briles Aerospace, Inc.*, 2020 WL 12740596, at *12-13

8  (C.D. Cal. Jan. 17, 2020); Dkt. 88 at 5–8. Finally, that Mr. Westgarth does not live or reside in

9  California, have a presence in the state through his person or property, or maintain an office in the

10  state (Westgarth Decl. ¶ 4) further mitigates against a reasonableness determination. *See In re ZF-*

11  *TRW Airbag Control*, 601 F. Supp. at 703 (holding lack of "offices or other physical presence in

12  the forum…weigh against a finding of reasonableness").

### 3.    Nationwide Jurisdiction Is Unavailable.

#### a.    RICO Jurisdiction is Unavailable.

15      RICO provides for nationwide service of process in civil actions "in which it is shown that

16  the ends of justice require that other parties residing in any other district be brought before the

17  court." 18 U.S.C. § 1965(b). However, when the defendant is not "'served in any judicial district

18  of the United States' as required by Section 1965(b) . . . section 1965(b) does not apply and does

19  not confer a basis for exercising personal jurisdiction." *Marani v. Cramer*, 2024 WL 1511329, at

20  *6 (N.D. Cal. Feb. 2, 2024), *report and recommendation adopted*, 2024 WL 3740127 (N.D. Cal.

21  Mar. 27, 2024) (no jurisdiction where service in Panama). Here, Section 1965(b) cannot confer

22  jurisdiction over Mr. Westgarth because he was not served in the United States—in fact, Mr.

23  Westgarth has not been in the United States since Rippling commenced this action. Westgarth Decl.

24  ¶ 5. Nor can Rippling's alternative service on Mr. Westgarth via Deel's registered agent (Dkt. 98)

25  alter this conclusion. That alternative service was effected pursuant to Rule 4(f)(3) (Dkt. 70; Dkt.

26  68), which provides for alternative service "at a place not within any judicial district of the United

27  States." Thus, "by its very terms," this rule is limited to "service upon individuals in a foreign

28  country," because it concerns service "in a place not within any judicial district of the United

States." *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 1042578, at *1–2 (W.D. Wash. Mar. 18, 2011) (quoting Fed. R. Civ. P. 4(f)); *Perkumpulan Inv. Crisis Ctr. Dressel-WBG v. Danny M.K. Wong*, 2012 WL 13024801, at *8 (W.D. Wash. Apr. 6, 2012) (domestic service on foreign defendant's attorney "does not qualify as service in the United States" for RICO jurisdiction). Thus, Rippling's alternative service on Mr. Westgarth outside of the United States pursuant to Rule 4(f)(3) "cannot qualify as service in the United States for the purposes of RICO jurisdiction." *Id.*

### b.    **Rule 4(k)(2) Does Not Provide Jurisdiction.**

In limited circumstances not present here, personal jurisdiction can exist under the federal long-arm statute, Fed. R. Civ. P. 4(k)(2). *See Pebble Beach*, 453 F.3d at 1158–59. To establish such jurisdiction, plaintiff must prove (1) the claim arises under federal law; (2) the defendant is not subject to the personal jurisdiction of any state court of general jurisdiction; and (3) the court's exercise of personal jurisdiction comports with due process. *Id.* But Rippling cannot satisfy the third requirement here. Under the federal long-arm statute, "[t]he due process analysis is identical to the one discussed above when the forum was California, except here the relevant forum is the entire United States." *Id.* As shown above in Section II.B.2, Mr. Westgarth lacks ties to the United States "that would justify hailing him into this Court." *Ind. Plumbing Supply v. Standard of Lynn, Inc.*, 880 F. Supp. 743, 751 (C.D. Cal. 1995). Mr. Westgarth's United States investment properties (that he has not used as a principal residence) do not alter this conclusion. Westgarth Decl. ¶ 3. The "presence of the property alone" does not support jurisdiction, *Shaffer v. Heitner*, 433 U.S. 186, 209 (1977), and these properties are unrelated to the FAC's allegations. And to the extent Rippling intends to impute to Mr. Westgarth the alleged Revolut transfer from Ms. Alba's account to Mr. O'Brien, the other Individual Defendants' motion explains why that transfer—even if it somehow touched the United States banking system—is insufficient to establish nationwide jurisdiction. Dkt. 111 at 19-20.

