LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:      (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Counsel for Defendant Deel, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No.: 3:25-cv-02576-CRB<br><br>**REPLY IN SUPPORT OF DEFENDANT DEEL'S MOTION FOR ATTORNEYS' FEES PURSUANT TO CAL. CIV. PROC. CODE § 425.16**<br><br>Complaint Filed:   March 17, 2025<br>Am. Compl. Filed:   June 5, 2025<br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   6<br>Hearing Date:   September 19, 2025<br>Hearing Time:   10:00 a.m. |

**SUMMARY OF ARGUMENT**

As required by this Court's Standing Order, Deel provides the following Summary of Argument. This Reply is filed in support of Deel's Motion for Attorneys' Fees Pursuant to California Civil Procedure Code §425.16 (ECF 91, the "Motion" or "Mot."),[1] and argues that the Court should award Deel $52,051.50 in attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c) for the reasons stated in Deel's Motion and the following reasons:

- Deel is the prevailing party under Section 425.16(c) on Rippling's CUTSA claim, because Rippling voluntarily dismissed its CUTSA claim in response to Deel's Original Anti-SLAPP Motion. Deel's Motion showed that because the "voluntary dismissal of a claim subject to an anti-SLAPP motion does not absolve the Plaintiff of liability for fees and costs incurred by Defendant striking the claim," California district courts regularly award fees to the defendant as the prevailing party in that situation because the defendant "obtained meaningful results from their anti-SLAPP motions by causing [the plaintiff] to abandon the [targeted] claim in the [amended complaint]" and thus "realized their objective in the litigation as to" those claims: "their dismissal or abandonment." Mot. 3-4 & n.3 (collecting authority). Rippling does not address any of this authority, and thus concedes it.

- This authority, which represents the majority rule in federal court, is based on *Coltrain v. Shewalter*, 66 Cal.App.4th 94 (1998), and federal district courts have "generally followed *Coltrain*, which provides a pragmatic approach to avoid the inappropriate ... waste of scarce judicial resources to determine who would have won a voluntarily dismissed action." *Mireskandari v. Mail*, 2014 WL 12561581, at *6 (C.D. Cal. Aug. 4, 2014); *Run the World Inc. v. Jiang*, 2025 WL 948059, at *2, 4 (N.D. Cal. Mar. 28, 2025); *Gottesman v. Santana*, 263 F.Supp.3d 1034, 1043 (S.D. Cal. 2017); *Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12634510, at *5 (C.D. Cal. May 13, 2014); *Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012).

- Here, Rippling has not even attempted to rebut the presumption that it dismissed its CUTSA claim due to Deel's probability of success on the merits—indeed, Rippling provides the Court with no

---

[1] Unless otherwise noted, this Reply uses the same defined and abbreviated terms that Deel used in its Motion (ECF 91). Further, unless otherwise noted, in quoted material, all emphasis is added, and all internal citations, punctuation, and alterations are omitted for ease of reading.

i

meaningful explanation at all for why the CUTSA claim was dismissed. *See generally* ECF 106 (the "Opposition" or "Opp."). To the contrary, Rippling's Opposition is largely devoted to *arguing the merits* of its CUTSA claim. *Id.* 5-12. Thus, far from showing that Rippling dismissed its CUTSA claim for reasons "unrelated to the probability of success on the merits," Rippling's protracted discussion of the merits just confirms that Deel is the prevailing party under *Coltrain* and its progeny in the cases cited by Deel in its Motion and discussed below. *See Plevin v. City & Cnty. of San Francisco*, 2013 WL 2153660, at *7 (N.D. Cal. May 16, 2013); *infra* §I.A.

- Even if the Court followed the minority approach urged by Rippling under *Moore v. Liu*, 69 Cal.App.4th 745, 754 (1999), Deel would still be a "prevailing defendant" because Deel's Original Anti-SLAPP Motion would have been successful with respect to the CUTSA claim. *Infra* §I.B. Deel's Motion and the Original Anti-SLAPP Motion amply showed that that Rippling's CUTSA claim arose from protected activity, and the Rippling failed to state a claim under CUTSA. Mot. 5; ECF 50 §I; *infra* at 5-6.
- The requested lodestar fee award is reasonable, as it represents approximately one quarter of the fees actually incurred and paid by Deel for the Original Anti-SLAPP Motion, the 29 hours spent on seeking dismissal of Rippling's CUTSA claim were reasonable, and Deel's counsel's hourly rates are reasonable. *Infra* §II.
- Deel's Motion established with sufficient evidence that the 29 hours counsel expended on the Original Anti-SLAPP Motion seeking the dismissal of Rippling's CUTSA claim were reasonable. Mot. §II.A (collecting cases). In compliance with the Court's Local Rules, Deel provided a declaration from Mr. Russell containing an itemized "statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." N.D. Cal. L.R. 54-5(b)(2); *see* ECF 91-1 ¶¶ 7-13. Deel has thus adequately substantiated the requested hours. *Infra* §II.A; *Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *3, 4-5 & n.8, (N.D. Cal. Mar. 8, 2016) (Breyer, J.).
- Deel's Motion showed, with evidence and caselaw, that its hourly rates are reasonable under the prevailing standard by submitting an attorney declaration, evidence of the customary hourly rates

charged by Quinn Emmanuel and Skadden Arps, rate determinations in other cases, evidence of Deel's attorneys' relevant qualifications and experience, and evidence that Deel has paid for the actual rates for which it now seeks to recover. Mot. §II.B.; *see also* N.D. Cal. L.R. 54-5(b)(3) (requiring "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person *or* of comparable prevailing hourly rates *or* other indication of value of the services"); *infra* §II.B.

