LATHAM & WATKINS LLP
  Sarah M. Ray (Bar No. 229670)
   sarah.ray@lw.com
  Katharine Currault (Bar No. 346509)
   katharine.currault@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Non-Party
Revolut Technologies Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, <br><br> Plaintiff, <br><br> v. <br><br> DEEL, INC., et al., <br><br> Defendants. | Case No. 3:25-cv-2576-CRB (LJC) <br><br> **REVOLUT'S STATEMENT IN RESPONSE TO RIPPLING'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 127)** <br><br> Judge: Hon. Charles R. Breyer <br> Magistrate Judge: Hon. Lisa J. Cisneros |

Pursuant to Civil Local Rules 7-11 and 79-5(f), non-party Revolut Technologies Inc. ("Revolut") hereby responds to Plaintiff People Center, Inc. d/b/a Rippling's ("Rippling" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 127) (the "Administrative Motion").

Non-party Revolut submits this response to ensure that customer personally identifiable information ("PII") and sensitive financial activity remain under seal. There are compelling reasons to prevent public release of this information. First, it would risk competitive harm to Revolut by undermining its users' trust and confidence in Revolut's ability to protect users' data, which is vital to Revolut's commercial success. Second, disclosure would invade and compromise the privacy of a Revolut user who is also a non-party in this litigation. As required by the Local Rules, Revolut has explored "all reasonable alternatives to filing documents under seal" and "minimize[d] the number of documents" it is seeking "to file under seal." L.R. 79-5(a). Revolut has proposed redactions of only "the truly sensitive information" rather than seeking to "seal entire documents." *Id.* Revolut's counsel has reviewed and complied with Civil Local Rule 79-5.

Revolut thus respectfully requests that the Court permit the sealing of the specified portions of the documents addressed herein.

I.  **LEGAL STANDARD**

"[A] trial court has broad discretion to permit sealing of court documents" pursuant to Rule 26(c). *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (citing Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper when the moving party complies with Civil Local Rule 79-5 and rebuts the applicable presumption in favor of access. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Local Rule 79-5 requires the movant to provide the "reasons for keeping a document under seal," including (i) "the legitimate private or public interests that warrant sealing," (ii) "the injury that will result if sealing is denied," and (iii) "why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1). For materials submitted in connection with dispositive motions, courts seek "compelling reasons" supported by specific facts to overcome the presumption in favor of public access. *Kamakana*, 447 F.3d at 1178. "In general, 'compelling reasons' … exist when such 'court files might have

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 127)
CASE NO. 3:25-cv-2576-CRB (LJC)

1  become a vehicle for improper purposes,' such as the use of records to gratify private spite,
2  promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting
3  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

4      Compelling reasons exist where disclosure could "harm a litigant's competitive standing."
5  *Nixon*, 435 U.S. at 598; *see also Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL
6  6392572, at *2–3 (N.D. Cal. Feb. 10, 2020) (sealing "customers' private financial and personal
7  information," whose disclosure "could cause competitive harm to Google by eroding trust in
8  Google's ability to maintain the confidentiality of its customers' sensitive information"); *Adtrader,*
9  *Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (same).

10      Courts have also recognized that protecting third-party privacy interests constitutes a
11  compelling reason to justify sealing user data and PII. *See Am. Auto. Ass'n of N. Calif., Nev. &*
12  *Utah v. Gen. Motors LLC*, No. 17-cv-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019)
13  (sealing third-party PII, including names, addresses, phone numbers, and emails because the
14  "Ninth Circuit has found that compelling reasons exist to keep personal information confidential
15  to protect an individual's privacy interest and to prevent exposure to harm or identity theft"); *see*
16  *also Activision Publ'g, Inc. v. EngineOwning UG*, No. 22-cv-00051, 2023 WL 2347134, at *1
17  (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information,
18  including "customer activities on certain platforms, in order to protect the customers' privacy");
19  *cf. Heitkoetter v. Domm*, No. 22-cv-00368, 2023 WL 122041, at *5 & n.6, *7 (E.D. Cal. Jan. 6,
20  2023) (finding good cause to preclude public dissemination of disclosed brokerage statements
21  because "[f]inancial information is generally considered confidential," and "both Federal and State
22  law recognize the right" of "privacy to financial information"). Further, the private interest in
23  confidentiality "is not eviscerated by a small number of public disclosures." *In re Roman Cath.*
24  *Archbishop of Portland in Oregon*, 661 F.3d 417, 428 (9th Cir. 2011).

