LATHAM & WATKINS LLP
   Sarah M. Ray (Bar No. 229670)
    sarah.ray@lw.com
   Katharine Currault (Bar No. 346509)
    katharine.currault@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

*Attorneys for Non-Party*
*Revolut Technologies Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, <br><br> Plaintiff, <br><br> v. <br><br> DEEL, INC., et al., <br><br> Defendants. | Case No. 3:25-cv-2576-CRB (LJC) <br><br> **REVOLUT'S STATEMENT IN RESPONSE TO RIPPLING'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. NO. 132)** <br><br> Judge: Hon. Charles R. Breyer <br> Magistrate Judge: Hon. Lisa J. Cisneros |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 132)
CASE NO. 3:25-cv-2576-CRB (LJC)

Pursuant to Civil Local Rules 7-11 and 79-5(f), non-party Revolut Technologies Inc. ("Revolut") hereby responds to Plaintiff People Center, Inc. d/b/a Rippling's ("Rippling" or "Plaintiff") Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No. 132) (the "Administrative Motion").

The material at issue includes Revolut's confidential information that is the subject of previously filed administrative motions to seal. *See* Dkt. Nos. 118, 127, 136. Plaintiff's Administrative Motion does not implicate any new Revolut information to be sealed. With respect to the substance of Dkt. No. 132-1, and Revolut's arguments showing good cause to maintain the yellow-highlighted portions under seal, Revolut incorporates by reference—and in an abundance of caution reproduces below—its discussions of this information in Dkt. Nos. 125, 135, 136, and associated supporting filings.

I.   **LEGAL STANDARD**

"[A] trial court has broad discretion to permit sealing of court documents" pursuant to Rule 26(c). *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (citing Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper when the moving party: (i) complies with Civil Local Rule 79-5; and (ii) rebuts the applicable presumption in favor of access. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Local Rule 79-5(c)(1) requires the movant to provide the "reasons for keeping a document under seal," including (i) "the legitimate private or public interests that warrant sealing," (ii) "the injury that will result if sealing is denied," and (iii) "why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1). For materials submitted in connection with dispositive motions, courts seek "compelling reasons" supported by specific facts to overcome the presumption in favor of public access. *Kamakana*, 447 F.3d at 1178. Where, as here, the materials at issue relate to a non-dispositive discovery motion, "a party need only satisfy the less exacting 'good cause' standard" by showing specific harm or prejudice from disclosure in order to justify sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, non-party Revolut seeks to prevent disclosure of its non-party customer's sensitive financial data and PII, where such disclosure would cause competitive harm to Revolut and harm

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 132)
CASE NO. 3:25-cv-2576-CRB (LJC)

to the privacy interests of its customer. Sealing is justified where disclosure of "sources of business information" would risk "harm[ing] a litigant's competitive standing" in the market. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6392572, at *2–3 (N.D. Cal. Feb. 10, 2020) (sealing, among other categories of information, "customers' private financial and personal information," disclosure of which "could cause competitive harm to Google by eroding trust in Google's ability to maintain the confidentiality of its customers' sensitive information"); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (same).

Further, sealing is particularly appropriate where, as here, the information at issue is a non-party's confidential information, considering that the "privacy interests" of "third parties weighs heavily against the public's interest in access to court documents." *Quad Int'l, Inc. v. Doe*, No. 12-cv-05433, 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012) (citing *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)). Courts have also recognized that the disclosure of non-public user data and financial information implicates concerns relating to user privacy. *See Am. Auto. Ass'n of N. Calif., Nev. & Utah v. Gen. Motors LLC*, No. 17-cv-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing third-party PII, including names, addresses, phone numbers, and email addresses because the "Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft"); *Heitkoetter v. Domm*, No. 22-cv-00368, 2023 WL 122041, at *5 & n.6, *7 (E.D. Cal. Jan. 6, 2023) (finding good cause to preclude public dissemination of disclosed brokerage statements because "[f]inancial information is generally considered confidential," and "both Federal and State law recognize the right" of "privacy to financial information"); *Sampson v. City of El Centro*, No. 14-cv-01807, 2015 WL 11658713, at *9 (S.D. Cal. Aug. 31, 2015) (finding that disclosure of non-party identities to the media will result in particularized harm); *Activision Publ'g, Inc. v. EngineOwning UG,* No. 22-cv-00051, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information, including "customer activities on certain platforms, in order to protect the customers' privacy"). Notably, the private interest in confidentiality "is not eviscerated by a small number of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 132)
CASE NO. 3:25-cv-2576-CRB (LJC)

public disclosures." *In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 428 (9th Cir. 2011). Indeed, the Ninth Circuit has held that, even after accurate confidential information was disclosed in national newspapers, the subjects of such leaked confidential data retained their interests in preventing further disclosures. *See United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir.2010) (en banc) (per curiam), *overruled in part on other grounds as recognized by Demaree v. Pederson*, 887 F.3d 870, 876 (9th Cir. 2018).

