UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DEEL, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-02576-CRB   (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION CHALLENGING CONFIDENTIALITY DESIGNATIONS AND RELATED SEALING MOTIONS**<br><br>Re: Dkt. No. 118, 119, 136 |

Plaintiff People Center, Inc. (Rippling) challenges designations of confidentiality by non-party Revolut Technologies Inc. regarding documents Revolut produced in response to Rippling's subpoena. *See generally* ECF No. 118. Revolut, a financial technology company, relies in large part on its customers' privacy interests to support its designations. *See generally* ECF No. 135. All of the customers at issue have significant connections to this case: (1) Defendant Deel, Inc.'s corporate affiliate Lets Deel Ltd, (2) Alba Basha, who is married to Defendant Daniel Westgarth, a Deel executive; and (3) Keith O'Brien, a former Rippling employee who allegedly spied on Rippling for Deel.

The Court previously determined that the customers themselves are better positioned to defend their privacy interests than Revolut, set a deadline of November 7, 2025 for any opposition briefs by the customers, and ordered Revolut to notify the customers of that order. ECF No. 147. That deadline has passed, and no brief has been filed by any customer. The Court therefore concludes that the customers do not oppose Rippling's challenge to Revolut's confidentiality designations. Nor is any significant privacy interest apparent when it comes to the transactions at the heart of this case: a payment from Lets Deel Ltd to Basha, followed by a corresponding payment from Basha to O'Brien. Revolut also cites a potential loss of trust by other customers if

these customers' records are disclosed, but the Court does not find that consideration sufficient to maintain confidentiality when the customers at issue have been given an opportunity to oppose disclosure and did not do so. In the absence of any indication that the customers oppose disclosure, Rippling has not met its burden of persuasion as the "Designating Party" to maintain confidentiality with respect to most of the material at issue. *See* ECF No. 74 (Protective Order) at 8, § 6.3.

Notwithstanding the customers' non-response, the account and routing numbers included in the documents at issue appear to be inherently confidential and to present meaningful risk of harm if disclosed. Rippling indicated in its Motion that it does not oppose redacting those numbers. ECF No. 119 at 10. Rippling's challenge is DENIED as to all but the last four digits those numbers. *See* Fed. R. Civ. P. 5.2(a)(4). The remainder of the account and routing numbers remain designated Highly Confidential – Attorneys' Eyes Only, and must be redacted from any public filing or disclosure. The challenge is also DENIED as to the specific street address (but not city and state) of what appears to be Basha's home address on her account statement, which remains subject to the same designation. Rippling's challenge is GRANTED as to the remaining portions of the documents identified by Bates numbers RTI-00004 through RTI-00006. *See* ECF No. 119-7 (proposed order defining the scope of Rippling's challenge to confidentiality).[1] So long as the account and routing numbers and Basha's home address are redacted as discussed above, the parties need not treat those documents as confidential.

Each party filed an administrative motion regarding sealing documents filed in connection with the present dispute. ECF Nos. 118, 136. No party has shown good cause to seal the filings at issue except as discussed above. The sealing motions are therefore GRANTED as to the account numbers, routing numbers, and specific street address, but otherwise DENIED. Rippling and

---

[1] Rippling indicates that Revolut also produced a copy of Basha's driver's license that it maintained in connection with her account. Based on Rippling's proposed order, that driver's license does not appear to be implicated by its challenge to confidentiality. *Compare* ECF No. 119-7 (proposed order) *with* ECF No. 118-5 (RTI-00004 through RTI-0006, which do not include the driver's license) (provisionally filed under seal). To the extent there is any dispute regarding the confidentiality of Basha's driver's license, the Court expects Rippling, Revolut, and Basha to meet and confer in an attempt to reach an agreement as to confidentiality or appropriate redactions.

Revolut are ORDERED to file public versions of the documents at issue,[2] with redactions consistent with this Order, no later than one week from the date of this Order.

The parties are further ORDERED to file a joint status report by the same deadline directed to the presiding district judge, indicating whether or to what extent this Order effectively resolves any other sealing motions that are currently pending before him.

**IT IS SO ORDERED.**

Dated: November 17, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[2] ECF Nos. 118-2, 118-5, 118-8 (filed by Rippling), and ECF No. 136-2 (filed by Revolut).

3