# EXHIBIT 5

**From:** Jeff Nardinelli
**Sent:** Tuesday, September 9, 2025 11:09 AM
**To:** Sarah.Ray@lw.com; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Hi Sarah,

Thank you for explaining Revolut's position. Rippling continues to disagree. Given the context of the two November 4 transactions and their direct relevance to Rippling's allegations, neither can be described as a "personal financial activity that weighs against public disclosure." In fact, the payment is already a matter of public record. *See* ECF 57 ¶ 64. There can be no basis for asserting confidentiality over a transaction that has already been made public. Accordingly, Rippling intends to file its PO challenge this Friday as to the transaction records and the KYC driver's license photo that confirms Ms. Basha's identity.

Further: on July 25, Rippling agreed to cabin Revolut's initial production to "limited KYC information and transaction data for Nov. 4, 2024 associated with the account in question" but also agreed to "continue discussing the other aspects of the subpoena." Given that Revolut's initial production showed a clear and direct tie between Deel, Ms. Basha's account, and the bribery scheme alleged in Rippling's complaint, Rippling is more than justified in requesting the complete transaction information from the Alba Basha account from January 1, 2022 through present. That would include, but not be limited to, all other transactions involving LETS DEEL LTD. Likewise, for each transaction, Rippling requests that Revolut produce any IP, device, or other information identifying the user or device responsible for the transaction. This request falls within the definition of "Transaction Information" in the subpoena, which includes "all information" about the "sender and recipient," and further it falls within the scope of production that all parties to the case—including Deel and the Individual Defendants—have agreed is appropriate and to which no objection is being made. We also understand that it takes virtually no time or effort to generate the full set of transaction information for a single account, and accordingly request production no later than this Friday, September 12.

Please confirm by EOD tomorrow. If Revolut does not agree, I am available this Thursday afternoon to discuss any of Revolut's objections.

Best,
Jeff


**From:** Sarah.Ray@lw.com <Sarah.Ray@lw.com>
**Sent:** Saturday, September 6, 2025 3:37 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

**[EXTERNAL EMAIL from sarah.ray@lw.com]**

1

Jeff,

We spoke with our client, and Revolut maintains that its production was appropriately designated as AEO because the materials reflect extremely sensitive information, disclosure of which "would create a substantial risk of serious harm," ECF No. 74 ¶ 2.7, both to Revolut and to its users:

- Disclosing Revolut's user transaction data would cause competitive harm to Revolut for several reasons, including by undermining its users' trust, which is vital to its commercial success. This particularized harm constitutes "good cause" for protection under both Rule 26(c), *see Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002), and the Ninth Circuit's more stringent "compelling reasons" standard, *e.g.*, *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082, 2020 WL 6392572, at *2-3 (N.D. Cal. Feb. 10, 2020) (sealing "customers' private financial and personal information," disclosure of which "could cause competitive harm to Google by eroding trust in Google's ability to maintain the confidentiality of its customers' sensitive information").

- Moreover, consumers have a strong privacy interest in their personal financial activity that weighs against public disclosure. *E.g.*, *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-cv-01702, 2018 WL 10701610, at *3 (N.D. Cal. Apr. 11, 2018) (sealing client transaction data, "including the total commission and transaction value, the disclosure of which would harm the competitiveness of [the producing party] and expose their clients' sensitive information"); *Activision Publ'g, Inc. v. EngineOwning UG,* No. 22-cv-00051, 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information, including "customer activities on certain platforms, in order to protect the customers' privacy").

That said, Revolut is willing to take the compromise that you proposed during our conferral, and hereby gives you permission to relay to your client the details of the KYC and transaction information (but you may not share the documents themselves).

Further, Let's Deel Ltd is a Revolut UK customer. Revolut's US entity, RTI, does not have possession, custody, or control of KYC or transaction information belonging to Let's Deel Ltd. In general, RTI has neither the ability nor the right to access non-US customer data.

Thanks,
Sarah


**Sarah M. Ray**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8029

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Thursday, September 4, 2025 8:18 AM
**To:** Ray, Sarah (Bay Area) <Sarah.Ray@lw.com>; Currault, Katharine (Bay Area) <Katharine.Currault@lw.com>; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Hi Sarah,

Following up on my two questions from last week.

Thanks,
Jeff

**From:** Jeff Nardinelli
**Sent:** Thursday, August 28, 2025 3:12 PM
**To:** Sarah.Ray@lw.com; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Hi Sarah,

Thanks for the call today. As discussed, please let us know your client's position on designating the produced KYC and transaction information CONFIDENTIAL under the PO, rather than AEO. You also mentioned there is case law supporting your position that the production warrants AEO treatment. Please share that authority and we will review.

