LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:     (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:     (213) 687-5000
Facsimile:     (213) 687-5600

*Counsel for Defendant Deel, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**(1) DEEL'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM PORTIONS OF NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE;**<br><br>**(2) DEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT;**<br><br><u>Under Separate Cover</u>:<br><br>**(3) DECLARATION OF ADAM K. LLOYD; and**<br><br>**(4) [PROPOSED] ORDER.**<br><br>Compl. Filed:      March 17, 2025<br>Am. Compl. Filed: June 5, 2025<br>Judge:             Hon. Charles R. Breyer<br>Courtroom:         6<br>Hearing Date:      None set<br>Hearing Time:      None set |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, in the courtroom of the Honorable Charles R. Breyer, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco California 94102, Defendant Deel, Inc. ("Deel") will, and hereby does, respectfully move pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from only the portions of the Magistrate Judge's November 7, 2025 nondispositive pretrial order (the "Order," ECF 148) requiring Deel to respond to Plaintiff People Center, Inc. d/b/a Rippling ("Rippling")'s Interrogatory Nos. 1, 7, and 8, without a restriction that such responses be limited to only Deel's alleged attempts to obtain or use "Rippling Originated Information." Deel does not object to any other part of the Order.

In a nutshell, Interrogatory 1 seeks discovery of *every* recruiting or other contact that Deel (or anyone acting on Deel's behalf) has made with a "current or former Rippling employee" since September 1, 2022, and Interrogatories 7 and 8 seek discovery as to *every* "actual or potential client or customer" that Deel (or anyone acting on Deel's behalf) has contacted since September 1, 2022. *See* Declaration of Adam K. Lloyd ("Lloyd Decl.") Ex. 1 at 9:7-11, 25:7-11, 27:23-26.

Deel objected to these Interrogatories as overbroad and disproportionate to the needs of the case because they were not tethered to Deel's alleged attempts to use or obtain Rippling Originated Information, and general recruiting activity and customer solicitation (even between competitors) are commonplace and lawful business activities. *Id.* at 10:27-11:11, 26:22-27:9, 29:9-26. Absent a tie to Deel's alleged access and use of Rippling Originated Information, these requests are overbroad and irrelevant on their face. Competitors hiring from one another and attempting to convince each others' customers to switch their business—as Rippling itself does to Deel—is simply ordinary and legitimate business activity. *See, e.g.*, *Hooked Media Grp., Inc. v. Apple Inc.*, 55 Cal.App.5th 323, 330 (2020) ("[B]roadly speaking, Apple was free to hire any of Hooked's employees at any time, and those employees were free to leave to work for Apple …. [N]o legal wrong is committed when a company solicits and hires away its competitor's employees; absent some independent illegal act, the 'interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers.'" (citation omitted)).

1    During the parties' meet-and-confers on September 2, and again on October 3 following Deel's amended responses and objections, Deel stated that, assuming all of its other objections were resolved, Deel would be willing to answer these Interrogatories if they were tethered to Deel's alleged use of "Rippling Originated Information," but Rippling refused. Lloyd Decl. ¶ 4. In the parties' October 10, 2025 Joint Discovery Letter addressed to Judge Cisneros (the "Letter," ECF 146), Deel made clear that it "objects to all nine Interrogatories as overbroad and disproportionate to the needs of the case to the extent that they are not connected to 'Rippling Originated Information,'" and noted that "Interrogatory 1 is a prime example" because "[r]ecruiting is not unlawful conduct." ECF 146 at 5.

Judge Cisneros's Order addressed Deel's argument only as to Interrogatory 1, but did not address such argument as to Interrogatories 7 and 8. ECF 148 at 14:7-15:5. The Order reasoned that because Rippling has alleged that Deel recruited Rippling's employees "for the purpose of obtaining confidential information," it was thus "reasonable and proportional to the needs of the case for Rippling to take discovery to investigate the extent to which that practice extended beyond the specific incidents of which Rippling is already aware," and that Deel thus had to respond to Interrogatory 1 "without a restriction to 'Rippling Originated Information.'" *Id.*

