**RE:** *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.,* **Case No. 3:25-cv-02576-CRB**
**Joint Letter re: Deel's Responses and Objections to Rippling's Interrogatories 2, 4, and 5–6**

Dear Judge Cisneros:

This letter addresses the parties' disputes over Deel's Second Amended Responses and Objections to Rippling's First Set of Interrogatories. On June 20, 2025, the Initial Case Management Conference was canceled; thus, no deadlines have been set for (1) fact and expert discovery, (2) the last day to hear dispositive motions, or (3) pretrial conference or trial. ECF 69.

**Rippling's Position**

Deel has failed to comply with the Court's November 7, 2025 Order requiring complete responses to Interrogatory ("Rog") Nos. 2, 4, 5, and 6. *See* ECF 148. These Rogs ask what "Rippling Originated Information" Deel has obtained, possessed, or used since 2022 (No. 2); which Deel or employee devices or cloud accounts stored that information (No. 4); which individuals knew O'Brien provided any Rippling-related information to Deel (No. 5); and what Rippling-related information O'Brien provided to Deel (No. 6). *See* Ex. 1. Deel already objected to responding to these interrogatories and lost. But Deel's most recent (court-ordered) responses state that Deel is "currently unaware" of *any* responsive information, based on a new objection that information known by the individual Defendants' is not within "Deel's" knowledge.

The new objection is frivolous. The individual Defendants are Deel's current seniormost executives and the perpetrators of the espionage scheme, and their knowledge is imputed to the company by law. And worse, Deel recently conceded that the individual Defendants are refusing to provide responsive information to Deel's attorneys. So Deel's assertion of this new objection is, apparently, cover for the individual Defendants to withhold critical, responsive information from Deel's attorneys. There are consequences when a party refuses—despite a Court order—to provide complete responses to an interrogatory. Rippling respectfully requests an order to show cause why Deel should not be sanctioned for refusing to provide responsive information known by its seniormost executives.

**Background.** Rippling's Amended Complaint lays out detailed evidence showing that Deel's current seniormost executives—Defendants Alex Bouaziz, Philippe Bouaziz, and Dan Westgarth—induced a spy (Keith O'Brien) to steal confidential information from Rippling on behalf of Deel. *See* ECF 57 ¶¶ 118-29. These allegations are corroborated by, *inter alia*, a honeypot scheme in which Deel was caught red-handed; two detailed declarations from the spy confessing to the scheme; computer forensic evidence showing the spying activities; emails from Rippling's customers who were contacted by Deel; and recently produced financial records showing that the initial $6,000 payment to O'Brien originated from Deel's corporate account and was funneled through the personal account of Alba Basha (Defendant Westgarth's wife).

On May 30, Rippling served the four Rogs at issue (Nos. 2, 4, 5, and 6). In response, Deel stonewalled in every possible way. ***First***, on June 30, Deel sought to stay discovery pending its *forum non conveniens* motion, even though it had already agreed that discovery would not be stayed pending that motion. *See* ECF 99. On July 31, the Court rejected the request. *See* ECF 100, 110. ***Second***, on September 16, Deel served "responses" consisting only of new objections. *See* Ex. 2. In a sixteen-page order, the Court largely overruled those objections and ordered Deel to respond to the four Rogs at issue (subject only to limitations not relevant here). ECF 148 at 4-16. ***Third***, and most recently, Deel served court-ordered responses on November 25 stating only that Deel is "currently unaware" of any responsive information, despite the compelling evidence Rippling has already adduced proving that the individual Defendants induced O'Brien to spy on

3936311

Rippling over a five-month period. *See* Ex. 3 at 12, 16, 19, 21. On December 4, Rippling sent a letter explaining that Deel's responses reflect an obvious failure to conduct the required "reasonable inquiry" and that, at minimum, Deel must include information known by the individual Defendants. Ex. 4. What followed was a series of shifting excuses from Deel.

Initially, on a December 9 video meet and confer, Deel asserted that the individual Defendants risked waiving their jurisdictional objections if they provided responsive information for Deel's interrogatory responses. That is false (and non-sensical). ***Rippling has never taken that position***. Rippling confirmed on the December 9 call, and in writing the next day, that the individual Defendants would not waive their objection just by providing information to Deel. But Deel did not change its position. Instead, on December 11, Deel said that its previous responses (on which it lost a motion to compel) lodged a *general objection* to Rippling's *definition* of "Deel" and construed that term to mean only "Defendant Deel, Inc., and specifically excluding the individual named defendants." Ex. 5 at 4. This is the *first time* Deel ever told Rippling that it was withholding responsive information known to the individual Defendants. Finally, in a December 16 video meet and confer, Deel's counsel conceded that the individual Defendants refused Deel's counsel's request to provide responsive information to Deel.

