IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>DEEL, INC., et al.,<br><br>    Defendants. | Case No. 25-cv-02576-CRB<br><br>**ORDER DENYING MOTION FOR RELIEF; REFERRING MATTER TO MAGISTRATE** |

Plaintiff People Center, Inc., ("Rippling") brought an action against Defendant Deel, Inc., and some of its officers based on an alleged scheme to steal trade secrets. The parties are engaging in discovery and brought a dispute before Magistrate Judge Lisa Cisneros. Joint Brief (dkt. 146). The parties could not agree, among other things, on the scope and proportionality of some of Rippling's interrogatories. See Joint Brief at 1. As relevant here, the challenged interrogatories are:

- Interrogatory 1: Identify each current or former Rippling employee whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such Rippling employee, state: (i) the date of each such communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact Information for such Rippling employee; and (iv) the substance of each communication. Deel's Objections (dkt. 146-1) at 9.

- Interrogatory 7: Identify each actual or potential client or customer whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such client or customer, state: (i) the date of

        each initial communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact information for the potential client or customer; and (iv) the substance of each such initial communication. Id. at 25.

- Interrogatory 8: For each of the parties identified in response to Interrogatory No. 7 for whom Deel knew or had reason to believe, at the time it contacted them, that they were actual customers of Rippling or had been identified by Rippling as potential customers, state in detail how Deel gained that information as to each such client or customer. Id. at 27.

While Deel noted that it was objecting to "all nine Interrogatories as overbroad and disproportionate," the parties' brief only listed Interrogatory 1 as an issue that needed resolution. Joint Brief at 5. Judge Cisneros ruled on the discovery dispute and, as relevant here, determined that Interrogatory 1 was "reasonable and proportional." Discovery Order (dkt. 148) at 14–15. Judge Cisneros determined that "Deel's efforts to recruit Rippling employees" was "fair game for discovery" because Rippling had alleged that Deel would recruit Rippling employees to get confidential information. Id. Deel then asked this Court to modify Judge Cisneros' order and limit Interrogatory 1 to Judge Cisneros' definition of the term "Rippling Originated Information." Mot. (dkt. 153) at 1. Deel also asks that Interrogatories 7 and 8—which were not directly in front of Judge Cisneros—to be similarly limited. Id. at 5. Rippling did not file an opposition.

## I.  LEGAL STANDARD

A magistrate judge's "factual determinations are reviewed for clear error . . . and . . . legal conclusions are reviewed to determine whether they are contrary to law." Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "The clear error standard allows the court to overturn a [magistrate judge's] factual determinations only if the court reaches a 'definite and firm conviction that a mistake has been committed.'" Id. (quoting Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of

2

procedure.'" Jones v. PGA Tour, Inc., No. 22-cv-4486-BLF, 2023 WL 2838116, at *3 (N.D. Cal. Apr. 3, 2023) (quoting Perez v. City of Fresno, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021)).

## II.     DISCUSSION

Judge Cisneros did not clearly err.  The Court agrees with Judge Cisneros' finding that Interrogatory 1 was reasonable and proportionate to the needs of the case.  See Fed. R. Civ. P. 26(b)(1) (parties can obtain discovery for any relevant matter that is proportionate to the needs of the case).  While recruiting a competitor's employees is not inherently unlawful, Rippling alleges that Deel did so to obtain the competitor's confidential information.  See FAC (dkt. 57) at ¶ 112.  This allegation goes to the heart of Rippling's claims.  See id. at ¶¶ 170–220 (claims centered around Deel's purported efforts to use Rippling's confidential information to steal business).  And information on that issue is precisely what Interrogatory 1 seeks to uncover.

Nevertheless, Deel insists that Interrogatory 1 is overbroad on its face.  Mot. at 3.  Not so.  "Generally, a discovery request without any temporal or other reasonable limitations is objectionable on its face as overly broad."  Shuckett v. Dialamerica Mktg., Inc., 2018 WL 4350123, at *5 (S.D. Cal. Sept. 10, 2018).  Interrogatory 1 does not fit under this definition.  It has a temporal limitation, since it starts from September 1, 2022.  And it is also reasonably limited to communications between Deel and Rippling's current and former employees.  Moreover, Deel's reliance on cases like Lineberry v. Addshoppers, Inc. is misplaced.  See Mot. at 4.  In Lineberry, the court rejected a defendant's attempt to obtain all advertisements the plaintiffs had seen in a data privacy action.  Lineberry v. Addshoppers, Inc., No. 23-CV-01996-VC (PHK), 2024 WL 4707986, at *4 (N.D. Cal. Nov. 6, 2024).  The court determined that the defendant's attempts to conflate the "voluntary sharing of information in other contexts with the involuntary and undisclosed tracking at issue" in the case were impermissible.  Id.  In contrast, Interrogatory 1, as discussed, goes to the central allegations in Rippling's complaint.  Indeed, Deel concedes that "the central issue raised by Rippling's FAC is whether Deel improperly obtained and

used Rippling's trade secrets." Mot. at 4. Despite Deel's attempt to argue otherwise, Interrogatory 1 is concerned with how Deel allegedly obtained and used Rippling's trade secrets.

Deel's argument that Interrogatory 1 is overly burdensome fares no better. Without any basis, Deel asserts that it would simply be too much to disclose "information for every single current and former Rippling employee Deel has contacted since September 2022." Mot. at 5. But there is no reason before the Court why that is likely, and the interrogatory is not overly burdensome on its face. In fact, if Deel's contacts with former and current Rippling employees <u>were</u> that extensive, it would bolster Rippling's need for such information in light of its allegations. Accordingly, the Court finds that Judge Cisneros did not commit clear error and will not disturb the order regarding Interrogatory 1.

The Court does not reach Interrogatories 7 and 8. Since the parties' brief did not adequately raise the issues in Deel's motion, the Court determines the challenged interrogatories were not properly before Judge Cisneros. The Court refers the parties back to Judge Cisneros for a determination on the scope of Interrogatories 7 and 8.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Deel's motion and refers the parties back to Judge Cisneros for resolution of issues related to Interrogatories 7 and 8.

**IT IS SO ORDERED.**

Dated: January 5, 2026

CHARLES R. BREYER
United States District Judge