LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:     (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Counsel for Defendant Deel, Inc.*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No.: 3:25-cv-02576-CRB<br><br>**DEFENDANT DEEL'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 200)**<br><br>Compl. Filed:       March 17, 2025<br>Am. Compl. Filed:   June 5, 2025<br>Judge:              Hon. Charles R. Breyer<br>Magistrate Judge:   Lisa J. Cisneros<br>Trial Date:         None Set |
| DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,<br><br>Counter-Defendants. | |

## INTRODUCTION

Pursuant to Local Rule 79-5(f), Defendant Deel, Inc. ("Deel") files this response as the Designating Party in support of Plaintiff Rippling's ("Rippling") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 200 (the "Motion")). In accordance with the Stipulated Protective Order in this case (ECF 74), Deel seeks to redact only the sensitive personal identifying information contained in certain exhibits filed with Rippling's motion for sanctions to protect the privacy interests of non-parties. The identities of these non-parties need not be disclosed at this time for the public to evaluate Rippling's motion for sanctions, and the disclosure of this personal information would infringe upon those individuals' privacy interests, particularly at this early stage where much of discovery is incomplete. Specifically, Deel seeks to redact the identities of individual non-party Deel employees and other non-party witnesses that were discussed in Deel's discovery responses. This identifying information is designated as "CONFIDENTIAL" under the Stipulated Protective Order as material which qualifies for protection under Federal Rule of Civil Procedure 26(c). The redactions Deel seeks are as follows, as reflected in Deel's concurrently filed revised Rothstein Exhibits 6, 10, and 11:

| DOCUMENT | PORTION(S) TO BE SEALED |
| --- | --- |
| Rothstein Exhibit 6 (Portions of Deel's 3.11.2026 Rog 13 Response) [ECF 200-3] | Highlighted identifying information of non-party individuals on page 6 |
| Rothstein Exhibit 10 (Portions of Deel's 3.18.2026 Amended Rog 12 Response) [ECF 200-5] | Highlighted identifying information of non-party individuals on pages 2-3, 17 |
| Rothstein Exhibit 11 (Portions of Deel's 3.20.2026 Further Amended Responses & Objections to Rogs 1-6, and 9-11) [ECF 200-6] | Highlighted identifying information of non-party individuals on pages 10-12, 15, 18 |

## LEGAL STANDARD

A party seeking to seal portions of a document filed with the Court must demonstrate that the request is narrowly tailored to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). While the public ordinarily holds a presumptive right of access to information filed with the Court, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), "[r]ecords attached to motions that are not related, or only tangentially related, to the merits of a case are not subject to the strong presumption of access." *Snapkeys,*

1

*Ltd. v. Google LLC*, 2021 WL 1951250, at *1 (N.D. Cal. May 14, 2021) (citation omitted). Thus, "[p]arties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure," rather than the heightened "compelling reasons" standard required for dispositive motions. *Id.* A party may demonstrate "good cause" by showing that "particularized harm will result from disclosure of information to the public." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

"Motions for non-dispositive case sanctions, along with their attached documents, are only tangentially related to the merits of a case," so the lower "good case" standard applies to materials sought to be sealed filed in connection with motions for sanctions. *Patel v. GT's Living Foods, LLC*, 2026 WL 788276, at *1 (N.D. Cal. Mar. 20, 2026); *see also WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 2025 WL 885598, at *6 (N.D. Cal. Mar. 21, 2025) (applying good cause standard to seal exhibit to motion for sanctions). Beyond satisfying the "good cause" standard required to seal exhibits to a motion for discovery sanctions, "[c]ourts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action." *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2-3 (N.D. Cal. Mar. 30, 2022).

### <u>GOOD CAUSE EXISTS TO SEAL THE IDENTITIES OF NON-PARTY INDIVIDUALS</u>

Rippling's motion for discovery sanctions is non-dispositive, so there need only be "good cause" to seal portions of Deel's discovery responses and the names of non-party individuals appearing in those responses. *WhatsApp Inc.,* 2025 WL 885598, at *6. However, even if this Court should find that the "compelling reason" standard applies, the identities of the non-parties here should still be sealed to protect their privacy interests, particularly where they have not otherwise been publicly identified in connection with Deel's responses. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("There is a compelling reason for sealing, namely, the disclosure of the non-party employees' names would infringe on those individuals' privacy rights. … The names and job titles of the individuals involved are irrelevant. [Defendant's] request is also narrowly tailored as it seeks to redact only the employees' names and job titles and nothing more.") (Breyer, J.).

Here, there is, at a minimum, good cause to redact the names and job titles of non-parties who have not otherwise been publicly associated with Deel's discovery responses, and that appear in Exhibits 6, 10,

2

and 11. Infringement on those individuals' privacy interests caused by disclosure would greatly outweigh any "minimal" value to the public regarding Rippling's sanctions motion, because the names are "not important" to consider the actions Deel has taken in responding to Rippling's discovery requests. *See id.* ("[T]here is minimal public interest in this information; the public can still access Plaintiffs' allegations regarding [Defendant's] involvement in the implementation of the defeat device. The names and job titles of the individuals involved are irrelevant."); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (redacting names of defendant's employees from exhibit even under heightened compelling reasons standard). Publicly revealing those non-parties' identities would imply an association with the conduct alleged in Rippling's motion, which is not warranted. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015) (sealing names of non-party individuals in exhibits "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure").

Deel's request is narrowly tailored and there is no less restrictive alternative to sealing that would "prevent the public dissemination of personally identifiable information of individuals who are unaffiliated with either party" or the alleged conduct and protect those persons' privacy. *WhatsApp Inc.*, 2025 WL 885598, at *2-3 (granting requested redactions where they "are sufficiently narrow to cover the sealing of only the names" of a party's employees); *see In re Volkswagen*, 2016 WL 11807130, at *2 ("[Defendant's] request is also narrowly tailored as it seeks to redact only the employees' names and job titles and nothing more."). The public's interest in accessing the motion for sanctions and attached exhibits will be satisfied by filing partially redacted exhibits that disclose all relevant information while removing identifying information of non-parties.

## CONCLUSION

For the reasons stated herein, Defendant respectfully requests that the Court permit Exhibits 6, 10, and 11 to the Motion to be sealed as indicated. Should this Court deny Rippling's sanctions motion, Defendant respectfully asks the Court for permission to file a renewed motion to seal in accordance with any Order the Court may enter.

DATED: April 1, 2026

By: _____
        */s/ Jason D. Russell*
        JASON D. RUSSELL
        *Attorneys for Defendant Deel, Inc.*

DEEL'S RESPONSE ISO MOTION TO SEAL                    CASE NO.: 3:25-CV-02576-CRB