**RE: *People Center, Inc. d/b/a Rippling v. Deel, Inc., et al.*, Case No. 3:25-cv-02576-CRB**
**Joint Letter re: Locations for the Depositions of Andrea David Mieli and Asif Malik**

<u>Dear Judge Cisneros</u>: This letter addresses the parties' dispute over the location for the depositions of Andrea David Mieli and Asif Malik. Fact discovery closes January 15, 2027; expert discovery closes April 30, 2027; dispositive motions are due May 28, 2027; and trial has not yet been set.

**<u>Rippling's position:</u>** Having spent the past year trying desperately to get out of this forum, Deel now refuses to make its managing agents available for deposition here, insisting instead that Rippling's counsel must travel to Europe to depose two critical witnesses. The depositions should be taken in San Francisco—which is Deel's principal place of business and the venue it selected to resolve its commercial disputes—as nearly every relevant consideration favors doing so.

***<u>Background.</u>*** The Court is familiar with the spying scheme at the core of this case. After that scheme came to light in March 2025, Mieli and Malik (two senior Deel in-house lawyers) spoke to O'Brien. In fact, Malik spoke to him *every day* from March 14 (when Rippling served the Irish court's evidence preservation order) to March 25 (when O'Brien retained counsel). Deel admits this. O'Brien testified that, in these communications, they instructed him to destroy his phone, lie to investigators and an Irish court, and flee with his family to Dubai. *See* ECF 68-11 ¶¶ 28–49. These communications postdate Rippling's March 17, 2025, complaint, meaning Mieli and Malik were also attempting to obstruct litigation in California. *See* ECF 200-5 at 21–22.

Mieli and Malik are therefore ***key participants*** in Deel's spying and efforts to destroy evidence. Indeed, other than the individual defendants, they appear to be the *only* Deel witnesses to interact with O'Brien. *See* ECF 68-11. Accordingly, on February 18, Rippling noticed both of their depositions under Rule 30(b)(1), setting its counsel's office in San Francisco as the location. Deel objected, asserting the depositions should be held where Mieli and Malik reside (Rome and Dubai, respectively), or in London. The parties met and conferred twice but could not reach agreement.

***<u>Argument.</u>*** The Court should order that the depositions proceed in San Francisco. As an initial matter, Deel carries the burden on this motion. The noticing party—here, Rippling—"may set the place for the deposition of another party wherever [it] wishes[.]" *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 627 (S.D. Cal. 2001). If the deponent seeks "a protective order under Rule 26(c)(2) designating a different place[,]" the "burden is on the person seeking the protective order"—here, Deel—"to demonstrate good cause." *Id.* at 626–27. Deel cannot do so.

***First***, the "general presumption" is that "the deposition of a corporate party should be taken at its principal place of business." *Music Group Macao Com. Offshore Ltd. v. Foote*, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015). Crucially, "[w]hen the opposing party is a corporation, ***both its officers and directors have been treated as 'opposing parties,'*** " including when they are deposed under Rule 30(b)(1). *Id.*; *Peerless Indus., Inc. v. Crimson AV, LLC*, 2013 WL 85378, at *1–2 (N.D. Ill. Jan. 8, 2013) (managing agent of Illinois corporation must be deposed in Illinois, despite residing in China), *aff'd*, 2013 WL 1195829. Deel's principal place of business is here. *See, e.g.*, ECF 174 at 3–4; ECF 203 ¶ 13 (Deel's Answer). Deel concedes that Mieli and Malik are "managing agents" under Rule 30(b)(1). Their depositions should presumptively take place here.

***Second***, Deel cannot rebut this presumption. In determining whether an objecting corporation meets its burden to show that its managing agent should be deposed somewhere other than its principal place of business, courts in the Ninth Circuit consider a variety of factors, the most pertinent of which are addressed below. *See SEC v. Banc de Binary*, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014). These factors favor San Francisco as the location for the depositions.

**(1) *The location of counsel for the parties.*** Deel's counsel are all located in California, as are most of Rippling's. No counsel of record are located in Europe or Dubai. Forcing both parties' lawyers to travel to Rome or London would impose a serious burden. This favors holding the depositions in San Francisco. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005).

