LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Counsel for Defendant and Counterclaimant Deel, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation, | Case No. 3:25-cv-02576-CRB |
| Plaintiff, | **DECLARATION OF ADAM LLOYD IN SUPPORT OF DEEL'S OPPOSITION TO RIPPLING'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEEL** |
| v. | |
| DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100, | Compl. Filed:      March 17, 2025<br>Am. Compl. Filed:  June 5, 2025<br>Counterclaims Filed  March 25, 2026<br>Judge:            Hon. Charles R. Breyer<br>Magistrate Judge:  Lisa J. Cisneros<br>Trial Date:        None Set |
| Defendants. | |
| DEEL, INC., a Delaware corporation, | |
| Counterclaimant, | |
| v. | |
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100, | |
| Counter-Defendants. | |

**DECLARATION OF ADAM LLOYD**

I, Adam Lloyd, under penalty of perjury, declare and state as follows:

1. I am over the age of 18 and not a party to this action. I am an attorney admitted to practice before the courts of the State of California and have been admitted to this Court. I am an attorney at the law firm Skadden, Arps, Slate, Meagher & Flom LLP, which is counsel of record for Defendant Deel, Inc. ("Deel") in the above-captioned matter.

2. I submit this declaration in support of Deel Inc.'s ("Deel") Opposition to Rippling's Motion for Discovery Sanctions (the "Motion") in the above-captioned action. I make this declaration based on my personal knowledge and, if called upon to do so, would testify competently hereto. In making this declaration, I expressly reserve all attorney-client and work product privileges and protections.

3. Attached hereto as **Exhibit 1** is a true and correct copy of Deel's June 30, 2025, Responses and Objections to Rippling's First Set of Interrogatories, which were served on May 30. In Deel's June 30 Responses and Objections, Deel stated that its "interprets 'Deel' or 'You' or 'Your' to mean and refer to Defendant Deel, Inc., and specifically excluding the individual named defendants in this action." Deel had consistently maintained that position through the time it provided amended responses to Rippling's First Set of Interrogatories on November 25, 2025 (the "November Responses").

4. At no time before December 2025 (when Rippling changed counsel) did Rippling ever raise any issue with Deel's limitation of its discovery responses to Deel only (specifically excluding the individual named defendants in this action), or assert to Deel that the Individual Defendants (Alex Bouaziz, Philippe Bouaziz, and Dan Westgarth) needed to participate in discovery while their service and jurisdictional motions were pending.

5. During a meet-and-confer between Deel and Rippling on September 2, 2025, to discuss Rippling's interrogatories, Deel stated that it would respond to Interrogatory Nos. 2, 4, 5, and 6, provided that Rippling would agree to narrow the scope of those Interrogatories to seeking information specifically related to Deel's alleged possession of "Rippling Originated Information," and further agreed to define "Rippling Originated Information" in a way such that Rippling's alleged trade secret information would be identified with particularity. Rippling did not express disagreement with these parameters on the September 2 call.

1

LLOYD DECL. ISO DEEL'S SANCTIONS OPPOSITION                    CASE NO.: 3:25-CV-02576-CRB

6. Attached hereto as **Exhibit 2** is a true and correct copy of email chain between counsel for Deel and counsel for Rippling, ending on September 8, 2025.

7. After Rippling provided an updated definition on September 8 of "Rippling Originated Information" so that Deel could respond to these Interrogatories, Deel served amended responses and objections to Interrogatories on September 16, 2025, which limited Interrogatory Nos. 5 and 6 to Rippling Originated Information as discussed on the parties' September 2 conferral, among other things.

8. On October 3, 2025, the parties conferred on Rippling's challenges to Deel's September 16 objections, and agreed to file a joint letter addressing those challenges on October 10.

9. Attached hereto as **Exhibit 3** is a true and correct copy of email chain between counsel for Deel and counsel for Rippling, ending on October 9, 2025. Rippling did not ever respond to Deel's October 9 email or otherwise dispute Deel's understanding of any facts set forth therein.

10. Rippling's new lead counsel first reached out to Deel on December 3, 2025. During a meet-and-confer between Deel and Rippling on December 9, Deel told Rippling that the Individual Defendants had been following Rippling's representations that the Individual Defendants could not participate in discovery in this matter without waiving their jurisdictional defenses, and accordingly did not participate in Deel's November Responses, as their service and jurisdictional motions were still pending at that time. Deel also explained that its understanding of Interrogatory Nos. 5 and 6 was based on the vague and undefined term "information" relating to Rippling used therein, which Deel had understood from the parties' conferrals to mean "Rippling Originated Information."

11. During a meet-and-confer between Deel and Rippling on December 16, 2025, Deel told Rippling that although it believed that its November Responses to Interrogatory Nos. 5 and 6 appropriately interpreted "information" to mean "Rippling Originated Information," Deel was willing to supplement those November responses with a broader understanding of the word "information."

12. Attached hereto as **Exhibit 4** is a true and correct copy of email chain between counsel for Deel and counsel for Rippling, ending on December 23, 2025.

13. In the days after receiving Judge Breyer's February 23 order, Deel told Rippling that Deel intended to supplement its November responses with information from the Individual Defendants by March 20, and that Deel understood that the Individual Defendants would substantively answer Rippling's

discovery requests by the same date. Deel also confirmed that its March 20 supplementation would use Rippling's broader interpretation of the word "information," per the parties' agreement in December.

14.    Deel's interviews with Mr. Malik and Mr. Mieli referenced in Deel's March 11 response to Rippling's Interrogatory No. 13 covered their interactions with Keith O'Brien in March 2025. Mr. Malik's and Mr. Mieli's searches of internal Deel documents for information relevant to Rippling's allegations that were referenced in Deel's March 11 response to Rippling's Interrogatory No. 13 were done at the direction and guidance of Deel's litigation counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 15, 2026, in Los Angeles, California.

By:  _____
                    ADAM LLOYD