# EXHIBIT 1

LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

JASON D. RUSSELL (SBN 169219)
jason.russell@skadden.com
ADAM K. LLOYD (SBN 307949)
adam.lloyd@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile:  (213) 687-5600

*Counsel for Defendant Deel, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual,  PHILIPPE BOUAZIZ, an individual,  DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>                              Defendants. | Case No.: 3:25-cv-02576-CRB<br><br>**DEEL'S OBJECTIONS TO RIPPLING'S FIRST SET OF INTERROGATORIES**<br><br><br>Complaint Filed:      March 17, 2025<br>Am. Compl. Filed:   June 5, 2025<br>Judge:                      Hon. Charles R. Breyer<br>Courtroom:            6 |

**PROPOUNDING PARTY:** Plaintiff People Center, Inc. d/b/a Rippling

**RESPONDING PARTY:** Defendant Deel, Inc.

**SET NUMBER:** ONE (Nos. 1-9)

Defendant Deel, Inc. ("Deel") makes the following objections to Plaintiff People Center, Inc.'s ("Plaintiff" or "Rippling") First Set of Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Deel believes that this matter should be litigated in Ireland—which will be the subject of Deel's forthcoming motion to stay or dismiss this action for *forum non conveniens* (the "FNC Motion to Stay or Dismiss")—and thus that Plaintiff is improperly using this action to seek discovery in the United States for use in the ongoing Irish proceedings that Plaintiff previously initiated addressing the same subject matter and facts as the above-captioned action. As set forth herein, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. As such, Deel's responses herein are provided without Deel undertaking an "extensive investigation" so as not to "defeat the purpose" of Deel's forthcoming FNC Motion to Stay or Dismiss. *See infra.*

Deel's objections to the Interrogatories are set forth below. By asserting the specific responses and objections stated below, Deel does not waive its right to challenge the relevance, materiality, or admissibility of the Interrogatories or the responses, or the use of the Interrogatories or the responses thereto in any subsequent proceeding or trial in this action. Asserting the specific responses and objections stated below does not mean that responsive information exists or is within Deel's possession, custody, or control.

The objections stated below are based on the information presently available and known to Deel. Deel's investigation of this action is continuing, and that investigation may disclose additional information and/or documents that could lead to additions to, changes in, or variations from these responses and objections. Deel therefore reserves its right to amend, modify, or supplement the responses and objections below as new information becomes available should such amendments, modifications, or supplements become appropriate.

## GENERAL OBJECTIONS

Deel responds to the Interrogatories subject to the General Objections set forth below. The following General Objections are hereby incorporated into each of the specific responses as if they were set forth in full in the response. The specific objections to individual Interrogatories are intended

1

to amplify the General Objections in certain circumstances and neither limit the applicability of any of the General Objections nor waive any objections which may, in addition to those set forth, be applicable to specific Interrogatories. The assertion of the same or additional objections to any particular individual Interrogatory does not waive other General Objections set forth below that are not expressly repeated in the responses.

1.    Deel objects to the Interrogatories on the ground that this action should be litigated in Ireland, because, among other reasons, Plaintiff openly admits in its amended complaint (ECF 57, the "FAC") that all of the key facts underlying its claims against Deel occurred in Ireland (*see, e.g.*, FAC ¶ 2 nn. 1-2 (expressly admitting that it was non-party Irish subsidiary Rippling Ireland Ltd.'s "security team" that conducted an investigation which allegedly "showed that a mid-level payroll operations manager in Rippling's Dublin office had been using his internal systems access to gathering sensitive data relevant to Deel"), and thus that this entire action should be stayed or dismissed in favor or proceeding in the Irish courts. *See also, e.g.*, ECF 48-4 (Irish Affidavit of Rippling ex-General Counsel Vanessa Wu submitted to Dublin Commercial High Court) ¶¶33-34 (attesting under penalty of perjury that "Ireland is clearly the jurisdiction most closely connected with the wrongs [that are] the subject matter of these proceedings"), ¶45 (attesting under penalty of perjury that "Ireland is the correct forum to determine this action against [Deel], having regard to the subject-matter of the action" and "the balance of convenience lying in favour of trying the case in the Irish courts"). Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings, and Deel's responses herein are provided without an "extensive investigation" so as not to "defeat the purpose" of Deel's forthcoming FNC Motion to Stay or Dismiss, as set forth in each Interrogatory response below.

