# EXHIBIT 4

**Lloyd, Adam K (LAC)**

| | |
|---|---|
| **From:** | Ben D. Rothstein <BRothstein@keker.com> |
| **Sent:** | Tuesday, December 23, 2025 1:20 PM |
| **To:** | Lloyd, Adam K (LAC); Eric MacMichael; Jeff Nardinelli; Evan Larson; Russell, Jason D (LAC); Etcheverry, Lance A (PAL); DiCanio, Jack P (PAL) |
| **Cc:** | QE-Rippling; Elliot Peters; Andrew F. Dawson; Celina S. Malavé; Samuel F. Koenig; Gloria C.H. Cheng; KVP-Rippling-Deel@keker.com |
| **Subject:** | [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd |

Thanks Adam. We'll implement those changes and get on file.

Best,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Tuesday, December 23, 2025 1:17 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Ben,

Following your exhibit number reference changes, can you please correct the first exhibit citation in our section to be Ex. 3? It is currently listed as Ex. 2. I believe that the rest of our exhibit cites are correctly numbered, with the documents we sent over on Friday beginning at Ex. 6. We assume that you will place appropriately numbered slipsheets in front of the exhibits, but please let us know if you need those from us. Please also ensure that all highlighting is removed from the exhibit cites in the letter prior to filing.

With that, we confirm that we are signed off on this version, and you may file it on our behalf.

1

Thanks,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Tuesday, December 23, 2025 12:44 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

Deel's edits were more than we'd anticipated. We had a few further edits to address the changes Deel made in the last turn, as well as correcting exhibit number references and a few typo fixes. I'm attaching them here in track changes. These are minor and we hope and expect that Deel will have nothing further at this stage. Please confirm.

Thanks,
Ben

---

**Benjamin D. Rothstein**

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Tuesday, December 23, 2025 9:00 AM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

---

Ben,

Attached please find Deel's final revisions (clean and redline PDF). You have our approval to file this version.

2

Thanks,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Monday, December 22, 2025 8:07 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Okay, we will look for your final revisions at 9am PT tomorrow.

Best,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Monday, December 22, 2025 7:57 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Thanks, Ben. Due to the timing of when we received the response to our Friday submission, it is not looking like we are going to get client signoff by 8 p.m. PT at this point.

Best,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Monday, December 22, 2025 7:05 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli

3

<jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Thanks Adam. To clarify re our edits, we narrowed the focus of the background and reorganized the argument to respond to Deel's position statement (which Deel wrote in response to ours, after having two business days with our section). There are no new exhibits, case cites, or arguments.

Could you please let us know by 8pm PT whether you expect to be able to send the final draft and sign off tonight? If Deel is going to require until 9am PT tomorrow to return the final draft, we'd prefer to let our staff go for the night (given the holiday week) and pick this up again tomorrow morning at 9.

Best,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Monday, December 22, 2025 6:22 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Thanks, Ben. Noted on the two points below.

We are reviewing the letter. From the redline, it appears that Rippling has made significantly more changes to its section than the parties' past practice in their prior joint letters. We still do not anticipate making substantive changes to our section in response to what Rippling just wrote, but given that we just received your section tonight, it may be difficult to get our client's signoff (they are not on Pacific time) this evening.

We will endeavor to get your our final, likely minor, edits tonight, but if we cannot get final approval from our client tonight, we will send our section back to you by 9 a.m. Pacific tomorrow morning.

Thanks,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Monday, December 22, 2025 5:44 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam, I just realized two things:

1. Our exhibits are misnumbered in the draft I sent you. We are actually attaching five (5) exhibits. (The current draft accidentally numbers two separate exhibits as no. 2)
2. The listserv I emailed you is not operational yet, so you might receive a bounceback. It will be operational by tomorrow.

Thanks,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Ben D. Rothstein
**Sent:** Monday, December 22, 2025 5:23 PM
**To:** Lloyd, Adam K <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>; Samuel F. Koenig <SKoenig@keker.com>; Gloria C.H. Cheng <GloriaCheng@keker.com>; KVP-Rippling-Deel@keker.com
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

Please see our revised position statement attached, accompanied by a redline. Please let us know when we have your signoff to file.

For future correspondence with our team, please copy KVP-Rippling-Deel@keker.com.

Best,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Friday, December 19, 2025 6:20 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Counsel,

Please see our draft section attached (clean and PDF redline), along with our exhibits. Per our agreement, Deel will review the final draft on Monday before filing.

Best,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Wednesday, December 17, 2025 6:22 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam and Jason, our draft section of the joint brief is attached. We look forward to receiving your section on Friday (Dec 19).

Thanks,
Ben

---

**Benjamin D. Rothstein**

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Ben D. Rothstein
**Sent:** Wednesday, December 17, 2025 12:22 PM
**To:** 'Lloyd, Adam K' <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

We hope and expect to maintain a good working relationship with your team. To set expectations, we will be consistent in calling out and addressing what we perceive as unnecessary delay or procedural unfairness.

