LAW OFFICES

**WILLIAMS & CONNOLLY**LLP®

KENNETH J. BROWN
(202) 434-5818
kbrown@wc.com

680 MAINE AVENUE SW

WASHINGTON, DC 20024

(202) 434-5000

WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 30, 2026

**BY ECF**

Hon. Lisa J. Cisneros
United States Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

  **Re:** *People Center, Inc. v. Deel, Inc. et al.*, **Case No. 3:25-cv-2576 (CRB)**

Dear Judge Cisneros:

  I write concerning certain assertions made in Rippling's Reply in Support of Its Motion for Discovery Sanctions Against Deel (ECF 218) (the "Reply") in the above-captioned matter.  In the Reply, counsel for Rippling effectively accuses me of lying to the Court.  Counsel notes the statement in my declaration that "[t]hrough November 2025, Rippling had told the Individual Defendants that, if they participated in discovery in this matter, Rippling would argue that the Individual Defendants waived their challenges to service and personal jurisdiction."  ECF 218 at 5.  Mr. MacMichael, whose firm did not become involved in this case until after the referenced communications, then states:  "Rippling never said that."  *Id.*  Later in the same paragraph, he doubles down:  "Rippling simply never said anything that could plausibly be interpreted that way, and there is absolutely nothing in the record to support it."  That is incorrect.

  During a July 22, 2025 meet and confer with Rippling's counsel at Quinn, Emanuel—which has submitted no declaration in response to mine—I asked whether Rippling would agree that the Individual Defendants could object to third-party discovery seeking their personal information without waiving their personal jurisdiction defenses.  Later the same day, Rippling's counsel responded:  "On the other issues we discussed this morning—your requests that (1) ***Rippling agree that your clients can appear to object to third party discovery while preserving personal jurisdiction objections***, and (2) Rippling agree not to argue that the prior effectuation of service is relevant to opposing any potential personal jurisdiction challenge the individual defendants make bring—***we are inclined to have each party preserve all of their available arguments and positions on these issues under the Rules*** and the Court's order on service."  Ex. A.  I also vividly remember Jeff Nardinelli at Quinn, Emanuel stating verbally during an August 12, 2025 meet and confer that, if the Individual Defendants appeared in this Court to litigate

Hon. Lisa J. Cisneros
April 30, 2026
Page 2

discovery issues, they would waive their personal jurisdiction defense.  If called on to do so, I would testify under oath to the same.

The Court may consider this in connection with the pending sanctions motion, or not, as it sees fit.  That is not why I wrote this letter.  I simply want to set the record straight concerning Mr. MacMichael's false assertions.

Respectfully submitted,

Kenneth J. Brown