

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Eric MacMichael**
(415) 773-6624
emacmichael@keker.com

May 1, 2026

**VIA ECF**

Hon. Lisa J. Cisneros
United States Magistrate Judge
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Franisco, CA 94102

Re:     ***People Center, Inc. v. Deel, Inc. et al., Case No. 3:25-cv-2576-CRB-LJC***

Dear Judge Cisneros:

We write in response to the unsolicited letter filed by Kenneth Brown, counsel for Defendants Alex Bouaziz (Deel's co-founder and CEO) and Philippe Bouaziz (Deel's CFO), and which submits improper further argument in opposition to Rippling's pending motion for sanctions. We regret having to burden the Court with further discussion but believe it is necessary to respond to Mr. Brown's letter to address two brief points.

First, Mr. Brown raises an example of correspondence between the parties about jurisdictional waiver that (a) Deel did not cite in its opposition brief, and (b) Mr. Brown did not cite in his declaration. It should be disregarded for that reason.

Second, Mr. Brown brings this procedurally improper letter to reference correspondence that on its face *fails to support* the core claim in his declaration: that the reason his clients refused to provide court-ordered information to their own employer was their fear that Rippling would argue jurisdictional waiver. The July 22, 2025, email discussed in Mr. Brown's letter does not address that issue; instead, it addresses whether the Individual Defendants could ***enter their appearance on the record*** and ***file motions to quash subpoenas that Rippling had served on third parties***. *See* ECF No. 219-1. That has nothing to do with whether merely providing information to *Deel*, in their capacity as *employees*, in connection with *Deel's* own Court-ordered discovery responses, would waive jurisdiction. Rippling already explained this in the December 23, 2025 joint letter brief. *See* ECF No. 161 at 2-3 (responding to same argument).

More importantly, Mr. Brown still does not mention, let alone address, the December 10, 2025, letter in which Rippling stated: "Rippling has never taken the position that the individual defendants would waive their right to contest personal jurisdiction merely by providing

6195097

**VIA ELECTRONIC MAIL**

May 1, 2026
Page 2


information to Deel in connection with Deel's investigation to respond to discovery served on it."
*See* ECF 202-6 at 2. Rippling's December 10 letter is by far the most direct evidence on this issue
before the Court. Mr. Brown's omission of this letter, from both his declaration and his letter to
the Court, tells the Court everything it needs to know about whether "fear of jurisdictional waiver"
is the real reason the Defendants waited until March 20, 2026, to disclose information to Deel
notwithstanding the Court-imposed deadline of November 25, 2025.

Rippling thanks the Court for its attention to this matter.


Very truly yours,

Eric MacMichael

cc:      All counsel of record (via ECF)


6195097