KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff/Counter-Defendant
PEOPLE CENTER, INC. D/B/A RIPPLING,
a Delaware corporation and Counter-Defendant
PARKER ROUSE CONRAD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,<br><br>Defendants.<br><br>DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1–100,<br><br>Counter-Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**COUNTER-DEFENDANTS PEOPLE CENTER, INC. D/B/A RIPPLING AND PARKER ROUSE CONRAD'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**<br><br>Date Filed:         March 17, 2025<br>Am. Compl. Filed:  June 5,  2025<br>Judge:             Hon. Charles R. Breyer<br>Courtroom:         6<br><br>Hearing Date:      July 10, 2026, 10 AM |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6198010

**REQUEST FOR JUDICIAL NOTICE**

## I.    INTRODUCTION

Defendant and Counterclaimant Deel, Inc. ("Deel") accuses Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") and Counter-Defendant Parker Rouse Conrad of running a coordinated "racketeering enterprise" through which Rippling accessed Deel's systems to steal proprietary data and coerced a witness with payments to fabricate testimony. *See* ECF No. 203 ¶¶ 362-83. Deel also claims that Rippling engaged in deceptive tactics like false advertising and trademark abuse to damage Deel's reputation and poach customers. *See id.* ¶¶ 384-435. Rippling and Conrad have moved to dismiss all of Deel's counterclaims for failure to state a claim.

In support of their motion to dismiss, Rippling and Conrad respectfully request that the Court consider several documents that are subject to judicial notice, or are otherwise referenced, relied upon, cited, and/or quoted in Deel's counterclaims. These documents—which include Deel's earlier filings in Delaware state court, Deel's Platform Terms of Service, Deel's prior communications with Rippling, a page from Rippling's website, and publicly available internet records—are incorporated by reference into Deel's counterclaims and/or subject to judicial notice for the reasons stated below.

## II.    LEGAL STANDARD

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a district court may consider any matters that are subject to judicial notice. Federal Rule of Evidence 201(b) governs the taking of judicial notice in the motion-to-dismiss context, permitting judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021). A fact is not subject to reasonable dispute when it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). It is well-established that "publicly accessible

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6198010

websites" are "[p]roper subjects of judicial notice." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)). It is further well-established that information displayed on the publicly available websites of government entities is properly noticeable by courts. *See Itzhaki v. U.S. Liab. Ins. Co.*, 536 F. Supp. 3d 651, 655 (C.D. Cal. 2021) (citing cases).

In addition to the doctrine of judicial notice, under the incorporation-by-reference doctrine a court may consider a document extrinsic to the complaint under Federal Rule of Civil Procedure 12(b)(6) if the document's "authenticity is not contested[,] and the plaintiff's complaint necessarily relies on [it]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998)) (cleaned up) *superseded by statute on other grounds as recognized by Rueda Vidal v. Bolton*, 822 F. App'x 643, 644–45 (9th Cir. 2020). A plaintiff's complaint necessarily relies on an extrinsic document "if the Plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted). The Ninth Circuit has also held that quoting from a document is sufficient to incorporate a document by reference. *Daniels-Hall*, 629 F.3d at 998. "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citations omitted). The Ninth Circuit has further extended this doctrine to situations in which "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted). When a document is incorporated by reference, a district court treats that document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

## III.   DOCUMENTS SUBJECT TO THIS REQUEST

Attached to the Declaration of Andrew F. Dawson filed concurrently herewith ("Dawson

Declaration" or "Dawson Decl.") are true and correct copies of the following documents:

**Exhibit A**: **Complaint;** ***Deel, Inc. v. People Center, Inc. d/b/a Rippling et al.*, Case No. N25C-04-239 DJB (April 24, 2025)**; which is a matter of public record on file with the Superior Court of the State of Delaware.

**Exhibit B**: **First Amended Complaint;** ***Deel, Inc. v. People Center, Inc. d/b/a Rippling et al.*, Case No. N25C-04-239 DJB (June 3, 2025)**; which is a matter of public record on file with the Superior Court of the State of Delaware.

