UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE CENTER, INC.,

          Plaintiff,

    v.

DEEL, INC., et al.,

          Defendants.

Case No.  25-cv-02576-CRB   (LJC)

**TENTATIVE ORDER REGARDING MOTION FOR SANCTIONS**

Re: Dkt. No. 202

The Court has reviewed the parties' briefing and evidentiary submissions regarding Plaintiff People Center, Inc.'s (Rippling's) Motion for Sanctions, ECF No. 202, and heard argument on May 12, 2026.

The Court's tentative conclusion is that Defendant Deel, Inc. and/or its attorneys engaged in at least some degree of sanctionable discovery misconduct.  The Court is particularly concerned about the period beginning in December 2025, when any ambiguity regarding the parties' positions or putative agreements had been dispelled.  The record as a whole supports an inference that Deel wrongfully withheld at least some information until after Judge Breyer resolved Defendants' motions to dismiss.  In doing so, Deel preserved the possibility that it might never need to reveal that information (at least in this forum) if the motions had been granted, contrary to Deel's stipulation not to stay discovery while its motion to dismiss was pending and the previous Orders upholding that stipulation.  *See* ECF Nos. 54, 101, 110.

On the other hand, other aspects of Rippling's Motion appear to overreach.  Some portions of the purported discovery misconduct at issue may not rise to the level of warranting sanctions. Because Rippling quickly initiated a sanction motion, rather than litigating the asserted deficiencies related to Deel's failure to search the individual Defendants' personal accounts and

United States District Court
Northern District of California

Deel's failure to include certain search terms, Ripple has not plainly established the breadth of misconduct.  Furthermore, Rippling's assertions of prejudice are also only partially persuasive.  The Court is therefore inclined to impose limited sanctions, partially based on considerations of deterrence, in the amount of fifty percent of Rippling's *reasonable* attorneys' fees.

Rippling has failed to substantiate those fees sufficiently, citing cases that do not support its (currently secret) billing rates, and failing to provide billing records that would allow both the Court and Deel to evaluate the congruence between the fees claimed and the sanctionable conduct.  Rippling's failure to provide billing records also leaves the Court unable to evaluate the significance of any potential excess in Rippling's billing rates.  Nor has Rippling provided any information about its attorneys' and paralegals' experience that would allow the Court to   If the Court were to proceed to a final order on this Motion, the Court would require Rippling to file both its rates and its billing records in the public record, with at most narrow redactions for forward-looking litigation strategy or confidential client information.

* * *

In the normal course, the Court would now issue an order detailing Deel's and/or its counsel's sanctionable misconduct, explaining the award of sanctions and the rationale for fixing it at fifty percent of Rippling's reasonable fees, and requiring Rippling to substantiate those fees in the public record.  After providing Deel an opportunity to dispute the reasonableness of those fees on a more complete record, the Court would issue an order requiring Deel and/or its counsel to pay a particular sum of fees by a particular date.

The story is unlikely to end there.  It is not hard to imagine that either or both parties might seek relief from Judge Breyer, *see, e.g.*, ECF Nos. 109, 153, or otherwise feel compelled to correct what they perceive as inaccuracies in the record, *see, e.g.*, ECF Nos. 219, 221.  Further briefing would follow, at further cost to the parties.  Further sanctions motions might also follow subsequent perceived misconduct by either side, poisoning any opportunity for the parties to pivot immediately towards a more orderly, cooperative, and efficient handling of discovery.  As defense counsel noted at the hearing, acrimonious litigation can sometimes feed on itself.

This case is at a potential inflection point.  Both parties have seen changes in their counsel

over the last several months.  Motions to dismiss have been resolved, settling the question of whether the case will remain in this forum.  Defendants have at least begun to produce substantive discovery.  Those circumstances might present an opportunity to resolve this sanctions dispute without further litigation and to allow litigation on the merits to proceed productively.

Rippling and Deel are therefore ORDERED to meet and confer as to whether they can reach a mutually agreeable resolution to the Motion for Sanctions, taking into account the Court's tentative views above.  No later than May 20, 2026, those parties shall jointly file one of the following: (1) a stipulation and proposed order resolving the dispute; (2) a stipulation and proposed order requesting additional time to resolve the dispute; or (3) a joint statement that neither of the preceding options has the support of both parties, in which case the Court will proceed to resolve the Motion as discussed above.[1]

To be clear, this Order does not resolve the Motion for Sanctions.  The Court reserves the right to reconsider its tentative position above upon further review of the record.  That tentative position is not yet a final interlocutory order subject either to review under Civil Local Rule 72-2 or to a motion for reconsideration under Civil Local Rule 7-9.  No further briefing on the merits will be permitted (except with respect to the reasonableness of attorneys' fees, as may be directed by the Court), and any unauthorized briefing on this matter will be stricken without consideration.

**IT IS SO ORDERED.**

Dated: May 13, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

---

[1] If the parties are unable to agree, the joint statement should state only that fact.  Neither that statement nor any other filing prior to final resolution of the Motion for Sanctions may indicate anything further about the position of either or both parties, including whether either of the parties was amenable to a resolution that the other rejected.