JOSH A. COHEN (SBN 217853)
jacohen@debevoise.com
ALDO PONTEROSSO (SBN 340104)
aponterosso@debevoise.com
DEBEVOISE & PLIMPTON LLP
650 California Street
San Francisco, CA 94108
Telephone:      415 738 5700
Facsimile:      415 644 5628

DANIEL M. GITNER (*pro hac vice*)
dmgitner@debevoise.com
SORAYA BATMANGHELIDJ (*pro hac vice*)
sbatmanghelidj@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Tel: (212) 909-6000
Fax: (212) 909-6836
*Attorneys for Counter-Defendant Keith O'Brien*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**KEITH O'BRIEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINDER IN SUPPORT OF MOTION TO DISMISS DEEL'S COUNTERCLAIMS**<br><br>Date Filed:         March 17, 2025<br>Am. Compl. Filed:   June 5, 2025<br>Judge:              Hon. Charles R. Breyer<br>Courtroom:          6<br>Hearing Date:       July 10, 2026 |
| DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1–100,<br><br>Counter-Defendants. | |

## REQUEST FOR JUDICIAL NOTICE

### I.      INTRODUCTION

In support of his Joinder in support of the Rippling-Conrad Motion to Dismiss, Counter-Defendant Keith O'Brien respectfully requests that the Court consider three documents that are subject to judicial notice, or are otherwise referenced, relied upon, cited, and/or quoted in Deel's Counterclaims.  These documents are incorporated by reference into Deel's Counterclaims and/or subject to judicial notice for the reasons stated below.

### II.      LEGAL STANDARD

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a district court may consider any matters that are subject to judicial notice.  Federal Rule of Evidence 201(b) governs the taking of judicial notice in the motion-to-dismiss context, permitting judicial notice of facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b); *see Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1060-61 (N.D. Cal. 2021).  A fact is not subject to reasonable dispute when it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

In addition to the doctrine of judicial notice, under the incorporation-by-reference doctrine a court may consider a document extrinsic to the complaint under Federal Rule of Civil Procedure 12(b)(6) if the document's "authenticity is not contested[,] and the plaintiff's complaint necessarily relies on [it]."  *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)) (cleaned up) *superseded by statute on other grounds as recognized by Rueda Vidal v. Bolton*, 822 F. App'x 643, 644–45 (9th Cir. 2020).  A plaintiff's complaint necessarily relies on an extrinsic document "if the Plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).  The Ninth Circuit has also held that quoting from

a document is sufficient to incorporate a document by reference. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010). When a document is incorporated by reference, a district court treats that document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

### III. DOCUMENTS SUBJECT TO THIS REQUEST

The following documents are subject to judicial notice:

**Exhibit A** to the Declaration of Josh Cohen filed concurrently herewith ("Cohen Declaration") is a true and correct copy of a transcript of proceedings held before the Irish High Court on March 19, 2025, in the matter of *People Center, Inc. D/B/A Rippling and Rippling Ireland Lt v. Keith O'Brien*, Record No. 2025/1289P (the "Irish High Court Transcript"). Defendant and Counter-Claimant Deel, Inc. ("Deel") incorporates the Irish High Court Transcript by reference in paragraph 209 of its Counterclaims.

**Exhibit B** to the Cohen Declaration is a true and correct copy of excerpts from the Independent Report of Michael Coonan, Supervising Solicitor, dated April 9, 2025, which was submitted to the Irish High Court in connection with the Irish Proceedings ("Coonan Report"). Deel incorporates the Coonan Report by reference in paragraph 219 of its Counterclaims and has previously filed the same excerpts of the Coonan Report in this Action. *See* ECF No. 145-3.

**Exhibit C** to the Cohen Declaration is a true and correct copy of Keith O'Brien's affidavit dated April 1, 2025 ("O'Brien Affidavit"). Deel quotes from and incorporates the O'Brien Affidavit by reference throughout its Counterclaims. *See, e.g.*, ECF No. 203 ¶¶ 4, 6, 9, 208, 209, 210, 223, 227, 228, 229. Deel has previously filed a copy of the O'Brien Affidavit in this Action. *See* ECF No. 48-5.

### IV. ARGUMENT

First, the Court may take judicial notice of the Irish High Court Transcript (**Exhibit A**) and the Coonan Report (**Exhibit B**) because they are matters of public record. *See Lee*, 250 F.3d at 689 ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment."). Courts in the Ninth Circuit frequently take judicial notice of documents from foreign court proceedings. *See, e.g., Color Switch LLC v. Fortafy Games*

*DMCC*, 377 F. Supp. 3d 1075, 1089 n.6 (E.D. Cal. 2019) (taking judicial notice of "court documents relating to the litigation between the parties currently pending before the Court of Dubai"); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (granting request for judicial notice of "foreign court documents").

Second, the Court may take judicial notice of the Irish High Court Transcript (**Exhibit A**), the Coonan Report (**Exhibit B**), and the O'Brien Affidavit (**Exhibit C**) because Deel incorporates them into its Counterclaims by reference. Deel incorporates the Irish High Court Transcript (**Exhibit A**) by characterizing what Mr. O'Brien purportedly said at the proceeding. *See* ECF No. 203 ¶ 209 (alleging what Mr. O'Brien "told the High Court in Dublin" "on March 19, 2025"). Similarly, Deel incorporates the Coonan Report (**Exhibit B**) by alleging the contents of the Report. *See id.* ¶ 219 ("The Supervising Solicitor's April 9, 2025 report noted that this meeting lasted for nearly 12 hours, and ended at 2 a.m. on March 27. ECF 145-3 §§ 5.6, 5.10-5.11.") (emphasis omitted; citations in original). Finally, Deel incorporates the O'Brien Affidavit (**Exhibit C**) throughout its Counterclaims by quoting from the Affidavit (*see, e.g.*, *id.* ¶¶ 9, 153), as well as making numerous allegations about its contents. *See, e.g.*, *id.* ¶¶ 4, 6, 208, 209, 210, 223, 227, 228, 229. Because the Counterclaims incorporate Exhibits A, B, and C by reference, the Court may appropriately consider these documents in ruling on the Rippling-Conrad Motion to Dismiss and Mr. O'Brien's Joinder in support of same. *Parrino*, 146 F.3d at 705.

## V.    CONCLUSION

For the foregoing reasons, Mr. O'Brien respectfully requests that the Court take judicial notice of the foregoing documents and consider them in ruling on the Rippling-Conrad Motion to Dismiss and Mr. O'Brien's Joinder in support of same.

Dated: May 18, 2026                                          DEBEVOISE & PLIMPTON LLP


                                                By:    */s/ Josh Cohen*
                                                       JOSH A. COHEN

O'BRIEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF JOINDER
Case No. 3:25-CV-2576-CRB