UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEOPLE CENTER, INC.,

        Plaintiff,

    v.

DEEL, INC., et al.,

        Defendants.

Case No.  25-cv-02576-CRB   (LJC)

**ORDER RESOLVING THE PARTIES' DISPUTE CONCERNING DEPOSITION LOCATIONS**

Re: Dkt. No. 213

The parties have filed a joint discovery letter, Dkt No. 213, in which they dispute the location where and format in which Andrea David Mieli and Asif Malik, two in-house counsel for Deel, should be deposed.  The dispute is suitable for resolution without oral argument, and the undersigned has considered the parties' briefing, the authorities cited therein, and the record in this case.  To make its determination, the undersigned has considered the convenience of the parties and counsel, the convenience of the parties to be deposed, the likelihood of discovery disputes arising that would require resolution by the forum court, the burden and expense associated with a particular deposition location, and other factors.  *Yoon v. Intuit Inc.*, No. 25-cv-03469-BLF, 2026 WL 145956, at \*1 (N.D. Cal. Jan. 20, 2026).

Mieli and Malik propose as one option that they participate in a video deposition from their respective homes.  Though a party may sometimes obtain meaningful and accurate testimony through a remote video deposition, there is, to a degree, a diminished capacity to assess a witness's credibility.  More importantly, the time differences between Dubai and San Francisco, and Rome and San Francisco, are so significant that the remote format is highly impractical and therefore not suitable for the witnesses and counsel involved, at least without agreement of all parties.  Rippling relies upon a case that approved of video conferencing as a viable option where

the foreign deponents were in India.  The court, however, did not address the time zone problems and therefore its decision is less persuasive.  *Shinde v. Nithyananda Foundation*, No. ED CV 13-363-JGB (SPx), 2015 WL 12778434, at *3 (C.D. Cal. May 21, 2015),

Next, the undersigned addresses the location for the in-person depositions.  The undersigned declines to order counsel for Deel and Rippling to travel to Dubai where Malik resides given the current instability and violence in the region and Malik's stated willingness to travel to London.  Malik shall be deposed in London.  Though Rippling argues that Malik is a managing agent, and therefore he should be deposed in San Francisco, his job title is unclear.  *See* Dkt. No. 233-5 at 22 (Deel's March 18, 2026 Amended Response to Rippling's Interrogatory No. 12).  Malik appears to be lower ranking than Andrea Mieli, Head of Legal for Deel, and travel to San Francisco would entail a longer trip.  *See id.*

Turning to Mieli, the considerations are different in that he is now the Head of Legal for Deel, and evidently, he participates in significant international travel, though he also carries certain responsibilities in his personal life.  The parties have raised competing presumptions. Rippling points to a "rebuttable presumption that a corporation's deposition should be taken at the corporation's principal place of business." *S.E.C. v. Banc de Binary*, No. 2:13-CV-993-RJC-VCF, 2014 WL 1030862, at *3 (D. Nev. Mar. 14, 2014) (citing 8A Wright & Miller's Federal Practice and Procedure § 2112 (3d ed. 2010)).  Deel points to a presumption that when there is a significant distance between the deposing party and the deponent, absent exceptional or unusual circumstances, the deposing party should be required to take the deposition at the location in the vicinity in which the deponent resides.  Given Mieli's job position and his propensity to travel widely, Rippling has overcome the presumption.  In addition, counsel for Deel and Rippling are located in San Francisco, where this Court also sits.  Though not dispositive, the burden on Rippling to take Malik's deposition in London also weighs against imposing an additional burden

//

//

//

//

on the same party for a second international deposition.  Mieli shall therefore appear for an in-person deposition in San Francisco unless the parties stipulate to holding it in London.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California