UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPPLING, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., et al.,<br><br>Defendants. | Case No. 25-cv-02576-CRB   (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING RIPPLING'S REQUESTS FOR INSPECTION AND RELATED SEALING MOTION**<br><br>Re: Dkt. No. 233, 235 |

The parties have filed a Joint Discovery Letter that presents a dispute concerning Rippling's request to inspect all devices and accounts used by Defendants Alex Bouaziz, Philippe Bouaziz, and Dan Westgarth and their agents to communicate with Keith O'Brien.  Dkt. No. 235. Specifically, Rippling seeks forensic examinations of these devices and accounts used to send or receive communications with O'Brien, or send payments to O'Brien, or save, create, modify, upload, download, transmit, view, preview, or otherwise access such communications.  The Court previously denied Rippling's earlier inspection requests but issued that denial without prejudice to a more narrowly tailored request, supported by additional information revealed in subsequent discovery.  Dkt. No. 189.

Rippling's prior requests sought the inspection of devices and accounts of all Deel employees in communication with O'Brien.  The present request is expressly targeted at the devices and accounts used by the three individual Defendants who are alleged to have been in direct communication with O'Brien for purposes of corporate spying and receipt of related payments, as well as their agents who communicated with O'Brien.  Deel's recently amended interrogatory responses confirm that two other Deel employees have been in communication with

O'Brien: Asif Malik and Andrea Meili.

Though Rippling's prior request for inspection relied on allegations and an affidavit signed by O'Brien, the current request is supported with discovery that Rippling has received, including Deel's amended discovery responses.  The amended responses confirm that Telegram and WhatsApp services were used, and consequently, messages were not retained.  In its amended responses to Rippling's interrogatories, Deel pointedly disputes the content, nature, and significance of the communications as characterized in O'Brien's affidavit.

Federal Rule of Civil Procedure 34 allows a party to request "to inspect, copy, test, or sample," among other things, "data or data compilations . . . stored in any medium."  The Advisory Committee noted that Rule 34 "is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances."  Federal Rule of Civil Procedure 26, in turn, limits the scope of discovery to that which is relevant and proportionate to the case, and specifically states that a party "need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."  Fed. R. Civ. P. 26(b)(1), (2)(B).  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  Where a requesting party has established that "serious questions exist both as to the reliability and the completeness of materials produced in response to . . . discovery requests," a forensic inspection of a device that stores electronic information that may justified.  *See Brocade Commc'ns Syst., Inc. v. A10 Networks, Inc.*, No. 10-CV-03428-LHK, 2012 WL 70428 (N.D. Cal. Jan. 9, 2012) (quoting *Advante Int'l Corp. v. Mintel Learning Tech.*, No. 5-CV-01022-JW (RS), 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006).  "Courts and commentators have recognized that privacy interests can be a consideration in evaluating proportionality, particularly in the context of a request to inspect personal electronic devices."  *In re Premera Blue Cross Customer Data Security Breach Litig.*, 329 F.R.D. 656, 670 (N.D. Cal. 2019) (quoting *Henson v. Turn, Inc.*, No. 15-cv-01497-JSW (LB), 2018 WL 5271629, at *5 (N.D. Cal. Oct. 22, 2018)).

First, the Court addresses the relevance of the information sought.  Rippling has presented

United States District Court
Northern District of California

evidence that forensic imaging and analysis of the devices and accounts may reveal information bearing on its allegations that O'Brien shared Rippling's private company information in return for payments from Deel. Rippling's claims are inextricably linked with the sharing of electronically stored information across devices and accounts. As noted above, O'Brien's affidavit and Deel's amended responses dispute the nature and content of the communications and furthermore, they make competing representations regarding the frequency of certain communications. O'Brien attests that he sent certain information to Alex Bouaziz, and Deel represents that Alex ignored or did not see most of Mr. O'Brien's messages. The forensic examination may yield, among other types of information, reconstructed data showing the content of messages, message attachments of deleted files, or recovered residual videos or photos or data reflecting whether data was deleted, or data regarding when and how individuals accessed and stored files. Dkt. No. 235-2, Schroeder Decl. ¶ 13. According to Rippling's expert, the engagement of a forensic examiner is intended to allow the reconstruction, to the greatest extent possible, as much information as possible about the now-destroyed communications between the Defendants and O'Brien. Rippling has established that the forensic examination may yield relevant information from the devices and accounts identified by its expert Schroeder, except for Westgarth's iCloud account, where the date of preservation is not specified. Schroeder Decl. ¶ 11.

