LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone:    (650) 470-4500
Facsimile:    (650) 470-4570

ALLEN LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Counsel for Defendant Deel, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**(1) DEEL'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE;**<br><br>**(2) DEEL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; and**<br><br>*Under Separate Cover*:<br><br>**(3) [PROPOSED] ORDER.**<br><br>Compl. Filed:    March 17, 2025<br>Am. Compl. Filed:    June 5, 2025<br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6<br>Hearing Date:    None set<br>Hearing Time:    None set |

DEEL'S MOTION FOR RELIEF FROM MJ ORDER                     CASE NO. 3:25-CV-02576-CRB

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, in the courtroom of the Honorable Charles R. Breyer, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, Defendant Deel, Inc. ("Deel") will, and hereby does, move pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the portion of the June 5, 2026 nondispositive pretrial order (the "Order," ECF 269) of the Magistrate Judge in this action that ordered Andrea David Mieli to attend a deposition in the United States. The parties submitted this issue to the Court in an April 2, 2026 Joint Discovery Letter (the "Letter," ECF 213), whereby Deel asked for Mr. Mieli, and another witness, Asif Malik, to be deposed in London or Rome.

The Magistrate Judge granted Deel's request to hold Mr. Malik's deposition in London, and Deel does not challenge that portion of the order. (Order at 2.) The Magistrate Judge denied Deel's request to have Mr. Mieli deposed in London or Rome because she found that, given "Mieli's job position and his propensity to travel widely," Rippling had overcome the presumption that he be deposed where he resides. (Order at 2.) Deel respectfully submits that the Magistrate Judge's order is clearly erroneous and contrary to law because it rests on a misapplication of the governing presumption regarding witness travel and turns on an incorrect understanding of Mr. Mieli's present position at Deel. Deel respectfully requests that the Court reverse the Order on this ground and order Mr. Mieli's deposition to occur in London or Rome.

This Motion for Relief (the "Motion") is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2. It is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at, or in connection with, any hearing on this Motion.

DATED: June 22, 2026

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____*/s/ Jack P. DiCanio*_____
JACK P. DICANIO
*Attorneys for Defendant Deel, Inc.*

i

DEEL'S MOTION FOR RELIEF FROM MJ ORDER                    CASE NO. 3:25-CV-02576-CRB

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Deel, Inc. ("Deel") moves pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the portion of the June 5, 2026 nondispositive pretrial order (the "Order," ECF 269) of the Magistrate Judge in this action that ordered Andrea David Mieli to attend a deposition in the United States. The parties submitted this issue to the Court in an April 2, 2026 Joint Discovery Letter (the "Letter," ECF 213), whereby Deel asked for Mr. Mieli, and another witness, Asif Malik, to be deposed in London or Rome. Deel does not seek relief from the Order's determination that Mr. Malik shall be deposed in London (Order at 2). Deel seeks relief only from the separate ruling that Mr. Mieli "shall . . . appear for an in-person deposition in San Francisco unless the parties stipulate to holding it in London" (*Id.* at 3).

That portion of the Order is clearly erroneous and contrary to law. It rests on a misapplication of the governing presumption regarding witness travel and turns on an incorrect understanding of Mr. Mieli's present position at Deel. The Court should grant relief from the requirement that Mr. Mieli appear in San Francisco and order that his deposition proceed in London, Rome, or by remote videoconference.

### STANDARD OF REVIEW

When a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The district court reviews the magistrate judge's factual findings for clear error and legal conclusions to determine whether they are contrary to law. *Blue Bottle Coffee, LLC v. Liao*, No. 21-CV-06083-CRB, 2023 WL 11711682, at *1 (N.D. Cal. Oct. 5, 2023) (granting motion for relief, concluding "a mistake has been committed") (Breyer, J.).

### ARGUMENT

**I.      The Order's Stated Reasons for Requiring Mr. Mieli to Appear in San Francisco Are Clearly Erroneous and Contrary to Law.**

The record establishes that, under the governing presumption, Mr. Mieli should be deposed in the vicinity where he resides. Mr. Mieli is an in-house lawyer for Deel who resides and works in Rome. (Declaration of David Mieli, Dkt. No. 213-1 at ¶ 2.) He is not a citizen or resident of the United States, and he does not maintain a domicile, office, mailing address, property, or any other physical presence in

1

the United States. (*Id.*) He works for a company that is fully remote, with no physical headquarters to which he reports. (*Id.* ¶ 3.) And he has attested under oath that he is willing to be deposed in London—a closer and more accessible location—or by remote videoconference. (*Id.* ¶ 6.)

The Order found that Mr. Mieli has a "propensity to travel widely" (Order at 2), reasoning that this allowed Rippling to overcome the presumption that a deponent is deposed in the vicinity where he resides. But that is a misapplication of the law. Even if Mr. Mieli does travel for business, under the very authority Rippling cited, a deponent's "general travel for business purposes" is "irrelevant" unless such travel "regularly includes the proposed situs of the deposition" (Dkt. No. 213 at 5). *See SEC v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 WL 1030862, at *7 (deponent's "general travel for business purposes" is "irrelevant" unless such travel "regularly includes the proposed situs of the deposition"). The relevant question is therefore not whether Mr. Mieli travels generally, but whether he regularly travels to the United States, where the deposition would occur. The sworn record answers that question in the negative. Mr. Mieli's declaration states that he does not regularly travel to the United States for business or personal purposes, and that, to the best of his recollection, he has been to California only once for a vacation in 2013 and once on a connecting flight while on vacation. (Mieli Decl. ¶ 4.) General travel that does not regularly bring Mr. Mieli to the United States cannot, as a matter of law, supply the exceptional circumstances needed to override the presumption that he be deposed where he resides. By relying on travel that does not reach the forum, the Order misapplied the controlling legal test.

The Order also rests on another, independent error of fact concerning Mr. Mieli's role at Deel. The Order relied on Mr. Mieli's seniority, describing him as "now the Head of Legal for Deel" and citing "Mieli's job position" as a reason the presumption had been overcome. (Order at 2.) The parties did not argue Mr. Mieli's position in the joint letter brief; rather the Court obtained that fact from the blog post cited without argument by Rippling in its portion of the brief. But at the time of the briefing, and currently, DeAnn Work is Deel's General Counsel, so the Court is incorrect to the extent it believed Mr. Mieli is currently <u>the</u> head of legal at Deel.[1] Because the court's ruling is premised, in part, on an inaccurate belief

---

[1]  *See* Deel Team, *Deel welcomes its newest leaders*, Deel.com Blog (May 3, 2025) https://www.deel.com/blog/deel-newest-leaders-2025/.

2

of the witness's seniority, it is precisely the kind of clearly erroneous factual finding Rule 72(a) directs the Court to set aside.

## **CONCLUSION**

For the foregoing reasons, Deel asks the Court to grant this motion for relief and modify the June 5, 2026 Order to provide that the deposition of Mr. Mieli shall proceed in London, Rome, or by remote videoconference.


DATED: June 22, 2026

By:        */s/ Jack P. DiCanio*
JACK P. DICANIO
*Attorneys for Defendant Deel, Inc.*

3