KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING,
a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100, <br><br> Defendants. | Case No. 3:25-CV-2576-CRB <br><br> **RIPPLING'S RESPONSE TO DEEL'S STATEMENT IN SUPPORT OF SEALING** <br><br> Date Filed:  March 17, 2025 <br><br> Trial Date:  None set <br><br> Magistrate Judge Lisa J. Cisneros |

6247202

Under Civil Local Rule 79-5(f)(4), Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") hereby responds to Defendant Deel, Inc.'s ("Deel") Response to Rippling's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 290).

## I.   INTRODUCTION

Deel seeks to seal documents that bear directly on the core issue in this case—whether Deel's seniormost executives stole Rippling's trade secrets through a monthslong spying scheme and used those trade secrets to unfairly compete with Rippling. Deel claims that sealing is necessary to prevent competitive harms and to protect its employees from harassment. But it does not—and cannot—make a particularized showing of either sort of harm. Rather, Deel wants to seal these documents because they corroborate Rippling's allegations. That is not a proper basis for sealing. The Court should order the joint letter brief, Rothstein Declaration, and supporting exhibits be unsealed (subject to limited exceptions for customer names and identifying information).

## II.   SCOPE OF DISPUTED ITEMS

The parties agree that customer names and other customer-identifying information (such as details about a customer's own employees or business operations) should remain sealed. Rippling itself seeks to seal certain such information. See Rippling's Admin. Mot. to File Under Seal (ECF No. 285). Rippling therefore does not oppose Deel's request with respect to the following:

- Sealing Exhibit 2 (Exhibit A to Deel's June 5, 2026 response to Interrogatory No. 7) (ECF No. 284-4);

- Redacting the green-highlighted portions of the joint letter brief (ECF No. 284-3);

- Redacting the green-highlighted portions of the Rothstein Declaration (ECF 285-3); and

- Redacting customer names and customer-identifying information on Exhibits G, H, J, K, L, and M (ECF Nos. 284-5 through 284-10).

Rippling challenges the remainder of Deel's sealing request, on the ground that Deel has failed to show good cause to seal any materials other than customer names or customer-identifying information. Thus, Rippling challenges Deel's request with respect to the following:

- Redacting the yellow-highlighted portions of the joint letter brief (ECF No. 284-3);

- Redacting the yellow-highlighted portions of the Rothstein Declaration (ECF 285-3); and

- Sealing the entirety of Exhibits G, H, J, K, L, and M (ECF Nos. 284-5 through 284-10), or redacting parts of those exhibits beyond customer names or customer-identifying information.

## III.   LEGAL STANDARD

"There is a presumption of public access to judicial records and documents." *Garrity Power Servs. LLC v. Samsung Elec. Co. Ltd.*, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021). To overcome this presumption in connection with a discovery dispute, the party requesting sealing (Deel) must demonstrate "good cause" for each sealing request (*id.*)—i.e., "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *K.C. v. County of Alameda*, 2024 WL 4008762, at *3 (N.D. Cal. Aug. 29, 2024). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning will not suffice." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2026 WL 440752, at *18 (N.D. Cal. Feb. 17, 2026) (Cisneros, J.). Similarly, reference to a "protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Garrity*, 2021 WL 3473937, at *1 (quoting N.D. Cal. Civ. L.R. 79-5(c)).

## IV.   ARGUMENT

With the exception of customer names and identifying information, Deel has not demonstrated the required good cause to seal the materials subject to its request.

As a threshold matter, although Deel seeks to seal yellow highlighted portions of the joint letter brief and of the Rothstein Declaration, it provides no argument in support of this request. This failure to make a "particularized showing" with respect to those portions is itself reason to unseal them. *Garrity*, 2021 WL 3473937, at *1; *cf. also* L.R. 79-5(f)(3). This is especially true with respect to the brief, given that "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." L.R. 79-5(e).

