

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Eric H. MacMichael**
(415) 773-6624
emacmichael@keker.com

July 8, 2026

**VIA ECF**

District Judge Charles R. Breyer
Courtroom 6 – 17th Floor
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Franisco, CA 94102

Re:    *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.*
       Case No. 3:25- CV-2576-CRB (N.D. Cal.)

Dear Judge Breyer:

We write in response to Deel's July 6, 2026 letter (ECF No. 304), admitting that a critical allegation underlying two of Deel's seven counterclaims is false. We regret to burden the Court but Deel's July 6 letter is incomplete and understates the severity of this situation.

Deel pleads its cybersquatting and trademark infringement counterclaims against Rippling based entirely on allegations that Rippling has caused the domain name <deal.com> to re-route web traffic to Rippling's website since "early or mid-2025." ECF No. 203 ¶¶ 262, 266. Deel initially alleged that Rippling "owns" the domain. *Id*. Rippling's first motion to dismiss established, through public records, that it does not. ECF No. 230 at 29. Rippling repeated the same in discovery responses it served shortly thereafter. Rippling's motion also offered a far more plausible explanation for the re-routing: "[T]he domain may be controlled by an entity wishing to entice Deel to purchase it, and which chose to redirect traffic to Rippling to increase Deel's incentive." *Id*. at 28. In response, Deel amended its counterclaims. It withdrew the false allegation that Rippling "owns" the domain but maintained that "it is a virtual certainty" that Rippling caused the re-routing, based on its allegation that no one else "ever contacted Deel indicating that it was responsible[.]" ECF No. 263 ¶ 282. Deel now relies heavily on the "no one contacted Deel" allegation in opposition to Rippling's present motion to dismiss by arguing to the Court that Rippling's third-party-seller explanation is "wholly unsubstantiated speculation[,]" precisely because—as quoted in Deel's July 6, 2026 letter—"no other person or organization has ever contacted Deel indicating that it was responsible for the Deceptive Domain[.]" ECF No. 291 at 20. The "no one contacted Deel" allegation is thus the linchpin of Deel's cybersquatting and trademark infringement counterclaims.

6257373

July 8, 2026
Page 2

Deel's July 6 letter discloses for the first time that a third-party individual owns the domain and "attempted to sell the domain to Deel in or around April 2025"—i.e., the same "early or mid-2025" period that Deel alleges the re-routing began. ECF No. 304. In other words, Rippling's suggestion that the domain owner was a third-party seller—which Deel brushed aside less than two weeks ago as "wholly unsubstantiated speculation"—is *exactly* what happened. ECF No. 291. Deel's letter implies that Deel became aware of this only recently, when a domain proxy service produced a single document identifying the domain owner. But the April 2025 communication between the owner and Deel was not in that production; it was in Deel's possession and has been for fifteen months. That means Deel's representations to the Court were ***knowingly false***. If Deel had conducted any reasonable investigation before filing Deel's original counterclaims (let alone the amended counterclaims, which Deel filed *after* Rippling provided the likely explanation), it would have uncovered the April 2025 sale offer.

Deel describes the contents of its July 6 letter as a "clarification" that "does not disrupt" its plausibility arguments. That is untenable. Deel has repeated the false "no one contacted Deel" allegation to the Court three times since March 2026 and relies on it heavily in its opposition to the pending motion to dismiss. Rippling will address this further in its forthcoming Reply brief but felt compelled to bring to the Court's attention the full context underlying Deel's July 6 letter.

Sincerely,

KEKER, VAN NEST & PETERS LLP

*/s/ Eric H. MacMichael*

Eric H. MacMichael

cc:    All counsel of record (via ECF)

6257373