Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com
Katherine A. Trefz (Bar No. 262770)
ktrefz@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,<br><br>Defendants. | Case No. 3:25-cv-02576-CRB<br><br>**DEFENDANT ALEX BOUAZIZ'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE RE: PERSONAL ELECTRONIC DEVICE INSPECTION**<br><br>CIVIL L.R. 72-2<br><br>Compl.:                    March 17, 2025<br>First Am. Compl.:    June 5, 2025<br>Judge:                     Hon. Charles R. Breyer<br>Courtroom:             6 |

1

A. Bouaziz's Reply In Support of
Mot. For Relief From Nondisp. Order

Case No. 3:25-cv-02576-CRB

Rippling's opposition does not engage with the central points of Alex's motion for relief: (i) undersigned counsel already directed the creation of forensic images of Alex's devices and accounts, (ii) there is no evidence that undersigned counsel failed to meet their discovery obligations, and (iii) undersigned counsel are willing to collect and produce documents and data in response to Rippling's reasonable discovery requests (indeed, they have already done so and are preparing an additional production). For those reasons, the Court should hold that a "less-invasive alternative" to inspection is available and overrule the June 5 Order. ECF 288 at 4–6. Rather than address those points, Rippling devotes much of its opposition to highlighting Slack messages recently produced by Deel that were not sent by Alex and do not suggest or prove that Alex deleted communications with O'Brien while under a duty to preserve. The little that Rippling does say is wrong:

- Allowing undersigned counsel to coordinate the production of data from the images—as occurs in essentially every federal case—will not result in "months of additional delay." *Id.* at 6. Rather, it is how litigation typically works. Through targeted, reasonable discovery requests and the conferral process, the parties can work together to ensure Rippling obtains responsive data in a timely fashion. Rippling certainly understands this: Since filing its motion to compel, Rippling has served an additional sixty-eight RFPs on Alex, and undersigned counsel has informed Rippling that they will search for responsive documents contained in the images where appropriate when responding to requests.

- Alex's expert, Mr. Racich, will not be making relevance or responsiveness calls. *Id.* Mr. Racich's role is to collect data, and undersigned counsel will work with him to review such data for responsiveness. Rippling's argument that Alex has denied the allegations and therefore he will not produce responsive documents would mean that no defendant in any case could be responsible for their own production; the Federal Rules of Civil Procedure require the opposite.

- Contrary to Rippling's representation, undersigned counsel has produced documents from Alex's devices and accounts and will continue to do so as appropriate. As Rippling knows, Alex already has agreed to produce certain metadata from the images. That production should occur by July 7. Undersigned counsel described that metadata to Rippling, answered questions about it, and

2

A. Bouaziz's Reply In Support of
Mot. For Relief From Nondisp. Order

Case No. 3:25-cv-02576-CRB

just last week reaffirmed that commitment, making Rippling's suggestion that there is an effort to obstruct incorrect at best.

For these reasons as well as those Alex identified in his motion for relief (ECF 288), the Court should grant Alex's motion for relief.

DATED: July 1, 2026

Respectfully submitted,

By: /s/ *Kenneth J. Brown*

Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com
Katherine A. Trefz (Bar No. 262770)
ktrefz@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*

3

A. Bouaziz's Reply In Support of
Mot. For Relief From Nondisp. Order

Case No. 3:25-cv-02576-CRB