KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff/Counter-Defendant
PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware
corporation and Counter-Defendant PARKER ROUSE CONRAD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS**<br><br>Date Filed:    March 17, 2025<br>Am. Compl.:  Filed: June 5, 2025<br>Judge:         Hon. Charles R. Breyer<br>Courtroom:   6<br><br>Hearing Date: August 14, 2026<br>Hearing Time: 10:00 AM |
| DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,<br><br>Counter-Defendants. | |

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6260858

## SUMMARY OF ARGUMENT

Per this Court's Standing Order, Counter-Defendants Rippling and Parker Conrad provide the following summary of argument:

Deel's opposition confirms that Deel cannot litigate its first four counterclaims without relying on the very Terms of Service that require these disputes to be arbitrated. The Court should compel arbitration of Deel's third and fourth counterclaims in their entirety, together with the platform-access portions of the first and second counterclaims, and stay proceedings on those claims pending arbitration.

First, Deel applies the wrong standard. The question is not whether the counterclaims "arise under or depend on" the Terms, but whether they "touch matters" covered by Deel's exceptionally broad arbitration clause. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). As this Court explained in *Taylor v. Inflection Risk Sols., LLC*, 808 F. Supp. 3d 981, 986–87 (N.D. Cal. 2025), claims predicated on accessing a website governed by online terms "relate in some way" to those terms and are arbitrable. That is the case here. The alleged representations Deel attributes to Johnson are drawn nearly verbatim from the Terms, and Deel's CFAA, CDAFA, and access-based RICO theories all arise from alleged registration for, access to, and use of Deel's platform in ways the Terms expressly regulate. *See* Argument § A.

Second, Deel's fraud-in-the-inception theory is unsupported and internally contradictory. Counter-Defendants satisfied their threshold burden by submitting Deel's Terms of Service, the arbitration provision, and Deel's own allegations that Brett Johnson registered for and used the platform. The burden therefore shifts to Deel to prove any fraud defense with evidence. *Hotels Nevada v. L.A. Pac. Ctr., Inc.*, 144 Cal. App. 4th 754, 765 (2006); *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996). Deel offers no such evidence. At most, it alleges that Johnson misrepresented his identity, purpose, and intended use. But Deel drafted the Terms, published them, defined the conditions for platform access, and inserted the arbitration clause. Deel was not deceived about the character or essential terms of its own agreement. Nor can Deel treat the Terms as operative when supplying the alleged misrepresentations on which its counterclaims rely while declaring those same Terms void *ab initio* to escape arbitration. *See* Argument § B.

i

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

Third, Counter-Defendants may enforce the arbitration clause as nonsignatories. Equitable estoppel applies because Deel's platform-access counterclaims are "intimately founded in and intertwined with" the Terms of Service, and claims need only be "in any way founded in or bound up with the terms" of the contract. *Franklin v. Cmty. Reg'l Med. Ctr.,* 998 F.3d 867, 871 (9th Cir. 2021); *Hunt v. Meta Platforms, Inc.*, 735 F. Supp. 3d 1133, 1138 (N.D. Cal. 2024). Agency independently applies because Deel alleges that Johnson acted at Rippling's and Conrad's direction and for their benefit when he registered for and used Deel's platform. Those allegations permit Rippling and Conrad to invoke the arbitration agreement. *See Thomas v. Westlake*, 204 Cal. App. 4th 605, 614 (2012). Deel cannot rely on agency to seek to impose liability while denying the same agency allegations for arbitration purposes. *See* Argument § C(1)-(2).

Fourth, Deel's remaining efforts to avoid arbitration fail. Its unclean-hands theory rests on allegations rather than evidence and goes to the merits, not the making of the arbitration agreement. Its delegation challenge also fails because the Terms incorporate the JAMS Rules, which reserve jurisdictional and arbitrability disputes to the arbitrator and constitute clear and unmistakable evidence of delegation. *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024). *See* Argument § C(3).

Finally, the FAA requires the Court to compel arbitration of the arbitrable issues and stay them pending arbitration. *Smith v. Spizzirri,* 601 U.S. 472, 475-76 (2024); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If any non-arbitrable portion of Deel's RICO counterclaims survives the motion to dismiss, a discretionary stay is warranted because those counterclaims are intertwined with arbitrable issues. Deel itself pleads a single "common scheme" and "common purpose," such that piecemeal litigation would be inefficient and risk inconsistent results. *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1303–04 (N.D. Cal. 2018); *Translarity, Inc. v. Grand Junction Semiconductor PTE. Ltd.*, 2024 WL 4634059, at *11 (N.D. Cal. Oct. 29, 2024). *See* Argument § D.

