KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Counter-Defendants PEOPLE
CENTER, INC. D/B/A RIPPLING, a Delaware
corporation and PARKER ROUSE CONRAD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100, <br><br> Defendants. | Case No. 3:25-CV-2576-CRB <br><br> **COUNTER-DEFENDANTS PEOPLE CENTER, INC. D/B/A RIPPLING AND PARKER ROUSE CONRAD'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS** <br><br> Date Filed:     March 17, 2025 <br> Am. Compl.:   Filed: June 5, 2025 <br> Judge:          Hon. Charles R. Breyer <br> Courtroom:    6 <br><br> Trial Date:     None set |
| DEEL, INC., a Delaware corporation, <br><br> Counterclaimant, <br><br> v. <br><br> PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100, <br><br> Counter-Defendants. | |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S
FIRST AMENDED COUNTERCLAIMS
No. 3:25-CV-2576-CRB

6250636

## I.    INTRODUCTION

Deel brings counterclaims under the Computer Fraud and Abuse Act ("CFAA") and the California Comprehensive Computer Data Access and Fraud Act ("CDAFA") based on Counter-Defendants' alleged unauthorized access of Deel's computer systems and networks. But in Deel's Opposition to Counter-Defendants' Request for Judicial Notice, Deel seeks to bar the Court from looking at two documents directly relevant to those claims—**Exhibit E,** Deel's own Terms of Service (the "Terms"), and **Exhibit F**, its December 2022 Email to Rippling—because these documents doom its case.

Fortunately, Deel's ostrich-like position is not the law, and the Court need not be forced to ignore documents that are fundamental to Deel's claims. Deel first seeks to exclude its own Terms, but the Terms unquestionably "form the basis" of Deel's CFAA and CDAFA claims, as they define, almost verbatim, each of the operative misrepresentations Rippling allegedly made. While Deel ostensibly disclaims a theory of reliance on the Terms for purposes of the CFAA and CDAFA claims, it continues to rely directly on alleged misrepresentations that correspond directly to the Terms. ECF 268 at 17 & n.6. The Terms are also undeniably authentic such that judicial notice is proper: they are dated, appear on Deel's own website, and (tellingly) are entirely uncontested by Deel elsewhere in the pleadings.

Deel next seeks to exclude its December 2022 Email to Rippling. But Deel's objections effectively ask the Court to turn a blind eye to a communication on which Deel unavoidably relies *and from which it directly quotes*. Deel alleges that it "had revoked Rippling's access to Deel's computer systems" after "the termination of the parties' relationship in December 2022." ECF 263 ("FACC") ¶ 101. The December 2022 Email is the only correspondence of which Rippling is aware in this time period. Critically, ***Deel does not directly dispute that this is the email to which it refers.*** If the revocation to which it refers in Paragraph 101 is some other communication, as noted in Counter-Defendants' Reply in support of their Motion to Dismiss, Rule 9(b) obligates Deel to identify that communication.

Each of the documents in Counter-Defendants' Request for Judicial Notice is properly incorporated by reference and/or subject to judicial notice. The Court should grant Counter-

6250636

Defendants' Request for Judicial Notice in support of their Motion to Dismiss in full.

## II.    ARGUMENT

### A.    Deel Does Not Dispute the Vast Majority of Rippling's Motion.

Deel does not oppose Counter-Defendants' request as to Exhibits A–D and G–H. *See* ECF 292 ("RJN Opp.") at 1. Accordingly, as set forth in Counter-Defendants' Request for Judicial Notice, the Court may properly consider these exhibits under the doctrines of judicial notice and incorporation by reference. *See* ECF 270 ("RJN") at 4-8.

### B.    Deel's Terms of Service Are Both Judicially Noticeable and Incorporated by Reference.

Deel's objections to Counter-Defendants' request as to **Exhibit E** (ECF 270-6)—Deel's Terms as of May 22, 2024—are unfounded. These Terms sit at the very core of Deel's CFAA and CDAFA claims and are not subject to reasonable dispute. Judicial notice and incorporation by reference are proper.

