

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**Eric H. MacMichael**
(415) 773-6624
emacmichael@keker.com

July 14, 2026

**VIA ECF**

District Judge Charles R. Breyer
Courtroom 6 – 17th Floor
United States District Court for the Northern
District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.*
      Case No. 3:25- CV-2576-CRB (N.D. Cal.)

Dear Judge Breyer:

Rippling respectfully submits this brief letter because Defendants' motion to strike (ECF No. 317) rests on a false premise and could have been avoided had Defendants complied with their obligation to meet and confer before filing.

Defendants ask the Court to strike Keith O'Brien's testimony because, they assert, he included his Fifth Amendment privilege among the objections he included in discovery responses. But Defendants never met and conferred with O'Brien—as required by Rule 37, the Northern District of California's Local Rules, and Judge Cisneros' standing order—or otherwise asked whether he intended to withhold responsive information based on this objection.[1] Had they done so, they would have learned what Mr. O'Brien confirmed in writing within hours of Defendants' filing their motion: he is ***not*** withholding responsive information based on the Fifth Amendment privilege and will not stand on that objection in responding to Defendants' discovery requests. *See* Exhibit A.

Because Defendants filed before conferring, they asked this Court to resolve a dispute that does not exist. And the extraordinary relief they seek—including striking testimony, striking portions

---

[1] Indeed, the meet and confer regarding the discovery responses at issue was scheduled for 1:00 p.m. PT this afternoon—after Deel filed its motion with no forewarning—and Deel unilaterally canceled that meet and confer at 12:59 p.m. as soon as Mr. O'Brien clarified to Deel in writing that it was not standing on his Fifth Amendment privilege. See Exhibit A.

6263486

July 14, 2026
Page 2

of the First Amended Complaint, undoing prior rulings, and revisiting discovery orders—is therefore baseless. Their rush to file this motion, without warning, without meeting and conferring, and on the same morning as an apparent coordinated publicity campaign, reveals the motion for what it is: a public-relations stunt rather than a genuine effort to resolve a live discovery dispute.

If necessary, Rippling will respond fully to this premature motion in due course. However, Rippling respectfully submits that the Court should order Deel to withdraw its motion pending the conclusion of a meet and confer with O'Brien and present any further dispute regarding Mr. O'Brien's discovery responses to Judge Cisneros—consistent with the Court's order referring this case to Judge Cisneros "for all discovery purposes." *See* ECF No. 76.

Sincerely,

KEKER, VAN NEST & PETERS LLP

*/s/ Eric H. MacMichael*

Eric H. MacMichael

cc:    All counsel of record (via ECF)

6263486

# EXHIBIT A

| | |
|---|---|
| **From:** | Cohen, Josh A. |
| **To:** | "Lanstra, Allen L"; Aguilera, Mayra; Ta, Quyen L; Etcheverry, Lance A |
| **Cc:** | Gitner, Daniel M.; Ponterosso, Aldo; Batmanghelidj, Soraya; Eric MacMichael; Ben D. Rothstein |
| **Subject:** | RE: Keith O"Brien |
| **Date:** | Tuesday, July 14, 2026 2:36:18 PM |

**[EXTERNAL]**



Allen,

We were on the Zoom for the meet-and-confer you requested when we got your email cancelling the conference on the pretext that Mr. O'Brien has "threatened" to raise the Fifth Amendment in response to Deel's interrogatories and RFAs at some point in the future. He has done no such thing. For avoidance of doubt, Mr. O'Brien is not declining and will not decline to respond to Deel's interrogatories or RFAs on the basis of his Fifth Amendment objection.

Best,
Josh

**Josh A. Cohen** | Debevoise & Plimpton LLP | 650 California St., San Francisco, CA 94108 | jacohen@debevoise.com |
415.738.5704 O | 415.602.2225 M

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in San Francisco at 1-415-738-5700) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

**From:** Lanstra, Allen L <Allen.Lanstra@skadden.com>
**Sent:** Tuesday, July 14, 2026 12:58 PM
**To:** Cohen, Josh A. <jacohen@debevoise.com>; Aguilera, Mayra <Mayra.Aguilera@skadden.com>; Ta, Quyen L <Quyen.Ta@skadden.com>; Etcheverry, Lance A <Lance.Etcheverry@skadden.com>
**Cc:** Gitner, Daniel M. <dmgitner@debevoise.com>; Ponterosso, Aldo <aponterosso@debevoise.com>; Batmanghelidj, Soraya <sbatmanghelidj@debevoise.com>; 'Eric MacMichael' <EMacMichael@keker.com>; 'Ben D. Rothstein' <BRothstein@keker.com>
**Subject:** RE: Keith O'Brien

**<span style="color:red">*EXTERNAL*</span>**

Josh –

We disagree with and reject your characterizations of our motion, as well as Mr.

