SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

DIRECT DIAL
+1 650 470-3170

EMAIL ADDRESS
Lance.Etcheverry@skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

July 15, 2026

**VIA ECF**

District Judge Charles R. Breyer
Courtroom 6 – 17th Floor
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

> RE: Response to Rippling's July 14, 2026, Letter Brief (ECF No. 318),
> *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.*, Case No. 3:25-CV-2576-CRB (N.D. Cal.)

Dear Judge Breyer:

We write on behalf of Defendants to address Rippling's July 14 letter (ECF No. 318) in response to Defendants' Motion to Strike and for Additional Relief Based Upon Keith O'Brien's Invocation of the Fifth Amendment (ECF No. 317, the "Motion"). The Motion seeks relief from Rippling's ongoing attempt to use O'Brien's testimony as a sword and a shield. Contrary to Rippling's suggestion, this issue is ripe and critical for the Court to resolve now.

Defendants' Motion is not a discovery motion. Nor is the invocation of the Fifth Amendment a discovery objection; rather, it is the assertion of a constitutional right. When O'Brien asserted his Fifth Amendment right—over 100 times—and refused to answer RFAs and Interrogatories, Defendants took him at his word. The Motion seeks substantive relief based on Rule 12(f) and the Court's inherent authority. All of the requested relief is properly before the Court, and none required any meet-and-confer.

Defendants were justified in resting on O'Brien's assertion of his Fifth Amendment right. It was certainly no accident: he asserted it over 100 times, flatly refused to answer, and did not suggest that his answers were subject to change. Again, Defendants took O'Brien at his word. (ECF No. 317-1, Exs. 1-2.)

O'Brien's purported change of heart with respect to the RFAs and Interrogatories—conspicuously made only after receiving the Motion—highlights Defendants' concerns about the Fifth Amendment being used as a tool for gamesmanship in a case where O'Brien's testimony is indisputably central to Rippling's allegations. The correspondence from

District Judge Charles R. Breyer
July 15, 2026
Page 2

O'Brien's counsel does not assuage that concern: O'Brien does not generally disavow a Fifth Amendment invocation in the case or promise to testify—counsel says only that O'Brien will not stand on that invocation specifically in response to Deel's RFAs and Interrogatories, careful language that is consistent with his prior statement that he would not respond "*at this time.*"  (ECF No. 318, Ex. A (emphasis added).)  In other words, O'Brien still refuses to confirm that he will be a fully available testifying witness in this action and continues to signal that he may refuse to testify or otherwise limit his testimony in the future on Fifth Amendment grounds.

Defendants anticipated this very attempt by Rippling to have it both ways and already explained, in the Motion, how O'Brien's preservation of an ability to refuse to provide complete testimony (despite Rippling's representations to the contrary) would be used to "sandbag Defendants" and does not fix the existing prejudice to Defendants' ability to defend against Rippling's claims.  (Motion at 11 n.6 & 13 n.7).  Deel reiterated the same to O'Brien's counsel when explaining that, as a result of O'Brien's decision not to withdraw his Fifth Amendment assertion, no meet-and-confer on O'Brien's numerous objections was warranted at this time.  (ECF No. 318, Ex. A.)

The Motion was filed in accordance with the applicable rules, and Rippling should respond in accordance with those same rules to permit the Court to consider the Motion.

Respectfully submitted,

*/s/ Lance A. Etcheverry*

Lance A. Etcheverry
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
*Counsel for Defendant/Counterclaimant Deel, Inc.*

Joseph G. Petrosinelli
WILLIAMS AND CONNOLLY LLP
*Counsel for Defendants Alexandre & Philippe Bouaziz*

David R. Eberhart
O'MELVENY & MYERS LLP
*Counsel for Defendant Daniel John Westgarth*

cc:    All counsel of record (via ECF)