SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

DIRECT DIAL
+1 650 470-3170
EMAIL ADDRESS
Lance.Etcheverry@skadden.com

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

July 15, 2026

**VIA ECF**

District Judge Charles R. Breyer
Courtroom 6 – 17th Floor
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

> RE:    Improper Reply Submission by Rippling in *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.*, Case No. 3:25-CV-2576-CRB (N.D. Cal.)

Dear Judge Breyer:

We write on behalf of Deel in reference to Rippling's and Conrad's July 10 Reply in Support of their Motion to Dismiss the First Amended Counterclaims (ECF No. 314, the "Reply"). The Reply improperly appended a new exhibit that purports to address various Rippling advertising statements challenged by Deel's false advertising claim (ECF No. 314-1, the "Exhibit"), in violation of: (1) the Court's Order imposing the parties' stipulated 15-page limit for the Reply (ECF No. 273); (2) Local Rule 7-3(c), which permits only "a supplemental brief or memorandum," or "affidavits or declarations" presenting "only facts" and that "must avoid conclusions and argument" (*see* Local Rule 7-5); and (3) clear authority that does not permit new materials and issues to be raised for the first time on reply. As a result, and to prevent prejudice, Deel requests that the Court strike the Exhibit and any argument related thereto.

As detailed in Deel's Opposition brief (ECF No. 291, "Opposition"), the Motion ignored numerous Rippling advertising statements that Deel specifically challenged as false. Deel thus explained that its false advertising claim necessarily survives Rippling's and Conrad's pleadings challenge, regardless of the (meritless) arguments challenging the few statements addressed in their Motion.[1] (Opposition at 2, 22.) The Opposition further noted that the Motion had a single reference (in a footnote) to an "Appendix A" that purported to

---

[1] Rippling mischaracterizes this point and disingenuously contends that Deel "impliedly concedes that at least some of its false advertising claim is inadequately pled." (Reply at 11.) Deel has made no such concession, and has detailed why the few arguments that Rippling did raise all fail. (Opposition at 22-28.) Tellingly, Rippling fails to address most of those points in its Reply.

District Judge Charles R. Breyer
July 15, 2026
Page 2

"map[] the applicable bases for dismissal to the statements at issue," but (1) the Motion lacked any such "Appendix," and (2) any such Appendix would have violated the parties' agreed-upon and ordered 35-page limit for the Motion. (*Id.* at 22 n.12.) In any event, "conclusory statements of purported 'bases for dismissal' devoid of any explanation" would be legally irrelevant and "cannot carry Rippling's burden under Rule 12(b)(6)." (*Id.*)

Without responding to these points, Rippling simply attached a new "Exhibit A" to its Reply, which brief already spanned a full 15 pages. The Exhibit is an eight-page, single-spaced, and 10-point-font "Chart of Alleged False Advertisements" that characterizes Deel's allegations and Rippling's purported "bas[e]s for dismissal" for Rippling ad statements. It is a creation of counsel that effectively operates to extend Rippling's page limits—and, moreover, to sandbag Deel by doing so at the close of briefing. Rippling does not attempt to defend its improper introduction of this Exhibit on reply, and merely states (again, in a footnote) that it submitted a similar chart "[i]n connection with Rippling's *initial* Motion to Dismiss" that was mooted by the filing of Deel's amended pleading. (Reply at 11 n.9.)

As noted in the Opposition, "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996); *see also Barnes v. F.A.A.*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017) ("Because this argument was not raised clearly and distinctly in the opening brief, it has been waived." (citations omitted)); *Holley v. Gilead Sciences, Inc.*, 379 F. Supp. 3d 809, 834 (N.D. Cal. 2019) ("'Arguments raised . . . only on reply, are generally deemed waived' and need not be considered") (citing *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014)); *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1176 (S.D. Cal. 2012) (refusing to consider newly raised argument on reply concerning whether advertising statements constitute puffery). Rippling's unilateral election to exceed a stipulated and Court-ordered page limit provides further grounds for disregarding the Exhibit. *See*, *e.g.*, *Lemoon v. California Forensic Medical Group, Inc.*, 575 F. Supp. 3d 1212, 1229 (N.D. Cal. 2021) (striking portion of reply that exceeded page limit).

Rippling chose not to address numerous of its challenged ad statements in its Motion. Deel responded accordingly, and addressed in detail those statements that Rippling did mention in its Motion. Rippling cannot now ambush Deel with new, untimely arguments in violation of the Court's rules and orders—much less eight pages of them. For these reasons, Deel respectfully requests that the Court strike Exhibit A.[2]

Respectfully submitted,

*/s/ Lance A. Etcheverry*
Lance A. Etcheverry

cc:     All counsel of record (via ECF)

---

[2]     If the Court is inclined to consider the Exhibit, Deel respectfully requests a full opportunity to address the Exhibit.