United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC., Plaintiff, v. DEEL, INC., et al., Defendants. | Case No. 25-cv-02576-CRB **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER RE ELECTRONIC DEVICE INSPECTION** |

Defendant Alex Bouaziz moves for relief from Judge Cisneros' June 5 Order on Plaintiff's request for personal device inspection, arguing that Judge Cisneros failed to apply the proper legal standard and did not account for his privacy interests. Mot. (dkt. 288). Judge Cisneros permitted a forensic examination into Defendant's "devices and accounts" that were used to communicate with a key witness. Order (dkt. 271). For the reasons below, the Court **DENIES** the motion.[1]

The Court will overturn a non-dispositive magistrate judge order only where the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court reviews factual determinations for clear error. Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." Wi-Lan, Inc. v. LG Elecs., Inc., No. C 10-80254-JF PSG, 2011 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (citation omitted). The clear error standard is "extremely deferential," and the magistrate judge's rulings should ordinarily be considered

[1] The Court presumes familiarity with the factual background.

United States District Court
Northern District of California

"the final decisions of the district court." Id. Under this extremely deferential standard, the Court cannot conclude that Judge Cisneros' Order was clearly erroneous.

For starters, Defendant's primary argument that Judge Cisneros applied the incorrect legal standard misses the mark. Judge Cisneros properly grounded her reasoning in the relevance and proportionality test of Rule 26 of the Federal Rules of Civil Procedure. See Order at 2; see also Azenta, Inc. v. Andrews, No. 22-CV-01952-JLS-JLB, 2023 WL 8845604, at *6 (S.D. Cal. Dec. 21, 2023) (rejecting argument "that the standard for discovery set forth by Rule 26 is applied differently or is heightened in the context of a forensic examination"). And she appropriately considered the evidence before her to determine that forensic examination was warranted despite it being "a particularly invasive form of discovery." See Order at 3–4 (weighing evidence such as initiation of disappearing messages after a preservation order).

Defendant's argument that Judge Cisneros failed to account for his privacy interests also fails. Based on the record before her, Judge Cisneros concluded that Plaintiff's inspection protocol adequately protected Defendant's privacy. Order at 5. She noted that Defendant would "get a 'first look' at content in any user-generated files" that were collected. Id. Defendant now raises arguments that were not before Judge Cisneros when she entered her order. See Mot. at 5 (introducing arguments from Defendant's forensic expert). The Court will not consider them. See United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California, No. 13-CV-02027-JST, 2014 WL 325151, at *2 (N.D. Cal. Jan. 29, 2014) ("District courts need not, and ordinarily should not address arguments raised for the first time in an objection to a magistrate judge's order.").

For the foregoing reasons, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

Dated: July 20, 2026

CHARLES R. BREYER
United States District Judge