LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
CAROLINE VAN NESS (SBN 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALLEN L. LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JORDAN FEIRMAN (*pro hac vice*)
jordan.feirman@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West, 395 9th Avenue
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

*Counsel for Defendant*
*and Counterclaimant Deel, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE (“ALEX”) BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN (“DAN”) WESTGARTH, an individual, and DOES 1-100,

Defendants.

Case No. 3:25-cv-02576-CRB

**DEEL, INC.’S OPPOSITION TO RIPPLING’S MOTION FOR RECONSIDERATION OF ORDER ON SEALING (ECF 307)**

Judge: Charles R. Breyer
Compl. Filed: March 17, 2025
Am. Compl. Filed: June 5, 2025

Hearing: August 14, 2026 at 10:00 a.m.
Courtroom: 6

DEEL, INC., a Delaware corporation,

Counterclaimant,

v.

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,

Counter-Defendants.

**OPPOSITION TO MOTION FOR RECONSIDERATION**

Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") seeks reconsideration of an order sealing material submitted in connection with a non-dispositive discovery dispute. (*See* Rippling's Motion for Reconsideration of Order on Sealing (ECF 307) (hereafter, the "Motion"), Dkt. No. 311.) Tellingly, Rippling does not articulate any grounds for the Court to reconsider its Order Re: Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed (hereafter, the "Order"). (Dkt. No. 307.) Under Civil Local Rule 7-9(b), "[t]he moving party must specifically show reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

(Civil L. R. 7-9(b).) Rippling cites to Local Rule 7-9(b)(1), but does not explain how, "at the time of the motion for leave, a material difference in fact or law exist[ed] from that which was presented to the Court[.]" It is true that the court ruled prior to Rippling's deadline to respond to Deel's statement in support of sealing. But nothing in Rippling's Motion should change the outcome of the Order granting sealing of materials attached to a non-dispositive discovery dispute.

**LEGAL STANDARD**

"Absent highly unusual circumstances, '[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *La Posta Band of Diegueño Mission Indians of La Posta Rsrv. v. Trump*, No. 320CV01552AJBMSB, 2021 WL 51454, at *2 (S.D. Cal. Jan. 5, 2021) (quoting *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d

934, 945 (9th Cir. 2003).

## ARGUMENT

Rippling offers no basis for the Court to reconsider the Order. Rather, Rippling merely notes that the Court ruled prior to the deadline for Rippling to file its opposition to Deel's statement and then Rippling proceeds to offer its reasons why the Court should deny Deel's request to seal material it designated as "Confidential" that Rippling filed in Opposition to Deel's Motion for Relief Regarding Forensic Inspection. Deel filed its statement in support of sealing establishing the particularized showing of good cause to justify sealing the material at issue. (*See* Defendant Deel's Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 298) (hereafter, the "Response"); Dkt. No. 303.) Rippling contends that Deel's arguments are "baseless" and "conclusory." (*See* Motion at 3.) But Rippling's characterizations of Deel's arguments do not alter the arguments themselves, nor do their arguments meet the standard for reconsideration. Deel offered its reasons why good cause exists to seal this material, including that the disclosure of this personal and commercially sensitive information would prejudice and harm Deel. (*See* Response; Dkt. No. 303.) To avoid burdening the Court, Deel will not restate those arguments here. Rippling does not need this material unsealed to investigate or pursue its claims. Rather, Rippling wants the material unsealed at this stage of the litigation—in the midst of discovery—solely so Rippling can use the information to its advantage in the marketplace and cause competitive harm to Deel. Rippling also wants to take the unusual course of revealing the identities of known of witnesses and Deel employees to harass and intimidate them, and to create a smear campaign via their public blog and the media. In the Response, Deel established good cause for sealing its internal communications until the close of discovery and the Court ruled accordingly. Rippling has failed to offer any reason for the Court to change its decision.

## CONCLUSION

For these reasons, the Court should deny Rippling's Motion for Reconsideration in its entirety and maintain the material under seal pursuant to the Court's July 9, 2026 Order (Dkt. No. 307).

DATED: July 24, 2026

By: *<u>/s/ Quyen Ta</u>*
Quyen Ta
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
*Counsel for Defendant and Counterclaimant Deel, Inc.*