**RE: *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.,* Case No. 3:25-cv-02576-CRB**
**Letter Brief re: Objection to Certain Discovery While Motion to Compel Arbitration is Pending**

**Dear Judge Cisneros:** This letter addresses a dispute between Deel and Counter-Defendants Rippling and Parker Conrad ("Counter-Defendants") regarding Counter-Defendants' objection to certain discovery while their Motion to Compel Arbitration of Deel's Counterclaims is pending. Fact discovery closes January 15, 2027; expert discovery closes April 30, 2027; dispositive motions are due May 28, 2027; and trial has not yet been set.

**Deel's position:** Counter-Defendants object and refuse to produce documents in response to some of Deel's RFPs on the basis that discovery related to Deel's CFAA and RICO counterclaims, which are the subject of Counter-Defendants' Motion to Compel Arbitration, are "not properly before this Court and should proceed, if at all, in the arbitral forum." (*See* Quyen Ta Declaration "Ta Decl." ¶¶ 3-4, Ex. 1 – Rippling's Responses to Deel's Third Set of RFPs; Ex. 2 –Conrad Responses to First Set of RFPs.) For weeks, Deel exchanged correspondence and met and conferred with Counter-Defendants about their refusal to engage in discovery related to Deel's counterclaims until their Motion to Dismiss and Motion to Compel were resolved. All along, Counter-Defendants ignored Deel's reminder that the Court had previously rejected the identical position when it was litigated by Rippling against Deel. On July 24, the parties met and conferred regarding the "self-help stay" issue and an impasse was declared. (Ta Decl. ¶ 15.) On the eve of presenting this dispute to the Court, Counter-Defendants finally backed down and promised they would not withhold discovery on the grounds that their Motion to Dismiss is pending (*Id.* ¶¶ 17-21)—something they remarkably tell this Court they would have never done because of the parties' prior agreement, notwithstanding they objected on that ground and refused to abide by the agreement for 2 months.

But they still stood on their objections regarding discovery requests related to the allegations subject to their pending Motion to Compel, which they identified as Rippling RFP Nos. 123–150, 211–214, and Conrad RFP Nos. 9-14, 21. (Ta Decl. ¶ 21 ("Rippling is only standing on its objection that discovery directed specifically to Johnson, Quandary, and related platform-access allegations should await resolution of the motion to compel arbitration.").) Despite the fact that the parties are at a clear impasse on the issue, Counter-Defendants desperately wanted to avoid this "self-help stay" issue from being brought to the Court's attention. They begged Deel to finish meeting and conferring on the other objections they made to the RFPs before bringing this ripe issue to the Court. (*Id.* ¶¶ 15-20.) As discussed below, this process would significantly delay discovery production and disrupt the discovery schedule. It makes no sense to delay resolving a gating objection. The parties can continue to meet-and-confer regarding the other objections (none of which relate to the "self-help stay") with the hopes of eliminating any disputes so that Counter-Defendants' production can commence. But Counter-Defendants have signaled that they will not even begin to prepare productions until after the Motion to Compel is resolved; which results in another layer of delay. (*See Id.* ¶ 18 ("Rippling does not agree to add Brett Johnson or Lauren Fitzgerald as custodians at this time" because the "theory of relevance for these custodians" relates to "allegations [that] are the subject of Rippling's fully briefed motion to compel arbitration.").) The "self-help stay" objections should be overruled and not be a basis to delay discovery responses.

***First,*** Counter-Defendants' objection that discovery related to the allegations subject to their Motion to Compel should await the Court's determination of the appropriate forum is wrong. Indeed, it contradicts Rippling's previous (and successful) position that discovery should proceed in the face of motion practice. Previously, Rippling and Deel stipulated that "Neither party will seek to stay discovery in connection with or while any motions to dismiss are pending." (ECF 54.) Deel sought a protective order, requesting that "discovery temporarily be limited to forum-related evidence, to the extent any such evidence is necessary to oppose Deel's pending FNC motion, because requiring 'extensive discovery from parties and non-parties while the FNC motion is pending 'would defeat the purpose of [that] motion.'" (ECF 99 at 1.) Rippling opposed, arguing that "Deel's request should be denied because it seeks the very relief Deel previously stipulated not to pursue" and "a stay would severely prejudice Rippling—'justice delayed is justice denied.'" (*Id.* at 3, 5.) This Court found that discovery must proceed and could not be limited pending rulings on motions. (ECF 101.) Counter-Defendants are not entitled to "rules for thee, not for me."

