KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Plaintiff PEOPLE CENTER,
INC. D/B/A RIPPLING, a Delaware
corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**RESPONSE TO DEEL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date Filed:    March 17, 2025<br><br>Trial Date:    None set<br><br>Magistrate Judge Lisa J. Cisneros |
| DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,<br><br>Counter-Defendants. | |

Pursuant to Civil Local Rule 79-5(f), Plaintiff People Center, Inc., d/b/a Rippling ("Rippling") respectfully submits this Response to Defendant Deel, Inc.'s ("Deel") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 339). Rippling seeks to seal sensitive commercial information contained in the highlighted portions of Exhibit 2 to the Declaration of Quyen L. Ta, filed in connection with the parties' July 31, 2026 joint letter brief (ECF No. 338). Specifically, Rippling seeks the following redactions:

| Document | Portions of Document to Be Sealed |
|---|---|
| Exhibit 2 to Ta Declaration [Excerpts from Rippling's Responses and Objections to Deel's First Set of Interrogatories] | Yellow highlighted portions of pages 14–19 |

Because Rippling seeks to redact and seal materials filed in connection with a nondispositive discovery motion, the lower "good cause" standard for sealing applies. *See, e.g.*, *Jones v. PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 5520771, at *6 (N.D. Cal. Aug. 24, 2023) (good cause standard applies to discovery disputes unless they are "somehow more than tangentially related to the merits"); *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 3: 23-md-03084-CRB (LJC), 2025 WL 3653918, at *12 (N.D. Cal. Dec. 17, 2025) (Cisneros, J.).

Rippling has good cause to seal these materials. By redacting and sealing Exhibit 2 to the Ta Declaration, Rippling seeks to seal only confidential information related to (1) its severance agreement with Keith O'Brien, including compensation information, and (2) communications between Rippling, Rippling's outside counsel, O'Brien, and O'Brien's counsel, which led to the development of the severance agreement. Disclosure of information concerning negotiations about the end of employment and severance risks harming Rippling's competitive standing. Moreover, information regarding negotiations over the end of employment constitutes confidential business and proprietary information that warrants sealing.

Courts have held that redaction of employee compensation information is necessary to protect "competitive standing." *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, No. 117CV01056DADBAM, 2018 WL 432654, at *4 (E.D. Cal. Jan. 16, 2018); *see also Midwest*

*Motor Supply Co. v. Nietsch*, No. 2:22-CV-4049, 2025 WL 2945127, at *3 (S.D. Ohio Oct. 17, 2025) (concluding that a party may have a "compelling interest in sealing certain types of information that might be found in an employment agreement, such as salary and compensation structure"). Furthermore, courts have recognized that "negotiations with" an employer about "proposed and final terms of employment" constitute "confidential business information" that warrant protection (even under the higher "compelling reasons" standard for sealing). *See Poer v. FTI Consulting, Inc.*, No. 24-CV-04725-JSC, 2024 WL 5441181, at *1–2 (N.D. Cal. Nov. 20, 2024); *Delashaw v. Seattle Times Co.*, No. C18-537 JLR, 2020 WL 6818720, at *3 (W.D. Wash. May 28, 2020) (applying compelling reasons standard and concluding "that employers and employees have a compelling interest in retaining confidentiality around end-of-employment negotiations"); *see also Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (sealing non-public, "sensitive information about the [company's] governance, administration, and operation" under the good cause standard). Here, Rippling has a strong interest in ensuring its compensation information, and information about how it negotiates severance agreements and the terms of such agreements, remains confidential. Sealing is therefore warranted under the applicable "good cause" standard.

Further, Rippling's requested sealing is narrowly tailored. Rippling seeks to redact from Exhibit 2 only the specific pieces of information discussed and described above, rather than wholesale sealing of the entire exhibit. Courts have a strong preference for redaction of documents rather than blanket sealing of entire exhibits. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137–38 (9th Cir. 2003); *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 907 (N.D. Cal. 2020) ("[A]lthough sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact.") There is no less restrictive alternative that would suffice to protect Rippling's interests in the confidentiality of its severance agreements and employee compensation. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JSC, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) ("The request is narrowly tailored because it seeks sealing only of confidential information.").

Dated:  August 6, 2026                              KEKER, VAN NEST & PETERS LLP


By:    /s/ Eric H. MacMichael
ELLIOT R. PETERS
ERIC H. MACMICHAEL
ANDREW F. DAWSON
NICHOLAS S. GOLDBERG
BENJAMIN D. ROTHSTEIN

Attorneys for Plaintiff PEOPLE CENTER,
INC. D/B/A RIPPLING, a Delaware
corporation

3