KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff PEOPLE CENTER,
INC. D/B/A RIPPLING, a Delaware
corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**PEOPLE CENTER, INC. D/B/A RIPPLING'S RESPONSE TO DEEL'S STATEMENT IN SUPPORT OF SEALING**<br><br>Date Filed:     March 17, 2025<br>Am. Compl.:   Filed: June 5, 2025<br>Judge:          Hon. Charles R. Breyer<br>Courtroom:    6<br><br>Trial Date:    None set |

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
No. 3:25-CV-2576-CRB

6309076

Under Civil Local Rule 79-5(f)(4), Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") hereby responds to Defendant Deel, Inc.'s ("Deel") Response to Rippling's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 348).

## I.    INTRODUCTION

Deel seeks to seal documents that bear directly on the core issue in this case—whether Deel's seniormost executives stole Rippling's trade secrets through a monthslong spying scheme and used those trade secrets to unfairly compete with Rippling. Deel claims that sealing is necessary to prevent competitive harms and to protect its employees from harassment. But it does not—and cannot—make a particularized showing of either sort of harm. Rather, Deel wants to seal these documents because they corroborate Rippling's allegations. That is not a proper basis for sealing. The Court should order that the red-highlighted portions of Deel's revised redactions to Rippling's Opposition to Deel's Motion to Strike and for Additional Relief (ECF No. 349-2) be unsealed.

## II.    SCOPE OF DISPUTED ITEMS

Rippling's Motion identifies Deel as the designating party for Exhibit C and Exhibit K. Deel does not object to filing Exhibits C and K on the public docket. ECF No. 348 at 2. As such, it is undisputed that Exhibits C (ECF No. 333-4) and Exhibit K (ECF 333-8) should be unsealed.

Rippling's Motion also identifies one quote from its First Amended Complaint that is not confidential. Deel does not object to this quote appearing on the public docket, and as such it should be unsealed.

Deel does, however, seek to seal several other portions of Rippling's Opposition to Deel's Motion to Strike and for Additional Relief,  and as such, has filed revised redactions to Rippling's Opposition to Deel's Motion to Strike and for Additional Relief (ECF No. 349-2), with Deel's proposed redactions in red. Rippling opposes Deel's request to seal these red-highlighted portions in this response.

## III.    LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Garrity Power*

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:25-CV-2576-CRB

6309076

*Servs. LLC v. Samsung Elec. Co. Ltd.*, 2021 WL 3473937, at \*1 (N.D. Cal. July 29, 2021). To overcome this presumption in connection with a discovery dispute, the party requesting sealing (Deel) must demonstrate "good cause" for each sealing request (*id.*)—i.e., "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *K.C. v. County of Alameda*, 2024 WL 4008762, at \*3 (N.D. Cal. Aug. 29, 2024). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning will not suffice." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 2026 WL 440752, at \*18 (N.D. Cal. Feb. 17, 2026) (Cisneros, J.). Similarly, reference to a "protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Garrity Power Servs.,* 2021 WL 3473937, at \*1 (quoting N.D. Cal. Civ. L.R. 79-5(c)).

**IV.    ARGUMENT**

Deel has not demonstrated the required good cause to seal the materials subject to its request.

First, Deel claims that it has good cause to seal the red-highlighted portions of Deel's revised redactions to Rippling's Opposition to Deel's Motion to Strike and for Additional Relief (ECF No. 349-2) because they are internal messages "involving" Deel's customers or prospects that "relate" to "Deel's specific customer communication and outreach," which Deel has produced in discovery and designated as "Confidential." For starters, Deel does not meet the good cause standard simply by designating a document as Confidential under the Protective Order. *See Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015) ("[N]either the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard."); *Sywula v. Teleport Mobility, Inc.*, 652 F. Supp. 3d 1195, 1212 (S.D. Cal. 2023) ("[A] party's designation of a document as confidential is not *per se* good cause under Rule 26" (cleaned up)).

