SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

DIRECT DIAL
+1 650.470.3180
EMAIL ADDRESS
QUYEN.TA@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

August 11, 2026

**VIA ECF**

Magistrate Judge Lisa J. Cisneros
Courtroom G–15th Floor
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Franisco, CA 94102

RE:     The Substantial Completion JLB in *People Center, Inc. d/b/a Rippling v. Deel, Inc. et al.*, Case No. 3:25-CV-2576-CRB (N.D. Cal.)

Dear Judge Cisneros:

Deel writes to advise the Court of a development that Deel believes **moots the parties' dispute in ECF 337 concerning the collection of Deel employees' mobile devices.**

Deel notified Rippling on July 23, 2026 that a number of the relevant employees are separately represented and that Rippling should contact those lawyers if it wished to obtain information from those employees' personal mobile devices.  Deel identified those employees' counsel: Jason Skaggs (for Jeff Vanier, Ari Bahrami, Chris Lee, and Adam Estoclet) and Denise Drake (for Spiros Komis).

As Deel explained in ECF 337, Deel does not issue mobile devices to its employees, does not pay for its employees' devices or service plans, and its policies do not state that Deel has custody and control of the information on those personal device.  Based on the case law, Deel took the reasonable position that it therefore lacks control over those devices for discovery purposes.  To avoid another dispute, Deel explained that it would facilitate collection where it is able.  Deel explained that, for purposes of efficiency, *for those Deel employees who agreed to provide their mobile devices for potential collection,* it would assist and facilitate the collection without the need for another outside counsel.

Unfortunately, Rippling took that helpful suggestion to mean that these employees are "third parties" and unrepresented, even though they are current Deel employees.  Without providing notice of those subpoenas to the parties, as required under Rule 45(a)(4) of the FRCP,

Magistrate Judge Lisa J. Cisneros
August 11, 2026
Page 2

Rippling proceeded to serve a number of Deel employees personally late last week with a 122-page subpoena, including at their homes in the evening.[1]

Given Rippling's position of treating these employees as "unrepresented third parties," and serving them in their homes (rather than to give notice to all parties so Deel and its outside counsel could help facilitate service), each of these employees will now be provided with legal representation so he or she does not get served personally and will not have to respond personally to Rippling's 122-page subpoena.  Deel will be providing the names of counsel to Rippling for each of those current Deel employees identified in the briefing this week or discussed by the parties (which includes John Crosson and Phillip Alvarado)

Because Rippling may now pursue its sought after materials directly from the employees' counsel, the parties' disagreement in ECF 337 regarding the collection of employee mobile devices **is now moot, and no ruling on that issue is necessary.**  Deel simply and respectfully asks that Rippling comply with the law and FRCP 45(a)(4) *before* it proceeds to serve any subpoenas.  And, in the case of Deel's employees, it would be most civil and appreciated if Rippling contact Deel's outside counsel prior to serving current Deel employees.

Respectfully submitted,

*/s/ Quyen L. Ta*
Quyen L. Ta

cc:     All counsel of record (via ECF)

---

[1] One of those Deel employees who was served in her home in the evening was understandably extremely distressed by the personal service.  This type of disruptive service could have been avoided had Rippling followed the law and given notice of those subpoenas to the parties prior to service.  Skadden would have worked with Rippling to facilitate a less disruptive and more civil process of service for Deel's *current* employees.