KEKER
VAN NEST
& PETERS

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Benjamin D. Rothstein**
(415) 773-6666
brothstein@keker.com

August 11, 2026

Magistrate Judge Lisa J. Cisneros
Courtroom G-15th Floor
United States District Court for the Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *People Center, Inc. v. Deel, Inc. et al.*, Case No. 3:25-cv-2576-CRB-LJC

Dear Judge Cisneros:

We write in response to the letter Deel filed on August 11, 2026 (ECF No. 360), arguing that Rippling's motion to compel Deel to collect from its employees' personal mobile devices (ECF No. 337) is moot. Deel did not consult Rippling or provide advance notice before filing the letter, so Rippling did not have the opportunity to participate in Deel's unilateral filing. We regret having to burden the Court with further correspondence but believe it is necessary to provide Rippling's position and correct misrepresentations and omissions in Deel's letter.

***First***, Rippling's subpoenas do not moot its motion. Rippling has moved to compel Deel to collect and produce responsive company documents, pursuant to Rule 34, from employee mobile devices, because Deel employees routinely used personal messaging applications for work, including at CEO Alex Bouaziz's direction to move sensitive discussions off company platforms. ECF No. 337. Deel's letter says the dispute disappeared once Rippling served Rule 45 subpoenas, but those subpoenas are a stopgap, not the relief Rippling requested.

Under Rule 34, Deel has the affirmative obligation to conduct a reasonable and diligent search, to identify all relevant custodians, to issue litigation holds, to supervise the collection process, and to certify completeness of its production. Deel's counsel has professional obligations to supervise this process. If the Court grants the motion, Deel—not Rippling working through a patchwork of separate employee counsel—must perform the collection. That relief remains meaningful, regardless of Rippling's Rule 45 subpoenas. *See Ceballos v. Banda Maguey Corp.*, 2025 WL 819565, at *9 (C.D. Cal. Jan. 31, 2025) ("[T]he fact that Plaintiffs have subpoenaed [a non-party] does not relieve Defendants' burden to search for and produce responsive documents within their possession, custody, or control."). Here, Rippling served subpoenas as a protective

measure after Deel refused to comply with its Rule 34 obligations. Allowing Deel to escape its Rule 34 obligations based on Rippling's subpoenas would reward its non-compliance.

***Second***, Deel's attack on Rippling's service efforts distorts the record. Deel told Rippling that the employees at issue were refusing to permit Deel to collect documents from their devices and that Rippling should serve subpoenas on them. Rippling asked Deel, starting at the July 6 meet and confer and repeatedly afterward, to identify any separate counsel representing the custodians. More than a month has elapsed since then. On July 23, Deel identified counsel for only five custodians (out of *fourteen* from whom Deel has refused to collect). *See* ECF No. 360 at 1. As recently as August 6, Deel continued to state that the others were "in the process" of retaining counsel, while refusing to provide any further information or commit to a timeframe. *See* Ex. A at 6-7. Rippling then proceeded with in-person service of the subpoenas to avoid further unnecessary delay.

Rippling waited a month before resorting to personal service of the subpoenas. It has provided Rule 45 notices for all subpoenas served and promptly corrected the notice issue Deel refers to (which pertained to only two subpoenas). Deel's suggestion that Rippling should have routed the subpoenas through Deel is unworkable. Deel never represented that it has authority to accept any of the subpoenas, and even now, Deel (apparently) does not even know who will represent most of them. And Deel's reference to burdening the custodians with a "122-page subpoena" is misleading rhetoric: each subpoena contains only five (5) document requests; the other pages are definitions, instructions, and copies of the complaint and protective order.

***Third*,** any ruling in Rippling's favor should include John Crosson. Deel told Rippling and then the Court that it "will be collecting the mobile devices of John Crosson and Mike Gallardo to facilitate potential document review and production." ECF No. 337-10 at 34-35. Rippling relied on that representation in framing its requested relief. But on August 6, Deel changed course: it would collect Crosson's laptop, but Rippling should pursue his phone through counsel Deel had not yet identified. Ex. A at 7. When Rippling said it would inform the Court, Deel asked Rippling to wait until today for a written response—then filed its own letter first. Ex. A at 2-3.

Rippling therefore respectfully requests that the Court disregard Deel's mootness argument and resolve Rippling's pending motion to compel Deel to collect responsive documents from the mobile devices of the custodians at issue, including John Crosson. ECF No. 337.

Respectfully submitted,

Benjamin D. Rothstein

cc: All counsel of record (via ECF)