KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff PEOPLE CENTER,
INC. D/B/A RIPPLING, a Delaware
corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEEL'S MOTION FOR LEAVE TO FILE ATTORNEY DECLARATION**<br><br>Date Filed:    March 17, 2025<br>Am. Compl.:  June 5, 2025<br>Judge:         Hon. Charles R. Breyer<br>Courtroom:   6<br><br>Trial Date:    None set |

<u>**PLAINTIFF'S OPPOSITION TO DEEL'S MOTION FOR LEAVE TO**</u>

<u>**FILE ATTORNEY DECLARATION**</u>

Rippling opposes Deel's motion for leave to file the declaration of its outside counsel. Deel's attorney declaration is improper under Ninth Circuit law and the Court's Local Rules, because it lacks personal knowledge, contains pure attorney argument, and would override the strict five-page limit in Judge Cisneros' Standing Order. There are no exceptional circumstances here that would justify Deel's submission. The discovery letter brief sets out the parties' positions on the evidence at issue (fifteen Slack message threads and related documents) and includes quotations and pin citations. The parties also filed a joint request to submit highlighted copies of the Slack messages as exhibits, with highlighting (in different colors) identifying the passages each side believes are supportive. See ECF No. 362. Twenty pages of attorney argument presenting Deel's attorney's slanted view of the evidence will not aid the Court. The motion should be denied.[1]

**I.      THE TA DECLARATION IS IMPROPER ATTORNEY ARGUMENT.**

Attorney declarations that lack personal knowledge, like Ms. Ta's, are not competent evidence and carry no evidentiary weight. *See King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (affirming order striking legal argument in declaration); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) ("information and belief declarations" from outside counsel "were entitled to no weight because the declarant did not have personal knowledge"); *Prodox, LLC v. Pro. Document Servs., Inc.*, No. 22:20-cv-02035-JAD-NJK, 2021 WL 5370236, at *4 n.5 (D. Nev. Nov. 16, 2021) ("declaration from counsel that does not appear to be based on personal knowledge" that "consists largely of legal argument, which is not proper content for a factual declaration" was not "competent evidence" in discovery dispute).

In this district, Civil Local Rule 7-5(b) states that a declaration "may contain only facts," must conform as much as possible to the personal-knowledge requirements applicable at summary judgment, and "must avoid conclusions and argument." Here, pages 4 through 22 of the Ta Declaration consist entirely of conclusions and argument that lack personal knowledge—

---

[1] Rippling will oppose Deel's Motion to Seal (ECF No. 366) in a separate filing.

specifically, Ms. Ta's conclusions and arguments about the evidence cited by Rippling (*e.g.*, page 4: ██████████████████████████████████████████████████████; page 5: "the discussion *appears* ████████████████████████████████████████; page 6: "The full Slack conversation *does not appear to provide*, as Rippling states, ██████████████████████████████"; etc.). This declaration is a "clear violation" of the Local Rule. *See, e.g., Rainbow Bus. Sols. v. Merch. Servs., Inc.*, No. C 10-1993 CW, 2013 WL 6734086, at *14 (N.D. Cal. Dec. 20, 2013) ("us[ing] attorney declarations to . . . make factual and legal arguments" is a "clear violation of Civil Local Rule 7-5(b)").

