KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE (“ALEX”) BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN (“DAN”) WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-2576-CRB<br><br>**RIPPLING’S OPPOSITION TO DEEL’S STATEMENT IN SUPPORT OF SEALING [ECF NO. 366]**<br><br>Date Filed: March 17, 2025<br><br>Trial Date: None set<br><br>Judge Charles R. Breyer |

Under Civil Local Rules 7-11(b) and 79-5, Plaintiff People Center, Inc. d/b/a Rippling ("Rippling") opposes the portion of Defendant Deel, Inc.'s ("Deel") Administrative Motion for Leave to File the Ta Declaration that seeks to file the declaration under seal (ECF No. 366, "Mot."). This opposition addresses Deel's sealing request; Rippling separately opposed Deel's request for leave to file the declaration. ECF No. 369.

## I. INTRODUCTION

Deel seeks to redact substantial portions of pages 4 through 22 of the Declaration of Quyen L. Ta ("Ta Declaration"), including highlighted text and images. The request encompasses several different types of material—customer information, internal communications, employee names, and counsel's descriptions of the underlying documents—but Deel supports them with the same general assertions about business sensitivity, privacy, and potential harassment. Mot. at 5-6. Rippling does not contend that every highlighted item must be disclosed without redaction and does not oppose narrow redactions of customer or prospect names and identifying information. The issue is whether Deel has supported the redactions it seeks here. The present motion does not connect the asserted harms to specific passages or explain why narrower redactions would be insufficient.

## II. SCOPE OF DISPUTED ITEMS

Deel's table identifies the material to be sealed as the highlighted text and images on pages 4 through 22 of the Ta Declaration. Mot. at 3. The highlights cover portions of paragraphs 10 through 34 and the embedded screenshots. Although the highlighting identifies the requested redactions, the motion groups all of that material into a single line item and does not provide a passage-specific explanation of the interest at stake, the resulting injury, or the inadequacy of a narrower alternative.

Rippling does not oppose redacting customer and prospect names, or details that would identify a particular customer or prospect. Rippling also recognizes that a particular screenshot or statement may warrant targeted redaction if Deel makes the required showing. Rippling opposes the request as presented because it treats counsel's narrative, quoted communications, employee names, and asserted business information as a single category without explaining why each proposed redaction is necessary.

## III. LEGAL STANDARD

There is a presumption of public access to judicial records and documents. *Garrity Power Servs. LLC v. Samsung Elec. Co. Ltd.*, No. 21-mc-80159-JSC, 2021 WL 3473937, at *1 (N.D. Cal. July 29, 2021). To overcome this presumption in connection with a discovery dispute, the party requesting sealing (Deel) must demonstrate "good cause" for each sealing request (*id.*)—i.e., "a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *K.C. v. County of Alameda*, No. 22-cv-01817-DMR, 2024 WL 4008762, at *3 (N.D. Cal. Aug. 29, 2024). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning will not suffice." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-md-03084-CBR (LJC), 2026 WL 440752, at *18 (N.D. Cal. Feb. 17, 2026) (Cisneros, J.). Similarly, reference to a "protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Garrity Power Servs.*, 2021 WL 3473937, at *1 (quoting N.D. Cal. Civ. L.R. 79-5(c)). Rule 79-5 independently requires the movant to identify the interest warranting sealing, the injury that disclosure will cause, and why a less restrictive alternative is insufficient, with evidentiary support where necessary. Civil L.R. 79-5(c)(1)–(3). A confidentiality designation under a protective order does not establish sealability. *Id.* 79-5(c).

## IV. ARGUMENT

### A. Deel Does Not Make a Passage-Specific Showing of Harm

Deel provides no declaration directed to the need for sealing from a person with operational knowledge of the asserted business sensitivity or from an affected customer, prospect, or employee. The Ta Declaration is itself the document Deel seeks to redact. It summarizes the underlying documents and offers counsel's interpretation of them, but it does not explain which passages remain competitively sensitive in 2026, what concrete injury disclosure of those passages would cause, or how the proposed redactions protect a particular privacy interest. The motion's general assertion that disclosure "would cause Deel competitive injury" and undermine customer trust, Mot. at 4, does not supply that passage-specific explanation.

