LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
QUYEN L. TA (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALLEN L. LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Counsel for Defendant and Counterclaimant Deel, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,

Defendants.

DEEL, INC., a Delaware corporation,

Counterclaimant,

v.

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,

Counter-Defendants.

Case No.: 3:25-cv-02576-CRB

**DEEL'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 363)**

| | |
|---|---|
| Compl. Filed: | March 17, 2025 |
| Am. Compl. Filed: | June 5, 2025 |
| Judge: | Hon. Charles R. Breyer |
| Magistrate Judge: | Lisa J. Cisneros |
| Trial Date: | None Set |

## INTRODUCTION

Pursuant to Local Rule 79-5(f), Defendant Deel, Inc. ("Deel") files this response as the Designating Party in response to Plaintiff Rippling's ("Rippling") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 363 ("Motion")). In accordance with the Stipulated Protective Order (ECF 74), Deel seeks to redact only the names of non-party employees and references to sensitive business information contained within the Discovery Letter Brief and supporting exhibits (ECF 364) filed August 11, 2026 to protect the privacy interests of non-parties and Deel's private communications concerning confidential business information until the close of discovery. Because Deel seeks to file these materials in support of a non-dispositive discovery filing, Deel need only make a particularized showing of good cause to seal the highlighted material. *See* Fed. R. Civ. P. 26(c); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Each of Deel's proposed redactions corresponds to material designated by Deel as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" under the Stipulated Protective Order as that which qualifies for protection under Federal Rule of Civil Procedure 26(c).

These specific documents are Deel's private internal Slack messages and related documents, which reflect confidential business discussions about current and prospective clients, product development planning, employee recruitment strategies, and lawful efforts to gather competitive research. Good cause exists to redact this information because the contents of such private, internal and strategy communications need not be disclosed at this time. Disclosure of this personal and commercially sensitive information would prejudice Deel and infringe on individual privacy interests, particularly at this stage where much of discovery is incomplete. Finally, as Deel explains further below, given Rippling's pattern of weaponizing its allegations to cyberbully, harass, and intimidate those involved with this litigation, Deel reasonably fears that Rippling will use this material to harm Deel and gain a competitive advantage. Deel therefore respectfully requests that the Court maintain the confidentiality of Deel's employee names and sensitive internal information through the close of discovery.

The redactions and sealing Deel seeks are as follows:

| DOCUMENT | PORTION(S) TO BE SEALED |
|---|---|
| Discovery Letter Brief | Yellow highlighted text |
| Exhibit B | Entire document |
| Exhibit C | Entire document |
| Exhibit D | Entire document |
| Exhibit E | Entire document |
| Exhibit F | Entire document |
| Exhibit G | Entire document |
| Exhibit H | Entire document |
| Exhibit I | Entire document |
| Exhibit J | Entire document |
| Exhibit K | Entire document |
| Exhibit L | Entire document |
| Exhibit M | Entire document |
| Exhibit N | Entire document |
| Exhibit O | Entire document |
| Exhibit P | Entire document |

## LEGAL ARGUMENT

"[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (cleaned up). Typically, a party seeking to seal court filings must show that the request is narrowly tailored to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). But the Ninth Circuit has "carved out an exception . . . for a sealed discovery document attached to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted." *Kamakana*, 447 F.3d at 1179 (cleaned up). This is because "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.*

"[A] 'particularized showing' that public disclosure would cause 'annoyance, embarrassment, oppression, or an undue burden' will suffice to seal non-dispositive records." *Vasquez v. O'Reilly Auto Enters., LLC*, 2022 WL 1645145, at *3 (E.D. Cal. May 24, 2022) (quoting Fed. R. Civ. P. 26(c)(1)). The Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Moreover, under Rule 26(c), a trial court has broad discretion to permit sealing for, among other things, the protection of "confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *see also Kamakana*, 447 F.3d at 1180 ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties."). Deel asks that the Court use its broad discretion to seal the material at issue here as good cause exists to do so.

**<u>GOOD CAUSE EXISTS TO SEAL THE DISCOVERY LETTER BRIEF AND EXHIBITS</u>**

Deel has good cause to seal the information listed above. Deel seeks to seal the highlighted portions of the Discovery Letter Brief and the designated Exhibits[1] because they contain private internal Slack messages between Deel employees and other confidential information produced by Deel in discovery. "Courts routinely protect sensitive business and proprietary information where disclosure would put the producing party at a competitive disadvantage." *U.S. ex rel. Brown v. Celgene Corp.*, 2016 WL 6542729, at *4 (C.D. Cal. Mar. 14, 2016). Deel's redactions cover private conversations among non-party employees that include discussion of confidential hiring efforts, product planning and development, strategies to gather competitive intelligence from lawful sources, and customer communications. This information is not publicly available, and disclosure of such confidential information would cause Deel competitive injury by allowing competitors to benefit from Deel's strategies and proprietary information, in addition to undermining customers' trust in Deel's ability to maintain the confidentiality of their information. *See Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (finding good cause to seal proprietary documents where disclosure may cause competitive harm); *Adtrader, Inc. v. Google LLC*, 2020 WL 6392572, at *3 (N.D. Cal. Feb. 10, 2020) (finding that disclosure of customer information "could cause competitive harm . . . by eroding trust in Google's ability to maintain

[1] The highlighted text in the Discovery Letter Brief consists of quotes from and descriptions of the designated exhibits.

the confidentiality of its customers' sensitive information"). The public's interest in seeing this information before the close discovery is minimal, but Deel has a significant interest in safeguarding sensitive internal information about its business operations, confidential communications among employees, product pipeline, development discussions, and competitive hiring and intelligence.

Moreover, there is an overriding need to protect privacy interests of non-party employees which greatly outweighs any "minimal" value to the public of the underlying material. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (redacting names of defendant's employees from exhibit even under heightened compelling reasons standard). Publicly revealing the names of these individuals and customers is not warranted. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015) (sealing names of non-party individuals in exhibits "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure"). This need is particularly great here in light of Rippling's repeated, documented practice of publicizing its allegations and the events of this litigation in the press and on its website. Rippling has inflicted personal and professional reputational harm to employees identified in its press campaign related to this litigation and Deel expects that Rippling will similarly weaponize the material contained in the Discovery Letter Brief and designated Exhibits to harass, annoy and embarrass Deel and its employees and customers. Given this particularized showing and good cause established under Rule 26(c) when public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden," Deel respectfully requests that the Court seal this material attached to the non-dispositive letter brief through the close of discovery. *See U.S. ex rel. Brown*, 2016 WL 6542729, at *3.

## **CONCLUSION**

For the reasons stated above, Deel respectfully requests that the Court permit the yellow highlighted portions of the Discovery Letter Brief and designated Exhibits to be sealed as indicated.

DATED: August 18, 2026

By: *_/s/ Quyen Ta_*
QUYEN L. TA
*Attorneys for Defendant Deel, Inc.*