United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC.,<br>Plaintiff,<br>v.<br>DEEL, INC., et al.,<br>Defendants. | Case No. 25-cv-02576-CRB (LJC)<br><br>**ORDER STRIKING AND DENYING DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. Nos. 354, 362, 364, 367 |

The parties' joint discovery letters at ECF Nos. 354 (seeking to compel Rippling's production of documents related to Deel's CFAA and RICO counterclaims while the counterclaims are pending resolution of a motion to compel arbitration) and 364 (seeking to compel Deel's response to Interrogatory No. 22 with regards to three former-Rippling employees' contributions to Deel's U.S. Payroll product) are STRICKEN for failure to comply with the undersigned's Civil Standing Order. The parties' Joint Discovery Letter Brief re Motion for Leave to Exceed Exhibit Limit, ECF No. 362, is DENIED.

The Standing Order authorizes the filing of limited exhibits in conjunction with a joint discovery letter brief. One exhibit may attach a true and correct copy of the relevant discovery requests and responses at issue in the parties' dispute, and any additional exhibits beyond that exhibit shall not exceed 25 pages in total. The parties have persistently violated this order by filing voluminous exhibits. The discovery letter process is designed to be a streamlined dispute resolution procedure that is efficient for the parties and the Court. Instead, the parties have deluged the Court with an excess of discovery disputes, suggesting a breakdown in the parties' ability to cooperate meaningfully. Enough.

Furthermore, the parties have filed in less than a month multiple discovery disputes that

raise few issues concerning privilege or waivers. Most of the issues raised in the letters are amenable to resolution through compromise. Counsel for the parties are reminded of their duty to abide by the Northern District of California's Civil Local Rules, including, when faced with discovery disputes, to "confer[] for the purpose of attempting to resolve all disputed issues." N.D. Cal. Civ. L.R. 37-1; *Miranda Dairy v. Harry Shelton Livestock, LLC*, No. 18-cv-06357-RMI, 2020 WL 6269541 at *4 (N.D. Cal. Oct. 22, 2020) ("[C]ounsel should be mindful that discovery is the responsibility of the parties and turning to the court to resolve a discovery dispute should only be used as a last resort."). "Attorneys practicing in this [C]ourt are expected to seek court involvement in discovery disputes only as a last resort, and only when the dispute implicates truly significant interests that counsel cannot resolve through reasonable cooperation during the meet-and-confer process." *Shared P'ship v. Meta Platforms, Inc.*, No. 22-CV-02366-RS (RMI), 2023 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023). Before the parties may refile their disputes at ECF Nos. 354 and 364 in a manner that is consistent with the Civil Standing Order, they shall appear for a discovery status conference via Zoom on August 21, 2026 at 10:00 am. At the status conference, the Court will discuss options for the procedure prior to refiling, including an in-person meet and confer at the courthouse, where the parties' principals, specifically their Chief Executives, will be required to join their counsel for the in-person meet and confer.

**IT IS SO ORDERED.**

Dated: August 19, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California