United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE CENTER, INC.,<br>Plaintiff,<br>v.<br>DEEL, INC., et al.,<br>Defendants. | Case No. 25-cv-02576-CRB (LJC)<br><br>**DISCOVERY MANAGEMENT ORDER**<br>Re: Dkt. No. 378 |

On August 21, 2026, the Court held a discovery status conference after striking two joint discovery letters and raising concerns about the parties' handling of discovery disputes. Dkt. No. 378. As directed previously, the parties shall meet and confer further to resolve the disputes raised in the previously filed letters, Dkt Nos. 354, 364. These disputes may not be refiled until the Court grants leave for the parties to do so. In addition, the parties shall meet and confer regarding their joint discovery letter that concerns Deel's demand that Rippling supplement its interrogatory responses concerning trade secrets that were allegedly stolen. Dkt. No. 367.

The parties shall appear for a hearing on August 27, 2026 at 3 pm via Zoom regarding the discovery dispute concerning the scope of the common interest doctrine. Dkt. No. 338.

The parties shall also appear for a discovery status conference on October 1, 2026 at 3:00 pm via Zoom. One week before the status conference, the parties shall file a joint Discovery Status Report. The Joint Discovery Status Report shall (1) address whether the parties were able to resolve the disputes raised in the letters, Dkt. Nos. 354, 364, 367, (2) describe the parties' progress on discovery in sufficient detail for the Court to assess whether document discovery, written discovery, and depositions will be completed within the timeframe that Judge Breyer has ordered, and (3) propose agenda items for the discovery status conference. The Court will

United States District Court
Northern District of California

consider setting regular discovery status conferences to ensure that discovery is completed by the January 15, 2027 deadline. The Court is cognizant of the discovery delays that already occurred earlier in the case as pleadings were contested. The parties shall avoid the need for any requests for the extension of discovery deadlines.

At the status conference the parties made several representations related to their dispute concerning Deel's response to Rippling's Interrogatory No. 22. Based on the parties' representations at the status conference, the undersigned re-reviewed the First Amended Complaint and Judge Breyer's February 23, 2026 decision denying the Motion to Dismiss, and shares the following observations without ruling on the dispute. Dkt. No. 174. As discussed at the status conference, the FAC alleges a civil action under the Racketeering Influenced and Corrupt Organizations Act (RICO). Rippling alleges a RICO claim, as well as conspiracy to violate RICO, misappropriation of trade secrets, and other federal and state law claims. Rippling alleges corporate espionage wherein Deel worked with a spy, a Rippling employee, to steal customer information and enlisted two former Rippling employees to gather trade secret information. Though the FAC does not contained allegations that secrets related to Rippling's native U.S. Payroll system were stolen, the FAC alleges Deel's targeted theft of confidential information pertaining to Rippling's French native payroll system. A specific theft of a trade secret pertaining to Rippling's native U.S. payroll platform need not be identified before Rippling may pursue a line of discovery to investigate conduct similar to that alleged in the FAC because the elements of a RICO claim include a requirement that Rippling establish a pattern of racketeering activity. Such discovery requests must, nevertheless, meet the proportionality requirements under Rule 26 of the Federal Rules of Civil Procedure, and confidentiality protections may be necessary for commercially sensitive information.

//

//

//

//

//

United States District Court
Northern District of California

With respect to the parties' future joint discovery letters, the parties' exhibits, separate and apart from the exhibits that contain the relevant discovery requests and responses, may not exceed fifty pages in total. Furthermore, declarations that contain arguments regarding the law or characterizing facts will be stricken. Declarations shall be limited to attesting to facts.

**IT IS SO ORDERED.**

Dated: August 24, 2026

LISA J. CISNEROS
United States Magistrate Judge