LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
QUYEN L. TA (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALLEN L. LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Counsel for Defendant and Counterclaimant Deel, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,

Defendants.

DEEL, INC., a Delaware corporation,

Counterclaimant,

v.

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; KEITH O'BRIEN, an individual; and DOES 1-100,

Counter-Defendants.

Case No. 3:25-cv-02576-CRB

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF 390)**

Compl. Filed: March 17, 2025
Am. Compl. Filed: June 5, 2025
Judge: Hon. Charles R. Breyer

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, in the courtroom of the Honorable Charles R. Breyer, located at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, Defendant Deel, Inc. ("Deel") will, and hereby does, move pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from the September 2, 2026 nondispositive pretrial order (the "Order," ECF 390) of the Magistrate Judge in this action granting Plaintiff People Center, Inc. d/b/a Rippling's ("Rippling") application for a letter of request for international judicial assistance ("the Letter Rogatory") to the Republic of Austria for Rippling to procure documents from foreign third-party Bybit EU GmbH ("Bybit EU").

The parties submitted this issue to the Court in a July 24, 2026 Joint Discovery Letter (the "Discovery Letter," ECF 328), whereby Deel asked the Court to decline to issue the proposed Letter Rogatory as drafted given its overbreadth. Deel did not oppose certain discovery into six transactions purportedly related to alleged payments to Keith O'Brien (the "KOB-related Transactions"). But Deel opposed the request to compel Bybit EU to turn over sensitive information related to the remaining 63 transactions (the "Unrelated Transactions") because Rippling failed to establish the relevance of those transactions to the claims or defenses in this action and because the discovery is disproportionate to the needs of the case. Given the partial opposition, Deel asked the court to deny the request as drafted but indicated that it would not object to a properly tailored Letter Rogatory pertaining to the KOB-related Transactions. The Magistrate Judge granted Rippling's request for the Letter Rogatory as proposed, including both the KOB-related Transactions and the disputed 63 Unrelated Transactions. (Order at 5.)

Deel respectfully submits that the Order is clearly erroneous and contrary to law. First, the Order misapplies RICO by finding that Rippling could use evidence of unalleged criminal conduct of a different type and during a different timeframe than the alleged predicate acts to prove its RICO claims. This is not the law. Second, the Order fails to apply the relevance standard of Rule 26 thereby granting Rippling a license to fish for evidence that is untethered to its pled RICO claims.

Deel respectfully requests that the Court reverse the Order and deny Rippling's request for a Letter Rogatory as drafted. Deel does not oppose a revised Letter Rogatory limited to discovery into the six KOB-related Transactions.

This Motion for Relief (the "Motion") is based on the accompanying Memorandum of Points and Authorities, all pleadings and papers filed in this action, and such additional papers and arguments as may be presented at, or in connection with, any hearing on this Motion.

Dated: September 16, 2026

Respectfully submitted,

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: *_/s/ Quyen Ta_*
Quyen Ta
*Counsel for Defendant and Counterclaimant Deel, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

The Letter Rogatory approved by the Magistrate Judge misapplies our RICO law and Rule 26, and vastly expands discovery.[2] Without allegations tethered to the information sought, Rippling asks this court for a fishing expedition—and one unrelated to this case. The Letter Rogatory seeks information on 69 transactions, but only 6 are relevant. Deel does not oppose discovery to identify who owns the Bybit accounts that funded the cryptocurrency "Target Address" that paid Keith O'Brien in those 6 transactions. (*See* ECF 328 and ECF 341.) But the remaining 63 transactions have nothing to do with Keith O'Brien, largely did not occur during the time of the alleged "spying scheme," and are not related to any claim or defense (the "Unrelated Transactions"). Discovery into those transactions should not be permitted.

## STANDARD OF REVIEW

When a party objects to a nondispositive order of a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Blue Bottle Coffee, LLC v. Liao*, No. 21-CV-06083-CRB, 2023 WL 11711682, at *1 (N.D. Cal. Oct. 5, 2023). "In determining whether to issue a letter of request, courts apply the discovery principles contained in [Rule] 26." *Khan Funds Mgmt. Am., Inc. et al. v. Nations Techs., Inc., et al.*, No. 22-CV-05055 (ER), 2026 WL 2640821, at *10 (S.D.N.Y. Sept. 8, 2026). "Such principles typically include consideration of whether evidence sought by the movant is material or may lead to the discovery of material evidence, the breadth of evidence sought, and the availability of such evidence from alternative sources." *Id.*

## ARGUMENT

### I. Rippling Is Not Entitled To Explore Unalleged Conduct As Part Of Its RICO Claim

The Order erroneously holds that "Rippling is entitled to use other criminal conduct to prove its RICO claims, including allegations of money laundering in a criminal enterprise." (Order at 5.) But this is not the law and the cases cited do not support the proposition. After the Supreme Court decided "what

[1] Unless otherwise noted, all emphases are added, and all citations, brackets, original alterations, footnotes, and quotation marks are omitted from quotations for ease of reading.

[2] Deel exposed that Rippling's Letter Rogatory application included an expert's affidavit that was factually incorrect. (*See* Disc. Letter at 1; Decl. of William K. Wray, Jr. (ECF 328-4).) Rippling provided a Supplemental Affidavit, pitching that "[t]hese non-substantive revisions do not modify any of Ms. Wong's opinions about the relevance of the discovery sought in the letter rogatory[.]" (Disc. Letter at 3.) But those "revisions" unveiled the expert's reluctant surrender that the transactions are not connected to O'Brien.

conduct meets RICO's pattern requirement" in *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232 (1989), one district court aptly noted that RICO plaintiffs may not "claim license for broad discovery of documents and transactions having nothing whatsoever to do with the parties and the transaction underlying the RICO claim." *PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D. Cal. 1990). It emphasized its duty to "ensure that [plaintiff] has some basis in fact for seeking discovery of matters unrelated to its allegations of mail and wire fraud." *Id.* "In the context of a civil RICO claim, and given the Court's obligation to reduce unreasonable expense [], discovery of the type sought by [plaintiff] should not be permitted . . . absent a factual showing demonstrating that discovery into transactions unrelated to the allegations of the complaint are ***reasonably*** calculated to lead to admissible evidence." *Id.* Rippling has not done so here.

The Order claims that "Rippling need not have specifically alleged 'money laundering' as a predicate for its RICO claim for such discovery to be relevant to the RICO claim."[3] (Order at 5.) That is wrong. The Order relies on two cases that Rippling cited to conclude that "Rippling is entitled to use other criminal conduct to prove its RICO claims," but neither case stands for this proposition. (*Id.*) To the contrary, *United States v. Cervantes* holds that RICO evidence is limited in scope to the conspiracies alleged. 170 F. Supp. 3d 1226, 1231 (N.D. Cal. 2016). *Cervantes* thus found that alleged acts were "within the scope of the charged conspiracy," *Id.* at 1234, but that acts ***not appearing*** in the indictment were admissible ***only if*** they are "sufficiently connected to the theory of the government's case." *Id.* at 1234, 1238 (explaining that because robbery was alleged as a racketeering predicate, evidence of other robberies was admissible only if it fell "within the scope of the [indictment] in terms of time, location, the identity of the persons involved and each act's alleged type (robbery) and purpose"). Notably, *Cervantes* rejected the attempt to offer evidence on three other acts (a riot and two assaults) that were not of the type alleged in the indictment "as proof of the existence of an enterprise and the defendants' roles in it." *Id.* At 1238. It found "these incidents are sufficiently disjointed in time, place, defendant participation, and type of act

[3] When the Court ruled on Defendants' motions to dismiss, it found that "Rippling plausibly asserts three predicate acts: obstruction of justice, wire fraud, and theft of trade secrets." (ECF 174 at 44.) Money laundering is not included. Moreover, neither Rippling nor its expert offer any support that the Unrelated Transactions could be indicative of money laundering, which requires either knowledge that the property involved in a financial transaction "represents the proceeds of some form of unlawful activity," or that one act "with the intent to promote the carrying on of specified unlawful activity." 18 U.S.C. § 1956(a)(1), (a)(1)(i).

to suggest more random uncoordinated activity than those discussed above, and therefore prevent the Court from concluding that each is inextricably intertwined with a charged conspiracy." *Id.* at 1239.

Here, money laundering is not alleged and thus cannot be admissible evidence or lead to it. It is not alleged as a racketeering predicate in the FAC, and the discovery sought by Rippling is "disjointed in time, place, defendant participation, and type of act." *Id.* at 1231. It thus is not permitted by Rule 26. *PMC*, 131 F.R.D. at 188 (plaintiff "is precluded from taking discovery of such matters, unless and until it first makes a threshold factual showing linking the information sought to the alleged racketeering activity"). *Cervantes* thus does not support, but rather undercuts, Rippling's position.

In *United States v. Nelson*, the court denied defendants' motion for a new trial after being convicted of RICO conspiracy, conspiracy to commit murder and murder in violation of Violent Crimes in Aid of Racketeering Activity ("VICAR"). No. 17-CR-00533-EMC-1, 2024 WL 1244262, at *1 (N.D. Cal. Mar. 11, 2024). Defendants were Hells Angels members. *Id.* at *2-3. The court allowed evidence of assaults but noted: "[w]hile assaults do not qualify as racketeering acts, *see* 18 U.S.C. § 1961(1), they can be considered as enterprise evidence and serve, in part, as a basis for the inference that a defendant who joined the enterprise engaged in criminal activity." *Id.* at *6 n.2. That is, commission of other crimes with other co-conspirators could prove membership in the enterprise. But Rippling and the Order misapply *Nelson*. The Order states that "the purpose of the Letter Rogatory is to uncover the identity of unnamed co-conspirators relevant to Rippling's RICO claim," Order at 6, but *Nelson* provides no support for a broad discovery request into allegations of uncharged conduct by non-defendants. Indeed, Rippling does not allege that any unnamed co-conspirators are relevant to its RICO claim. Rather, the identities of the alleged co-conspirators are known and their alleged conduct has nothing to do with funding any purported Target Network. *Nelson* thus provides no basis to approve the Letter Rogatory as drafted. *See Khan*, 2026 WL 2640821, at *10 (denying letters of request for failure to "explain how the records would tend to prove or disprove any of the specific predicate acts alleged in support of the Plaintiffs' RICO claims.").

## II. <u>The Order Fails To Apply The Correct Relevance Standard</u>

Discovery sought by letters rogatory must be "sufficiently relevant within the scope of Rule 26." *Abraxis BioScience, LLC v. Actavis, LLC*, No. CV 16-1925 (JMV), 2017 WL 2293347, at *3 (D.N.J. May 25, 2017). Despite Deel's repeated queries, Rippling has yet to articulate a viable theory linking its

requests to its RICO claim, and Rippling ***must*** demonstrate that the discovery it seeks is relevant to its alleged RICO claim. *See In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 408 (N.D. Cal. 2020) (explaining that Rule 26 limits discovery to claims or defenses, and "requires courts to disallow discovery" outside that scope); Rule 26 Advisory Committee Notes (amendment "signals to the court that it has the authority to confine discovery to the claims . . . asserted" and "parties . . . have no entitlement to discovery to develop new claims or defenses . . . not already identified in the pleadings"). It has not done so.

Indeed, Rippling effectively concedes that the Unrelated Transactions lack the requisite relevance. According to Rippling, this "discovery is likely to unveil who was responsible for the payments made to O'Brien, which is undisputably a critical issue in this case." (Disc. Letter at 3.) But only discovery into the six O'Brien transactions concerns who was responsible for the payments to O'Brien—not the 63 Unrelated Transactions. For those, Rippling claims necessity because "these [six KOB-related Transactions] alone would not identify ***<u>all accounts</u>*** owned and operated by the individual operating the larger Target Network behind the Target Address" and "to fully understand the scope and scale of the apparent criminal enterprise behind the Target Network, all of the transactions are necessary." (ECF 329-1, Disc. Letter at 4.) But that explanation does not align with its allegations. The FAC does not allege a criminal enterprise with unnamed co-conspirators engaged in money laundering. The 63 Unrelated Transactions are just exploration into any possible theory of wrongdoing purportedly connected to Deel so that Rippling can declare anything wrong as part of a grand but unpled RICO enterprise. That is not permitted. Tellingly, Rippling fails to offer the showing of relevance its own cited cases establish as necessary.[4] *See WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 2024 WL 1961068, at *4 (N.D. Cal. May 2, 2024) (explaining request for letters rogatory must include "some initial showing that it has evidence for [the at-issue] affirmative defense"); *Scalia v. Int'l Longshore & Warehouse Union*, 337 F.R.D. 281, 292 (N.D. Cal. 2020) (approving letters rogatory where information is "relevant to the claims and defenses in this case," "necessary to adequately respond to [party's] allegations," "not available in the United States.").

While Rippling has not established relevance, the Order bridges the gap with its unsupportable propositions. The Order acknowledges the likely irrelevance of the 63 Unrelated Transactions but states "this is not a reason to preclude Rippling from seeking the information in the first place" because "[i]f

[4] Deel's Supplemental Letter Brief explains in detail why the Unrelated Transactions are insufficiently linked to each other or the claims or defenses in the action. (*See* ECF 341.)

Deel has nothing to hide, then it has nothing to fear." (Order at 6.) That is not the proper analysis. *See Farley v. Callais & Sons LLC*, No. CIV.A. 14-2550, 2015 WL 4730729, at *2 (E.D. La. Aug. 10, 2015) (rejecting assertion that "[i]f the plaintiff has nothing to hide, then he should not object to producing his [] records" as "a fundamental misunderstanding of the general scope of discovery"). Because the Unrelated Transactions are not relevant to the claims or defenses in the case, Rippling's request should be denied. *See Rodriguez-Meza v. Venegas*, No. 2:17-CV-54–AM–CW, 2020 WL 14100944, at *7 (W.D. Tex. Mar. 27, 2020) (denying discovery into every bank account controlled by defendants in a RICO action because it "would amount to nothing but a fishing expedition").

## III. <u>Deel Has Standing To Object to the Proposed Letter Rogatory</u>

The Order incorrectly indicates that Deel lacks standing to object to the Letter Rogatory.[5] (*Id.* at 6.) The same standing principles apply to Rule 45 subpoenas and requests for letters rogatory. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 5105028, at *1 (S.D. Fla. Oct. 27, 2021). Thus, any party may seek relief under Rule 26(c) when "its own interest is jeopardized by the discovery sought from that nonparty." *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2024 WL 3416644, at *2–3 (N.D. Cal. July 14, 2024); *see also In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D. 407, 408 (N.D. Cal. 2020) (Rule 26 "requires courts to disallow discovery" outside the scope of the claims and defenses). Deel is impacted because Rippling aims to use this unwarranted discovery for a fishing expedition into matters not pled and to vastly expand the case without allegations, leading directly to undue burden and expense. *See* Fed. R. Civ. P. 26(c).

Even if Deel does not have standing to object, the Court should not dispatch this Motion without correcting the Order's misapplication of RICO and Rule 26 to avoid the recurrence of Rippling pursuing, in the name of RICO, discovery unconnected to its allegations.[6] *See Abraxis*, 2017 WL 2293347, at *3 (assuming standing for "purposes of completeness" and analyzing appropriateness of the proposed letter rogatory).

[5] Contrary to the Order's suggestion, Deel did not object based on its privacy interests.

[6] For example, a recent discovery management order remarked on the scope of permissible RICO discovery and noted that "[a] specific theft of a trade secret pertaining to Rippling's native U.S. payroll platform need not be identified before Rippling may pursue a line of discovery to investigate conduct similar to that alleged in the FAC because the elements of a RICO claim include a requirement that Rippling establish a pattern of racketeering activity." (ECF 384 at 2.) The Court is the gatekeeper that should limit discovery that does not meet Rule 26 requirements.

**CONCLUSION**

Deel respectfully requests that the Court vacate the Order and deny the Letter Rogatory request.

Dated: September 16, 2026

By: *_/s/ Quyen Ta_*
Quyen Ta
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
*Counsel for Defendant and Counterclaimant Deel, Inc.*