Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

vs.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,

Defendants.

Case No. 3:25-cv-02576-CRB

**DEFENDANT ALEX BOUAZIZ'S RESPONSE TO PLAINTIFF RIPPLING'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF 409]**

| | |
|---|---|
| Compl.: | March 17, 2025 |
| First Am. Compl.: | June 5, 2025 |
| Judge: | Hon. Charles R. Breyer |
| Courtroom: | 6 |
| Trial Date: | None set |

## INTRODUCTION

Pursuant to Local Rules 7-11 and 79-5, Defendant Alex Bouaziz respectfully submits this Response in response to Plaintiff Rippling's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 409) and in connection with Alex's contemporaneously filed Administrative Motion to File Under Seal. In accordance with the Stipulated Protective Order (ECF No. 398), Alex seeks to redact or seal sensitive personal contact information, personal identifying information of non-parties, and personal communications appearing in the Joint Discovery Status Report (ECF No. 409) and Rippling's accompanying Exhibit B. This personal information need not be disclosed for the public to evaluate the filings, and the disclosure of such information would infringe on Alex's and non-parties' privacy interests. Because Alex seeks to redact and seal material filed in connection with a non-dispositive discovery dispute, the lower "good cause" standard for sealing applies. *See* Fed. R. Civ. P. 26(c); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Specifically, Alex seeks to redact sensitive personal contact information, highlighted in green on pages 4 and 5 of Exhibit B. Additionally, Alex seeks to redact the names of non-party individuals appearing within the text highlighted in green on page 6 of the Joint Discovery Status Report and pages 5 and 6 of Exhibit B, the accompanying expert declaration, to protect those individuals' privacy until the close of discovery. Alex also seeks to redact the personal communications highlighted in green on page 4 of the Joint Discovery Status Report. All of this information is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order, which qualifies for protection under Federal Rule of Civil Procedure 26(c). The redactions and sealing Alex seeks are as follows, as reflected in the concurrently filed revised Joint Discovery Status Report and accompanying Exhibit B:

| DOCUMENT | PORTION(S) TO BE SEALED |
|---|---|
| Joint Discovery Status Report | Green highlighted portions on pages 4 and 6 |

| | |
|---|---|
| Exhibit B – Declaration of Joseph Naghdi | Green highlighted portions on pages 4, 5, 6 |

## ARGUMENT

A "particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana*, 447 F.3d at 1180 ("Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure."); *see also Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023). Typically, a party seeking to seal portions of a document filed with the Court must demonstrate that the request is narrowly tailored to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). Alex has good cause to seal the materials listed above.

*First*, a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings. *See Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2. Courts regularly find it appropriate to seal personal contact information such as emails, social media handles, and cell phone numbers. *E.g.*, *Berland v. X Corp.*, No. 24-CV-07589-JSC, 2026 WL 785528, at *1 (N.D. Cal. Mar. 20, 2026) (finding good cause to seal plaintiff's personal email, social media handle, and cell phone number); *Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024) (finding good cause to seal phone numbers, email addresses, and driver's license numbers); *Reflex Media, Inc. v. Doe No. 1*, No. 2:18-CV-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (finding "compelling reasons exist to keep . . . personal identifying information . . . under seal because public disclosure of this information could be used for improper purposes"); *see Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) ("Ninth Circuit has found that compelling reasons exist to keep personal

information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). Sealing is appropriate pursuant to Civil L.R. 79-5(c)(1).

Additionally, sealing this information is necessary to protect Alex's and non-parties' "privacy interest[s] and to prevent exposure to harm or identity theft." *Activision Publ'g, Inc. v. EngineOwning UG*, No. 2:22-CV-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023). Disclosure of this information would cause Alex and non-parties substantial harm by putting them at risk of harassment from members of the public or of cyber-hacking or other forms of theft or harm.

*Second*, good cause exists to redact information regarding non-parties who have not otherwise been publicly associated with this action. Infringement on those individuals' privacy interests caused by disclosure would greatly outweigh any "minimal" value to the public because the names are "not important" to consider the merits of Rippling's inspection requests. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig*., MDL No. 2672 CRB, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("[T]here is minimal public interest in this information; the public can still access Plaintiffs' allegations regarding [Defendant's] involvement in the implementation of the defeat device. The names and job titles of the individuals involved are irrelevant."); *see Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (redacting names of defendant's employees from exhibit even under heightened compelling reasons standard). Publicly revealing those non-parties' identities would imply an association with the conduct Rippling alleges in this action, which is not warranted. *See Hunt v. Cont'l Cas. Co*., 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (sealing names of non-party individuals in exhibits "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure").

*Third*, good cause exists to redact personal communications, given Rippling's repeated and documented practice of publicizing its allegations and the events of this litigation through the press and on its own website, including in blog posts authored by its "Legal Team." Through this conduct, Rippling has, without regard for the truth, before the Court has adjudicated these issues,

publicly indicted individuals by name and ascribed serious misconduct to them, inflicting reputational harm—both personal and professional—that has occurred and will continue to occur so long as Rippling persists in its campaign. In doing so, Rippling has taken materials out of context, creating misrepresentations by choosing to quote only portions of statements. Given Rippling's prior conduct, it is likely to use the materials contained in the filings to harass and annoy Alex, Deel, and Deel's employees and customers. Given this particularized showing and because good cause is established under Rule 26(c) when public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden," Alex respectfully requests that the Court seal this material attached to a non-dispositive motion through the close of discovery. *See U.S. ex rel. Brown*, No. CV 10-3165 GHK (SS), 2016 WL 6542729, at *4 (C.D. Cal. Mar. 14, 2016).

*Finally*, Alex has explored "all reasonable alternatives to filing documents under seal" and "minimize[d] the number of documents" to be filed under seal. Civil L.R. 79-5(a). Alex has proposed redactions of only "the truly sensitive information" rather than seeking to "seal entire documents." *Id.* His request is narrowly tailored, and there is no less restrictive alternative to sealing that would prevent the public dissemination of the information. The public's interest in accessing the Joint Discovery Status Report and attached exhibit will be satisfied by filing a partially redacted Joint Discovery Status Report and Exhibit B that discloses all relevant information while removing irrelevant personal contact information and identifying information of non-parties.

**CONCLUSION**

For the reasons stated, Alex Bouaziz respectfully requests that the Court permit the green highlights in the Joint Discovery Status Report and accompanying Exhibit B to be sealed as indicated in the revised versions filed contemporaneously herewith.

DATED: October 1, 2026

Respectfully submitted,

By: /s/ *Kenneth J. Brown*

Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com

**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*