Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

vs.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1–100,

Defendants.

Case No. 3:25-cv-02576-CRB

**DEFENDANT ALEX BOUAZIZ'S RESPONSE TO PLAINTIFF RIPPLING'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF 427]**

| | |
|---|---|
| Compl.: | March 17, 2025 |
| First Am. Compl.: | June 5, 2025 |
| Judge: | Hon. Charles R. Breyer |
| Courtroom: | 6 |
| Trial Date: | None set |

## INTRODUCTION

Pursuant to Local Rules 7-11 and 79-5, Defendant Alex Bouaziz respectfully submits this Response in response to Plaintiff Rippling's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (ECF No. 427) and in connection with Alex's contemporaneously filed Administrative Motion to File Under Seal. In accordance with the Stipulated Protective Order (ECF No. 398), Alex seeks to redact or seal sensitive personal contact information and personal identifying information of non-parties appearing in Rippling's Exhibit B (ECF No. 427-04), accompanying the revised Joint Discovery Status Report. This personal information need not be disclosed for the public to evaluate the filings, and the disclosure of such information would infringe on Alex's and non-parties' privacy interests. Because Alex seeks to redact and seal material filed in connection with a non-dispositive discovery dispute, the lower "good cause" standard for sealing applies. *See* Fed. R. Civ. P. 26(c); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Specifically, Alex seeks to redact sensitive personal contact information, highlighted in green on pages 4 and 5 of Exhibit B. Additionally, Alex seeks to redact the names of non-party individuals appearing within the text highlighted in green on pages 5 and 6 of Exhibit B to protect those individuals' privacy until the close of discovery. All of this information is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order, which qualifies for protection under Federal Rule of Civil Procedure 26(c). The redactions and sealing Alex seeks are as follows, as reflected in the concurrently filed Exhibit B:

| DOCUMENT | PORTION(S) TO BE SEALED |
|---|---|
| Exhibit B – Declaration of Joseph Naghdi | Green highlighted portions on pages 4, 5, 6 |

## ARGUMENT

A "particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions."

*Kamakana*, 447 F.3d at 1180 ("Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure."); *see also Richter v. Oracle Am., Inc.*, No. 22-CV-04795-BLF, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023). Typically, a party seeking to seal portions of a document filed with the Court must demonstrate that the request is narrowly tailored to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). Alex has good cause to seal the materials listed above.

*First*, a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings. *See Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2. Courts regularly find it appropriate to seal personal contact information such as emails, social media handles, and cell phone numbers. *E.g.*, *Berland v. X Corp.*, No. 24-CV-07589-JSC, 2026 WL 785528, at *1 (N.D. Cal. Mar. 20, 2026) (finding good cause to seal plaintiff's personal email, social media handle, and cell phone number); *Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024) (finding good cause to seal phone numbers, email addresses, and driver's license numbers); *Reflex Media, Inc. v. Doe No. 1*, No. 2:18-CV-02423-RFB-BNW, 2022 WL 2985938, at *2 (D. Nev. July 28, 2022) (finding "compelling reasons exist to keep . . . personal identifying information . . . under seal because public disclosure of this information could be used for improper purposes"); *see Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-03874, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) ("Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."). Sealing is appropriate pursuant to Civil L.R. 79-5(c)(1).

Additionally, sealing this information is necessary to protect Alex's and non-parties' "privacy interest[s] and to prevent exposure to harm or identity theft." *Activision Publ'g, Inc. v. EngineOwning UG*, No. 2:22-CV-00051-MWF (JCx), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023). Disclosure of this information would cause Alex and non-parties substantial harm by putting

them at risk of harassment by members of the public or of cyber-hacking or other forms of theft or harm.

*Second*, good cause exists to redact information regarding non-parties who have not otherwise been publicly associated with this action. Infringement on those individuals' privacy interests caused by disclosure would greatly outweigh any "minimal" value to the public because the names are "not important" to consider the merits of Rippling's expert declaration. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig*., MDL No. 2672 CRB, 2016 WL 11807130, at *2 (N.D. Cal. Aug. 24, 2016) ("[T]here is minimal public interest in this information; the public can still access Plaintiffs' allegations regarding [Defendant's] involvement in the implementation of the defeat device. The names and job titles of the individuals involved are irrelevant."); *see Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (redacting names of defendant's employees from exhibit even under heightened compelling reasons standard). This Court has already ordered that identities of non-parties be sealed, Judge Breyer's September 25, 2026 order (text-only order), and information "previously deemed sealable" should be sealed again, *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F.Supp.3d 765, 792 (N.D. Cal. 2019).

*Finally*, Alex has explored "all reasonable alternatives to filing documents under seal" and "minimize[d] the number of documents" to be filed under seal. Civil L.R. 79-5(a). Alex has proposed redactions of only "the truly sensitive information" rather than seeking to "seal entire documents." *Id.* His request is narrowly tailored, and there is no less restrictive alternative to sealing that would prevent the public dissemination of the information. The public's interest in accessing the Joint Discovery Status Report's attached exhibit will be satisfied by filing a partially redacted Exhibit B that discloses all relevant information while removing irrelevant personal contact information and identifying information of non-parties.

## **CONCLUSION**

For the reasons stated, Alex Bouaziz respectfully requests that the Court permit the green highlights in Exhibit B to be sealed as indicated in the revised version filed contemporaneously herewith.

DATED: October 12, 2026

Respectfully submitted,

By: /s/ *Kenneth J. Brown*

Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth J. Brown (*pro hac vice*)
kbrown@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Defendant Alexandre Bouaziz*