# OFFICE OF THE CLERK

# UNITED STATES DISTRICT COURT

# Northern District of California

## CIVIL MINUTES

| | | |
|---|---|---|
| **Date:** October 22, 2026 | **Time:** 1 hour and 2 minutes | **Judge:** LISA J. CISNEROS |
| **Case No.**: 3:25-cv-02576-CRB | **Case Name:** People Center, Inc. v. Deel, Inc. | |

**For Plaintiff:** Eric MacMichael and Benjamin Rothstein, Keker, Van Nest & Peters LLP, counsel for Plaintiff.

**For Defendant Deel, Inc.:** Quyen Ta, Skadden, Arps, Slate, Meagher & Flom LLP.

**For Defendants Alexandre Bouaziz and Philippe Bouaziz:** Katir Trefz, Williams & Connolly and Leif Dautch, Morrison & Forerster, LLP.

**For Defendant Daniel Westgarth:** Katie Gosewehr, O'Melveny & Myers LLP**.**

**Deputy Clerk:** Brittany Sims **Zoom Recording:** 11:07 a.m.-12:09 p.m.

## PROCEEDINGS

Discovery Status Conference held. The Court is willing to continue the parties' status conferences on a weekly basis. The Court addressed the issues raised in the parties' joint status report as follows:

Regarding the location of Alex Bouaziz's deposition, the Court ordered the parties to meet and confer on a date for the deposition of Alex Bouaziz within the next seven days. Exercising its discretion, for the reasons stated on the record, the Court ordered Alex Bouazis to appear for deposition in San Francisco.

Regarding the pending discovery letter for a forensic examination, the Court found that there are grounds to order the investigation, but the scope of the forensic information to be disclosed was unclear. The Court ordered Rippling to clarify precisely what forensic artifacts it sought. The Court directed that Rippling file a list of the data sought, excluding any advocacy. Rippling confirmed it seeks an Order clarifying that the deadline will not be stayed pending an

appeal. Counsel for Philippe confirmed they are in the process of preparing the data. The Court acknowledged the practicality of staying a deadline on appeal.

Regarding the production of AI chat logs, the Court ordered production of verified supplemental responses confirming no responsive materials exist after a reasonable search, and describing the accounts and sources searched sufficiently to assess completeness. The Court confirmed that the attorney who reviewed and verified the chat logs should be the person who signs the verification, unless there are multiple attorneys who are involved in the review, in which case the supervising attorney with firsthand knowledge of the investigation conducted should sign the verification. The Court directed the parties to meet and confer to determine what specific content the verification should contain to reflect a reasonable inquiry in the search for AI chat logs with the understanding that this would serve as a template for searches for similar ESI that may be necessary for other individuals whose records are subject to discovery in this case. The Court ordered verifications produced within seven days, by October 29, 2026.

Regarding Deel's unverified interrogatory responses, counsel for Deel confirmed they are working on this and are prioritizing the depositions coming up, starting with Asif Malik. Counsel for Deel confirmed that Malik's deposition has been moved by a week. The Court ordered verifications be served by Monday, 10/26/2026.

Regarding discovery into certain Deel employees' personal devices, the Court ordered Deel to identify whether any of the communications requested from third parties' personal devices have already been collected from corporate sources. This order is to alleviate the burden on third parties subject to subpoena. Deel represented that corporate sources, such as phones and laptops, have been collected. Rippling asserted that the Court should issue an order directing Deel to force third parties to turn over their personal devices. The Court declined to rule on this issue which is not fully briefed before the Court at this time.

Regarding Rippling's incomplete productions/search terms, the Court ordered production, within the next business day, of a production completion chart. The court indicated that it would be helpful to have a chart that contains (1) outstanding custodians and repositories, (2) remaining search-term disputes, (3) categories of documents not yet produced, (4) expected production dates, and (5) any technical or metadata deficiencies.