LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
CAROLINE VAN NESS (SBN 281675)
caroline.vanness@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALLEN L. LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

JORDAN FEIRMAN (*pro hac vice forthcoming*)
jordan.feirman@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West, 395 9th Avenue
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (917) 777-3000

*Counsel for Defendant and Counterclaimant Deel, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,

Defendants.

Case No.: 3:25-cv-02576-CRB

**DEEL'S OPPOSITION TO RIPPLING'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE AND HEARING DATE**

| | |
|---|---|
| Compl. Filed: | March 17, 2025 |
| Am. Compl. Filed: | June 5, 2025 |
| Judge: | Hon. Charles R. Breyer |
| Magistrate Judge: | Hon. Lisa J. Cisneros |
| Trial Date: | None Set |

DEEL, INC., a Delaware corporation,

Counterclaimant,

v.

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; KEITH O'BRIEN, an individual; and DOES 1-100,

Counter-Defendants.

Deel, Inc. ("Deel") respectfully submits this Opposition to People Center, Inc. d/b/a Rippling's ("Rippling") Administrative Motion to Set a Briefing Schedule and Hearing Date on a "motion regarding privilege instructions at the deposition of Asif Malik" (ECF No. 474, the "Administrative Motion").

**INTRODUCTION**

This Court has a clear process for resolving discovery disputes that is intended to narrow such disputes and conserve resources: the parties must meet and confer in good faith and, only if disagreements remain, they submit a joint letter to present both sides of the dispute so the Court can decide whether formal briefing is needed. (Civil Standing Order for Magistrate Judge Lisa J. Cisneros ("Standing Order") § F.5; Civil L.R. 37-1(a).) The Court also has generously committed to holding weekly discovery hearings based on joint submissions in this case. These processes should not be short-circuited simply because one party wants to rush to motion practice for strategic purposes. Yet that is precisely what Rippling seeks to do by asking the Court to preemptively set a formal briefing schedule and hearing for a discovery motion that is premature and that—despite Deel's efforts—has not yet been the subject of a good faith meet-and-confer.

As the email chain attached to the Administrative Motion plainly shows, Rippling has avoided good faith engagement on its proposed "crime-fraud" motion (which is highly dubious in any event). Rippling waited several days to suggest such a motion even after Deel repeatedly sought clarity on the scope of any privilege disputes following Mr. Malik's deposition. When Rippling finally provided Deel with a list of the specific deposition exchanges that Rippling intended to challenge, it revealed the putative motion as pretextual: the list included multiple exchanges for which privilege disputes already have been mooted. Indeed, *Rippling continues to ignore that it already has received substantive responses to many of the deposition questions that would be the subject of the discovery motion.*[1]

Rippling appears dead-set on a strategic motion—presumably to publicly trumpet the term "crime-fraud," consistent with its ongoing efforts to litigate this case in the media—and has predetermined that

[1] Given Rippling's refusal to meaningfully engage, it is disingenuous for Rippling to chide Deel for "refus[ing] thus far to withdraw any of the 32 instructions that Rippling has specifically challenged." (Mot. at 3.) Deel has urged Rippling to identify precisely which instructions it challenges to allow Deel to evaluate which may be resolvable among the parties. That exercise is impossible when Rippling refuses to specifically identify what instructions *actually* remain at issue.

the meet-and-confer process must fail. The Court should deny Rippling's request and require that its procedures for resolving discovery disputes be followed.

## BACKGROUND

Rippling deposed Mr. Malik for a full seven hours on October 29, 2026. (*See* ECF No. 474-2 ("Ex. A") at 16.) During the deposition, counsel spoke with the Court regarding certain privilege instructions, and the parties agreed to submit a joint letter on any remaining disputes by November 4. (Ex. A at 13, 15.)

The next day, Deel asked Rippling to identify, by page and line, the questions it contended Mr. Malik should have answered so the parties could identify and potentially narrow the scope of any remaining disputes. (*Id.* at 31-32.) Despite its stated concerns about time-sensitivity, Rippling declined to provide that list over the weekend, stating it would do so by "no later than Monday morning." (*Id.* at 29.) Monday morning came and went without any list from Rippling. (*Id.* at 24.) Deel thus proposed extending the joint letter deadline to November 11, specifying interim dates for Rippling to identify the questions at issue and for the parties to exchange their positions. (*Id.* at 24-26.) Rippling did not agree to that proposal, stating it would instead propose its own schedule that afternoon. (*Id.* at 22-23.)

At 5:12 p.m. on November 2, Rippling finally sent its list of deposition exchanges (ECF No. 474-3 ("Ex. B")), but reserved the right to modify it before filing. (Ex. A at 14, 17, 19.) In that same email, Rippling newly contended that the crime-fraud exception pierces privilege over "categories" of Mr. Malik's communications—an argument Rippling acknowledged it "had not raised . . . on the October 29 call" (Ex. A at 18). Rippling also stated it would unilaterally abandon the joint letter process, demanding Deel's agreement to a formal briefing schedule by noon the next day. (*Id.* at 19-20.)

Deel responded the next morning, explaining that no issue was yet ripe for motion practice, and proposing that the parties either address whether motion practice was appropriate in a joint letter or, if necessary, submit a stipulated briefing schedule the following week. (*Id.* at 17.) Rippling rejected that proposal and set a new 5:00 p.m. deadline for Deel to provide its position. (*Id.* at 13, 15.)

The following morning, Deel reiterated that formal briefing was premature. Deel also identified a set of specific questions on Rippling's list that Mr. Malik had in fact answered at the deposition—in at least one case, only minutes after the privilege instruction was initially made and counsel thereafter

withdrew the instruction and explained that Mr. Malik could provide a substantive response. The examples Deel provided included the following:

- Rippling asked [redacted]
- Rippling asked [redacted]
- Rippling asked [redacted]

Deel also agreed to meet and confer on Monday, November 9 (Ex. A at 7, 12), and asked that Rippling "revisit its table and provide a version that eliminates exchanges that are not actually at issue." (*Id.*) Deel made clear that it was "*not* arguing at this time that this dispute will never progress to formal motion practice," and that it would do its part to assess whether exchanges "have been mooted, and whether there are others that can be mooted through a reasonable and negotiated resolution." (*Id.*)

Rippling filed the Administrative Motion the same day. Turning the meet-and-confer process and the parties' respective burdens on their heads, Rippling offered to "review any questions you contend Mr. Malik later answered and respond substantively by Friday," but only if Deel first identified which instructions it would withdraw. (*Id.* at 9.) Rippling never provided a revised list and has not responded to Deel's request to schedule Monday's meet-and-confer at a workable time for Deel's counsel.

## ARGUMENT

The Standing Order prescribes a clear sequence for discovery disputes. The parties "must first make a good faith effort to resolve the dispute," and "[a] mere exchange of letters, e-mails, or telephone calls does not satisfy" that requirement. (Standing Order § F.5.) Only afterwards, "[i]f disagreements remain," do the parties file a joint letter that describes the dispute and each side's "final proposed compromise." (*Id.*) The Court then "will review the submission(s) and determine whether formal briefing or proceedings are necessary." (*Id.*) The Local Rules likewise provide that the Court "will not entertain a request or a motion to resolve a disclosure or discovery dispute unless . . . counsel have previously conferred for the purpose of attempting to resolve all disputed issues." (Civil L.R. 37-1(a).) The parties have followed this process throughout this case, including for prior privilege disputes (*see, e.g.,* ECF No. 338), and agreed to follow it here (Ex. A at 13, 15).

Rippling offers no reason to abandon that process now other than its own apparent desire to file a formal motion for strategic purposes. Nothing about this dispute requires setting a briefing schedule and hearing date before the parties can meet and confer. Regardless, any "crime-fraud" issue concerning Mr. Malik's deposition is not yet ripe to present to the Court because Rippling has not engaged in the required meet-and-confer process, and, relatedly, the precise scope of any remaining dispute concerning Mr. Malik is unclear (by Rippling's design):

- As noted, Rippling has refused to address that Mr. Malik answered a host of the deposition questions that Rippling has argued warrant motion practice, mooting any privilege disputes over those exchanges.
- Certain of the deposition exchanges in Rippling's list do not even fall within the "categories" of testimony that Rippling contends would be the subject of a crime-fraud challenge and thus also would not form a legitimate basis for the proposed motion practice.[2]
- More generally, the scope of the proposed motion is ever-shifting and remains impermissibly vague. Rippling communicated to Deel that its challenge is directed to "categories of

---

[2] Rippling's list includes, for example, exchanges about [redacted]

communications, not isolated questions," and the list that it provided would only "be illustrative; they will not limit the relief sought."[3] (Ex. A at 19.) On November 3, Rippling represented that it "will identify, by page and line, the questions Rippling contends remain unanswered" (*id.* at 14), yet on the following day, Rippling reverted to challenging "categories of communications" (*id.* at 8-9). The Administrative Motion both piggybacks on those categories and adds relief with respect to another vague category of "[q]uestions needed to lay the foundation for, or reasonably follow up on" the first two categories, and answers to "32 specific instructions," while Rippling reserves the right to "refine" or "modify" its list. (Mot. at 2-3; Ex. A at 14, 19.)

Sorting out which deposition questions are actually at issue and the potential scope of any remaining dispute is exactly what the meet-and-confer process is designed to do. That process also will force Rippling to confront the apparent weaknesses and gaps in its crime-fraud theory before deciding whether there is a legitimate justification to bring the matter before the Court.

Deel commits to good faith engagement; if Rippling does as well, the parties will likely be able to narrow (if not moot) the discovery issues for the Court to decide. At a bare minimum, the meet-and-confer process will give Deel a fair and reasonable opportunity to understand precisely what Rippling is seeking and the bases therefor. There is no prejudice whatsoever to Rippling from proceeding in accordance with the tried-and-true method utilized for discovery disputes throughout this litigation.

## CONCLUSION

For the reasons stated above, Deel requests that the Court **DENY** Rippling's Administrative Motion. Deel respectfully suggests that the Court should instead (1) confirm that the parties must engage in the meet-and-confer process promptly and in good faith, and (2) direct the parties to provide a status update by joint letter on November 18, 2026, including their positions regarding the proper method and timing for presenting any remaining dispute to the Court.

DATED: November 9, 2026

By: */s/ Lance A. Etcheverry*
Lance A. Etcheverry
*Attorneys for Defendant and Counterclaimant Deel, Inc.*

---

[3] In addition, Rippling has already used its full seven hours to depose Mr. Malik. The parties' meet and confer efforts, and any compromise regarding specific questions, will need to consider that. An unbounded attempt to expand the deposition both in substance and time is not proper.