KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
MAYA P. JAMES - # 318554
mjames@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,<br><br>Defendants. | Case No. 3:25-CV-02576-CRB<br><br>**RIPPLING'S AMENDED POSITION STATEMENT FOR NOVEMBER 12TH STATUS CONFERENCE**<br><br>Judge: Hon. Lisa J. Cisneros<br><br>Date Filed: March 17, 2025<br><br>Trial Date: None set |

## I. RIPPLING'S PRIORITY ISSUES RE DISCOVERY STATUS

**1. Deel's Failure to Produce U.S. Payroll Documents by November 1.** Deel has not complied with the Court's order to produce U.S. Payroll documents by November 1. *See* ECF 435 at 1. Deel has produced *only* email and Slack documents from the three former Rippling engineers—Shubham Choudhary, Ming Li, and Namit Nangia—and *no* documents from Google Drive or any other product-development platform. This omission is inexplicable. The produced email and Slack identify responsive Google Drive files shared with these engineers, including "US Payroll Required Feature Functionality," "US Payroll Epics + User Stories," and "Embedded Payroll – Capacity Planning for Q3 Deliverables on US Payroll Product." These are facially responsive to RFP 147 and hit agreed U.S. Payroll search terms (such as ***US w/3 payroll***).

The missing Google Drive documents expose a broader failure to comply. The Court ordered Deel to produce the engineers' responsive custodial files, not just email and Slack. Software engineers keep work product in ticketing, technical-documentation, product-design, and source-code systems. Yet Deel has never identified which systems it uses, which the engineers used, or which it searched. Rippling requested that information on October 12, October 16, and October 23, and specifically identified platforms referred to in other Deel documents that are likely to contain responsive documents, such as Jira (ticketing platform) and Figma (UX/UI design platform). At the November 9 meet-and-confer, counsel dismissed Jira as "not a custodial source" without saying whether the engineers had Jira accounts or whether Deel searched their tickets, and could not say whether the engineers had Figma accounts or whether design records were collected.

Nor could Deel substantiate its investigation. Deel claimed it interviewed employees who said that responsive documents would exist only in email, Slack, and source code (which Deel has not produced). But counsel have refused to say whom they interviewed, how many interviews they conducted, or whether they reviewed documents to corroborate those assertions. And Deel developed no additional search terms from its investigation, despite saying it would on October 22.

Deel's incomplete collection also undermines its response to Interrogatory No. 22, which the Court ordered Deel to answer completely as to the three engineers' U.S. Payroll work. Deel's two-page response claims the engineers did nothing to develop Deel's U.S. Payroll product, but its

own documents show all three participating in payroll-planning meetings and reporting to Alex Bouaziz about U.S. Payroll. Li, who supervised the U.S. Payroll lead for a period, attended a recurring weekly "US Payroll Leads Sync" meeting (linked to an unproduced Google Drive document) and organized a meeting titled "Hold – US Payroll Qs detailed planning." The response identifies none of those activities, the U.S. Payroll lead who reported to Li, or the projects and functional areas involved—all of which the interrogatory requires. It offers only generalized descriptions of Choudhary's payroll-planning work and Nangia's recruiting efforts, and impermissibly refuses to answer subpart 4 (identities of the engineers' collaborators).

These deficiencies were foreseeable. Rippling began raising concerns about Deel's collection as to all three document categories—U.S. Payroll, corporate strategy trade secrets, and theft from other competitors—on October 12. Rippling asked Deel to identify searched repositories on October 16. And Rippling detailed the apparent deficiencies in Deel's collection in its October 23 letter. Deel ignored that letter until November 5, then asserted its compliance without answering Rippling's questions. At Rippling's request, the parties met and conferred on November 9. Deel allotted only 30 minutes, during which the parties could not even finish discussing U.S. Payroll, much less the other two categories of Court-ordered discovery. At the meet-and-confer, Deel was unprepared to answer basic questions Rippling had been asking in writing since mid-October.

Beyond that, Deel disclosed for the first time on October 22 that Choudhary's Court-ordered emails "may no longer exist." Although Deel reports recovering some emails from other accounts, it has not identified the applicable retention settings, the circumstances of deletion, its restoration efforts, or whether Choudhary's other custodial data remains available.

Requested Relief: Rippling requests that the Court enforce ECF 435 and order Deel to: (1) within seven days, produce all nonprivileged, responsive U.S. Payroll documents hitting agreed search terms from the three engineers' Google Drive accounts (including documents created by or "shared" with them) and other custodial product-development repositories, including ticketing, technical-documentation, and UX/UI design systems; (2) within fourteen days, run additional searches based on the projects, systems, and terminology associated with the engineers' U.S. Payroll work, and complete supplemental production from all their custodial repositories; (3) within

fourteen days, serve a complete, verified supplemental response to Interrogatory No. 22, including subpart 4; and (4) provide a sworn declaration from a knowledgeable Deel representative identifying the repositories investigated, sources collected and searched, search terms and hit counts, and preservation and recovery efforts. Rippling also seeks a prompt compliance hearing and reservation of further relief, including under Rule 37.

**2. Deel's Obstruction of P. Bouaziz and Westgarth Depositions.** On November 5, Defendants Philippe Bouaziz (Deel's CFO and board chair) and Westgarth (Deel's COO) refused to sit for deposition in San Francisco or offer dates in *any* location unless Rippling first agreed to Rule 30's default deposition limit. That is improper. *See Kelly v. Boeing Co.*, 2019 WL 281294, at *3 (D. Or. Jan. 22, 2019) (finding defendant's refusal to "schedule any depositions unless Plaintiff agreed to limit his total number of depositions to 10 was unreasonable, unprofessional, and unsupported by any federal rule or other authority"). Neither defendant claims travel would be inconvenient. They should be compelled to appear in San Francisco on the same grounds as Alex Bouaziz and David Mieli and to provide dates by November 16.

Nor is the 10-deposition limit appropriate here: this case includes a sprawling corporate espionage scheme involving the three individual Defendants, Deel itself, other Deel employees, and a number of third parties, in addition to a civil RICO conspiracy with multiple corporate victims. Given the complexity of this case, the scope of Defendants' wrongdoing, and Defendants' known efforts to destroy evidence, Rippling requested leave, as part of its CMC statement submitted on November 6, 2026, to take up to 200 hours of deposition testimony per side. ECF 485. To the extent this issue is not resolved as part of the CMC on November 16, 2026, Rippling may seek this Court's guidance on this issue, so that the parties may move forward productively on depositions and Rippling has an adequate opportunity to develop the evidentiary record.

**3. Rippling's Administrative Motion to File Its Crime-Fraud Motion.** Rippling requests that the Court grant its administrative motion to set a briefing schedule. ECF 474. At the further meet-and-confer Deel requested, held November 9, Rippling stayed nearly 90 minutes—triple the scheduled time—to answer Deel's questions. Rippling explained the crime-fraud challenge, the underlying crime/fraud, the communications at issue, the relief sought, and its independent

challenge to the privilege instructions in Exhibit B to ECF 474. Rippling also narrowed the dispute, withdrawing one of three Exhibit B questions Deel had claimed were answered elsewhere in the transcript. Deel withdrew no instruction and expressed no willingness to consider doing so. The parties are at an impasse, and Deel has no specific objection to Rippling's proposed briefing deadlines or hearing dates. The Court should grant ECF 474.

**DEFENDANTS' ISSUES**

Rippling is prepared to address Defendants' prioritized issues at the hearing.

Dated: November 12, 2026

Respectfully submitted,

By: */s/ Eric H. MacMichael*

Elliot R. Peters (SBN 158708)
epeters@keker.com
Eric H. MacMichael (SBN 231697)
emacmichael@keker.com
Andrew F. Dawson (SBN 264421)
adawson@keker.com
Nicholas S. Goldberg (SBN 273614)
ngoldberg@keker.com
Benjamin D. Rothstein (SBN 295720)
brothstein@keker.com
Maya P. James (SBN 318554)
mjames@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391 5400
Facsimile: (415) 397 7188

*Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation*

**CERTIFICATE OF COMPLIANCE**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

Dated: November 12, 2026

*/s/ Eric H. MacMichael*
Eric H. MacMichael