LANCE A. ETCHEVERRY (SBN 199916)
lance.etcheverry@skadden.com
JACK P. DICANIO (SBN 138782)
jack.dicanio@skadden.com
QUYEN L. TA (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

ALLEN L. LANSTRA (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Counsel for Defendant and Counterclaimant*
*Deel, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1-100,

Defendants.

Case No.: 3:25-cv-02576-CRB

**DEEL'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 483)**

| | |
|---|---|
| Compl. Filed: | March 17, 2025 |
| Am. Compl. Filed: | June 5, 2025 |
| Judge: | Hon. Charles R. Breyer |
| Magistrate Judge: | Lisa J. Cisneros |
| Trial Date: | None Set |

| |
|---|
| DEEL, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation; PARKER ROUSE CONRAD, an individual; and KEITH O'BRIEN, an individual; and DOES 1-100,<br><br>Counter-Defendants. |

## INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Deel, Inc. ("Deel") respectfully submits this Response to Plaintiff Rippling's ("Rippling") Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF 483). In accordance with the Stipulated Protective Order (ECF 398), Deel seeks to redact only sensitive business information and the names of Deel's customers appearing in the Joint Case Management Conference Statement ("Joint Statement"), filed on November 6, 2026 (ECF 485). Because this material was attached to a non-dispositive case management statement, Deel need only make a particularized showing of good cause to justify sealing this material. *See* Fed. R. Civ. P. 26(c); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

### I. Deel Respectfully Requests Leave to File the Joint Case Management Conference Statement Under Seal

The Court has previously sealed the highlighted text appearing within the boxes on pages 3 and 4 of the Joint Statement. *See* ECF 307. Deel requests that this material remain sealed pursuant to that Order. The remaining material for which Deel seeks sealing reflects internal discussion among Deel employees regarding confidential business strategy, product planning, and competitive hiring efforts for which there is good cause to seal. Deel previously filed a statement in support of sealing the majority of this material at ECF 376 in response to Rippling's Administrative Motion to Consider Whether Another Party's Material Should be Sealed at ECF 363. In addition, Deel seeks to seal the names of non-party customers appearing in the Joint Statement.

Deel's proposed redactions are narrowly tailored and cover only those materials that have been previously sealed by the Court or which contain sensitive business information.

//

//

//

//

//

//

//

//

Deel seeks the following redactions, as reflected in the public redacted version of the Joint Case Management Statement submitted with Deel's concurrently filed Motion:

| DOCUMENT | PORTION(S) TO BE SEALED | PREVIOUS SEALING ACTION |
|---|---|---|
| Joint Case Management Statement | Green and yellow highlighted text within pink boxes on pages 3 & 4 | Previously sealed by the Court at ECF 307 |
| | Yellow highlighted text within pink boxes on pages 7, 8, 11 | Motion to consider sealing source materials filed at ECF 363; Deel's Response filed at ECF 376 |
| | Green highlighted text within pink boxes on page 20 | None |

**A. <u>Legal Argument</u>**

"[A] particularized showing under the 'good cause' standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (cleaned up). Typically, a party seeking to seal portions of a document filed with the Court must demonstrate that the request is narrowly tailored to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil L.R. 79-5(a). But the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a *sealed discovery document* attached to a *non-dispositive* motion, such that the usual presumption of the public's right of access is rebutted." *Kamakana*, 447 F.3d at 1179 (cleaned up). This is because "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.*

"A 'particularized showing' that public disclosure would cause 'annoyance, embarrassment, oppression, or an undue burden' will suffice to seal non-dispositive records." *Vasquez v. O'Reilly Auto Enters., LLC*, 2022 WL 1645145, at *3 (E.D. Cal. May 24, 2022) (quoting Fed. R. Civ. P. 26(c)(1)). Moreover, under Rule 26(c), a trial court has broad discretion to permit sealing for, among other things, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G); *see also Kamakana*, 447 F.3d at 1180 ("Rule 26(c) gives the

district court much flexibility in balancing and protecting the interests of private parties."). Deel asks that the Court use its broad discretion to seal the materials at issue here as good cause exists to do so.

**B. <u>Good Cause Exists to Redact Portions of the Joint Statement</u>**

Deel has good cause to seal the information listed above. Deel seeks to seal the highlighted text within the pink boxes in the Joint Case Management Conference Statement because they contain quoted material from private internal Slack messages among Deel employees and other confidential information produced by Deel in discovery. *See U.S. ex rel. Brown v. Celgene Corp.*, 2016 WL 6542729, at *4 (C.D. Cal. Mar. 14, 2016) ("Courts routinely protect sensitive business and proprietary information where disclosure would put the producing party at a competitive disadvantage."). Deel's redactions cover private internal conversations among non-party employees that include discussion of confidential hiring efforts, product planning and development, strategies to gather competitive intelligence from lawful sources, and customer communications. This information is not publicly available, and disclosure of such confidential information would cause Deel competitive injury by allowing competitors to benefit from Deel's strategies and proprietary information, in addition to undermining customers' trust in Deel's ability to maintain the confidentiality of their information. *See Davis v. Soc. Serv. Coordinators, Inc.*, 2012 WL 1940677, at *3 (E.D. Cal. May 29, 2012) (finding good cause to seal proprietary documents where disclosure may cause competitive harm); *Adtrader, Inc. v. Google LLC*, 2020 WL 6392572, at *3 (N.D. Cal. Feb. 10, 2020) (finding that disclosure of customer information "could cause competitive harm . . . by eroding trust in Google's ability to maintain the confidentiality of its customers' sensitive information"). The public's interest in seeing this information before the close discovery is minimal, but Deel has a significant interest in safeguarding sensitive internal information about its business operations, confidential communications among employees, product pipeline, development discussions, and competitive hiring and intelligence.

Moreover, the need to protect the privacy interests of non-party customers and Deel's competitive information about its customers outweighs the minimal public value in learning this information before the close of discovery. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 14, 2015) (sealing names of non-party individuals in exhibits "implicates important privacy concerns of nonparties—whose names are not relevant to the disposition of this case—that outweigh the public's interest in disclosure"). This need is particularly great here in light of Rippling's repeated, documented

practice of publicizing its allegations and the events of this litigation in the press and on its website. Rippling has inflicted personal and professional reputational harm to employees identified in its press campaign related to this litigation and Deel expects that Rippling will similarly weaponize the material contained in the Joint Statement to harass, annoy and embarrass Deel and its employees and customers. Given this particularized showing and good cause established under Rule 26(c) when public disclosure would cause "annoyance, embarrassment, oppression, or an undue burden," Deel respectfully requests that the Court seal the highlighted text within the pink boxes in the non-dispositive Joint Statement through the close of discovery. *See U.S. ex rel. Brown*, 2016 WL 6542729, at *3.

## CONCLUSION

For the reasons stated above, Deel respectfully requests that the Court **PERMIT** the Joint Case Management Conference Statement to be redacted as indicated and in accordance with the Court's prior orders.

DATED: November 13, 2026

By: */s/ Quyen L. Ta*
QUYEN L. TA
*Attorneys for Defendant Deel, Inc.*