KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - # 158708
epeters@keker.com
ERIC H. MACMICHAEL - # 231697
emacmichael@keker.com
ANDREW F. DAWSON - # 264421
adawson@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
BENJAMIN D. ROTHSTEIN - # 295720
brothstein@keker.com
MAYA P. JAMES - # 318554
mjames@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation,

Plaintiff,

v.

DEEL, INC., a Delaware corporation, ALEXANDRE ("ALEX") BOUAZIZ, an individual, PHILIPPE BOUAZIZ, an individual, DANIEL JOHN ("DAN") WESTGARTH, an individual, and DOES 1 – 100,

Defendants.

Case No. 3:25-CV-02576-CRB

**JOINT DISCOVERY STATUS REPORT FOR NOVEMBER 19TH STATUS CONFERENCE**

Judge: Hon. Lisa J. Cisneros

Date Filed: March 17, 2025

Trial Date: None set

## I. RIPPLING'S POSITION STATEMENT RE DISCOVERY STATUS

***A. Deel's Failure to Comply with the Nov. 1st Deadline.*** Deel failed to comply with the Court's order to produce documents related to three former Rippling engineers' work on Deel's U.S. Payroll; Rippling's corporate strategy trade secrets; and Rippling's allegations of theft from other competitors, and to respond to Rog 22 (regarding U.S. Payroll). Despite Rippling's meet-and-confer attempts regarding production deficiencies, Deel refuses to provide search-and-collection information requested over a month ago. Rippling requests an order requiring Deel to cure known gaps and provide information needed to address additional apparent deficiencies.

<u>*U.S. Payroll.*</u> Deel's Nov. 1 U.S. Payroll production lacked any files from GoogleDrive, Figma, or Jira, despite clear evidence that the Court-ordered custodians used all three platforms for U.S. Payroll development.[1] Regarding GoogleDrive, Deel claims it has collected and reviewed all custodial documents, but this is provably false. For example, Ming Li's produced email contains automatic Google alerts showing he received several Google files with "U.S. Payroll" in the *title*. Deel refuses to explain why none were produced on November 1, casting significant doubt on Deel's collection process. Deel claims that Figma files are just "drawings that the product people send to the engineers." 11/12/26 Tr. at 21:6-7. This is also false: produced Slack shows Li himself shared with Deel's CTO a Figma document containing, per Li, the new "data architecture" for Deel's U.S. Payroll. DEEL-01147644. Regarding Jira, Deel claims it is not a "custodial source" and offered to produce a "log." Deel misunderstands Jira, and the Court already observed that a "log" of Jira tickets—without the tickets' full content—"is not going to be enough." 11/12/26 Tr. at 25:8-9. *Second*, Deel failed to develop and run its own search terms. Rippling requested this in October because "U.S. Payroll" will not necessarily hit on documents for each sub-project. Deel agreed on October 22, but never followed through. Instead, Deel simply asserts that the three engineers "did not work on developing" U.S. Payroll, which is (again) provably false.[2]

---

[1] Only after Rippling identified missing U.S. Payroll Google Drive files linked in Deel's own production did Deel produce a handful. Further, Deel's reference to more than 400 GoogleDrive files appears to reflect its overall production, rather than the U.S. Payroll files at issue.

[2] There is a third known gap: Deel failed to run the most basic and critical of all agreed-upon search terms: **(U.S. w/3 payroll*) OR (US w/3 payroll*) OR product-usp OR USP OR ((U.S. OR US) w/10 native)**. Rippling raised this issue on November 9. Two days later, Deel admitted that it failed to run the term and agreed to run it. Deel has not produced the results to date. Rippling is not

Rippling's November 13 letter detailed these gaps, repeated long-unanswered requests for collection information, and requested a November 16 meet and confer. Deel refused. Instead, Deel stated it had located additional GoogleDrive files for *one* custodian (Nangia), was "looking into potentially producing" Jira tickets, and—citing the continuance—refused to meet and confer until Rippling reviews Deel's "additional productions." The continuance does not excuse Deel's delay. Rippling requested U.S. Payroll discovery in June. More than two weeks after missing the Court's November 1 deadline, Deel still withholds information requested over a month ago. It is now ripe.

The Court should order Deel to collect and produce, by November 24: (1) all responsive GoogleDrive and Figma files that were created (or "authored") by, "owned" by, edited or modified by, or shared with any of the three engineers, including files in folders shared with them; and (2) all responsive Jira tickets that were created by, assigned by, or assigned to any of the three engineers. If Deel has not preserved data identifying files or folders "shared" with the custodians, the Court should order best efforts to identify and collect them. Deel should also be ordered to develop and run additional, project-specific search terms to locate responsive documents. Finally, Deel should be ordered to provide a declaration specifying its search-and-collection steps.

*Rog 22.* Deel's two-page response to Rog 22 violates the Court's order. It asserts that the three engineers "did not work on developing" Deel's U.S. Payroll. Deel repeated that assertion in November 9 and 12 meet and confers. It contradicts: (1) Li's direct supervision of Deel's U.S. Payroll lead; (2) produced invites and calendar entries showing that Li participated in a recurring weekly "U.S. Payroll Leads Sync" meeting and, in August 2023, organized a meeting titled "Hold – U.S. Payroll Qs detailed planning"; (3) other records identifying planned design reviews with Li, U.S. Payroll launch reviews, Q4 specifications, tax-filing-engine work, the engineers' participation in a U.S. Payroll Jira project called "USPAYR," and Li's progress reports on U.S. Payroll to Alex Bouaziz; and (4) the thousands of U.S. Payroll-related emails and Slack documents produced from all three engineers' custodial files. Deel ignores all of this. Rog 22 requires Deel to describe "the projects, tasks, or initiatives on which [each engineer] performed Work in connection with Deel's

---

presently seeking relief on this gap, while reserving rights under Rule 37.

U.S. Payroll Systems," and to identify their collaborators on those projects. Deel has done neither, despite the Court's order. The Court should order a complete response by November 24.

<u>Corporate Strategy Documents.</u> Deel failed to comply with the Court's order concerning corporate-strategy discovery.[3] *First*, the production omits critical Court-ordered categories, notably Deel's global expansion plans. Rippling alleges Deel misappropriated its "Global EOR Country Roadmap"—a detailed country-by-country EOR expansion plan. *See* FAC ¶ 99; 9/30/26 Rog 9 Resp. at 86-87. Rippling's RFP 90 specifically requested "Deel's global expansion plans." Deel's production shows it maintained a central "Country Expansion Tracker" (DEEL-00150323), and Rippling identified this document to Deel, but Deel has not committed to gathering and producing Court-ordered versions or any other expansion plans. *Second*, Deel has not complied with the order to produce "the version of each type of responsive strategy document that was current on the first day of each month between January 2024 and December 2025." ECF No. 435 at 2. Instead, Deel produced *some* quarterly materials, claiming it did not create "monthly versions"—implausibly, given that many documents came from GoogleDrive and were likely continuously edited. And Deel omitted many quarterly versions from the Court-ordered period. Despite repeated requests, Deel has not identified which documents satisfy the Order, which monthly dates they cover, or its efforts to recover intervening versions. The Court should order Deel to produce, by November 24: (1) the complete Court-ordered production in response to RFP 90 (re global expansion plans); and (2) a log identifying which strategy documents correspond to which Court-ordered RFPs, and all produced versions of each document, with corresponding time-stamps.

<u>Competitor-Theft Documents.</u> Deel's production includes no communications with competitors concerning potential or alleged misconduct involving confidential information (RFPs 117–119). Deel does not deny such documents exist; it claims it has no shared legal-department repository. Even if Deel lacks a central repository of external legal correspondence—another implausible claim—it must collect and produce the Court-ordered documents wherever stored. The

[3] The Court ordered Deel to produce: (1) the version of each type of responsive strategy document current on the first day of each month from January 2024 through December 2025; (2) custodial documents from that period discussing, referring to, or linking to those documents; and (3) all responsive custodial documents from June 2024 through June 2025. ECF No. 435 at 2.

Court should order Deel to do so by November 24.

***B. Deposition Limits.*** Rippling requests leave, pursuant to Rule 30(a)(2), to take up to 200 hours of deposition testimony per side. The controlling legal standard is proportionality under Rule 26. *FMC Techs., Inc. v. Edwards*, 2006 WL 8454813, at *3 (W.D. Wash. Mar. 20, 2006). Courts routinely grant additional time based on "the course and complexity of discovery." *Id.*

Discovery here is complex. Rippling's DTSA claim involves a five-month espionage scheme *and* theft through multiple former senior Rippling sales leaders and Rippling engineers hired to "re-build" Rippling's U.S. Payroll product. The stolen trade secrets span customer information, corporate strategy, product roadmaps, geographic expansion plans, and product development. Rippling's RICO claim adds misappropriation from other competitors and obstruction of justice. Deel alone has produced documents from more than two dozen custodians, nine of them Court-ordered. The parties have served dozens of third-party subpoenas—Deel issued sixteen, including eight to customers whose information Deel stole or competitors alleged to be additional victims. Rippling needs over ten depositions given "numerous witnesses." *Id.*; *see also Genentech, Inc. v. Insmed Inc.*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006) (limit "not fair to Plaintiffs given that Plaintiffs had no control over" how many of defendants' employees were involved). And because Defendants destroyed contemporaneous records—including post-complaint—Rippling requires oral testimony to develop the record.

Defendants cannot credibly claim burden. Deel is a $17-billion company. Defendants retain four major law firms and have forced motion practice on nearly every issue. The added cost is marginal given their resources, the litigation costs, and this lawsuit's stakes. And the Court should not require Rippling to exhaust ten depositions before seeking more—as Defendants insist—or to move separately for each additional deponent. "[I]t would be prejudicial to require Plaintiffs to choose . . . ten depositions to take before they know whether they will be granted more." *Del Campo v. Am. Corrective Counseling Servs., Inc.*, 2007 WL 3306496, at *6 (N.D. Cal. Nov. 6, 2007). And given Defendants' appetite for litigation, "[i]t would be inefficient to require an additional motion for each additional deposition sought." *Id.* Each side should receive up to 200 deposition hours.

***C. Deel's Issues.*** Deel rehashes issues the Court decided and makes meritless requests:

*Alex Bouaziz Rog 10.* Alex seeks a computation of damages before Defendants have produced the information needed to do it. *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 345 (N.D. Cal. 1985) ("[I]t makes little sense to force plaintiffs to respond to contention interrogatories … until plaintiffs have had an opportunity to examine the relevant documents in [defendant's] files"); *In re eBay Seller Antitrust Litig.*, 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008) (denying motion to compel damages calculation as premature). Rippling's response identified and describes each category of damages, which is more than sufficient for Defendants to take discovery.

*Deel Rogs 16 and 20.* Rippling responded to Deel on Nov. 17 and will supplement its responses with currently available information by Dec. 3.

*Rippling's hiring/recruiting practices.* At the Oct. 29 status conference, the Court "declined" to grant Defendants' request. ECF 463 at 2. Defendants assert no claim that *Rippling* obtained *Deel's* trade secrets through recruiting, and their requests are grossly disproportionate.

*Westgarth Rog 6.* Rippling has identified the responsive evidence in its possession showing dissemination and use of Rippling's trade secrets at Deel.

*Customer & press communications.* The Court "declined to issue an order regarding Deel's request for broad communications between Rippling and customers, investors, and press concerning Deel …." ECF 463 at 2.

*Conrad's communications about Deel and its investors.* The Court "declined" to order production, and ordered the parties to meet and confer. *Id.* As a compromise, Rippling offered to produce Mr. Conrad's nonprivileged communications about a16z related to this dispute through the filing of Rippling's FAC. Deel ignored this proposal while twice raising the issue with the Court. He is a limited custodian—the production numbers Deel cites are unsurprising—and Rippling will substantially complete its custodial production by Nov. 20.

*O'Brien's personal devices/forensics.* Despite the Court having ruled on this issue, too, Deel raises the same request for at least the fourth time. This is beyond the pale. The Court instructed Deel to engage directly with Mr. O'Brien's counsel, and that process is in progress.

*Communications with Central Bank of Ireland.* Rippling will produce by Dec. 3 documents in its possession, custody, or control referenced in its response to Alex's Rog 7.

## II. <u>DEFENDANTS' POSITION ON DISCOVERY</u>

### A. <u>Issues Defendants Wish To Raise With The Court</u>

**1. Rippling's Damages Computation (Bouaziz Rog 10).** Rippling still has not articulated a coherent theory of harm, let alone a computation. It has not ascribed any estimated value to its claimed damages. For example, it has not disclosed the amount lost as a result of Defendants allegedly contacting any Rippling prospective or current customer or employee. Rippling's recalcitrance is prejudicing Defendants' ability to focus discovery on the appropriate customers, employees, and other topics. Rippling was required to provide a "computation of each category of damages claimed" with its Rule 26(a)(1) initial disclosures. And Alex Bouaziz's Rog 10 seeks "each category of damages You seek and the computation of damages for each category." Rippling cannot push this off until expert discovery is complete. *See* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case.").

**2. Rippling's Failure to Respond to Rogs 16 and 20 and RFP Nos. 230 and 231.** More than two months ago, Rippling committed to identify any alleged "whistleblowers" and produce documents about the "network of spies" at competitor companies (FAC ¶¶ 14, 32, 181). It has supplemented its response once without doing so, and on November 17, 2026, Rippling again promised to supplement. Despite Deel's follow-ups on October 15, November 11, and November 13, Rippling still has not provided this information.

**3. Outstanding Issues Requiring The Court's Attention.** Defendants respectfully ask the Court to rule on these previously briefed issues (*See* Dkt. 470 at 9-10; Dkt. 497 at 6-8.) <u>Rippling's Hiring & Employment Practices (Deel RFPs 20, 29, 182)</u>. Rippling should produce this discovery showing that (a) both parties hire from competitors and (b) Deel policies are industry standard. <u>Rippling Recruiting (Dan RFP 24)</u>. Having put Westgarth's recruiting practices at issue, Rippling should produce documents (1) sufficient to show the identity and method of its initial contact with Deel employees, and (2) regarding any intentional targeting of Deel or its employees. <u>Response to Dan's Rog No. 6</u>. Rippling's November 7 amended response does not provide "a description of the specific trade secret information [Rippling] contend[s] was disseminated," and

never identifies what specific trade secret information Westgarth, or any other specific Individual Defendant, disseminated to anyone at Deel. Rippling's Communications with Customers and the Media (Bouaziz's ROG 8, RFPs 67-68, 87-89). Rippling should produce these non-privileged party statements concerning the matters in dispute, especially considering that Rippling has raised bias and motive in its own discovery requests and has issued substantially similar requests. *See, e.g.*, RFP to Alex Nos. 23-24, 27-30, 81. CEO Parker Conrad's Communications About Deel and its Investors (RFPs 71-73) and Parker Conrad Production Deficiencies. Rippling should immediately produce any such responsive communications. Mr. Conrad's deposition is scheduled for December 16, and Rippling has produced only 1,875 of Mr. Conrad's documents, 1,200 of which are.png attachments and only 219 of which are emails. In total, Plaintiffs have only produced 33 emails sent by Mr. Conrad. O'Brien's Personal Device/Forensics. Mr. O'Brien is still completing productions of documents and metadata from his mobile devices and accounts, while Rippling is still refusing to provide the materials in its possession. Recent productions by Rippling make clear that Rippling is in possession of highly relevant documents that it has not produced. Deel requests that the Court order Rippling to produce all documents and data from Mr. O'Brien's devices and accounts in its possession given the low burden of production, and the parties' asymmetrical access.

**4. Communications with the Central Bank of Ireland (Rippling's Response to Alex Rog 7).** Rippling's response references communications with the Central Bank of Ireland. Defendants requested those communications by letter, and Rippling responded on October 28, 2026, that Defendants must request them from O'Brien. Because Rippling relies on these communications and has them within its possession, Rippling should be ordered to produce them.

**B. Response to Issues Raised by Rippling.**

**1. Deel Complied with the November 1st Deadline.** Despite four rounds of letters, several meet and confers and supplemental productions, Rippling baselessly claims that Deel refuses to provide information about its search and collection. Not so. Deel has produced over 17,000 documents in response to the October 8 court-ordered discovery.

***U.S. Payroll.*** Rippling claims that Deel has not provided any Google Drive files. Rippling is wrong. Deel has produced over 400 Google Drive files. As Deel told Rippling on November 16,

Deel has been working to produce additional material related to USP, including Google Drive files, Jira tickets and potentially Figma files. As Deel has repeatedly explained to Rippling, Deel's collections did not include all of the files identified by Rippling because these three engineers left Deel in 2024 and 2025 and were not identified as potential custodians in this matter until June 2026 when Rippling served this discovery mentioning US Payroll and these engineers for the first time. Deel has been working diligently to supplement its November 1 production as appropriate. As evidenced by Deel's supplemental productions on November 8, 13, and 17,[4] the meet and confer has not been "fruitless." Deel has been working to supplement without an additional court order and will continue to do so.[5] Deel is committed to completing this discovery by November 30, if not sooner. Rippling just does not like what it sees (or does not see) in the documents. Contrary to Rippling's insinuations, Deel is not hiding anything, which is why Deel proposed a review based on source code, GitHub, and Jira logs. Rippling claims this discovery, which would go straight to the heart of any misappropriation theory, is premature. Instead, Rippling is sniffing at crumbs that it hopes will eventually reveal misappropriation, all without the guidance of an expert, which it admits it has yet to retain. But, Rippling's crumbs lead to nowhere except ever-expansive and disproportionate discovery that does not support its US Payroll misappropriation theory.

***Rog 22.*** Deel responded to Rog 22 based on its investigation, including interviewing engineers and other employees and reviewing documents pertaining to US Payroll. Rippling takes issue with Deel's response because it does not align with Rippling's desired narrative. Deel is reviewing all responsive documents and will supplement or amend its response as appropriate.

***Corporate Strategy Documents***. Deel complied with the Court's order. Rippling's "monthly versions" complaint repeats last week's argument. Deel prepares these documents

---

[4] Contrary to Rippling's assertions, one of these supplemental productions included responsive hits from the combined search term that was inadvertently omitted from previous productions because Rippling added it during the meet and confer process.

[5] If the Court elects to enter another order, Deel requests that the order include some limitations on Rippling's broad requests. Deel should not be required to produce all Google Drive and Figma files related to USP that were merely "shared with any of the three engineers." From a technical standpoint, Drive documents that are merely shared with an individual via Slack do not become part of that individual's custodial files. More importantly, from a substantive standpoint, documents that are merely "shared" do not reflect any work or contributions on the part of the recipient.

quarterly, so each quarterly version is, by definition, the version "current on the first day of each month" in that quarter. Rule 34 does not require Deel to create records that do not exist. Fed. R. Civ. P. 34(b)(2)(E)(i). Rippling is also wrong that Deel produced "none" of its expansion plans. Deel interviewed the relevant personnel, investigated how it plans for expansion, and produced responsive expansion and market-entry materials. As Deel has repeatedly told Rippling, DEEL-00150323, the document Rippling repeatedly cites, is a migration index, not a strategy document. Deel already operates globally and does not plan expansion through the country-by-country roadmap that Rippling, a company expanding outward from the United States, may need. That Deel's documents do not mirror Rippling's planning process does not show a deficient production.

***Competitor-Theft Documents.*** Deel produced responsive documents, and ran agreed-upon search terms across the custodial files of several Deel attorneys. Those searches did not reveal the broader universe Rippling speculates exists. Rippling's argument assumes a "central repository" of external legal correspondence, but no shared legal-department repository exists to Deel's understanding. Dissatisfaction with the volume of Deel's production is not a discovery deficiency.

**2. Rippling Has Failed To Justify Its Request For Additional Depositions.** At the November 16 CMC, Judge Breyer stated that this Court should decide whether to alter the presumptive 10-deposition limit of FRCP 30. Rippling seeks 200 hours of deposition testimony, a request it made to Judge Breyer in March (Dkt. 196) that he did not grant (Dkt. 199). This Court should deny Rippling's request because Rippling has not justified its request.

A party seeking in excess of 10 depositions must make a "particularized showing of the need to depose" each witness, including those it took in exhausting the default limit. *Manly v. MGM Resorts Int'l*, 2025 WL 3459709, at *5 (D. Nev. Dec. 1, 2025). This ensures that a party cannot "circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate." *Id.* Rippling has made no attempt to justify any deposition, let alone the 200 hours it demands. And Rippling has already taken or noticed depositions of immaterial witnesses, including Elisabeth Diana, a former Deel PR employee whose role in the subject matter of this action was limited to communicating with a news outlet about

sanctions compliance and Shuo Wang, a Deel co-founder who has no involvement whatsoever in any of Rippling's allegations. Rippling instead chose not to include in its initial list two individual defendants and then took the position that Defendants were "imposing" the 10-deposition limit set by the Federal Rules of Civil Procedure. Rippling cannot show that more depositions are needed.

Rippling's cited cases applied standards that were altered by the 2015 amendments, which emphasized the centrality of proportionality and "restore[d] the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider [the 26(g)(1)(B)(iii)] factors in making discovery requests, responses, or objections." Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. This was not merely a change in structure: the "proportionality concept seeks to eliminate unnecessary or wasteful discovery, and to impose careful and realistic assessment of actual need." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 470 (D.N.M. 2018). Rippling's 20-year-old cases cannot control.

Even if those cases did control and if Rippling had made the required particularized showing, those cases do not support Rippling's 200-hour—that is, 28+ deposition—demand. *FMC Techs., Inc. v. Edwards* denied a request for 20 depositions per side, calling that number "extreme" and granting just 5 additional per side. 2006 WL 8454813, at *3 (W.D. Wash. Mar. 20, 2006). *Del Campo v. Am. Corrective Counseling Servs., Inc.* granted a request for 23 depositions, 11 of which were defendants, where the plaintiffs justified the depositions as necessary to show typicality and commonality across 10-30 counties where defendants stipulated that common practices were followed. 2007 WL 3306496, at *5-6 (N.D. Cal. Nov. 6, 2007). And although the court in *Genentech, Inc. v. Insmed, Inc.* allowed four additional depositions, it cautioned that Plaintiffs could not "expect to depose each and every person that has or may have relevant information." 448 F. Supp. 2d 838, 848 (N.D. Cal. 2006). These expansions are a far cry from Rippling's request, which seeks to triple deposition limits with no showing as to why it needs extensive deposition time beyond conclusory statements of "complexity." Defendants request that the Court deny Rippling's request.

Dated: November 17, 2026

Respectfully submitted,

By: */s/ Eric H. MacMichael*

Elliot R. Peters (SBN 158708)
epeters@keker.com
Eric H. MacMichael (SBN 231697)
emacmichael@keker.com
Andrew F. Dawson (SBN 264421)
adawson@keker.com
Nicholas S. Goldberg (SBN 273614)
ngoldberg@keker.com
Benjamin D. Rothstein (SBN 295720)
brothstein@keker.com
Maya P. James (SBN 318554)
mjames@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391 5400
Facsimile: (415) 397 7188

*Attorneys for Plaintiff PEOPLE CENTER, INC. D/B/A RIPPLING, a Delaware corporation*

Dated: November 17, 2026

*/s/ Quyen L. Ta*

Lance A. Etcheverry (SBN 199916)
lance.etcheverry@skadden.com
Jack P. DiCanio (SBN 138782)
jack.dicanio@skadden.com
Quyen L. Ta (SBN 229956)
quyen.ta@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

Allen L. Lanstra (SBN 251510)
allen.lanstra@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars
Los Angeles, California 90067
Telephone: (213) 687-5000
Facsimile: (213) 687-5600

*Attorneys for Defendant and Counterclaimant DEEL, INC., et al.,*

Dated: November 17, 2026

*/s/ Kenneth Brown*
Joseph G. Petrosinelli (*pro hac vice*)
jpetrosinelli@wc.com
Kenneth Brown (*pro hac vice*)
kbrown@wc.com
Katherine Trefz (*pro hac vice*)
ktrefz@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

William Frentzen (Bar No. 343918)
wfrentzen@mofo.com
Leif M. Dautch (Bar No. 283975)
ldautch@mofo.com
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 591-7522

*Attorneys for Defendants Alexandre Bouaziz and Philippe Bouaziz*

Dated: November 17, 2026

*/s/ David R. Eberhart*
David R. Eberhart (SBN 195474)
deberhart@omm.com
Chris B. Phillips (SBN 330256)
cphillips@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

Stuart M. Sarnoff (*pro hac vice*)
ssarnoff@omm.com
O'MELVENY & MYERS LLP
1301 Avenue of the Americas
17th Floor
New York, New York 10019
Telephone: (212) 326-2000

*Attorneys for Defendant DANIEL JOHN WESTGARTH*

## CERTIFICATE OF COMPLIANCE

I hereby attest, pursuant to Local Rule 5-1(i)(3), that I obtained the concurrence in the filing of this document from the signatories indicated by the conformed signature (/s/).

Dated: November 17, 2026

*/s/ Eric H. MacMichael*
Eric H. MacMichael