### C.    <u>Dismissal for Insufficient Service of Process Is Proper.</u>

"Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal due to inadequate service of process." *Tyan, Inc. v. Garcia*, 2015 WL 13655438, at *1 (C.D. Cal. Sept. 18, 2015); Fed. R. Civ. P. 12(b)(5). Rule 4(f) has "commit[ted] to the sound discretion of the district court the task of

determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Accordingly, a "party seeking authorization to serve under Rule 4(f)(3) . . . must 'demonstrate that the facts and circumstances of the present case necessitate the district court's intervention.'" *Trader Joe's Co. v. Desertcart Trading FZE*, 2023 WL 3959376, at *2 (N.D. Cal. June 12, 2023) (Breyer, J.) (quoting Rio Props., 284 F.3d at 1016). But as explained in the brief of the other Individual Defendants (Dkt. 111), Rippling misled the Court regarding the need for alternative service. Contrary to Rippling's misrepresentations to the Court, Mr. Westgarth never "fled" or otherwise "evaded" service. He has resided in Dubai since 2022 (Westgarth Decl. ¶ 2), and Deel's initial disclosures disclosed that residence before Rippling filed its alternative service motion. Nor is there any evidence that Rippling attempted to serve him personally.

### D.    The FAC Fails to State a Claim for Conspiracy to Violate RICO.

Rule 12(b)(6) requires dismissal of a complaint when its allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To that end, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). Rule 8 prevents unlocking "the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint's claims must be "plausible," which "requires more" than "formulaic recitation[s]" or "[t]hreadbare recitals" of the elements of a cause of action. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678-79. Conclusions dressed up as factual allegations are not to be presumed true, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

#### 1.    No alleged agreement to a substantive violation or to multiple predicate acts.

The Ninth Circuit offers two paths by which a plaintiff can prove a violation of section 1962(d): (1) "[p]roof of an agreement which is a substantive violation of RICO (such as conducting the affairs of an enterprise through a pattern of racketeering)" or (2) "the evidence must establish the defendant's participation or agreement to participate in two predicate offenses." *Baumer v.*

*Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (citation omitted). For both, the plaintiff must establish "that defendant 'was aware of the essential nature and scope of the enterprise and intended to participate in it.'" *Id.* (citation omitted). Despite reciting the bare elements of these paths (FAC ¶ 187), alleging Mr. Westgarth "knowingly agree[d] to adopt the goal of further facilitating the operation of the [] enterprise through a pattern of racketeering and by agreeing to the commission of multiple predicate acts," Rippling fails plausibly to allege either path as to him.

**Path (1)**. The FAC fails plausibly to allege a violation via this path in three independent ways. First, the FAC does not plausibly allege Mr. Westgarth's agreement to participate in conduct that constitutes a substantive violation of § 1962(c). *See id.* ¶ 187. Outside of a single conclusory allegation in paragraph 187, the FAC nowhere claims that Mr. Westgarth agreed to conduct or participate in the enterprise's affairs through a pattern of racketeering activity.

Second, Path (1) fails because Section 1962(c) liability exists only where a defendant takes "some part in directing [the enterprise's] affairs," *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (citation omitted)). Here, the FAC does not allege that Mr. Westgarth agreed to do so or in fact did so. To the contrary, the FAC alleges that the other Individual Defendants acted as "ringleaders," while Westgarth merely "provid[ed] assistance." FAC ¶ 182.

Finally, Path (1) fails because, at most, the FAC alleges that Mr. Westgarth performed his job as Deel's COO—that is, he conducted merely his "*own* affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001). But § 1962(c) requires evidence that "defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs." *Id.*

**Path (2)**. The FAC similarly does not plausibly allege Mr. Westgarth agreed to the commission of, or participated in, multiple predicate offenses. Here, the FAC offers only a few allegations involving Mr. Westgarth, none of which constitutes a single predicate act or demonstrates that Mr. Westgarth committed or agreed to commit *multiple* predicate acts:

1. Mr. Westgarth allegedly left several WeChat threads with Mr. O'Brien. FAC ¶¶ 8, 142.
2. In fall 2024, Mr. Alex Bouaziz connected Mr. Westgarth with Mr. O'Brien "to explore a service provider arrangement." *Id.* ¶ 58.
3. Assuming this allegation is directed at Mr. Westgarth, in November 2024, Mr. O'Brien

allegedly received a transfer of $6,000 from the account of Mr. Westgarth's wife, Alba Basha, via Revolut, a British online banking company. *Id.* ¶ 64.

4.  In December 2024, Mr. Alex Bouaziz connected Mr. Westgarth with Mr. O'Brien, stating that Mr. Westgarth would "see to it that [Mr. O'Brien's] consulting company Global Payroll Geeks[] would get money from Deel." *Id.* ¶ 72.

5.  Mr. Westgarth allegedly received information about French payroll specialists and used it to contact those specialists. *Id.* ¶¶ 97, 98.

6.  Mr. Westgarth allegedly recruited various Rippling employees via WhatsApp, phone calls, and LinkedIn. *Id.* ¶¶ 110, 111.

7.  Mr. Westgarth allegedly presented "a Rippling confidential sales strategy document internally at Deel." *Id.* ¶ 112.

Taken as true, Allegations (1)-(4) do not permit a reasonable inference that Mr. Westgarth committed a predicate act or agreed to commit one. *Baumer*, 8 F.3d at 1347. Even assuming he was involved, there are no allegations that Mr. Westgarth was aware of any illicit purpose for the alleged money transfer. "[U]nwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*, 139 F.3d at 699. At best, the remaining allegations evince Mr. Westgarth performing the core duties of his job as Deel's COO—interacting with a potential business provider is well within the scope of his everyday job responsibilities.

Allegations (5)-(7) at most involve Mr. Westgarth using confidential, not trade secret, information allegedly derived from Rippling. The FAC provides no basis from which to conclude that any of that information constitutes a trade secret; such allegations are required if the alleged acts are to serve as a predicate act of trade secret theft. In fact, the FAC's characterization of the contact information, unlike the other forms of information allegedly misappropriated, show that Rippling itself does not consider it to be a trade secret. For example, paragraph 108 distinguishes the "Corporate Strategy Trade Secrets and Rippling's Sales and Marketing Trade Secrets" (which Rippling expressly refers to as "Trade Secrets") from "contact information" (which Rippling does not refer to as a trade secret). FAC ¶ 108. This comports with courts' views of contact information. *Busey Bank v. Turney*, 2022 WL 4079462, at *6 (N.D. Ill. Sept. 6, 2022) (finding "employees

'contact information" to be "readily ascertainable"); *Chicagoland Aviation, LLC v. Todd*, 2012 WL 5948960, at *5 (N.D. Ill. June 8, 2012) (information not a trade secret where "easily found in telephone directories and industry directories"). And as for the "confidential sales strategy document" (FAC ¶ 112) allegedly shared by Mr. Westgarth, the FAC likewise does not refer to it as a trade secret; in fact, the FAC *excludes* that document from the defined trade secrets: the FAC limits the "Corporate Strategy" and "Marketing Trade Secrets" to those referred to in "Paragraphs 73–107" (*Id.* ¶ 191), but the document allegedly shared by Mr. Westgarth is discussed only in paragraph 112. Finally, none of the aforementioned information in any event qualifies as a trade secret for the reasons stated in Deel's 12(b)(6) motion, including because Rippling failed to employ reasonable measures to protect it. Dkt. 89 at 19–21.

**Essential Nature**. Finally, regardless of the path Rippling intends to rely on, none of allegations (1)-(7), even taken together, create a plausible inference that Mr. Westgarth "was aware of the essential nature and scope of the enterprise and intended to participate in it," as required for either path. *Baumer*, 8 F.3d at 1346. The FAC describes the "essential nature and scope of the enterprise" as "developing competing products, generating profits, and soliciting customers for Deel using Rippling's stolen Corporate Strategy Trade Secrets, Sales and Marketing Trade Secrets, and confidential business information." FAC ¶ 172. But none of Mr. Westgarth's activity alleged in the FAC involved "developing competing products, generating profits, and soliciting customers." To the contrary, Mr. Westgarth allegedly solicited Rippling *employees* using non-trade secret information, activity far more limited in scope than the sprawling conspiracy alleged.

### 2.    The FAC fails plausibly to allege a substantive RICO violation.

The conspiracy claim also fails because the FAC does not plausibly allege a violation of 18 U.S.C. § 1962(c), a prerequisite for a conspiracy claim. *Howard v. Am. Online Inc*, 208 F.3d 741, 751 (9th Cir. 2000) (holding the "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy"). Here, the FAC fails to state a § 1962(c) claim for reasons explained more in the other Defendants' motions—the arguments and reasoning which Mr. Westgarth adopts in full. As explained in Deel's motion, Rippling has not plausibly alleged the predicate offenses with particularity, a pattern of racketeering, or an enterprise, much less an

enterprise distinct from the pattern of racketeering or its members. Dkt. 89 at 5:7–7:3, 13-18. And as detailed in the other Individual Defendants' motion, Rippling's substantive RICO claim fails because RICO does not apply extraterritorially to the alleged foreign conduct and Rippling has not sufficiently alleged a cognizable injury proximately caused by Mr. Westgarth, or any of the other Defendants. Indeed, Rippling alleges no injury caused by Mr. Westgarth at all.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the FAC without leave to amend.

Dated:  August 22, 2025                O'MELVENY & MYERS LLP

                                       DAVID R. EBERHART
                                       STUART M. SARNOFF
                                       CHRISTOPHER B. PHILLIPS


                                       By:    */s/ David R. Eberhart*
                                                David R. Eberhart

                                       *Attorneys for Specially Appearing Defendant*
                                       *DANIEL JOHN WESTGARTH*