# TABLE OF CONTENTS

**PAGE**

SUMMARY OF ARGUMENT ................................................................................................... i

TABLE OF AUTHORITIES ..................................................................................................... v

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

    I.    Deel Is A Prevailing Party Under The Anti-SLAPP Statute ................................... 2

        A.    Because Rippling Dismissed Its CUTSA Claim That Was The Subject Of Deel's Pending Anti-SLAPP Motion, Deel Is The Prevailing Party ...................... 2

        B.    Deel Is Still A Prevailing Party Even Under The Minority *Moore* And Inapplicable *Moran* Standards, Because The Original Anti-SLAPP Motion Should Have Been Granted And Achieved A Practical Benefit ............................ 4

    II.    Deel's Fee Request Is Reasonable and Substantiated ............................................. 7

        A.    Deel Has Substantiated That The 29 Attorney Hours Requested Are Reasonable ............................................................................................................ 7

        B.    Deel Has Established that the Hourly Rates Were Reasonable ......................... 10

CONCLUSION ........................................................................................................................ 11

**TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Akins v. Akins (In re Akins)*,
  640 B.R. 687 (Bankr. E.D. Cal. 2022) ................................................................................. 8

*Art of Living Foundation v. Does 1-10*,
  No. 5:10–cv–05022–LHK, 2012 WL 1565281 (N.D. Cal. May 1, 2012), *order clarified by*, No. 10–CV–05022–LHK, 2012 WL 5395046 (N.D. Cal. May 9, 2012) ..................... 3

*Banga v. First USA, NA*,
  29 F.Supp.3d 1270 (N.D. Cal. 2014) ................................................................................. 10

*City of Colton v. Singletary*,
  206 Cal.App.4th 751 (2012) ................................................................................................ 6

*Coltrain v. Shewalter*,
  66 Cal.App.4th 94 (1998) ............................................................................................... 2, 6

*Davis v. City of San Diego*,
  106 Cal.App.4th 893 (2003) .............................................................................................. 11

*Doe v. Gangland Productions, Inc.*,
  730 F.3d 946 (9th Cir. 2013) ............................................................................................... 5

*Fallay v. San Francisco City & County*,
  No. C 08-2261 CRB, 2016 WL 879632 (N.D. Cal. Mar. 8, 2016) ........................... 8, 9, 10

*Garrick v. Garrick*,
  No. 22-cv-04549-JST, 2024 WL 5213099 (N.D. Cal. Dec. 23, 2024) ............................ 8, 9

*Gonzalez-Chavez v. City of Bakersfield*,
  No. 1:12-cv-02053 JLT, 2016 WL 2898132 (E.D. Cal. May 17, 2016) ........................... 10

*Gottesman v. Santana*,
  263 F.Supp.3d 1034 (S.D. Cal. 2017) ................................................................................. 3

*Gunn v. Drage*,
  65 F.4th 1109 (9th Cir. 2023) ............................................................................................. 5

*Hammett v. Sherman*,
  No. 19cv605-LL-AHG, 2022 WL 4793488 (S.D. Cal. Sept. 30, 2022) .............................. 3

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ........................................................................................................ 4, 8

*Ibrahim v. U.S. Department of Homeland Security*,
  912 F.3d 1147 (9th Cir. 2019) ............................................................................................ 8

*Knickerbocker v. Corinthian Colleges*,
  No. C12–1142JLR, 2014 WL 3927227 (W.D. Wash. Aug. 12, 2014) ............................. 10

*Kranson v. Federal Express Corp.*,
    No. 11-cv-05826-YGR, 2013 WL 6503308 (N.D. Cal. Dec. 11, 2013) ........................................ 10

*Le v. Sunlan Corp.*,
    No. C 13–00707 CRB, 2014 WL 296032 (N.D. Cal. Jan. 27, 2014) .......................................... 10

*Lunada Biomedical v. Nunez*,
    230 Cal.App.4th 459 (2014) ............................................................................................................ 8

*Maleti v. Wickers*,
    82 Cal.App.5th 181 (2022) .............................................................................................................. 7

*Maloney v. T3Media, Inc.*,
    No. CV 14–05048–AB (VBKx), 2015 WL 3879634 (C.D. Cal. May 27, 2015) ........................ 11

*Mann v. Quality Old Time Service, Inc.*,
    139 Cal.App.4th 328 (2006) ............................................................................................................ 6

*Mireskandari v. Daily Mail & General Trust PLC*,
    No. CV 12-02943 MMM (FFMx), 2014 WL 12561581 (C.D. Cal. Aug. 4, 2014), *aff'd in part, appeal dismissed in part sub nom. Mireskandari v. Associated Newspapers, Ltd.*,
    665 F. App'x 570 (9th Cir. 2016) ............................................................................................... 3, 4

*Mireskandari v. Daily Mail & General Trust PLC*,
    No. CV 12-02943 MMM (FFMx), 2014 WL 12586434 (C.D. Cal. Nov. 7, 2014), *aff'd,
    sub nom. Mireskandari v. Associated Newspapers, Ltd.*, 665 F. App'x 570 (9th Cir. 2016) .......... 9

*Moonbug Entertainment Ltd. v. Babybus (Fujian) Network Technology Co.*,
    No. 21-cv-06536-EMC, 2022 WL 1289048 (N.D. Cal. Apr. 29, 2022) ........................................ 8

*Moore v. Liu*,
    69 Cal.App.4th 745 (1999) ......................................................................................................... 1, 6

*Moran v. Endres*,
    135 Cal.App.4th 952 (2006) ....................................................................................................... 1, 6

*Muniz v. United Parcel Service, Inc.*,
    738 F.3d 214 (9th Cir. 2013) ........................................................................................................... 9

*Open Source Security, Inc. v. Perens*,
    No. 17-cv-04002-LB, 2018 WL 2762637 (N.D. Cal. June 9, 2018), *aff'd*, 803 F. App'x
    73 (9th Cir. 2020) ............................................................................................................................ 8

*Peak Health Center v. Dorfman*,
    No. 19-cv-04145-VKD, 2020 WL 3254337 (N.D. Cal. June 16, 2020) ........................................ 8

*Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*,
    No. 12–cv–04634–SI, 2015 WL 4932248 (N.D. Cal. Aug. 18, 2015) ........................................... 7

*Plevin v. City & County of San Francisco*,
    No. 11–cv–2359 MEJ, 2013 WL 2153660 (N.D. Cal. May 16, 2013) ........................................... 4

*Raining Data Corp. v. Barrenechea*,
    175 Cal.App.4th 1363 (2009) .......................................................................................................... 7

*Run the World Inc. v. Jiang*,
     No. 23-cv-03130-AMO, 2025 WL 948059 (N.D. Cal. Mar. 28, 2025), *appeal dismissed
     by*, No. 25-2785, 2025 WL 2158806 (9th Cir. May 30, 2025) ....................................................1, 3

*Rutherford v. Palo Verde Health Care District*,
     No. ED CV13–01247 JAK (SPx), 2014 WL 12634510 (C.D. Cal. May 13, 2014) ..................3, 11

*Trujillo-Lopez v. City of Vallejo*,
     No. 4:20-cv-02139-JSW, 2022 WL 16821652 (N.D. Cal. Nov. 8, 2022) .......................................7

*Uriarte-Limon v. Smith*,
     No. CV 16-0713 FMO (PLAx), 2018 WL 6265098 (C.D. Cal. Jan. 3, 2018)..............................10

*Woulfe v. Universal City Studios LLC*,
     No. 2:22-cv-00459-SVW-AGR, 2024 WL 1110914 (C.D. Cal. Feb. 8, 2024) ..........................7, 8

*Wyles v. Sussman*,
     No. CV 17-7722-DMG (SKx), 2020 WL 1170226 (C.D. Cal. Jan. 2, 2020) .................................7

**STATUTES**

Cal. Civ. Proc. Code § 425.16 ...............................................................................................................3, 11

Cal. Civ. Proc. Code § 3426.1 .......................................................................................................................5

**RULES**

N.D. Cal. L.R. 54-5..............................................................................................................................2, 7, 8, 11

**PRELIMINARY STATEMENT**

On April 25, 2025, Deel filed its Original Anti-SLAPP Motion to strike Rippling's CUTSA claim. Rippling then voluntarily dismissed its CUTSA claim in response to the Original Anti-SLAPP Motion. Deel showed, and Rippling does not dispute, that a prevailing defendant on a special motion to strike state law claims in federal court "***shall*** be entitled to recover" attorney's fees and costs under the anti-SLAPP statute, and because "the anti-SLAPP statute reflects the Legislature's strong preference for awarding attorney fees to successful defendants, courts interpret the statute broadly to favor an award of attorney fees to a partially successful defendant." Mot. 3-4 (collecting authority).

Instead, Rippling argues that Deel cannot be considered a prevailing party just because Rippling dismissed its CUTSA claim in response to Deel's Original Anti-SLAPP Motion, asking this Court to follow the minority rule under *Moore v. Liu*, 69 Cal.App.4th 745, 754 (1999), which requires an analysis of the merits of Deel's Original SLAPP Motion as to the dismissed CUTSA claim before awarding fees, and asserts that Deel obtained "no practical benefit" from Rippling's CUTSA dismissal under the inapplicable *Moran v. Endres*, 135 Cal.App.4th 952, 955 (2006) standard. Opp. §I.

However, as shown in Deel's Motion and explained below, the Court need not devote valuable resources to performing an autopsy on Rippling's CUTSA claim to determine whether it would have survived the Original Anti-SLAPP Motion—under the prevailing standard in federal court, the Court can simply find that Deel has prevailed because Deel "realized [its] objective in the litigation as to the [CUTSA claim]: [its] dismissal or abandonment." *Run the World Inc. v. Jiang*, 2025 WL 948059, at *3-4, *7 (N.D. Cal. Mar. 28, 2025) (granting over $75,000 attorneys' fee award to prevailing defendants after plaintiff amended to remove claims while "the special motion to strike had been filed, had not been denied, and was looming over the plaintiffs when they decided to dismiss their complaint"); Mot. §I; *infra* §I.A. Tellingly, lacking a meaningful response, Rippling's Opposition does not address this authority at all.

Thus, since Rippling no longer stands behind its CUTSA claim, the Court should decline Rippling's invitation to engage in an extraneous merits analysis and examination of the practical benefits that Deel obtained, which is based on a minority rule and inapplicable law. In any event, while the fact of Rippling's dismissal in the face of Deel's Original Anti-SLAPP Motion is all the Court needs to consider to find Deel to be the prevailing party, even if the Court analyzed the merits of Deel's Original Anti-

SLAPP Motion, Deel would still be entitled to fees. *Infra* § I.B.

Rippling otherwise does not make a meaningful effort to challenge the reasonableness of Deel's fee request here. That is because Rippling knows Deel is seeking fees for only approximately 30 hours of attorney work in securing the dismissal of a trade secret claim, and the hourly rates that Deel seeks to recover are well-substantiated and lower than those of Rippling's own attorneys in this case. Mot. §II. Instead, Rippling nitpicks the ways in which Deel has documented its fee request and makes a passing gesture at the reasonableness of the requested rates. Opp. §II. But Rippling ignores that Deel's Motion and supporting documentation comports with all applicable rules governing fee requests, including this Court's Local Rule 54-5(b), and Deel has provided the Court with the necessary information to assess the reasonableness of its fee request. *Infra* §II.A.-B. The Court should thus grant Deel's Motion.

## ARGUMENT

### I. Deel Is A Prevailing Party Under The Anti-SLAPP Statute

#### A. Because Rippling Dismissed Its CUTSA Claim That Was The Subject Of Deel's Pending Anti-SLAPP Motion, Deel Is The Prevailing Party

Deel's Motion showed that because the "voluntary dismissal of a claim subject to an anti-SLAPP motion does not absolve the Plaintiff of liability for fees and costs incurred by Defendant striking the claim," California district courts regularly award fees to the defendant as the prevailing party in that situation because the defendant "obtained meaningful results from their anti-SLAPP motions by causing [the plaintiff] to abandon the [targeted] claim in the [amended complaint]" and thus "realized their objective in the litigation as to" those claims: "their dismissal or abandonment." Mot. 3-4 & n.3 (collecting authority). Rippling does not address any of this authority, and thus concedes it. *See generally* Opp.

This line of cases is based on *Coltrain v. Shewalter*, 66 Cal.App.4th 94 (1998), which holds that "where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending," in determining whether the defendant is the prevailing party for the purpose of attorneys' fees, "the critical issue is which party realized its objectives in the litigation." *Id.* at 107. "Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant," but the plaintiff "may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." *Id.* (affirming entitlement to attorneys' fees

where plaintiff failed to submit evidence to show why voluntary dismissal was not related to the merits).

"Federal district courts regularly rely on this and related California Court of Appeal authority" to hold that a defendant is a prevailing party following a voluntary dismissal. *Run the World*, 2025 WL 948059, at *2; *id.* at *4 (following "*Coltrain* and its progeny" to find defendants' "status as prevailing parties on the anti-SLAPP motions is not dependent on whether the Court ultimately granted their respective motions"). Indeed, federal courts have relied on this rule for over a decade to award fees under section 425.16(c), and "have generally followed *Coltrain*, which provides a pragmatic approach to avoid the inappropriate ... waste of scarce judicial resources to determine who would have won a voluntarily dismissed action." *Mireskandari v. Mail*, 2014 WL 12561581, at *6 (C.D. Cal. Aug. 4, 2014) (collecting authority, and "agree[ing] with other federal courts that *Coltrain* provides a pragmatic approach to the adjudication of actions that have been voluntarily dismissed"); *see also Gottesman v. Santana*, 263 F.Supp.3d 1034, 1043 (S.D. Cal. 2017) (noting that "particularly federal courts applying the anti-SLAPP statute[] have generally followed the *Coltrain* approach, which states that a plaintiff's voluntary dismissal raises a presumption that the defendant is the prevailing party that the plaintiff can rebut by explaining its reason for dismissal," and "agree[ing] with and join[ing] its sister courts in holding that *Coltrain* provides a more pragmatic approach to assessing actions that have been voluntarily dismissed," ultimately holding defendants were the prevailing party where court "inquire[d] into Plaintiff's reasons for dismissing these Defendants," and found "he has given none"); *Rutherford v. Palo Verde Health Care Dist.*, 2014 WL 12634510, at *5 (C.D. Cal. May 13, 2014) ("[W]hen a plaintiff voluntarily dismisses the challenged causes of action a presumption arises that defendants are the prevailing parties; plaintiffs are thus required to dispel this presumption."); *Art of Living Found. v. Does 1-10*, 2012 WL 1565281, at *25 (N.D. Cal. May 1, 2012) (granting motion for fees under the anti-SLAPP statute because "Plaintiff has not asserted, ***let alone demonstrated***, that it dismissed the defamation and trade libel claims because Plaintiff 'had substantially achieved its goals through settlement or other means'"); *Hammett v. Sherman*, 2022 WL 4793488, at *5 (S.D. Cal. Sept. 30, 2022) (same); Mot. 3-4 & n.3 (citing further authority).

Here, Rippling has not even attempted to rebut the presumption that it dismissed its CUTSA claim due to Deel's probability of success on the merits—indeed, Rippling provides the Court with no

1  meaningful explanation at all for why the CUTSA claim was dismissed. *See generally* Opp.[2] To the
2  contrary, Rippling's Opposition is largely devoted to *arguing the merits* of its CUTSA claim. *Id.* 5-12.
3  Thus, far from showing that Rippling dismissed its CUTSA claim for reasons "unrelated to the probability
4  of success on the merits," Rippling's protracted discussion of the merits just confirms that Deel is the
5  prevailing party under *Coltrain* and its progeny in the cases cited by Deel in its Motion and discussed
6  above. *See Plevin v. City & Cnty. of San Francisco*, 2013 WL 2153660, at *7 (N.D. Cal. May 16, 2013).
7  ("Whatever Plaintiffs' strategy or belief as to the merits of the arguments Defendants raised in their anti-
8  SLAPP motion, Plaintiffs chose to dismiss their state law claims in response.").

   **B.     Deel Is Still A Prevailing Party Even Under The Minority *Moore* And Inapplicable *Moran* Standards, Because The Original Anti-SLAPP Motion Should Have Been Granted And Achieved A Practical Benefit**

11  Instead of addressing Deel's authority from the Motion or rebutting the *Coltrain* presumption and
12  demonstrating a reason for dismissal "unrelated to the probability of success on the merits," Rippling
13  conflates two different rules that should not be applied. Rippling urges the Court to adopt the minority
14  rule articulated in *Moore v. Liu* and analyze the merits of Deel's Original Anti-SLAPP Motion directed to
15  Rippling's now-dismissed CUTSA claim. Opp. 7-12. Rippling's request for an advisory opinion on its
16  CUTSA claim is tantamount to a poker player asking not just to see the flop after she has folded, but then
17  also be deemed to have won the hand. For the reasons discussed above, the Court should follow the
18  majority of federal courts, apply *Coltrain*, and reject Rippling's insistence on a post-mortem merits
19  analysis as a "waste of scarce judicial resources to determine who would have won a voluntarily dismissed
20  action," and find Deel is the prevailing party in light of Rippling's unexplained voluntary dismissal.
21  *Mireskandari*, 2014 WL 12561581, at *6; *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A
22  request for attorney's fees should not result in a second major litigation.") (cited by Rippling).

23  In any event, even if the Court were to adopt the rule from *Moore*, Deel would still be a "prevailing
24  defendant" because Deel's Original anti-SLAPP Motion would have been successful with respect to the
25  CUTSA claim. Deel's Motion and the Original Anti-SLAPP Motion amply showed that that Rippling's
26  CUTSA claim arose from protected activity. Mot. 5; ECF 50 §I.

---

[2] The closest Rippling comes to explaining its CUTSA dismissal is a passing suggestion that it wanted to "streamline" its complaint. Opp. 1. But this cannot rebut the *Coltrain* presumption, because "streamlining" bears no similarity to any of the *non-merits* reasons enumerated in *Coltrain*, such as settlement or a defendant's insolvency. If Rippling's explanation is sufficient, then every voluntary dismissal can be justified under *Coltrain* because every dismissal in one way or another "streamlines" a complaint.

To prove a CUTSA claim, Rippling had to establish that Deel improperly acquired, used, or disclosed information that derived value "from not being generally known to the public" and was the subject of reasonable efforts "to maintain its secrecy." Cal. Civ. Code §3426.1. Rippling alleged that Deel facilitated the disclosure to "an investigative reporter" of confidential "internal Rippling Slack messages (which are only available to Rippling employees)" that related to "payments into Russia and other sanctioned jurisdictions" that no one outside of Rippling knew about. ECF 1 ¶¶83-87, 90-92. Rippling alleged that following O'Brien's disclosures, "*The Information* published the article for which its reporter sought comment from Rippling" on February 27, 2025 (*id.* ¶ 90), which reported that from March 2024 and continuing through at least December 2024, Rippling facilitated payments to sanctioned Russian banks, and in late 2024 "scrambled to delete material from its website that encouraged customers to use [Rippling] if they wanted to send money to Russian contractors, internal correspondence shows." *See* ECF 91-2, at 3, 7 (reporting "[i]n March 2024, JPMorgan froze two Rippling payments to a contractor based in Moscow who held an account at a sanctioned Russian bank, according to records of the payment," and Rippling facilitated further payments in September and December 2024). Rippling incorporated these allegations by reference into its CUTSA claim, and alleged that Deel violated CUTSA by "[u]tilizing Rippling's Sales and Marketing Trade Secrets **and/or confidential information** … to unfairly compete against Rippling" and "[a]s a direct and proximate result of Deel's wrongful misappropriation of Rippling's confidential or proprietary information and Sales and Marketing Trade Secrets, Rippling has suffered actual damages in a sum to be set forth according to proof at trial." ECF 1 ¶¶140, 148, 151. Thus, because Rippling alleged Deel's disclosure of Rippling confidential "internal Rippling Slack messages" to the press satisfied the elements its CUTSA claim, and "pre-publication or pre-production acts such as investigating" and "newsgathering" for press stories on matters of public interest is "conduct that furthers the right of free speech," *Doe v. Gangland Prods., Inc.*, 730 F.3d 946, 953 (9th Cir. 2013), Deel carried its first step burden to show that Rippling's CUTSA claim arose from protected activity. *Gunn v. Drage*, 65 F.4th 1109, 1122 (9th Cir. 2023) (concluding that where the alleged conduct "satisfy[ies] [an] element" of a plaintiff's claims, it is "not 'incidental background'"); *Bonni v. St. Joseph Health Sys.*, 11 Cal.5th 995, 1010, 1015 (2021) ("It does not matter that other unprotected acts may also have been alleged within what has been labeled a single cause of action; these are disregarded at this stage.").

1    Deel also showed that Rippling could not carry its burden to show a probability of prevailing on
2    the second step of the anti-SLAPP analysis, as (1) the alleged disclosure of Rippling's sanctions evasions
3    activity could not qualify as a trade secret, (2) Rippling had not plausibly alleged that Deel directed
4    O'Brien's actions or that Deel received anything at all of any commercial value from O'Brien, let alone a
5    specified "trade secret," and (3) Rippling's own allegations showed that it had not taken reasonable steps
6    to keep its alleged confidential information secret, and thus it could not qualify as a "trade secret" under
7    CUTSA because O'Brien—like "*all* of [Rippling's] employees" and contractors—was freely able to
8    access the alleged trade secret information via Slack in "preview mode" remotely from anywhere in the
9    world on non-Rippling-issued devices, even though that information allegedly had "no connection" and
10   was "completely unrelated to" his job functions. Mot. at 5-6. Thus, even under the minority *Moore*
11   analysis, Deel is a prevailing party following Rippling's CUTSA dismissal because Deel would have
12   prevailed on its Original Anti-SLAPP Motion.

13      Finally, Rippling also conflates the line of authority from *Moore* with *Moran v. Endres*, 135
14   Cal.App.4th 952 (2006), by asserting that Deel is not a prevailing party because Rippling's CUTSA
15   dismissal conferred "no practical benefit" to Deel. Opp. 1, 5-7. Under the *Moran* line of authority, "a party
16   who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless
17   the results of the motion were so insignificant that the party did not achieve any practical benefit from
18   bringing the motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal.App.4th 328, 339-40 (2006) (citing
19   *Moran*, 135 Cal.App.4th at 955-56). However, *Moran* and its progeny are inapplicable because *Moran*
20   and *Mann* apply when an anti-SLAPP motion is granted, not when a SLAPP is voluntarily dismissed. In
21   cases where one party abandons its claim subject to an anti-SLAPP motion, the tests come from *Coltrain*
22   and *Moore*. Neither test asks the Court to subjectively evaluate what the motion accomplished or its
23   "practical benefit." Compare *Coltrain*, 66 Cal.App.4th at 107 *with Moore*, 69 Cal.App.4th at 752.

24      However, even under *Moran*, Deel should be awarded fees because it did gain a "practical benefit"
25   from Rippling's CUTSA dismissal, as that is one less state law claim against which Deel must defend.
26   *See City of Colton v. Singletary*, 206 Cal.App.4th 751, 783 (2012) ("[T]he relevant test is not whether the
27   defendant gained 'the most important' benefit, it is whether the defendant obtained a practical benefit.").
28   Dismissing a cause of action and "narrowing the litigation" is "not trivial or a pyrrhic victory." *Maleti v.*

*Wickers*, 82 Cal.App.5th 181, 232 (2022). For that reason, courts have concluded that even where a struck claim is "***factually duplicative***" of remaining claims, defendants are entitled to fees as the prevailing party. *See, e.g.*, *Woulfe v. Universal City Studios LLC*, 2024 WL 1110914, at *4 (C.D. Cal. Feb. 8, 2024).

## II. Deel's Fee Request Is Reasonable and Substantiated

### A. Deel Has Substantiated That The 29 Attorney Hours Requested Are Reasonable

Deel's Motion established with sufficient evidence that the 29 hours counsel expended on the Original Anti-SLAPP Motion seeking the dismissal of Rippling's CUTSA claim were reasonable. Mot. §II.A (collecting cases). In compliance with the Court's Local Rules, Deel provided a "declaration" from Mr. Russell containing an itemized "statement of the services rendered by each person for whose services fees are claimed, together with a summary of the time spent by each person, and a statement describing the manner in which time records were maintained." N.D. Cal. L.R. 54-5(b)(2); *see* ECF 91-1 ¶¶ 7-13.

Ignoring the law and Local Rules establishing the adequacy of Deel's showing, Rippling instead implores the Court to deny Deel's fee request because it "lacks any support," and it's "documentation is inadequate to support any fee award" because it does not include "time records as exhibits." Opp. 13-15. Rippling's argument fails for at least three separate reasons:

*First*, Rippling's *own authority* agrees with Deel that "the law is clear that an award of attorney fees may be based on counsel's declarations, without production of detailed time records." *Trujillo-Lopez v. City of Vallejo*, 2022 WL 16821652, at *13 (N.D. Cal. Nov. 8, 2022) (quoting *Raining Data Corp. v. Barrenechea*, 175 Cal.App.4th 1363, 1375 (2009)) (cited by Rippling). "In fact, a party may prevail on a motion for attorneys' fees without submitting any billing records whatsoever." *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 2015 WL 4932248, at *4 (N.D. Cal. Aug. 18, 2015); *see also Wyles v. Sussman*, 2020 WL 1170226, at *1 n.3 (C.D. Cal. Jan. 2, 2020) ("While Plaintiff's counsel relies only on his own declaration, and not any billing records, to demonstrate the hours that he spent in connection with the anti-SLAPP motion, California and federal courts agree that this does not disqualify Plaintiff from recovering the fees he requests."). Deel was not obligated to provide time records as an exhibit in light of the Russel Declaration, and in any event, they would add little because Deel has itemized the tasks that for which it seeks fees by date, hour (in six-minute increments), tasks, and attorney. *See* ECF 91-1 ¶12.[3]

---

[3] Thus, Rippling's reliance on *In re Akins*, 640 B.R. 687, 720-21 (Bankr. E.D. Cal. 2022) is misplaced, because Deel did not submit "lump sum dollar amounts" that "were slipped into the Costs Bill as 'Other costs,' which are required to be itemized."

1       As noted above, Deel's supporting declaration comports with all federal, state, and local laws
2  governing documentation of attorneys' fees requests. Counsel is "not required to record in great detail
3  how each minute of his time was expended" (although Deel has). *Hensley*, 461 U.S. at 437 n.12. Instead,
4  counsel must "identify the general subject matter of his time expenditures." *Id.* The Declaration provides
5  "a proper basis for determining how much time was spent" on the CUTSA claim, "whether the case was
6  overstaffed," and whether those "hours were reasonably expended." *Lunada Biomedical v. Nunez*, 230
7  Cal.App.4th 459, 486–87 (2014) (citations omitted). As required by Local Rule 54-5(b)(2), the
8  Declaration attests to "the services rendered by" Adam Lloyd and Jason Russell, "a summary of the time
9  spent" by them, and a description of "the manner in which time records were maintained." N.D. Cal. L.R.
10 54-5(b)(2); ECF 91-1 ¶¶ 7-13. That is all that is required.

11      *Second*, citing *Garrick v. Garrick*, 2024 WL 5213099, at *3 (N.D. Cal. Dec. 23, 2024), Rippling
12 argues that the Declaration does not allow the Court to apportion the time spent on the CUTSA portion of
13 the Original anti-SLAPP Motion from Deel's Rule 12(b)(6) Motion for dismissal of the DTSA claim.
14 Opp. at 13. This concern is unwarranted. Deel is entitled to fees for work on the CUTSA section of its
15 anti-SLAPP motion, as well as any "[w]ork that is inextricably intertwined with an anti-SLAPP motion."
16 *Fallay v. San Francisco City & Cnty.*, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) (Breyer, J.).
17 Although Deel cannot recover fees for work performed solely on distinctly federal defenses (like the RICO
18 section of Deel's 12(b)(6) motion), "expenses incurred on common issues of fact and law qualify for an
19 award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Open*
20 *Source Sec., Inc. v. Perens*, 2018 WL 2762637, at *5 (N.D. Cal. June 9, 2018); *see also Woulfe*, 2024 WL
21 1110914, at *8 ("Here, the Court finds that the two motions were inextricably intertwined, and that
22 Defendant may recover for time spent in connection with the motion to dismiss and the motion to strike."
23 (quoting *Peak Health Ctr. v. Dorfman*, 2020 WL 3254337, at *5 (N.D. Cal. June 16, 2020))).

24      Here, Rippling's CUTSA claim shared both a "common core of facts" with the DTSA claim and
25 was "based on related legal theories." *Moonbug Ent. Ltd. v. Babybus (Fujian) Network Tech. Co.*, 2022
26 WL 1289048, at *4 (N.D. Cal. Apr. 29, 2022) (quoting *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d
27 1147, 1174 (9th Cir. 2019)); *see also* Opp. at 5-6 (arguing that CUTSA and DTSA claims are "identical").
28 Therefore, even if work done on the CUTSA portion of the Original Anti-SLAPP Motion was also useful

1  for Deel's original 12(b)(6) arguments with respect to Rippling's DTSA claim (as well as Deel's 12(b)(6)
2  arguments for dismissal of the CUTSA claim), that work is compensable. As such, given that CUTSA is
3  one of four state law claims that Rippling asserted, Deel apportioned a fourth of the total fees incurred on
4  the Original Anti-SLAPP Motion and substantially intertwined issues to the CUTSA claim, as this Court
5  has done in prior fee requests. *See, e.g., Fallay*, 2016 WL 879632, at *5 n.8 (noting that "the work done
6  on the motions to dismiss as to those state law claims is inextricably intertwined with and laid the
7  groundwork for the anti-SLAPP motion"). In *Garrick*, 2024 WL 5213099, at *3, the court was concerned
8  defendants were seeking fees for non-compensable work done on distinctly federal claims. Here, Deel
9  does not seek fees for work done on its distinctly federal and non-compensable RICO defense.

10      Moreover, Rippling's complaint that these hours are unreasonable because the CUTSA portion of
11  Deel's Original anti-SLAPP Motion was only four pages misses the mark. More than those four pages
12  went into bringing the Original anti-SLAPP Motion against Rippling's CUTSA claim. For example,
13  counsel needed to draft a factual background, preliminary statement, research anti-SLAPP law and
14  procedure, and draft the first step of the anti-SLAPP analysis, amongst other tasks, to file the Original
15  anti-SLAPP Motion against all state law claims **including the CUTSA claim**. Deel has apportioned a
16  "quarter of the fees actually paid by Deel" for all of those tasks. ECF 91-1 ¶¶8-9.[4]

17      *Third*, Rippling cites a string of cases concerning fee requests that were denied because they were
18  supported only by hearsay, but none of them apply here. Opp. at 15. Indeed, these cases stand for the
19  unremarkable proposition that a fee award "requires an evidentiary basis for each aspect of an award"
20  such that hearsay cannot be the "*sole justification*." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 223
21  (9th Cir. 2013). In *Muniz*, the Ninth Circuit rejected a fee request that relied on a paralegal's
22  "reconstruct[ion]" of the hours she spent on a case. *Id.* ("We are satisfied that the only reasonable

---

[4] Rippling further complains that Deel is **not** seeking fees for the other attorneys who worked on the Original anti-SLAPP Motion, and suggests, without evidence, that Deel's apportionment is inaccurate. Opp. 14. First, Deel is not required to seek fees for all attorneys involved, and the fact that Deel is not pursuing fees that it could is a factor weighing towards the reasonableness of its request, not against. *See Mireskandari v. Daily Mail & Gen. Tr. PLC*, 2014 WL 12586434, at *19 (C.D. Cal. Nov. 7, 2014) ("Because defendants are entitled to recover such fees but do not seek them in this motion, the court concludes it is appropriate to judge the reasonableness of their requested fees in light of this fact."). Second, Mr. Russell attested that the fees requested here represent "less than a quarter of the *fees* actually paid by Deel for the Original Anti-SLAPP Motion and intertwined issues" (ECF 91-1 ¶9), so Rippling's distorted quadrupling of the *hours* worked by Mr. Russell and Mr. Lloyd misses the mark, and ignores that Mr. Russell attested that "another litigation counsel and a litigation associate" billed to the Original Anti-SLAPP Motion. *Id.* ¶8.

interpretation of Mr. Jaffe's declaration is that Ms. Jaffe provided this information to him."). However, as the court in *Gonzalez-Chavez v. City of Bakersfield*, explained whilst applying *Muniz*, where an attorney reviews contemporaneous time records and attests to them under penalty of perjury, those time sheets fall under the business records exception to the hearsay rule in Federal Rule of Evidence 803(6), and the declarant may attest to the hours of another attorney. 2016 WL 2898132, at *2-3 (E.D. Cal. May 17, 2016); *see also Banga v. First USA, NA*, 29 F.Supp.3d 1270, 1274 n.2 (N.D. Cal. 2014) ("[P]ersonal knowledge can come from the review of the contents of business records and an affiant may testify to acts that she did not personally observe but which have been described in business records."). Thus, attorneys are permitted to rely on billing statements kept in the regular course of business in order to testify to the work of other attorneys to support a fee request. *See Uriarte-Limon v. Smith*, 2018 WL 6265098, at *2 (C.D. Cal. Jan. 3, 2018) (collecting cases); *see also Fallay*, 2016 WL 879632, at *4-5 (awarding fees based on one attorney declaration which "summarizes the tasks undertaken by counsel (Mr. Selvin and three different associates)"); *Le v. Sunlan Corp.*, 2014 WL 296032, at *3 (N.D. Cal. Jan. 27, 2014) (Breyer, J.) (concluding law firm billing records "are not hearsay but business records").

Here, in addition to seeking to recover fees for Mr. Russell's own work, he attested under penalty of perjury to reviewing time records contemporaneously recorded by Skadden and kept in the regular course of business. ECF 91-1 ¶¶7, 13. Thus, the business records exception applies, and the cases cited by Rippling are inapposite. *See Kranson v. Fed. Express Corp.*, 2013 WL 6503308, at *5 (N.D. Cal. Dec. 11, 2013) (finding no evidence that paralegal's time was contemporaneously recorded in business records); *Knickerbocker v. Corinthian Colls.*, 2014 WL 3927227, at *3 n.2 (W.D. Wash. Aug. 12, 2014) (rejecting declaration evidence for fee request where attorney has "not shown that a hearsay exception applies"). Contrary to Rippling's contention, Deel does not offer a "bare[] record" or "hamper the Court's ability to assess the reasonableness of its request," but rather has submitted evidence in declaration form that is sufficient to assess the reasonableness of the hours billed under long-established principles of federal practice and Local Rules. Opp. 15.

B.  **Deel Has Established that the Hourly Rates Were Reasonable**

Deel's Motion showed, with evidence and caselaw, that its hourly rates are reasonable under the prevailing standard by submitting an attorney declaration, evidence of the customary hourly rates charged

by Quinn Emmanuel and Skadden Arps, rate determinations in other cases, evidence of Deel's attorneys' relevant qualifications and experience, and evidence that Deel has paid for the actual rates for which it now seeks to recover. Mot. §II.B; *see also Rutherford*, 2014 WL 12634510, at *8 ("A declaration concerning hourly rates is generally sufficient evidence of the hourly rates in the relevant legal community." (citing *Davis v. City of San Diego*, 106 Cal.App.4th 893, 903 (2003))); N.D. Cal. L.R. 54-5(b)(3) (requiring "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person *or* of comparable prevailing hourly rates *or* other indication of value of the services"). Rippling does little to argue that the hourly rates sought by Deel are unreasonable, other than conclusorily stating in the final paragraph of its Opposition that Deel has failed to satisfy its burden to establish the reasonableness of the hourly rates, once again ignoring that Deel's showing complies with the Local Rules of this Court. Opp. 15.

Rippling finally notes in passing that Deel should be "foreclosed" from challenging the reasonableness of Rippling's rates at a later juncture. Opp. at 15. "Though not dispositive, the rates opposing counsel charged are sometimes 'useful' evidence to suggest that the rates sought are reasonable." *Maloney v. T3Media, Inc.*, 2015 WL 3879634, at *5 (C.D. Cal. May 27, 2015). Deel is not arguing that Quinn Emmanuel's rates are reasonable, but that the exorbitant amount charged by Quinn Emmanuel is "useful evidence" that Skadden's **lower rates** are reasonable. "And, while not a perfect measure, the fact that Defendant paid the rates for which they now seek reimbursement is evidence the rates are reasonable because 'the actual rate that the attorney can command in the market is itself highly relevant proof of the prevailing community rate.'" *Id.* Thus, Deel has satisfied its burden to establish the reasonableness of the hourly rates sought here by submitting the documentation required under Local Rule 54-5(b)(3).

## CONCLUSION

Deel respectfully requests that the Court grant its Motion and order Rippling to pay Deel $52,051.50 in reasonable attorneys' fees pursuant to California Code of Civil Procedure Section 425.16(c).

DATED: September 5, 2025

By: _____/s/ Jason D. Russell_____
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*