25  **II.  NON-PARTY REVOLUT'S COMPELLING REASONS FOR SEALING**

26      Revolut respectfully requests that the Court seal the following documents and information:

27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 127)
CASE NO. 3:25-cv-2576-CRB (LJC)

| Document | Portion To Be Sealed | Designation | Designated By |
|---|---|---|---|
| Rippling's Opposition (Dkt. No. 127-1) | Yellow Highlighted Portions | Highly Confidential – Attorneys' Eyes Only | Non-Party Revolut |
| Nardinelli Decl. Ex. 4 (Dkt. No. 127-2) | Yellow Highlighted Portions | Highly Confidential – Attorneys' Eyes Only | Non-Party Revolut |

### A. Non-Party Revolut's Legitimate Private and Public Interests Warrant Sealing.

The Protective Order in this case automatically designates materials produced by non-parties like Revolut as "Confidential." Dkt. No. 74 ¶ 9. ("The terms of this Order are applicable to information produced at any time by a Non-Party in this action, except that such information shall be automatically designated as 'Confidential.'"). It further provides that a "Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case *only for prosecuting, defending, or attempting to settle this litigation*." *Id.* ¶ 7.1 (emphasis added). Relying on these court-ordered protections, Revolut produced documents pursuant to a valid subpoena. *See* Ray Decl. ¶ 8. Revolut maintains its user data as confidential. *Id.* ¶ 7. Revolut designated all documents containing user data as "Highly Confidential – Attorneys' Eyes Only" during discovery. *Id.* ¶ 8. The proposed redacted portions contain confidential financial and personal information about Revolut users. *See id.* ¶¶ 7–10. Apart from unproven allegations in Plaintiff's Amended Complaint, the information at issue has not been publicly disclosed. *See* Dkt. No. 135 at 7–8. Permitting the redaction of Revolut user information is appropriate given that public disclosure "would undermine customers' trust in [Revolut], which is vital to [Revolut's] commercial success." 2020 WL 6395513, at *2; *see also* 2020 WL 6392572, at *2–3 (same); Ray Decl. ¶ 9. Further, "'invasion of a third party's privacy' constitutes a compelling reason to file an exhibit under seal." *L.W. ex rel. Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1101 (S.D. Cal. 2023) (quoting *Icon–IP Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (cleaned up)).

### B. Injury to Non-Parties Will Result If Sealing Is Denied.

Revolut maintains as confidential the personal and financial data of its users. *See* Ray Decl. ¶ 7. Disclosure of this information would cause Revolut substantial harm by raising privacy

concerns on behalf of its users, which could lead to, among other things, users cancelling or choosing not to engage Revolut services due to privacy concerns. *See id.* ¶ 9. Revolut's user will also be injured if sealing is denied as to their financial and personal information, which Revolut also maintains as confidential. *See id.* ¶ 7.

### C. No Less Restrictive Alternative to Sealing Is Sufficient.

Revolut has endeavored to be as narrow as possible with its request for sealing, and has proposed line-level redactions rather than seeking to seal documents in full. *Id.* ¶ 11. Because Plaintiff, in its crusade to publicize evidence helpful to its case, has already *heavily* implied in recent filings the identity of the customer involved in the challenged documents, redacting only the PII would not sufficiently protect the non-party's privacy interests. *See generally* Dkt. No. 135. *Contra Zakinov v. Ripple Labs, Inc.*, No. 18-cv-06753, 2023 WL 5280193, at *2 (N.D. Cal. Aug. 15, 2023) (granting motion to seal portions of a spreadsheet with transaction information where the third party requested sealing the user identities for each transaction). Given the privacy implications of disclosing Revolut user data, there are no further, less-restrictive alternatives available to protect the information that Revolut now seeks to maintain under seal.

### III. CONCLUSION

For the foregoing reasons, Revolut respectfully moves this Court pursuant to Civil Local Rules 7-11 and 79-5 to keep the information identified above under seal. Pursuant to Civil Local Rule 79-5, this response is accompanied by the supporting Declaration of Sarah M. Ray and a proposed order.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 127)
CASE NO. 3:25-cv-2576-CRB (LJC)

| | | |
|---|---|---|
| 1 | Dated: September 29, 2025 | Respectfully Submitted, |
| 2 | | LATHAM & WATKINS LLP |

By: /s/ *Sarah M. Ray*
Sarah M. Ray (Bar No. 229670)
 sarah.ray@lw.com
Katharine Currault (Bar No. 346509)
 katharine.currault@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Non-Party Revolut Technologies Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 127)
CASE NO. 3:25-cv-2576-CRB (LJC)