## II.     NON-PARTY REVOLUT'S GOOD CAUSE FOR SEALING

Revolut respectfully requests that the Court seal the following information:

| Document | Portion Sought To Be Sealed | Designation | Designated By |
|---|---|---|---|
| Rippling's Response (Dkt. No. 132-1) | Yellow Highlighted Portions | Highly Confidential – Attorneys' Eyes Only | Non-Party Revolut |

### A.     Non-Party Revolut's Legitimate Private and Public Interests Warrant Sealing.

The Protective Order in this case automatically designates materials produced by non-parties like Revolut as "Confidential." Dkt. No. 74 ¶ 9. ("The terms of this Order are applicable to information produced at any time by a Non-Party in this action, except that such information shall be automatically designated as 'Confidential.'"). It further provides that a "Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case *only for prosecuting, defending, or attempting to settle this litigation.*" *Id.* ¶ 7.1 (emphasis added). Relying on these protections, Revolut produced documents pursuant to a valid subpoena. *See* Dkt. No. 136-1 ("Ray Decl.") ¶ 8. Revolut maintains its user data as confidential. *Id.* ¶ 7. Revolut designated all documents containing user data as "Highly Confidential – Attorneys' Eyes Only" during discovery. *Id.* ¶ 8. The proposed redacted portions contain confidential financial and personal information about Revolut users. *See id.* ¶¶ 7–11. Apart from unproven allegations in Plaintiff's Amended Complaint, the information at issue has not been publicly disclosed. *See* Dkt. No. 135 at 7–8. Permitting the redaction of Revolut user information is appropriate given that public disclosure "would undermine customers' trust in [Revolut], which is vital to [Revolut's] commercial success." 2020 WL 6395513, at *2; *see also*

2020 WL 6392572, at *2–3 (same); Ray Decl. ¶ 9.  Further, "'invasion of a third party's privacy' constitutes a compelling reason to file an exhibit under seal." *L.W. ex rel. Doe v. Snap Inc.*, 675 F. Supp. 3d 1087, 1101 (S.D. Cal. 2023) (quoting *Icon–IP Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (cleaned up)).

### B. Injury to Non-Parties Will Result If Sealing Is Denied.

Revolut maintains as confidential the personal and financial data of its users.  *See* Ray Decl. ¶ 7.  Disclosure of this information would cause Revolut substantial harm by raising privacy concerns on behalf of its users, which could lead to, among other things, users cancelling or choosing not to engage Revolut services due to privacy concerns.  *See id.* ¶ 9.  Revolut's user will also be injured if sealing is denied as to their financial and personal information, which Revolut also maintains as confidential.  *See id.* ¶ 7.

### C. No Less Restrictive Alternative to Sealing Is Sufficient.

Revolut has endeavored to be as narrow as possible with its request for sealing, and has proposed line-level redactions wherever possible rather than seeking to seal documents in full. *Id.* ¶ 11.  Because Plaintiff, in its crusade to publicize evidence helpful to its case, has already *heavily* implied in recent filings the identity of the customer involved in the challenged documents, redacting only the PII would not sufficiently protect the non-party's privacy interests.  *See generally* Dkt. No. 135.  *Contra Zakinov v. Ripple Labs*, No. 18-cv-06753, 2023 WL 5280193, at *2 (N.D. Cal. Aug. 15, 2023) (granting motion to seal portions of a spreadsheet with transaction information where the third party requested sealing the user identities for each transaction).  Given the privacy implications of disclosing Revolut user data, there are no further, less-restrictive alternatives available to protect the information that Revolut now seeks to maintain under seal.

### III. CONCLUSION

For the foregoing reasons, Revolut respectfully requests this Court to maintain the information discussed above under seal.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 132)
CASE NO. 3:25-cv-2576-CRB (LJC)

| | | |
|---|---|---|
| 1 | Dated:  September 30, 2025 | Respectfully Submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By: /s/ *Sarah M. Ray* |
| 4 | | Sarah M. Ray (Bar No. 229670) |
| | | sarah.ray@lw.com |
| 5 | | Katharine Currault (Bar No. 346509) |
| | | katharine.currault@lw.com |
| 6 | | 505 Montgomery Street, Suite 2000 |
| | | San Francisco, California 94111 |
| 7 | | Telephone:  +1.415.391.0600 |
| 8 | | *Attorneys for Non-Party Revolut Technologies Inc.* |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

REVOLUT'S STATEMENT IN RESP. TO ADMIN.
MOT. TO CONSIDER SEALING (DKT. NO. 132)
CASE NO. 3:25-cv-2576-CRB (LJC)