Finally, you said LETS DEEL LTD is not a Revolut USA customer. Please let us know which Revolut entity holds that customer account, and explain why Revolut USA cannot provide KYC or transaction information about LETS DEEL LTD.

Please confirm you will provide this information by next Wednesday, September 3. As always I'm available to speak by phone as well.

Have a great Labor Day weekend,
Jeff

**From:** Jeff Nardinelli
**Sent:** Thursday, August 28, 2025 11:04 AM
**To:** Sarah.Ray@lw.com; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Moved call to 2pm today, thanks Sarah.

3

**From:** Sarah.Ray@lw.com <Sarah.Ray@lw.com>
**Sent:** Thursday, August 28, 2025 11:02 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

**[EXTERNAL EMAIL from sarah.ray@lw.com]**

Hi Jeff –

I've had a conflict arise at 1pm. I can do this call any time between 2 – 4pm today. Does something in that window work?

Thanks,
Sarah

**Sarah M. Ray**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8029

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Tuesday, August 26, 2025 10:49 AM
**To:** Ray, Sarah (Bay Area) <Sarah.Ray@lw.com>; Currault, Katharine (Bay Area) <Katharine.Currault@lw.com>; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Thank you Sarah. I'll send an invite for Thursday at 1pm PT.

**From:** Sarah.Ray@lw.com <Sarah.Ray@lw.com>
**Sent:** Tuesday, August 26, 2025 10:35 AM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

**[EXTERNAL EMAIL from sarah.ray@lw.com]**

Jeff,

I'm not available today at 3pm, but could talk Thursday at 1pm PT.

4

Best,
Sarah


**Sarah M. Ray**

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8029


**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Tuesday, August 26, 2025 7:36 AM
**To:** Currault, Katharine (Bay Area) <Katharine.Currault@lw.com>; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Cc:** Ray, Sarah (Bay Area) <Sarah.Ray@lw.com>
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Counsel,

Following up on the below, are you available today at 3pm PT or do you need another day to discuss with your client?

Best,
Jeff

**From:** Jeff Nardinelli
**Sent:** Friday, August 22, 2025 9:52 AM
**To:** Katharine.Currault@lw.com; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Cc:** Sarah.Ray@lw.com
**Subject:** RE: Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

Counsel,

We have received Revolut's production and have two follow-up issues.

First, is LETS DEEL LTD (referenced at RTI-00004 and -06) a customer of Revolut Technologies Inc. ("Revolut USA") or of a foreign Revolut entity? Can Revolut USA provide KYC information about LETS DEEL LTD? Such information is within scope of the subpoena: RFP 2 seeks "All KYC Information and all Transaction Information associated with the following user account: albao3cg3," with "Transaction Information" defined to include "KYC Information associated with each sender and recipient." LETS DEEL LTD sent funds to albao3cg3 on Nov. 4, 2024. *See* RTI-00004.

5

Second, under Paragraph 6.2 of the Protective Order (ECF 74), Rippling hereby provides written notice that Rippling challenges the AEO designation of RTI-00004 - 00006.  These documents do not qualify for AEO protection because their disclosure would not "create a substantial risk of serious harm."  *See* ECF 74 ¶ 2.7.  Nor do they merit CONFIDENTIAL treatment.  ECF 74 ¶ 2.2.  The documents are transaction records that confirm allegations Rippling has already made publicly.  *See* ECF 57 (FAC) ¶ 64, 176.  To address any legitimate privacy concerns, Rippling is not opposed to limited redactions, such as of the Account Numbers and ACH routing numbers.

Let's please meet and confer once you've had the chance to discuss these issues with your client—are you available this coming Tuesday at 3pm PT?

Best,
Jeff

**From:** Katharine.Currault@lw.com <Katharine.Currault@lw.com>
**Sent:** Thursday, August 21, 2025 1:19 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Richard Ong <richardong@quinnemanuel.com>; Joseph Sarles <josephsarles@quinnemanuel.com>
**Cc:** Sarah.Ray@lw.com
**Subject:** Rippling v. Deel, No. 3:25-cv-2576 (N.D. Cal.) | Revolut's Production

[EXTERNAL EMAIL from katharine.currault@lw.com]

Counsel,

Please see the attached correspondence in connection with the production of documents in response to Rippling's subpoena issued to Revolut Technologies Inc. in the above-referenced matter.  You will receive the production shortly via secure file transfer.  The password to access the file entitled "RTI.zip" is ***C9!x)8DVC68R***

Thanks,
Katharine


**Katharine Currault**

**LATHAM & WATKINS** LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Direct Dial: +1.415.395.8027
Email: katharine.currault@lw.com
https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others

6

or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.