Deel respectfully submits that this portion of the Magistrate Judge's Order is clearly erroneous and contrary to law, because (1) the Order did not address Deel's arguments as to Interrogatories 7 and 8, and (2) in any event, it is unduly burdensome to Deel and disproportionate to the needs of the case at this time that Rippling should be entitled to discovery of *every* recruiting or other contact that Deel has made with a "current or former Rippling employee" since September 1, 2022, without regard as to whether that contact was made for the purpose of allegedly obtaining Rippling Originated Information. The same reasoning applies to Interrogatories 7 and 8, which seek discovery as to *every* "actual or potential client or customer" that Deel has contacted since September 1, 2022, again without regard to Rippling at all, let alone as to whether that contact was made allegedly using Rippling Originated Information. Without these limitations, "[f]undamentally, the discovery sought does not address the central issue of whether" Deel obtained or used Rippling Originated Information, "and the burden imposed by the discovery requests (even as slightly narrowed temporally) plainly exceed the needs of the case." *Lineberry v. Addshoppers, Inc.*, No. 23-CV-01996-VC (PHK), 2024 WL 4707986, at *5-6 (N.D. Cal. Nov. 6, 2024) (denying motion

to compel discovery responses in action alleging improper collection and use of plaintiffs' private information for advertising purposes, where requests "which seek copies of every email containing advertisements sent to Plaintiffs since January 1, 2020, and seeking all emails confirming purchases made by Plaintiffs since January 1, 2020, are, on their face, not proportional to the needs of the case and [are] unduly burdensome").

Therefore, Deel respectfully requests that the Court modify the Order (ECF 148 at 14:7-15:5) to limit Deel's response to Interrogatory 1 to recruiting or other contacts that Deel has made with a "current or former Rippling employee" since September 1, 2022, for the purpose of obtaining "Rippling Originated Information," and limit Deel's responses to Interrogatories 7 and 8 to "actual or potential clients or customers" that Deel has contacted since September 1, 2022, by using "Rippling Originated Information," as these Interrogatories and the term "Rippling Originated Information" have been otherwise limited by the Order.

This Motion for Relief (the "Motion") is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2. It is based on the accompanying Memorandum of Points and Authorities, the Lloyd Declaration and all exhibits attached thereto, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at, or in connection with, any hearing on this Motion.

DATED: November 21, 2025

                                          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                          By:      /s/ Jason D. Russell
                                                        JASON D. RUSSELL
                                                     *Attorneys for Defendant Deel, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rippling's First Amended Complaint ("FAC") asserts racketeering, trade secret, and state law claims against Deel, based on the alleged acts of an Irish citizen employed by Rippling's Irish subsidiary in Dublin, who allegedly stole Rippling's alleged "trade secrets" "from Ireland," and then allegedly communicated from Dublin with Deel's foreign-based executives to allegedly obstruct ongoing Irish proceedings initiated by Rippling and Rippling Ireland against Deel and others in Dublin. *See, e.g.*, ECF 57 ¶¶ 2 nn.1-2, 67, 130-56, 175-80, 195. Deel's motion to dismiss Rippling's FAC in favor of proceedings in Ireland, along with Defendants' other motions to dismiss and strike the FAC as legally insufficient, among other reasons, are currently set for a hearing before the Court on December 12, 2025.

Although this Court previously allowed discovery to proceed during the pendency of Deel's motions to dismiss, it also expressly preserved Deel's right to bring any "future challenges to proportionality" of Rippling's requests. ECF 110. This Motion presents such a challenge. Rippling's Interrogatories 7 and 8 require Deel to identify <u>tens of thousands of "actual or potential" clients, and to prepare a summary for each as to when and how they were contacted, along with a general description of the substance of such communication, without regard as to whether that contact was made allegedly using Rippling Originated Information.</u> Interrogatory 1 requests the same for every current and former Rippling employee Deel has contacted since September 2022, again without any limit to the information at issue.

On November 7, 2025, Judge Cisneros issued an Order on the parties' discovery disputes as to these and other Interrogatories. ECF 148. In this Motion, Deel challenges only the portion of the Order requiring Deel to respond to Interrogatory Nos. 1, 7, and 8 without any limitations or connection to Deel's alleged attempts to obtain or use "Rippling Originated Information." ECF 148 at 14:7-15:5.

**RELEVANT BACKGROUND**

Rippling's Interrogatories at issue in this Motion are the following:

**INTERROGATORY NO. 1:** Identify each current or former Rippling employee whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such Rippling employee, state: (i) the date of each such communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact Information for such Rippling employee; and (iv) the substance of each communication.

**INTERROGATORY NO. 7:** Identify each actual or potential client or customer whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022,

and for each such client or customer, state: (i) the date of each initial communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact information for the potential client or customer; and (iv) the substance of each such initial communication.

**INTERROGATORY NO. 8:** For each of the parties identified in response to Interrogatory No. 7 for whom Deel knew or had reason to believe, at the time it contacted them, that they were actual customers of Rippling or had been identified by Rippling as potential customers, state in detail how Deel gained that information as to each such client or customer.

Lloyd Decl. Ex. 1 at 9:7-11, 25:7-11, 27:23-26.

Deel objected to these Interrogatories as overbroad and disproportionate to the needs of the case because they were not tethered to Deel's alleged attempts to use or obtain "Rippling Originated Information," and general recruiting activity and customer solicitation are legitimate business activities. *Id.* at 10:27-11:11, 26:22-27:9, 29:9-26. Deel met and conferred with Rippling on September 2, and again on October 3 following Deel's amended responses and objections, to attempt to resolve these objections, among others. Lloyd Decl. ¶ 4. Deel stated that, assuming all of its other objections were resolved, Deel would be willing to answer these Interrogatories if they were tethered to Deel's alleged use of "Rippling Originated Information," but Rippling refused. *Id.* In the Letter, noting that "Interrogatory 1 is a prime example," Deel made clear that it "objects to all nine Interrogatories as overbroad and disproportionate to the needs of the case to the extent that they are not connected to 'Rippling Originated Information.'" ECF 146 at 5. But the Order addressed Deel's argument only as to Interrogatory 1; it did not address such argument as to Interrogatories 7 and 8. ECF 148 at 14:7-15:5. The Order reasoned that because Rippling has alleged that Deel recruited Rippling's employees "for the purpose of obtaining confidential information," it was thus "reasonable and proportional to the needs of the case for Rippling to take discovery to investigate the extent to which that practice extended beyond the specific incidents of which Rippling is already aware," and that Deel thus had to respond to Interrogatory 1 "without a restriction to 'Rippling Originated Information.'" *Id.* This Motion follows.

## STANDARD OF REVIEW

When a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The district court reviews

the magistrate judge's factual findings for clear error and legal conclusions to determine whether they are contrary to law. *Blue Bottle Coffee, LLC v. Liao*, No. 21-CV-06083-CRB, 2023 WL 11711682, at *1 (N.D. Cal. Oct. 5, 2023) (granting motion for relief, concluding "a mistake has been committed") (Breyer, J.).

## **ARGUMENT**

Under Rule 26, discovery is always limited to that which is "*relevant* to any party's claim or defense and *proportional* to the needs of the case, considering … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). "The objective is to guard against … disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry," and "[t]he [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Lineberry*, 2024 WL 4707986, at *2 (citing 2015 advisory committee notes to Rule 26(b)(1)). "In evaluating the proportionality of a discovery request, a court should consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

Courts deny motions to compel responses to discovery requests that do "not address the central issue[s]" in the case and where "the burden imposed by the discovery requests … plainly exceed the needs of the case." *Id.* at *5-6; *see also Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13-CV-04057-BLF, 2016 WL 146574, at *1, 2 (N.D. Cal. Jan. 13, 2016) (denying motion to compel discovery without "any nexus to the disputes in this case," as Rule 26 provides that it is not "good enough to hope that the information sought might lead to the discovery of admissible evidence"). An interrogatory is "overly broad or unduly burdensome on its face" if it "applies to a general category or group of documents or a broad range of information"—for example, "in a wrongful employment termination action, a document request would be objectionable as overly broad if it sought all documents and e-mails referring or relating to the plaintiff and/or the allegations in the complaint or the defendant's defenses," but "a more specific document request in the same case would not be objectionable as overly broad if it sought production of all documents referring or relating to the defendant's decision to eliminate plaintiff's job." *Shuckett v. Dialamerica*

3

*Mktg., Inc.*, No. 17CV2073-LAB(KSC), 2018 WL 4350123, at *5-6, *10 (S.D. Cal. Sept. 10, 2018) (finding discovery requests that sought information regarding *all* calls that defendant made in the past four years to be "overly broad on their face," reasoning that "the allegations in the Second Amended Complaint and plaintiff's conclusory relevance arguments are not enough to justify an order allowing plaintiff to rummage through more than four years' worth of telephone calls," and that plaintiff was thus entitled only to information on calls "that directly relates to the allegations in the Second Amended Complaint").

*Lineberry* is also instructive. There, the "gravamen" of plaintiffs' complaint was that defendant unlawfully obtained and used the plaintiffs' personal identifying information without their authorization. 2024 WL 4707986, at *1. The court denied a motion to compel responses to discovery requests seeking "every email containing advertisements sent to Plaintiffs since January 1, 2020, and seeking all emails confirming purchases made by Plaintiffs since January 1, 2020," as these requests were "on their face, not proportional to the needs of the case and unduly burdensome" because they do "not address the central issue of whether Defendant engaged in undisclosed tracking of Plaintiffs" and call for a "likely extraordinarily high" volume of information. *Id.* at *5-6.

Here, assuming Rippling's claims can even survive Deel's various motions to dismiss, the central issue raised by Rippling's FAC is whether Deel improperly obtained and used Rippling's trade secrets. But Interrogatory Nos. 1, 7, and 8 on their face have no bearing on that issue—instead, they seek general information into fundamental and ubiquitous business practices such as Deel's efforts to recruit potential employees and engage current and potential customers. *See, e.g.*, *Hooked Media*, 55 Cal.App.5th at 330 ("[N]o legal wrong is committed when a company solicits and hires away its competitor's employees; absent some independent illegal act, the 'interests of the employee in his own mobility and betterment are deemed paramount to the competitive business interests of the employers'."); *Coast Hematology-Oncology Assocs. Med. Grp., Inc. v. Long Beach Mem'l Med. Ctr.*, 58 Cal.App.5th 748, 767 (2020) (noting litigation's potential to "dull the incentive to compete with vigor," and that courts are thus "wary of lawsuits brought by a rival that has lost business or employees and is suing based on conduct regarded by the commercial world as both commonplace and appropriate").

They are also overly burdensome on their face—for example, Interrogatory Nos. 7 and 8 require Deel to not only identify *every single* "actual or potential client or customer" that Deel "has contacted

4

since September 1, 2022"—likely numbering in the *tens of thousands*[1]—but also *for each one*, to state when and how they were initially contacted (including by identifying the medium), and provide a general description of the substance of Deel's communication and interaction with these actual or potential customers. Lloyd Decl. Ex. 1 at 9:7-11, 25:7-11, 27:23-26. Likewise with Interrogatory No. 1, which requires Deel to disclose the same information for every single current and former Rippling employee Deel has contacted since September 2022. *Id.*

As Deel stated during the parties' various meet-and-confers and in the Letter, Deel would be willing to respond to such Interrogatories if they were proportional to the needs of the case by being tethered to Deel's alleged efforts to obtain and use "Rippling Originated Information." Lloyd Decl. ¶ 4. The Order did not address Deel's arguments on this issue as to Interrogatory Nos. 7 and 8. But even as to Interrogatory No. 1, both Rippling and the Order recognized that these Interrogatories are relevant only to Rippling's allegation that Deel recruited Rippling's "employees *for the purpose of obtaining confidential information*." ECF 148 at 14:21-15:5 (emphasis added); ECF 146 at 5 . It thus follows, under Rule 26 and the case law above, that Rippling should not be entitled to force Deel to respond to facially overbroad and burdensome discovery requests as to Deel's recruiting and customer solicitation practices without regard as to whether such practices were connected to Deel's alleged efforts to obtain and/or use "Rippling Originated Information." Deel respectfully submits that the Order was clearly erroneous and contrary to law in concluding otherwise.

## CONCLUSION

For the foregoing reasons, the Court should modify the Order (ECF 148 at 14:7-15:5) to limit Deel's response to Interrogatory No. 1 to contacts that Deel has made with a "current or former Rippling employee" since September 1, 2022, <u>for the purpose of obtaining "Rippling Originated Information,"</u> and limit Deel's responses to Interrogatory Nos. 7 and 8 to "actual or potential clients or customers" that Deel has contacted since September 1, 2022, <u>by using "Rippling Originated Information,"</u> as these Interrogatories and the term "Rippling Originated Information" have been otherwise limited by the Order.

DATED: November 21, 2025

By: _____/s/ Jason D. Russell_____
JASON D. RUSSELL
*Attorneys for Defendant Deel, Inc.*

---

[1] *See, e.g.*, https://www.deel.com/case-studies/ (noting Deel has over 37,000 customers in 150 countries).