**Argument.** Deel's objection that its corporate knowledge excludes the knowledge of its senior officers is frivolous. It is black-letter law that an officer's knowledge is imputed to the corporation. *See, e.g.*, 7 Moore's Federal Practice, Civil § 33.102 (corporate party answering interrogatories must include "information possessed by officers . . . of the party"); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 590 (9th Cir. 1983) (officers' knowledge "is imputable" to the corporation). Here, the parties already litigated Deel's objections to the Rogs at issue, and the Court ordered Deel to respond; Deel was thereafter obligated to conduct a "reasonable inquiry" of what its employees knew. Wright & Miller, Answers to Interrogatories, 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("In answering interrogatories, a party is charged with knowledge of what its agents know[.]"). Deel does not (and cannot) refute this black-letter-law argument on the merits, so its statement below attempts to misdirect the Court.

*First*, Deel suggests that it already complied with the Court's order by reviewing unidentified documents and talking to *other* unnamed individuals. That is farcical. The extensive evidence cited in Rippling's Amended Complaint shows that Alex Bouaziz (Deel's CEO) received Rippling information from O'Brien through *self-destroying Telegram messages*. Whatever else Deel may have done to investigate, it cannot credibly argue that it *reasonably* inquired into the Rippling information that Deel received from O'Brien (Rog No. 5) *without* talking to the Deel employees who received Rippling information from O'Brien through secret channels that left no paper trail— i.e., the individual Defendants.

*Second*, Deel claims that the individual Defendants cannot provide responsive information to Deel, because it would waive the individuals' jurisdictional challenges. Rippling has never said that the individuals' providing information to *Deel* in connection with *Deel's* discovery efforts would waive jurisdiction (as opposed to *filing motions* to object to Rippling's third-party discovery, as described by Deel below), and there is no legal basis for finding waiver under those circumstances. To remove any doubt, on December 10, Rippling stated, unequivocally and in writing, that it would not argue "waiver" based on the individual Defendants providing responsive information to Deel. Deel did not change its position at all, proving that the "waiver" argument is pretext. The individual Defendants' jurisdictional objections do not nullify their obligations as Deel's *employees* to comply with the company's inquiry, nor do they permit *Deel* to withhold responsive information.

***Third***, Deel argues that it has *always* objected to providing responsive information known by the individual Defendants. That never happened. If Deel intended to withhold responsive information known by the individual Defendants in response to Rog Nos. 2, 4, 5, and 6—each of which very clearly calls for information known by Alex Bouaziz and the other individual Defendants—then Deel was required to raise that objection in the last meet and confer and joint briefing. Obviously, Rippling would have raised the issue to the Court. Indeed, why would Rippling undertake a motion to compel Rogs that ask for facts known only to the individual Defendants, and why would the Court issue a sixteen-page order compelling Deel to respond, if everyone knew all along that Deel would omit their knowledge and provide non-responses? Even if the objection had plausible merit (it does not), Deel has waived it. *See Hall v. Marriott Int'l, Inc.*, 2021 WL 1906464, at \*9 (S.D. Cal. May 12, 2021) (objections waived—even if asserted in initial responses—when not reasserted in opposition to a motion to compel); *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998) (serial objections would allow a party to "be strung along indefinitely").

***Finally***, Deel tries to impugn Rippling's newly appointed counsel for not knowing the discovery record. But the record here speaks for itself, and (for the removal of doubt) Quinn Emanuel participated on both of the meet and confer calls leading up to this motion. Deel also suggests that Rippling's motive in bringing this motion is an effort to intimidate Deel. No. Rippling brings this motion for one reason only: The Rogs at issue are critical, and Deel has stonewalled for six months and has now violated a court order to respond to them. The individual Defendants, who control Deel, are refusing to provide responsive information to the company, and the company is asserting a new, frivolous objection to provide cover for their obstructionism. The remedy for this gamesmanship is sanctions. Rippling respectfully requests that the Court enter an order to show cause why sanctions should not issue and enter a briefing schedule and hearing date at the Court's earliest convenience.

## Deel's Position

Rippling asks this Court to sanction Deel after it complied with this Court's order and served substantive responses to discovery that Rippling does not like. Rippling's request is based on a serious misunderstanding of the history of the parties' discovery interactions to date in this case.

To be very clear: on November 25, 2025, following this Court's November 7, 2025 order resolving the issues raised in the parties' October 10, 2025 joint discovery letter, Deel timely served substantive responses to Rippling's Rog Nos. 2, 4, 5, and 6, stating: "At this stage of the proceedings and discovery, and based on Deel's investigation to date and the fact that Deel's document review is not complete, Deel is currently unaware that it has ever had such [Rippling] information. Since discovery is in its very early stages, Deel will supplement this response as appropriate as this action and discovery further progress, should Deel become aware of information that necessitates a further response to this Interrogatory." Ex. 3 at 12, 16-17, 19, 21.

Rippling agrees above that Deel was required only to conduct a "reasonable inquiry" in responding to these Rogs. Deel undoubtedly did so, particularly when balanced against the admitted early stage of discovery in this case, the parties' history of discovery interactions (in which Deel has been a good faith participant at all times), and the pending jurisdictional challenges. As Deel disclosed during the parties' meet-and-confer, these responses were based on Deel's reasonable investigation to date, which included searching electronically stored information from Deel's internal email and document systems (including Slack) for relevant Deel custodians, *including Alex Bouaziz, Philippe Bouaziz, and Dan Westgarth* (collectively, the "Individual Defendants"),

3936311

and interviews with other Deel employees. **This investigation showed that Deel does not have any information supporting Rippling's allegations.** Rippling is also well aware that document review in this case is not even remotely close to completion, as the parties are still negotiating search terms, custodians, and responsiveness following Rippling's most recent month-long delay in providing Deel with any responses to its questions on these topics.

Rippling now asks the Court to sanction Deel for these good faith responses following its reasonable investigation because Rippling does not like Deel's answers, which do not fit the "spying" narrative that Rippling has spun for the press and this Court. Rippling's argument that Deel's investigation was not only unreasonable, but *sanctionable*, appears to rest entirely on Rippling's far-fetched premise that any Rippling information supposedly obtained by the Individual Defendants would not make its way onto Deel's systems in any fashion and leave a "paper trail," or show up as part of Deel's investigation when answering the Rogs. Rippling will have the opportunity to probe that theory should discovery progress and this case make it to trial, but it is not a basis to declare Deel's investigation unreasonable and seek sanctions. Indeed, Rippling claims that Deel must now be sanctioned solely for not also obtaining from the Individual Defendants—who are separately represented and have pending jurisdictional motions challenging whether they can be compelled to participate in this case at all—knowledge and information from their personal mobile devices (which they control and has been preserved) for its responses, which Rippling asserts is a "frivolous" and "waived" position. Rippling is demonstrably wrong.

As noted above, Rippling's sanctions argument is based on either an inexcusably uninformed or deliberate mischaracterization of Rippling's discovery positions, which changed in December. Either scenario is unacceptable. The former might be explained by the fact that Rippling, presumably dissatisfied with its existing legal representation and the current state of this litigation, recently replaced Quinn Emanuel as its lead counsel in this case with attorneys from Keker. But instead of taking the time learn the facts and history of the case that it just took over, Rippling's new lead counsel instead chose to immediately burden Deel and this Court right before the holidays with this unwarranted sanctions request, apparently meant to intimidate Deel and show "there's a new sheriff in town." The latter explanation—that Rippling is deliberately distorting the record—certainly tracks with how Rippling has litigated this case to date (*see, e.g.*, ECF 145 at 8 (demonstrating that Rippling admittedly obtained an order for alternative service on the Individual Defendants "through a fraud on the Court")), but is obviously much more concerning.

Whatever Rippling's explanation is for this stunt, here are the facts: Rippling originally sued only Deel on March 17, 2025. ECF 1. On June 5, Rippling amended its complaint to add the Individual Defendants, bombastically alleging they are part of a supposed multibillion-dollar "criminal syndicate." ECF 57 ¶ 1. Only Rippling knows why it decided to needlessly complicate this action by separately naming the Individual Defendants (likely to generate more negative press against Deel, which drives nearly all of Rippling's litigation decisions here), but now it must live with the consequences of that strategy. The Individual Defendants are separately represented, and have pending dismissal motions for lack of personal jurisdiction, among other reasons. ECF 111 & 112.

Rippling has never sought any discovery—jurisdictional or otherwise—directly from the Individual Defendants, likely because it knows it is not entitled to any while their jurisdictional challenges are pending. *X Corp. v. Ctr. for Countering Digital Hate Ltd.*, 724 F. Supp. 3d 921, 947 (N.D. Cal. 2024) (Breyer, J.). And Rippling has been on notice and aware that Deel has been "specifically excluding the individual named defendants in this action" since *June* 2025, when Deel first timely served its initial objections to the Rogs. Ex. 6 ¶ 5 (excerpted objections).

3936311

But Rippling never disputed or even took issue with this express limitation on Deel's Rog responses until Rippling's new lead counsel took over this case in December 2025. To understand why, it is important to understand that Rippling has consistently taken the position that the Individual Defendants could not participate in *any* discovery in this case, or would waive their personal jurisdiction challenge. For example, in a draft joint discovery letter that the Individual Defendants sent Rippling on August 8 regarding their objections to Rippling's third-party subpoenas, the Individual Defendants stated that they ***"merely want to participate in this dispute without any risk of a jurisdictional waiver,"*** but that Rippling was refusing to agree. Ex. 7. At the same time, Rippling was also telling Deel that Deel had "no standing" to assert any rights or objections on behalf of the Individual Defendants in responding to Rippling's discovery. *Id.*

Consistent with this Hobson's choice offered by Rippling—the upshot being that if Individual Defendants participate in discovery, Rippling would argue that they waived their personal jurisdiction defenses, and that Deel had no standing to assert any objections on their behalf—Deel understood that Rippling had no issue with Deel's objection simply excluding the Individual Defendants from Deel's discovery responses. Indeed, as recently as October 9, 2025—the day *before* the parties filed their October 10 joint discovery dispute letter addressing Deel's objections to the Rogs—Deel once again stated that "**Rippling has repeatedly taken the position that any participation by the Individual Defendants in this matter while their service and jurisdictional challenges are pending would constitute a waiver of those defenses**," which Rippling did not respond to at any point, and certainly not before the joint letter was filed. Ex. 8.

It was against this backdrop of Rippling's consistent posture and contemporaneous acquiescence that the parties did not brief this issue in their October 10 letter brief addressing the Rogs. *See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("It is undeniable that the situation in which Plaintiffs now find themselves is something of their own creation. … [W]hen the complained-of prejudice is a manufactured one, brought about by a voluntary, and perhaps strategic, litigation decision, the intensity attributed to it must be tempered accordingly."). This Court's Standing Order regarding discovery disputes is clear that a joint letter brief is to address only "each *unresolved* issue"—because Deel understood that Rippling did not dispute Deel's long-standing objection excluding information possessed by the Individual Defendants, there was thus never any need to litigate that undisputed issue before this Court. Indeed, this Court's November 7 order made clear that nothing therein "is intended to displace any agreement that the parties have reached regarding these interrogatories." ECF 148 at 3.

Thus, when Deel served its Rog responses in accordance with that order, Deel reasonably believed it had complied with its obligations. Deel explained all this as part of the meet-and-confers leading to this letter. Above, Rippling misconstrues these interactions—Deel did not "concede" that the Individual Defendants "are refusing to provide responsive information," but rather told Rippling that, until this point, Rippling's position on jurisdictional waiver meant that the Individual Defendants could *not* participate in discovery, as they had simply been following Rippling's repeated representations. In response, Rippling's new counsel claimed that Rippling had never taken that position. As shown above, that is flatly incorrect. And in any event, Rippling's flip-flopping positions following its counsel change are certainly not a basis for now declaring Deel's investigation "unreasonable." If the Court disagrees, Deel can take additional investigatory steps to supplement the Rogs, but believes that is unnecessary at this stage of the case and unlikely to materially change its existing responses, given the investigation above that Deel has already undertaken. Deel respectfully requests full briefing if the Court has any remaining concerns.

Respectfully submitted,

| | |
|---|---|
| */s/ Eric H. MacMichael* | */s/ Jason D. Russell* |
| Eric H. MacMichael | Jason D. Russell |
| Attorneys for Plaintiff Rippling | Attorneys for Defendant Deel |

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Eric H. MacMichael*
Eric H. MacMichael
Attorneys for Plaintiff Rippling

3936311