**(2) *The number of corporate representatives a party is seeking to depose.*** Rippling will likely depose several foreign Deel witnesses. But this factor also considers how many attorneys would need to travel for the deposition. *See Bella+Canvas, LLC v. Fountain Set Ltd.*, 2022 WL 3697358, at *12 (C.D. Cal. June 29, 2022). It is no more burdensome for Deel employees to travel than for

6111084

the parties' lawyers to do so—and likely much less so, considering that counsel for the individual defendants might also attend, meaning that many more than two lawyers might need to travel.

**(3) *Discovery disputes.*** Discovery in this case has been contentious. The parties have filed *six* discovery briefs, many concerning multiple issues. If issues arise during the depositions, court intervention would be "considerably more complicated if the deposition[s] were to proceed in" Rome or London, which are eight and seven hours ahead of San Francisco, respectively. *See Doe v. Successfulmatch.com*, 2014 WL 5775328, at *2 (N.D. Cal. Nov. 5, 2014). Nor is Deel's proposal to resolve issues and continue "that week" a solution. Malik and Mieli are both lawyers. Their depositions will likely raise privilege issues needing to be resolved immediately for questioning to proceed. These are not depositions where discrete questions can just be set aside for later.

**(4) *Whether the deponents travel for business.*** Both deponents admit prior travel to the U.S. And Mieli recently boasted of working from Polynesia because working remotely gave him "the opportunity to travel the world," belying his claim that he is too busy caring for his family to travel (a claim Deel withheld during the meet and confer and first unveiled the day before this filing). Deel Blog, https://www.deel.com/blog/meet-deel-andrea-david-mieli-director-of-legal/. This factor also looks to whether the "defendant reached into the forum to conduct business." *Banc de Binary*, 2014 WL 1030862, at *7. Deel, headquartered in San Francisco, has obviously done so.

**(5) *The equities regarding the claim and the parties.*** Deel "advertise[s] itself as a corporation based in" San Francisco. *Id.* "Permitting [it] to now benefit from its status as a ['remote-first'] corporation after it has exploited its appearance as" a San Francisco one "would be fundamentally inequitable." *Id.* And, as Judge Breyer noted, both Rippling and Deel are California companies, and Deel "directed [its] conduct at a California entity and caused local harm here." ECF 174 at 34–35. The claims and parties have a "substantial connection" to San Francisco. *Id.* at 27.

Deel's insistence that Malik and Mieli have a "[l]imited [r]ole" in the case and "[n]o relat[ion] to California" is baseless. They were in close contact with O'Brien during the period in which Deel sought to destroy all evidence of its misconduct. *See* ECF 68-11. That Deel had them handle O'Brien (as Deel concedes, *see* ECF 203 ¶ 133) strongly suggests they were involved in or aware of the spying scheme—which targeted a California company—well earlier. Moreover, most of their communication with O'Brien came *after* Rippling filed this lawsuit on March 17, 2025. *See* ECF 68-11 ¶¶ 37–46. So their evidence-destruction efforts were aimed at litigation in California.

Deel responds to the above by distorting the case law, and offers no substantive response to the following. It plucks out-of-context quotes from *$160,066.98*, ignoring that what it quotes regards *non-local* defendants and that the court ultimately *denied* the request for a protective order and ordered that the depositions proceed in the forum—in part because the foreign parties "elected to have business affairs for [their] benefit conducted there," just as Deel has done. 202 F.R.D. at 627.

Deel further claims that *Banc de Binary* and *Peerless* "involved principals or controlling owners," and that, in both cases, "there was either no showing of hardship or connections to the United States absent here, including U.S. citizenship, conduct directed at the forum, and frequent U.S. travel by the deponent." Deel is wrong. In *Peerless*, the deponent *did* make a showing of hardship, and there was no indication of frequent travel to the U.S. The court ordered him to sit for deposition in Chicago regardless. 2013 WL 1195829, at *6 (affirming order). Similarly, *Banc de Binary* involved three 30(b)(1) deponents, two of whom were neither owners of the corporation nor U.S. citizens. 2014 WL 1030862, at *2, *5 & n.10. And yet the Court denied the motion for a protective order in full and ordered that all three "depositions" proceed where noticed in the U.S. *Id.* at 11.

Finally, Deel's reliance on *Shinde* is misplaced. The deponents there were individual defendants residing abroad, not managing agents of a corporate defendant based in the forum. The court first noted that it had "wide discretion" to compel foreign-residing parties to sit for deposition in the United States, but concluded that the "plaintiffs' own delay in noticing the depositions here ultimately tip[ped] the scale" in the defendants' favor. 2015 WL 12778434, at *4. There is no delay here, and *Shinde* says nothing about deposing managing agents of local corporations.

6111084

***Third***, Deel's argument that Rippling's choice to bring this lawsuit in California somehow means the depositions should proceed abroad is meritless. Judge Breyer has ruled that this litigation was properly brought here, where Deel targeted Rippling's trade secrets and harmed it, and that this is a "convenient forum" for Deel. *See* ECF 174. Deel's attempt to relitigate its failed *forum non conveniens* motion should be rejected. Deel provoked this litigation when its overseas employees orchestrated a months-long spying scheme against Rippling in San Francisco. Their victim, Rippling, should not have to travel all over the world to take discovery. Indeed, Deel's own Terms of Service require arbitration in San Francisco, so its foreign employees *do* come here for litigation when it suits *Deel*. *See* Terms of Service, https://www.deel.com/legal/terms-of-service/. Deel's opportunistic attempt to avoid travel solely in *this* case is unjustified.

***Finally***, the Court should reject Deel's proposal that the depositions proceed remotely. Courts routinely treat video depositions as prejudicial to the examining party where the deponent's credibility is at issue, including since COVID. *E.g.*, *Yoon v. Intuit Inc.*, 2026 WL 145956, at *2 (N.D. Cal. Jan. 20, 2026). It is hard to imagine deponents whose credibility is *more* at issue than Mieli and Malik. O'Brien has testified that they counseled him to lie to investigators and the Irish court and destroy evidence. While Deel concedes that conversations occurred, it disputes basically everything else. *Compare* ECF 68-11 ¶¶ 28–49 *with* ECF 200-5. Rippling needs to test Mieli's and Malik's credibility. *See Music Grp.*, 2015 WL 13423886, at *3 (denying request that deposition of "critical witness" proceed remotely so that examining party could "test [witness's credibility]").

Nor does Deel's London "compromise" actually solve the problems Deel identifies. Factoring in the delay attendant to obtaining any court guidance during the depositions—especially considering that both deponents are attorneys whose examinations will likely raise privilege issues requiring Court guidance—the depositions would almost certainly last multiple days. In San Francisco, by contrast, each deposition will likely last one. While travel to San Francisco will entail a few more hours on a plane, the entire experience will be far more efficient and less burdensome.

**Deel's position:** Mieli and Malik should be deposed in London, Rome, or remotely. Neither (1) are U.S. citizens, (2) live in the United States, (3) work in the United States, or (4) travel with any regularity to the United States, let alone California. Mieli Decl. ¶¶2-4; Malik Decl. ¶¶2-6. Rippling knew when it filed suit that relevant witnesses were located overseas. It could have litigated these claims in the action that Rippling brought in Ireland—where a related proceeding is pending, ***where Rippling named both witnesses as defendants***, and where much of the alleged conduct occurred—but chose this forum instead and vigorously contested moving the case there. As Rippling's lead case agrees, "[i]n the absence of special circumstances, **'a party seeking discovery must go where the desired witnesses are normally located**,'" because "it is plaintiffs who bring the lawsuit and who exercise the first choice as to the forum," and the "[t]he defendants, on the other hand, are not before the court by choice." *$160,066.98*, 202 F.R.D. at 627 (cited by Rippling). Rippling does not argue that this is an incorrect statement of the law. Having chosen to litigate in California, Rippling "**cannot complain if [it is] required to take discovery at great distances from the forum**." *Id.*; *see also Shinde v. Nithyananda Foundation*, 2015 WL 12778434, at *2 (C.D. Cal. May 21, 2015) (same, denying motion to compel four RICO defendants residing in India to sit for depositions in California, ordering depositions in India or by video because "[i]n the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party"). Rippling chose—and fought for—this forum and must accept the consequences.

**Rippling Rejected Deel's Reasonable Alternatives.** To promote judicial economy and in compliance with the Court's Civil Standing Order, Deel offered two reasonable compromises—both rejected by Rippling, which itself failed to "consult in advance [of noticing depositions] with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places" per Section 8 of the Standing Order. Underline First, Deel proposed holding both depositions in London during the same week—a short flight from Rome for Mieli, readily accessible for Malik, and convenient to counsel with multiple direct flights daily from San

Francisco. <u>Second</u>, Deel proposed remote videoconference depositions. "Requests for leave to take depositions by telephone or other remote means are granted **liberally**." *Music Grp*. 2015 WL 13423886, at *2 (cited by Rippling). Courts in this Circuit routinely permit remote depositions, which are "reliable." *See, e.g.*, *Monolithic Power Sys., Inc. v. Dong*, 2023 WL 350400, *10 (N.D. Cal. Jan. 20, 2023) (ordering non-resident 30(b)(6) designees to be deposed in-person in Macau or Hong Kong, or remotely); *Carrico v. Samsung Elecs. Co.*, 2016 WL 1265854, at *2 (N.D. Cal. Apr. 1, 2016). The Ninth Circuit has recognized that "technology and the COVID-19 pandemic have changed expectations about how legal proceedings can (and perhaps should) be conducted," and "[t]here is little practical difference between in-person testimony and testimony via videoconference." *In re Kirkland*, 75 F.4th 1030, 1039, 1046 (9th Cir. 2023); *see also Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020) (rejecting argument that "remote depositions are 'unworkable'"). *Yoon* (cited by Rippling) also concludes that "given presently available technology, *a party may obtain meaningful and accurate testimony by taking a remote deposition*," but is otherwise inapposite, as there a *plaintiff* was trying to avoid an in-person deposition in the forum in which he chose to initiate the action. 2026 WL 145956, at *1-2. A remote deposition would reliably allow Rippling to examine these witnesses and test their credibility without requiring anyone to travel, and Rippling offers no reason why that is not so.

Indeed, Rippling has flatly refused any reasonable accommodation and offered no counter-proposal other than insisting all depositions take place in California. As set forth below, Deel has demonstrated good cause why Malik and Mieli should not be required to travel thousands of miles to California, and the equities weigh against requiring it.

**<u>The Witnesses Have a Limited Role, and Their Conduct Does Not Relate to California</u>.** Rippling seeks to depose Mieli and Malik about events spanning a two-week period in March 2025, during which O'Brien (in Ireland) had a handful of calls with Mieli (in Rome) and several more with Malik (in Dubai) to raise concerns about Rippling, his personal safety, and his well-being, as detailed in Deel's March 25, 2026 counterclaims. *See* ECF 203 at 38-41, 91-101; Mieli Decl. ¶2-3; Malik Decl. ¶2. Despite Rippling's protestations above, it already told the Court that Mieli and Malik's alleged conduct was "at issue" in the Irish proceedings, which have "nothing to do with Rippling's claims in this proceeding." ECF 102 at ii. Indeed, the Court accepted Rippling's distinction of the Irish proceedings, finding that they "addressed a harm (the obstruction of the Anton Piller order) distinctly felt in Ireland." ECF 174 at 9 n.5, 28. Rippling offers nothing but speculation that either Mieli or Malik were even aware of the U.S. proceedings at the time. Neither Mieli nor Malik is a U.S. citizen, lives, works, or regularly travels to the United States. Mieli Decl. ¶4; Malik Decl. ¶6. Although Malik's home country (UAE) is not currently safe for travel, Deel offered reasonable alternatives. Rippling's heavy reliance on Deel's designated principal place of business is misplaced—it is undisputed Deel is a fully remote company with no actual offices in San Francisco. Neither witness could have reasonably expected to be compelled to travel to California for a deposition when their relevant conduct was not directed at the state.

**<u>The Equities Do Not Favor Requiring the Witnesses to Travel to California</u>.** *Banc de Binary* and *Peerless*, cited by Rippling, are distinguishable. Both involved principals or controlling owners; Mieli and Malik are not. And in both cases, there was either no showing of hardship or connections to the United States absent here, including U.S. citizenship, conduct directed at the forum, and frequent U.S. travel by the deponent. Both cases also predate widespread acceptance of remote depositions. Rippling dismisses Deel's distinction of *Peerless* by citing a subsequent decision from the one it originally cited, 2013 WL 85378, at *2, and by relying on inference in *Banc de Binary*, 2014 WL 1030862, at *9. Regardless, the better authority is *Shinde*, which holds that "the presumption is that, in the absence of exceptional circumstances, the deposition will take place where the deponent resides." 2015 WL 12778434, at *2. *Shinde* denied a motion to compel foreign witnesses to appear in California, finding that hardships from international travel warranted deposing them near their residences—"even if the deponent is a party." *Id.* While the deponents in *Shinde* were individual defendants rather than managing agents, defendants who have submitted to jurisdiction or been haled into court bear a greater obligation to participate in, and be potentially

burdened by, litigation than non-party agents of a defendant corporation. If even parties could not be compelled to travel to California in *Shinde*, the case for compelling Mieli and Malik, whose only connection to this district is providing legal counsel to a fully remote company nominally headquartered here, is weaker still. Rippling also invokes *Cadent*, but there the deponents were ***plaintiff's*** representatives, which is fundamentally different from compelling a defendant's non-party agents to make the same journey. Even if the *Cadent* factors apply, they favor Deel:

Location of Counsel: Although *some* counsel for both parties are here, that is not independently dispositive and carries little weight when the deponents reside thousands of miles away with no connection to this district. Rippling also ignores that it employed Irish counsel on overlapping allegations against Mieli and Malik *in Dublin*. Requiring transcontinental travel for these deponents vastly outweighs any "convenience of counsel," which "is less compelling than any hardship to the witnesses" in any event. *Shinde*, 2015 WL 12778434, at *3. Further, both Rippling's and Deel's attorneys have offices in London.

Number of Deponents: This factor does not favor centralizing depositions in California. Mieli and Malik are in different countries, and Rippling concedes it does not yet know how many foreign-residing Deel representatives it intends to depose, further undermining its position. Any burden Rippling faces is of its own making—it chose this forum, and the costs of deposing witnesses abroad follow from that choice. The number of traveling attorneys is within Rippling's control, and nothing prevents its counsel from appearing remotely.

Discovery Disputes: Rippling's purported concerns that discovery "emergencies" may arise requiring immediate judicial intervention during the deposition is speculative and ignores this Court's Standing Order: "If the Court is unavailable, the discovery event shall proceed with objections noted for the record." Any such concerns can be addressed by scheduling depositions to start later in the day to coincide with U.S. court hours, and Deel agrees not to release Mieli or Malik if any issue arises when the Court is unavailable so it can be resolved and the deposition continued that week. Rippling's gestures at the parties' legitimate disputes over the scope of Rippling's written discovery ignores that in depositions, the overwhelming majority of disagreements, including privilege issues, are resolved professionally by counsel without court involvement. Rippling does not articulate why these processes are insufficient here.

Deponents' Travel: While *Deel* is a party, this factor examines the *deponent*, not the *defendant*. *See Cadent*, 232 F.R.D. at 629. Neither Mieli nor Malik regularly travels to the United States; a California deposition would impose international travel solely for this litigation. Mieli cares for a young child, his mother, and his grandmother and would need to travel from Rome. Malik faces a journey of similar or greater magnitude from Dubai, with current events in the Middle East presenting additional challenges. Mieli ¶¶4-5; Malik ¶¶6, 8. An October 2025 Deel blog post stating that Mieli has an "opportunity" to travel due to his remote work does nothing to address Mieli's burden in traveling to San Francisco solely for a deposition in this case. *Banc de Binary*, 2014 WL 1030862, at *7 (deponent's "general travel for business purposes" is "irrelevant" unless such travel "regularly includes the proposed situs of the deposition") (cited by Rippling).

The equities: Rippling conflates two distinct inquiries. The question is not whether Deel has sufficient contacts with California to support jurisdiction or forum, but whether these particular witnesses should be required to travel to the forum for deposition. Treating a corporate designation on paper as a substitute for actual connections between the deponents and this district disregards the operative facts. Nor does Rippling's choice of forum entitle it to compel depositions here—the *forum non conveniens* ruling established where this case will be tried, not where every deposition must occur. The testimony concerns overseas telephone calls during a two-week period, and neither Deel's distributed workforce nor its customer-facing Terms of Service overrides that depositions should occur at or near where the witnesses are located.

Deel has proposed reasonable alternatives; Rippling has refused both. This Court should designate a safe, neutral, and accessible location for these depositions—whether London, Rome, or remotely.

6111084

Respectfully submitted,

| | |
|---|---|
| */s/ Eric H. MacMichael* | */s/ Jason D. Russell* |
| Eric H. MacMichael | Jason D. Russell |
| Attorneys for Plaintiff Rippling | Attorneys for Defendant Deel |

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

*/s/ Eric H. MacMichael*
Eric H. MacMichael
Attorneys for Plaintiff Rippling

6111084