2.    Deel objects to the Interrogatories as overbroad and unduly burdensome to the extent they exceed the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1). Deel objects to the Interrogatories to the extent that providing the requested information is disproportionate to the needs of the case, and will result in undue burden and expense that outweigh the importance of the issues at stake, the amount in controversy, and the likelihood that the information sought will lead to the discovery of admissible evidence

DEEL'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

3.     Deel objects to the Interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the special information privilege, or any other applicable privilege or protection against disclosure. Deel will not produce information protected by any such privilege or doctrine. Nothing done in relation to the Interrogatories is intended to or shall operate as a waiver by Deel, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, common interest privilege, special information privilege, or any other applicable privilege, doctrine, or immunity protecting its communications, transactions, or records from disclosure.

4.     Deel objects to the Interrogatories to the extent they are vague, ambiguous, or unintelligible. Deel will not speculate as to the meaning of any such vague or undefined words or phrases and will assign words their ordinary meaning, unless otherwise stated.

5.     Deel objects to the Interrogatories to the extent they seek documents or information that are not relevant to any party's claims or defenses in this action. By responding or objecting to the Interrogatories, Deel does not admit the relevance of any document or information.

6.     Deel objects to the Interrogatories as overbroad and unduly burdensome to the extent they seek documents without regard to time, date, or any relevant period.

7.     Deel objects to the Interrogatories to the extent they fail to describe with reasonable particularity the information requested.

8.     Deel objects to the Interrogatories to the extent they seek information that is publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel.

9.     Deel objects to the Interrogatories to the extent they contain inappropriate or inaccurate express or implicit statements or characterizations of fact or law. Deel does not adopt, admit or otherwise agree in any way with any such statement or characterizations.

10.     Deel objects to the Interrogatories to the extent they seek confidential personal, commercial, business, tax, financial, health, proprietary, or competitively sensitive information, including to the extent they seek information protected from disclosure pursuant to the right to

3

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

privacy recognized by any statute or legal doctrine, including as described in Federal Rule of Civil Procedure 26(c)(1)(G).

11. Deel objects to the Interrogatories to the extent that they call for expert witness evidence, which is premature and not required to be disclosed at this time.

12. Deel's failure to object to the Interrogatories on a particular ground shall not be construed as a waiver of its right to object on that ground or any additional ground at any time.

## OBJECTIONS TO DEFINITIONS

1. Deel objects to the Definitions to the extent they render any Interrogatory overbroad, unduly burdensome, or oppressive.

2. Deel generally objects to the Definitions set forth in the Interrogatories to the extent they attempt to define words beyond their ordinary meaning.

3. Deel objects to the Definitions to the extent that they attempt to impose obligations upon Deel that are different from or greater than those imposed by federal statute, the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, or any other applicable law or rule.

4. Deel objects to the definition of "Plaintiff" or "Rippling" because it (i) requires Deel to reach a legal conclusion in order to determine who falls within the definition; (ii) is vague and ambiguous regarding who falls within the definition; (iii) causes the Interrogatories to seek information not relevant to claims or defenses at issue in this action; and (iv) seeks information from outside of Deel's possession, custody, or control. Deel interprets "Plaintiff" or "Rippling" to mean and refer to Plaintiff People Center Inc., d/b/a Rippling.

5. Deel objects to the definition of "Deel," "You," and "Your" because it (i) requires Deel to reach a legal conclusion in order to determine who falls within the definition; (ii) is vague and ambiguous regarding who falls within the definition; (iii) causes the Interrogatories to seek information not relevant to claims or defenses at issue in this action; (iv) causes the Interrogatories to seek documents protected by the attorney-client privilege, the work product doctrine, and other privileges and immunities from disclosure; and (v) seeks information from outside of Deel's

4

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

possession, custody, or control. Deel interprets "Deel" or "You" or "Your" to mean and refer to Defendant Deel, Inc., and specifically excluding the individual named defendants in this action.

6. Deel objects to the definition of "Rippling Originated Information" because it (i) requires Deel to reach a legal conclusion in order to determine what falls within the definition; (ii) is vague and ambiguous regarding what falls within the definition; (iii) causes the Interrogatories to seek information not relevant to claims or defenses at issue in this action; and (iv) seeks information from outside of Deel's possession, custody, or control. Deel interprets "Rippling Originated Information" to mean the "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" alleged in Rippling's FAC, which Deel does not concede are actually legally protectible trade secrets in any event.

7. Deel objects to the definition of "O'Brien" as it improperly states that Keith O'Brien was "Deel's Spy," when Rippling knows that O'Brien is instead a paid Rippling witness who Rippling repeatedly admits throughout its FAC is apparently willing to lie to officers of the court and government entities if he believes it will serve his own goals. *See, e.g.*, FAC ¶¶ 139, 145; ECF 48-4 (Irish Affidavit of Rippling ex-General Counsel Vanessa Wu submitted to Dublin Commercial High Court) ¶¶22-23 (admitting that O'Brien agreed to testify in Rippling's favor in exchange for an undisclosed financial "termination payment," Rippling's agreement to cover all of O'Brien's legal fees, and O'Brien's execution of an express "cooperation agreement" with Rippling).

8. Deel objects to the definitions of "Document(s)" and "Communication(s)" as they call for information that is disproportionate to the needs of the case, and will result in undue burden and expense that outweigh the importance of the issues at stake, the amount in controversy, and the likelihood that the information sought will lead to the discovery of admissible evidence. Deel also objects to the definition of "Communication(s)" because the definition uses the term "communication" twice, such that it is circular and unintelligible. Deel will construe the meaning of the term "Document(s)" and "Communication(s)" as calling for hard copy documents and Electronically Stored Information as described in the parties' Stipulated Order re: Discovery of Electronically Stored Information.

5

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

9.      Deel objects to each definition of "Identify" as rendering the interrogatories in which they appear as compound, overbroad, unduly burdensome, vague, and confusing.

10.      Deel objects to the definition of "Identify" when referring to a person as overly broad and unduly burdensome, because it requests Deel to provide information about an individual's "present or last known address and phone number," and "the person's present or last known position and employer." Subject to any applicable privacy rights, Deel shall provide only information that is in its current possession in response to Plaintiff's request to "identify" a person.

11.      Deel objects to each definition of "Identify" when referring to action or conduct because the requirement that Deel "state the specific act(s) comprising such conduct" is vague and ambiguous, and may cause the Interrogatories to seek privileged information or impose undue burden on Deel.

12.      Deel objects to each definition of "Identify" when used with respect to an item of Information because the requirement that Deel "describe the Information with sufficient particularity to distinguish the item of Information from matters of general knowledge in the industry or of special knowledge of those Persons employed in the industry" is vague and ambiguous, and may cause the Interrogatories to seek privileged information or impose undue burden on Deel.

13.      Deel objects to the direction that "[a]ll references to the singular shall include the plural, and all references to the plural shall include the singular" as it is not a definition, and is cryptic and unintelligible.

## OBJECTIONS TO INSTRUCTIONS

In addition to its General Objections and Objections to Definitions, Deel objects to the Instructions set forth in the Interrogatories to the extent they seek to impose obligations upon Deel that are different from or greater than those imposed by federal statute, the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, the Court's Standing Order, any forthcoming protective order, Stipulated Order re: Discovery of Electronically Stored Information, or any other applicable law or rule. Where the Instructions conflict with federal statute, the Federal Rules of Civil Procedure, the Civil Local Rules of the Northern District of California, the Court's Standing Order, any forthcoming protective order, Stipulated Order re: Discovery of

6

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

Electronically Stored Information, or any other applicable law or rule, Deel will follow the relevant law, rule or Court order.

**OBJECTION TO THE RELEVANT TIME PERIOD**

Deel objects to the relevant time period of September 1, 2022 to the present as rendering the Interrogatories overbroad and unduly burdensome. Rippling alleges that O'Brien only supposedly agreed to "spy" on Rippling for Deel "[i]n or around the end of September 2024." S*ee, e.g.*, FAC ¶¶ 2, 58-59; ECF 57-1 ¶ 6 (O'Brien's Irish affidavit). Further, the earliest time that Rippling has alleged that Deel supposedly "received and possessed" Rippling's purported "trade secrets" through a former Rippling employee was January 2024. *See, e.g.*, FAC ¶¶ 49, 179. As such, Deel will limit its discovery responses to the time period of January 1, 2024 through the present.

**RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1:**

Identify each current or former Rippling employee whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such Rippling employee, state: (i) the date of each such communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact Information for such Rippling employee; and (iv) the substance of each communication.

**RESPONSE TO INTERROGATORY NO. 1:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert v. VWR Int'l, LLC*, 686 F.App'x 520, 521 (9th Cir. 2017) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)) ; *see also Paniccioli v. Northstar Source Grp. LLC*, 2025 WL 1427007, at *1 (S.D.N.Y. May 16, 2025) ("When a dispositive motion would remove the litigation to another forum, good cause

7

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

may require a stay."); *Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Nai-Chao v. Boeing Co.*, 555 F. Supp. 9, 11 n.2 (N.D. Cal. 1982), *aff'd sub nom. Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises at least four distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction/personal Inj. Prods. Liab. Litig.*, 2024 WL 5190206, at *2 (N.D. Cal. Dec. 20, 2024), that should properly count as separate interrogatories under the Federal Rules (and at least seven subparts if Plaintiff's definition of "Identify" is applied). Based on this compound Interrogatory, Deel reserves the right to object to future interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber ex rel. Loeber v. United States*, 2023 WL 4703329, at *3 (N.D. Cal. July 24, 2023) ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to this Interrogatory because the undefined term "substance" is vague and ambiguous. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel.

8

Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Deel also objects to this Interrogatory because it implicitly presumes that Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" are legally protectible trade secrets, when Rippling's own allegations in the FAC and original Complaint show they are not. To the extent that Rippling's claims can survive the pleading stage, Rippling's purported "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" will be the subject of expert witness testimony and reports.

Although Deel currently believes that there are no relevant, non-privileged, or otherwise non-protected documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

9

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

**INTERROGATORY NO. 2:**

Identify all Rippling Originated Information that Deel has obtained, used, and/or possessed (whether in electronic or physical form) during the period of September 1, 2022 through the present, and for all such Information, state: (i) how Deel obtained or accessed the Information and for what purpose; (ii) the date Deel first obtained or accessed the Information; (iii) the current location and disposition of the Information; and (iv) how Deel has used the Information, including but not limited to all Persons to whom Deel has disclosed the Information.

**RESPONSE TO INTERROGATORY NO. 2:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises at least four distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at *2, that should properly count as separate interrogatories under the Federal Rules. This Interrogatory if further compound because Rippling also asks Deel to "describe the Information with sufficient particularity to distinguish the item of Information from matters of general knowledge

10

in the industry or of special knowledge of those Persons employed in the industry; and (b) Identify the Person or entity to whom the information belongs." *See Microvention, Inc. v. Balt USA, LLC*, 2021 WL 4840786, at *4 (C.D. Cal. Sept. 8, 2021) ("The Court further SUSTAINS Plaintiff's objection that Rog No. 1 was compound. Requiring Plaintiff to not only identify each alleged trade secret (which would count as one interrogatory) but also explain for each trade secret the 'specific information that constitutes the trade secret, how or why such information is not generally known, and how or why such trade secrets can be distinguished from matters already known to persons skilled in the field' (which would count as at least as many interrogatories as allegedly misappropriated trade secrets), would run afoul of Rule 33's limitation on the number of interrogatories."). Based on this compound Interrogatory, Deel reserves the right to object to future interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the

11

Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Deel also objects to this Interrogatory because it implicitly presumes that Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" are legally protectible trade secrets, when Rippling's own allegations in the FAC and original Complaint show they are not. To the extent that Rippling's claims can survive the pleading stage, Rippling's purported "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" will be the subject of expert witness testimony and reports.

Although Deel currently believes that there are no relevant, non-privileged, or otherwise non-protected documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 3:**

Identify and describe in full detail every effort that Deel has made to gain Information about other companies from current or former employees of such other companies, including direct and indirect efforts, and for each such effort the name of the individual, the company for whom the

12

individual worked, the people at Deel who were aware of the individual's activities, and all Information passed to Deel by the individual.

**RESPONSE TO INTERROGATORY NO. 3:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises at least five distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at *2, that should properly count as separate interrogatories under the Federal Rules (and at least seven subparts if Plaintiff's definition of "Identify" is applied). This Interrogatory if further compound because Rippling also asks Deel to "describe the Information with sufficient particularity to distinguish the item of Information from matters of general knowledge in the industry or of special knowledge of those Persons employed in the industry; and (b) Identify the Person or entity to whom the information belongs." *See Microvention*, 2021 WL 4840786, at *4 ("The Court further SUSTAINS Plaintiff's objection that Rog No. 1 was compound. Requiring Plaintiff to not only identify each alleged trade secret (which would count as one interrogatory) but also explain for

13

each trade secret the 'specific information that constitutes the trade secret, how or why such information is not generally known, and how or why such trade secrets can be distinguished from matters already known to persons skilled in the field' (which would count as at least as many interrogatories as allegedly misappropriated trade secrets), would run afoul of Rule 33's limitation on the number of interrogatories."). Based on this compound Interrogatory, Deel reserves the right to object to future interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law. Deel also objects to this Interrogatory because the undefined terms "indirect efforts" and "Information" are vague and ambiguous.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets"

14

and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Rippling lacks standing to seek discovery from Deel that is expressly based on Deel's purported conduct directed not toward Rippling, but instead "other companies" who are not a party to this action.

To the extent that Rippling is entitled to a response to this facially improper Interrogatory at all, and although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 4:**

Identify and describe all storage devices and/or Cloud Account(s) belonging to Deel or any Deel employee that contain or have ever contained Rippling Originated Information.

**RESPONSE TO INTERROGATORY NO. 4:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1

15

("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel further objects to this Interrogatory as it assumes Deel has any "storage devices . . . that contain or have ever contained Rippling Originated Information." It is unclear which (if any) of Plaintiff's contradictory "Identify" definitions apply to this Interrogatory as the Interrogatory refers to "storage devices and/or Cloud Account(s)" which are not a Person, Document, "action or conduct," or "item of Information." Deel further objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects that the command to "describe" is undefined, vague, and ambiguous, and renders the Interrogatory oppressive and overburdensome. Furthermore, the term "storage devices" is undefined, vague, and ambiguous.

Deel also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel

16

objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Deel also objects to this Interrogatory because it implicitly presumes that Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" are legally protectible trade secrets, when Rippling's own allegations in the FAC and original Complaint show they are not. To the extent that Rippling's claims can survive the pleading stage, Rippling's purported "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" will be the subject of expert witness testimony and reports.

Although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 5:**

Identify all Persons who, before the filing date of Rippling's Complaint, had any knowledge that O'Brien provided information related to Rippling to Deel, including for each Person (i) their

17

name, (ii) the date of their first knowledge of O'Brien's work for Deel, (iii) a complete explanation of the scope of the Person's knowledge, and (iv) a complete explanation of the extent to which the Person communicated with O'Brien, guided O'Brien, provided or coordinated the provision of compensation to O'Brien, or in any way used or benefited from O'Brien's work for Deel.

**RESPONSE TO INTERROGATORY NO. 5:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises at least five distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at *2, that should properly count as separate interrogatories under the Federal Rules. This Interrogatory if further compound because Rippling also asks Deel to "describe the Information with sufficient particularity to distinguish the item of Information from matters of general knowledge in the industry or of special knowledge of those Persons employed in the industry; and (b) Identify the Person or entity to whom the information belongs." *See Microvention*, 2021 WL 4840786, at *4 ("The Court further SUSTAINS Plaintiff's objection that Rog No. 1 was compound. Requiring

18

Plaintiff to not only identify each alleged trade secret (which would count as one interrogatory) but also explain for each trade secret the 'specific information that constitutes the trade secret, how or why such information is not generally known, and how or why such trade secrets can be distinguished from matters already known to persons skilled in the field' (which would count as at least as many interrogatories as allegedly misappropriated trade secrets), would run afoul of Rule 33's limitation on the number of interrogatories."). Based on this compound Interrogatory, Deel reserves the right to object to future interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel further objects to this Interrogatory as it assumes that "O'Brien provided information related to Rippling to Deel[.]" Deel further objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects that the phrases "complete explanation" and "information" are undefined, vague, ambiguous, and renders the Interrogatory oppressive and overburdensome. Furthermore, subpart (iv) requires Deel to reach legal conclusions as to what constitutes "guid[ing]," "coordin[ation]," and "benefit."

Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is

19

substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Deel also objects to this Interrogatory because it implicitly presumes that Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" are legally protectible trade secrets, when Rippling's own allegations in the FAC and original Complaint show they are not. To the extent that Rippling's claims can survive the pleading stage, Rippling's purported "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" will be the subject of expert witness testimony and reports.

Although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 6:**

Identify all Documents and Information provided by O'Brien to Deel, including but not limited to Documents and Information about: Rippling sales leads, prospects, and customers; Rippling competitive intelligence cards; Rippling customer support strategies; Rippling churn-risk avoidance strategies; Rippling pricing strategies; Rippling partnership strategies; Rippling R&D efforts; Rippling's go-to-market plans, roadmap, strategy, and launch dates; Rippling personnel responsible for products and/or geographic regions; and all other Documents and Information relating in any way to Rippling or to Deel's efforts to compete with Rippling.

**RESPONSE TO INTERROGATORY NO. 6:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

20

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at *2, that should properly count as separate interrogatories under the Federal Rules (and at least seven subparts if Plaintiff's definition of "Identify" is applied). This Interrogatory if further compound because Rippling also asks Deel to "describe the Information with sufficient particularity to distinguish the item of Information from matters of general knowledge in the industry or of special knowledge of those Persons employed in the industry; and (b) Identify the Person or entity to whom the information belongs." *See Microvention*, 2021 WL 4840786, at *4 ("The Court further SUSTAINS Plaintiff's objection that Rog No. 1 was compound. Requiring Plaintiff to not only identify each alleged trade secret (which would count as one interrogatory) but also explain for each trade secret the 'specific information that constitutes the trade secret, how or why such information is not generally known, and how or why such trade secrets can be distinguished from matters already known to persons skilled in the field' (which would count as at least as many interrogatories as allegedly misappropriated trade secrets), would run afoul of Rule 33's limitation on the number of interrogatories."). Based on this compound Interrogatory, Deel reserves the right to object to future

21

interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

And, Deel objects to the phrase "relating in any way to Rippling or to Deel's efforts to compete with Rippling" as being vague and ambiguous. Deel also objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Deel also objects to this Interrogatory because it implicitly presumes that Rippling's "Corporate

22

Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" are legally protectible trade secrets, when Rippling's own allegations in the FAC and original Complaint show they are not. To the extent that Rippling's claims can survive the pleading stage, Rippling's purported "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" will be the subject of expert witness testimony and reports.

Although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 7:**

Identify each actual or potential client or customer whom Deel (including anyone acting on Deel's behalf) has contacted since September 1, 2022, and for each such client or customer, state: (i) the date of each initial communication; (ii) the communication medium(s) (e.g., telephone, email, text message, face-to-face, etc.); (iii) how Deel obtained the contact information for the potential client or customer; and (iv) the substance of each such initial communication.

**RESPONSE TO INTERROGATORY NO. 7:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1

23

("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Deel further objects to this Interrogatory as compound because it comprises at least four distinct subparts that "introduce a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at *2, that should properly count as separate interrogatories under the Federal Rules. Based on this compound Interrogatory, Deel reserves the right to object to future interrogatories to the extent they exceed the allowable number under Federal Rule of Civil Procedure 33(a)(1).

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive

24

information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. Read literally the Interrogatory calls for Deel to "identify" tens of thousands of people in a manner wholly untethered to the FAC. Moreover, the term "potential client or customer" is vague and ambiguous. Deel further objects to this Request to the extent it seeks for Deel's trade secret or other confidential research, development, or commercial information as described in Federal Rule of Civil Procedure 26(c)(1)(G).

To the extent that Rippling is entitled to a response to this facially improper Interrogatory at all, and although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 8:**

For each of the parties identified in response to Interrogatory No. 7 for whom Deel knew or had reason to believe, at the time it contacted them, that they were actual customers of Rippling or had been identified by Rippling as potential customers, state in detail how Deel gained that information as to each such client or customer.

25

**RESPONSE TO INTERROGATORY NO. 8:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at *3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Due to Rippling's previous compound interrogatories, Deel objects to this Interrogatory because it exceeds Federal Rule of Civil Procedure 33's limit of 25 interrogatories. Fed. R. Civ. Pro. 33(a)(1).

26

Deel objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects that the phrase "had reason to believe" is vague and ambiguous and requires Deel to reach a legal conclusion regarding who is included. Deel objects that the term "that information" is vague and ambiguous. And, Deel objects that the undefined command to "state in detail" is vague, ambiguous, and renders the Interrogatory overburdensome and oppressive.

Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Rippling's causes of action in the FAC against Deel are all based on allegations that Deel has supposedly harmed Rippling by allegedly acquiring Rippling's "Corporate Strategy Trade Secrets" and "Sales and Marketing Trade Secrets" through specified former Rippling employees beginning no earlier than January 2024. Deel thus objects to this Interrogatory as overbroad and unduly burdensome because it seeks information that is not relevant to the subject matter of this action, not admissible in evidence, or not reasonably calculated to lead to the discovery of admissible evidence. By expressly referring to Interrogatory No. 7, read literally the Interrogatory first calls for Deel to "identify" tens of thousands of people in a manner wholly untethered to the FAC. Deel further objects to this Request to the extent it seeks for Deel's trade secret or other confidential research, development, or commercial information as described in Federal Rule of Civil Procedure 26(c)(1)(G).

To the extent that Rippling is entitled to a response to this facially improper Interrogatory at all, and although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read

27

to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

**INTERROGATORY NO. 9:**

Identify all Persons with any knowledge of any facts alleged in Rippling's Complaint (or in any subsequent amended complaints filed by Rippling), including in your response each Person's name, current employer and title, contact information, and a description of that Person's relevant knowledge.

**RESPONSE TO INTERROGATORY NO. 9:**

Deel incorporates by reference its General Objections, Objections to Definitions, and Objections to Instructions, and Objection to the Relevant Time Period as though fully set forth herein.

Deel objects to this Interrogatory on the basis that this action should be stayed or dismissed in favor of proceeding in Ireland, not California, as set forth in Deel's forthcoming FNC Motion to Stay or Dismiss. Thus, to the extent that the information Plaintiff is seeking from Deel even exists at all, it should and will be produced as part of the ongoing Irish proceedings. In the interim, "[r]equiring extensive investigation would defeat the purpose of the[] motion." *Herbert*, 686 F.App'x at 521 (quoting *Piper Aircraft*, 454 U.S. at 258); *see also Paniccioli*, 2025 WL 1427007, at *1 ("When a dispositive motion would remove the litigation to another forum, good cause may require a stay."); *Transunion Corp.*, 811 F.2d at 130 (affirming district court's prevention of further discovery prior to its decision on the motion to dismiss RICO complaint for *forum non conveniens* so as not to "defeat the purpose of the motion"); *Boeing Co.*, 555 F. Supp. at 11 n.2, *aff'd*, 708 F.2d 1406 (9th Cir. 1983) (noting that "the very nature and purpose of the *forum non conveniens* doctrine precludes unlimited discovery").

Due to Rippling's previous compound interrogatories, Deel objects to this Interrogatory because it exceeds Federal Rule of Civil Procedure 33's limit of 25 interrogatories. Fed. R. Civ. Pro. 33(a)(1). Deel further objects to this Interrogatory as compound because it comprises at least two distinct subparts asking about the Complaint and FAC separately, which "introduces a line of inquiry

28

that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it," *In re Soc. Media Adolescent Addiction*, 2024 WL 5190206, at \*2, that should properly count as separate interrogatories under the Federal Rules..

Furthermore, Deel objects to the Interrogatory to the extent that it requires Deel to engage in "extensive investigations, research, or compilation or evaluation of data," as Deel is only required to "provide relevant facts reasonably available to it" and "not be required to enter upon independent research in order to acquire information merely to answer interrogatories." 8B *Wright & Miller's Federal Practice & Procedure* § 2174 (3d ed.). Moreover, even to the extent it is technically not a contention interrogatory, this "identify" interrogatory is "logically answered" at the end of discovery when Deel "will have a more complete picture" of the facts of the case. *Loeber*, 2023 WL 4703329, at \*3 ("allow[ing] the plaintiff to wait until discovery is almost complete to answer the interrogatories at issue").

Deel objects to this Interrogatory to the extent it seeks the discovery of information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection against disclosure. Deel also objects to the phrase "relevant knowledge," as it requires Deel to reach a legal conclusion regarding what is included. Deel further objects that the undefined term "description" is vague and ambiguous. Deel also objects to the Interrogatory to the extent that it purports to require answers from, for, on behalf of, or relating to any person or entity other than Deel. Deel objects to the Interrogatory to the extent it seeks documents and information that are publicly available, in the possession, custody, or control of another party, or where the burden of deriving the responsive information is substantially the same for Plaintiff as it is for Deel. Deel objects to the Interrogatory as containing inappropriate and inaccurate implicit statements or characterizations of fact and law.

Deel also objects to this Interrogatory because this information has already been provided to Rippling in Deel's initial disclosures, subject to Deel's Rule 26 objection and right to supplement such disclosures, as well as in other filings in this action. Although Deel currently believes that there are no documents, electronically stored information, and tangible things in Deel's possession, custody, or control located within California that are responsive to this Interrogatory as it relates to

29

DEEL'S OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

CASE NO.: 3:25-CV-02576-CRB

the allegations in the FAC, and that to the extent any responsive and discoverable information exists (and Deel's objection should not be read to indicate that it does), Deel believes it is likely located in Ireland or abroad, Deel is willing to meet and confer at a mutually agreeable time to discuss these objections and the appropriate and proper scope of discovery at this stage of the proceedings, including potential forum-related discovery for the purpose of Deel's FNC Motion to Stay or Dismiss.

DATED: June 30, 2025                    By:  _____/s/ Jason D. Russell_____

                                             JASON D. RUSSELL
                                        *Attorneys for Defendant Deel, Inc.*

30

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2000 Avenue of the Stars, Suite 200N, Los Angeles, California 90067.  My email address is adam.lloyd@skadden.com.

On June 30, 2025 I served the document described as:

**DEEL'S OBJECTIONS TO RIPPLING'S FIRST SET OF INTERROGATORIES**

on the interested party in this action addressed as follows:

| | |
|---|---|
| Alexander Benjamin Spiro | Jeffrey William Nardinelli |
| Maaren Shah | Quinn Emanuel Urquhart and Sullivan LLP |
| Samuel P. Nitze | 50 California Street, 22nd Floor |
| Scott Hartman | San Francisco, CA 94111 |
| Dominic Pody | (415) 875-6600 |
| Quinn Emanuel Urquhart & Sullivan, LLP | Fax: (415) 875-6700 |
| 295 5th Avenue | Email: jeffnardinelli@quinnemanuel.com |
| New York, NY 10016 | |
| 212-849-7000 | Joseph Caldwell Sarles |
| alexspiro@quinnemanuel.com | Kathleen Messinger |
| maarenshah@quinnemanuel.com | Quinn Emanuel Urquhart & Sullivan, LLP |
| samuelnitze@quinnemanuel.com | 865 South Figueroa Street, 10th Floor |
| scotthartman@quinnemanuel.com | Los Angeles, CA 90017 |
| dominicpody@quinnemanuel.com | (213) 443-3000 |
| | Fax: (213) 443-3100 |
| | josephsarles@quinnemanuel.com |
| | kathleenmessinger@quinnemanuel.com |

Attorneys for Plaintiff
PEOPLE CENTER, INC. D/B/A
RIPPLING

☒    **(BY ELECTRONIC MAIL)** per the agreement of the parties, the foregoing document was served electronically by electronically mailing a true and correct copy through the firm's electronic mail system to the e-mail address(es), as stated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 30, 2025 at Los Angeles, California.

| | |
|---|---|
| Adam K. Lloyd | */s/ Adam K. Lloyd* |
| PRINT NAME | SIGNATURE |

31