We agree to your proposal. As a general matter, we will send your team a file-ready final draft of any joint filing and wait for Skadden to sign off before affixing your signature and filing, and we expect you'll do the same. Reserving "final edit" rights is a little different, and it's where back-and-forth exchanges of joint brief sections tends to go off the rails, but we'll trust that filing-day edits from your team will be minor and turned around quickly. And if Deel ends up making material substantive edits on filing day, we'll promptly let you know if we think we need to make further edits in response and send them to you asap, in clean and redline, for final signoff before filing.

We're also happy to discuss a protocol for how to handle joint discovery briefs. Getting an agreed-upon protocol in place could help prevent future disagreements about deadlines/procedure for joint discovery briefs.

Thanks,
Ben

---

**Benjamin D. Rothstein**

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

7

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Wednesday, December 17, 2025 11:12 AM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

[EXTERNAL]

Ben,

Please do not tell me how to spend my time, and particularly how Deel should be responding to your emails. We are all professionals here. We understand that Keker was brought into this case for a reason and that you have a job to do (as do we), but needless posturing over petty procedural matters (you are literally fighting us over one business day at this point) that are not going to have a material effect on the outcome here is already growing a bit tiresome. We had a good working relationship with Rippling when Quinn was leading the representation, and we expect that to continue now with Keker.

In the spirit of cooperation, we will accept your proposed schedule below for this letter only, provided that you send us the version you intend to file on Monday for our final review and approval, which is consistent with how the parties have been handling the letters in this case. Quinn can attest that we return that version quickly and have historically made few (if any) edits, and all of which were minor in any event. We fully intend to keep with that practice here and represent that we are not looking to make any significant edits on Monday in response to any changes you make to your section; we just want a chance to read the document that has our signature affixed before it is filed.

While we agree to the schedule you propose below and a Monday filing for this letter only (although we do not have to, as our proposal was also "squarely within the process set forth in Judge Cisneros' Standing Order"), we note that this still provides Rippling (as the moving party) with the lion's share of the time with the parties' written arguments that the Court will consider and upon which a ruling will be based. We thus reserve all rights as to the process for any future letters.

We look forward to receiving your portion of the letter later today.

Best,
Adam

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Tuesday, December 16, 2025 10:19 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>

**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

The parties do not have any kind of formal agreement for how to handle these joint briefs. Discovery has barely started, our firm just entered the case, and the parties "past practice" in doing just three of these with Quinn Emanuel is not a binding course of conduct on anyone.

I'm sure you've done joint discovery briefs in lots of cases. I have too, including in the Northern District. Two simultaneous exchanges—one a day out, and one the day of filing—is a common practice. It prevents either side from having an unfair advantage, it avoids endless back-and-forth over who gets the last word, and it and falls squarely within the process set forth in Judge Cisneros' Standing Order. That process requires the parties to explain their positions *during the meet and confer*, as Rippling has done here in a lengthy letter sent nearly two weeks ago and two subsequent video meet and confers. You already know your "adversary's arguments" and had ample opportunity to ask any follow-up questions. You could be working on Deel's position statement right now, instead of writing an extremely long email about the joint-letter-brief process.

To try to cut through this: Your email requests two full business days with our position before you send us yours, and it offers us one full business day after that to adjust our position statement and file—i.e., an opening-opposition-reply type of schedule, in which Deel has no opportunity to edit its statement after sending it to us. That schedule at least addresses the concern about endless back-and-forth, and we will agree to it for this joint submission. But we are not okay dragging out this filing until Tuesday, December 23, given that the parties have already met and conferred extensively and there is simply no need to drop this dispute on Judge Cisneros' desk immediately before the holiday break.

So we propose the following, which gives your side everything you're asking for but would get us on file Monday instead of Tuesday: Rippling will send our position statement by 5pm PT tomorrow, Deel sends us theirs by 5pm PT Friday, and then we make any necessary adjustments to Rippling's statement and file on Monday. Please confirm.

Thanks,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Tuesday, December 16, 2025 8:26 PM
**To:** Ben D. Rothstein <BRothstein@keker.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D

<Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Ben,

Your email below proposing a mutual exchange of each party's portion of the joint letter at 3 p.m. PT on Thursday is inconsistent with Rippling's representations at our meeting today, the parties' past and consistent practice regarding discovery disputes and joint letters, and the letter and spirit of Judge Cisneros's standing order governing such matters.

First, it is inconsistent with your representation earlier today at our meet-and-confer (where we discussed this issue, including sequencing) that Rippling would send its portion of joint letter to Deel "today or tomorrow."

Second, it is inconsistent with the parties' past practice governing these letters and discovery disputes: to date, the parties have filed three such joint discovery letters, and agreed that the moving party will provide its portion of the letter, and the responding party would then have an adequate time to respond, providing its portion of the joint letter at least one business day prior to filing. Indeed, when Deel was the moving party back in July, Rippling requested to have an entire *week* to respond to Deel's portion of the joint letter, to which Deel agreed as a civility and professional courtesy.

Third, it is inconsistent with the letter and spirit of Judge Cisneros' standing order governing discovery disputes, which requires that the parties have a formal meet-and-confer in person or by videoconference "within two weeks' notice" to address the issues, and provides that "[i]f disagreements remain, the parties shall file a joint letter no later than five business days after the formal meet and confer." Importantly, "[t]he Court expects the parties to cooperate in the preparation of their joint *letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter*. Unjustified delay or refusal to participate meaningfully in the formal meet and confer or in the preparation of the joint letter may be grounds for entry of an order adverse to the delaying or non-participating party." https://cand.uscourts.gov/sites/default/files/standing-orders/LJC_CivilStandingOrder_8-14-25.pdf. Your proposal of a simultaneous exchange essentially giving Deel 24 hours to "address its adversary's arguments"—which Rippling has presumably been working on for weeks—unnecessarily condenses the Court's default period into a single day, which is not a meaningful participation in this process and appears to be an attempt to limit Deel's ability to adequately address what Rippling writes (which, as you know, we have not seen).

Also, your attempt to create a narrative that Deel is supposedly "insist[ing] on prolonging this process in order to create further delay" by requesting that the parties simply comply with their representations, past practice, and Judge Cisneros's Standing Order is inaccurate and unhelpful, to say the least. Deel did not ask for a five-business-day "opposition" deadline on the call, as we clarified on the call in discussing the sequencing and Judge Cisneros's Standing Order. Deel also did not provide "non-responses"—Deel responded, and Rippling does not like the answers. There is a difference. And your claim that Rippling served these interrogatories more than six months ago ignores that they have been the subject of several legitimate disputes that required Court intervention, all of which, as you know, required a formal process

10

and briefing (and all of which take time for the parties and the Court). It also ignores Rippling's own delay, both generally and specifically as to this dispute where Rippling did not respond at all for over three days to Deel's proposal to meet-and-confer on Monday due to Jason's surgery (a delay that, to be clear, we would not consider significant in ordinary interactions with opposing counsel, but given Rippling's apparent agitation over two business days, seems pertinent to point out).

Deel has at all times reasonably responded to Rippling's questions and raising of discovery issues, and has at all times engaged with Rippling in good faith. In contrast, when Deel asked Rippling for information to try to resolve a potential discovery dispute, Rippling failed to respond (at all, in any capacity) for nearly a *month*, as reflected in this email chain. And sometimes, Rippling does not ever respond to Deel's reasonable requests, as it did in response to Deel's formal requests over the summer asking Rippling to provide a compliant computation of damages as required by Rule 26(a)(1)(A)(iii) and several different cases Deel cited to Rippling, which Rippling just ignored.

All this to say, Deel will follow Judge Cisneros's Standing Order and the parties' past practice with respect to this discovery letter.

It is clear from your email below following our meeting that, despite Rippling's representations during our call today and despite having "nearly two weeks" to put together its portion of the letter, Rippling is not actually yet in a position to share its portion of the joint discovery letter with Deel "today or tomorrow." That is fine and not a problem—we understand that you, like us, have other clients as well as other professional and personal obligations, particularly around the busy holiday season. To accommodate Rippling, Deel will accept your portion of the joint letter by 3 p.m. on Thursday, and Deel will then send you its portion of the joint letter by 3 p.m. on Monday. That still gives Rippling at least 24 hours to presumably edit its section of the joint letter to respond to Deel's arguments (which is consistent with the parties' past practice and consistent with the time you allotted Rippling below), and allows the parties to file the joint letter by Tuesday, as required by Judge Cisneros's Civil Standing Order.

Best,
Adam

---

**From:** Ben D. Rothstein <BRothstein@keker.com>
**Sent:** Tuesday, December 16, 2025 3:00 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

Thanks for the call this morning. I am writing to follow up on timing regarding the forthcoming letter brief regarding Deel's responses to Interrogatory Nos. 2, 4, 5, and 6, now that we've met and conferred by video (twice in the past week) and confirmed that we are at an impasse. In an effort to raise this dispute with the Court promptly, Rippling proposes that the parties exchange initial drafts of their respective sections of the letter brief at 3pm PT on Thursday, and revised drafts (clean and in redline) by 3pm Friday, after which we will file Friday afternoon.

11

There is nothing in Judge Cisneros' Standing Order or otherwise that requires us to send Deel our draft section in advance of Deel sending us theirs, let alone providing Deel a five-business-day "opposition" deadline as you suggested on the call. We hope that Deel does not insist on prolonging this process in order to create further delay. As you know, Rippling served the interrogatories at issue *more than six months ago*. Judge Cisneros ordered Deel to respond on November 7, Deel provided non-responses on November 25, Rippling identified the deficiencies in those non-responses in a letter sent December 4, and the parties then conducted two meet and confers over Zoom—one on December 11, and another this morning (December 16)—in which Deel had the opportunity to ask any questions it wanted about our position.

Deel does not need to review Rippling's section in order to begin drafting its own. Now that Deel has agreed to remove the "Rippling Originated Limitation" from Rogs 5 and 6, and to serve supplemental responses to Rogs 1, 7, and 8, the dispute is narrowed to a single issue that we have discussed at length in our letter and two meet and confers: Whether Deel has failed to comply with the Court's Order to respond to Rogs 2, 4, 5, and 6, by withholding from its response information known by Alex Bouaziz, Phillipe Bouaziz, and Daniel Westgarth. Our position is that Deel has no valid basis to withhold the knowledge of its senior officers and executives in response to Rogs 2, 4, 5, and 6, regardless of the fact that those individuals are also defendants in this case. You've been aware of our position and the reasons for it for nearly two weeks. There is no reason why Deel should require longer than two days to draft a less-than-three-page statement on this issue.

Please confirm that the parties will exchange initial draft sections of the forthcoming letter brief on Thursday at 3pm PT on Thursday, and revised drafts (clean and in redline) by 3pm Friday, so that the parties can raise this dispute promptly with Judge Cisneros before the weekend.

Thanks,
Ben

---

**Benjamin D. Rothstein**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 773 6666 direct | 415 391 5400 main
brothstein@keker.com | vcard | keker.com
Pronouns: he/him/his

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Monday, December 15, 2025 11:55 AM
**To:** Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

[EXTERNAL]

Eric,

We remain willing to meet and confer to attempt to resolve these issues. We emailed you on Thursday morning suggesting we continue our conference on Monday, given Jason's surgery. We did not receive any response from Rippling until 8 p.m. on Sunday night, where it stated for the first time that it could meet on Monday. Having received no response at all from Rippling for over three days following our initial email, we have already booked up our day today with other matters.

We are available to continue our meet-and-confer tomorrow morning (Tuesday) after 10:30 a.m. Please confirm as soon as you are able if that time works on your end, and if not, please propose an alternative time.

Thank you,
Adam

---

**From:** Eric MacMichael <EMacMichael@keker.com>
**Sent:** Monday, December 15, 2025 10:19 AM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam, following up again to see when Deel is available today to meet and confer.  If Deel is unwilling to meet and confer today, and is also unwilling to offer a definitive response to the issues set forth in my December 4 letter, then we will view the parties as at an impasse and seek relief from the Court.

Best,

Eric

---

**From:** Eric MacMichael <EMacMichael@keker.com>
**Sent:** Sunday, December 14, 2025 7:56 PM
**To:** Lloyd, Adam K <Adam.Lloyd@skadden.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** Re: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam, please let us know what times Deel is available on Monday to meet and confer.

Thanks,

Eric

Get Outlook for iOS

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Thursday, December 11, 2025 11:57 AM
**To:** Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

---

Eric,

Thanks for your email. As Jason noted on our call on Tuesday, he had surgery on Wednesday and is still recovering. Although he is not able to participate in a meet-and-confer tomorrow to address the issues raised in your email below and with regard to the pending requests for production due to the surgery, he is available on Monday if that works for you all.

If you prefer, I am still available to meet tomorrow after 11 a.m. to discuss these issues, but will lack authority without Jason present, so it may be more efficient to just meet on Monday to continue our discussion after Jason has recovered. Please just let us know your preference.

We do note that you are incorrect that this issue was not presented in Deel's objections. All of Deel's objections have been clear that Deel was answering only on behalf of itself, and was specifically excluding the Individual Defendants from its responses. Indeed, Deel has consistently objected to Rippling's definition of "Deel," "You," and "Your," interpreting it to mean and refer only to information possessed by "Defendant Deel, Inc., and specifically excluding the individual named defendants in this action." Until we received your December 4, 2025 letter, Rippling had never taken issue with that limitation or disputed it at any time in these discovery proceedings, including in the parties' various meet-and-confers to address these interrogatories.

Also, we disagree with the position that you articulated on the call that this is not a "discovery dispute," such that Rippling can deliberately sidestep and ignore the various orders of Judge Breyer and Magistrate Judge Cisneros in addressing Rippling's claims that Deel's discovery responses are "deficient" and inadequate. Judge Breyer's Civil Standing Order states that parties "are required to file a notice of discovery disputes to initiate a referral *in lieu of filing discovery motions before this Court*." https://cand.uscourts.gov/sites/default/files/standing-orders/General-Standing-Order-Judge-Charles-R.-Breyer-rev-7-16-2025.pdf. Indeed, the Court has already expressly referred "*all* discovery matters" to Judge Cisneros in this case. *See* ECF 85 & 86. And, as you know, Judge Cisneros has ordered that her "meet and confer and joint letter procedures for discovery disputes apply to disputes among the parties to this action," and sets forth detailed procedures the parties must follow for "[a]ll discovery disputes before the Court." https://cand.uscourts.gov/sites/default/files/standing-orders/LJC_CivilStandingOrder_8-14-25.pdf; *see also* ECF 86 ("This case has been referred to Magistrate Judge Lisa J. Cisneros for discovery. *As to all discovery matters*, the parties shall comply with Section F of the undersigned's Standing Order, which is available at https://cand.uscourts.gov/lisa-j-cisneros/."). Thus, any attempt by Rippling to evade these Court orders governing discovery disputes in this action is improper.

We look forward to continuing our discussion to attempt to resolve these issues.

Best,
Adam

---

**From:** Eric MacMichael <EMacMichael@keker.com>
**Sent:** Wednesday, December 10, 2025 8:09 AM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Counsel,

I am following up to confirm in writing that, as I said on our meet and confer yesterday, Rippling has never taken the position that the individual defendants would waive their right to contest personal jurisdiction merely by providing information to Deel in connection with Deel's investigation to respond to discovery served on it.  To the contrary, Rippling's position is and has always been that, in responding to discovery requests, Deel (like any corporate litigant) is under an obligation to conduct a reasonable investigation which includes gathering responsive information from officers, employees and agents.

We do not believe there was any confusion or ambiguity on this point. The "waiver" argument that you raised on the call today is not in Deel's objections to the interrogatories and was never raised to the Court. Nevertheless, we are reiterating this position in response to your comments yesterday.

As I mentioned on the call, the individual defendants were and are Deel's seniormost leadership, and the Amended Complaint sets forth voluminous evidence showing that they directed and participated in alleged conduct in that capacity. Deel's latest argument—that the individual defendants' jurisdictional challenges excuses *Deel* from gathering information from them as part of Deel's discovery obligations— is a transparent attempt to avoid complying with Judge Cisneros' order. We intend to raise this issue to the Court forthwith if Deel does not immediately supplement its responses.

Please let us know what times on Friday you are available to continue our meet and confer.

Best,

Eric

---

**From:** Eric MacMichael
**Sent:** Tuesday, December 9, 2025 11:04 AM
**To:** Lloyd, Adam K <Adam.Lloyd@skadden.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>; Celina S. Malavé <CMalave@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Counsel,

I write to follow up on the parties' discussions regarding (1) custodians; (2) search terms; and (3) ESI repositories. As a threshold matter, while we disagree that RICO-specific custodians and search terms should be tabled, in light of Judge Cisneros' prior order and to move things along for the time being, we agree to table search terms and custodians that are RICO-specific. We will return to these following Judge Breyer's order on the pending motions to dismiss.

**Re: (1) custodians**

In addition to Chris Lee and Luke Ferrell, below is a non-exhaustive list of relevant subject matters for the following custodians:

1. Spiros Komis
   1. Komis is Deel's Head of U.S. Legal. Komis was one of three individuals who received the email from Rippling in March 2025 disclosing "#d-defectors," which O'Brien immediately starting searching. Mr. Komis thus is likely to have knowledge of the honeypot scheme and Deel's efforts to obtain confidential, trade secret information from Mr. O'Brien.
2. Elisabeth Diana
   1. Diana was Deel's Head of Communications and Social. In part due to the timing of her April 2025 exit, she likely possesses relevant communications. She is also relevant to O'Brien's sanction-related searches in February 2025 and Deel's leaking information regarding the same. Compl. ¶¶ 116-17.
3. Arris "Aris" Bahrami
   1. RICO specific – agree to table for now.
4. Jeff Vineer
   1. RICO specific – agree to table for now.
5. Tiffany Arvallo
   1. RICO specific – agree to table for now.
6. Adam Estocled
   1. RICO specific – agree to table for now.
7. Shuo Wang
   1. Wang was a cofounder and CRO at Deel. Given her senior role in Deel and her supervision of Deel's sales efforts as Chief Revenue Officer, she likely has relevant communications and documents relating to, among other things, Deel's efforts to obtain confidential, trade secret information about Rippling; Deel's efforts to compete unfairly against Rippling; and Deel's communications with O'Brien.
8. Chelsea Taylor Seiferth
   1. Seiferth is Senior Director of Sales of the cross sales team. She is likely to have relevant communications and documents relating to, among other things, Deel's efforts to obtain confidential, trade secret information about Rippling; and Deel's efforts to compete unfairly against Rippling.
9. John Crosson
   1. Crosson is a Senior Sales Manager and lead of the cross sales team. He is likely to have relevant communications and documents relating to, among other things, Deel's efforts to obtain confidential, trade secret information about Rippling; and Deel's efforts to compete unfairly against Rippling.

10. Mike Gallardo
    1. Gallardo is a Senior Sales Director and lead for direct sales.  He is likely to have relevant communications and documents relating to, among other things, Deel's efforts to obtain confidential, trade secret information about Rippling; and Deel's efforts to compete unfairly against Rippling.

**Re: (2) search terms**

We disagree with your effort to eliminate numerous search terms that are directly relevant to Rippling's allegations concerning Deel's efforts to obtain confidential, trade secret information from Keith O'Brien.  In the attached spreadsheet, you will find 4 different highlighted colors.

1. Red:  RICO-specific terms that we agree to table for now.
2. Yellow: terms we previously agreed (in 10/17 email from Jeff Nardinelli) Deel could initially review hits only.
3. Purple: terms which Deel has already agreed to run.
4. Blue:  additional proposed search terms.

The yellow, purple, blue, and non-highlighted search terms are directly relevant to Rippling's allegations concerning Keith O'Brien and should be utilized.  To the extent that Deel intends to object to any of these terms, please explain why and send us an updated hit count report for each such term from the list of custodians.

**Re: (3) repositories**

Initially, Deel indicated that it would include custodian's mobile devices in its collection and review of ESI. *See* 10/21 Email ("We will discuss with our client searching and producing data from Salesforce, company-issued computers, and mobile devices (as applicable), and will let you know if there are any specific objections there. Otherwise, such data will be searched once we finalize the list of custodians.") To date, Deel has failed to state any specific objections to applicable mobile devices and instead changed course with a wholesale refusal to search mobile devices. *See* 11/10 Email.  As we previously stated, Deel's refusal to collect or review ESI from custodian's mobile devices—even though Rippling has adduced substantial evidence showing that the key custodians used their mobile devices to direct the conduct described in the complaint—is unacceptable and will need to be addressed to the Court.

Deel's reversal of position also raises the concern that Deel has taken insufficient measures to preserve responsive documents, files, and information on its employees' mobile devices, which is particularly troubling given the allegations in the complaint that Deel's senior leadership engaged in substantial Deel-related communications–including the perpetration of the O'Brien corporate espionage scheme–using mobile messaging applications. Please immediately confirm that Deel has gathered and preserved relevant text messages and other relevant documents and information on its employees' mobile devices.

And finally, as part of our meet and confer, please be prepared to explain which objections to Rippling's RFPs Deel intends to stand on in terms of producing documents that hit on search terms.

Best,

Eric

17

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Friday, December 5, 2025 3:59 PM
**To:** Eric MacMichael <EMacMichael@keker.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

**[EXTERNAL]**

Thanks for your email, Eric. It is nice to meet you as well.

Before getting to the substance of your email, we wanted to address a housekeeping matter re: Keker entering the case on behalf of Rippling.

Based this email and the recent discovery letter we received, along with the appearance of four Keker partners (including multiple first-chair trial attorneys) on behalf of Rippling, it appears that Keker has replaced Quinn Emanuel in its representation of Rippling this matter. If that is correct, we would kindly ask that Keker please promptly file the required notice and proposed order under N.D. Cal. L.R. 5-1(c)(2)(E) and 11-5. Otherwise, please confirm that we should be directing all further correspondence on this matter primarily to the Keker team, and that the nine Quinn Emanuel attorneys on this matter will remain in the case in a supporting role.

We would like to meet and confer with you to discuss the issues raised in your and our email below and in your letter dated December 4. We are currently available on Tuesday, December 9, from 2:30 – 3 p.m. Pacific. Otherwise, we are available to discuss on Thursday, December 11, between 1 p.m. and 5 p.m. Pacific. Please send a calendar invite if either of those windows works on your end. If not, we are also available to discuss the following week, which is still within the two-week window for the requisite meet-and-confer before engaging in any motion practice relating to discovery disputes per Judge Cisneros's Civil Standing Order. Please let us know if that week is preferable, and we will provide dates and times.

We will discuss further during our meeting, but we do not believe that the parties are yet at an impasse on the issues raised below, particularly when Rippling has not yet provided the information that we requested nearly a month ago from Quinn, on November 10. We assume that is due to what appears to be the changing of counsel in the interim, which is understandable. But if Rippling is refusing to provide the information that we requested to try to resolve these issues, that would be helpful to know as well. As stated in our prior email and as the Court expects, we are generally open to a discussion of these issues and would like to resolve them in reasonable manner without Court invention, if possible.

Best,
Adam

**From:** Eric MacMichael <EMacMichael@keker.com>
**Sent:** Wednesday, December 3, 2025 3:10 PM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>; Ben D. Rothstein <BRothstein@keker.com>; Elliot Peters <EPeters@keker.com>; Andrew F. Dawson <ADawson@keker.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam, it is nice to meet you over email, and as you likely saw we have recently entered this case on behalf of Rippling.

I am writing in response to your November 10 email, below, and would like to schedule a meet and confer with Deel on Monday, Tuesday, or Wednesday of next week. Please let us know which day(s) and time(s) you are available and we will circulate an invite.

We will send a letter in advance of the meet and confer setting forth our positions in order to make the meet and confer more productive, but based on the discussion below it appears the parties are at an impasse with respect to, *inter alia*:

1. The list of custodians from whom Deel must collect, search and review ESI;

2. The search terms Deel must run (for example, Deel's recent attempt to exclude all search terms relating to companies other than Rippling—including the customers, potential customers, and other third parties that Deel directed Mr. O'Brien to spy on—is improper and needs to be addressed to the Court); and

3. The repositories Deel must search (for example, Deel's refusal to collect or review ESI from custodian's mobile devices—even though Rippling has adduced substantial evidence showing that the key custodians used their mobile devices to direct the conduct described in the complaint—is unacceptable and must also be addressed to the Court forthwith).

Prior to the meet and confer, please send us the revised hit counts for search terms that Deel is still objecting to. Your email below claims that some of the revised terms are "still generating large hit counts," but to my knowledge you have not provided those hit counts.

During the meet and confer, we would also like to understand which objections, if any, Deel intends to use as a basis to withhold documents that hit on search terms. Deel's R&O to Rippling's RFPs contain a number of objections but it is not clear which, if any, Deel intends to stand on. Please be prepared to explain during our meet and confer.

We look forward to hearing back from you regarding your availability to meet and confer next week.

Best,

Eric

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Monday, November 10, 2025 9:05 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

[EXTERNAL EMAIL from adam.lloyd@skadden.com]

Counsel,

Thank you. Our client has asked if Rippling can please share why it believes each of the following custodians are relevant to Rippling's claims in this matter. We believe that we already have Rippling's positions as to Chris Lee and Luke Ferrell (but welcome any additional explanation):

1. Spiros Komis
2. Elisabeth Diana
3. Arris "Aris" Bahrami
4. Jeff Vineer
5. Tiffany Arvallo
6. Adam Estocled
7. Shuo Wang

For the sake of clarity and avoidance of doubt, Deel's current list of proposed custodians is as follows:

1. Alex Bouaziz
2. Philippe Bouaziz
3. Dan Westgarth
4. David Miele
5. Asif Malik
6. Phil Alvarado
7. Don Floss
8. Nathan North

Additionally, while we appreciate Rippling's attempt to narrow the terms that were highlighted in blue, they are still generating large hit counts and even larger family document counts. As an initial matter, as Deel has repeatedly stated in response to Rippling's claims and discovery requests, and most recently at the parties' October 3 meet-and-confer (where we discussed search terms) and in the parties' October 10 joint discovery letter, Rippling is not entitled to discovery as to companies other than Rippling. For the avoidance of doubt, Deel reiterates its objection to each and every proposed Rippling search term that seeks information as to companies other than Rippling (which Deel understands to constitute the vast bulk of Rippling's proposed terms).

In any event, Magistrate Judge Cisneros ruled on Friday, November 7, that Deel need not respond at this time to Rippling's Interrogatory seeking discovery on non-Rippling companies because this "field of discovery [] is relevant (if at all) only to a discrete theory of liability (RICO liability predicated in part on conduct unrelated to Rippling) that might or might not survive Defendants' motions to dismiss, and which would not necessarily proceed in another forum (e.g., Ireland) if the case did not proceed here." In light of this ruling, Deel proposes to limit the search terms at this time to the following terms that it believes relate to allegations regarding Rippling and/or O'Brien (Deel reserves all rights and objections to the other terms as well):

20

1. ##\#'d-defectors OR defectors OR d defector OR defector
2. France AND (Playbook OR roadmap OR escalat* OR operat* OR train* OR Bingo Card OR churn OR outreach OR benefit*)
    1. Note that this term continues to generate a large number of hits even excluding family (over 76,000), so Deel objects and requests that Rippling make a further effort to limit this term, perhaps by connecting it to Rippling in way that would not already be captured by the general "Rippling" search term.
3. Global Payroll Geeks
4. GPG
5. Keith W/2 O'Brien
6. O'Brien
7. Rippling
8. Tinybird

If Rippling believes that additional terms should be included from its existing list at this time, please provide a list of proposed terms for inclusion along with an explanation as to why each proposed term comports with the Magistrate's November 7 order.

For preservation purposes, and as noted above, assuming terms related to other companies ever become relevant in this litigation, even the narrowed terms Rippling proposed still generated large hit/family counts. If these terms become relevant, at that time Deel will likely request that Rippling (1) provide further attempts to narrow the following terms, and (2) in any event, to the extent Rippling has not yet already agreed, agree Deel may initially review hits only (without prejudice to a later request to review family documents) for these terms (in accordance with Ripping's agreement as to the yellow highlighted terms), should these terms become relevant:
1. ADP AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
2. Brightpay
3. certify AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
4. Crowe AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
5. Danica AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
6. e8 AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
7. g2 AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
8. GEO
9. Gorgias AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
10. H&M AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
11. Harvey AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
12. Hibob AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
13. Ics AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
14. Lemonade
15. Maxam
16. Maya AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
17. Merge AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)

21

18. Oyster AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
19. Papaya AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
20. Paylocity
21. Payspace AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
22. Remofirst
23. Remote AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
24. Scale AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
25. Selkirk
26. SOLO AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
27. Storm AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
28. Technology Partners
29. Truss

As to the sources of data, Deel believes that a discussion with Rippling of data sources for review and production is premature in light of the pending issues raised above, as well as the pending jurisdictional challenges raised by the Individual Defendants. For the avoidance of doubt, Deel objects at this time to the inclusion of any data sources beyond email, Slack, and Google Drive data, but is open to further discussion upon resolution of the issues referenced herein.

We can likely agree to discuss rolling review/productions once we have clarity on what terms/custodians the parties have agreed upon, particularly following the Magistrate's November 7 order.

Deel reserves all rights.

Thank you,
Adam

---

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Thursday, November 6, 2025 7:00 AM
**To:** Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Adam,

We write to follow-up on several outstanding items that are in Deel's court currently. It has been more than two weeks since Deel agreed to generate a hit report that would include Rippling's additional requested custodians and reduced set of search terms, yet we have not received any report yet. Please let us know when the report will be ready.

Second, you indicated you would discuss with your client (a) searching and producing data from Salesforce, company-issued computers, and mobile devices; and (b) including Spiros Komis, Elisabeth Diana, Chris Lee, Luke Ferrell, Arris "Aris" Bahrami, Jeff Vineer, Tiffany Arvallo, Adam Estocled, and Shuo Wang as custodians. Again, we are waiting for Deel's position on those issues.

Finally, as noted in my October 17 email, Rippling and Deel have already agreed on the majority of search terms (including "Rippling") and the majority of custodians.  You say below you would consider a phased approach; Rippling sees no justification for Deel's ongoing refusal to commence rolling productions, starting with responsive documents from the agreed-upon custodians and search terms.

Please promptly, but no later than Monday, November 10, provide Deel's positions on these issues.

Best,
Jeff

---

**From:** Lloyd, Adam K <Adam.Lloyd@skadden.com>
**Sent:** Tuesday, October 21, 2025 11:23 PM
**To:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>; Evan Larson <evanlarson@quinnemanuel.com>; Russell, Jason D <Jason.Russell@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>; DiCanio, Jack P <Jack.DiCanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>
**Subject:** RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

[EXTERNAL EMAIL from adam.lloyd@skadden.com]

---

Thank you, counsel. We appreciate your email below. For negotiation purposes only, we will generate a hit report using these new narrowed terms across the same data from the previous 12 custodians that we used to generate our previous hit report. This has included email, Slack, and Google Drive data. We will discuss with our client searching and producing data from Salesforce, company-issued computers, and mobile devices (as applicable), and will let you know if there are any specific objections there. Otherwise, such data will be searched once we finalize the list of custodians.

We are also discussing with our client the inclusion of Spiros Komis, Elisabeth Diana, Chris Lee, Luke Ferrell, along with the new custodians Rippling has now requested: Arris "Aris" Bahrami, Jeff Vineer, Tiffany Arvallo, Adam Estocled, and Shuo Wang. We will likely object to the inclusion of at least some, if not all, of these custodians and will draft specific objections to send over to you.

We can provide an update on any production after we have finalized whose data is being searched and what terms are being used, so we know the full review population and what resources will be necessary for review and production. In light of the parties' ongoing negotiations, we will discuss the possibility of a phased approach with our client, and then confirm with Rippling.

Best,
Adam

---

**From:** Jeff Nardinelli <jeffnardinelli@quinnemanuel.com>
**Sent:** Friday, October 17, 2025 3:32 PM
**To:** Evan Larson <evanlarson@quinnemanuel.com>; Lloyd, Adam K (LAC) <Adam.Lloyd@skadden.com>; Russell, Jason D (LAC) <Jason.Russell@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>; DiCanio, Jack P (PAL) <Jack.DiCanio@skadden.com>

**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>
**Subject:** [Ext] RE: 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Counsel,

Following our October 3 meet and confer, Rippling understood that Deel would provide updated search terms classified by (1) terms for which Deel would review hits + attachments, (2) terms for which Deel would initially review only hits, not attachments, and (3) terms for which Deel would propose a narrowed scope. Having not heard from Deel, Rippling prepared the attached.

1. For rows highlighted in blue, Rippling added a narrowing connector: AND (EOR OR PEO OR "professional employer organization" OR payroll OR quota OR benefit*)
2. Rows in yellow, Rippling agrees Deel may initially review hits only (without prejudice to a later request to review family documents).
3. Additionally, in its continuing investigation, Rippling has discovered evidence that Deel took confidential information about additional companies not previously captured in Rippling's search terms. Those terms are added in green.
4. Rippling also removed roughly two dozen terms from its previous list that were generating large hit counts, reducing the overall list and significantly reducing the hit count despite the new terms in green.

Rippling understands that Deel's custodial document sources include email, Slack, Google Drive, company-issued computers, and mobile devices (as applicable). Rippling further understands that Deel will search non-custodial sources (including Salesforce).

Regarding custodians, Rippling stands by its original proposed list, including Spiros Komis, Elisabeth Diana, Chris Lee, and Luke Ferrell. Rippling also adds the following custodians: Arris "Aris" Bahrami, Jeff Vineer, Tiffany Arvallo, and Adam Estocled. Finally, although Rippling previously agreed to defer on Shuo Wang, Rippling reinstates its request that Shuo Wang's custodial files be searched.

Please confirm that Deel agrees to run the attached updated list of search terms across the specified sources and custodians. If Deel disagrees, please provide specific objections so we can schedule a productive meet and confer.

Finally, we note that Deel has already agreed to the majority of search terms (including "Rippling") and custodians. Please provide a date by which Deel will produce responsive documents within the agreed-upon parameters. There is no reason to delay Deel's review and production of documents already agreed to be within scope.

Best,
Jeff

---

**From:** Evan Larson <evanlarson@quinnemanuel.com>
**Sent:** Monday, October 6, 2025 10:37 AM
**To:** Lloyd, Adam K <adam.lloyd@skadden.com>; Russell, Jason D <jason.russell@skadden.com>; Etcheverry, Lance A <lance.etcheverry@skadden.com>; DiCanio, Jack P <jack.dicanio@skadden.com>
**Cc:** QE-Rippling <qe-rippling@quinnemanuel.com>
**Subject:** 3:25-CV-2576 (CRB) - Rippling v. Deel - Memorialization of Conference on October 3rd

Counsel,

Thank you for our call last Friday, October 3, to discuss Deel's objections to Rippling's interrogatories. We addressed our Joint Letter to Judge Cisneros due this Friday. You agreed not to stand on Deel's objection that this action should be stayed. Attached to this email is a revised version of our Joint Letter removing that objection, formerly Issue 1. You confirmed you are standing on your other objections, Issues 2 through 6. We look forward to receiving Deel's inserts to the Joint Letter promptly to give Rippling adequate time to address Deel's arguments before Friday's submission.

On search terms, we discussed Deel initially searching only direct email hits (not families) for certain terms, and revising other terms. Deel objected to the following four requested custodians: Spiros Komis, Elisabeth Diana, Chris Lee, and Luke Ferrell. Rippling disagrees with these objections and will respond separately.

Sincerely,
Evan

**Evan Kennedy Larson**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP
evanlarson@quinnemanuel.com

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided

upon request.

======================================================================

------------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================

------------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================

------------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================

------------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

======================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================

--------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email,

you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

================================================================================