**Exhibit C**: **Notice of Voluntary Dismissal;** ***Deel, Inc. v. People Center, Inc. d/b/a Rippling et al.*, Case No. N25C-04-239 DJB (March 25, 2026)**; which is a matter of public record on file with the Superior Court of the State of Delaware.

**Exhibit D**: **Deel Platform Terms of Service**, last updated April 9, 2024 and in effect on May 22, 2024, when Deel alleges that a Rippling contractor created an account on Deel's customer-facing platform. This document is publicly available at https://www.deel.com/legal/terms-of-service/?version=211943. The Deel Platform Terms of Service are a matter of public record, and because the contractor's alleged acceptance of these terms is crucial to both Deel's RICO and Computer Fraud and Abuse Act ("CFAA") claims, these terms are incorporated by reference into Deel's counterclaims. ECF No. 203 ¶ 112.

**Exhibit E**: **Rippling's December 2022 Email to Deel**, in which Rippling informed Deel that Rippling had become a competitor to Deel in the broader marketplace, and which is incorporated by reference into Deel's counterclaims. ECF No. 203 ¶ 81.

**Exhibit F**: **Rippling's Blog Post Titled "*New banking records prove Deel paid thief who stole trade secrets from Rippling*"**, publicly available when Deel filed its counterclaims on March 25, 2026 at https://www.rippling.com/blog/new-banking-records-prove-deel-paid-thief-who-stole-trade-secrets-from-rippling. This webpage is a matter of public record and Deel expressly references and quotes this webpage in its counterclaims. ECF No. 203 ¶¶ 349–55.

**Exhibit G**: **Internet Corporation for Assigned Names and Numbers ("ICANN") WHOIS Domain Ownership Record for <www.deal.com>**, publicly available when Deel filed its counterclaims on March 25, 2026 at https://lookup.icann.org/en/lookup. This webpage

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6198010

contains public records showing that the registrar of the <deal.com> domain is GoDaddy.com, LLC, and the registrant is "Domains By Proxy, LLC," which Deel incorporates by reference into its counterclaims. ECF No. 203 ¶ 265.

## IV.    ARGUMENT

### A.    The state court materials are judicially noticeable because they are matters of public record not subject to reasonable dispute.

**Exhibits A–C** to the Dawson Declaration comprise Deel's pleadings—its Complaint and Amended Complaint—and a Notice of Voluntary Dismissal filed by Deel in the Superior Court of the State of Delaware. The Court should take judicial notice of these documents because they are matters of public record and their authenticity is not subject to reasonable dispute. Indeed, the Ninth Circuit and courts within this district have regularly recognized that public court filings and orders are the proper subjects of judicial notice. *See, e.g.*, *Lee*, 250 F.3d at 689 ("[A] court may take judicial notice of 'matters of public record.'" (citation and internal quotation marks omitted)); *Holder*, 305 F.3d at 866 (taking judicial notice of California Court of Appeal opinion and filings made in that proceeding); *Schaeffer v. Gregory Vill. Partners, L.P.*, 105 F. Supp. 3d 951, 959 (N.D. Cal. 2015) (taking judicial notice of "court documents that are generally subject to notice"); *Nowaid v. Am. Cap. Grp., LLC*, 2025 WL 2521735, at *2 (N.D. Cal. Sept. 2, 2025) (taking judicial notice of matters of public record). Exhibits A–C are thus judicially noticeable.

### B.    Deel incorporates Exhibits A–G by reference in its counterclaims.

Deel incorporates its pleadings in its earlier lawsuit against Rippling in the Superior Court of the State of Delaware, *Deel, Inc. v. People Center, Inc. d/b/a Rippling et al.*, Case No. N25C-04-239 DJB, which include its Complaint (**Exhibit A**) and Amended Complaint (**Exhibit B**), in its counterclaims. Deel's counterclaims allege that Deel "originally asserted affirmative claims against Rippling . . . in Delaware Superior Court, which were based on some, but not all, of the same facts underlying Deel's counterclaims here." ECF No. 203 ¶ 50 n.6. Deel also incorporates its Notice of Voluntary Dismissal (**Exhibit C**) filed in the Delaware case, alleging that "Deel has voluntarily dismissed its Delaware action without prejudice." *Id.* Because Deel's counterclaims "reference[] the details of the[se] judicial proceedings," the Court may consider them under the

4

incorporation by reference doctrine. *Bautista v. Mayorkas*, 664 F. Supp. 3d 748, 751 n.4 (S.D. Cal. 2022).

Deel also incorporates its own Platform Terms of Service (**Exhibit D**) into its counterclaims because it is only by virtue of these terms that Rippling allegedly violated the CFAA by accessing Deel's systems without authorization or by exceeding authorized access. Deel alleges that a Rippling contractor "represented in writing" that "Quandary was a bona fide and legitimate business," that the contractor "would use Deel's platform only for Quandary's bona fide business purposes," and that he "would not use Deel's platform for the purpose of recording, duplicating, decompiling, reverse engineering, or any other use not authorized by Deel." ECF No. 203 ¶ 112. Deel's Platform Terms of Service in turn provide that a user "may only use the Services for your bona fide internal business purposes," "may not use the Platform and/or Services for any illegal, fraudulent, or unauthorized purposes," and "may not use the Services to solicit or provide services for the benefit of . . . any unaffiliated third parties." Exhibit D. They further prohibit "[d]uplicat[ion], decompil[ation], reverse engineer[ing], disassembl[y] or decod[ing] the Services (including any underlying idea or algorithm), or attempt to do any of the same." *Id.* The Rippling contractor's acceptance of these terms is thus "crucial to" Deel's CFAA claim. They are therefore incorporated into the counterclaims by reference, notwithstanding the fact that the counterclaims "do[] not explicitly refer to" them. *Parrino*, 146 F.3d at 705–06; *see also Knievel*, 393 F.3d at 1076.

Deel further incorporates Rippling's December 2022 email to Deel in which Rippling informed Deel that Rippling had become a competitor to Deel in the broader marketplace (**Exhibit E**). Deel expressly quotes from that email in its counterclaims, alleging that "[t]he parties' relationship soured significantly in November and December 2022, and eventually terminated," at which point "Deel then revoked any of Rippling's permissions or access to Deel's internal systems, and the parties went their separate ways to, in Rippling's words, 'compete on the merits of our own innovations.'" ECF No. 203 ¶ 81. Deel's purported revocation of Rippling's access to Deel's systems is crucial to Deel's CFAA claim. That claim therefore "necessarily relies upon" the communication containing that revocation, meaning that revocation

5

is incorporated into the counterclaims by reference and is properly considered in adjudicating this motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Deel also incorporates a blog post on Rippling's website titled "*New banking records prove Deel paid thief who stole trade secrets from Rippling*" (**Exhibit F**). Deel quotes from, provides screenshots of, and links directly to this website in its counterclaims. *See* ECF No. 203 ¶¶ 349–55 ("Rippling has gone so far as to make false and/or misleading statements about this very case in the following article on its webpage at https://www.rippling.com/blog/new-banking-records-prove-deel-paid-thief-who-stole-trade-secrets-from-rippling[.]"). Because Deel's false advertising claim depends on Rippling's statements on this page, and because the website is "clearly referenced in [Deel's] allegations both by name and by link" and by screenshot, the Court may consider it under the incorporation by reference doctrine. *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 939 (N.D. Cal. 2023); *Good Meat Project v. GOOD Meat, Inc.*, 716 F. Supp. 3d 783, 806 (N.D. Cal. 2024) (considering a website where plaintiff incorporated screenshots of the site in its complaint); *Browning v. Am. Honda Motor Co., Inc.*, 549 F. Supp. 3d 996, 1004 (N.D. Cal. 2021) ("Courts thus routinely consider the 'full page [of a] website' where … '[a] portion of the page' is quoted or relied on in the complaint." (quoting *Emeco Indus., Inc. v. Restoration Hardware, Inc.*, 2012 WL 6087329, at *1 n.2 (N.D. Cal. 2012))).

Deel also incorporates the ICANN record showing that the registrar of the <deal.com> domain is GoDaddy.com, LLC, and that the registrant is "Domains By Proxy, LLC" (**Exhibit G**). Deel alleges that "[p]ublicly available records indicate that GoDaddy.com is the domain registrar for [<deal.com>], but the identity of the domain owner is shielded by a proxy service." ECF No. 203 ¶ 265. Because the ownership and registration of <deal.com> are critical to Deel's claims under the Anti-Cybersquatting Protection Act and the Lanham Act, and because Deel expressly relies on records showing this information in its counterclaims to form the basis of those claims, the Court may properly consider those records under the incorporation by reference doctrine. *See Knievel*, 393 F.3d at 1076.

**C.    Exhibits D, F, and G are publicly available websites and judicially noticeable.**

In addition to being incorporated by reference, **Exhibits D, F, and G** are judicially

6198010

noticeable as publicly available webpages and are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). "In general, websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *In re Intel Corp. Sec. Litig.*, 2023 WL 2767779, at *9 (N.D. Cal. 2023), *aff'd*, 2024 WL 1693340 (9th Cir. 2024) ("[E]xhibits are . . . judicially noticeable as publicly available articles.") (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999)); *Hammerling v. Google LLC*, 2022 WL 17365255, at *4 (N.D. Cal. 2022) ("[W]ebpages . . . are regularly the subject of judicial notice in this circuit.").

For that reason, courts in this District regularly take judicial notice of publicly available websites and their contents, including "privacy policies" and "terms of service." *See, e.g.*, *Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023); *see also, e.g.*, *In re Google, Inc. Priv. Pol'y Litig.*, 2012 WL 6738343, at *3–4 (N.D. Cal. 2012) (Google's "past and present" Privacy Policies); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *2 (N.D. Cal. Nov. 7, 2022) (Twitter's Terms of Service); *Datel Holdings, Ltd. v. Microsoft Co.*, 712 F.Supp.2d 974, 983–84 (N.D. Cal. 2010) (Microsoft's Xbox Terms of Use); *Pica v. Delta Air Lines, Inc.*, 2018 WL 5861362, at *5 (C.D. Cal. Sept. 18, 2018) ("[T]he Court takes judicial notice of the Privacy Policy as 'matters of public record outside the pleadings that are not subject to reasonable dispute.'"); *Erickson v. Neb. Mach. Corp.*, 2015 WL 4089849, at *1, n. 1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Parziale v. HP, Inc.*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (taking judicial notice of webpages from the Wayback Machine in order to grant defendant's motion to dismiss).

Courts also regularly take notice of ICANN and WHOIS records showing domain ownership and registration. *See, e.g.*, *PragmaticPlay Int'l Ltd. v. Agenpragmaticplay.live*, 2024 WL 113306, at *2 & n.3 (D. Ariz. Jan. 10, 2024) (taking judicial notice of "publicly-accessible records" from ICANN "detailing the registrations" of various domain names); *SmileDirect Club, LLC v. Berkely*, 2018 WL 8131096, at *4 (C.D. Cal. Oct. 26, 2018) (taking judicial notice of

ICANN records). Exhibits D, F, and G are thus judicially noticeable.

## V.     CONCLUSION

Rippling respectfully requests that the Court grant its request to take judicial notice of and incorporate by reference the foregoing documents in support of its motion to dismiss.

Dated:  May 8, 2026                                          KEKER, VAN NEST & PETERS LLP


                                          By:     /s/ Eric H. MacMichael
                                                  ELLIOT R. PETERS
                                                  ERIC H. MACMICHAEL
                                                  NICHOLAS S. GOLDBERG
                                                  ANDREW F. DAWSON
                                                  BENJAMIN D. ROTHSTEIN

                                                  Attorneys for Plaintiff and Counter-
                                                  Defendants PEOPLE CENTER, INC.
                                                  D/B/A RIPPLING, a Delaware corporation

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6198010