Next, the Court considers whether Rippling has established "serious questions as to the reliability and completeness of materials produced in response to discovery requests." *Brocade Commc'ns. Syst., Inc.*, 2012 WL 70428, at *3. This standard appropriately applies before a forensic examination may be authorized because it is a particularly invasive form of discovery, and especially where Deel is Rippling's commercial competitor.

It is evident that discovery regarding the communications between O'Brien and the individual Defendants will be incomplete. O'Brien attested that he destroyed his mobile device[1] and it is undisputed that he and the individual Defendants used ephemeral messaging services and account settings, such that communications at issue have been destroyed. Use of ephemeral

[1] O'Brien states in his sworn affidavit that he destroyed his mobile phone at Defendants' direction, though that is disputed by Defendants.

3

United States District Court
Northern District of California

messaging, standing alone, does not indicate that one intends to commit or hide a wrong. There are legitimate reasons why one may use an ephemeral messaging service that provides a high level of privacy and security in one's communications.

The record here, however, raises some concern that steps were taken to hide information that would otherwise be relevant to legal proceedings arising from O'Brien's activities with Deel. With respect to O'Brien's destruction of his mobile phone, the parties dispute who was the driving force behind that conduct. Rippling, however, further points to two instances after the Irish High Court had issued its evidence preservation order that suggest an intentional effort to thwart discovery. First, Rippling contends that Alex and Westgarth left a three-way WhatsApp chat with O'Brien and thereby destroyed the messages in the chat. Deel disputes that exiting a WhatsApp chat results in the destruction of any messages. Neither side has presented evidence that substantiates exactly how WhatsApp handles preservation of messages under such circumstances.

Second, Rippling presents evidence that after the preservation order in the Irish Proceeding, Alex turned on "disappearing messages" in his 1:1 WhatsApp conversation with Ben Horowitz, a Deel investor, regarding the dispute. Dkt. No. 233-7. Deel has not addressed, let alone disputed, that Alex turned on the disappearing messages setting for his conversation with Horowitz. The content of Alex's WhatsApp communications with Horowitz are not visible, so it is not possible to confirm the messages addressed O'Brien's activities with Deel or the related legal proceedings. However, selecting disappearing messages soon after receiving a preservation order from the Irish Court to shield communications with a key investor during the early stages of legal proceedings that involve bombshell allegations of corporate espionage raises suspicions that Alex may have been hiding communications relevant to the claims in this case. This is particularly true where Deel offers no reason for the change in message settings and no explanation that the topics of the communications between Alex and Horowitz were legitimate and their disappearance was not a violation of the Irish court's preservation order.

With respect to the other two individual Defendants, Philippe and Westgarth, the evidence presented regarding their conduct is less extensive and detailed. On this record, Rippling has not raised sufficiently serious questions to justify an invasive forensic examination of Philippe's and

4

United States District Court
Northern District of California

Westgarth's devices and accounts.

Turning to the privacy concerns, Rippling's requests for inspection include general instructions for a screening process whereby Defendants get a "first look" at content in any user-generated files that are collected through the forensic examination.  Deel and Alex have had the opportunity to explain why this process is insufficient to protect Deel and his private material, but have declined to do so.  Deel and Alex's objections based on foreign privacy law are too conclusory to establish that Alex's devices and accounts merit protection from discovery on those grounds.

Rippling's request to conduct a forensic examination is GRANTED as to Alex's devices and accounts that Alex has identified as having used to communicate with O'Brien.  Dkt. No. 233-2 at 15 (Response to Interrogatory No. 6).  Rippling's requests to conduct forensic examinations of Philippe's and Westgarth's devices and accounts are denied without prejudice to renewing the requests if stronger support for such a request is revealed through ongoing discovery.  An incremental approach to considering whether to authorize additional forensic examinations is warranted in this case where the litigants are commercial competitors.

In conjunction with this joint letter, Rippling filed an administrative motion to consider whether documents should be filed under seal based on Defendants' and non-party a16z's confidentiality designations.  Dkt. No. 233.  No response was filed within the time allowed by Local Rule 79-5(f)(3).  That administrative motion is therefore DENIED, and Rippling is instructed to file all documents at issue in the public record no later than one week from the date of this Order.

**IT IS SO ORDERED.**

Dated: June 5, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

5