With respect to the remaining documents subject to Deel's sealing request, Deel makes two arguments. Neither has merit. **First**, Deel argues that sealing is necessary to protect "sensitive information pertaining to Deel customers or prospects extracted from Deel's Salesforce database." Response at 3. As explained above, Rippling does not challenge Deel's argument in principle. But the argument fails with respect to the majority of Deel's request, because the vast majority of what

6247202

Deel seeks to seal says nothing that would identify any particular customer. As noted above, Deel does not claim that the yellow highlighted portions of the brief and Rothstein Declaration are competitively sensitive *at all*. And while it conclusorily asserts that the lettered exhibits to the Rothstein Declaration reveal "Deel's commercial and competitive strategies[,]" it does not explain—even at a high level—what those strategies are or how they are disclosed. Deel cannot prevent disclosure of evidence of its theft by calling it a "competitive strateg[y]." And beyond that, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to show good cause. *In re Uber*, 2026 WL 440752, at *18. Indeed, it is implausible that everything in these exhibits is competitively sensitive. Mundane correspondence about who is going to reach out to customers and when is not commercially sensitive. *Cf. A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 908 (N.D. Cal. 2020) (declining to seal a party's "communications with its customers and vendors" because "[t]he mere fact that the information discloses [the party's] business processes or information about its products … is insufficient"). Considering that the material at issue strongly corroborates Rippling's allegations in this case, Deel's argument is transparently pretextual. *See Nazemian v. NVIDIA Corp.*, 2025 WL 3485154, at *2 (N.D. Cal. Dec. 4, 2025) ("It is clear that the sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage. Rather, it is designed to avoid negative publicity." (quoting *Kadrey v. Meta Platforms, Inc.*, 23-cv-3417, ECF No. 373 at 1 (N.D. Cal. Jan. 8, 2025)) (cleaned up)). As the courts in *Nazemian* and *Kadrey* both found, a party cannot keep evidence of its own misconduct from coming to light by implausibly claiming that it is commercially sensitive.

***Second***, Deel claims that sealing the remaining exhibits to the Rothstein Declaration is necessary to protect Deel and its employees from harassment. This argument is baseless. Rippling has never harassed anyone, let alone done so "without regard for the truth[.]" Response at 4. That Deel does not like the content of Rippling's (true) blog posts about the status of this lawsuit—which is a matter of public interest—does not make them "harassment." Moreover, Deel's assertion of "reputational harm" inflicted by Rippling's blog posts is conclusory and unsupported by either evidence or details. *See id.* at 4. Again, "[b]road allegations of harm, unsubstantiated by specific

6247202

examples or articulated reasoning" are insufficient to establish good cause. *In re Uber*, 2026 WL 440752, at *18. These purported harms therefore cannot justify sealing.

More fundamentally, Deel's argument runs headlong into the public interest in access to these documents. This litigation—and the spying scheme at its core—has received extensive media coverage.[1] And the spying scheme has harmed Rippling and its relationships with its customers. *E.g.*, ECF No. 57 ¶ 85. It is therefore entirely proper for Rippling to discuss the litigation. *See, e.g.*, *In re Dan Farr Prods.*, 874 F.3d 590, 592, 596 (9th Cir. 2017) (recognizing First Amendment right to discuss "vigorously litigated" lawsuit, including through "social media posts that express [litigant's] opinions on the merits of the case"). The public interest in this case strengthens the argument for unsealing the documents at issue here, because one purpose of public access to court records is "promoting the public's understanding of … significant public events." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 764 (N.D. Cal. 2025). Deel can also discuss the details of the case—indeed, it has issued broad denials.[2] Given Deel's own attempts to shape the public narrative, the Court should view Deel's characterization of public disclosures that undermine its denials as "harassment" with skepticism.

Deel's attempt to use Keith O'Brien's March 2025 statements as evidence of Rippling's harassment fares even worse: Once O'Brien retained counsel, he averred—under oath—***that these statements were false and made at Deel's direction***. ECF No. 48-5 ¶ 43. O'Brien's statements do not support Deel's assertion that sealing is necessary to prevent "harassment."[3]

Finally, Deel's fallback request to seal employee, customer, and prospect names implicitly

---

[1] *E.g.*, Andrew Ross Sorkin et al., *Accusations of Corporate Espionage Shake a Software Rivalry*, N.Y. Times (Mar. 17, 2025), https://www.nytimes.com/2025/03/17/business/dealbook/rippling-deel-corporate-spy.html; Dan Primack, *Deel and Rippling's Espionage Fight Keeps Escalating*, Axios (June 6, 2025), https://www.axios.com/2025/06/06/vc-court-deel-ripling-hr-software; Rolfe Winkler, *Justice Department Opens Criminal Probe Into Silicon Valley Spy Allegations*, Wall Street Journal (Jan. 23, 2026), https://www.wsj.com/us-news/law/justice-department-opens-criminal-probe-into-silicon-valley-spy-allegations-9afe1eec; Michael Roddan, *Deel Loses Motion to Dismiss Rippling Racketeering Case*, The Information (Feb. 13, 2026) https://www.theinformation.com/briefings/deel-loses-motion-dismiss-rippling-racketeering-case.

[2] See, e.g., Deel, Deel's Counterclaims Against Rippling: Setting the Record Straight (June 1, 2026), https://www.deel.com/blog/deel-files-lawsuit/.

[3] Deel's assertion that sealing is necessary to prevent Rippling from harassing its "customers and prospects" is baffling, because Rippling does not oppose sealing customer and prospect names.

RIPPLING'S RESPONSE TO DEEL'S STATEMENT IN SUPPORT OF SEALING
Case No. 3:25-CV-2576-CRB

6247202

concedes that its request to seal full documents is overbroad and should be rejected. *See* L.R. 79-5(c)(1)(iii) (requiring showing of why "less restrictive alternative[s] to sealing" are insufficient); *PlayUp, Inc. v. Mintas*, 2023 WL 4637156, at *2 (D. Nev. July 19, 2023) (where "confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents").

But as to employee names, Deel's fallback position should be rejected, too. First, the names of high-level Deel employees were already included without redaction—and without objection from Deel—in the publicly filed joint letter brief, so there is no benefit to sealing these same names from the exhibits. Second, the identities of employees involved in the discussions in these Slack threads—including the discussions about how Alex Bouaziz got information about Rippling's sales efforts—are highly probative of whether those discussions were accurate, because it is more likely that high-level employees, who work closely with Bouaziz, would have accurate knowledge of Deel's spying scheme. The identities of the Deel employees involved in these discussions are therefore important to the public's ability to understand and evaluate the significance of the materials at issue here, further militating against sealing. *See* L.R. 79-5(c)(1)(i) (sealing requires consideration of "public interests" involved).[4] And there is no private interest in redacting employee names, because Deel does not contest the veracity of the Slack threads, so any purported "reputational harm" would be a consequence of Deel's and the employees' own conduct and would not overcome the public interest in disclosure.

## V.    CONCLUSION

The Court should order that the yellow highlighted portions of the joint letter brief and Rothstein Declaration be unsealed, and that Exhibits G, H, J, K, L, and M be unsealed, except with narrow redactions to customer names or information.

---

[4] This distinguishes Deel's authority. In *Music Grp. Macao Comm'l Offshore Ltd. v. Foote*, the Court sealed the names of two former employees "suspected of perpetrating [a] cyber attack" because those names were "not important" to the public's understanding of "the actions Plaintiff took against [them] and why Plaintiff suspected th[ose] two employees of perpetrating the attack," which was the basis for those employees' relevance. 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015). Similarly, in *Hunt v. Continental Casualty Co.*, the Court sealed the names of employees other than the plaintiff because those names were "not relevant to the disposition of th[e] case." 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015); 2015 WL 5461573, at *2 (N.D. Cal. Sep. 16, 2015) (explaining claims).

RIPPLING'S RESPONSE TO DEEL'S STATEMENT IN SUPPORT OF SEALING
Case No. 3:25-CV-2576-CRB

6247202

Dated:  June 29, 2026                                    KEKER, VAN NEST & PETERS LLP


                                          By:    */s/ Eric H. MacMichael*
                                                 ELLIOT R. PETERS
                                                 ERIC H. MACMICHAEL
                                                 ANDREW F. DAWSON
                                                 NICHOLAS S. GOLDBERG
                                                 BENJAMIN D. ROTHSTEIN

                                                 Attorneys for Plaintiff PEOPLE CENTER,
                                                 INC. D/B/A RIPPLING, a Delaware
                                                 corporation

RIPPLING'S RESPONSE TO DEEL'S STATEMENT IN SUPPORT OF SEALING
Case No. 3:25-CV-2576-CRB

6247202