6260858

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................1

II.  ARGUMENT ........................................................................................................3

    A.   Deel's First Four Counterclaims Fall Squarely Within Its Own Broad Arbitration Clause. ....................................................................................3

        1.   Deel applies the wrong standard. ..............................................3

        2.   Deel's first four counterclaims "touch matters" covered by the Terms. ........................................................................................3

    B.   Deel's "Fraud in the Inception" Argument is Unsupported and Inconsistent with its Own Allegations. ...................................................6

    C.   Counter-Defendants May Enforce the Arbitration Clause as Nonsignatories. ....................................................................................9

        1.   Equitable estoppel applies........................................................9

        2.   Agency also applies. ...............................................................10

        3.   Deel's remaining arguments to avoid enforcement of the arbitration agreement are meritless....................................................................11

    D.   The Court Should Compel Arbitration of the Arbitrable Issues and Stay Related Proceedings Pending Arbitration. ...........................................13

III. CONCLUSION...................................................................................................15

6260858

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Altela, Inc. v. Ariz. Sci. & Tech. Enters. LLC*,
2016 WL 4539949 (D. Ariz. Aug. 31, 2016)...........................................................................11

*Caremark, LLC v. Chickasaw Nation*,
43 F.4th 1021 (9th Cir. 2022) .............................................................................................12

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
207 F.3d 1126 (9th Cir. 2000) ........................................................................................3, 13

*DKS, Inc. v. Corp. Bus. Sols., Inc.*,
2015 WL 4645346 (E.D. Cal. Aug. 4, 2015)...........................................................................8

*Franklin v. Cmty. Reg'l Med. Ctr.*,
998 F.3d 867 (9th Cir. 2021) ...............................................................................................9

*Garcia v. U.S. Bancorp*,
2012 WL 12892153 (C.D. Cal. June 25, 2012) ......................................................................7

*Hunt v. Meta Platforms, Inc.*,
735 F. Supp. 3d 1133 (N.D. Cal. 2024) ............................................................................9, 10

*Installit, Inc. v. Carpenters 46 N. Cal. Ctys. Conf. Bd.*,
214 F. Supp. 3d 855 (N.D. Cal. 2016) ...................................................................................6

*J.D. Marshall Int'l, Inc. v. Redstart, Inc.*,
656 F. Supp. 830 (N.D. Ill. 1987) .......................................................................................14

*Knapke v. PeopleConnect, Inc.*,
38 F.4th 824 (9th Cir. 2022) ..............................................................................................11

*Labajo v. First Int'l Bank & Tr.*,
2014 WL 4090527 (C.D. Cal. July 9, 2014).........................................................................12

*Murphy v. DirecTV, Inc.*,
724 F.3d 1218 (9th Cir. 2013) ...........................................................................................11

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468 (9th Cir. 2024) ..............................................................................................12

*Pokorny v. Quixtar, Inc.*,
601 F.3d 987 (9th Cir. 2010) ...............................................................................................6

*PZZT AZ LLC v. Waste Connections of Ariz. Inc.*,
2022 WL 19575807 (D. Ariz. May 4, 2022) .........................................................................14

iv

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

*Rubio-Leon v. Fresh Harvest, Inc.*,
  812 F. Supp. 3d 944 (N.D. Cal. 2025) ...................................................................................14

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
  298 F. Supp. 3d 1285 (N.D. Cal. 2018) ................................................................................13

*Simula, Inc. v. Autoliv, Inc.*,
  175 F.3d 716 (9th Cir. 1999) .............................................................................................3, 4

*Smith v. Spizzirri*,
  601 U.S. 472 (2024)..............................................................................................................12

*Taylor v. Inflection Risk Sols., LLC*,
  808 F. Supp. 3d 981 (N.D. Cal. 2025) ...............................................................................3, 5

*Teamsters Freight Checkers, Clerical Emps. & Helpers Loc. Union No. 856 v.*
  *Nabisco Brands, Inc.*,
  852 F. Supp. 872 (N.D. Cal. 1994) .......................................................................................11

*Translarity, Inc. v. Grand Junction Semiconductor PTE. Ltd.*,
  2024 WL 4634059 (N.D. Cal. Oct. 29, 2024).......................................................................14

*Trevino v. Acosta, Inc.*,
  2018 WL 3537885 (N.D. Cal. July 23, 2018)..........................................................................6

*Trinchitella v. Am. Realty Partners, LLC*,
  2016 WL 4041319 (E.D. Cal. July 27, 2016) ........................................................................14

*Uptown Drug Co., Inc. v. CVS Caremark Corp.*,
  962 F. Supp. 2d 1172 (N.D. Cal. 2013) ................................................................................13

*Vazquez v. Tommy Bahama R&R Holdings, Inc.*,
  2023 WL 8264554 (S.D. Cal. Nov. 29, 2023) .........................................................................6

*Wallens v. Milliman Fin. Risk Mgmt. LLC*,
  509 F. Supp. 3d 1204 (C.D. Cal. 2020) ..................................................................................7

*Wilson v. Huuuge, Inc.*,
  944 F.3d 1212 (9th Cir. 2019) ............................................................................................7, 8

*Young v. Hyundai Motor Am. Inc.*,
  2024 WL 5154070 (C.D. Cal. Nov. 11, 2024).......................................................................10

**State Cases**

*Fuentes v. TMCSF, Inc.*,
  26 Cal. App. 5th 541 (2018) ............................................................................................10, 11

*Hotels Nevada v. L.A. Pac. Ctr., Inc.*,
  144 Cal. App. 4th 754 (2006) ............................................................................................7, 8

6260858

*Thomas v. Westlake*,
    204 Cal. App. 4th 605 (2012) ........................................................................................10, 11

**Federal Statutes**

9 U.S.C. § 2........................................................................................................................6

9 U.S.C. § 3........................................................................................................................12

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

## I.    INTRODUCTION

Deel's opposition confirms the central premise of Counter-Defendants' motion: Deel cannot litigate its first four counterclaims without relying on the very Terms of Service that require these disputes to be arbitrated. Deel drafted and published those Terms. Deel used them to govern access to its platform, define what users must represent, specify what uses are forbidden, and provide remedies when those rules are broken. And now Deel has asserted counterclaims on the theory that Johnson, acting on behalf of Rippling, obtained access to Deel's platform by making promises set out in the Terms and then violating them. Those Terms unequivocally require that any disputes "relating in any way" to use of Deel's platform, including this one, must be arbitrated. Deel's position is that it can reap the benefits of its Terms without the burden of the arbitration clause. But the law does not permit Deel to have it both ways. Simply put, Deel cannot prosecute counterclaims built on its Terms while disavowing the arbitration clause in those same Terms.

Counter-Defendants' Motion demonstrated in a detailed chart that the alleged representations Deel attributes to Johnson are drawn nearly verbatim from Deel's own Terms of Service. Deel fails to confront the direct match between its allegations and the Terms. That silence is telling, and fatal. In fact, Deel left its platform-access allegations intact in its amended counterclaims even after reviewing Rippling's initial motion to compel arbitration. The reason is simple: Deel cannot disentangle its counterclaims from its Terms.

Deel's principal response is that no arbitration agreement exists because Johnson allegedly procured access to Deel's platform through fraud, rendering the Terms void in the inception. But that argument turns the threshold question of arbitrability on its head. Counter-Defendants have satisfied their burden of proving an arbitration agreement by submitting evidence of Deel's Terms of Service with a binding arbitration provision, and Deel does not dispute that those Terms were in force when Johnson registered for and used Deel's platform. Deel's fraud-in-the-inception theory is an affirmative defense to enforcement, and Deel bears the burden to prove it with evidence. It has not done so: allegations are not a substitute for evidence. Nor could it on the theory it advances here. Deel drafted the Terms, published them, and alleges that Johnson made

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

promises contained in those Terms. Deel was not deceived about the character or essential terms of its own online agreement. At most, Deel alleges that Johnson misrepresented his identity, purpose, and intended use of the platform. But Deel's Terms of Service are not displaced whenever a user allegedly obtains unauthorized access—they are the very contract Deel drafted to address that conduct. Under Deel's own Terms, "any dispute" "relating in any way" to Johnson's "use of [Deel's] Services" must be arbitrated.

Deel's position is also internally contradictory and amounts to Deel wanting to have its cake and eat it too. To plead its fraud, CFAA, CDAFA, and RICO claims, Deel treats the Terms as operative representations that Johnson allegedly made and breached on Counter-Defendants' behalf. Yet Deel declares those same Terms a nullity for purposes of attempting to avoid arbitration. Deel cannot rely on representations in its Terms as the source of the alleged wrongdoing to prop up its claims, while disavowing the mandatory arbitration provision in the same agreement.

Deel resorts to the same flawed reasoning in attempting to avoid Counter-Defendants' right to enforce the arbitration agreement as nonsignatories. Deel alleges that Johnson acted at Rippling's and Conrad's direction and for their benefit when he accessed Deel's platform. Deel cannot rely on that theory to seek to impose liability on Rippling and Conrad while denying their right to enforce the arbitration provision. And because Deel's first four counterclaims are indisputably founded on and intertwined with the Terms governing platform access, Deel is independently equitably estopped from denying arbitration.

Accordingly, the Court should compel arbitration of Deel's third and fourth counterclaims in their entirety, along with the platform-access portions of the first and second counterclaims, and stay all proceedings on those four claims pending arbitration.

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

## II.     ARGUMENT

### A.     Deel's First Four Counterclaims Fall Squarely Within Its Own Broad Arbitration Clause.

#### 1.     Deel applies the wrong standard.

Deel does not dispute that its Terms of Service govern access to and use of its platform, or that those Terms contain a mandatory arbitration clause. Instead, Deel tries to avoid arbitration by recasting the governing standard. According to Deel, the counterclaims are arbitrable only if they "arise under or depend on" the Terms of Service. *See, e.g.,* ECF No. 294 ("Opp.") at 11–12. But that is not the language Deel drafted. Deel's arbitration provision is far broader, covering "any dispute, controversy, or claim . . . ***relating in any way*** to your use of the Services." ECF No. 272 ("Mot") at 2, 5–6; ECF No. 272-2 ("ToS") § 26 (emphasis added).

The Ninth Circuit treats provisions covering disputes "arising out of" or "relating to" an agreement as broad in scope, under which the "factual allegations need only 'touch matters' covered by the contract" to require arbitration. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). A clause like Deel's, reaching disputes "relating in any way to" a user's "use of" the services, is even broader. *Taylor v. Inflection Risk Sols., LLC*, 808 F. Supp. 3d 981, 986–87 (N.D. Cal. 2025). This Court recently enforced a nearly identical provision, holding that statutory claims were arbitrable because they "relate[d] in some way" to the plaintiff's access to and use of the services. *Id.* By substituting a narrower "arise under" test for the actual "relating in any way" language, Deel asks the Court to rewrite the clause it drafted and ignore established precedent. Under the correct standard, the counterclaims need only "touch matters" covered by the Terms: they plainly do and must be compelled to arbitration. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

#### 2.     Deel's first four counterclaims "touch matters" covered by the Terms.

Counter-Defendants' Motion established that the alleged misrepresentations Deel attributes to Johnson are lifted directly from Deel's Terms of Service. *See* Mot. at 3–5. Deel does

3

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

not contest Rippling's detailed chart with a side-by-side comparison of Deel's allegations and the corresponding Deel Term of Service. *Id.* Deel does not dispute that the language appears in its Terms, nor does it identify any meaningful daylight between the Terms and the alleged promises on which its claims rely. Deel's allegation that Johnson represented Quandary "was a bona fide and legitimate business" tracks the Terms' requirement that registration information "is truthful and accurate." Deel's allegation that Johnson would use the platform "only for Quandary's bona fide business purposes" tracks Section 7.2's language permitting use only for a bona fide internal business purpose. Deel's allegations that Johnson would not use the platform for any "illegal or fraudulent purpose," for the benefit of "unaffiliated third parties (such as Rippling)," or for "any other use not authorized by Deel" also track Section 7.2's prohibitions on those uses. And Deel's allegation that Johnson would not use the platform "for the purpose of recording, duplicating, decompiling, reverse engineering" tracks the "Prohibited Uses" provision in Section 30 of the Terms. *See* Mot. at 4; ECF No. 263 ("FACC") ¶ 120; ToS.

Deel's response is that "similarity is not *dependence*." Opp. at 12 n.7 (emphasis in the original). That argument misses the point. The issue is not whether Deel labeled its claims as contract claims or cited the Terms by name. Nor is the issue whether the counterclaims "depend on" the Terms in the narrow sense Deel suggests. The issue is whether Deel's counterclaims "touch matters" covered by the Terms. *Simula*, 175 F.3d at 721. They plainly do. Deel alleges dozens of facts concerning Johnson/Quandary's registration for, access to, and use of Deel's platform, which is governed by the Terms. *See* FACC ¶¶ 103–09, 112–16, 122–43, 388, 400–01, 408–10, 417–19; ToS § 26. And Deel alleges the wrongfulness of that platform access through representations and restrictions contained in the Terms themselves. *Id.* ¶ 120; *see* Mot. at 3–5.

At most, Deel contends that it does not allege "a violation of the Terms of Service," but pleads the unlawful conduct to be "acts of fraud in obtaining *unauthorized* and/or knowing access to Deel's platform in the first place." Opp. at 11. This supposed clarification distinguishes nothing. The Terms expressly govern access to and use of the Deel platform, including fraudulent, unauthorized, and prohibited uses. *See* ToS §§ 7.2, 30. They require "truthful and accurate" registration information, prohibit use of the platform for "illegal, fraudulent, or

4

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

unauthorized purposes," prohibit access or use in ways "not expressly permitted by these Terms," and provide Deel with remedies if it suspects or determines that a user is engaging in prohibited uses. *Id.* § 7.2. Thus, the Terms are not displaced whenever a user obtains unauthorized access— they are the very instrument Deel drafted to cover that conduct. Deel's theory therefore falls in the heartland of the arbitration clause. If disputes over allegedly fraudulent registration, unauthorized platform access, and third-party use do not "relate in any way" to the use of Deel's Services, it is difficult to imagine what would.

This Court's decision in *Taylor* confirms the point. There, the Court rejected a similar argument to the one Deel advances here, concluding the plaintiff's claims were predicated on accessing the website governed by the terms of service and, thus, "relate in some way" to the Terms and use of the governed services. 808 F. Supp. 3d at 987. The same conclusion applies here with even greater force: Deel's claims are not merely connected to access to the platform; they are based on alleged registration for, access to, and use of that platform in ways the Terms expressly regulate.

Deel's third counterclaim for violation of the CFAA and fourth counterclaim for violation of CDAFA fall squarely within the clause because they are based entirely on alleged unauthorized access to and use of Deel's platform. *See* Mot. at 6–8. Deel alleges that Counter-Defendants, "via Johnson," "intentionally accessed Deel's protected computer without authorization or exceeded any authorized access," including Deel's "customer-facing platform." FACC ¶¶ 409–10, 417–19. Deel's opposition fails to address any of the analogous decisions compelling CFAA and CDAFA claims to arbitration cited in Counter-Defendants' motion. *See* Mot. at 8 (collecting cases).

The same is true of the access-based portions of Deel's first and second RICO counterclaims. Deel alleges that "Rippling, via Johnson," engaged in a "scheme to defraud Deel by using knowingly fake and/or nonexistent companies to register for Deel customer accounts" and thereby obtain access to Deel's "protected computers," including its "customer-facing platform." FACC ¶ 388. Those allegations repackage the same platform-access theory underlying the CFAA and CDAFA claims as RICO predicates. *See* Mot. at 8–10. Because Deel's first four

5

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

counterclaims are disputes "relating in any way to" Counter-Defendants' alleged use of Deel's Services, they must be arbitrated under the Terms.

### B.    Deel's "Fraud in the Inception" Argument is Unsupported and Inconsistent with its Own Allegations.

Deel's fraud-in-the-inception argument is an attempt to convert its merits theory into a threshold defense to arbitration. Having alleged claims that rely on Johnson's supposed promises to comply with restrictions set forth in Deel's Terms of Service, Deel now contends those same Terms never came into existence because Johnson allegedly misrepresented his identity and purpose. That is not fraud in the inception. It is Deel's alleged theory of platform misuse that forms the basis for its counterclaims. The alleged conduct falls within the Terms.

Counter-Defendants have satisfied their threshold burden to show an agreement to arbitrate. Section 2 of the FAA provides that arbitration agreements in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. "In determining the validity of an agreement to arbitrate, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994 (9th Cir. 2010) (cleaned up). "In California, the party seeking to compel arbitration bears the burden of proving the existence of a valid arbitration agreement, while a party opposing arbitration bears the burden of proving any fact necessary to its defense." *Trevino v. Acosta, Inc.*, 2018 WL 3537885, at *3 (N.D. Cal. July 23, 2018) (citing *Ruiz v. Moss Bros. Auto Group, Inc.*, 232 Cal. App. 4th 836, 842 (2014)). To carry its initial burden, the moving party need only submit "prima facie evidence of a written agreement to arbitrate the controversy" in question. *Vazquez v. Tommy Bahama R&R Holdings, Inc.*, 2023 WL 8264554, at *3 (S.D. Cal. Nov. 29, 2023) (citing *Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 705 (2010)).

Counter-Defendants made that showing. They submitted Deel's Terms of Service governing access to Deel's platform, providing that use of the platform constitutes agreement to be bound by the Terms, and containing a broad arbitration clause. *See* Mot. at 2–5; ECF No. 272-1 ("Goldberg Decl."), Exs. A–G. Deel does not dispute that those Terms were in effect during the

6260858

relevant period. And Deel itself has alleged that Johnson/Quandary registered for and repeatedly accessed Deel's platform. *See* FACC ¶¶ 103–13, 119–21, 409–10; *see, e.g., Installit, Inc. v. Carpenters 46 N. Cal. Ctys. Conf. Bd.*, 214 F. Supp. 3d 855, 858, 863–64 (N.D. Cal. 2016) (compelling arbitration where moving party attached arbitration agreement to motion and opposing party's allegations "touch matters" covered by the agreement); *Wallens v. Milliman Fin. Risk Mgmt. LLC*, 509 F. Supp. 3d 1204, 1209, 1213–14 (C.D. Cal. 2020) (same).

The burden therefore shifts to Deel, as the party resisting arbitration, to prove its asserted fraud in the inception defense "by a preponderance of the evidence." *Garcia v. U.S. Bancorp*, 2012 WL 12892153, at *3 (C.D. Cal. June 25, 2012). A party asserting fraud in the inception "bears the burden of producing evidence of, and proving by a preponderance of the evidence, any fact necessary to the defense." *Hotels Nevada v. L.A. Pac. Ctr., Inc.*, 144 Cal. App. 4th 754, 765 (2006) (quoting *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 413 (1996)). Allegations are not enough. As California courts have explained, "if arbitration could be denied on the ground of fraud based solely on allegations lacking any evidentiary support . . . then virtually anyone could avoid arbitration simply by making unsubstantiated allegations of fraud." *Hotels Nevada,* 144 Cal. App. 4th at 765 (quoting *Strauch v. Eyring*, 30 Cal. App. 4th at 186).

Deel offers no evidence establishing fraud in the inception. It relies instead entirely on the allegations in its counterclaims. *See* Opp. at 4–6. That is insufficient as a matter of law. *See Hotels Nevada*, 144 Cal. App. 4th at 765. Moreover, Deel's bare assertion, unsupported by evidence, that Johnson allegedly lied about who he was, whether Quandary was legitimate, why he wanted access, or how he intended to use the platform does not show that Deel was deceived about the nature of the agreement or did not know what its own Terms provided. Deel cannot defeat arbitration by demanding that Rippling disprove allegations that rely on the existence and content of the Terms of Service containing the arbitration provision. That approach improperly inverts the burden of proof.

Deel's authorities do not support a different result. *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019), speaks only to the moving party's burden to establish the existence of an

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

agreement to arbitrate.[1] Counter-Defendants have met that burden here by submitting unrebutted evidence of Deel's Terms of Service containing a mandatory arbitration clause. *Wilson* does not relieve Deel of its burden to prove a fraud defense with evidence, nor does it require Counter-Defendants to disprove Deel's allegations before arbitration can be compelled.

*DKS, Inc. v. Corp. Bus. Sols., Inc.*, 2015 WL 4645346 (E.D. Cal. Aug. 4, 2015), also fails to support Deel's position. It is an unpublished decision that has never been cited by any court, and its facts are far afield. There, the plaintiff allegedly hired consultants to rescue its business, but the defendants "never intended to fulfill their end of the bargain[,]" looting the plaintiff's business after gaining control of its books. *Id.* at *2–3. On those unusual facts, the court concluded that the plaintiff had been deceived "as to the nature of his act" and that the entire "contract, and the arbitration agreement contained therein," was void. *Id.* Deel seeks something very different. It pleads claims premised on provisions of the Terms requiring truthful registration, bona fide use, and no unauthorized access as the supposed representations Johnson made and violated, while asking the Court to treat only the arbitration clause as a nullity. *DKS* did not permit that kind of selective enforcement. If Deel were right that the Terms were void from inception, then the provisions of the Terms on which Deel's counterclaims rely would be void as well. Deel cannot use *DKS* to selectively invalidate the arbitration clause while preserving the rest of the Terms as the foundation for its counterclaims.[2]

Accepting Deel's argument would produce an untenable rule: every user who provides false registration information or uses an online platform for a prohibited purpose would nullify the very terms that prohibit that conduct. Deel cites no authority for such a rule. The appropriate framing is the opposite: The Terms of Service expressly address the categories of alleged

---

[1] Notably, *Wilson* is a notice case and does not address fraud in the inception. Deel makes no argument here that its own arbitration clause is unenforceable for lack of actual or constructive notice. Nor could Deel plausibly take that position while relying on those same Terms as the source of the representations Johnson allegedly made to obtain access to Deel's platform.

[2] To the extent Deel reads *DKS* to permit a party opposing arbitration to establish fraud in the inception based on allegations alone, without evidentiary support, that reading conflicts with California authority requiring the party resisting arbitration to prove the facts necessary to its defense. *See Hotels Nevada*, 144 Cal. App. 4th at 765. *DKS* did not analyze that evidentiary burden, and no court has cited *DKS* for the proposition that unproven allegations of fraud are sufficient to defeat a motion to compel arbitration.

6260858

misconduct Deel identifies—truthful registration, bona fide business use, no illegal or unauthorized purposes, no use for unaffiliated third parties, and no duplicating, decompiling, or reverse engineering. *See* FACC ¶ 120; ToS §§ 5, 7.2, 30. Whether Johnson, in fact, made and breached those provisions is Deel's merits theory. It is not a basis to disregard the arbitration clause at this threshold stage.

In short, Deel cannot treat the Terms of Service as valid and operative for purposes of supplying the misrepresentations on which its counterclaims rely, while declaring, without evidence, the same Terms *void ab initio* to escape the arbitration obligation they impose.

### C.   Counter-Defendants May Enforce the Arbitration Clause as Nonsignatories.

#### 1.   Equitable estoppel applies.

Counter-Defendants may enforce the arbitration provision under the doctrine of equitable estoppel because Deel's platform-access counterclaims are "intimately founded in and intertwined with" the Terms of Service. *Franklin v. Cmty. Reg'l Med. Ctr.*, 998 F.3d 867, 871 (9th Cir. 2021). For equitable estoppel to apply, Deel's claims against Counter-Defendants need only be "in any way founded in or bound up with the terms" of the contract. *Hunt v. Meta Platforms, Inc.*, 735 F. Supp. 3d 1133, 1138 (N.D. Cal. 2024). Here, Deel cannot overcome Rippling's unrebutted showing that Deel's CFAA, CDAFA, and access-based RICO theories are predicated on Counter-Defendants' alleged use of Deel's platform and track the Terms' provisions governing such use. *See supra* § A; Mot. at 2–5; FACC ¶¶ 103–09, 112–16, 119–21, 122–43, 388, 400–01, 408–10, 417–19; ToS §§ 5, 7.2, 30. Deel's assertion, in a single sentence without any elaboration or explanation, that it "can prove all of its counterclaims without any reference to, or establishing a breach of those terms[,]" Opp. at 12, is wholly lacking in support and does not answer the point. Deel alleges that Johnson's access to its platform is wrongful based on restrictions imposed by the Terms. Deel cannot rely on those restrictions as the source of Counter-Defendants' alleged wrongdoing while disavowing the arbitration provision in the same Terms. *Franklin*, 998 F.3d at 871 ("The fundamental point [of equitable estoppel] is that a party

9

6260858

may not make use of a contract containing an arbitration clause and then attempt to avoid the duty to arbitrate") (quoting *Boucher v. All. Title Co.*, 127 Cal. App. 4th 262, 272 (2005)).[3]

## 2. Agency also applies.

Counter-Defendants may also independently compel arbitration under agency principles. A nonsignatory may compel arbitration where there is "a connection between the claims alleged against the nonsignatory and its agency relationship with a signatory." *Young v. Hyundai Motor Am. Inc.*, 2024 WL 5154070, at *4 (C.D. Cal. Nov. 11, 2024). That is precisely how Deel has pleaded its claims. Deel's counterclaims against Conrad and Rippling depend on the allegation that Johnson acted at their direction and for their benefit when he registered for and used Deel's platform. Deel alleges that Johnson acted "under Rippling's direction and control"; created the Quandary account at "Rippling's direction and control for the sole purpose of gaining Rippling unauthorized access to Deel's platform"; acted "pursuant to the direction" and control of Conrad; and made the alleged representations "at Rippling's direction[.]" FACC ¶¶ 15, 44, 103–04, 120–21, 142, 409. Deel does not, and cannot, dispute these allegations, which pervade its pleading. Counter-Defendants may enforce the arbitration provision because "when a plaintiff ***alleges*** a defendant acted as an agent of a party to an arbitration agreement, the defendant may enforce the agreement even though the defendant is not a party thereto." *See Thomas v. Westlake*, 204 Cal. App. 4th 605, 614 (2012) (emphasis added).

Deel is mistaken in arguing that Counter-Defendants must "affirmatively establish" Deel's agency allegations. Opp. at 7. Counter-Defendants need not admit liability or agency on the merits to rely on Deel's pleaded theory for arbitration. It is well established that a "plaintiff's ***allegations*** of an agency relationship among defendants is sufficient to allow the ***alleged*** agents to invoke the benefit of an arbitration agreement executed by their principal even though the agents are not parties to the agreement." *Thomas,* 204 Cal. App. 4th at 614 (emphases added).

---

[3] Deel contends that the cases Counter-Defendants cited are distinguishable, *see* Opp. at 11 n.6. But Deel's description of the facts of those cases demonstrating a relationship between the underlying contract containing the arbitration provision and the alleged misconduct only *confirms* that Deel's counterclaims here, lifted nearly verbatim from the Terms and targeted directly at Counter-Defendants' access and use of Deel's platform, are "in any way founded in" the Terms. *Hunt*, 735 F. Supp. 3d at 1138.

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

Deel's reliance on *Fuentes v. TMCSF, Inc.*, 26 Cal. App. 5th 541 (2018), is misplaced. In *Fuentes*, the court rejected the sufficiency of "boilerplate allegation of Fuentes's complaint that all of the defendants were agents of each other" to compel arbitration based on an agency theory. 26 Cal. App. 5th at 550. By contrast, here, Deel's allegations of Counter-Defendants' agency relationship with Johnson are numerous and fundamental to Deel's theory that Rippling and Conrad are responsible for Johnson's conduct. *See* FACC ¶¶ 15, 44, 103–04, 120–21, 142, 409.[4]

Deel's argument would permit Deel to disclaim its *own* allegations of agency to avoid enforcement of the arbitration provision that Deel itself drafted, while claiming the benefit of those same allegations to seek to impose liability on Rippling and Conrad. This is exactly the injustice the *Thomas* court explained must be avoided: "it would be unfair to defendants to allow [plaintiff] to invoke agency principles when it is to his advantage to do so, but to disavow those same principles when it is not." *Thomas*, 204 Cal. App. 4th at 614–15. Deel's contention that Counter-Defendants must "admit" the allegations to invoke them is wrong.

### 3. Deel's remaining arguments to avoid enforcement of the arbitration agreement are meritless.

Deel's remaining attempts to avoid arbitration fail for similar reasons. Deel's "unclean hands" argument, Opp. at 9–10, suffers from the same defect as its fraud theory: it rests on allegations rather than evidence and assumes the very fraud Deel has yet to prove. Further, courts "will not deny a motion to compel arbitration on unclean hands grounds unless the misconduct allegedly giving rise to the unclean hands relates directly to the making of the agreement to arbitrate." *Altela, Inc. v. Ariz. Sci. & Tech. Enters. LLC*, 2016 WL 4539949, at *6 (D. Ariz. Aug. 31, 2016) (cleaned up). Conduct that relates directly to the making of the agreement to arbitrate includes actions that "affect the neutrality of the arbitrator or thwart the arbitration process[,]" not merely supply the substance of the underlying dispute. *Teamsters Freight Checkers, Clerical Emps. & Helpers Loc. Union No. 856 v. Nabisco Brands, Inc.*, 852 F. Supp. 872, 875 (N.D. Cal.

---

[4] Deel's citations to *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) and *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 831, 833 (9th Cir. 2022) are likewise inapposite. Opp. at 7–8. *Murphy* offers no discussion at all as to the allegations of agency set forth by the party resisting enforcement of the arbitration provision. *Cf.* 724 F.3d at 1232–33. And *Knapke* was decided under Washington law, 38 F.4th at 832, not California law, which applies here.

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

1994). Here, Deel does not contend that anything about the arbitration clause itself, the choice of arbitral forum, or the JAMS process was tainted. Rather, its grievance is with Johnson's alleged access to Deel's platform—the merits of the counterclaims the Terms govern. An unclean-hands defense of that character is a question for the arbitrator. *See Labajo v. First Int'l Bank & Tr.*, 2014 WL 4090527, at *10 (C.D. Cal. July 9, 2014) (declining to decide unclean hands because the argument went "to the merits of the case" and "defer[ring] to the arbitrators to determine the issue").

Deel also cannot avoid the delegation provision incorporated in the Terms of Service. Opp. at 6–7. Deel does not dispute that the Terms incorporate the JAMS Rules, which reserve "[j]urisdictional and arbitrability disputes"—including disputes over the "formation, existence, validity, interpretation or scope of the agreement"—to the arbitrator. Mot. at 12–13; ToS § 26; ECF No. 272-9, Rule 11(b); ECF No. 272-10, Rule 8(b). Incorporation of the JAMS Rules "constitutes clear and unmistakable evidence that the parties agree to arbitrate arbitrability." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024); *see Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021, 1029–30 (9th Cir. 2022). Deel's contention that the delegation clause is void because the agreement is void ab initio fails for the same reason its "fraud in the inception" theory fails. *See supra* § B. And Deel's contention that there is no clear and unmistakable agreement to delegate with nonsignatories confuses the sequencing of the issues. The Court may decide the antecedent question whether Counter-Defendants can enforce the arbitration provision as nonsignatories. But once the Court determines that they may do so under equitable estoppel or agency principles, questions of scope and validity belong to the arbitrator.[5]

---

[5] Deel's reference to the Delaware proceeding, which Deel voluntarily abandoned, is irrelevant to this motion. *See* Opp. at 1 n.2. Deel does not argue that Counter-Defendants waived any right to arbitrate, because they have not. Deel voluntarily dismissed its Delaware action. Counter-Defendants moved promptly to compel arbitration of the arbitrable counterclaims that Deel asserted for the first time in this Court.

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858

**D.    The Court Should Compel Arbitration of the Arbitrable Issues and Stay Related Proceedings Pending Arbitration.**

Where a court determines that claims or issues are subject to arbitration and a party requests a stay, the FAA requires those claims and issues to be sent to arbitration and stayed pending completion of the arbitration. *See* 9 U.S.C. § 3; *Smith v. Spizzirri,* 601 U.S. 472, 475–76 (2024). Accordingly, the Court must compel arbitration of counterclaims three and four in their entirety, as well as the platform-access issues in counterclaims one and two, and stay litigation of those claims and issues pending arbitration. If any non-arbitrable portion of Deel's RICO counterclaims survives the pending motion to dismiss, this Court should exercise its discretion to stay those remaining portions as well. A stay is particularly appropriate where there is factual or legal overlap between the arbitrable and non-arbitrable claims. *See In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1303–04 (N.D. Cal. 2018).

Deel attempts to avoid this result by characterizing Counter-Defendants' request as an effort to arbitrate a "fraction of one element" of a RICO claim. Opp. at 3, 14. That mischaracterizes the requested relief and the FAA. Counter-Defendants do not ask the Court to conduct an impermissible "claim splitting." They merely ask the Court to enforce Deel's arbitration agreement by compelling arbitration of arbitrable issues concerning Johnson's access to and use of Deel's platform—including counterclaims three and four and the access-based RICO predicates in counterclaims one and two. The FAA expressly contemplates arbitration of arbitrable "issues[,]" and district courts "shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron*, 207 F.3d at 1130.

Nor is there anything improper about compelling arbitration of arbitrable issues while staying related non-arbitrable proceedings. As Counter-Defendants explained in their Motion, courts compel arbitration of arbitrable portions of RICO claims even where other predicates or defendants remained outside arbitration. *See* Mot. at 10–12 (citing *Baker v. Paine, Webber, Jackson & Curtis, Inc.*, 637 F. Supp. 419, 422 (D.N.J. 1986); *Reiner v. Paneth*, 808 F. Supp. 3d 431, 452, 472 (E.D.N.Y. 2025); *GEICO v. Stelton Radiology Corp.*, 2022 WL 7991093, at *5–6, *8 (D.N.J. Oct. 14, 2022)). This approach is not unique to RICO: courts routinely compel

13

6260858

arbitration of discrete arbitrable issues or portions of a claim, retain jurisdiction over any remainder, and stay proceedings pending completion of the arbitration. *See, e.g., Uptown Drug Co., Inc. v. CVS Caremark Corp.*, 962 F. Supp. 2d 1172, 1187 (N.D. Cal. 2013) (compelling to arbitration a claim under the unlawful prong of the UCL but not portion of the claim under the unfair prong of the UCL and staying proceedings pending completion of the arbitration); *Rubio-Leon v. Fresh Harvest, Inc.*, 812 F. Supp. 3d 944, 956 (N.D. Cal. 2025) (compelling to arbitration individual portions of a PAGA claim but not representative portion of PAGA claim and staying proceedings pending completion of arbitration); *PZZT AZ LLC v. Waste Connections of Ariz. Inc.*, 2022 WL 19575807, at *5 (D. Ariz. May 4, 2022) (compelling to arbitration a portion of a promissory estoppel claim while retaining jurisdiction over the remainder of the claim and staying proceedings pending completion of the arbitration).

To the extent any non-arbitrable portion of the RICO counterclaims survives the concurrent motion to dismiss, a discretionary stay is warranted because the arbitrable and non-arbitrable portions overlap in fact and law. Deel itself pleads its RICO counterclaims as a single "common scheme" carried out by a cohesive "Rippling Crime Syndicate" sharing a "common purpose[.]" FACC ¶¶ 382–84. Having alleged a single enterprise and unified pattern, Deel cannot credibly deny the factual and legal overlap that makes a stay of the RICO claims appropriate. *See Translarity, Inc. v. Grand Junction Semiconductor PTE. Ltd.*, 2024 WL 4634059, at *11 (N.D. Cal. Oct. 29, 2024); *Trinchitella v. Am. Realty Partners, LLC*, 2016 WL 4041319, at *13 (E.D. Cal. July 27, 2016); *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 656 F. Supp. 830, 834 (N.D. Ill. 1987). If the platform-access predicates are arbitrated first, the resolution of those issues may materially affect the viability of Deel's broader RICO theory.

Finally, Deel's purported concern about a stay impeding discovery concerning O'Brien, Opp. at 15, is a red herring. A stay of the arbitrable counterclaims and issues would not prevent Deel from pursuing relevant discovery that independently bears on Rippling's affirmative claims or on Deel's defenses, including discovery relating to O'Brien. But Deel should not be permitted to litigate arbitrable platform-access issues in court merely by embedding them in a broader

14

6260858

RICO theory. The Court should compel arbitration of the arbitrable claims and issues and stay related proceedings pending completion of arbitration.

## III.    CONCLUSION

For the foregoing reasons, Counter-Defendants respectfully request that the Court grant the Motion and enter an order:

(1) compelling arbitration of Deel's third and fourth counterclaims in their entirety, and of all disputes and issues concerning Johnson's and Quandary's access to and use of Deel's platform, including the access-based RICO predicates within Deel's first and second counterclaims;

(2) referring any remaining dispute concerning arbitrability to the arbitrator; and

(3) staying all proceedings on the arbitrable counterclaims and issues pending completion of arbitration, and, in the event any non-arbitrable portion of Deel's first and second counterclaims survives Counter-Defendants' motion to dismiss, staying those portions pending arbitration as well.

Dated: July 10, 2026                                    KEKER, VAN NEST & PETERS LLP

By:    /s/ Eric H. MacMichael
ELLIOT R. PETERS
ERIC H. MACMICHAEL
ANDREW F. DAWSON
BENJAMIN D. ROTHSTEIN

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation and Counter-Defendant PARKER ROUSE CONRAD

15

COUNTER-DEFENDANTS RIPPLING AND CONRAD'S REPLY ISO MOTION
TO COMPEL ARBITRATION OF DEEL'S AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6260858