#### 1.    Deel's Terms form the basis of its computer claims and are therefore incorporated by reference.

Deel first contends that its CFAA claim is not based on the violation of any Deel Terms, but rather "on the creation and use of fake company credentials … to dupe the Deel platform into granting … access." RJN Opp. at 3. Even a cursory review of Deel's First Amended Counter-Complaint disproves that notion. As shown in the detailed chart in Counter-Defendants' Motion to Compel Arbitration, all of the "representations" that form the basis of Deel's allegations of unauthorized access are drawn ***nearly verbatim*** from Deel's own Terms—all that's missing is quotation marks. *See* ECF 272 at 4; *see also* ECF 268 at 17 & n.6. Deel has offered no rejoinder to this direct match between its allegations and the Terms, whether in its opposition to Counter-Defendants' Motion to Compel Arbitration, its opposition to Counter-Defendants' Motion to Dismiss, or its opposition here. That is because Deel cannot litigate its claims without relying on its Terms. As a result, it may not prosecute the claims without the Court considering those Terms. Indeed, Deel's attempt to disavow the Terms—which its allegations parrot and on which its CFAA and CDAFA claims inescapably rely—is the kind of "artful pleading" the incorporation by reference doctrine "is designed to prevent." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988,

2

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S
FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636

1003 (9th Cir. 2019).

Deel further argues that the Terms "merely create[] a defense" to its claims and therefore cannot be considered. RJN Opp. at 3. This is a red herring that distorts the holding in *Khoja v. Orexigen Therapeutics, Inc.*, on which Deel relies.

The *Khoja* rule prevents defendants from introducing a document "[i]f the document ***only*** creates a defense to the allegations in the complaint." *Callen v. Resonant Inc.*, 709 F. Supp. 3d 1021, 1025 (C.D. Cal. 2023) (citing *Khoja*, 899 F.3d at 1002) (emphasis added). It does ***not*** bar the Court from examining the document that controls the representations that Deel has challenged. *See* FACC ¶ 409. In other words, both before and after *Khoja*, it remains true that "[a] document may be deemed incorporated by reference 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim,'" even where that document also forms the basis of a defense. *Callen*, 709 F. Supp. 3d at 1025 (quoting *Khoja*, 899 F.3d at 1002); *see also, e.g.*, *Leyden v. J. Crew Grp., LLC*, 2026 WL 895702, at *4 (D. Or. Apr. 1, 2026) (considering in-store placards under the incorporation by reference doctrine even though they were not "referenced or relied on in the Complaint" because the placards "form[ed] the basis of [Plaintiff's] claim[s]" based on failure to disclose pricing methodology). Such is the case here: as explained above, Deel's causes of action under the CFAA and CDAFA are premised on Counter-Defendants' "unauthorized access," which in turn relies on alleged misrepresentations ***as defined by Deel's Terms of Service.*** The Terms are thus inextricably intertwined with Deel's allegations. They are not merely a "defense" or designed to "foreclose a contested or key disputed issue"— they are the foundation of the claim itself.

### 2. Judicial notice of Deel's Terms is appropriate because their authenticity is not subject to reasonable dispute.

Deel also opposes Counter-Defendants' request for judicial notice of its Terms on the ground that the Dawson Declaration does not sufficiently establish that the Terms of Service were in effect in May 2024. *See* RJN Opp. at 4. This argument rings hollow given that, in the context of its opposition to Counter-Defendants' Motion to Compel Arbitration, which is decided on a summary judgment standard, Deel presented ***no argument*** and ***no evidence*** that the Terms of

3

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636

Service that were in effect in May 2024, when Deel alleges a Rippling contractor created an account on Deel's platform, were different than the document presented by Counter-Defendants. *See* ECF 272-1 ¶ 9 (Goldberg Declaration); ECF 272-2 (April 9, 2024 Deel Terms of Service). To the contrary, Deel assumes that the very same Terms of Service apply, going so far as to quote from them in its opposition brief. *See, e.g.*, ECF 294 at 7.

Nevertheless, Deel disputes the Terms' authenticity in its Opposition, *i.e.*, that they are what Counter-Defendants say they are: the Terms of Service in effect in May 2024 and presented to Brett Johnson when he allegedly created an account on Deel's platform. But a "bald allegation that [a document] is not authentic does not raise an actual dispute as to the document's authenticity." *Sarmiento v. Sealy, Inc.*, 367 F. Supp. 3d 1131, 1143 (N.D. Cal. 2019); *see also Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019), *aff'd,* 994 F.3d 1102 (9th Cir. 2021), and *aff'd*, 847 F. App'x 368 (9th Cir. 2021) (judicially noticing conference call transcripts where plaintiff was "unsure if the attached transcripts [were] the same version used to prepare the complaint," finding the "argument fail[ed]" as plaintiff did "not raise doubts about the [transcript's] authenticity or accuracy"). This is *particularly* so when, in parallel briefing pertaining to Rippling's Motion to Compel Arbitration, Deel does not dispute the Terms' authenticity.

Here, Deel has done no more than assert that Rippling has "not sufficiently supported" the Terms' authenticity. ECF 292 at 4. Nor could it do so consistent with Rule 11, given that there can be no question about the Terms' authenticity since they are derived directly from Deel's own website, the Terms themselves display that they were "last updated April 9, 2024" (which predates the alleged May 22, 2024 access), and, as explained in the Declaration of Nicholas Goldberg in support of Counter-Defendants' Motion to Compel Arbitration, ECF 272-1, the next-in-time version of Deel's Terms—again, as provided on Deel's own website—is November 4, 2024. ECF 272-1 ¶¶ 9-10.

The circumstances here are akin to those in *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1193-95 (W.D. Wash. 2024), where the court rejected a similar argument because the plaintiffs "d[id] not show or even argue the evidence submitted to the Court [was] inaccurate,"

4

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636

and "fail[ed] to offer contradictory evidence as to what [users] saw when they opened their Microsoft accounts." The court reasoned that plaintiffs' "bare assertions d[id] not suffice" to "create a [reasonable] dispute" given "Microsoft provide[d] substantively consistent and uncontradicted testimonial and exemplar evidence showing what the account-creation process would have looked like during the periods of time in which [p]laintiffs created their accounts." *Id.* (*citing Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 989-90 (N.D. Cal. 2017)).

As in *Saeedy*, Deel's failure to meaningfully contest the Terms' contents confirms there is no reasonable dispute as to their accuracy. Indeed, this case presents an even stronger basis than *Saeedy* for treating the Terms as undisputed because Deel—as the publisher of its own Terms of Service—is uniquely positioned to dispute their contents if they were inaccurate. Its silence is dispositive.

**3.    Rippling does not seek judicial notice of the Terms to reach disputed fact issues.**

Finally, Deel's protestation that the Terms would be used to "resolve disputed facts" mischaracterizes Counter-Defendants' request. Counter-Defendants do not ask the Court to find any contested fact in Deel's favor or against it. They do not, for example, ask the Court to find whether the Terms of Service "are valid or binding contracts" for purposes of their Motion to Dismiss. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010). Rather, they simply ask the Court to examine the terms that unquestionably form the basis of Deel's claims, in order to assess whether Deel has stated a legally cognizable CFAA claim. Such a request is well within the scope of the incorporation by reference doctrine.

**C.    Deel's December 2022 Email Is Incorporated by Reference.**

Deel also contests the Court's consideration of **Exhibit F** (ECF 270-7), a December 2022 email from Deel to Rippling. Deel's objections are meritless.

Deel's principal argument against consideration of its December 2022 Email to Rippling is that its FACC does not "expressly quote" from it.[1] But this is obviously false. Deel *does* expressly quote from the December 2022 Email thread, alleging that "[t]he parties' relationship

---

[1] Deel does not contest the authenticity of the December 2022 Email.

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S
FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636

soured significantly in November and December 2022, and eventually terminated," at which point "Deel then revoked any of Rippling's permissions or access to Deel's internal systems, and the parties went their separate ways to, in Rippling's words, 'compete on the merits of our own innovations.'" FACC ¶ 87 (quoting Exhibit F at 6). As Deel's own brief explains, the quoted language from Rippling appears in an email in the same chain. RJN Opp. at 6 n.4.

Deel does not dispute that the quoted email is incorporated by reference, and its attempt to divorce that email from the chain of emails in which it appears runs directly contrary to the incorporation by reference doctrine, whose central purpose is to "prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *G.N. v. Life Ins. Co. of N. Am.*, 2021 WL 2633404, at *2 (N.D. Cal. June 25, 2021). It is therefore no surprise that courts have regularly considered entire email chains under similar circumstances. *See Kulick v. Gordon Prop. Grp., LLC*, 2025 WL 448333, at *4 (S.D.N.Y. Feb. 7, 2025) (finding a plaintiff's complaint to incorporate an "entire [email] chain by reference" where the plaintiff "refer[red] to the correspondence more generally" in her complaint); *Appel v. Wolf*, 2019 WL 13416838, at *4 (S.D. Cal. Jan. 25, 2019) (considering an "entire email chain" under the incorporation by reference doctrine); *cf. Musi Inc. v. Apple Inc.*, 2026 WL 730805, at *4 (N.D. Cal. Mar. 16, 2026) (considering a response letter to a cease-and-desist email chain under the incorporation by reference doctrine because plaintiff "relie[d] on its response … to support its allegations"). Having alleged that it revoked Rippling's authorization, and then having expressly quoted Rippling's rationale for that revocation, Deel cannot simultaneously prevent the Court from reviewing the very communications on which that allegation depends.

In any event, incorporation by reference turns on reliance, not quotation, and it does not require the plaintiff to "explicitly allege the contents of th[e] document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). All that is required is that the document "form[] the basis" of Deel's claims, *Steinle v. City & County of San Francisco*, 919 F.3d 1154, 1163 (9th Cir. 2019), which is exactly the case here. Deel repeatedly invokes its purported "revocation" of Rippling's access to its systems in the same breath that it expressly refers to, and even quotes

6

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S
FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636

from, the November and December 2022 email communications between Rippling and Deel. *See* FACC ¶ 87; *see also id.* ¶ 408 ("Deel … specifically informed Rippling in or around December 2022 that Rippling, who stated it was then going to directly compete with Deel, was not permitted to access Deel's protected computers, which would include Deel's customer-facing platform."). Deel offers no meaningful response to this argument.

Finally, as with the Terms of Service, Deel also asserts that Counter-Defendants improperly seek to introduce the December 2022 Email for the purpose of establishing a disputed fact. But as with Deel's Terms, this misunderstands the purposes of Exhibit F. Counter-Defendants do not ask the Court to find as a fact that access was or was not revoked. Rather, the email is offered so the Court may examine the text of the communication that Deel's FACC alleges constituted a revocation, in order to assess the legal sufficiency of Deel's pleading. Such a request is well within the realm of the incorporation by reference doctrine.

## III.    CONCLUSION

For the reasons set forth above and in Counter-Defendants' Request for Judicial Notice, the Court should grant Counter-Defendants' Request for Judicial Notice in its entirety.

Dated: July 10, 2026                                     KEKER, VAN NEST & PETERS LLP

By:    */s/ Eric H. MacMichael*
ELLIOT R. PETERS
ERIC H. MACMICHAEL
ANDREW F. DAWSON
NICHOLAS S. GOLDBERG
BENJAMIN D. ROTHSTEIN

Attorneys for Counter-Defendants
PEOPLE CENTER, INC. D/B/A
RIPPLING, a Delaware corporation and
PARKER ROUSE CONRAD

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS DEEL'S FIRST AMENDED COUNTERCLAIMS
Case No. 3:25-CV-2576-CRB

6250636