O'Brien's discovery objections, which speak for themselves.  Your email below confirms why the relief Defendants seek in their pending motion is necessary and must be resolved before Mr. O'Brien further injects himself into the case.  Your email does not withdraw Mr. O'Brien's Fifth Amendment objections, which were repeated over 100 times in response to Deel's discovery requests.  To the contrary, it confirms that Mr. O'Brien took the Fifth in his responses and is preserving the ability to invoke the Fifth Amendment at some indefinite time -- and for some indefinite scope -- in the future.  This is the cause of the exact prejudice that gives rise to Defendants' motion.  Indeed, we call out this very point in our brief.

Mr. O'Brien's threat below to re-raise the Fifth Amendment at a later time, at his whim, negates the need to discuss his other objections at this time, which are only at issue if the motion is denied.  Thus, we are taking the previously scheduled meet and confer off calendar.

Best regards,
Allen


**Allen L. Lanstra**
**Skadden, Arps, Slate, Meagher & Flom LLP**
2000 Avenue of the Stars, Suite 200N | Los Angeles | California | 90067
Telephone: 213.687.5513 | allen.lanstra@skadden.com
www.skadden.com/professionals/allen-l-lanstra

---

**From:** Cohen, Josh A. <jacohen@debevoise.com>
**Sent:** Tuesday, July 14, 2026 11:49 AM
**To:** Aguilera, Mayra (LAC) <Mayra.Aguilera@skadden.com>; Ta, Quyen L (PAL) <Quyen.Ta@skadden.com>; Lanstra, Allen L (LAC) <Allen.Lanstra@skadden.com>; Etcheverry, Lance A (PAL) <Lance.Etcheverry@skadden.com>
**Cc:** Gitner, Daniel M. <dmgitner@debevoise.com>; Ponterosso, Aldo <aponterosso@debevoise.com>; Batmanghelidj, Soraya <sbatmanghelidj@debevoise.com>; 'Eric MacMichael' <EMacMichael@keker.com>; 'Ben D. Rothstein' <BRothstein@keker.com>
**Subject:** [Ext] Keith O'Brien


Counsel,

We are scheduled to meet and confer this afternoon at 1:00 PT. That was the time you proposed, and Mr. O'Brien agreed, to meet and confer about the objections Mr. O'Brien raised in response to Deel's interrogatories and requests for admission. Notably, when you asked to meet and confer, you did not mention that Deel intended to file this morning's motion to strike (and for many other forms of "relief") based on what Deel has misleadingly characterized as Mr. O'Brien's "blanket invocation of the Fifth Amendment" – and you appear to have choreographed events so that the meet-and-confer about the objections would follow, rather

than precede, the filing of the motion to strike. Needless to say, that is not the discovery dispute procedure required by the local rules or Judge Cisneros's standing order, and we reserve all rights associated with Deel's noncompliance. The desire to generate misleading media coverage is not an appropriate basis for disregarding those requirements.

In any event, had you met and conferred with us before filing your motion, we would have advised you that Mr. O'Brien has not withheld, and does not presently intend to withhold, information on the basis of the Fifth Amendment objection he raised in his R&Os to Deel's interrogatories and RFAs. Mr. O'Brien raised a number of other objections, including but not limited to objections that the interrogatories and RFAs are overbroad, unduly burdensome, and premature. Accordingly, Mr. O'Brien "decline[d] to respond" to each interrogatory and RFA "*at this time*." Mr. O'Brien stands on the objection that he should not be required to respond to the interrogatories and RFAs while his motion to dismiss is pending (which is the reason we asked you to extend the deadline for his responses, which you refused to do). Mr. O'Brien is not standing on his Fifth Amendment objection at this time.

Best,

Josh

## Debevoise
## &Plimpton

**Josh A. Cohen**
Partner

jacohen@debevoise.com
+1 415 738 5704 (Tel)
+1 415 602 2225 (Cell)

www.debevoise.com

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in San Francisco at 1-415-738-5700) and then delete and discard all copies of the e-mail. Thank you.
The latest version of our Privacy Policy, which includes information about how we collect, use and protect personal data, is at www.debevoise.com.

-------------------------------------------------------------------------------
This email (and any attachments thereto) is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified that any dissemination, distribution or copying of this email (and any attachments thereto) is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the

original email (and any copy of any email) and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.

=================================================================================
============