***Second***, Counter-Defendants argued that all RICO discovery was stayed by the Court's November 7, 2025 Order. (*See* Ta Decl. ¶¶ 5, 7-8, 11.) That is wrong. In that Order, this Court denied Rippling's request to compel Deel to respond to Interrogatory No. 3, requesting that Deel identify efforts it made to gain trade secrets about other companies. (ECF 148 at 15.) This Court explained that this Interrogatory "relates to a field of discovery that is relevant (if at all) only to a discrete theory of liability (***RICO liability predicated in part on conduct unrelated to Rippling***) that might or might not survive Defendants' motions to dismiss." (*Id.* (emphasis added).) Thus, this Court made clear that not *all* RICO discovery was tabled, but only discovery related to RICO liability predicated on conduct to *third parties*. So that Order does not excuse the "self-help stay" objection.

***Third***, Counter-Defendants have unilaterally given themselves a discovery stay without seeking a protective order or obtaining a stay of discovery from the Court while their Motion to Compel is pending, and ***despite previously seeking and obtaining sanctions against Deel for allegedly, in effect, taking a stay that had not been granted by the Court***. (ECF 202 at 16.) "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *ICPEP, LLC v. SMC Specialty Finance, LLC, et al.*, 2026 WL 1334841, at *1 (C.D. Cal. May 8, 2026). "Unless and until the case is sent to arbitration, this [c]ourt and the parties must proceed with the existing deadlines, including the discovery cutoff, as set by the District Judge." *Dardashty v. Hyundai Motor Am.*, 2024 WL 4744022, at *2 (C.D. Cal. July 3, 2024) (ruling on motions to compel discovery despite pending motion to compel arbitration because no stay of discovery had been sought or obtained). And a stay is appropriate under the FAA only after the matter is deemed arbitrable. *See, e.g.*, *Johnson v. Moss Bros. Auto Grp.*, 2020 WL 6565315, at *3 (C.D. Cal. Sept. 14, 2020) (no discovery stay where "there has been no ruling on the arbitrability of plaintiff's claims, and in the absence of a stay, discovery must proceed").

***Fourth***, Counter-Defendants know the parties are at an impasse on this issue, but claim this issue is "premature," while at the same time requesting a stay from this Court so that they do not have to participate in discovery related to the allegations subject to their Motion to Compel. Counter-Defendants desperately claimed to want to work through every other objection before this "self-help stay" objection was brought to the Court's attention, but other than providing boilerplate objections, they never substantiated the basis for such objections and did not respond to Deel's deficiency letters. (Ta Decl. ¶¶ 6, 9.) Indeed, they promised to provide Deel a writing substantiating their objections, but have not done so. (*Id.* ¶¶ 15-17, 20.) Deel agreed to meet and confer regarding those objections. (*Id.*) Tellingly, Rippling had previously made clear that it "does not intend to withhold documents based on general objections (overbreadth, relevance) other than privilege, unless otherwise stated in response to a specific Request or articulated during [a] meet and confer." (*Id.* ¶ 15.) Now, those are the very objections, they contend need to be discussed before resolution of the self-help stay issue. It is clear the "self-help stay" issue (a) is ripe because the parties are at an impasse, and (b) is a stand alone issue because it is wholly independent of the other objections. And it needs to be resolved now, or else Counter-Defendants' production will be delayed. Preparing to produce responsive documents and producing them takes time; but Counter-Defendants are refusing to even begin preparing to make a production until the Motion to Compel is decided. For example, in refusing to add custodians related to the allegations subject to the Motion to Compel, Counter-Defendants' production is not readily-forthcoming even after that Motion is decided. (*Id.* ¶ 18.) And the Motion is not scheduled to be heard until September 25, 2026, ***after*** the substantial completion deadline for document productions on September 16, 2026. What Counter-Defendants wanted was for all their objections to be resolved ***before*** the parties begin to seek resolution of the gating issue of the "self-help stay." Not only could Counter-Defendants start to prepare documents to be produced or even produce them immediately and without needing to resolve every objection, needlessly kicking this can down the road so that there is a 2 or 3 week deferral in resolving this gating issue after all the other objections are resolved ***will delay document productions***. It has taken weeks to get to the point of presenting this issue to the Court; that same lag can be extended on the backend of resolving all the other objections.

***Finally***, this dispute is presented by ***Deel's*** motion, but Counter-Defendants' ***opposition*** seeks

affirmative relief, (conceding both their self-granted stay to-date, and that a court order is necessary). For starters, they ***never*** raised this relief during the meet and confers. And remarkably, they now sanctify their delay tactics as conduct contemplated and intended by N.D. Cal. Civ. L.R. 37-1(a) and Civil Standing Order for M.J. Cisneros § F.5. In any event, no stay is warranted. A discovery stay is only proper if the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Garcia v. Experian Info. Sols., Inc.*, 2024 WL 1117912, at \*1 (N.D. Cal. Mar. 13, 2024). Counter-Defendants' Motion does not seek arbitration of the entire case or a discrete issue. In fact, they have failed to clarify exactly what they seek to arbitrate. Is it discrete factual findings about Johnson, the wire-fraud RICO predicate as applied to Johnson, or something else? Counter-Defendants refused to clarify in connection with the Motion, and even now leverage their ambiguous "platform-access discovery" label to stay discovery that has no connection to the Motion—such as *Globalization Partners* (Ex. 1: RFP No. 141)—for which they have never argued is subject to an arbitration agreement that they could enforce.  Plainly, the Motion could not be deemed dispositive of any discrete issue when that "issue" is not even identified. (ECF 294 at 12-14.) Further, cited cases stayed discovery because if the Motion to Compel were granted, "litigation will proceed in an arbitral forum, not in th[e] Court," but here, all of Rippling's claims and several of Deel's counterclaims would proceed in Court if the Motion is granted. *Stiener v. Apple Computer, Inc.*, 2007 WL 4219388, at \*1 (N.D. Cal. Nov. 29, 2007).

Deel respectfully requests that this Court overrule Counter-Defendants' objection, and order Counter-Defendants not to, on the basis of their objection regarding their pending Motion to Compel (i) withhold from production documents responsive to RFP Nos. 123–150, 211–214 and Conrad RFP Nos. 9-14, 21 until after that motion is resolved; (ii) withhold the inclusion of custodians (Johnson & Fitzgerald) and search terms related to the allegations subject to that motion until after that motion is resolved; and (iii) block document collection and review of documents relevant to such allegations until after that motion is resolved.

**Rippling and Conrad's position:** Deel moves to compel Rippling and Conrad (collectively, "Rippling") to provide immediate merits discovery on two (2) specific counterclaims—out of eight (8) in the countercomplaint—that belong in arbitration pursuant to the mandatory arbitration provision contained in Deel's own Terms of Service ("TOS"). These two counterclaims allege improper access to Deel's online platform by a former Rippling employee in violation of Deel's TOS. But Deel's TOS require arbitration of "any dispute" "relating in any way" to use of its services. ECF 272, 313. The Court should therefore deny this motion because Rippling has moved to compel arbitration of those two counterclaims, and the motion is set for hearing on September 25, 2026. Courts applying Rule 26(c) and the FAA "routinely" stay merits discovery pending the determination of a motion to compel arbitration. *See Mahamedi IP L., LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at \*1 (N.D. Cal. Feb. 14, 2017). The Court should do the same thing here and grant a protective order and limited stay of discovery concerning Deel's platform-access allegations until the motion to compel arbitration is decided. Deel concedes that the specific requests at issue are relevant (if at all) only to the claims that are subject to Rippling's pending arbitration motion. Overruling Rippling's objection would risk divesting the arbitrator of their jurisdiction, negating the benefits of arbitration, wasting judicial resources, and risking conflicting rulings if and when the parties relitigate these issues in arbitration. And with the hearing on Rippling's motion only several weeks away, there is no prejudice to Deel from letting Judge Breyer first decide the threshold question of arbitrability.

Overruling Rippling's objection would also be pointless, because Rippling's numerous other objections to the requests at issue—including overbreadth, proportionality, burden, relevance, and privilege—are not before the Court. Rippling offered to meet and confer on these other objections, but Deel refused. Deel insisted that the arbitration objection should be briefed in isolation, declared an "impasse," and rushed to Court. The Local Rules require an effort to resolve "all disputed issues" as to the requests at issue, not seriatim trips to Court concerning one objection at a time. *See* N.D. Cal. Civ. L.R. 37-1(a). The Court should deny Deel's motion as premature.

**Background:** Rippling commenced this lawsuit in March 2025. Six weeks later, Deel filed a retaliatory lawsuit in Delaware, which included claims based on former Rippling employee Brett Johnson's access of Deel's public-facing website in violation of Deel's website TOS. ***Deel never advanced those claims into discovery***. Instead, Deel stalled its own case by unsuccessfully moving to disqualify Rippling's counsel, and then *after* Deel lost its motion to dismiss this lawsuit, Deel voluntarily dismissed in Delaware and re-filed those same allegations here along with a scattershot of other farfetched and implausible counterclaims. Rippling has moved to dismiss them all.

Separately, on May 8, 2026, Rippling moved to compel arbitration of two counterclaims that are based exclusively on the allegation that Johnson accessed Deel's public-facing website, as well as the portion of Deel's RICO claims that incorporate those same allegations. Rippling's motion to compel arbitration maps Deel's platform access allegations to the contractual provisions in its TOS virtually word for word, *see* ECF 272 at 3–8, and shows how those counterclaims are subject to a mandatory arbitration provision in Deel's website TOS that covers "any dispute, controversy, or claim . . . relating in any way to [] use of the Services." The hearing is set for September 25.

After Rippling filed these motions, Deel served broad discovery on all its counterclaims. Rippling has never sought a "stay" of counterclaim discovery pending the motion to dismiss. Rippling has engaged (and continues to engage) in counterclaim discovery. Since April 2026, Rippling has provided 137 total pages of substantive interrogatory responses (more than all four defendants combined) and produced 59,893 documents totaling 327,061 pages. On June 3, 2026, Rippling objected to the discovery requests at issue here on multiple grounds, including that discovery on these issues should proceed, if at all, in the arbitral forum, citing the same caselaw it cites now. Ta Decl., Ex. 1 p. 8 (citing *Mahamedi*, 2017 WL 2727874). Rippling then sought to meet and confer about sequencing discovery in a logical manner to avoid burdening the Court with a dispute.

Contrary to Deel's mischaracterizations, the parties never discussed, let alone agreed, that Rippling would respond to discovery that is relevant only to claims that are subject to a pending ***motion to compel arbitration***. Deel's references to the parties' prior stipulation, ECF 54, and the Court's November, 7, 2025 Order regarding the stay of RICO discovery, ECF 148, are both non-sequiturs. The stipulations are ***expressly limited to stays based on pending motions to dismiss***. ECF 54 at 1; ECF 215 at 1 ("[T]he Parties agree that Rippling and Conrad will not seek a stay of discovery on Deel's Counterclaims during the pendency of their anticipated motion to dismiss."). Similarly, the Court's prior ruling on RICO discovery was predicated on a pending motion to dismiss. Neither says anything about staying discrete requests that are subject to a pending motion to compel arbitration, which is a jurisdictional challenge. Deel cites these irrelevant stipulations, while ignoring the Individual Defendants' refusal to participate in discovery *at all* for more than a year while their jurisdictional challenges were pending.

**The Court Should Grant a Temporary Stay of Deel's Platform-Access Discovery**: The Court has broad discretion to control the timing and sequence of discovery, including for the purpose of protecting a party from discovery imposing undue burden or expense. Fed. R. Civ. P. 26(c); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Where, as here, a party files a motion to compel arbitration, courts routinely defer merits discovery on claims subject to the motion—citing both the "protective order" provision of Rule 26(c) and the mandatory stay provision of the Federal Arbitration Act ("FAA"). *See Mahamedi*, 2017 WL 2727874, at *2 (citing Rule 26); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1279–81 (D. Colo. 2004) (citing 9 U.S.C. § 3). These cases start from the premise that, if the dispute is arbitrable, "responsibility for the conduct of discovery [on the merits of arbitrable claims] lies with the arbitrators." *Mahamedi*, 2017 WL 2727874, at *1–2. If the dispute proves arbitrable, then a moving party ordered to engage in merits discovery would "forever lose the advantages of arbitration—speed and economy"; by comparison, "the opposing party would suffer no prejudice from a temporary stay." *Id.*; *see also Olson v. World Fin. Grp. Ins. Agency, LLC*, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) ("Engaging in fulsome discovery while [the] motion to compel arbitration is pending could undermine the potential efficiencies of arbitration and lead to inconsistent results."). Thus, it is "common practice" to stay merits discovery pending a ruling on a motion to compel arbitration.

*Stiener v. Apple Comput., Inc.* 2007 WL 4219388, at *1–2 (N.D. Cal. Nov. 29, 2007); *see also, e.g.*, *Merrill Lynch*, 357 F. Supp. 2d at 1279–81; *Jenkins v. TTEC Servs. Corp.*, 2025 WL 2855039, at *1 (D. Nev. Oct. 7, 2025); *Glickman v. First Am. Fin. Corp.*, 2025 WL 4688514, at *8 (C.D. Cal. Sept. 11, 2025); *Jackson v. Unicity Int'l, Inc.*, 2025 WL 2222767, at *1 (D. Nev. Aug. 5, 2025); *Stephens v. Experian Info. Sols., Inc.*, 2022 WL 18587893, at *1 (D. Haw. July 5, 2022); *Galaxia Elecs. Co. v. Luxmax, U.S.A.*, 2017 WL 11566394, at *2–3 (C.D. Cal. Dec. 28, 2017).[1]

Rule 26(c) and the reasoning of the many courts cited above all apply with equal force here and require denying Deel's motion. ***First***, it is undisputed that the RFPs at issue seek merits discovery into the exact issues Rippling contends must be arbitrated. Deel alleges that a Rippling employee created a dummy account, registered for its platform, and accessed and used the platform in supposedly fraudulent and unauthorized ways. FACC ¶¶ 111–115. But Deel's TOS govern registration, accurate account information, bona fide business use, unauthorized access, and reverse engineering. ECF 232-4 ¶¶ 5, 7.2, 30. They also require arbitration of any dispute "relating in any way" to use of Deel's services. *Id.* ¶ 26. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999); *Taylor v. Inflection Risk Sols., LLC*, 808 F. Supp. 3d 981, 986–87 (N.D. Cal. 2025).

***Second***, proceeding with Deel's proposed discovery now would impose substantial—and irreversible—burdens on Rippling. Deel's 37 requests on this topic are sweeping. (*See, e.g.*, RFP 130: "All documents and communications relating to any access of [Deel's online platform] by any Rippling employee or anyone acting on their behalf.") Responding would require the parties to litigate their scope, proportionality, custodians, repositories, search terms, date ranges, and privilege. Forcing that process to proceed in federal court, before these claims are sent to arbitration, would consume substantial resources and invite further discovery disputes that the arbitrator should decide. It would also risk inconsistent or duplicative rulings. Those burdens cannot be undone as the parties would permanently "lose the advantages of arbitration," including speed and efficiency. *Mahamedi*, 2017 WL 2727874, at *1–2; *Olson*, 2025 WL 2243646, at *1.

***Third***, Deel identifies no concrete prejudice from a temporary, limited stay of discovery, and its conduct belies any such claim. Deel made the same allegations in Delaware in April *2025* and let them languish. Deel then waited until March 2026 to assert these same claims here. Having forgone discovery on these claims for well over a year, Deel cannot plausibly contend that a short pause pending the Court's arbitration ruling will cause meaningful harm.

Finally, Deel's motion should be denied because Deel never "attempt[ed] to resolve *all disputed issues*" through the meet and confer process. N.D. Cal. Civ. L.R. 37-1(a) (emphasis added); *see also* Civil Standing Order for M.J. Cisneros § F.5. Deel oddly mocks Rippling for "desperately" having sought to comply with these rules and for having "begged Deel to finish meeting and conferring." Here is what happened. Rippling offered to meet and confer on all of its objections on July 10. *See* MacMichael Decl. ¶¶ 2–3. Deel cancelled the July 10 conference the day of, rescheduled it for July 14, but then canceled that meeting two minutes before it was to begin. *Id.* ¶¶ 3–4. Deel did not reschedule the conference until July 24. *Id.* ¶ 4. Within five minutes of the conference beginning, Deel declared an impasse concerning what it misleadingly called a "self-help stay." *Id.* ¶ 5–6. When Rippling explained it had other objections to the RFPs, and tried to address them before litigating the dispute, Deel flatly refused. *Id.* ¶ 6. Rippling renewed its offer in writing several times, proposed times for further conferral, and offered to provide a letter. *Id.* ¶¶ 7–8. Deel refused again and filed this motion. *Id.* ¶ 8 & Ex. A. The motion therefore fails to address all of Rippling's objections, and the remedy Deel requests is necessarily incomplete, which is what Rule 37-1 is designed to prevent. The Court should deny this premature motion.

---

[1] Neither of the cases Deel cites actually decided whether a motion to stay pending arbitration was appropriate. *See Dardashty v. Hyundai Motor Am.*, 2024 WL 4744022, at *2 (explaining that defendant did not seek a stay of discovery); *Johnson v. Moss Bros. Auto Grp.*, 2020 WL 6565315, at *2–3 (reserving issue for the district court).

Respectfully submitted,

/s/ Quyen L. Ta

Quyen L. Ta
Attorneys for Defendant &
Counterclaimant Deel

/s/ Eric H. MacMichael

Eric H. MacMichael
Attorneys for Plaintiff &
Counter-Defendant Rippling & Counter-
Defendant Parker Conrad

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

/s/ Quyen L. Ta

Quyen L. Ta