Moreover, as Deel's own oblique language ("relating to," "involving") all but admits, Deel does not seek to seal messages that contain any actual customer-specific or customer-identifying information. Deel's own authority is thus distinguishable. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6392572, at \*3 (N.D. Cal. Feb. 10, 2020) (sealing motion involved

2

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:25-CV-2576-CRB

6309076

"financial information" related to Google's customers that "Google may be contractually bound to keep confidential"); *see also Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1270 (N.D. Cal. 2019) (internal emails containing the identity of and information about customers did not warrant sealing where the emails lacked particularized pricing or other customer-specific data).

Rather, Deel seeks to seal ***inculpatory*** internal messages in which Deel's senior employees allude to their own wrongdoing. These messages contain no confidential customer information at all. There is no basis to seal such material, and Deel has offered none. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."); *Small v. Univ. Med. Ctr. of S. Nev.*, 2015 WL 1281549, at *3 (D. Nev. Mar. 20, 2015) (party did not make a particularized showing of good cause where it "did not provide[] any specific facts, supported by affidavits or concrete examples, … to establish that disclosure of the information would cause an unidentifiable and significant harm" and instead made "conclusory statements" that the documents "were never intended for public disclosure").

Second, Deel claims sealing the red-highlighted portions of Deel's revised redactions to Rippling's Opposition to Deel's Motion to Strike and for Additional Relief is necessary to protect Deel and its employees from harassment. This argument is baseless. Rippling has never harassed anyone, let alone done so "without regard for the truth[.]" Deel Resp. at 4. That Deel does not like the content of Rippling's (true) blog posts about the status of this lawsuit—which is a matter of public interest—does not make them "harassment." Moreover, Deel's assertion of "reputational harm" inflicted by Rippling's blog posts is conclusory and unsupported by either evidence or details. *Ibid*. Again, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to establish good cause. *In re Uber Techs.*, 2026 WL 440752, at *18. These purported harms therefore cannot justify sealing.

More fundamentally, Deel's argument runs headlong into the public interest in access to these documents. This litigation—and the spying scheme at its core—has received extensive media coverage. And the spying scheme has harmed Rippling and its relationships with its

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:25-CV-2576-CRB

6309076

customers. *E.g.*, ECF No. 57 ¶ 85. It is therefore entirely proper for Rippling to discuss the litigation. *See, e.g.*, *In re Dan Farr Prods.*, 874 F.3d 590, 592, 596 (9th Cir. 2017) (recognizing First Amendment right to discuss "vigorously litigated" lawsuit, including through "social media posts that express [litigant's] opinions on the merits of the case"). The public interest in this case strengthens the argument for unsealing the documents at issue here, because one purpose of public access to court records is "promoting the public's understanding of … significant public events." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 789 F. Supp. 3d 760, 764 (N.D. Cal. 2025) (quoting *Valley Broad. Co. v. U.S. Dist. Court—D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Deel can also discuss the details of the case—indeed, it has issued broad denials and its own press releases—including a press release synchronized with the filing of the instant Motion to Strike. Given Deel's own attempts to shape the public narrative, the Court should view Deel's characterization of public disclosures that undermine its denials as "harassment" with skepticism.

Deel's attempt to use Keith O'Brien's March 2025 statements as evidence of Rippling's harassment fares even worse: Once O'Brien retained counsel, he averred—under oath—that these statements were false and made at Deel's direction. ECF No. 48-5 ¶ 43. O'Brien's statements do not support Deel's assertion that sealing is necessary to prevent "harassment."

## V.    CONCLUSION

For the reasons stated above, the Court should order that the red-highlighted portions of Deel's revised redactions to Rippling's Opposition to Deel's Motion to Strike and for Additional Relief should be unsealed.

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:25-CV-2576-CRB

6309076

Dated: August 10, 2026

KEKER, VAN NEST & PETERS LLP

By: */s/ Eric H. MacMichael*
ELLIOT R. PETERS
ERIC H. MACMICHAEL
ANDREW F. DAWSON
NICHOLAS S. GOLDBERG
BENJAMIN D. ROTHSTEIN

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING

RESPONSE TO ADMINISTRATIVE MOTION WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:25-CV-2576-CRB

6309076