Worse, Deel's self-evident aim in submitting this declaration is to make an end-run around the Court's strict five-page limit for joint letter briefs. *See* Cisneros Civil Standing Order § F.5, at 5 (Feb. 17, 2026). At the top of Ms. Ta's discussion of the evidence (¶ 8), she states: "When read in context, these quotes do not support the inferences Rippling urges the Court to make, *as Deel's letter brief has explained*." She then proceeds to make arguments that belong (if anywhere) in Deel's brief—*e.g.*, Rippling "overstate[s]" one Slack thread (¶ 10); Rippling "mischaracteriz[es]" another (¶ 29); Rippling takes another "out of context" (¶ 21); Rippling's evidence shows only "████" recruiting (¶ 15); it reveals no "unfair competition" (¶ 18); it shows only "██████████████" (¶ 19); Rippling's former engineers discussed only nonconfidential, "████████████████" (¶ 26); and they disclosed only "█████████████████████" (¶ 29). Ms. Ta has no personal knowledge on which to base any of those conclusions. Deel is of course free to draw inferences or conclusions from the evidence in its legal briefs, but it cannot help itself to around twenty additional pages of argument by shoehorning it into an accompanying attorney declaration. *See Rasmussen*, 299 F.3d at 1082 (declarations may not be used "to make an end-run around the page limitations"); *Primus Grp., Inc. v. Inst. for Env't Health, Inc.*, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019) (striking paragraphs of counsel's declaration under Civil Local Rule 7-5(b) because the party "attempted to exceed its reply brief page limit" by placing argument in the declaration).

And worse still, Deel compounds the violation by adding even more argument to the

administrative motion seeking leave to file its improper attorney declaration. It characterizes Rippling's letter brief as "unfounded," calls the requested discovery a "scavenger hunt," and raises separate disputes concerning custodians and depositions. ECF No. 366 at 2. Those assertions have nothing to do with the issue presented by the admin motion.

**II.     THE TA DECLARATION WILL NOT HELP THE COURT NAVIGATE THE EVIDENCE.**

Deel contends that the Ta Declaration is necessary so that the Court does not have to hunt through 188 pages of exhibits unaided. *Id*. at 2-3. When Deel provided its attorney declaration to Rippling (on filing day) and offered that justification, Rippling immediately recognized the problem: The declaration provides a slanted view of the evidence and would not provide a neutral aid to the Court. Deel invited Rippling to submit its own attorney declaration—a solution that would have put *dozens* of additional pages of improper attorney argument on the docket. Instead, Rippling suggested that (a) each side highlight passages it thinks are supportive (in separate colors); (b) the parties submit the entire documents with both sides' highlighting as exhibits, and (c) the parties jointly request leave to exceed the Court's 25-page limit on exhibits. Rippling also agreed to delay the filing an additional day so that the parties could prepare the highlighted exhibits and joint request. Deel agreed, and the parties filed the joint request and exhibits as described above. *See* ECF No. 362. The joint submission—which Deel approved—is a far cry from the "hunting for truffles" situation Deel describes, and the dozens of additional pages of argument that Deel would place on the docket would do nothing to help.

Deel is correct that there are a lot of discovery disputes in this case (ECF No. 366 at 3)—Deel's and the other Defendants' obstructionism is documented in Rippling's prior briefing—but the frequency of disputes cuts *against* its motion. The briefing page limits in the Court's Standing Order exist to prevent lawyers from over-litigating each individual dispute. This is not the first time Deel has helped itself to extra pages of argument in a discovery submission by attaching a lengthy attorney declaration in a joint discovery letter (*see* ECF Nos. 286-17, 338-1, and 354-1 ), and if the Court accepts the arguments in Deel's motion for leave, Deel is sure to submit more attorney declarations and recycle the same arguments each time the parties disagree about the

"context" of evidence produced thus far (which will be most disputes going forward, now that document productions have begun). The exception will become the rule. That will needlessly prolong the presentation of disputes to the Court, burden Rippling, and crowd the Court's docket with dozens of extra pages of briefing. Rippling respectfully submits that the Court should nip this practice in the bud.

Dated: August 13, 2026                                      KEKER, VAN NEST & PETERS LLP


                                            By:    /s/ Eric H. MacMichael
                                                   ELLIOT R. PETERS
                                                   ERIC H. MACMICHAEL
                                                   ANDREW F. DAWSON
                                                   NICHOLAS S. GOLDBERG
                                                   BENJAMIN D. ROTHSTEIN


                                                   Attorneys for Plaintiff PEOPLE CENTER,
                                                   INC. D/B/A RIPPLING

6316788