Deel also notes that the underlying documents were designated confidential under the

protective order. Mot. at 2-3. That designation may bear on the parties' treatment of the documents in discovery, but Rule 79-5 provides that it is not itself sufficient to establish sealability. Civil L.R. 79-5(c). The documents discussed in the Ta Declaration date from 2022 through 2024. The motion does not address whether the particular projects, plans, recruiting efforts, or competitive assessments described in each proposed redaction remain sensitive or how disclosure would cause a present injury.

**B. Deel Has Not Justified the Breadth of Its Proposed Redactions**

The highlights include materially different content: counsel's descriptions of exhibit dates and participants; statements about research, product development, recruiting, customer support, and scalability; counsel's characterizations of whether the documents contain confidential information; and excerpts of the underlying communications. Ta Decl. ¶¶ 10–34. Deel addresses these distinct categories together, without distinguishing counsel's narrative from the underlying communications or identifying the particular interest and injury associated with each proposed redaction. That generalized treatment does not explain why each proposed redaction in the Ta Declaration is necessary.

The screenshots also appear to contain separable categories of information. Customer names and identifying details can be redacted without necessarily concealing all surrounding discussion. Employee names, channel names, and business details can be considered individually based on the interest implicated by each. Deel may be able to justify some of those redactions, but the motion does not explain whether more targeted redactions were considered or why they would be insufficient. Rule 79-5 requires reasonable alternatives to be explored and sealing to be limited to truly sensitive material. Civil L.R. 79-5(a), (c)(1)(iii).

**C. Speculation About Privacy and Harassment Does Not Justify Sealing**

Deel's nonparty-privacy argument also requires a more particularized showing. The employees discussed in the Ta Declaration are not merely incidental names; their work, communications, and prior employment bear on Interrogatory No. 22 and Deel's proposed explanation of the underlying documents. That relevance does not eliminate legitimate privacy interests, but it weighs against redacting every employee name based only on nonparty status.

Deel's reliance on *Hunt v. Continental Casualty Co.* is misplaced. *Hunt* permitted narrowly tailored redactions of nonparty names from employee performance reviews because those names were "not relevant to the disposition of th[e] case[.]" 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015). Here, Deel itself relies on the employees' identities, roles, prior employment, and experience to contextualize the communications bearing on Interrogatory No. 22. *See* Ta Decl. ¶¶ 10–34. Deel does not identify which names are merely incidental or articulate a specific privacy interest supporting each redaction. And *Hunt* does not support redacting counsel's narrative or the substance of the communications.

Deel likewise predicts that Rippling will "cyberbully, harass, and intimidate" employees or customers. Mot. at 4. But the motion does not identify a particular threat, affected individual, or passage in the Ta Declaration that creates the asserted risk. A generalized concern about criticism, embarrassment, or reputational consequences does not justify all of the requested redactions. Nor does limiting the request to "the close of discovery" resolve the issue, because a document ordered sealed remains under seal until further order of the Court. Civil L.R. 79-5(g)(1). The public has some interest in understanding the materials presented in connection with the discovery dispute, while Deel has legitimate interests in protecting genuinely confidential and private information. Rule 79-5 requires those interests to be balanced through targeted redactions supported by a particularized showing.

## V. CONCLUSION

The Court should deny Deel's sealing request as presented, except for the customer and prospect names and identifying information that Rippling does not oppose.

///

///

///

KEKER, VAN NEST & PETERS LLP

Dated: August 17, 2026

By: */s/ Eric H. MacMichael*
ELLIOT R. PETERS
ERIC H. MACMICHAEL
ANDREW F. DAWSON
NICHOLAS GOLDBERG
BENJAMIN D. ROTHSTEIN

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation